# Exhibit 13:

*Does I* Stipulated Final Judgment,

No. 2:12-cv-11194, R. 153

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES #1-5 AND MARY DOE,
Plaintiffs,
v.

RICK SNYDER, Governor of the State
of Michigan, and COL. KRISTE ETUE,
Director of the Michigan State Police,
in their official capacities,
Defendants.

No. 2:12-cv-11194

HON. ROBERT H. CLELAND

MAG. DAVID R. GRAND

---

**STIPULATED FINAL JUDGMENT ON REMAND**

Over the course of the litigation in this case, the Court entered several substantive orders deciding the merits of the plaintiffs' claims. (Dkt. #27, Pg. ID 669, 3/18/13 Opinion and Order Granting in Part and Denying in Part Defendants' Amended Motion to Dismiss; Dkt. #103, Pg. ID 5875, 3/31/15 Opinion and Order Resolving Motions for Judgment under Rule 52; Dkt. #118, Pg. ID 6015, 9/3/15 Opinion and Order Resolving [Two] Outstanding Issues Raised in Plaintiffs' and Defendants' Motions for Judgment). A Final Judgment was entered on October 21, 2015. (Dkt. #122, Pg. ID 6038, 10/21/15 Final Judgment).

The plaintiffs appealed the March 18, 2013, Order (Dkt. #27), the March 31, 2015, Order (Dkt. #103), the September 3, 2015, Order (Dkt. #118) and the October 21, 2015, Final Judgment (Dkt. #22). The defendants appealed the

March 31, 2015, Order (Dkt. #103) and the October 21, 2015, Final Judgment (Dkt. #122).

This case is now before the Court on remand from the Sixth Circuit Court of Appeals "for entry of judgment consistent with [the Sixth Circuit's] opinion." *Does #1-5 v. Snyder,* 834 F.3d 606, 706 (6th Cir. 2016), *cert denied* 583 U.S. ___ (10/2/17). The Court therefore orders the following declaratory and injunctive relief in the plaintiffs' favor pursuant to Fed. R. Civ. P. 57, 58, and 65:

1. IT IS HEREBY ORDERED that this is the Final Judgment on the merits in this case and supersedes the Court's Final Judgment entered October 21, 2015 (Dkt. #122, Pg. ID 6038).

2. IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 2201 a declaratory judgment is entered that retroactive application of the Michigan's Sex Offenders Registration Act's (SORA) 2006 and 2011 amendments violates the Ex Post Facto Clause of the U.S. Constitution.

3. IT IS FURTHER ORDERED that the defendants, their officers, agents servants, employees, and attorneys, and other persons in active concert or participation with them, are enjoined from enforcing the 2006 and 2011 SORA amendments against the plaintiffs.

4. IT IS FURTHER ORDERED that plaintiff John Doe #5 is not subject to SORA under the "recapture" provision of the 2011 amendments as long as this

2

judgment remains in effect. It is further ordered that his name shall be removed from both Michigan's non-public (law enforcement) and public registries; he shall have no reporting requirements; and the defendants are enjoined from enforcing any SORA provision against him.

    5.    IT IS FURTHER ORDERED that plaintiffs John Does #1-4 and Mary Doe will be subject to the following, as long as this Judgment remains in effect:

- a. They will not be listed on the public registry, but will instead only be listed on the non-public law enforcement registry.

- b. The only requirements or restrictions of SORA that apply to them are:

    1. To verify quarterly. At quarterly verification they shall report (i) current residential address information and any name change (as set out in M.C.L. §§ 28.727(1)(a) and (d)); and (ii) enrollment at an institution of higher learning or campus information change (as set out in M.C.L. § 28.724a(1)-(2)). Per agreement of the parties, quarterly reporting periods shall be based on the birth-month schedule set out in M.C.L. § 28.725a (3)(b).

    2. To provide fingerprints if not already on file with the Michigan State Police (as set out in M.C.L. § 28.727(1)(q)).

    3. To pay the annual fees unless indigent (as set out in M.C.L. §§ 28.725a(6)(b)-(c) and 28.725b(3)).

- c. The defendants will make a notation on the private (law enforcement) registry for each plaintiff alerting viewers to contact the Michigan State Police before taking any action against the plaintiffs on SORA-related offenses, and, if contacted, the Michigan State Police will notify the person making that contact of the Court's protective order.

- d. These plaintiffs' registration periods will be amended to run for 25 years instead of for life.

3

6. IT IS FURTHER ORDERED that this judgment does not bar application of SORA to any plaintiff in the event that the plaintiff is convicted of an offense that occurred after July 1, 2011, that requires registration under SORA.

7. IT IS FURTHER ORDERED that if the Michigan legislature amends or replaces SORA to implement the Sixth Circuit's holding in *Does #1-5 v. Snyder*, this injunction shall terminate on the effective date of any such amendments or new statute.

8. IT IS FURTHER ORDERED that the defendants' Motion For Entry of Judgment (Dkt. #146, Pg. ID ## 6268) and the plaintiffs' Response To Motion For Entry of Judgment (Dkt. # 147, Pg. ID 6283) are withdrawn.

9. IT IS FURTHER ORDERED that this Court retains jurisdiction in order to enforce this order and to decide the plaintiffs' petition for attorneys' fees and costs, which shall be due 60 days from the date of entry of this order. *See* Stipulated Order Setting Date for Plaintiffs' Motion for Fees and Costs, ECF #144, Pg.ID# 6260.

Judgment is entered as set forth above.

SO ORDERED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 26, 2018

4

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 26, 2018, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

APPROVED FOR ENTRY:

*/s/Miriam Aukerman (w/permission)*
Attorney for Plaintiffs

Dated: January 12, 2018

*/s/Paul D. Reingold (w/permission)*
Attorney for Plaintiffs

Dated: January 12, 2018

*/s/Margaret A. Nelson*
Assistant Attorney General
Attorney for Defendants

Dated: January 12, 2018

5