UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOES A, B, C, D, E, F, G, H, MARY DOE and MARY ROE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRETCHEN WHITMER, Governor of the State of Michigan, and COL. JOSEPH GASPER, Director of the Michigan State Police, in their official capacities,<br><br>Defendants. | No. 2:22-cv-10209<br><br>Hon. |

**PLAINTIFFS' UNOPPOSED MOTION TO
PROCEED PSEUDONYMOUSLY**

Plaintiffs move the Court for permission to bring this action as John Does A through H, Mary Doe, and Mary Roe, in order to protect Plaintiffs' identities from public disclosure and harm. In support of this motion, Plaintiffs refer the Court to their accompanying brief.

Pursuant to the local rules, Plaintiffs have conferred with counsel for Defendants, who have indicated that they have no objection to the relief requested.

1

2

Respectfully submitted,

s/ Miriam Aukerman (P63165)
Miriam J. Aukerman
Rohit Rajan (AZ 035023)
American Civil Liberties Union
  Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org
rrajan@aclumich.org

s/ Daniel S. Korobkin (P72842)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

s/ Paul D. Reingold (P27594)
Cooperating Counsel, American Civil
  Liberties Union Fund of Michigan
Univ. of Michigan Law School
802 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 355-0319 - pdr@umich.edu

s/ Roshna Bala Keen (Ill. 6284469)
Loevy & Loevy
Cooperating Counsel, American Civil
  Liberties Union Fund of Michigan
311 North Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900 - roshna@loevy.com

Dated:        February 2, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE, on behalf of
themselves and all others similarly situated,

            Plaintiffs,

v.

GRETCHEN WHITMER, Governor of the
State of Michigan, and COL. JOSEPH
GASPER, Director of the Michigan State
Police, in their official capacities,

            Defendants.

No. 2:22-cv-10209

Hon.

**PLAINTIFFS' BRIEF IN SUPPORT OF UNOPPOSED
MOTION TO PROCEED PSEUDONYMOUSLY**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

INTRODUCTION ..................................................................................................1

ARGUMENT ..........................................................................................................2

CONCLUSION .......................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003) ....................... 6

*Doe v. DeWine*, 910 F.3d 842 (6th Cir. 2018) ........................................... 6

*Doe v. Kelley*, 961 F. Supp. 1105 (W.D. Mich. 1997) ................................... 6

*Doe v. Michigan Dep't of State Police*, 490 F.3d 491 (6th Cir. 2007) ................. 6

*Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004) ........................................ 3, 6

*Doe v. Rausch*, 461 F. Supp. 3d 747 (E.D. Tenn. 2020) ................................. 6

*Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) .......................................... 3

*Does #1-5 v. Snyder*, No. 2:12-cv-11194, 2012 WL 1344412 (E.D. Mich. Apr. 18, 2012) ............................................................. passim

*Does #1-6 v. Snyder*, No. 2:16-cv-13137, R. 38 (E.D. Mich. July 2, 2018) ........................................................................... 1, 7

*Does v. Munoz*, 507 F.3d 961 (6th Cir. 2007) ........................................... 6

*In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983) .................. 2

*Poe v. Snyder*, 834 F. Supp. 2d 721 (W.D. Mich. 2011) ................................. 6

*Roe v. Snyder*, No. 2:16-cv-13353, R. 29 (E.D. Mich. Oct. 20, 2016) ............................................................................ 1, 2, 7

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) .................................... 3

*Smith v. Doe*, 538 U.S. 84 (2003) ...................................................... 6

**Rules**

Fed. R. Civ. P. 10(a) .................................................................... 2

Fed. R. Civ. P. 26(c) .................................................................... 3

## Other Authorities

Adam Liptak, *Special IDs for Sex Offenders: Safety Measures or Scarlet Letters?*, N.Y. Times (June 14, 2021) .................................................. 4

Beth LeBlanc, *Supreme Court says 2011 changes to sex offender law cannot be applied retroactively*, The Detroit News (July 27, 2021) ................................................................................................................ 4

Hanna Kozlowska, *There's a global movement of Facebook vigilantes who hunt pedophiles*, Quartz (July 24, 2019) ................................ 5

Ken Kolker, *Changes to sex offender list cause confusion*, WOODTV (Sept. 13, 2021) ................................................................................ 4

Mark Hicks, *Judge: State sex offender registry can't be enforced in pandemic*, The Detroit News (Apr. 6, 2020) ...................................................... 4

Mark Joseph Stern, *Appeals Court Issues Scathing Ruling Against Michigan Sex Offender Penalties*, Slate (Aug. 26, 2016) ............................... 4

Michael Winerip, *Convicted of Sex Crimes, but With No Victims*, N.Y. Times Magazine (Aug. 26, 2020) ............................................................ 4

Michigan Sex Offender Registry Welcome Page ...................................................... 4

Natasha Dado, *Federal judge rules portion of Michigan Sex Offender Registry Act is invalid*, Click On Detroit (Feb. 14, 2020) ........................................................................................................................ 4

Rob Csernyik, *How Sex Offender Registries Can Result in Vigilante Murder*, Vice (March 28, 2018) ....................................................... 5

Sarah Stillman, *The List*, The New Yorker (March 6, 2016) .................................... 5

Serena Solomon, *The Sex Offender Registry Leaves Female Sex Offenders Open to Abuse*, Vice (Oct. 24, 2017) .............................................. 5

Tyler Scott, *Federal judge clarifies how to enforce changes to Michigan's sex offender registry*, Mich. Radio (June 22, 2021) ........................................................................................................................ 4

## INTRODUCTION

Plaintiffs seek the Court's permission to bring this action under assumed names in order to protect their identities from public disclosure. Plaintiffs, all of whom previously filed lawsuits challenging the constitutionality of Michigan's Sex Offenders Registration Act (SORA), are now challenging the latest version of the act. As registered sex offenders, Plaintiffs belong to a highly stigmatized group. That is why, in the prior lawsuits, the court in each case granted them permission to proceed pseudonymously, because the public disclosure of their identities could subject them to significant harm.

In *Does #1-5 v. Snyder* (*Does I*), the court granted an essentially identical motion filed by several of the same Plaintiffs here who faced the same risk of serious harm. *See Does I*, No. 2:12-cv-11194, 2012 WL 1344412 (E.D. Mich. Apr. 18, 2012). In light of the risk of "violent retaliation or harassment" for filing the lawsuit, the court found that plaintiffs' "privacy and safety interests substantially outweigh the presumption of open judicial proceedings." *Id.* at *2. Presumably recognizing these significant interests, Defendants thereafter stipulated in subsequent challenges to SORA to the entry of protective orders allowing plaintiffs to proceed pseudonymously. *See Roe v. Snyder*, No. 2:16-cv-13353, R. 29 (E.D. Mich. Oct. 20, 2016); *Does #1-6 v. Snyder*, No. 2:16-cv-13137, R. 38 (E.D. Mich. July 2, 2018) (*Does II*).

1

The motion here should be granted for the same reasons that protective orders were entered in *Does I*, *Roe*, and *Does II*. Plaintiffs who seek to be identified here as John Doe A, B and C, and Mary Doe were plaintiffs John Doe #1, 3, 4, and Mary Doe in *Does I*. Plaintiff who seeks to be identified as Mary Roe was also Mary Roe in the *Roe* case. Plaintiffs who seek to be identified here as John Doe D, E, F, G, and H were plaintiffs John Does #1, 3, 4, 5, and 6 in *Does II*.

Plaintiffs have no objection to providing their identities to Defendants' counsel, provided that the Court enters a protective order barring further dissemination of that information. The protective orders entered in the three previous cases required Plaintiffs to provide their names to Defendants, but allowed Plaintiffs to use pseudonyms in publicly filed documents. *See Does I*, No. 2:12-cv-11194, R. 16 (E.D. Mich. May 1, 2012); *Roe*, No. 2:16-cv-13353, R. 29 (E.D. Mich. Oct. 20, 2016); *Does II*, No. 2:16-cv-13137, R. 38 (E.D. Mich. July 2, 2018).

Plaintiffs have attached a proposed protective order modeled on the ones used in those cases. *See* Proposed Protective Order, Ex. 1.

**ARGUMENT**

Generally, a complaint must name all the parties. Fed. R. Civ. P. 10(a). Nonetheless, "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983). "The court may, for good cause,

2

issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). After the movant has shown good cause, this Court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Several considerations inform whether privacy interests outweigh the public's right to know. These factors include "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (quoting *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)). Of particular relevance is whether the filing of the lawsuit "will subject [Plaintiffs] to considerable harassment." *Id*.

The balance of these factors favors Plaintiffs' privacy interests. First, Plaintiffs challenge governmental activity, specifically Defendants' continued enforcement of SORA. *See* Compl., R. 1. Second, the information disclosed in the complaint, and the information likely to be disclosed during discovery, is highly personal. Plaintiffs have gone through great steps to avoid broadcasting their registry status, and worry if this information is disseminated publicly, they could lose

3

housing, employment, and close personal relationships. *Id.*, ¶¶404–23, 467–73, 514–27.

If Plaintiffs' identities were publicly disclosed, the media could target them, as news sources place considerable attention on issues related to sex offender registration.[1] Indeed, both the *Does I* and *Does II* cases received extensive media coverage.[2] Plaintiffs thus fear for the safety of themselves and their loved ones if their identities are disclosed. There is so much widespread hostility towards registrants that Michigan's registry website explicitly warns the public not to use information on the website to "to unlawfully injure, harass, or commit a crime against any individual named in the registry or residing or working at any reported address." *See* Michigan Sex Offender Registry Welcome Page, https://mspsor.com/.

---

[1] *See, e.g.*, Ken Kolker, *Changes to sex offender list cause confusion*, WOODTV (Sept. 13, 2021, 8:06 PM), https://www.woodtv.com/news/target-8/changes-to-sex-offender-list-cause-confusion/; Beth LeBlanc, *Supreme Court says 2011 changes to sex offender law cannot be applied retroactively*, The Detroit News (July 27, 2021, 8:16 PM), https://bit.ly/3qMQ9RK; Adam Liptak, *Special IDs for Sex Offenders: Safety Measures or Scarlet Letters?*, N.Y. Times (June 14, 2021), https://nyti.ms/3qNBo16; Michael Winerip, *Convicted of Sex Crimes, but With No Victims*, N.Y. Times Magazine (Aug. 26, 2020), https://nyti.ms/3FTQbeN.

[2] *See, e.g.*, Tyler Scott, *Federal judge clarifies how to enforce changes to Michigan's sex offender registry*, Mich. Radio (June 22, 2021, 10:45 AM), https://bit.ly/3rBImFx; Mark Hicks, *Judge: State sex offender registry can't be enforced in pandemic*, The Detroit News (Apr. 6, 2020, 7:17 PM), https://bit.ly/3FOqf4q; Natasha Dado, *Federal judge rules portion of Michigan Sex Offender Registry Act is invalid*, Click On Detroit (Feb. 14, 2020, 12:52 PM), https://bit.ly/3Kyaz8U; Mark Joseph Stern, *Appeals Court Issues Scathing Ruling Against Michigan Sex Offender Penalties*, Slate (Aug. 26, 2016, 4:36 PM), https://bit.ly/3AhBcKI.

Unfortunately, in practice, such warnings have failed to prevent harassment, threats, or violent attacks.[3] *See* Lageson Decl., R. 1-10, ¶¶91–95 (cataloging violence, harassment, and vigilantism directed against registrants). These risks are exacerbated by the fact that Plaintiffs' addresses and places of work are listed on the public online registry, making them easy targets for those who wish to humiliate or harm them for filing a lawsuit that challenges the law. *See* Compl., R. 1, ¶¶355–62. Indeed, Plaintiffs have already experienced harassment, job loss, housing loss, and even death threats, simply for being listed on the registry. *Id.*, ¶¶404–23, 467–73, 514–27. If their names are revealed in this litigation, they are likely to be targeted even more. A protective order is thus necessary to safeguard not just Plaintiffs' privacy, but also their safety.

These well-documented harms are why the court in *Does I* granted the request for pseudonymity. 2012 WL 1344412, at *2. Although registration information is

---

[3] *See, e.g.*, Hanna Kozlowska, *There's a global movement of Facebook vigilantes who hunt pedophiles*, Quartz (July 24, 2019), https://qz.com/1671916/the-global-movement-of-facebook-vigilantes-who-hunt-pedophiles/; Rob Csernyik, *How Sex Offender Registries Can Result in Vigilante Murder*, Vice (March 28, 2018, 1:45 PM), https://www.vice.com/en/article/ne9ew7/how-sex-offender-registries-can-result-in-vigilante-murder; Serena Solomon, *The Sex Offender Registry Leaves Female Sex Offenders Open to Abuse*, Vice (Oct. 24, 2017, 6:30 PM), https://www.vice.com/en/article/vb75m9/the-sex-offender-registry-leaves-female-sex-offenders-open-to-abuse; Sarah Stillman, *The List*, The New Yorker (March 6, 2016), https://www.newyorker.com/magazine/2016/03/14/when-kids-are-accused-of-sex-crimes.

publicly available online, the court reasoned that Plaintiffs' challenge of governmental action presented distinct reasons for protection. *Id.* (finding that plaintiffs had established that disclosure of their involvement in the litigation subjected them and their families to "possible violent retaliation or harassment for exercising their rights as citizens"). Because of the stigma attached to sex offender registration and the danger to registrants' personal safety if their names are disclosed, it is therefore standard practice in litigation brought by registrants for courts to allow them to proceed under pseudonyms. *See, e.g.*, *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003); *Smith v. Doe*, 538 U.S. 84 (2003); *Doe v. DeWine*, 910 F.3d 842 (6th Cir. 2018); *Doe v. Michigan Dep't of State Police*, 490 F.3d 491 (6th Cir. 2007); *Does v. Munoz*, 507 F.3d 961 (6th Cir. 2007); *Doe v. Rausch*, 461 F. Supp. 3d 747 (E.D. Tenn. 2020); *Poe v. Snyder*, 834 F. Supp. 2d 721 (W.D. Mich. 2011); *Doe v. Kelley*, 961 F. Supp. 1105 (W.D. Mich. 1997).

Finally, the Sixth Circuit has noted that courts should consider whether defendants will have sufficient information to present their defense. *See Porter*, 370 F.3d at 561. In *Porter*, the court approved a protective order that required disclosure of plaintiffs' identities to defendants but limited disclosure of that information publicly. *Id.*; *see also Does I*, 2012 WL 1344412, at *2 ("[G]ranting Plaintiffs' motion does not materially impinge upon Defendants' ability to defend against the lawsuit. Plaintiffs are willing to disclose their names to Defendants' counsel upon request."). That

is all Plaintiffs ask for. Indeed, Defendants stipulated to an almost identical protective orders in *Does I*, *Roe*, and *Does II*. *See Does I*, No. 2:12-cv-11194, R. 16 (E.D. Mich. May 1, 2012); *Roe*, No. 2:16-cv-13353, R. 29 (E.D. Mich. Oct. 20, 2016); *Does II*, No. 2:16-cv-13137, R. 38 (E.D. Mich. July 2, 2018). Thus, the proposed protective order will not hamper Defendants' ability to present their case.

## CONCLUSION

For the above reasons, Plaintiffs respectfully request that the Court grant their motion to proceed pseudonymously, and enter the proposed protective order.

Respectfully submitted,

s/ Miriam Aukerman (P63165)
Miriam J. Aukerman
Rohit Rajan (AZ 035023)
American Civil Liberties Union
 Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org
rrajan@aclumich.org

s/ Daniel S. Korobkin (P72842)
American Civil Liberties Union
 Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

s/ Paul D. Reingold (P27594)
Cooperating Counsel, American Civil
 Liberties Union Fund of Michigan
Univ. of Michigan Law School
802 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 355-0319 - pdr@umich.edu

s/ Roshna Bala Keen (Ill. 6284469)
Loevy & Loevy
Cooperating Counsel, American Civil
Liberties Union Fund of Michigan
311 North Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900 - roshna@loevy.com

Dated: February 2, 2022