# Exhibit 1:

## Miriam Aukerman Resume

# MIRIAM J. AUKERMAN

American Civil Liberties Union of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, Michigan 49506

616-301-0930
maukerman@aclumich.org

## Professional Experience

**AMERICAN CIVIL LIBERTIES UNION OF MICHIGAN,** Grand Rapids, Michigan.

> **Senior Staff Attorney,** March 2017 forward; **Staff Attorney,** December 2010 – February 2017.
> - Develop and litigate impact cases on key civil liberties and civil rights issues including immigrant's rights, criminal justice, poverty, free speech, due process, equal protection, racial justice, and LGBT equality.
> - Promote constitutional rights through media appearances, public education, advocacy, and training.
> - Provide technical assistance on draft legislation impacting civil liberties.
> - Established and now manage West Michigan Regional Office of the ACLU; hire and supervise legal and non-legal staff.

**LEGAL AID OF WESTERN MICHIGAN,** Grand Rapids, Michigan.

> **Director, Reentry Law Project,** July 2006 – November 2010; **Soros Justice Fellow,** April 2003 – September 2005; **Staff Attorney,** September 2001 – April 2003.
> - Litigated impact cases challenging legal barriers facing low-income people with criminal records.
> - Pursued multi-faceted strategy for systemic reform: identified policy issues and advocated for structural solutions; provided technical assistance to legislature, government agencies, and State Bar; advised and collaborated with community groups on policy initiatives.
> - Engaged in public education: developed community education materials and reentry law website; trained attorneys and social service providers.
> - Managed Reentry Law Project: supervised assistance to 400 clients per year; secured funding through grants, contracts, and trainer fees.

**BREDHOFF & KAISER,** Washington, D.C.

> **Contract Attorney,** September 2005 – May 2006.
> - Advised and litigated for union clients on employment and labor law issues.

**HON. PIERRE N. LEVAL, U.S. COURT OF APPEALS, SECOND CIRCUIT,** New York, NY.

> **Judicial Clerk,** June 2000 – June 2001.

**THE FORD FOUNDATION,** New York, New York; Moscow, Russia; Perm, Russia.

> **Research Assistant to the Deputy Director, Russia and East Europe Program,** September 1994 – September 1996; **Consultant,** October 1996 – August 1997.
> - Evaluated proposals, prepared grants, and monitored projects for $9 million portfolio; human rights, women's rights, and civil society focus. Assisted Russian human rights organization in establishing the first museum on the site of a former Soviet GULAG camp.

**MIRIAM J. AUKERMAN**
PAGE 2

## Education

**NEW YORK UNIVERSITY SCHOOL OF LAW,** New York, New York. J.D. *summa cum laude*, 2000.

    Honors: Root-Tilden-Kern Scholarship (public interest award for tuition); Butler Memorial Award (unusual distinction in scholarship and character); Pomeroy/Butler Scholar (top ten in class); Order of the Coif; Hirschhorn Scholarship; Alumnae Club Scholarship.

    Internships: New York Legal Aid Society Special Litigation Unit; Vera Institute of Justice; Lawyers Committee for Human Rights; South Brooklyn Legal Services.

**ROBERT BOSCH FELLOW,** Bonn and Potsdam, Germany. September 1993 – June 1994.

    Internships: Foreign Ministry of the Federal Republic of Germany; Office of the High Commissioner for Foreigners' and Refugee Affairs.

**UNIVERSITY OF OXFORD,** Oxford, United Kingdom. M.Phil. in International Relations, 1993.

    Honors: Keasbey Fellowship; Winchester Prize, *proxime accessit* (best human rights thesis).

**CORNELL UNIVERSITY,** Ithaca, New York. B.A. *summa cum laude* in History, 1991.

    Honors: Phi Beta Kappa; Truman Scholar; National Merit Scholar; Cornell Merrill Presidential Scholar; awards for public service, best History and best German Studies thesis, and top female History graduate.

**LENINGRAD UNIVERSITY,** St. Petersburg, Russia. Russian language study, Spring 1989.

## Representative Litigation

*Malam v. Adducci*, 2020 WL 3512850 (E.D. Mich. 2020)—class counsel; class action seeking release from detention of medically vulnerable immigrants during COVID-19 pandemic.

*Ramos-Gomez v. Adducci*, 2:19-cv-13475 (W.D. Mich. 2019)—pending challenge to detention by Immigrations and Customs Enforcement of U.S. citizen and Marine Corp veteran whom federal authorities sought to deport.

*Hamama v. Adducci*, 912 F.3d 862 (6th Cir. 2018); 946 F.3d 875 (6th Cir. 2020)—class counsel; national habeas class action challenging deportation and detention of Iraqi nationals.

*People v. Temelkoski*, 501 Mich. 960 (2018)—held registration as a convicted sex offender of youth whose charged were dismissed under diversion program violates due process.

*Arab American Civil Rights League v. Trump*, 2:17-cv-10310 (E.D. Mich. 2017)—challenge to the "Muslim Ban", i.e. executive orders barring entry of individuals from predominantly Muslim countries.

*American Civil Liberties Union of Michigan v. U.S. Department of Homeland Security*, 5:17-cv-11149 (E.D. Mich. 2017)—Freedom of Information Act case to obtain records related to the "Muslim Ban".

*Semelbauer v. Muskegon County*, 1:14-cv-01245 (W.D. Mich. 2017)—obtained settlement remedying cross-gender viewing and denial of hygiene products at Muskegon jail.

*Johnson v. Vanderkooi*, 502 Mich. 751 (2018)—held City of Grand Rapids could be liable for custom and practice of photographing and fingerprinting individuals without probable cause as a way to identify them during *Terry* stops.

*Does #1-5 v. Snyder* (*Does I*), 834 F.3d 696 (6th Cir. 2016) (cert denied)—held Michigan's Sex Offender Registration Act violates the Ex Post Facto Clause; *Does #1-6 v. Snyder (Does II)*, 2:16-cv-13137 (E.D. Mich. 2016)—class counsel; class-wide order enforcing *Does I* decision for all Michigan registrants.

*Barry v. Lyon*, 834 F.3d 706 (6th Cir. 2016)—class counsel; held that 20,000 member class was illegally disqualified from public assistance and disqualification notices used did not meet due process standards; resulted in restoration of $52 million in wrongfully withheld benefits.

*Michigan Immigrant Rights Center v. Department of Homeland Security*, 5:16-cv-14192 (E.D. Mich. 2016)—challenge under Freedom of Information Act to obtain records about warrantless searches by Customs and Border Protection.

*One Michigan v. Johnson,* 2:12-cv-15551 (E.D. Mich. 2015)—challenge to Secretary of State's denial of driver's licenses to immigrant youth who have lawful status under the "Deferred Action for Childhood Arrivals" program, resulting in change to policy and issuance of licenses statewide.

*Valdez v. United States*, 58 F.Supp.3d 795 (W.D. Mich. 2014)—challenge to arrests of U.S. citizen and legal permanent resident by Immigration and Customs Enforcement agents (settled).

*Hightower v. City of Grand Rapids*, 1:13-cv-00469 (W.D. Mich. 2018)—finding City liable under widely used program that allowed police to make trespass arrests without probable cause by getting businesses to sign "No Trespass Letters".

*Speet v. Schuette*, 726 F.3d 867 (6th Cir. 2013)—held Michigan's statute barring begging in public places unconstitutionally violates free speech.

*Poe v. Granholm*, 834 F.Supp.2d 721 (W.D. Mich. 2011)—held that law preventing some individuals with criminal records from residing in certain areas did not bar them from accessing homeless shelters.

*Houle v. Sampson*, 2:09-cv-10504 (E.D. Mich. 2010)—negotiated settlement modifying Parole Board's prior practice of automatically imposing parole conditions that prohibit parent/child contact, marital relationships, and religious worship for parolees with certain offenses.

*People v. Dipiazza*, 286 Mich. App. 137 (2009)—held sex offender registration is unconstitutionally cruel punishment for youth involved in "Romeo-and-Juliet" relationships.

*Cambero v. Barnhart*, 1:06-cv-551 (W.D. Mich. 2007)—held that Social Security's interpretation of a rule barring Supplemental Security Income payments was invalid.

*American-Arab Anti-Discrimination Committee v. City of Dearborn*, 418 F.3d 600 (6th Cir. 2005)—held that a city ordinance requiring advance notice of protests violates the First Amendment.

## Legal Awards and Honors

Crain's Detroit Business, Notable Woman in Law Award, 2021.

State Bar of Michigan, Champion of Justice (extraordinary professional accomplishment benefiting the nation, state or community), 2018.

American Immigration Lawyers, Pro Bono Champion Award (as part of legal team in *Hamama v. Adducci*, challenging deportation of Iraqi nationals), 2018.

Criminal Defense Attorneys of Michigan, Extraordinary Achievement Award (as part of legal team in *Hamama v. Adducci*, challenging deportation of Iraqi nationals), 2018.

Opportunity Agenda Fellow (national recognition for advocacy on public interest issues), 2017.

Criminal Defense Attorneys of Michigan, Justice for All Award (for work on criminal justice issues), 2012.

Distinguished Brief Award, Cooley Law School (for best brief in Michigan Supreme Court), 2013.

## Selected Publications

*Opinion: We Deported Him to A Land He's Never Seen and Now He's Dead*, NEW YORK TIMES (Sept. 6, 2019).

*War, Crime, or War Crime? Interrogating the Analogy between War and Terror*, in ENEMY COMBATANTS, TERRORISM, AND ARMED CONFLICT LAW: A GUIDE TO THE ISSUES 145 (David Linnan ed. 2008).

*Criminal Convictions as a Barrier to Employment: What Attorneys Can Do to Help People With Records Get a Second Chance*, MICHIGAN BAR JOURNAL, Nov. 2008.

*Providing Civil Legal Assistance to People with Criminal Convictions in Michigan: A Manual for Attorneys and Advocates* (2005).

*The Somewhat Suspect Class? Towards a Constitutional Framework for Evaluating Occupational Restrictions Affecting People with Criminal Records*, 7 WAYNE STATE UNIVERSITY JOURNAL OF LAW IN SOCIETY 18 (2005).

*Challenging Occupational Barriers: Lessons from Michigan*, NATIONAL HIRE NETWORK NEWS, Vol. 3, No. 4, May 2005, at 1.

*Barriers to Reentry: Legal Strategies to Reduce Recidivism and Promote the Success of Ex-Offenders*, MICHIGAN BAR CRIMINAL LAW SECTION ANNUAL JOURNAL 4 (2003).

*Extraordinary Evil, Ordinary Crime: A Framework for Understanding Transitional Justice*, 15 HARVARD HUMAN RIGHTS JOURNAL 39 (2002).

*Definitions and Justifications: Minority and Indigenous Rights in a Central/East European Context*, 22 HUMAN RIGHTS QUARTERLY 1011 (2000).

*Discrimination in Germany: A Call for Minority Rights*, 13.3 THE NETHERLANDS QUARTERLY OF HUMAN RIGHTS 237 (1995), *revision reprinted in* GERMANY IN TRANSITION: A UNIFIED NATION'S SEARCH FOR IDENTITY 169 (Mattox et al. eds., 1999).