UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE, on behalf of
themselves and all others similarly situated,

                Plaintiffs,

v.

GRETCHEN WHITMER, Governor of the
State of Michigan, and COL. JOSEPH
GASPER, Director of the Michigan State
Police, in their official capacities,

                Defendants.

No. 2:22-cv-10209

Hon.

**PLAINTIFFS' UNOPPOSED MOTION FOR
LEAVE TO EXCEED PAGE LIMITS**

    Plaintiffs seek leave to file a brief in support of their motion for preliminary injunction in excess of the 25-page limit set out in Local Rule 7.1(d)(3)(A). Specifically, Plaintiffs ask the Court to extend the page limit for their brief to 67 pages.

    In support of their motion, Plaintiffs state as follows:

    1.  This case involves a considerable history. Before filing this action, Plaintiffs had challenged Michigan's Sex Offenders Registration Act (SORA) for almost ten years, in three different lawsuits. *See Does #1-5 v. Snyder*, No. 2:12-cv-11194 (E.D. Mich.) (*Does I*); *Roe v. Snyder*, No. 2:16-cv-13353 (E.D. Mich.); *Does #1-6*

1

*v. Snyder*, No. 2:16-cv-13137 (E.D. Mich.) (*Does II*, a class action). The combined litigation produced several published district court opinions and a published Sixth Circuit opinion. (Defendants' appeal to the U.S. Supreme Court was denied.) Compl., R. 1, ¶¶181–206 (describing the *Does I*, *Roe*, and *Does II* litigation). In 2021, the Michigan Supreme Court also held that the old SORA violated the Ex Post Facto Clause. *People v. Betts*, __ N.W.2d __, 2021 WL 3161828 (Mich. July 27, 2021).

2. Despite multiple rulings that the statute was unconstitutional, for almost five years the state failed to amend the law, while continuing to subject tens of thousands of people to an unconstitutional law for that entire time. Finally, in late December 2020—facing an imminent injunction—the legislature passed a new law, which took effect on March 24, 2021 (SORA 2021). *See* 2020 Mich. Pub. Act 295.

3. The new law is nearly identical to the old law, and does not address most of the issues that led the district courts in *Does I*, *Roe*, and *Does II*, and the Sixth Circuit in *Does I*, and the Michigan Supreme Court in *Betts*, all to hold that the previous version of SORA was unconstitutional.

4. Plaintiffs now challenge SORA 2021, and with their complaint are filing a motion for preliminary injunction, as to six of the ten counts of their complaint. Plaintiffs are unwilling to be subjected to an unconstitutional law for an additional three or four years while this case is litigated—enough is enough.

5. Plaintiffs' PI motion—which will determine the rights of some 55,000 putative class members while the case is being litigated—necessarily requires unusually lengthy briefing in order to give the Court a full understanding of (a) SORA's long history and how this case builds off the four previous cases, (b) the extensive factual record, including ten expert reports that, *inter alia*, set out the social science research showing how disconnected SORA is from scientific reality, and (c) the complex legal questions at issue, some of which involve multi-factor tests.

6. Plaintiffs have tried to be concise as possible, and have largely referred the Court to the complaint for the relevant background. Plaintiffs are also not seeking preliminary relief on all claims, but only on those that are the most pressing. Nonetheless, the six claims for preliminary relief require detailed explication.

7. Pursuant to Local Rule 7.1(d)(3)(A), this motion may be filed ex parte. Nonetheless, on February 1, 2022, Plaintiffs' counsel sought concurrence of Defendants' counsel, who have indicated that they have no objection to the relief requested. Plaintiffs have no objection to Defendants' getting equal length for their response, and Plaintiffs will consent to a reasonable extension of time for Defendants to respond.

WHEREFORE, Plaintiffs respectfully request the entry of an order allowing them to file a brief not to exceed 67 pages in support of their motion for preliminary injunction.

Respectfully submitted,

s/ Miriam Aukerman (P63165)
Miriam J. Aukerman
Rohit Rajan (AZ 035023)
American Civil Liberties Union
  Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org
rrajan@aclumich.org

s/ Daniel S. Korobkin (P72842)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

s/ Paul D. Reingold (P27594)
Cooperating Counsel, American Civil
  Liberties Union Fund of Michigan
Univ. of Michigan Law School
802 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 355-0319 - pdr@umich.edu

s/ Roshna Bala Keen (Ill. 6284469)
Loevy & Loevy
Cooperating Counsel, American Civil
  Liberties Union Fund of Michigan
311 North Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900 - roshna@loevy.com

Dated: February 2, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHN DOES A, B, C, D, E, F, G, H, MARY DOE and MARY ROE, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>GRETCHEN WHITMER, Governor of the State of Michigan, and COL. JOSEPH GASPER, Director of the Michigan State Police, in their official capacities,<br><br>      Defendants. | No. 2:22-cv-10209<br><br>Hon. |

**PLAINTIFFS' BRIEF IN SUPPORT OF UNOPPOSED**
**MOTION FOR LEAVE TO EXCEED PAGE LIMITS**

  As set forth in the motion, Plaintiffs respectfully request that the Court grant them additional pages for the brief in support of the motion for preliminary injunction. These issues are highly complex, and Plaintiffs believe the Court would benefit from full briefing on those arguments.

Respectfully submitted,

s/ Miriam Aukerman (P63165)
Miriam J. Aukerman
Rohit Rajan (AZ 035023)
American Civil Liberties Union
 Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org
rrajan@aclumich.org

s/ Daniel S. Korobkin (P72842)
American Civil Liberties Union
 Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

s/ Paul D. Reingold (P27594)
Cooperating Counsel, American Civil
 Liberties Union Fund of Michigan
Univ. of Michigan Law School
802 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 355-0319 - pdr@umich.edu

s/ Roshna Bala Keen (Ill. 6284469)
Loevy & Loevy
Cooperating Counsel, American Civil
 Liberties Union Fund of Michigan
311 North Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900 - roshna@loevy.com

Dated: February 2, 2022