UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE,
on behalf of themselves and
all others similarly situated,

        File No. 2:22-cv-10209

    Plaintiffs,

v.        Hon.

GRETCHEN WHITMER, Governor of the
State of Michigan, and COL. JOSEPH
GASPER, Director of the Michigan State
Police, in their official capacities,

    Defendants.

_____

**PLAINTIFFS' NOTICE UNDER LOCAL RULE 83.11(b)**
**(Assignment of Cases)**

1. L.R. 83.11(b)(7) requires counsel to bring companion cases to the Court's attention.

2. L.R. 83.11(b)(7)(A) defines a companion case, in relevant part, as one "in which it appears that:

   (i) substantially similar evidence will be offered at trial, or
   (ii) the same or related parties are present and the cases arise out of the same transaction or occurrence. . ."

3. This case is a putative class action challenging the constitutionality of the Michigan Sex Offenders Registration Act, as amended effective March 24, 2021 (SORA 2021). *See* 2020 Mich. Pub. Act 295.

1

4. Because there are a large number of cases challenging the constitutionality of Michigan's sex offender registry, including one previously filed putative class action challenging SORA 2021, Plaintiffs submit this filing to set out their best understanding of how L.R. 83.11 applies here. In the interest of providing as much relevant information to the Court as possible, Plaintiffs address both the one case they believe is a companion case (because it challenges SORA 2021), and other cases that Plaintiffs believe do not constitute companion cases (because they only challenge former versions of SORA, not SORA 2021).

### *Does 1-44,000 v. Michigan State Police*

5. *Does 1-44,000 v. Michigan State Police*, 21-cv-12843 (E.D. Mich.) (Goldsmith, J.), was brought as a putative class action by more than 60 pro se registrants, almost all of whom are incarcerated at Parnall Correctional Facility. Counsel has since been appointed. As Plaintiffs here indicated when filing their complaint, they believe *Does 1-44,000* is a companion case under L.R. 83.11(b)(7)(A).

6. First, Plaintiffs believe it likely that substantially similar evidence would be offered at trial. Like Plaintiffs here, the *Does 1-44,000* plaintiffs are challenging the constitutionality of the newly amended statute, SORA 2021. Although the exact nature of the claims there is somewhat unclear (as the operative complaint is still that filed by the pro se plaintiffs), some claims are similar to the ones brought here.

7. For example, in both cases plaintiffs claim that retroactive application of

2

SORA violates the Ex Post Facto Clause and that retroactive extension of registration terms is unconstitutional. The *Does 1-44,000* plaintiffs also appear to be bringing a claim similar to Plaintiffs' claim here that the length of a person's registration obligations should be determined by the law in effect at the time of a person's plea.

8. Second, as set out below, the same or related parties are present, and the cases arise out of the same transaction or occurrence.

9. Plaintiffs here and plaintiffs in *Does 1-44,000* seek class certification. If the Court grants class certification in this action, the plaintiffs in *Does 1-44,000* would be members of the certified primary class (all registrants). Conversely, if a class is certified in *Does 1-44,000*, it appears that named Plaintiffs in this action might be part of that class. (The proposed class definitions in *Does 1-44,000* are somewhat unclear.)

10. The present action names Governor Gretchen Whitmer and Michigan State Police (MSP) Director Joseph Gasper as defendants. Governor Whitmer and MSP Director Gasper are also defendants in *Does 1-44,000*.

11. Both cases also arise out of the same transaction or occurrence, namely the state's amendment of the prior SORA statute (which had been declared unconstitutional) and the enforcement of SORA 2021 against plaintiffs in each case.

3

12. In addition to the companion case considerations under L.R. 83.11(b)(7)(A), Plaintiffs note that there are good reasons for both cases to be assigned to the same judge since both are putative class actions. As the seminal treatise explains, the primary goals of class action lawsuits are to avoid a multiplicity of actions and the risk of inconsistent or conflicting adjudications. 3 *Newberg on Class Actions* § 10.33 (5th ed.). Because these goals are difficult to achieve when there are multiple suits, it "it is generally beneficial for the multiple related actions to be coordinated" in some fashion. *Id.*

13. Here, a mechanism for such coordination is available under the local rules. L.R. 83.11(b)(2) provides for reassignment as needed to promote docket efficiency or in the interests of justice. Assigning both cases to the same judge would promote the interests of judicial economy, help mitigate duplication of effort by the parties, and guard against inconsistent adjudication across parallel class litigation on similar or the same claims. *Cf.* Fed. R. Civ. P. 23(d)(1) (granting court broad authority in adjudicating class actions to issue orders needed for efficient proceedings and to protect class members).

## Prior Litigation Involving Plaintiffs

14. Plaintiffs also bring to the Court's attention that each of the named Plaintiffs was previously a plaintiff in earlier litigation challenging the prior version of SORA. Plaintiffs John Doe A, B, and C, and Mary Doe were plaintiffs John Doe

4

#1, 3, 4, and Mary Doe in *Does I. See Does #1-5 v. Snyder*, No. 12-cv-11194 (E.D. Mich.) (*Does I*) (Cleland, J.). Plaintiff Mary Roe was plaintiff Mary Roe in *Roe v. Snyder,* No. 16-cv-13353 (E.D. Mich.) (Goldsmith, J.). And Plaintiffs John Doe D, E, F, G, and H were plaintiffs John Does #1, 3, 4, 5, and 6 in *Does #1-6 v. Snyder*, No. 16-cv-13137 (E.D. Mich.) (*Does II*) (Cleland, J.). The governor and MSP director were also defendants in those cases.

15. Although the same or related parties are present here as were present in *Does I*, *Roe*, and *Does II*, Plaintiffs believe that those cases did not "arise out of the same transaction or occurrence" because they were challenges to the old version of SORA. The present litigation challenges only SORA 2021, the amended statute.

## Other Litigation Related to SORA

16. There are a large number of cases that have been filed challenging the old SORA, including:

| Case | Docket No. | Court |
|---|---|---|
| *Hall v. Washington* | No. 16-cv-11812 | E.D. Mich. |
| *Roe v. Snyder* | No. 16-cv-13353 | E.D. Mich. |
| *Dentry v. Michigan* | No. 17-cv-10643 | E.D. Mich. |
| *Price v. Edwards* | No. 17-cv-10601 | E.D. Mich. |
| *Taylor v. Snyder* | No. 16-cv-14445 | E.D. Mich. |
| *Alexander v. Cooper* | No. 16-cv-14231 | E.D. Mich. |
| *Elrod v. Snyder* | No. 17-cv-0483 | E.D. Mich. |
| *Lewis v. Snyder* | No. 17-cv-10808 | E.D. Mich. |
| *Doe v. Curran* | No. 18-cv-11935 | E.D. Mich. |
| *Willman v. U.S. Attorney General* | No. 19-cv-10360 | E.D. Mich. |
| *Abner v. Whitmer* | No. 19-cv-12471 | E.D. Mich. |
| *Doe v. State of Michigan* | No. 19-cv-10364 | E.D. Mich. |
| *Doe #1-5 v. Whitmer* | No. 21-cv-11903 | E.D. Mich. |

5

| | | |
|---|---|---|
| *Bradshaw v. Snyder* (mandamus) | No. 2:21-cv-12694 | E.D. Mich. |
| *Lees v. Snyder* (mandamus) | No. 2:21-cv-12695 | E.D. Mich. |
| *Mullins v. Snyder* (mandamus) | No. 4:21-cv-12696 | E.D. Mich. |

17. Plaintiffs recognize that, given the volume of litigation about SORA, there may be other cases of which they are unaware.

18. Plaintiffs note that one of the above cases, *Doe #1-5 v. Whitmer*, 2:21-cv-11903 (E.D. Mich.) (Roberts, J.), is also a putative class action. Plaintiffs believe that case is not a companion case because it seeks damages for constitutional violations during the time that the old SORA was in effect—a different transaction or occurrence. (Essentially the suit argues that plaintiffs are entitled to damages for the harms they suffered as a result of the constitutional violations found by the court in *Does I* and *Does II*.) By contrast, the suit here seeks prospective declaratory and injunctive relief to cure the unconstitutional deficiencies of SORA 2021.

19. Plaintiffs note that there are also several relatively recent *in pro per* mandamus actions arguing that under the *Does II* decision, the petitioners can no longer be required to register as sex offenders. Judge Steeh in *Lees v. Snyder*, No. 21-cv-12695, R. 5 (E.D. Mich.), found that the court lacked jurisdiction over a mandamus case against state officers. Even assuming that there would be jurisdiction over those mandamus actions, Plaintiffs do not believe they qualify as companion cases because those plaintiffs are seeking mandamus relief through enforcement of the *Does II* judgment. Plaintiffs here are not seeking such relief.

6

20. In sum, Plaintiffs believe that the present action is a companion case under L.R. 83.11(b)(7), to *Does 1-44,000 v. Michigan State Police*, 21-cv-12843 (E.D. Mich.). In addition, Plaintiffs believe that because this case and *Does 1-44,000* are both putative class actions that involve similar claims, under L.R. 83.11(b)(2) they may be assigned to the same judge to promote docket efficiency and in the interests of justice.

Respectfully submitted,

s/ Miriam Aukerman (P63165)
Miriam J. Aukerman
Rohit Rajan (AZ 035023)
American Civil Liberties Union
  Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org
rrajan@aclumich.org

s/ Daniel S. Korobkin (P72842)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

s/ Paul D. Reingold (P27594)
Cooperating Counsel, American Civil
  Liberties Union Fund of Michigan
Univ. of Michigan Law School
802 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 355-0319 - pdr@umich.edu

s/ Roshna Bala Keen (Ill. 6284469)
Loevy & Loevy
Cooperating Counsel, American Civil
  Liberties Union Fund of Michigan
311 North Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900 - roshna@loevy.com

Dated: February 2, 2022