UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOES A, B, C, D, E, F, G, H, MARY DOE and MARY ROE, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v<br><br>GRETCHEN WHITMER, Governor of the State of Michigan, and COL. JOSEPH GASPER, Director of the Michigan State Police, in their individual capacities,<br><br>    Defendants. | No. 2:22-cv-10209<br><br>HON. MARK GOLDSMITH<br><br>MAG. CURTIS IVY, JR.<br><br>**DEFENDANTS NOTICE UNDER LOCAL RULES 83.11(b)** |

Miriam Aukerman (P63165)
Rohit Rajan (AZ 035023)
Attorneys for Plaintiffs
American Civil Liberties Union
Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI  49506
(616) 301-0930
maukerman@aclumich.org
rrajan@aclumich.org

Daniel S. Korobkin (P72842)
Attorney for Plaintiffs
American Civil Liberties Union
Fund of Michigan
2966 Woodward Avenue

1

Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

Paul D. Reingold (P27594)
Attorney for Plaintiffs
Cooperating Counsel, American Civil
Liberties Union Fund of Michigan
Univ. of Michigan Law School
802 Legal Research Building
801 Monroe Street
Ann Arbor, MI  48109-1215
(734) 355-0319
pdr@umich.edu

Rashna Bala Keen (Ill. 6284469)
Attorney for Plaintiffs
Loevy & Loevy
Cooperating Counsel, American Civil
Liberties Union Fund of Michigan
311 North Aberdeen, 3rd Floor
Chicago, IL  60607
(312) 243-5900
roshna@loevy.com

Elizabeth M. Watza (P81129)
Eric M. Jamison (P75721)
Attorneys for Defendants Whitmer and Gasper
Michigan Department of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
watzae@michigan.gov
jamisone@michigan.gov

_____/

## **Defendants Notice Under Local Rules 83.11(b)**

1. L.R. 83.11(b) requires the parties to inform the Court of companion cases.

2. Under L.R. 83.11(b) "Cases may be companion cases even though one of them has been terminated." L.R. 83(b)(7)(B).

3. The Chief Judge may order a civil case to be reassigned to promote docket efficiency or in the interests of justice. L.R. 83(b)(2).

4. Plaintiffs filed a Notice under L.R. 83.11 on February 2, 2022. ECF No. 8, PageID.947-953.

5. On February 8, 2022, the clerk was directed to reassign the case to the Honorable Mark A. Goldsmith. ECF No. 12, PageID.960.

6. Defendant's file this Notice to inform the Court of their position regarding companion cases.

7. Defendants agree that *Does 1-44,000 v. Michigan State Police*, 21-cv-12843 (E.D. Mich.) (Goldsmith, J.) appears to meet the criteria as a companion case.

8. However, Defendants disagree with Plaintiffs' position regarding *Does #1-5 v. Snyder*, No 12-cv-11194 (E.D. Mich.) (Cleland, J.) and *Does #1-6 v. Snyder*, No 16-cv-13137 (E.D. Mich.) (Cleland, J.)

3

Plaintiffs opine that prior litigation involving the same defendants and many of the same plaintiffs are not companion cases because they did not arise from the same transaction or occurrence. ECF No. 8, PageID.950-951. *Does #1-5* and *Does #1-6* are colloquially referred to as *Does I and II*.

9. Judge Cleland presided over *Does I and II*, which started in 2012, almost a decade ago. He is obviously very familiar with the issues, and it would promote docket efficiency if the case were reassigned to him.

10. Furthermore, since the Plaintiffs were also plaintiffs in *Does I and II*, the evidence regarding their sentences, the facts related to their convictions, and the alleged impact on them will be substantially similar. ECF No. 8, PageID.950-951.

11. Plaintiff's position that *Does I and II* are not companion cases because they were challenges to the old version of SORA is belied by its own complaint. ECF No. 8, PageID.951.

12. "[T]he newly introduced bill [the new SORA] simply repeated many of the features of SORA that had already been held unconstitutional in *Does I and II*." ECF No. 1, PageID.48.

4

13. "SORA 2021 makes minimal changes to the structure, substance, and overall requirements of SORA." ECF No. 1, PageID.49.

14. "The minimal nature of the changes can be seen in the attached exhibit." *Id*. and see ECF No.1-15, PageID.733-752.

15. "SORA 2021 retains the identical tier system, the identical lengthy/lifetime registration periods, and the virtually identical onerous reporting requirements and online public registry, all without any individual assessment of risk to determine if SORA 2021's severe burdens are warranted." ECF No. 1, PageID.49.

16. "SORA 2021 remains a conviction-based law. . ." *Id*.

17. "SORA 2021 makes no changes to the offenses which require registration . . ." *Id*.

18. "SORA 2021 continues to classify registrants into three tiers . . ." ECF No. 1, PageID.50.

19. "SORA 2021 retains virtually all of the 2011 SORA amendments and continues to apply them retroactively to pre-2011 registrants, despite the Sixth Circuit's clear holding that those amendments cannot be retroactively applied." *Id*.

20. "SORA 2021 continues the retroactive extension of pre-2011 registrants' registration terms (e.g., lengthening the 25-year registration period to life) that was imposed under the 2011 SORA amendments. SORA 2021 also maintains the 2011 amendments' "recapture" provision, which imposes all of SORA's burdens on people with pre-SORA sex offenses (i.e., offenses from 1995 or earlier) if they are convicted of any non-sexual felony, even though they have not been convicted of another sex offense in a quarter century. M.C.L. § 28.723(1)(e)." ECF No. 1, PageID.50-51.

21. "SORA 2021 also continues the extensive reporting requirements that were retroactively imposed under the 2011 SORA amendments . . ." ECF No. 1, PageID.51.

22. "Under SORA 2021, Tier II and III registrants continue to be publicly branded as sex offenders on the public registry, which publishes their pictures and extensive, personal information about them, including their weight, height, hair and eye color, tattoos/scars, birthdate, home address, employer address, school address, and vehicle information . . ." ECF No. 1, PageID.51-52.

23. "Under SORA 2021, registrants must continue to pay an annual fee." ECF No. 1, PageID.52.

24. "Many of SORA 2021's requirements remain incredibly unclear. The legislature amended certain provisions that were held to be unconstitutionally vague in Does I and Does II, but the new language is as vague as—if not vaguer than—the old language, appearing to require reporting of events going back decades." *Id*.

25. "SORA 2021 continues to impose lengthy prison terms of up to ten years for non-compliance, as well as mandatory revocation of probation, parole, or youthful trainee status for even technical non-compliance or failure to pay the registration fee. M.C.L. § 28.729. The only change is that, in response to the Does I and Does II rulings, all SORA compliance violations must be shown to be willful (ending strict liability)." *Id*.

26. All of the issues outlined by Plaintiffs in the Complaint are extremely familiar to Judge Cleland because: a) the legal claims raised in *Does I and II* are similar to the claims raised in this case, and b) the SORA statutory scheme continues to be applicable, and Plaintiffs allege that the new SORA suffers from the same deficiencies as the old SORA.

7

27. Defendants are not claiming that the issues are the same, but Plaintiffs' complaint alleges that the issues are the same, yet Plaintiffs' notice claims that the issues are different.

28. Regardless of the respective positions of the parties, reassigning this case to Judge Cleland will promote docket efficiency, judicial economy and the interests of justice.

29. In addition to the SORA cases identified by Plaintiffs in paragraph 16, the case of *Doe v Whitmer, et al*, Case No. 19-cv-10977 is currently pending before Judge Cleland. ECF No. 8, PageID.952-953. Plaintiff in that case will be a member of the class in this case.

Respectfully submitted,

*/s/ Eric M. Jamison*
Assistant Attorney General
Attorney for Defendants
Michigan Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov
P75721

*/s/ Elizabeth M. Watza*
Assistant Attorney General
Attorney for Defendants
Michigan Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
watzae@michigan.gov
P81129

2022-0341402-A

9