UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOES, et al,<br><br>      Plaintiffs,<br>v.<br><br>GRETCHEN WHITMER, et al.,<br><br>      Defendants. | No. 22-cv-10209<br><br>Hon. Mark A. Goldsmith |
| JOHN DOES, et al.,<br><br>      Plaintiffs,<br>v.<br><br>MICHIGAN STATE POLICE, et al,<br><br>      Defendants. | No. 21-cv-12843<br><br>Hon. Mark A. Goldsmith |

**ORDER (1) IN CASE NO. 22-cv-10209, APPOINTING CLASS COUNSEL, GRANTING PLAINTIFFS' MOTION TO PROCEED PSEUDONYMOUSLY AND FOR A PROTECTIVE ORDER (Dkt. 4), AND SETTING DEADLINES FOR DEFENDANTS' FILINGS; AND (2) STAYING CASE NO. 2:21-cv-12843**

  The Court is confronted with a case management issue posed by two putative class actions presenting nearly identical challenges to the same statute, each brought by an independent group of attorneys. Plaintiffs in Does v. Whitmer, et al., Case No. 22-cv-10209 (Does)—filed by the American Civil Liberties Union Fund of Michigan (ACLU) and other counsel—attack the constitutionality of Michigan's amended Sex Offenders Registration Act, Mich. Comp. L. § 28.721 et seq., effective March 24, 2021 (SORA 2021). Plaintiffs in Does v. Michigan State Police, et

al., Case No. 21-cv-12843 (MSP)—represented by Oliver Law Group PC—do the same. Counsel for the Does Plaintiffs request that the Court appoint their team as sole class counsel in Does and stay the MSP action, while the Oliver team proposes that the Court consolidate the two class actions and appoint both groups of Plaintiffs' attorneys as co-lead counsel. For the reasons that follow, the Court appoints the ACLU team as class counsel in Does, and it stays MSP pending resolution of Does. As agreed to by Defendants in Does, the Court also grants the Plaintiffs' motion to proceed pseudonymously and for a protective order (Dkt. 4), and it sets deadlines for the Does Defendants' filings.[1]

The actions before the Court are substantially similar. Counsel for Plaintiffs in both cases purport to represent all people who are or will be subject to registration under SORA 2021. See Does Mot. for Class Cert. at 5 (Dkt. 5); MSP Mot. for Class Cert. at 9 (Dkt. 31). Both suits name Governor Gretchen Whitmer and Colonel Joseph Gasper as Defendants. There is significant

---

[1] The parties' views on the threshold case management issue have been presented in various filings. The Oliver team raised the issue of managing competing class actions in a brief it filed regarding Plaintiffs' motion for class certification in Does (Dkt. 24); the ACLU team filed a reply (Dkt. 26). After participating in a status conference with the Court on April 8, 2022, the parties made further filings in Does regarding the question of how the Court should manage these duplicative actions. See Oliver Mem. (Dkt. 30); Def. Statement (Dkt. 32); ACLU Suppl. Br. (Dkt. 33).

Another action—Doe v. Whitmer, et al., Case No. 2:22-cv-10516—brings similar challenges to SORA 2021. Plaintiff's counsel in that action informed the Court during the April 8, 2022 status conference that their single Plaintiff was covered by the classes proposed in Does and MSP and that they would consolidate their action with Does or otherwise withdraw their suit.

overlap in almost all claims presented by the two sets of Plaintiffs.[2] The differences in the claims and parties between the two actions are minor.[3]

---

[2] Both actions attack SORA 2021 as unconstitutional on the following grounds:

- SORA 2021 violates the Ex Post Facto Clause due to its retroactive imposition of punishments, see Does Compl. ¶¶ 657–666 (Dkt. 1); MSP Am. Compl. ¶¶ 18–41 (Dkt. 30);

- SORA 2021 is unconstitutionally vague in violation of the Due Process Clause, see Does Compl. ¶¶ 739–742; MSP Am. Compl. ¶¶ 42–58;

- SORA 2021 lacks a rational relationship to its intended purposes, in violation of the Equal Protection Clause, id. ¶¶ 88–96, or in violation of both the Due Process and Equal Protection Clauses, Does Compl. ¶¶ 676–686;

- SORA 2021 violates the First Amendment because (i) it chills speech, see id. ¶¶ 753–762; MSP Am. Compl. ¶¶; and (ii) it compels speech, see Does Compl. ¶¶ 703–718, 743–752; MSP Am. Compl. ¶¶ 70-87, which the Oliver team argues also violates the Due Process Clause by effectively imposing a strict liability standard, see id. ¶¶ 97–105;

- SORA 2021 violates the Due Process Clause by retroactively denying certain plaintiffs the ability to accept a plea agreement with knowledge of the criminal sanctions to which they had agreed, see Does Compl. ¶¶ 719–727; MSP Am. Compl. ¶¶ 59–69; and

- SORA 2021 requires registration for individuals not convicted for sex-related offenses, in violation of the Due Process Clause, see id. ¶¶ 155–169, or in violation of both the Due Process and Equal Protection Clauses, see Does Compl. ¶¶ 728–738.

[3] MSP names additional Defendants (individual members of the Michigan Parole Board). See MSP Am. Compl. ¶¶ 21–29. The ACLU team argues that naming members of the Michigan Parole Board is unnecessary, as any relief obtained against Governor Whitmer will be binding on the parole board. ACLU Suppl. Br. at 15–16 (citing Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier, 262 F.3d 559, 565 (6th Cir. 2001) (finding that order binding on the state was also binding on agents of the state)). In any case, the parole board members can be added to Does, if necessary.

Each action contains claims not raised in the other. The Does action alleges that SORA 2021 violates the Ex Post Facto and Due Process Clauses by retroactively requiring lifetime registration for some plaintiffs, Does Compl. ¶¶ 667–675, and that it violates the Equal Protection Clause by allowing some but not all registrants to petition for removal from the SORA registry, id. ¶¶ 687–702. The Oliver team alleges that SORA 2021 violates the Fourth Amendment right against unreasonable seizures. See MSP Am. Compl. ¶¶ 129–154. The Fourth Amendment claim could be added to the Does action.

The Oliver team proposes consolidating the actions before the Court, and that they be appointed "Interim Lead Class Counsel," while the ACLU team be appointed "Interim Co-lead Counsel." Oliver Mem. at 2. The ACLU team proposes that the Court appoint the ACLU team as sole class counsel, and that MSP should be stayed. ACLU Suppl. Br. at 1, 3–10. Defendants do not choose sides on this issue other than to urge that the Court "[a]ppoint[] a single group of attorneys to represent the class" in the interest of mitigating costs. Def. Statement at 4.

Courts have "nearly unfettered discretion in managing complex litigation." Newberg on Class Actions § 10:1 (5th ed.) (citing Fed. R. Civ. P. 16(c)(2)(L)) (authorizing a district judge to adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems"); Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 171 (1989) ("[A] district court has both the duty and the broad authority to exercise control over a class action . . . .") (punctuation modified, citation omitted)); see also Webster v. Spears, 664 F. App'x 535, 539 (6th Cir. 2016) ("[D]istrict courts have the inherent power to manage their own dockets."); A&P Tech., Inc. v. Lariviere, No. 1:17-CV-534, 2017 WL 6606961, at *7 (S.D. Ohio Dec. 27, 2017) ("District courts have broad discretion through their inherent power to manage their dockets to adopt special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems.") (punctuation modified). In particular, a court may stay a duplicative action. See Waad v. Farmers Ins. Exch., 762 F. App'x 256, 260 (6th Cir. 2019) (allowing "a district court to stay or dismiss a suit that is duplicative of another federal court suit using its general power to administer its docket") (punctuation modified, citations omitted). Given the substantial overlap in the claims and Defendants, as well as the complete overlap in the proposed classes of Plaintiffs, the Court finds that it should allow only one

action to proceed. Inefficiencies and duplicative efforts would result from allowing multiple, nearly identical actions to proceed simultaneously. Additionally, consolidation of these independently managed cases into a single action run by two sets of counsel is a recipe for frustration and internal conflict. This conclusion is reinforced by the divergent strategies that the ACLU and Oliver teams have employed in prosecuting this litigation and related actions.[4]

Each team of attorneys for Plaintiffs seeks appointment as class counsel. The Court may appoint class counsel only if that counsel is "adequate." Fed. R. Civ. P. 23(g)(1)–(2).[5] "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2). Thus, when multiple highly qualified, more-than-adequate sets of counsel apply for appointment, courts determine which team is best able to represent the plaintiffs' interests. See, e.g., In re: Am. Honda Motor Co., Inc., No. 2:15-MD-2661, 2015 WL 12723036, at *2 (S.D. Ohio Dec. 18, 2015); Winnett v. Caterpillar, Inc., No. CV 3:06-0235, 2006 WL 8438959, at *2 (M.D. Tenn. Sept. 26, 2006).

---

[4] While members of the ACLU team and the Oliver team worked together as co-counsel for plaintiffs in an earlier challenge to SORA (Does #1-6 v. Snyder, Case No. 16-cv-13137), the ACLU team states that they and the Oliver team employed different approaches to that litigation, which resulted in some degree of tension and miscommunication. ACLU Suppl. Br. at 10–14, 16. The ACLU team asserts that the two groups of attorneys also have different "strategic vision[s]" for the current litigation, as evidenced by the additional claim and named Defendants in MSP. Id. at 15–16. The Oliver team submits that the groups of counsel will be able to work professionally and cooperatively together, but they too acknowledge that issues arose during their past collaboration. Oliver Mem. at 16–17.

[5] When determining whether counsel is adequate, courts must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Additionally, "[c]lass counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

Considering the factors identified in Rule 23, the Court finds that the attorneys on the ACLU team are better able to represent the interests of individuals who are or will be subject to registration under SORA 2021. In light of this team's extensive development of their claims, their experience in litigating the types of claims here asserted, their expertise in the relevant law, and the resources they have available to prosecute this action, the ACLU team is in the better position to represent the class-members' interests.[6]

By no means is the Court critical of the Oliver team, nor does it suggest that the Oliver team lacks expertise in the relevant subject matter or experience in complex litigation. The Court expresses its gratitude to the Oliver team for appearing as counsel for Plaintiffs at the Court's request following the pro se filing of that case. At some future date, the Oliver team will be compensated, to the extent allowed by law, for their fees and expenses incurred.

Accordingly, the Court appoints the ACLU team as class counsel in Does. The Court stays MSP pending resolution of Does. MSP is administratively closed for statistical purposes only.

The parties in Does concur in the relief sought by Plaintiffs' motion to proceed pseudonymously (Dkt. 4), which will be granted by separate order. Accordingly, the Court grants this motion. The Does parties also submitted a proposed stipulated order granting class certification, which the Court will enter.

---

[6] Counsel for the Does Plaintiffs have already invested significant time and resources in preparing their claims, including the development of ten expert reports. See ACLU Suppl. Br. at 10, 14. Their team members have significant experience not only with managing class actions and complex litigation, but also specifically with litigating the constitutionality of earlier versions of SORA, as demonstrated by their leading role in Does #1-5 v. Snyder, Case No. 12-cv-11194 and Does #1-6, Case No. 16-cv-13137. The ACLU team can call on a deep bench to provide the resources and expertise necessary to represent the class. They can rely on assistance not only from the national ACLU organization, but also from Paul Reingold of the University of Michigan Law School's Michigan Clinical Law Program—an attorney experienced with SORA litigation and scholarship on related constitutional questions—and Loevy & Loevy, a national firm of 50 lawyers that specializes in complex civil rights litigation. See id. at 8–9.

The <u>Does</u> Defendants shall file any answer to Plaintiffs' complaint, any response to Plaintiffs' motion for preliminary injunction (Dkt. 7), and any motion to dismiss within 14 days of the date of this order.

SO ORDERED.

Dated: May 17, 2022  
       Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge