UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE, on behalf of
themselves and all others similarly situated,

                Plaintiffs,

v.

GRETCHEN WHITMER, Governor of the
State of Michigan, and COL. JOSEPH
GASPER, Director of the Michigan State
Police, in their official capacities,

                Defendants.

No. 2:22-cv-10209

Hon. Mark A. Goldsmith

Mag. Curtis Ivy, Jr.

**STIPULATED ORDER GRANTING CLASS CERTIFICATION**

The parties, through counsel, stipulate to an order granting class certification, using the class and subclass definitions set forth in Plaintiffs' complaint, R. 1, and in Plaintiffs' motion for class certification, R. 5, except that the parties agree to an amended definition of the non-sex-offense subclass.

The parties agree, and the Court orders, as follows:

1. Plaintiffs' motion for class certification is granted, as set forth below.

2. The Court certifies a "primary class," defined as people who are or will be subject to registration under Michigan's Sex Offenders Registration Act (SORA).

1

Plaintiffs John Does A, B, C, D, E, F, G, H, Mary Doe, and Mary Roe are named as representatives of the primary class.

3. The Court certifies a "pre-2011 ex post facto subclass," defined as members of the primary class who committed the offense(s) requiring registration before July 1, 2011. Plaintiffs John Does A, B, C, D, E, F, G, Mary Doe, and Mary Roe are named as representatives of the pre-2011 ex post facto subclass.

4. The Court certifies a "retroactive extension of registration subclass," defined as members of the primary class who were retroactively required to register for life as a result of amendments to SORA. Plaintiffs John Does A, B, C, D, E, G, Mary Doe, and Mary Roe are named as representatives of the retroactive extension of registration subclass.

5. The Court certifies a "barred from petitioning subclass," defined as members of the primary class who are ineligible to petition for removal from the registry and for whom ten or more years will have elapsed since the date of their conviction for the registrable offense(s) or from their release from any period of confinement for that offense(s), whichever occurred last, and who (a) have not been convicted of any felony or any registrable offense since; (b) have successfully completed their assigned periods of supervised release, probation, or parole without revocation at any time of that supervised release, probation, or parole; and (c) have successfully completed an appropriate sex offender treatment program, if successful completion

2

of a sex offender treatment program was a condition of the registrant's confinement, release, probation, or parole. Plaintiffs John Does A, C, E, F, G, Mary Doe, and Mary Roe are named as representatives of the barred from petitioning subclass.

6. The Court certifies a "non-sex-offense subclass," defined as members of the primary class who are or will be subject to registration for an offense without a sexual component including convictions for violating M.C.L. § 750.349 (other than convictions for violating M.C.L. § 750.349(1)(c) or M.C.L. § 750.349(1)(f)), § 750.349b, § 750.350, or a substantially similar offense in another jurisdiction. Plaintiff John Doe A is named as the representative of the non-sex-offense subclass.

7. The Court certifies a "plea bargain subclass," defined as members of the primary class who gave up their right to trial and pled guilty to a registrable offense in Michigan and who, as a result of retroactive amendments to SORA, (a) were retroactively subjected to SORA even though there was no registration requirement at the time of their plea; or (b) had their registration terms retroactively extended beyond that in effect at the time of their plea. Plaintiffs John Does A, B, C, D, E, and Mary Roe are named as representatives of the plea bargain subclass.

8. The Court certifies a "post-2011 subclass," defined as members of the primary class who committed the offense(s) requiring registration on or after July 1, 2011. Plaintiff John Doe H is named as the representative of the post-2011 subclass.

9. The Court finds that, as to the primary class and the six subclasses, the requirements of Fed. R. Civ. P. 23(a) are met because (1) the class and subclasses are so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class and subclasses, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class and subclasses, and (4) the representative plaintiffs will fairly and adequately protect the interests of the class and subclasses.

10. The Court finds that, as to the primary class and the six subclasses, the requirements of Fed. R. Civ. P. 23(b)(2) are met because the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief would be appropriate respecting the class as a whole if Plaintiffs prevail in demonstrating that those actions or inactions violate Plaintiffs' rights.

11. The Court finds that Plaintiffs' counsel are qualified to handle this class action litigation and will zealously prosecute the case for the class. The Court therefore appoints Miriam Aukerman, Paul Reingold, and Roshna Bala Keen as class counsel under Fed. R. Civ. P. 23(g). In appointing Ms. Aukerman, Mr. Reingold, and Ms. Bala Keen as class counsel, the Court has considered the factors set out in Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv).

5

12. By stipulating to this order, Plaintiffs, and the class members they represent, are not waiving any claims with respect to other causes of action or other forms of relief which they have not pled in this action for declaratory and injunctive relief.

**SO ORDERED.**

Dated: May 18, 2022      s/Mark A. Goldsmith
     Detroit, Michigan      MARK A. GOLDSMITH
                                        United States District Judge

Approved by:

| | |
|---|---|
| s/ Miriam Aukerman (P63165)<br>Miriam J. Aukerman<br>Rohit Rajan (AZ 035023)<br>Attorneys for Plaintiffs<br>American Civil Liberties Union<br>   Fund of Michigan<br>1514 Wealthy SE, Suite 260<br>Grand Rapids, MI 49506<br>(616) 301-0930<br>maukerman@aclumich.org<br>rrajan@aclumich.org | s/ Roshna Bala Keen (Ill. 6284469)<br>Loevy & Loevy<br>Attorney for Plaintiffs<br>Cooperating Counsel, American Civil<br>   Liberties Union Fund of Michigan<br>311 North Aberdeen, 3rd Floor<br>Chicago, Illinois 60607<br>(312) 243-5900 - roshna@loevy.com |
| s/ Daniel S. Korobkin (P72842)<br>American Civil Liberties Union<br>   Fund of Michigan<br>Attorney for Plaintiffs<br>2966 Woodward Avenue<br>Detroit, MI 48201<br>(313) 578-6824<br>dkorobkin@aclumich.org | /s/ Eric M. Jamison (P75721)<br>Assistant Attorney General<br>Attorney for Defendants<br>Michigan Dep't of Attorney General<br>State Operations Division<br>P.O. Box 30754<br>Lansing, MI 48909<br>(517) 335-7573<br>jamisone@michigan.gov |
| s/ Paul D. Reingold (P27594)<br>Cooperating Counsel, American Civil<br>   Liberties Union Fund of Michigan<br>Attorney for Plaintiffs<br>Univ. of Michigan Law School<br>802 Legal Research Building<br>801 Monroe Street<br>Ann Arbor, MI 48109-1215<br>(734) 355-0319 - pdr@umich.edu | /s/ Elizabeth M. Watza (P81129)<br>Assistant Attorney General<br>Attorney for Defendants<br>Whitmer and Gasper<br>Michigan Dep't of Attorney General<br>State Operations Division<br>P.O. Box 30754<br>Lansing, MI 48909<br>(517) 335-7573<br>watzae@michigan.gov |