UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE, on
behalf of themselves and all others
similarly situated,

No. 2:22-cv-10209

     Plaintiffs,

HON. MARK GOLDSMITH

v

MAG. CURTIS IVY, JR.

GRETCHEN WHITMER, Governor
of the State of Michigan, and COL.
JOSEPH GASPER, Director of the
Michigan State Police, in their
individual capacities,

**MOTION TO DISMISS**

     Defendants.

---

**DEFENDANTS MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM**

Defendants Gretchen Whitmer and Joseph Gasper move this

Court to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P.

12(b)(1) and (6) for the reasons set forth in the accompanying brief in

support.

Pursuant to Local Rule 7.1(a) and the Order Regarding Filings,

the undersigned counsel certifies that he personally spoke to opposing

counsel, explaining the nature of the relief sought by way of this motion

and seeking concurrence in the relief; opposing counsel expressly denied

concurrence.  (ECF No. 15, PageID.963-964.)

For the reasons stated in the attached brief in support,

Defendants request that the Court grant this motion, dismiss the

complaint with prejudice and award any additional appropriate relief.

Respectfully submitted,

/s/ *Eric M. Jamison*
Assistant Attorney General
Attorney for Whitmer and Gasper
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov
Dated:  May 31, 2022    P75721

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE, on
behalf of themselves and all others
similarly situated,

No. 2:22-cv-10209

Plaintiffs,

HON. MARK GOLDSMITH

v

MAG. CURTIS IVY, JR.

GRETCHEN WHITMER, Governor
of the State of Michigan, and COL.
JOSEPH GASPER, Director of the
Michigan State Police, in their
individual capacities,

**BRIEF IN SUPPORT OF
MOTION TO DISMISS**

Defendants.

---

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

/s/ *Eric M. Jamison*
Assistant Attorney General
Attorney for Whitmer and Gasper
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov
P75721

Dated:  May 31, 2022

# TABLE OF CONTENTS

<u>Page</u>

Table of Contents ..................................................................... i

Index of Authorities................................................................ iii

Concise Statement of Issues Presented ................................... xv

Controlling or Most Appropriate Authority............................ xvi

Introduction............................................................................ 1

Statement of Facts .................................................................. 4

Standard of review .................................................................. 4

Argument................................................................................ 7

I.    There is no Ex Post Facto violation. ................................ 7

    A.    The new SORA and SORNA are nearly identical and challenges to SORNA are routinely rejected. ......................... 8

    B.    The new SORA does not violate the Ex Post Facto Clause. ................................................................. 11

II.   Plaintiffs' Due Process claims regarding reporting requirements without a prior determination of current dangerousness must be dismissed. ................................ 11

    A.    Plaintiffs' procedural Due Process claims must be dismissed for failure to state a claim.................................. 11

    B.    Plaintiffs' substantive Due Process claims must be dismissed for failure to state a claim.................................. 13

III.  The new SORA does not violate the First Amendment. .............. 14

    A.    Most registry information is not private. ........................... 15

B.    SORA's registration requirements do not violate the First Amendment's prohibition against compelled speech. .................................................................... 16

C.    The new SORA does not impermissibly infringe free speech. .................................................................. 23

IV.   The new SORA is not unconstitutionally vague ........................... 26

A.    The requirement to provide certain information is clear. ................................................................... 28

1.    Registered to, or used by, and owned, operated or used. ........................................................... 30

2.    Employers ........................................................ 36

3.    Nicknames, temporary lodging, physical descriptions, and trade schools. .................... 38

4.    Substantially similar offenses. ..................... 40

V.    There is no Equal Protection violation. ........................................ 41

VI.   The Statute of Limitations has lapsed on many of the claims ...... 47

VII.  Plaintiffs' claims must be dismissed for lack of jurisdiction because their claims are moot in light of SORNA reporting requirements. ................................................................ 51

Conclusion and Relief Requested ............................................................. 54

Certificate of Service .................................................................................. 56

Local Rule Certification .............................................................................. 57

# INDEX OF AUTHORITIES

<u>Page</u>

## Cases

*Aldana v. Del Monte Fresh Produce, N.A., Inc.,*
    416 F.3d 1242 (11th Cir. 2005) ............................................................4

*Am. Booksellers Found. for Free Expression v. Strickland,*
    601 F.3d 622 (6th Cir. 2010) ..............................................................24

*American Civil Liberties Union v. National Sec. Agency,*
    493 F.3d 644 (6th Cir. 2007) ......................................................xvi, 26

*Arizonans v. Arizona,*
    520 U.S. 43 (1997) ..............................................................................51

*Artway v. Atty. Gen.,*
    81 F.3d 1235 (3d. Cir. 1996)...............................................................43

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ..........................................................................4, 5

*Bacon v. Neer,*
    631 F.3d 875 (8th Cir. 2011) ................................................................8

*Bailey v. Wainwright,*
    951 F.3d 343 (6th Cir. 2020) ..............................................................15

*Bd. of Trustees of Univ. of Alabama v. Garrett,*
    531 U.S. 356 (2001) ............................................................................44

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ..........................................................................5, 6

*Campbell v. PMI Food Equip. Grp. Inc.,*
    509 F.3d 776 (6th Cir. 2007) ..............................................................51

*Chapman v. United States,*
    500 U.S. 453 (1991) ............................................................................42

iii

*City of Cleburne v. Cleburne Living Ctr.,*
    473 U.S. 432 (1985) ............................................................... 40, 43, 44

*Cline v. Rogers,*
    87 F.3d 176 (6th Cir. 1996) ................................................... 15

*Columbia Nat. Res., Inc. v. Tatum,*
    58 F.3d 1101 (6th Cir. 1995) ........................................... xvi, 26

*Conn. Dep't of Pub. Safety v. Doe,*
    538 U.S. 1 (2003) ....................................................... xvi, 11, 12

*Connection Distrib. Co., v. Holder*
    557 F.3d 321 (6th Cir. 2009).................................................24

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano,*
    648 F.3d 365 (6th Cir. 2011) ................................................ 41

*Cutshall v. Sundquist,*
    193 F.3d 466 (6th Cir. 1999) ............................... 14, 42, 43, 44

*Delgado v. Swearingen,*
    375 F. Supp. 3d 1251 (N.D. Fla. 2018).............................32, 33

*Doe #1 v. Marshall*, No. 2:15-CV-606-WKW,
    2018 WL 1321034 (M.D. Ala. Mar. 14, 2018) ......................33

*Doe v. Harris,*
    772 F.3d 563 (9th Cir. 2014) ................................................25

*Doe v. Michigan Dept. of State Police,*
    490 F.3d 491 (6th Cir. 2007) ............................... 13, 14, 44, 46

*Doe v. Moore,*
    410 F.3d 1337 (11th Cir. 2005) ............................................43

*Doe v. Nebraska,*
    734 F. Supp. 2d 882 (D. Neb. 2010) ....................................36

*Doe v. Rausch,* No. 3:20-CV-00728,
    2022 WL 481240 (M.D. Tenn. Feb. 16, 2022) ................49, 50

*Doe v. Settle,*
    24 F.4th 932 (4th Cir. 2022) ................................................ 46

*Doe v. Shurtleff,*
    628 F.3d 1217 (10th Cir. 2010) ...................................... 23, 25

*Doe v. Snyder,*
    101 F. Supp. 3d 672 (E.D. Mich. 2015) .................................. 25, 27, 34

*Does v. Munoz,*
    507 F.3d 961 (6th Cir. 2007) ....................................... 43, 44

*F.C.C. v. Beach Communications, Inc.,*
    508 U.S. 307 (1993) .............................................. xvi, 44, 46

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,*
    528 U.S. 167 (2000) .................................................. 50, 51

*Fullmer v. Michigan Dept. of State Police,*
    360 F.3d 579 (6th Cir. 2004) ............................................ 12

*Garza v. Lansing Sch. Dist.,*
    972 F.3d 853 (6th Cir. 2020) ....................................... xvi, 47

*Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.,*
    491 F.3d 320 (6th Cir. 2007) ................................................ 6

*Glenn v. Holder,*
    690 F.3d 417 (6th Cir. 2012) ............................................ 24

*Grayned v. City of Rockford,*
    408 U.S. 104 (1972) ................................................... 26

*Hill v. Colorado,*
    530 U.S. 703 (2000) ................................................... 33

*In re Wentworth,*
    651 N.W.2d 773 (Mich. Ct. App. 2002) ................................. 14

*Johnson v. United States,*
    559 U.S. 133 (2010) ................................................... 26

*Jolivette v. Husted,*
   694 F.3d 760 (6th Cir. 2012) .............................................................. 41

*Kennedy v. Allera,*
   612 F.3d 261 (4th Cir. 2010) .............................................................. 52

*Kimel v. Florida Bd. of Regents,*
   528 U.S. 62 (2000) .............................................................................. 45

*Laird v. Tatum,*
   408 U.S. 1 (2007) ................................................................................ 26

*Lambert v. California,*
   355 U.S. 225 (1957) ...................................................................... 26, 27

*Leslie v. Randle,*
   296 F.3d 518 (6th Cir. 2002) .............................................................. 15

*Lewis v. Continental Bank Corp.,*
   494 U.S. 472 (1990) ..................................................................... xvi, 53

*Littlefield v. Slatery*, No. 3:19-CV-00490,
   2020 WL 263585 (M.D. Tenn. Jan. 17, 2020) .................................... 15

*Los Angeles v. Lyons,*
   461 U.S. 95 (1983) .............................................................................. 53

*New Orleans v. Dukes,*
   427 U.S. 297 (1976) ............................................................................ 46

*Nichols v. U.S,*
   578 U.S. 104 (2016) .............................................................................. 8

*O'Shea v. Littleton,*
   414 U.S. 488 (1974) ............................................................................ 51

*Palko v. Conn.,*
   302 U.S. 319 (1937) ............................................................................ 13

*Patel v. Patel,*
   324 Mich. App. 631 (2018) ................................................................. 29

*People v. Betts,*
   507 Mich. 527 (2021) .......................................................................... 21

*People v. Yamat,*
   475 Mich. 49 (2006) ............................................................................ 35

*Prater v. Linderman,* No. 18-cv-992,
   2019 WL 6711561 (E.D. Mich. December 10, 2019) ........................... 17

*Prynne v. Settle,*
   848 F. App'x 93 (4th Cir. 2021) ........................................................... 15

*Reno v. Flores,*
   507 U.S. 292 (1993) ............................................................................. 13

*Reynolds v. United States,*
   565 U.S. 432 (2012) ............................................................................... 8

*Richland Bookmart, Inc. v. Knox Cnty.,*
   555 F.3d 512 (6th Cir. 2009) ............................................................... 24

*Riddle v. Mundragon,*
   83 F.3d 1197 (10th Cir. 1996) ............................................................. 43

*Riley v. National Federation of the Blind*
   *of North Carolina, Inc.,*
   487 U.S. 781 (1988) .................................................................. 16, 17, 20

*Roe v. Marcotte,*
   193 F.3d 72 (2d. Cir. 1999) .................................................................. 43

*Scarbrough v. Morgan Cty. Bd. of Educ.,*
   470 F.3d 250 (6th Cir. 2006) ............................................................... 41

*Smith v. Doe,*
   538 U.S. 84 (2003) ................................................................. xvi, 36, 45

*Sorrell v. IMS Health Inc.,*
   564 U.S. 552 (2011) ............................................................................. 23

*Speet v. Schuette,*
   762 F. 3d 867 (6th Cir. 2013) ................................................. xvi, 23, 24

*State v. Aschbrenner,*
  926 N.W.2d 240 (Iowa 2019) ............................................................... 32

*Stauffer v. Gearhart,*
   741 F.3d 574 (5th Cir. 2014) ............................................................. 43

*United States v. Paul,*
  718 F. Appx 360 (6th Cir. 2017) .......................................................... 52

*United States v. Arnold,*
  740 F.3d 1032 (5th Cir. 2014) ............................................................ 16

*United States v. Billiot,*
  785 F.3d 1266 (8th Cir. 2015) ............................................................ 52

*United States v. Coss,*
  677 F.3d 278 (6th Cir. 2012) ............................................................. 24

*United States v. Doby,* No. 18-CR-40057-HLT,
  2019 WL 5825064 (D. Kan. Nov. 7, 2019) ........................................... 17

*United States v. Elkins,*
  683 F.3d 1039 (9th Cir. 2012) ............................................................. 8

*United States v. Felts,*
  674 F.3d 599 (6th Cir. 2012) .......................................................... 8, 10

*United States v. Fox,*
  286 F. Supp. 3d 1219 (D. Kan. 2018) .................................................. 17

*United States v. Gaubert,*
  499 U.S. 315 (1991) ......................................................................... 4

*United States v. Guzman,*
  591 F.3d 83 (2d Cir. 2010) ................................................................. 8

*United States v. Lanier,*
  520 U.S. 259 (1997) ......................................................................... 27

*United States v. Lawrance,*
  548 F.3d 1329 (10th Cir. 2008) ........................................................... 9

*United States v. Leach,*
    639 F.3d 769 (7th Cir. 2011) ................................................................. 8

*United States v. Lemay,*
    260 F.3d 1018 (9th Cir. 2001) ........................................................... 43

*United States v. Parks,*
    698 F.3d 1 (1st Cir. 2012) ..................................................................... 8

*United States v. Pendleton,*
    636 F.3d 78 (3d Cir. 2011) ................................................................. 52

*United States v. Shenandoah,*
    595 F.3d 151 (3d Cir. 2010) ................................................................. 8

*United States v. Sindel,*
    53 F.3d 874 (8th Cir. 1995) ............................................................... 16

*United States v. W.B.H.,*
    664 F.3d 848 (11th Cir. 2011) ............................................................. 9

*United States v. Wass,*
    954 F.3d 184 (4th Cir. 2020) ............................................................... 8

*United States v. White,*
    920 F.3d 1109 (6th Cir. 2019) ............................................................. 7

*United States v. Young,*
    585 F.3d 199 (5th Cir. 2009) ............................................................... 8

*Vance v. Bradley,*
    440 U.S. 93 (1979) ............................................................................. 45

*Washington v. Glucksberg,*
    521 U.S. 702 (1997) ........................................................................... 13

*Wiley v. WV House of Delegates*, No. 2:14-CV-10974,
    2017 WL 663671 (S.D.W. Va. Jan. 30, 2017) ................................. 43

*Willman v United States Off. of Att'y Gen.,*
    972 F.3d 819 (6th Cir. 2020) ........................... xvi, 2, 7, 8, 9, 15

*Willman v. Garland,*
   141 S. Ct. 1731 (2021) ........................................................... 7

*Willman v. United States Off. of Att'y Gen.,* No. 19-10360,
   2019 WL 4809592 (E.D. Mich. Oct. 1, 2019)....................... 14

*Willman v. Wilkinson,*
   141 S. Ct. 1269 (2021) ........................................................... 7

*Windwalker v. Gov. of Alabama,*
   579 Fed.Appx. 769 (11th Cir. 2014) ..................................... 43

*Wolfe v. Perry,*
   412 F.3d 707 (6th Cir. 2005) ................................................ 47

*Wooley v. Maynard,*
   430 U.S. 705 (1977) .............................................................. 14

## Statutes

28 C.F.R. § 72.6(b) ...................................................................... 31

28 C.F.R. § 72.6(c) .................................................................. 37, 38

28 C.F.R. § 72.6(c)(3) .................................................................. 37

28 U.S.C. § 20916(c) .................................................................... 25

28 U.S.C. § 20920(b)(4)................................................................ 25

34 U.S.C. § 20913(c) .................................................................... 39

34 U.S.C. § 20914(a)(1)................................................................ 37

34 U.S.C. § 20914(a)(6)................................................................ 34

34 U.S.C. § 20914(b)(1)................................................................ 38

34 U.S.C. § 20916(a) .................................................................... 31

34 U.S.C. § 20916(e)(2)................................................................ 31

34 U.S.C. § 29014(a)(4)................................................................ 36

x

34 U.S.C. § 20919(a)(2) ............................................................... 18

42 U.S.C. § 1983 ........................................................................... 47

76 F.R. § 1630 ............................................................................... 25

76 F.R. § 1637 ............................................................................... 25

86 F.R. § 69856 ............................................................................. 25

86 F.R. § 69858 ............................................................................. 25

Alabama, § 15-20A-10(g) ............................................................ 18

Illinois, 730 ILCS 150/4 .............................................................. 18

Illinois, 730 ILCS 150/5 .............................................................. 18

Kansas, K.S.A. 22-4904(a)-(e) ................................................... 19

Louisiana, LA R.S. 15§543(7) ..................................................... 19

Maine - 34-A M.R.S.A. § 11222(2)(f) ........................................ 19

Massachusetts, MA ST 6 § 178E(a) ............................................ 19

Mich. Comp. Law § 28.271a ....................................................... 43

Mich. Comp. Law § 28.728c(3) ................................................... 46

Mich. Comp. Law § 28.728c(2) ................................................... 46

Mich. Comp. Law § 257.36 .......................................................... 35

Mich. Comp. Law § 257.79 .......................................................... 35

Mich. Comp. Law § 28.721 ................................................... xvi, 21

Mich. Comp. Law § 28.722 (t)(*vi*)(B)(*xiii*) ........................ 29, 40

Mich. Comp. Law § 28.722(g) ..................................................... 31

Mich. Comp. Law § 28.722(h) ...................................................... 39

Mich. Comp. Law § 28.722(r)(*x*) ........................................................... 29, 40

Mich. Comp. Law § 28.722(v)(*viii*) ...................................................... 29, 40

Mich. Comp. Law § 28.725(13) ............................................................... 12

Mich. Comp. Law § 28.725(2)(a) ........................................................ 10, 28

Mich. Comp. Law § 28.727(1)(a) ........................................................ 29, 37

Mich. Comp. Law § 28.727(1)(e) ............................................................. 38

Mich. Comp. Law § 28.727(1)(g) ............................................................. 29

Mich. Comp. Law § 28.727(1)(h) ............................................................. 28

Mich. Comp. Law § 28.727(4) ............................................................ 18, 20

Mich. Comp. Law § 28.728(3)(e) ............................................................. 10

Mich. Comp. Law § 28.728c(1) ............................................................... 45

Mich. Comp. Law § 28.729 ................................................ 18, 22, 27, 33

Mich. Comp. Law § 28.729(3) ................................................................. 18

Mich. Comp. Law § 28.733 *et seq.* ......................................................... 10

Mich. Comp. Law § 750.520e(1)(a) .......................................................... 42

Mich. Comp. Law § 28.722(h) ................................................................. 29

Mich. Comp. Law § 28.725(1)(a) ............................................................. 29

Mich. Comp. Law § 28.725(1)(b) ........................................................ 28, 36

Mich. Comp. Law § 28.727(1)(f) ............................................................. 28

Mich. Comp. Law § 28.727(1)(i) ............................................................. 28

Mich. Comp. Law § 28.727(1)(j) ...................................................... 28, 34, 35

Mich. Comp. Law § 28.727(d)(e) ............................................................. 29

Mich. Comp. Law 28.722(w) ................................................................ 35

Mich. Comp. Law § 28.725(1)(c) ........................................................ 39

Mich. Comp. Law § 28.727(1)(o) ........................................................ 38

Mich. Comp. Law § 28.722(g) ............................................................. 30

Mich. Comp. Law § 28.727(i) .............................................................. 30

Mich. Comp. Law §28.722(h) .............................................................. 30

Nevada, N.R.S. 179D.450(3)(a)(2) ..................................................... 19

North Carolina, N.C.G.S.A. § 14-208.8(a)(1) ................................... 19

Ohio, R.C. § 2950.03(B) ...................................................................... 19

Oklahoma, 57 Okl. St. Ann. § 585(A)(2) ........................................... 19

Pennsylvania, 42 Pa.C.S.A. § 9799.23(a)(5) ..................................... 19

Pennsylvania, 42 Pa.C.S.A. § 9799.20(2) .......................................... 19

Rhode Island, Gen. Laws 1956, § 11-37.1-5(b)(6) ............................ 19

Vermont, 13 V.S.A. § 5406(3) ............................................................. 19

West Virginia, W. Va. Code, § 15-12-2(g) ......................................... 19

**Rules**

Fed. R. Civ. P. 10(c) ..................................................................... i, 4, 11

Fed. R. Civ. P. 12(b)(1) ..................................................................... 1, 6

Fed. R. Civ. P. 12(b)(6) ......................................................................... 4

Fed. R. Civ. P. 8 .................................................................................... 5

**Constitutional Provisions**

U.S. Const. amend. XIV, § 1 .............................................................. 40

U.S. Const. Art. III, § 2 ..............................................................50

**Dictionaries/Books**

Place of Employment, Black's Law Dictionary (11th ed. 2019) .............36

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  Is there an Ex Post Facto violation when the new SORA does not impose punishment?

2.  Were the Due Process rights of registrants impinged by the new SORA that reduced the impact of the regulatory scheme for tracking and monitoring registrants?

3.  Does the new SORA violate the First Amendment by requiring registrants to provide certain information to law enforcement, or by requiring registrants to affirm that they understand their obligations?

4.  Can an ordinary person understand what is required by the new SORA?

5.  Should registrants that committed different offenses be treated the same under the guise of Equal Protection?

6.  Has the statute of limitations lapsed on claims that arose more than a decade ago?

7.  Are Plaintiffs' claims moot in light of SORNA's reporting requirements?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Authority</u>:  Mich. Comp. Law § 28.721 *et. seq.*

34 U.S.C. § 20911 *et. seq.*

*Willman v United States Off. of Att'y Gen.,*, 972 F.3d 819 (6th Cir. 2020)

*Smith v. Doe*, 538 U.S. 84 (2003)

*Kennedy v. Mendoza-Martinez,* 372 U.S. 144 (1963)

*Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1 (2003)

*Speet v. Schuette,* 762 F. 3d 867 (6th Cir. 2013)

*American Civil Liberties Union v. National Sec. Agency*, 493 F.3d 644 (6th Cir. 2007)

*Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101 (6th Cir. 1995)

*F.C.C. v. Beach Communications, Inc.*, 508 U.S. 307 (1993)

*Garza v. Lansing Sch. Dist.*, 972 F.3d 853 (6th Cir. 2020)

*Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990)

**INTRODUCTION**

While the complaint raises ten claims, the gravamen of the
complaint can be digested into four: (1) the Ex Post Facto and Due
Process challenges; (2) the First Amendment arguments; (3) the
vagueness challenges; and (4) the Equal Protection challenges.

The short answer is that all of these claims fail because
Michigan's Sex Offender Registration Act, as amended effective March
24, 2021 (the "new SORA"), is virtually identical in all significant
substantive respects to the federal Sex Offender Registration and
Notification Act ("SORNA").  And the federal courts – including the
Sixth Circuit – have specifically rejected Ex Post Facto claims, and they
have rejected the other claims on similar grounds to the parallel
language within the SORNA.  This Court should dismiss the complaint
on all counts.  The only way any of these claims may succeed is if the
federal SORNA is also unconstitutional, which it is not, as almost every
court has ruled.

For the Ex Post Facto claims, the analysis resolving these counts
is straight-forward.  Because Michigan's SORA is now on all fours with
federal SORNA, this Court must apply the Sixth Circuit's decision to

reject an Ex Post Facto argument against the federal SORNA to this
complaint.  *See Willman v* 972 F.3d 819.  The Plaintiffs' effort to
complain of the continuing application of the unamended parts of the
Michigan's new SORA law from 2011 overlooks the fact that this Court
can only afford relief if the SORA, as a whole, constitutes punishment.
The new SORA does not.  An individual review of the substantive
provisions of Michigan's law confirms this fact.

For the Due Process arguments, Michigan's new SORA uses the
conviction offense as the sole basis for registration, barring a procedural
Due Process claim.  The new SORA does not violate any substantive
Due Process rights as it does not impinge upon a fundamental right of
the Plaintiffs and is not punishment.

For the First Amendment challenges, the same reasoning applies
regarding federal SORNA.  The further point is that Michigan's new
SORA does not impinge any cognizable First Amendment interests of
the Plaintiffs.

For the vagueness challenges, the Michigan's new SORA is not
unconstitutionally vague.  It provides sufficient notice to the registrants

of their obligations under Michigan law.  The courts in reviewing the same language in other cases have so ruled.

For the Equal Protection challenges, Michigan's new SORA makes rational distinctions between classes of registrants.  The same categorizations present in the federal SORNA have been upheld across the country.

Since many of the harms Plaintiffs complain of accrued over a decade ago, their claims are barred by the statute of limitations.

Finally, in light of the Plaintiffs' almost identical continuing reporting requirements under federal SORNA, all of their claims are also moot.  This Court should dismiss the complaint.

## STATEMENT OF FACTS

Consistent with Fed. R. Civ. P. 10(c), Defendants adopt by reference the statement of facts set forth in their response to the motion for preliminary injunction.  (ECF No. 39, PageID.1141-1222.)

## STANDARD OF REVIEW

In a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), this Court must accept as true the allegations of the complaint and then determine whether the statements are sufficient to make out a right of relief.  *United States v. Gaubert*, 499 U.S. 315, 327 (1991).  However, although it must accept well-pled facts as true, the Court is not required to accept a plaintiff's legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  In evaluating the sufficiency of a plaintiff's pleadings, this Court may make reasonable inferences in the non-moving party's favor, "but [this Court is] not required to draw [p]laintiffs' inference."  *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, conclusory allegations are "not entitled to be assumed true."  *Iqbal*, 556 U.S. at 681.

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face.  *See Iqbal*, 556 U.S. at 679

(explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561–62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard).  In *Twombly,* the Supreme Court emphasized a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Twombly*, 550 U.S. at 555.  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (internal citations and quotations omitted).

In *Iqbal*, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  556 U.S. at 678.  A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The mere possibility the defendant acted unlawfully is

insufficient to survive a motion to dismiss.  *Id.*  The well-pled

allegations must nudge the claim "across the line from conceivable to

plausible. . . ." *Twombly*, 550 U.S. at 570.

In a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P.

12(b)(1), the Court "must consider the allegations of fact in the

complaint to be true and evaluate jurisdiction accordingly." *Gentek*

*Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir.

2007).

## ARGUMENT

### I.     There is no Ex Post Facto violation.

The case law from the U.S. Supreme Court and the Sixth Circuit provides the background to the general principles that govern this matter.  But the dispositive issue is a relatively simple one.  This Court is bound to follow the binding precedent from the Sixth Circuit.  *United States v. White*, 920 F.3d 1109, 1115 (6th Cir. 2019) ("the [lower courts] should follow the case which directly controls") (citations omitted).  And like the other circuits, the Sixth Circuit has ruled that the federal SORNA is not a violation of Ex Post Facto.  *See Willman* 972 F.3d at 824–25, cert. denied sub nom.  *Willman v. Wilkinson*, 141 S. Ct. 1269 (2021), reh'g denied sub nom.  *Willman v. Garland*, 141 S. Ct. 1731 (2021).

Because Michigan's SORA is almost identical to federal SORNA in all material respects, the *Willman* decision binds this Court and requires it to dismiss the Ex Post Facto challenge.  (ECF No. 39-3, PageID.1239-1299.)  That is the beginning and end of it.

7

### A. The new SORA and SORNA are nearly identical and challenges to SORNA are routinely rejected.

The Michigan SORA and federal SORNA are almost a mirror image of each other.  (ECF No. 39-3, PageID.1239-1299.)  Finding that the new SORA violates Ex Post Facto principles, would mean that the federal SORNA is also unconstitutional.  Such a finding would be inconsistent with courts across the country.

Ex Post Facto challenges to SORNA have been routinely rejected by federal courts, including the Sixth Circuit.  *See, e.g.*, *Willman*, 972 F.3d at 824–25; s*ee also United States v. Parks*, 698 F.3d 1, 5–6 (1st Cir. 2012); *United States v. Guzman*, 591 F.3d 83, 94 (2d Cir. 2010), as amended (Jan. 8, 2010); *United States v. Shenandoah*, 595 F.3d 151, 158–59 (3d Cir. 2010), abrogated on other grounds by *Reynolds v. United States*, 565 U.S. 432 (2012); *United States v. Wass,* 954 F.3d 184, 189–93 (4th Cir. 2020); *United States v. Young*, 585 F.3d 199, 204–06 (5th Cir. 2009); *United States v. Felts*, 674 F.3d 599, 605–06 (6th Cir. 2012); *United States v. Leach*, 639 F.3d 769, 773 (7th Cir. 2011), abrogated in part on other grounds by *Nichols v. United States*, 578 U.S. 104 (2016);  *Bacon v. Neer*, 631 F.3d 875, 878 (8th Cir. 2011); *United States v. Elkins*, 683 F.3d 1039, 1045 (9th Cir. 2012); *United*

*States v. Lawrance,* 548 F.3d 1329, 1336 (10th Cir. 2008); *United States v. W.B.H.*, 664 F.3d 848, 855–60 (11th Cir. 2011).

In *Willman,* the Sixth Circuit reviewed constitutional challenges by a Michigan registrant who committed his sexual offense in 1993 for which he served ten years in prison.  972 F.3d at 822.  Based on the *federal SORNA* enacted in 2006, he was required to register under Michigan's SORA.  *Id.*  Consistent with the Sixth Circuit decision in *Does I,* Willman obtained relief in 2019 when the federal court ordered the 2006 and 2011 amendments not to be enforced against him, that he be removed from the Michigan registry, and that he "no longer be subject to any registration or verification requirements."  *Id.*  The other defendant – the U.S. Attorney General – argued that the order had no bearing on his obligations under the federal SORNA.  *Id.*

In response, Willman argued that the relief he obtained with respect to the state registry relieved him of his obligation to conform to the *federal SORNA.*  The Sixth Circuit disagreed.  *Willman,* 972 F.3d at 822.  ("The main issue in this appeal is whether SORNA applies to plaintiff, even though he lacks state-law sex offender registration and notification obligations. We hold that it does.").

9

Significantly, Willman also raised a claim that the SORNA violated the Ex Post Facto Clause, and the Sixth Circuit rejected that argument. *Id.* at 824 ("we considered and rejected the argument that SORNA violates that provision of the Constitution") (citing *United States v. Felts,* 674 F.3d 599, 605–06 (6th Cir. 2012) along with ten other circuits). Also, it explained that relief obtained was based on the Sixth Circuit's decision in *Does #1–5,* 834 F.3d 696, noting that Michigan's SORA before its amendment was found to be "an unconstitutional ex post facto law because it was retroactive, and its stringent restrictions (*such as severe limits on where sex offenders were allowed to live and work*) constituted punishment." *Id.* at 822 n.1 (emphasis added). Michigan law now matches the federal SORNA since the student safety zones and the other problematic provisions were repealed. Mich. Comp. Law § 28.733-736; 28.725(2)(a); and 28.728(3)(e).

In short, there is no support in law to conclude that the Michigan SORA and the federal SORNA run afoul of Ex Post Facto principles. Nonetheless, additional analysis is provided below to further support the argument that there is no Ex Post Facto violation with the new SORA.

10

**B.    The new SORA does not violate the Ex Post Facto Clause.**

Consistent with Fed. R. Civ. P. 10(c), Defendants adopt by reference their argument in their response to the motion for preliminary injunction regarding Ex Post Facto laws. (ECF No. 39, PageID. 1181-1206.)

## II.    Plaintiffs' Due Process claims regarding reporting requirements without a prior determination of current dangerousness must be dismissed.

Plaintiffs claim that the retroactive extension of reporting requirements from 25 years to life for some registrants, without an individualized assessment of a registrant's dangerousness, violates Due Process.  (ECF No. 1, PageID.173-174, ¶¶ 667-675.)  As explained below, Plaintiffs fail to make a valid procedural or substantive Due Process claim and the claims are untimely.

### A.    Plaintiffs' procedural Due Process claims must be dismissed for failure to state a claim.

Plaintiffs' claims that procedural Due Process requires a hearing to determine if they are currently dangerous prior to an extension of their registration period has been specifically rejected by the U.S. Supreme Court in *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1 (2003).

Plaintiffs who assert a right to a hearing under the Due Process clause must show that the facts they seek to establish in that hearing are relevant under the statutory scheme. *Id.* at 8.

The requirement that Plaintiffs register for life under the new SORA is based solely on their prior conviction, which is "a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest." *Id.* at 7.  Even if Plaintiffs could prove that they are not likely to be currently dangerous, Michigan has decided that registrants convicted of certain specified offenses must register for life. Mich. Comp. Law § 28.725(13).

States are not barred by principles of "procedural due process" from drawing such classifications. *Fullmer v. Michigan Dept. of State Police,* 360 F.3d 579, 582 (6th Cir. 2004) (quoting *Conn. Dep't of Pub. Safety* 538 U.S. at 8).  Additionally, SORA's lifetime registration requirement is not punishment.  Plaintiffs' procedural Due Process claims must therefore be dismissed for failure to state a claim.

12

**B.    Plaintiffs' substantive Due Process claims must be dismissed for failure to state a claim.**

The substantive component of the Due Process clause protects "fundamental rights" that are so "implicit in the concept of ordered liberty" that "neither liberty nor justice would exist if they were sacrificed." *Palko v. Conn.*, 302 U.S. 319, 325 (1937). These rights include "the rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, and to abortion." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). "The Supreme Court has cautioned, however, that it has 'always been reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this unchartered area are scarce and open-ended.'" *Doe v. Michigan Dept. of State Police*, 490 F.3d 491, 500 (6th Cir. 2007) (quoting *Glucksburg*, 521 U.S. at 720).

Courts reviewing a substantive Due Process claim must first determine a "careful description of the asserted right," *Reno v. Flores*, 507 U.S. 292, 302 (1993), and then determine if that right is "deeply rooted in this Nation's history and tradition" and "implicit in the

concept of ordered liberty," such that it can be considered a "fundamental right." *Glucksberg*, 521 U.S. at 721.

Plaintiffs do not have a fundamental right to be free from SORA registration and notification requirements. *See e.g.*, *Doe v. Michigan Dept. of State Police*, 490 F.3d at 500; *In re Wentworth*, 651 N.W.2d 773, 777–78 (Mich. Ct. App. 2002). Any liberty interest regarding after-the-fact registration obligations should be analyzed as a potential Ex Post Facto violation and not a substantive Due Process claim. Plaintiffs have failed to state a plausible claim that their Due Process rights have been violated.

## III. The new SORA does not violate the First Amendment.

It is well established that the First Amendment protects "the right to speak freely and the right to refrain from speaking at all." *Wooley v. Maynard*, 430 U.S. 705, 714 (1977). Plaintiffs allege that the new SORA compels speech by requiring registrants to report extensive information. (ECF. No 1, PageID.182-184). Not so.

14

### A.    Most registry information is not private.

First, it's important to note that the Constitution does not provide

registrants the rights to keep their registry information private.

*Cutshall v. Sundquist,* 193 F.3d 466, 481 (6th Cir. 1999).  "The privacy

interest of sex offenders in keeping their personal information

confidential is not a privacy interest of constitutional dimension."

*Willman v. United States Off. of Att'y Gen.*, No. 19-10360, 2019 WL

4809592, at *5 (E.D. Mich. Oct. 1, 2019), aff'd sub nom.  *Willman v.*

*United States Off. of Att'y Gen.*, 972 F.3d 819 (6th Cir. 2020) (noting

that the Constitution does not encompass a general right to

nondisclosure of private information and holding that the plaintiff's

right to privacy claim with respect to SORNA was "not plausible on its

face.")

Registration requirements are collateral consequence to a criminal

conviction.  *Leslie v. Randle*, 296 F.3d 518, 521-522 (6th Cir. 2002);

*Bailey v. Wainwright*, 951 F.3d 343, 346 (6th Cir. 2020).  "[T]here is no

constitutional right to privacy in one's criminal record."  *Cline v. Rogers,*

87 F.3d 176, 179 (6th Cir. 1996).  "Although the public availability of

the information may have a lasting and painful impact on the convicted

15

sex offender, these consequences flow not from the Act's registration and dissemination provisions, but from the fact of conviction, already a matter of public record." *Littlefield v. Slatery*, No. 3:19-CV-00490, 2020 WL 263585, at *3 (M.D. Tenn. Jan. 17, 2020) (ECF No. 30-4, PageID.1300-1304.)  Cf. *Prynne v. Settle*, 848 F. App'x 93, 105 (4th Cir. 2021) (holding with respect to Virginia's sex offender registry statute that "to the extent that any of the information in the registry could be deemed nonpublic, such as a registrant's work or home address or appearance, the public disclosure is justified by the government's interest in protecting the public by alerting them of the location of known sex offenders).

### B.   SORA's registration requirements do not violate the First Amendment's prohibition against compelled speech.

Numerous courts have examined the question of whether reporting information is unlawful compelled speech and have held that it is not.  *See e.g.*, *United States v. Arnold*, 740 F.3d 1032, 1035 (5th Cir. 2014) (holding that Congress enacted SORNA to protect the public by establishing a vehicle to identify those convicted of certain crimes); Cf. *United States v. Sindel,* 53 F.3d 874, 878 (8th Cir. 1995) (compelled

16

disclosure of information on an IRS form was not unlawful compelled speech).

Despite Plaintiffs assertions, SORA only requires them to disclose facts, not to state a position or opinion. *See e.g.* Ex. A, Comparison Chart. Courts that have found that sex offender registration compels speech have repeatedly found that registration requirements satisfied strict scrutiny.[1] Ex. B, *United States v. Doby*, No. 18-CR-40057-HLT, 2019 WL 5825064, at *4 (D. Kan. Nov. 7, 2019) (SORNA's registration requirement satisfied strict scrutiny, meaning it was narrowly tailored to serve a compelling governmental interest); *United States v. Fox*, 286 F. Supp. 3d 1219, 1224 (D. Kan. 2018) (SORNA requires convicted sex offenders to disclose information to states who, in turn, publish that information in a database; it does not require sex offenders to declare their status to every person they meet. SORNA survives strict scrutiny

---

[1] Although the United States Supreme Court has not directly addressed this issue, they did suggest that a substantially similar process was constitutional. *Riley v. National Federation of the Blind of North Carolina, Inc.*, 487 U.S. 781, 800 (1988). In *Riley*, North Carolina had passed a law requiring professional fundraisers to disclose to potential donors what percentage of money they raised in the last year had gone to charity at the time of the solicitation. *Riley*, 487 U.S. at 785, 798. The Supreme Court suggested that a law requiring professional fundraisers to disclose the fundraisers' cut of the donations to the state who then could publish the information would pass constitutional muster. *Id* at 800. This is the procedure used by SORA. *See e.g. Fox*, 286 F. Supp. 3d. at 1224.

17

and does not offend the First Amendment.); Ex. C *Prater v. Linderman,*
No. 18-cv-992, 2019 WL 6711561, at *9 (E.D. Mich. December 10, 2019)
(Michigan's SORA's in-person registration requirement does not violate
the First Amendment, citing *Fox,* 286 F. Supp. 3d at 1035.)

Plaintiffs further argue that SORA requires registrants to sign a
form stating that they understand their reporting responsibilities and
criminalizes failure to do so unlawfully compels their speech in violation
of the First Amendment.  (ECF No.1, PageID.189-191.)  This is also a
requirement of federal SORNA, although SORNA does not appear to
have a corresponding crime for non-compliance.  34 U.S.C. § 20919(a)(2)
(the sex offender shall read and sign a form stating that they
understand the registration requirement.)

First, it is worth noting that penalties associated with the SORA
form are limited to the original registration.[2]  "The individual shall sign
a *registration and notice.*"  Mich. Comp. Law § 28.727(4) (emphasis
added).  The statute goes on to explain what is required for registration.
*Id.* at (1)-(2).  "An individual who willfully fails to sign a *registration*

---

[2] See Forms (michigan.gov), Sex Offender Registry, *RI-004 Michigan Sex Offender Registration/Verification/Update*

18

*and notice* as provided in section 7(4) is guilty of a misdemeanor . . ."
Mich. Comp. Law § 28.729(3) (emphasis added). While the form is for
initial registration, verification, and in-person updates, there is no
statutory authority to penalize someone who does not sign a
"verification" or "in-person update."

In addition, a number of other states have statutes with the same
requirements, some of them with criminal sanctions for non-compliance.
*See e.g.,* Alabama, § 15-20A-10(g) (failure to comply a Class C felony);
Illinois, 730 ILCS 150/4 and 150/5 (failure to comply results in
revocation of probation or parole); Louisiana, LA R.S. 15§543(7);
Massachusetts, MA ST 6 § 178E(a) (requiring that a registrant
acknowledge duties and penalties in writing); Nevada, N.R.S.
179D.450(3)(a)(2) (failure to comply a class D felony); North Carolina,
N.C.G.S.A. § 14-208.8(a)(1); Oklahoma, 57 Okl. St. Ann. § 585(A)(2)
(failure to comply is a 5-year felony); Pennsylvania, 42 Pa.C.S.A. §
9799.20(2), 9799.23(a)(5); Vermont, 13 V.S.A. § 5406(3) (failure to
comply is a 2-year felony); West Virginia, W. Va. Code, § 15-12-2(g).
There are also several states that require more than an
acknowledgement of notice, they require the registrant to sign a form

stating that the requirements were explained to them.  *See e.g.,* Kansas, K.S.A. 22-4904(a)-(e) (failure to comply a level 6 felony); Maine - 34-A M.R.S.A. § 11222(2)(f) (failure to comply is a class D felony); Ohio, R.C. § 2950.03(B) (requiring acknowledgement that requirements were explained and a finding by government official that registrant understands requirements); Rhode Island, Gen. Laws 1956, § 11-37.1-5(b)(6).

Second, despite the "compelled understanding" requirement being part of SORNA for sixteen years and the numerous related state statutes, it appears that there is not a single reported case of any court finding this to be unconstitutional, or even one challenging this requirement.  The issue of whether a requirement that registrants sign a form stating that they understand their reporting responsibilities and criminalizes failure to do so unlawfully compels their speech in violation of the First Amendment appears to be an issue of first impression.

As Plaintiffs state in their complaint, any requirement that a registrant admit that they understand SORA's requirements is not contained in the statute, it is part of a form used by the Michigan State police. (ECF No.1, PageID.189-191.)  On its face, nothing in the SORA

20

statute requires a registrant to acknowledge understanding SORA's
requirements, only that they sign a form that provides notice of those
requirements.  Mich. Comp. Law § 28.727(4).

Plaintiff's also challenge that the requirement that registrants
sign the form, as applied, is unlawful compelled speech.  Mandating
speech that a person would not otherwise make alters the content of the
speech and is considered a content-based regulation requiring strict
scrutiny.  *Riley v. National Federation of the Blind of North Carolina,
Inc.,* 487 U.S. 781 (1988).  As mentioned above, courts that have found
that sex offender registration compels speech have repeatedly found
that registration requirements satisfied strict scrutiny.  Nonetheless, as
this is an issue of first impression, additional analysis is provided
below.

A law satisfies strict scrutiny when the government proves that
the law is narrowly tailored to serve compelling governmental interests.
SORA clearly serves a compelling state interest by protecting citizens
through the identification of persons convicted of specified offenses.  *See
e.g., People v. Betts,* 507 Mich. 527, 558 (2021).  The only question is
whether the requirement that registrants sign a form stating they

21

understand the reporting requirements is narrowly tailored to serve that purpose.

SORA protects the public by allowing the general public and state law enforcement to monitor offenders convicted of specified offenses. Mich. Comp. Law § 28.721.  It does this, in part, by requiring offenders to notify law enforcement when they move.  For the statutory scheme to be effective, it is important that all registrants both recognize their responsibilities under the law and are held accountable if they fail to comply.

The requirement that the offender sign a form stating that they have been given and understand the requirements emphasizes their importance, both to the offender and to the official explaining them to the offender.  If the offender does not understand the requirements, they can ask questions to ensure that they do understand at the time the form is signed.  Although the form may be used as evidence to show willful violation of the law as required by Mich. Comp. Law § 28.729, an offender can present contrary evidence that they interpreted or understood the requirements differently.  This requirement in narrowly tailored to ensure that registrants make efforts to understand and take

22

seriously their ongoing requirements under the law.  This serves the
compelling state interest in monitoring offenders by ensuring
compliance.  Therefore, it survives strict scrutiny and does not
unlawfully compel speech.

### C.  The new SORA does not impermissibly infringe free speech.

Plaintiffs also allege that the new SORA's requirement that
registrants report information relating to their internet accounts and
activity ("Internet identifiers") is invalid under the First Amendment
(as incorporated into the Fourteenth Amendment) because it
substantially interferes with Plaintiffs' access to the internet as a forum
for speech and eliminates Plaintiffs' opportunities for anonymous
internet speech.  (ECF No. 1, PageID.191-193, ¶¶ 753-762.)  Plaintiffs,
in making general statements about the effect of the new SORA on
registrants, appear to be making a facial First Amendment challenge.
(*See e.g.,* ECF No. 1, PageID.192, ¶¶ 767-760.)

A law is unconstitutional under the First Amendment if it
operates as an outright ban or impermissibly burdens anonymous
online speech.  *See Sorrell v. IMS Health Inc*., 564 U.S. 552, 566 (2011).
However, "a state may permissibly infringe upon this right when its

interest is important enough and the law is appropriately tailored to meet the stated interest." *Doe v. Shurtleff*, 628 F.3d 1217, 1222 (10th Cir. 2010).  Courts look at the chilling effect the law's requirement of identification has on those individuals deciding whether to speak.  *Id.* at 1225.

"Where a plaintiff makes a facial challenge under the First Amendment to a statute's constitutionality, the facial challenge is an overbreadth challenge." *Speet v. Schuette,* 762 F. 3d 867 (6th Cir. 2013) (quotes and citations omitted).  However, the Sixth Circuit has made it clear that courts in this Circuit "will not apply the 'strong medicine' of overbreadth analysis where the parties fail to describe the instances of arguable overbreadth of the contested law." *Speet*, 726 F.3d at 878 (internal quotation marks and citation omitted).  A plaintiff " 'must demonstrate from the text of the statute and from actual fact that a substantial number of instances exist in which the law cannot be applied constitutionally.' " *United States v. Coss*, 677 F.3d 278, 289 (6th Cir. 2012) (quoting *Am. Booksellers Found. for Free Expression v. Strickland*, 601 F.3d 622, 627 (6th Cir. 2010)).

In an overbreadth challenge the plaintiff bears the burden: "to demonstrate that a 'substantial number of instances exist in which the law cannot be applied constitutionally.' " *Glenn v. Holder*, 690 F.3d 417, 422 (6th Cir. 2012) (quoting *Richland Bookmart, Inc. v. Knox Cnty.*, 555 F.3d 512, 532 (6th Cir. 2009)).  A plaintiff may not "leverag[e] a few alleged unconstitutional applications of the statute into a ruling invalidating the law in all of its applications." *Connection Distrib. Co., v Holder*, 557 F.3d 321, 340 (2009).

The new SORA does not in any way limit Plaintiff's online speech or unmask registrants' anonymity to the public.  *See Snyder,* 101 F. Supp. at 703.  Plaintiffs claim that the new SORA will result in email addresses and internet identifiers of registrants being posted publicly (ECF No. 1, PageID.192.)  However, they provide no facts to support those claims.  Indeed, a cursory review of the public registry refutes the allegation.[3]  Although new SORA does require registrants to disclose internet identifiers to law enforcement this does not unconstitutionally infringe on their right to anonymous speech.  *Doe v. Shurtleff*, 628 F.3f 1217 (10th Cir. 2010); *Doe v. Harris*, 772 F.3d 563 (9th Cir. 2014).

---

[3] https://mspsor.com/Home/Search.

What is more, federal regulations prohibit the public posting of such information.  28 U.S.C. § 20916(c) and 20920(b)(4); 76 F.R. § 1630, 1637; 86 F.R. § 69856, 69858.

Plaintiffs have also failed to describe the specific instances of overbreadth of the law, or its chilling effect on prospective registrants, other than a subjective fear that they might be subject to possible harassment and intimidation.  (ECF No. 1, PageID.192, ¶759.)  "[T]o allege a sufficient injury under the First Amendment, a plaintiff must establish that he or she is regulated, constrained, or compelled directly by the government's actions, instead of by his or her own subjective chill." *American Civil Liberties Union v. National Sec. Agency*, 493 F.3d 644, 661 (6th Cir. 2007) (citing *Laird v. Tatum*, 408 U.S. 1, 11 (2007)).

## IV.   The new SORA is not unconstitutionally vague.

A statute is not unconstitutionally vague if an ordinary person can decipher what is prohibited by the statute. *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).  "[T]he Supreme Court has made it clear that the vagueness doctrine has two primary goals.  First, to ensure fair notice to the citizenry; second, to provide standards for enforcement by the police, judges, and juries." *Columbia Nat. Res., Inc. v. Tatum*, 58

F.3d 1101, 1104 (6th Cir. 1995).  "The requirement of fair notice is not applied mechanically or without regard for the common sense judgment that people do not review copies of every law passed."  *Id.*

A statute that penalizes someone for "passive conduct that does not alert the doer to the consequences of his deed" is violative of Due Process.  *Lambert v. California*, 355 U.S. 225, 228 (1957).  Void for vagueness challenges are evaluated as applied, rather than in the abstract.  However, "[i]t is an intrinsic aspect of language that every word contains some degree of ambiguity. *Cf. Johnson v. United States,* 559 U.S. 133, 139 (2010) (Scalia, J.) ("[C]ontext determines meaning.").  *Doe v. Snyder*, 101 F. Supp. 3d 672, 690–91 (E.D. Mich. 2015).

Moreover, "SORA was not enacted to serve a trap for individuals who have committed sex offenses in the past."  *Id.* at 694.  Registrants must have knowledge about their obligations before they may be convicted for a violation.  *Id.* citing *Lambert v. California,* 355 U.S. 225, 240 (1957).  [A]s a sort of 'junior version of the vagueness doctrine,' the canon of strict construction of criminal statutes, or rule of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as

to apply it only to conduct clearly covered." *United States v. Lanier,* 520 U.S. 259, 266 (1997).

Indeed, the new SORA amendments include a willful requirement – "an individual required to be registered under this act who *willfully* violates this act . . ." (emphasis added) Mich. Comp. Law § 28.729(1). In other words, before someone can be criminally liable, it must be shown that they understood the requirements and willfully disobeyed them. (*i.e.,* they know that all their friends call them "Zeke", and they know that they have a legal obligation to provide that name to law enforcement as a nickname by which they have been known, and they *willfully* withhold that name.)

## A. The requirement to provide certain information is clear.

Plaintiffs take issue with several reporting and registration requirements of the new SORA:

> Reporting of telephone numbers registered to or used by the individual, including, but not limited to, residential, work, and mobile telephone numbers, and any changes must be reported within three business days.[4] Mich. Comp. Law § 28.725(2)(a) and 28.727(1)(h).

---

[4] This information may be updated by mail. See FN 1.

Reporting of all electronic mail addresses and internet identifiers registered to or used by the individual, of those required to register after July 1, 2011, and any changes must be reported within three business days.[5]   Mich. Comp. Law § 28.725(2)(a) and 28.727(1)(i).

Reporting of the license plate number and description of any vehicle owned or operated by the individual, and any changes must be reported within three business days.  Mich. Comp. Law § 28.725(2)(a) and 28.727(1)(j).[6]

Reporting of the name and address of the individual's employers, and any changes must be reported within three business days. Mich. Comp. Law § 28.725(1)(b) and 28.727(1)(f).

Reporting of aliases, nicknames, ethic or tribal names, or other names by which the individual is or has been known.  Mich. Comp. Law § 28.727(1)(a).

Reporting of the address where the individual resides and the address for temporary lodging used, or to be used, by the individual when the individual is away from their residence for more than seven days.[7]   Mich. Comp. Law § 28.725(1)(a), (2)(b) and 28.727(d)(e).

Reporting of the name and address of trade schools.  Mich. Comp. Law § 28.722(h) and 28.727(1)(g).

Registration for out of state offenders that commit substantially similar offences.  Mich. Comp. Law § 28.722(r)(*x*), (t)(*vi*)(B)(*xiii*), and (v)(*viii*).

(ECF. No. 1, PageID.136-137, 140-141, 142-146).

---

[5] This information may be updated by mail. See FN 1.

[6] This information may be updated by mail. See FN 1.

[7] Temporary lodging information may be updated by mail. See FN 1.

The statute is not unconstitutionally vague.  Any lawyer worth their salt can come up with a myriad of different ways to interpret a statute and cast doubt on what a phrase means, however, that is not the standard.

The standard is whether an ordinary person can understand what is required.  The plain language of the statute is clear and provides fair notice to registrants.  *Patel v. Patel*, 324 Mich. App. 631, 640 (2018) (holding that courts look to plain language of statute to ascertain its meaning).  Registrants may be burdened by the requirements, but that does not equate with being unconstitutionally vague.

### 1.    Registered to, or used by, and owned, operated or used.

The new SORA requires registrants to report email addresses, internet identifiers and phone numbers "registered to" or "used by" registrants.  It also requires reporting of vehicles "owned," "operated" or "used" by registrants.  Plaintiffs allege they are confused by what these requirements are.  (ECF No. 1, PageID 137.)

The language regarding the reporting of email addresses, internet identifiers and phone numbers registered to or used by the individual is clear.  Mich. Comp. Law § 28.722(g); 28.727(i) and (h).  What is more,

30

the federal SORNA contains almost the same language.  Ex. A, Comparison Chart. Consequently, a finding that the new SORA is unconstitutionally vague would mean that the federal SORNA is also unconstitutionally vague.

### a.    Email addresses and phone numbers.

The clear statutory language requires the reporting of email addresses and phone numbers "registered to" or "used by" registrants – there is not much, if any, room for debate about what is required to be reported.  The plain language does not indicate that registrants must report every email address or phone numbers (or internet identifier, or vehicle) that have ever been used at any point during a registrant's lifetime.  (ECF No. 1, PageID 137.)  Had the Legislature intended to require all email address or phone numbers ever used during someone's lifetime, or all vehicles ever owned during someone's lifetime, the Legislature could have simply inserted language to that effect.  (*e.g.,* all email addresses ever registered to or ever used by the individual.)  They did not do so.  Accordingly, the plain language of the statute is not vague in this regard.  The federal SORNA contains the same reporting requirement.  28 C.F.R. § 72.6(b); 34 U.S.C. § 20916(a).

### b.   Internet identifiers.

The new SORA defines internet identifiers.  Mich. Comp. Law §
28.722(g).  The federal SORNA requires reporting the same information
and uses the same definition of internet identifier.  28 C.F.R. § 72.6(b);
34 U.S.C. § 20916(e)(2).

The Iowa Supreme Court recently examined a vagueness
challenge to the "internet identifier" reporting requirement.  The court
found that "internet identifier" was not vague, and contrary to the
criminal defendants' assertions that internet identifier could mean
"email accounts, online banking accounts, blogging accounts, newspaper
account logins, accounts for online video and music streaming services,
social media accounts, Apple ID, and all online shopping accounts," the
court found that that reading was too broad.  *State v. Aschbrenner*, 926
N.W.2d 240, 252 (Iowa 2019).

The court reasoned that the commonsense interpretation of
internet identifier meant "accounts used to send messages, posts, and
other *user-generated* communications or postings that implicate the
public safety concerns at issue with the sex offender registry."  *Id*.

32

Plaintiffs seem to be taking the same position as Aschbrenner, "all designations used for self-identification or routing in internet communications or posting . . .would include IP addresses of Plaintiffs' computers, laptops or tablets, and similar information for phones." (ECF. No. 1, PageID.137).  That approach is obviously too broad.

Under Florida law, sex offenders must also report "all electronic mail address and internet identifiers" within 48 hours of use.  *Delgado v. Swearingen*, 375 F. Supp. 3d 1251, 1255 (N.D. Fla. 2018).  It was challenged as unconstitutionally vague.

The court found that although the statute was not a model of clarity, it gave fair notice to registrants of the conduct that is punishable.  *Delgado* 375 F. Supp. 3d 1251, 1262.  The court noted that there was a scienter requirement, which weighed into the analysis – *i.e.,* the registrant must know that they have to report a specific type of internet identifier and they knowingly failed to do so.  (*Id*.)  Ultimately, the court found that the statute is clear and the "ambiguity exists only at the margins."  *Id*. at 1263.

Similar to the scienter requirement under Florida law, the Michigan law has a willfulness requirement.  Mich. Comp. Law §

33

28.729(1); and *see Hill v. Colorado*, 530 U.S. 703, 732 (2000) (explaining that a statutory scienter requirement "ameliorated" concerns of facial vagueness).  And, while any law could be clearer, any vagueness is at the margins.

An Alabama district court explained due to the myriad of ways one might communicate on the internet, there is going to be some level of confusion.  Ex. D, *Doe #1 v. Marshall*, No. 2:15-CV-606-WKW, 2018 WL 1321034, at *11 (M.D. Ala. Mar. 14, 2018).  But the confusion really stems from the disbelief that the law can reach so far – must a registrant that connects to the wi-fi at a coffee shop report the IP address to law enforcement, or if s/he uses a neighbor's smartphone to check the weather?  (The Alabama statute required reporting of IP addresses.)  The court explained that no matter how intrusive the law is, the ordinary meaning or plain language commands.  *Id.* at *12.

The Michigan law is clear about what needs to be reported.

### c.    Vehicle information.

The new SORA contains almost the verbatim text as the SORNA and requires the plate number and description of any vehicle owned or

34

operated by the individual.  Mich. Comp. Law § 28.727(1)(j); 34 U.S.C. § 20914(a)(6).

In earlier litigation, Plaintiffs alleged that the language "any motor vehicle . . . owned or regularly operated by the individual" was vague.  *Doe v. Snyder*, 101 F. Supp. 3d 672, 686 (E.D. Mich. 2015). Plaintiffs took issue with the language "regularly operated."  Now, in the style of whack-a-mole litigation, and after the statute was amended to remove the "regularly operated" provision, Plaintiffs take aim at the other words of the statute that remain unchanged – owned or operated.

The plain language is clear that any ownership or operation of a vehicle requires reporting.  There is nothing unclear about it.  Plaintiffs paint a picture of vagueness by asking whether borrowing a car from a friend or getting a loaner while their other car is being repaired means they must report it.  (ECF No. 1, PageID.137, 139-140).

According to the plain language of the statute, the answer is simple – yes, they must report it.  Mich. Comp. Law § 28.727(1)(j).  If there is any doubt, the definition of "vehicle" found in Mich. Comp. Law 28.722(w) of the new SORA incorporates the Michigan Vehicle Code (MVC) definition found in Mich. Comp. Law § 257.79 which necessarily

and implicitly incorporates the concepts of "operate" and "operating" as those terms are defined in the MVC (Mich. Comp. Law § 257.36) and have been applied by the courts.

The Michigan Supreme Court has already offered guidance on what "operate" means. *See People v. Yama*t, 475 Mich 49, 52-53 (2006) (holding that the term operate is not ambiguous and means the exercise of actual physical control over a motor vehicle.)

A district court in Nebraska examined a violation for vagueness challenge related to the specific language at issue here. Under Nebraska law, registrants had to report a description and regular storage location of any vehicle *owned or operated* by the person. *Doe v. Nebraska*, 734 F. Supp. 2d 882, 924 (D. Neb. 2010). The Court simply found that the "language is unambiguous." *Id*. at 925.

### 2.    **Employers.**

The new SORA requires reporting the place of employment, just as the federal SORNA does. 34 U.S.C. § 29014(a)(4) (requiring the name and address of *any place* where the sex offender is an employee or will be an employee.) Mich. Comp. Law § 28.725(1)(b). The Alaska

statute in *Smith*, also contained a reporting requirement for "place of employment."  *Smith v. Doe*, 538 U.S. 84, 90 (2003).

Plaintiffs present a myriad of hypotheticals where they indicate that they are unsure whether they are required to report (*e.g.,* shoveling a neighbor's sidewalk.)  (ECF No. 1, PageID 141-142.)  However, as explained above, there is a knowledge requirement and under the canon of strict construction, the conduct must be clearly covered.

Black's Law Dictionary defines "place of employment as "[t]he location at which work done in connection with a business is carried out; the place where some process or operation related to the business is conducted."  PLACE OF EMPLOYMENT, Black's Law Dictionary (11th ed. 2019).  SORNA states that in instances where there is no fixed place of employment, the registrant may provide "other information describing where the sex offender works or will work with whatever definiteness is possible under the circumstances."  28 C.F.R. § 72.6(c)(3). This makes sense.  There may be hundreds of nuanced situations regarding place of employment, but common-sense dictates what must be reported – the location where they work or other information with whatever definiteness is possible under the circumstances.

### 3.   Nicknames, temporary lodging, physical descriptions, and trade schools.

The new SORA and federal SORNA require that reporting of nicknames and aliases.  Mich. Comp. Law § 28.727(1)(a); 34 U.S.C. § 20914(a)(1).

Plaintiffs seem to be grasping at straws here.  The language is clear – nicknames and aliases must be reported.  If someone had a nickname of "Slick" or "Gunner", under the plain language of the statute it should be reported.  However, it does not stand to reason that if someone's nickname in 1975 was "Slugger" and the registrant doesn't recall that name, that they have to go back in time and try to come-up with that information.  The statute does not say as much and cannot be reasonably implied.

The new SORA also requires reporting of temporary lodging "*to be used*" when a registrant is "*expected to be away*" from their residence more than seven days.  Mich. Comp. Law § 28.727(1)(e).  Similar information is required by federal SORNA.  28 C.F.R. § 72.6(c).

 Of course, any number of situations may arise where travel plans do not go as expected – flights get canceled, weather happens, vehicles get flat tires, someone gets sick, etc., etc.  A registrant may have to book

38

a different hotel or stay longer than anticipated.  However, the language is clear that registrants must report temporary lodging if they are expected to be away for more than seven days.  Again, there may be endless travel situations that cause changes in plans, but the statutory language is not unconstitutionally vague.

Registrants must also provide a physical description under the new SORA and under federal SORNA.  Mich. Comp. Law § 28.727(1)(o); and 34 U.S.C. § 20914(b)(1).  Plaintiffs question whether they must report moles, toupees, scars, etc.  (ECF No. 1, PageID 145.)  However, the plain language of the statute does not indicate that the information is required.  Had the Legislature wanted toupees to be reported, they could have included language in the statute, but they did not.  A cursory review of the registry shows that the information regarding physical information is sex, race, hair color, height, weight, eye color, scars, marks and tattoos.[8]

Registrants must also provide information regarding trade schools.  Mich. Comp. Law § 28.722(h).  Federal SORNA requires reporting of student status.  34 U.S.C. § 20913(c).  Plaintiffs question

---

[8] Search - Michigan Sex Offender Registry (mspsor.com)

whether attending a cooking class is a trade school, or whether a private carpentry class is a trade school.

Had the Legislature intended to include such types of educational opportunities under the reporting requirements of the new SORA they could have included language in the statute.  They did not.  What the law requires is reporting regarding enrollment or discontinued enrollment in trade schools and other institutions of higher education. Mich. Comp. Law § 28.725(1)(c).

### 4. Substantially similar offenses.

The new SORA requires registration for those that have committed "substantially similar" offenses out-of-state.  Mich. Comp. Law § 28.722(r)(x), (t)(xiii), (v)(viii).  This requirement comes from the definition section of Michigan and points to federal law to explain what is substantially similar.  *Id.*

Indeed, it is nearly impossible for a Legislature to draft language that covers every possible scenario and is easily understandable and not open to various interpretations.  There is no constitutional violation just because there could be some vagueness around the edges.

40

## V.   There is no Equal Protection violation.

The Equal Protection Clause commands that "no state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  "The Equal Protection Clause of the Fourteenth Amendment . . . is essentially a direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432 (1985).  Plaintiffs alleging an equal protection claim must make two showings: first, that the defendants treated them differently from other similarly situated persons, and second, that this difference in treatment is not supported by a sufficiently strong governmental interest.  *See e.g.*, *Jolivette v. Husted*, 694 F.3d 760, 771 (6th Cir. 2012); *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011); *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).

Plaintiffs allege that certain registrants are being denied Equal Protection because they are not permitted to petition for removal from the registry like other types of offenders.  (ECF No. 1, PageID.178-179.) They claim that offenders who are convicted of less serious offenses, or who committed offenses when they were juveniles, are the same as

41

offenders that committed more serious offenses or committed their offenses as adults. *Id*.

Initially, Plaintiffs are not similarly situated to the individuals given the opportunity for removal from the registry. The Legislature afforded the opportunity for certain offenders to be removed from the registry if they met certain criteria. This includes offenders convicted of less serious offenders, certain juvenile offenders, and cases involving "consensual" sexual acts with a 13- to 16-year-old victim if the offender was not more than four years older than the victim.

In contrast, Plaintiffs were convicted of more serious offenses as adults and/or were more than four years older than the victim. It is similar to other circumstances where different facts lead to less serious offenses eligible for more lenient treatment (*e.g.,* someone convicted of manslaughter may be eligible for parole sooner that someone convicted of second-degree murder) or even no criminal liability (*e.g.* a 13 to 16 year old can legally consent to sexual contact with someone no more than five years older than them, Mich. Comp. Law § 750.520e(1)(a).) Plaintiffs do not claim that they have been treated any differently than other individuals who have been convicted of the same offenses and/or

42

were less than four years older than the victims.  Therefore, there is no
Equal Protection violation.  Nonetheless, additional analysis is provided
below to further support the argument that SORA does not violate
equal protection.

Unless the legislation classification under attack involves a
suspect class, the classification need only be rationally related to a
legitimate government goal to survive constitutional challenge.  *See*
*Cutshall*, 493 F.3d at 482 (citing *Chapman v. United States*, 500 U.S.
453 (1991)).  The Sixth Circuit and other federal circuits have
universally held that "sex offenders" are not a suspect class.  *Does v.*
*Munoz*, 507 F.3d 961, 966 (6th Cir. 2007); *Cutshall*, 493 F.3d at 482-
483; *Wiley v. WV House of Delegates*, No. 2:14-CV-10974, 2017 WL
663671, at *7 (S.D.W. Va. Jan. 30, 2017), report and recommendation
adopted sub nom., 2017 WL 663350 (S.D.W. Va. Feb. 17, 2017) (citing
*Roe v. Marcotte*, 193 F.3d 72 (2d. Cir. 1999));  *Artway v. Atty. Gen.*, 81
F.3d 1235 (3d. Cir. 1996); *Stauffer v. Gearhart*, 741 F.3d 574, 587 (5th
Cir. 2014); *United States v. Lemay*, 260 F.3d 1018, 1030-31 (9th Cir.
2001); *Riddle v. Mundragon*, 83 F.3d 1197, 1207 (10th Cir. 1996); *Doe v.*
*Moore*, 410 F.3d 1337, 1346 (11th Cir. 2005); *Windwalker v. Gov. of*

43

*Alabama*, 579 Fed.Appx. 769 (11th Cir. 2014)).  "Legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Cleburne*, 473 U.S. at 440.

"The Michigan legislature specified in [Mich. Comp. Law § 28.271(a)] that it had 'determined that a person who has been convicted of committing an offense covered by this act poses a potential serious menace and danger to the health, safety, morals, and welfare of the people, and particularly the children, of this state.'" *Doe v. Michigan Dept. of State Police*, 490 F.3d at 504.  The state has a rational basis for treating sex offenders differently from other offenders by requiring them to register.  *Munoz*, 507 F.3d at 966 (6th Cir. 2007); *Cutshall*, 493 F.3d at 482-483.

"[E]qual protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *F.C.C. v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993).  "In areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably

conceivable state of facts that could provide a rational basis for the classification." *Id*. "Under rational-basis review, where a group possesses 'distinguishing characteristics relevant to interests the State has the authority to implement,' a State's decision to act on the basis of those differences does not give rise to a constitutional violation." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 366-67 (2001) (quoting *Cleburne.*, 473 U.S. 432, 441 (1985)). Courts "will not overturn such [government action] unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the [government's] actions were irrational." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 84 (2000) (citing *Vance v. Bradley*, 440 U.S. 93, 97 (1979)).

As sex offenders are not a suspect class, the new SORA is presumed to be valid if the classification drawn by the statute is rationally related to a legitimate state interest. The Michigan Legislature chose to increase the length of the registration requirements for registrants based on the severity of the wrongdoing. The Legislature has the authority to make these kinds of categorical

judgments so long as they are reasonably related to the statute's nonpunitive purposes and consistent with its regulatory objectives. *See Smith*, 538 U.S. at 102.

The Michigan Legislature made a determination that offenders convicted of less serious offenses should have the ability to be removed from the registry early if they meet certain criteria. Mich. Comp. Law § 28.728c(1). The determination that a less serious conviction indicates a lower level of potential risk is rationally related to their stated goal. The Legislature also provided this ability to juveniles and certain youthful offenders not more than four years older than their victims. Mich. Comp. Law § 28.728c(2) and (3). The state has a legitimate interest in not imposing the harshest collateral consequence on children and young adults, especially if the conduct is less likely to be predatory. *See e.g., Doe v. Settle,* 24 F.4th 932, 944-945 (4th Cir. 2022). The four-year gap provision, in recognizing that difference in ages between a victim and offender can be an indicator of risk, is rationally related this purpose. *Id.*

The choice of the Michigan Legislature to provide a path off the registry for certain classes of offenders does not violate Equal

Protection, and "[t]he judiciary may not sit as a super legislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines." *Doe v. Michigan Dept. of State Police*, 490 F.3d at 504 (citing *New Orleans v. Dukes*, 427 U.S. 297, 305 (1976)). A legislative choice may be "based on rational speculation unsupported by evidence or empirical data." *F.C.C. v. Beach Communications, Inc.,* 508 U.S. 307, 315 (1993).

## VI.   The Statute of Limitations has lapsed on many of the claims.

Since Congress did not specify a statute of limitations for cases brought under 42 U.S.C. 1983, federal courts look to limitations periods from the state where the action was brought. *Wolfe v. Perry*, 412 F.3d 707, 713-14 (6th Cir. 2005). "[T]he appropriate statute of limitations to be borrowed for § 1983 actions ... is the state's three-year limitations period for personal injury claims." *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 867 n.8 (6th Cir. 2020). The Sixth Circuit has consistently held that the limitations period for a § 1983 claim begins to run "when the plaintiff knows or has reason to know that the act providing the

basis of his or her injury has occurred." *See Garza*, 972 F.3d at 867 n.8. The statute of limitations has lapsed on many of Plaintiffs claims.

First, Plaintiffs claim that their Due Process rights were violated because of the retroactive effects of a change in law resulting in their obligation to register, or to register for a longer period.  (ECF No. 1, PageID.174.)  (*e.g.,* John Doe C was reclassified as a Tier III offender because of the 2011 amendments, which extended his registration period from 25 years to life.)  (ECF No. 1, PageID.18-19.)

Next, Plaintiffs claim a violation of Due Process based on the plea agreements that they made, which they allegedly would not have made had they known that the SORA registration law might change in the future.  (ECF No. 1, PageID.184-186.)  (*e.g.*, John Doe A alleges that had he known the child kidnapping conviction would result in registration, he would have proceeded to trial.)  (ECF No. 1, PageID.14.)

Finally, Plaintiffs also claim a Due Process violation as a result of a provision of the SORA that requires registration for individuals that commit specific types of crimes – non-sex offenses.  (ECF No. 1, PageID.186-188.)  (*e.g.,* Doe A was required to register for life because the crime he committed in 1990, included a plea of no contest for

48

kidnapping, which became a registerable offense in 2011.)  (ECF No. 1, PageID.13, 14.)

Plaintiffs explain that the 2011 amendments to SORA required some registrants to become lifetime registrants, changed the frequency of reporting, and maintained the requirements to provide personal information.  (ECF No. 1, PageID.156-159.)  According to Plaintiffs, these requirements were unmodified in the new SORA.  (*Id.*)  In other words, many of the provisions being challenged in this lawsuit have remained unchanged for over a decade.

The time for challenging the change for registration periods has long since passed.  This exact issue was looked as recently, and the court found that for purposes of Due Process, the original extension of the registration period was the operative date for the statute of limitations, rather than any ongoing effects of the registration requirement.  Ex. E, *Doe v. Rausch,* No. 3:20-CV-00728, 2022 WL 481240, at *3 (M.D. Tenn. Feb. 16, 2022).

In *Rausch*, the plaintiff plead guilty to two counts of aggravated sexual battery in 1999.  *Id*. at 1.  At the time, the law required him to register as a sex offender, but he could seek removal ten years after

49

completing his sentence, which was completed in 2006. *Id*. In 2004, Tennessee changed its law, which reclassified the Rausch as a violent sex offender, and subjected him to lifetime registration. *Id*. The last amendment to the Tennessee law was in 2015, which maintained the same lifetime registration requirement. *Id*. at 1.

Rausch filed suit in 2020 alleging violations of Due Process because of the change in law that required him to register for life, amongst other claims. *Id*. The court dismissed the Due Process claim and reasoned that any deprivation of Due Process occurred at the time the law was originally imposed. *Id*. at 3.

The new SORA contains the exact same language as the 2011 amendments regarding registration requirements. (ECF No. 39-3, PageID.1239-1299.) As a result, any claims regarding changes that occurred in 2011 that extended registration terms are time barred. Moreover, the analysis in *Rausch* with respect to Due Process is equally appliable here.

Any claims regarding registration requirements that were amended in 2006 or 2011 (*e.g.,* length of registration periods) and remain unchanged in the 2020 amendments, are time barred.

## VII. Plaintiffs' claims must be dismissed for lack of jurisdiction because their claims are moot in light of SORNA reporting requirements.

Article III of the Constitution limits the federal courts to adjudicating actual cases or controversies.  U.S. Const. Art. III, § 2.  A plaintiff's personal interest in the litigation must exist at the beginning of the suit and continue throughout the course of litigation.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 170 (2000). The Supreme Court has described mootness as "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."  *Id.*  (quoting *Arizonans v. Arizona*, 520 U.S. 43, 68 n.22 (1997)).  Thus, cases that "do not involve actual, on-going controversies are moot and must be dismissed for lack of jurisdiction."  *Campbell v. PMI Food Equip. Grp. Inc.*, 509 F.3d 776, 782 (6th Cir. 2007).

A case becomes moot when it no longer presents a live controversy, or the parties lack a cognizable interest in the outcome. *Laidlaw*, 528 U.S. at 212 (Scalia, J., dissenting).  "Past exposure to illegal conduct does not in itself show a present case or controversy

regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects."  *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

Plaintiff seeks injunctive and declaratory relief to prevent the Defendants from enforcing the registration requirements of the new SORA.  However, even if their relief is granted by this Court, it does not end their obligation to register as a sex offender.

"Although 'a sex offender's SORNA obligations are coextensive with corresponding state registration requirements, SORNA imposes duties on all sex offenders, irrespective of what they may be obligated to do under state law.'"  *Willman v. United States Off. of Atty. Gen.*, Case No.: 19-10360, 2019 WL 4809592, *2 (E.D. Mich. October 10, 2019) (citing *U.S. v. Paul*, 718 F. Appx 360, 363-364 (6th Cir. 2017)); *see also United States v. Billiot*, 785 F.3d 1266, 1269 (8th Cir. 2015) ("SORNA imposes an independent federal obligation for sex offenders to register that does not depend on, or incorporate, a state-law registration requirement."); *United States v. Pendleton*, 636 F.3d 78, 86 (3d Cir. 2011) (holding that "Pendleton's federal duty to register under SORNA was not dependent upon his duty to register under Delaware law");

52

*Kennedy v. Allera*, 612 F.3d 261, 262 (4th Cir. 2010) (affirming that

"SORNA's clear and unequivocal requirement that individuals convicted

of sex offenses must register as sex offenders under federal law applie[s]

. . . even though Maryland had not fully implemented SORNA.").

Plaintiffs' continuing duty to comply with federal SORNA

registration requirements, which are practically identical to the

requirements of the new SORA make the requested relief moot.  A

general interest in changing the law is not enough to maintain a live

case or controversy; Plaintiffs must continue to have a personal stake in

the outcome.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478 (1990)

(citing *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).

Plaintiffs' continuing reporting requirements under SORNA, even

if granted relief in the instant case, remove their personal stake in the

outcome.  Therefore, Plaintiff's claims must be dismissed for lack of

jurisdiction.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, the complaint should be dismissed in its entirety - The new SORA does not impose punishment so there is no Ex Post Facto violation.  Likewise, the Due Process claim should be dismissed because the SORA is a regulatory scheme for tracking registrants.  Courts have consistently found that SORA does not violate the First Amendment.  Ordinary registrants can understand their obligations, so the new SORA is not vague.  Since registrants are treated differently based on the underlying crime and those that committed the same crimes are treated equally, there is no Equal Protection violation.  The statute of limitations has lapsed on many of the claims because the registration requirements have been in place for more than a decade.  Finally, the claims are moot – even if this Court grants relief, registrants still have the same, or similar, registration requirements under SORNA.  The Court should dismiss the complaint and grant other relief as appropriate.

Respectfully submitted,


/s/ *Eric M. Jamison*
Assistant Attorney General
Attorney for Whitmer and Gasper
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov
P75721

Dated:  May 31, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2022, I electronically filed the above

document(s) with the Clerk of the Court using the ECF System, which

will provide electronic copies to counsel of record.

*/s/ Eric M. Jamison*
Assistant Attorney General
Attorney for Defendants
Whitmer and Gasper
Michigan Department of
Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov
P75721

2022-0341402-A

## LOCAL RULE CERTIFICATION

 I, Eric M. Jamison, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted material and footnotes): at least one-inch margin on top, sides, and bottoms; consecutive page numbering; and type size of all test and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 points (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

/s/ *Eric M. Jamison*
Assistant Attorney General
Attorney for Whitmer and Gasper
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov
P75721
