UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES A, B, C, D, E, F, G, H, MARY DOE and MARY ROE, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v

GRETCHEN WHITMER, Governor of the State of Michigan, and COL. JOSEPH GASPER, Director of the Michigan State Police, in their individual capacities,

    Defendants.

No. 2:22-cv-10209

HON. MARK GOLDSMITH

MAG. CURTIS IVY, JR.

## EXHIBIT E

Doe v. Rausch, No. 3:20-CV-00728, 2022 WL 481240, at *3 (M.D. Tenn. Feb. 16, 2022)

2022-0341402-A

2022 WL 481240
Only the Westlaw citation is currently available.
United States District Court, M.D. Tennessee,
Nashville Division.

John **DOE**, Plaintiff,
v.
David B. **RAUSCH**, Director of the Tennessee Bureau of Investigation, in his official capacity, Defendant.

No. 3:20-cv-00728
|
Filed 02/16/2022

**Attorneys and Law Firms**

Christopher W. Beauchamp, Lowery, Lowery & Cherry, Lebanon, TN, for Plaintiff.

Mallory K. Schiller, Robert W. Mitchell, Tennessee Attorney General's Office, Nashville, TN, for Defendant.

### MEMORANDUM

WILLIAM L. CAMPBELL, JR., UNITED STATES DISTRICT JUDGE

**\*1** Pending before the Court is Defendant's Motion to Dismiss (Doc. No. 14). Plaintiff filed a Response in Opposition (Doc. No. 17) and Defendant filed a Reply (Doc. No. 18). For the reasons discussed below, Defendant's Motion will be **GRANTED** in part and **DENIED** in part.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff pled guilty to two counts of Aggravated Sexual Battery in 1999. (Doc. No. 1 ¶¶ 3, 16). At the time of Plaintiff's convictions, Tennessee's Sexual Offender Registration and Monitoring Act (the "1994 Act") required Plaintiff to register as a "sex offender" but permitted Plaintiff to seek removal from the registry ten years after completing his sentence. (*Id.* ¶ 20). Plaintiff completed his sentence in 2006. (*Id.* ¶ 17). In 2004, the Tennessee General Assembly repealed and replaced the 1994 Act with the current version, codified at Tenn. Code Ann. §§ 40-39-201 to 40-39-211 (2004). (*Id.* ¶ 35). With the passage of the 2004 version of the Act, Plaintiff was reclassified as a "violent sexual offender." (*Id.* ¶¶ 21, 45). Plaintiff became subject to lifetime registration under the 2004 version of the Act due to its reclassification of him as a violent sexual offender. (*Id.* ¶ 21).

Plaintiff filed the instant case on August 25, 2020, against David **Rausch** ("**Rausch**") in his official capacity as Director of the TBI. (Doc. No. 1). Pursuant to 42 U.S.C. § 1983, Plaintiff claims that the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004, Tenn. Code Ann. §§ 40-39-201 to 40-39-218 ("SORA"),[1] imposing lifetime registration on him retroactively is an unconstitutional violation of the Ex Post Facto Clause (Count I) and of the Due Process Clause of the Fourteenth Amendment (Count II). Additionally, Plaintiff claims that SORA is unduly vague in violation of the Due Process Clause of the Fourteenth Amendment (Count III) and restricts and interferes with his free speech and free exercise rights in violation of the First Amendment (Count IV). Plaintiff seeks declaratory and injunctive relief. **Rausch** moves to dismiss all claims, arguing that: (1) all of Plaintiff's claims are time-barred; and (2) Counts II, III, and IV fail to state a claim upon which relief can be granted.

### II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the

plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

**\*2** The statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). A plaintiff typically does not have to anticipate or negate an affirmative defense, such as the statute of limitations, to survive a motion to dismiss. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Thus, a Rule 12(b)(6) motion is "generally an inappropriate vehicle for dismissing a claim based on the statute of limitations." *Id.* However, when the allegations in the complaint "affirmatively show that [a] claim is time-barred," dismissal may be appropriate under Rule 12(b)(6). *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). If the allegations in a complaint affirmatively show that the statute has run, the burden shifts to the plaintiff to allege facts showing that an exception, such as tolling, applies. *Reid v. Baker*, 499 F. App'x 520, 526 (6th Cir. 2012). When considering a motion to dismiss based on a statute of limitations, the Court must decide whether it is apparent from the face of the complaint that the deadline for bringing the claim has passed. *See Vanderbilt Univ. v. Scholastic, Inc.*, 382 F. Supp. 3d 734, 761 (M.D. Tenn. 2019).

### III. ANALYSIS

Plaintiff claims that, as applied to him, SORA violates the Ex Post Facto Clause and the First and Fourteenth Amendments of the United States Constitution. While Counts III and IV both allege that SORA "is unconstitutional on its face", the gravamen of the Complaint is the claim that SORA is invalid in the fact-specific context of its application to Plaintiff. For this reason, and because facial challenges are disfavored particularly when an as-applied challenge is also made, *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450 (2008), the Court does not view the Complaint as asserting that SORA should be stricken completely as facially unconstitutional. *See Warshak v. United States*, 532 F.3d 521, 529 (6th Cir. 2008) (noting that the point of a facial attack is "to leave nothing standing," because success on a facial challenge to a statute requires "that no set of circumstances exists under which the Act would be valid") (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)); *see, e.g., Newsome v. Lee*, No. 3:21-CV-00041, 2021 WL 1697039, at \*2 n.2 (M.D. Tenn. Apr. 29, 2021) (construing claims as "as-applied" challenges); *Brown*, at \*4 n.5 (same). As the Court does not construe the Complaint as asserting facial challenges, the Court declines to consider Rausch's arguments that Count III and Count IV should be dismissed for failure to state facial challenges.

### A. Timeliness of Plaintiff's Claims

In Section 1983 cases, state law determines which statute of limitations applies, while federal law determines when the statutory period begins to run. *See Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634-35 (6th Cir. 2007). The relevant statute of limitations period in Tennessee is one year. *Id.* at 634 (citing Tenn. Code Ann. § 28–3–104(a)). Section 1983 claims accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015).

Rausch argues that Plaintiff's claims are untimely because Plaintiff filed this action more than one year after he knew or should have known that he is subject to lifetime compliance with SORA. Rausch asserts that Plaintiff's cause of action accrued, at the latest, on July 1, 2015, the effective date of the last applicable amendment to Tennessee's statutory registration scheme. (*See* Doc. No. 15 at 3 n.3). In his response, Plaintiff contends the continuing violation doctrine applies to his causes of action, arguing the allegations in the Complaint show the continuing and daily punishment inflicted on him.[2] In support, Plaintiff points to authority from this district applying the continuing violation doctrine to claims similar to those in the present case. (*See* Doc. No. 17 at 5 (citing *Doe v. Haslam*, No. 3:16-CV-02862, 2017 WL 5187117, at \*12-13 (M.D. Tenn. Nov. 9, 2017)). In his reply, Rausch asserts that *Haslam* is unpersuasive because it "does not explain why the 'wrongful conduct' in a challenge to amendments to the SOR is not the adoption of the amendments." (Doc. No. 18 at 2-3). However, *Haslam* does explain why the "wrongful conduct" is not the adoption of the challenged amendments:

**\*3** With regard to Plaintiffs' Ex Post Facto Clause

challenges, the relevant question is whether the Defendants' allegedly wrongful conduct under the Clause was merely the initial adoption of the challenged restrictions and requirements, or whether the wrongful conduct has continued as long as the Plaintiffs have been subject to those restrictions and requirements.

...

"[T]he very essence of the constitutional protection against ex-post-facto laws" is "that a defendant ... who was charged with a criminal violation ... cannot be punished for conduct occurring before the [relevant] criminal regulation of that conduct." United States v. Utesch, 596 F.3d 302, 312–13 (6th Cir. 2010). In other words, the Ex Post Facto Clause does not merely protect a defendant from some specific procedurally improper conduct at the time his punishment is set down—it protects him from the punishment itself. The "wrongful conduct" challenged is therefore the ongoing infliction of that punishment. Insofar as the requirements of the Act are, as Plaintiffs allege, a punishment, it is a punishment that is inflicted on Plaintiffs every day and will continue to be inflicted every day in the foreseeable future.

...

Because the infliction of an alleged ex post facto punishment on Plaintiffs is ongoing, the "wrongful conduct" required for the *Eidson* test is also ongoing. Plaintiffs, on an ongoing and continuing basis, face the very real possibility of criminal prosecution by the State if they do not rigidly conform their behavior to the requirements of the Act. It is this continuing imposition of restrictions that allegedly violates the Ex Post Facto Clause. Plaintiffs moreover easily meet the other two requirements of the *Eidson* test, because their injuries are continuing and the cessation of the enforcement of the registration regime would put an end to those harms. Plaintiffs' claims pursuant to the Ex Post Facto clause are therefore timely, and Count 1 will not be dismissed on this ground.

*Haslam*, at *12-13. Based on the foregoing, the Court is persuaded that the continuing violation doctrine applies to Plaintiff's claim challenging the constitutionality of the SORA as applied to him under the Ex Post Facto Clause (Count I). *See Newsome*, at *3 n.3 ("plaintiffs challenging the constitutionality of the [SORA] as applied to them may rely on "a 'continuing violation' theory of when their causes of action accrued.") (quoting *Brown*, at *4 n.6). Counts III and IV are similarly timely because those claims challenge particular aspects of SORA that prospectively exposes Plaintiff to potential criminal liability and are premised on the threat of significant consequences of future conduct. *See Haslam* at *14. Count II, however, is directed at the original imposition of SORA's requirements on Plaintiff rather than at the ongoing effects of the statutory scheme. *See id.* Count II pleads that the Act's retroactive application deprives Plaintiff of due process, which occurred at the time the challenged requirements were initially imposed. Accordingly, Count II will be dismissed as untimely. *See id.*

**B. Count IV – Free Exercise**

*4 Plaintiff alleges that SORA deprives him the ability to freely exercise his religious beliefs because many of the available centers for worship have childcare centers. (Doc. No. 1 ¶¶ 73-76). Plaintiff does not allege that SORA was enacted with the intent of discriminating against religion. To state a Section 1983 claim, a plaintiff must allege: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

Rausch argues that the Complaint fails to state a claim that SORA as applied to Plaintiff violates his rights under the Free Exercise Clause because SORA neither addresses religion nor prevents Plaintiff from practicing Judaism. (Doc. No. 15 at 10 ("right of free exercise does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability on the ground that the law proscribes (or prescribes) conduct that his religion prescribes (or proscribes).") (quoting Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C., 565 U.S. 171, 190 (2012)). In his response, Plaintiff reiterates the allegations in the Complaint – that SORA has the effect of prohibiting his presence in a building of worship because most Jewish Synagogues and Community Centers in Tennessee have schools on their grounds. (*See* Doc. No. 17 at 10). He does not respond to Rausch's argument or referenced authority. The Court finds that Plaintiff has failed to allege a deprivation of his rights under the Free Exercise Clause of the First Amendment. As such, Rausch's motion will be granted as to Plaintiff's claim that SORA violates his rights under the Free Exercise Clause of the First Amendment.

### IV. CONCLUSION

For the foregoing reasons, Rausch's motion to dismiss will be **GRANTED** in part and **DENIED** in part. The motion will be granted as to Count II and as to the claim in Count IV that SORA violates Plaintiff's rights under the Free Exercise Clause of the First Amendment. The motion will be denied as to Count I, Count III, and the claim in Count IV that SORA restricts Plaintiff's right to free speech.

An appropriate Order will enter.

**All Citations**

Slip Copy, 2022 WL 481240

### Footnotes

1   "'SORA' stands for 'Sex Offender Registration Act,' an acronym often used to refer to many states' acts, including Tennessee's—even though that is not actually the present name for the Act." *Brown v. Lee*, No. 3:20-CV-00916, 2020 WL 7864252, at *3 n.3 (M.D. Tenn. Dec. 30, 2020).

2   For a continuing violation to exist to toll the limitations period: (1) defendant's wrongful conduct must continue after precipitating event that began pattern; (2) injury to plaintiff must continue to accrue after that event; and (3) further injury to plaintiff must have been avoidable if defendants had at any time ceased their wrongful conduct. *See Eidson*, 510 F.3d at 635.

**End of Document**                                             © 2022 Thomson Reuters. No claim to original U.S. Government Works.