UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOES A, B, C, D, E, F, G, H, MARY DOE and MARY ROE, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GRETCHEN WHITMER, Governor of the State of Michigan, and COL. JOSEPH GASPER, Director of the Michigan State Police, in their official capacities,<br><br>    Defendants. | No. 2:22-cv-10209<br><br>Hon. Mark A. Goldsmith<br><br>Mag. J. Curtis Ivy, Jr. |

## **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES**

Plaintiffs respectfully request that the Court take notice of two recent decisions that are relevant to this case: the Seventh Circuit's recent decision in *Koch v. Village of Heartland*, -- F.4th --, 2022 WL 3151929 (7th Cir. 2022) (Ex. 1), and the Michigan Court of Appeals' decision in *People v. Nunez*, -- N.W.2d --, 2022 WL 2885402 (Mich. Ct. App. 2022) (Ex. 2).

**A.**   ***Koch v. Village of Heartland***

This case is relevant to Plaintiffs' arguments that SORA 2021 imposes retroactive punishment in violation of the Constitution's Ex Post Facto Clause. This case also demonstrates that several cases on which Defendants have relied are based on

1

an incorrect understanding of the inquiry into ex post facto punishment.

In *Koch*, the plaintiff argued that a local ordinance violates the Ex Post Facto Clause because it essentially prohibits any person subject to sex offender registration from residing in the village. *Id.*, slip op. at 2–5. The Seventh Circuit reversed the district court's decision that the ordinance does not apply retroactively and remanded for the court to consider whether the ordinance is punitive. *Id.*, slip op. at 2, 18.

*Koch* confirms that ex post facto analysis requires that a law be both retroactive and punitive. *Id.*, slip op. 5. *See also* Pls.' Resp. to Defs.' Mot. to Dismiss, ECF No. 44, PageID.1546–1549 (explaining the differences between these two inquiries). For a law to be retroactive, it must simply "attach[] new legal consequences to events completed before its enactment." *Koch*, slip op. at 10–11 (quoting *Vartelas v. Holder*, 566 U.S. 257, 273 (2012)). Under this test, the court explained that at least seven other circuits and at least five state supreme courts "recognize that sex-offender laws applying to conduct before their enactment date are retroactive." *Id.*, slip op. at 11–14 (collecting cases). The court specifically noted that the Sixth Circuit considers registry laws to apply retroactively. *Id.*, slip op. at 12 (citing *Does 1-5 v. Snyder*, 834 F.3d 696, 698 (6th Cir. 2016)).

Notably, the court overruled two of its own prior decisions[1]—*United States v.*

---

[1] This reflects a growing trend for courts to reconsider their past ex post fact decisions in the registry context. Indeed, the Seventh Circuit acknowledged that its

*Leach*, 639 F.3d 769 (7th Cir. 2011) and *Vasquez v. Foxx*, 895 F.3d 515 (7th Cir. 2018)—which had incorrectly held that registration requirements only created prospective legal obligations. *Koch*, slip op. 14–17.[2] In responding to Plaintiffs' ex post facto claim, Defendants in this case have relied on *Leach* and similar retroactivity cases[3] that *Koch*'s reasoning refutes. *See* Defs.' Mot. to Dismiss, ECF No. 41, PageID.1334; Defs.' Mot. to Dismiss Reply, ECF No. 47, PageID.1621. Moreover, the Sixth Circuit cases on which Defendants rely—*United States v. Felts*, 674 F.3d 599 (6th Cir. 2012) and *Willman v. Attorney General*, 972 F.3d 819 (6th Cir. 2020)—appear to have been decided only on the retroactivity prong of the ex post facto analysis. *See* Pls.' Resp. to Mot. to Dismiss, ECF No. 44, PageID.1547–1548. Yet Defendants here do not dispute—and given *Does I* cannot dispute—that SORA 2021 is retroactive.

With respect to punitiveness, the *Koch* court recognized that it involves a

---

"case law on the retroactivity prong needed a course correction." *Id.*, slip op. at 15 (cleaned up).

[2] The Seventh Circuit rules allow a panel to overrule prior circuit precedent by circulating its decision to the full court. *See Brooks v. Walls*, 279 F.3d 518, 522 (7th Cir. 2002). The *Koch* panel did exactly that, and "[a] majority of the judges did not wish to rehear the case en banc." *Koch*, slip op. at 6 n.1.

[3] *See, e.g.*, *United States v. Guzman*, 591 F.3d 83, 94 (2d Cir. 2010); *United States v. Shenandoah*, 595 F.3d 151, 158 (3d Cir. 2010), *abrogated on other grounds by Reynolds v. United States*, 565 U.S. 432 (2012); *Bacon v. Neer*, 631 F.3d 875, 878 (8th Cir. 2011); *United States v. Elkins*, 683 F.3d 1039, 1045 (9th Cir. 2012); *United States v. Lawrance*, 548 F.3d 1329, 1336 (10th Cir. 2008).

3

"fact-intensive inquiry," and that modern registry statutes "drastically differ[] from the targeted laws at issue in our prior cases." *Id.*, slip op. at 18. The court therefore remanded to the district court to review the evidence in that case, recognizing that the facts matter and that prior decisions upholding other registration statutes did not mean that this particular law would survive constitutional scrutiny. *See id.* Plaintiffs have made exactly the same argument here. *See* Pls.' Resp. to Defs.' Mot. to Dismiss, ECF No. 44, at PageID.1535–1544, 1548–1549; Pls.' Prelim. Inj. Reply, ECF No. 43, PageID.1449–1453.

**B.** *People v. Nunez*

In *Nunez*, the Michigan Court of Appeals reaffirmed its holding in *People v. Lymon*, -- N.W.2d --, 2022 WL 2182165 (Mich. Ct. App. 2022), that SORA 2021, like its predecessor, imposes punishment. *Nunez*, slip op. at 6–7. The court further held that because SORA is punitive,

> a defendant must be informed of its imposition before entering a guilty plea. For the same reason, the registration requirement must be included in the judgment of sentence. Accordingly, the failure of the trial court to adhere to the statutory notice requirement and to include SORA registration in the judgment of sentence prevents any belated application of SORA to Nunez.

*Id.*, slip op. at 7. A judgment "must embrace the whole measure of the punishment imposed," and a defendant "must be apprised of the sentence that he will be forced to serve." *Id.* (first quoting *People v. Felker*, 27 N.W. 869, 870 (Mich. 1886); and then quoting *People v. Cole*, 817 N.W.2d 497, 501–02 (Mich. 2012)).

*Nunez* thus recognized not only that SORA 2021 is punishment, but also that punishments are invalid if they are imposed without notice or are not included on the judgment of sentence. *Nunez* is thus particularly relevant to Plaintiffs' ex post facto, retroactive lifetime registration, and violation of plea agreement claims. Registrants in the affected subclasses either did not receive notice that they would be subject to the extensive punitive requirements of SORA 2021, that they would be subject to registration for life, or that they would be subject to registration at all. Compl., ECF No. 1, PageID.156–161, 171–174, 184–186.

Respectfully submitted,

s/ Miriam J. Aukerman (P63165)
Rohit Rajan (AZ 035023)
American Civil Liberties Union
  Fund of Michigan
Attorneys for Plaintiffs
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org
rrajan@aclumich.org

s/ Paul D. Reingold (P27594)
Cooperating Counsel, American Civil
  Liberties Union Fund of Michigan
Attorney for Plaintiffs
Univ. of Michigan Law School
802 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 355-0319
pdr@umich.edu

s/ Daniel S. Korobkin (P72842)
American Civil Liberties Union
  Fund of Michigan
Attorney for Plaintiffs
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

s/ Roshna Bala Keen (Ill. 6284469)
Loevy & Loevy
Attorney for Plaintiffs
Cooperating Counsel, American Civil
  Liberties Union Fund of Michigan
311 North Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
roshna@loevy.com

Dated: August 12, 2022

5

## LOCAL RULE CERTIFICATION

      I, Miriam J. Aukerman, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted material and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).

                                                s/ Miriam J. Aukerman (P63165)
                                                Miriam J. Aukerman
                                                American Civil Liberties Union
                                                  Fund of Michigan
                                                1514 Wealthy SE, Suite 260
                                                Grand Rapids, MI 49506
                                                (616) 301-0930
                                                maukerman@aclumich.org