UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES, et al.,

       Plaintiffs,

vs.

GRETCHEN WHITMER, et al.,

       Defendants.
_____/

Case No. 22-cv-10209

HON. MARK A. GOLDSMITH

## ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (Dkt. 7) AND (2) DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS (Dkt. 41)

Before the Court are Plaintiffs' motion for a preliminary injunction (Dkt. 7) and Defendants' motion to dismiss (Dkt. 41). For the reasons that follow, the Court denies both motions without prejudice.

Plaintiffs represent a class of all individuals who are or will be subject to registration under Michigan's Sex Offenders Registration Act, Mich. Comp. L. § 28.721 et seq. (SORA). See 5/18/22 Order (Dkt. 35). This class comprises tens of thousands of people. See Comp. ¶¶ 641–647. Plaintiffs bring ten causes of action challenging the constitutionality of SORA, see id. ¶¶ 657–762, six of which they incorporate into their motion for a preliminary injunction, see Pl. Br. in Supp. Mot. Prelim. Inj. at 4–64. In their present motion, Plaintiffs ask the Court to enjoin enforcement of certain of SORA's requirements against all class members, see Pl. Mot. Prelim. Inj. at 10–11, and to enjoin enforcement of other SORA requirements against specified groups of individuals, see id. at 2–10. For example, Plaintiffs move to enjoin the enforcement of SORA's

1

registration requirements against individuals who committed the offenses that made them subject to SORA prior to the enactment of SORA's 2011 amendments, id. at 3—a subclass estimated to comprise approximately 42,000 people, see Compl. ¶ 642. Plaintiffs alternatively request that the Court insert into the legislation a mandate that Michigan conduct an individual assessment of each registrant's risk level before subjecting that individual to SORA's registration requirements. See, e.g., Pl. Br. in Supp. Mot. Prelim. Inj. at 22–23.

The parties dispute multiple questions of fact relevant to a determination of SORA's constitutionality. Relying on the declarations of multiple experts, Plaintiffs argue that SORA does not reduce the recidivism rates of sex offenders and in fact increases recidivism. See Pl. Br. in Supp. Mot. Prelim. Inj. at 17–20; Pl. Reply in Supp. Mot. Prelim. Inj. at 4–5 (Dkt. 43). Defendants, in contrast, identify studies that they argue support the opposite conclusion. See Def. Br. in Supp. Resp. to Pl. Mot. Prelim. Inj. at 17, 47–48 (Dkt. 39). Plaintiffs argue that registration as sex offenders under SORA "makes it extremely difficult for registrants to obtain housing, employment, or an education." See Pl. Br. in Supp. Mot. Prelim. Inj. at 3. Defendants insist that it is the fact of prior conviction—not sex offender registration status—that makes it difficult for registrants to obtain housing and employment. Defendants also assert that SORA's registration requirements do not apply to "the vast majority of juvenile offenders." Def. Br. in Supp. Resp. to Pl. Mot. Prelim. Inj. at 13. Plaintiffs disagree, arguing that juveniles remain on the registry and asserting that discovery is appropriate on this question. Pl. Resp. to Def. Mot. to Dismiss at 9 n.2 (Dkt. 44). Plaintiffs also suggest that discovery could be instructive to determine how police officers and prosecutors understand SORA's requirements, noting that the Hon. Robert Cleland relied on such information when assessing the constitutionality of an earlier version of SORA. Id. at 51 (citing Doe v. Snyder, 101 F. Supp. 3d 672, 689 (E.D. Mich. 2015)).

The Court concludes that further development of the factual record is appropriate before ruling on the issues presented by Plaintiffs. As demonstrated by the extensive case law cited by Plaintiffs, when groups of individuals bring wholesale challenges to an entire statutory scheme that regulates the registration of sex offenders, trial courts regularly rule on the constitutionality of that legislation at the summary judgement stage—that is, after the opportunity for discovery.[1] Instructively, when assessing the constitutionality of an earlier version of SORA, the United States Court of Appeals for the Sixth Circuit relied heavily on the factual record developed at the district court level, which included a bench trial. See Does #1-5 v. Snyder, 834 F.3d 696, 698 (6th Cir. 2016).

In contrast, courts have addressed challenges to sex offender legislation and policy in the context of motions for preliminary injunction when the issues presented were far more targeted than those before this Court. Examples include cases addressing the application of sex offender

---

[1] See Smith v. Doe, 538 U.S. 84 (2003) (reviewing constitutionality of Alaska Sex Offender Registration Act on appeal from rulings on cross-motions for summary judgment); Conn. Dep't of Pub. Safety v. Doe, 538 U.S. 1 (2003) (reviewing on appeal from grant of summary judgment constitutional challenges to Connecticut's sex offender registry law brought as class action); Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997) (reviewing on appeal from grant of summary judgment prisoners' constitutional challenges to Hawaii's Sex Offender Treatment Program); Doe 1 v. Marshall, 367 F. Supp. 3d 1310 (M.D. Ala. 2019) (granting in part and denying in part cross-motions for summary judgment on constitutional challenges to Alabama's Sex Offender Registration and Community Notification Act brought by five registrants); Doe v. Jindal, 851 F. Supp. 2d 995 (E.D. La. 2012) (granting summary judgment on constitutional challenge to Louisiana's Crime Against Nature by Solicitation statute brought by nine plaintiffs); see also Koch v. Vill. of Hartland, 43 F.4th 747 (7th Cir. 2022) (reviewing constitutionality of ordinance prohibiting new sex offenders from residing in village on appeal from cross-motions for summary judgment); Gwinn v. Awmiller, 354 F.3d 1211 (10th Cir. 2004) (reviewing constitutionality of individual's classification as sex offender under Colorado law on appeal from grant of summary judgment); Doe v. Rausch, 461 F. Supp. 3d 747 (E.D. Tenn. 2020) (granting in part and denying in part summary judgment on registrant's constitutional challenges to Tennessee Sexual Offender and Violent Sexual Offender Registration and Tracking Act); Hoffman v. Village of Pleasant Prairie, 249 F. Supp. 3d 951 (E.D. Wis. 2017) (granting in part and denying in part summary judgment on challenge to village ordinance regulating residency of child sex offenders brought by nine convicted sex offenders).

legislation to particular individuals or the enforceability of a narrow set of restrictions—circumstances where materials facts were sufficiently settled to allow a full legal analysis.[2]

Not so here. Plaintiffs' largescale relief would represent a significant reworking of a statutory scheme in numerous ways, directly impacting the lives of tens of thousands of people. Such a far-reaching request requires a full examination of the factual predicates raised in support and in opposition. The Court will allow the parties the opportunity to develop the facts that they consider material to Plaintiffs' claims before ruling on those claims.[3] Accordingly, the Court denies Plaintiffs' motion for a preliminary injunction without prejudice. See Rouse v. Trump, No. 20-CV-12308, 2020 WL 6701899, at *3 (E.D. Mich. Nov. 13, 2020) (denying motion for

---

[2] See McClendon v. Long, 22 F.4th 1330, 1333–1334, 1341 (11th Cir. 2022) (reversing denial of motion for preliminary injunction where sex offender registrants brought suit to enjoin sheriff's placement of signs in yards of all registrants on Halloween warning residents not to trick-or-treat at their addresses, a policy which was justified in part on the incorrect assertion that registrants were forbidden by law from participating in Halloween); Doe v. Wasden, 558 F. Supp. 3d 892, 917 (D. Idaho 2021) (granting a preliminary injunction motion enjoining Idaho from forcing two individuals to register as sex offenders based on their convictions for "crimes against nature": one for consensual oral sex with his spouse, and the other for consensual homosexual sex as an eighteen-year-old with a sixteen-year-old (where the same act, if heterosexual, would not require registration)); Reid v. Lee, 476 F. Supp. 3d 684, 686 (M.D. Tenn. 2020) (granting an individual registrant's motion for preliminary injunction to enjoin enforcement of sex offender registration against him personally); Yunus v. Robinson, 2019 WL 168544, at *1 (S.D.N.Y. Jan. 11, 2019) (granting in part motion for a preliminary injunction where single plaintiff argued that sex offender registration legislation "as applied to him" violated his substantive due process rights); Roe v. Snyder, 240 F. Supp. 3d 697, 711 (E.D. Mich. 2017) (granting a single registrant's motion for preliminary injunction where ruling in Snyder, 834 F.3d 696 made plaintiff's success "a foregone conclusion"); Doe v. State, 189 P.3d 999, 1002, 1017 (Alaska 2008) (granting relief on single registrant's motions for temporary restraining order and preliminary and permanent injunctions in part based on persuasive "evidence" of that single registrant's "rehabilitation").

[3] Plaintiffs' recommendation, made at the August 30, 2022 status conference, that the Court consider some claims or issues that might be resolved without discovery in a first phase, and defer other claims and issues to a later stage, will not be adopted. It will be far more efficient to fully evaluate the changes Plaintiffs urge to the sex offender registration system and enter a final judgment as to all of Plaintiffs' requests. Whether Plaintiffs are correct as to some, none, or all of their positions, the Court can issue one package of rulings, which would then be suitable for implementation, negotiation by the parties, or appellate review.

preliminary injunction without prejudice where Court was unable to make determination as to merits of plaintiffs' argument "at this early stage of the case" and allowing plaintiffs to pursue relief on a more "developed record"); Brown v. Lee, No. 3:20-cv-00916, 2022 WL 442036, at *7 (M.D. Tenn. Jan. 19, 2022), report and recommendation adopted, No. 3:20-cv-00916, 2022 WL 433315 (M.D. Tenn. Feb. 11, 2022) (denying without prejudice motion to preliminarily enjoin enforcement of Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 where court needed additional "evidence that adds substance . . . to the allegations made by Plaintiff about the impact of the SORA on his situation").

Similarly, the Court concludes that it is premature to consider the issues raised in Defendants' motion to dismiss brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Courts may order a deferral of defenses raised in a Rule 12(b) motion until trial. Fed. R. Civ. P. 12(i). "The method and timetable for deciding a Rule 12(b) motion under Rule 12([i]) is left to the sole discretion of the trial judge who may defer that determination until trial." Sterling v. Velsicol Chem. Corp., 855 F.2d 1188, 1195 (6th Cir. 1988). Factors that courts consider when deferring their rulings on Rule 12(b) motions include "the difficult[y] or likelihood of arriving at a meaningful result of the question presented by the motion" at the current stage of proceedings and "the possibility that the issue to be decided . . . is so interwoven with the merits of the case, which . . . can occur in various contexts, that a postponement until trial is desirable." Charles Alan Wright & Arthur R. Miller, 5C Fed. Prac. & Proc. Civ. § 1373 (3d ed. 2016); see also Aqualucid Consultants, Inc. v. ZETA Corp., No. 1:14-cv-479, 2016 WL 10592230, at *4 (W.D. Mich. Sept. 28, 2016) (deferring motion to dismiss until trial) (quoting Wright & Miller).

The Court finds it prudent to await factual development, through summary judgment or trial, as appropriate, before ruling on the issues raised by Defendants. Because these issues are

"interwoven with the merits of the case," Aqualucid, 2016 WL 10592230, at *4, the interests of justice counsel allowing the parties the opportunity to fully develop the record on disputed facts before the Court addresses those merits. Therefore, the Court will deny Defendants' motion without prejudice at this time. See Hovland v. Gardella, No. cv-06-50-M-DWM-JCL, 2008 WL 5395740, at *5 (D. Mont. June 11, 2008) (accepting magistrate judge's recommendation to deny Rule 12(b)(6) motion without prejudice and deferring ruling until trial where "an adjudication of claims [could] more accurately be made after the parties have developed the factual record").

The Court appreciates the need for both dispatch and thoroughness in addressing the interests of both sides to this litigation. Plaintiffs allege significant ongoing harm, and Defendants assert a need to avoid potentially chaotic changes in the registration system. For its part, the Court is prepared to adopt a schedule that will include an accelerated period of discovery, prompt briefing of summary judgment motions, and the earliest feasible trial date. To that end, Defendants must answer the complaint within 14 days of entry of this order; thereafter, the parties must file a proposed schedule pursuant to a separate order that will be issued presently.

SO ORDERED.

Dated: September 15, 2022  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge