UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE, on
behalf of themselves and all others
similarly situated,                                    No. 2:22-cv-10209

       Plaintiffs,                                    HON. MARK GOLDSMITH

v                                                      MAG. CURTIS IVY, JR.

GRETCHEN WHITMER, Governor
of the State of Michigan, and COL.
JOSEPH GASPER, Director of the
Michigan State Police, in their
individual capacities,

       Defendants.

---

**DEFENDANTS GRETCHEN WHITMER AND COL. JOSEPH
GASPER ANSWER TO VERIFIED CLASS ACTION COMPLAINT**

Defendants Gretchen Whitmer and Col. Joseph Gasper, by and

through their attorney, assistant attorney general Eric M. Jamison,

answer Plaintiffs' verified class action complaint as follows:

1.    Defendants admit that some courts have found portions of

Michigan's Sex Offender Registration Act (SORA), M.C.L. § 28.721 et.

seq. unconstitutional.  Defendants deny that courts have repeatedly

found it unconstitutional, or that SORA was found unconstitutional in its entirety.

2.    Defendants deny that they, or "the State of Michigan", has enforced a statute they "knew to be unconstitutional", that the 2021 amendments to SORA are unconstitutional, that any "burdens" imposed by SORA are excessive, that SORA does not allow for individualized assessment for any registrants, or that the legislature "forced" Plaintiffs to file any claims.  Defendants admit that SORA does not require individualized assessment prior to requiring registration.

3.    Defendants admit that Judge Cleland in 2015 held portions of the SORA unconstitutional, and that the Sixth Circuit, which vacated Judge Cleland's opinion, found SORA unconstitutional as applied to the named Plaintiffs in *Does #1-5 v. Snyder*, 834 F.3d 696 (Sixth Cir. 2016). Defendants deny that the opinion in *Does #1*-5, which the Sixth Circuit specifically limited to the named plaintiffs in that case, applied to any other registrants.

4.    Defendants deny that they ignored the Sixth Circuit ruling, as it was limited to the named Plaintiffs in *Does #1-5.*  Defendants also

deny they ignored the decision by Judge Cleland, as his decision was vacated by the Sixth Circuit.

5.     Defendants neither admit nor deny that Plaintiff Roe had to go to court to protect her job because Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.  Defendants admit that Plaintiff Mary Roe sought and was granted an injunction and that they continued to enforce SORA as required by Michigan law.  Defendants deny that they were the only agencies or persons enforcing SORA.

6.     Admitted.

7.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

8.     Defendants deny that the 2021 legislative changes to SORA are minor, that SORA imposes a "vast regime of restrictions", and that SORA, and not Plaintiff's underlying conviction, causes public shaming or impacts "virtually every facet of registrants' lives."  Defendants admit that some registrants must comply with SORA for life.

9.     Defendants deny that SORA imposes "life altering burdens" on registrants, treats all registrants the same, or brands everyone on the public registry as a "current threat to the community".  Defendants also deny that SORA does not provide for individualized review of registrants' registration requirements.  Defendants admit that registrants' duties under SORA are based on their conviction offense(s) and that SORA does not require an individualized assessment prior to registration.

10.     Defendants admit that classifications are based on conviction offense.  Defendants deny that the "vast majority" of registrants must register for life.

11.     Defendants deny that the 2021 amendments to SORA "keeps mainly intact" any of the 2011 amendments that the Sixth Circuit held violated the Ex Post Facto clause; in fact, the 2021 amendments to SORA removed the 2011 amendments that the Sixth Circuit found unconstitutional.  Defendants admit that the 2011 amendments adopted the federal SORNA tier system and applied them retroactively to registrants, which increased the length of registration for registrants convicted of seven crimes, namely M.C.L. § 750.338, 750.338a,

750.338b, 750. 520g(2), and if the victim was under 13 years of age, M.C.L. § 750.520d unless the victim was between the age of 13 and 16 years of age, "consented" to the conduct[1], and the offender is no more than four years older than the victim, M.C.L. § 750.520e if committed by an adult against an individual under 13 years of age[2], and 750.520g(1).

12.   Defendants deny that SORA has "extensive" supervision requirements, that the 2021 amendments require more information from registrants, and that the 2021 amendments impose "more onerous" reporting requirements on registrants.  Defendants neither admit or deny that registrants of law enforcement agencies are "confused" by SORAs reporting requirements because Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

---

[1] Under Michigan law a person under the age of 16 cannot consent to sexual penetration.  See M.C.L. § 750.520d.

[2] An adult who has sexual contact with a person under the age of 13 has committed criminal sexual conduct (CSC) 2nd degree, which required lifetime registration prior to the 2011 amendments.  This amendment required individuals who committed CSC 2nd but pled to a lesser charge of CSC 4th to register for a length of time consistent with their actual conduct.

13.    Defendants deny that SORA "brands registrants as dangerous", that SORA does not take into consideration individual circumstances in that it is based upon a registrants conduct by relying on a registrant's underlying conviction, and deny that the loss of any employment or housing is due to SORA and not the nature of registrants' underlying conviction.

14.    Denied.

15.    Defendants admit that Plaintiffs have attached research supporting their claims. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

16.    Defendants admit that Plaintiffs have attached research supporting their claims. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

17.    Defendants admit that the 2021 amendments to SORA retain the federal SORNA tier system and admit that SORA does not provide for individualized risk assessment for all registrants. Defendants deny that SORA does not provides for individualized risk

assessment for any registrants or that registrants pose no more risk of reoffending than other males not required to register.

18.     Defendants deny that the 2021 amendments retain any provisions found to be unconstitutional by the Sixth Circuit in *Does #1-5*. Defendants also deny that the Sixth Circuit required any individualized risk assessment of registrants, that the current registration requirements are "onerous," and deny that there is "scant evidence" that SORA makes communities safer. Defendants admit that some registrants must register for life.

19.     Defendants admit that Plaintiffs seek declaratory and injunctive relief.

20.     Defendants admit that jurisdiction is proper in this Court and that Plaintiffs have brought an action under 42 U.S.C. § 1983.

21.     Defendants admit this Court has jurisdiction to issue declaratory and injunctive relief.

22.     Defendants admit that venue is proper in this court.

23.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

24.    Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

25.    Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

26.    Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

27.    Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

28.    Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

29.    Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

30.    Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

31.    Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

32.    Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

33.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

34.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

35.     Defendants deny that Plaintiff Doe A only had to register for a ten-year period after his release in 2009; as he was convicted of kidnapping in which the victim was under the age of 18, he was required to register for life in 2009.  See 1999 PA 85 § 5(6),(7)(c); 2005 P.A. 123 § 5(6),(7)(c); M.C.L. § 28.725(6),(7)(c).

36.     Defendants deny that the 2011 amendments increased the length of time that Plaintiff Doe A had to register; the registration period for a conviction of M.C.L. § 750.349 if the victim was under 18 was increased by the 1999 amendments to SORA.  1999 PA 85 § 5(6),(7)(c).  Defendants admit that offenders who were convicted of M.C.L. § 750.349 where the victim was under 18 years of age were placed in tier III when the state adopted the federal SORNA tier structure in 2011.

37.     Defendants admit that Mr. Doe A I not on the public registry. Defendants neither admit nor deny the remaining allegation because the *Doe I* judgment speaks for itself.

38.     Defendants deny that a person convicted of M.C.L. § 750.349 where the victim is a minor has to register under SORA if the offense contains no sexual component. *People v. Lymon*, Case No. 327355, 2022 WL 2182165, *17 (Mich. Ct. App., June 16, 2022).

39.     Defendants deny that placement of Plaintiff Doe A on the public registry "branded" him as a "dangerous sex offender" or "held him out" as a "convicted sex offender"; the registry clearly enumerated his conviction offense.

40.     Defendants admit that if Plaintiff Doe A's conviction for M.C.L. § 750.349 where the minor was a victim had a sexual element, there is no procedure under SORA in which he would ever be removed from the registry.

41.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

42.     Defendants deny that the fact that Plaintiff Doe B was uncertain about the victim's age, even if true, is relevant; the defense of

10

a reasonable mistake of age is not available to a charge of third-degree criminal sexual conduct with a 13- to 16-year-old victim. *People v. Cash*, 419 Mich. 230 (1984).   Defendants lack knowledge sufficient to form a belief about the truth of the other allegations and leave Plaintiffs to their proofs.

43.   Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

44.   Defendants deny that a person under the age of 16 can consent to sexual penetration; consent is not a defense to a charge of third-degree criminal sexual conduct with a 13- to 16-year-old victim. *People v. Starks*, 473 Mich. 227 (2005). Defendants lack knowledge sufficient to form a belief about the truth of the other allegations and leave Plaintiffs to their proofs.

45.   Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

46.   Defendants admit that quarterly in-person reporting requirements for registrants began on September 1, 1999, and if Plaintiff Doe B pled guilty prior to that date, those reporting requirements would have applied to him.   1999 P.A. 85 § 5a(4)(b).

Defendants lack knowledge sufficient to form a belief about the truth of the other allegations and leave Plaintiffs to their proofs.

47.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

48.     Defendants admit that the 2011 amendments adopted the federal SORNA tier system, which was applied retroactively to Plaintiff Doe B, increasing the length of his registration period to life.

49.     Defendant admits that under current SORA, Plaintiff would not have to register if he was four years older than the victim of his conviction for M.C.L. § 750.520d, if the facts alleged in the complaint are true.

50.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

51.     Defendants neither admit nor deny the allegation because the judgment in *Doe I* speaks for itself.

52.     Defendants admit that Doe B must currently comply with SORA for life as a result of the adoption of the federal SORNA tier system.  Defendants deny that current SORA requirements are

12

"extensive" or that Plaintiff Doe B must comply with all of SORA's reporting requirements.

53.   Admitted.

54.   Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

55.   Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

56.   Defendants deny that the fact that Plaintiff Doe B was uncertain about the victim's age, even if true, is relevant; the defense of a reasonable mistake of age is not available to a charge of third-degree criminal sexual conduct with a 13- to 16-year-old victim. *People v. Cash*, 419 Mich. 230 (1984). Defendants lack knowledge sufficient to form a belief about the truth of the other allegations and leave Plaintiffs to their proofs.

57.   Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

58.   Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

59.     Defendants admit that Plaintiff Doe C would have had to register for 25 years if he was convicted of M.C.L. § 750.520d(1)(a) in 2006.  Defendants lack knowledge sufficient to form a belief about the truth of the other allegations and leave Plaintiffs to their proofs.

60.     Defendants admit that the 2011 amendments adopted the federal SORNA tier system, which was applied retroactively to Plaintiff Doe C, increasing the length of his registration period to life.

61.     Defendants deny that the fact that Plaintiff Doe C subsequently married his previously underaged victim is relevant, as it is not a defense to the crime for which he was convicted, M.C.L. § 750.520d.  Defendants lack knowledge sufficient to form a belief about the truth of the other allegations and leave Plaintiffs to their proofs.

62.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

63.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

64.     Defendants admit that Ms. Roe is not on the public registry. Defendants neither admit nor deny the remaining allegation because the *Does I* judgment speaks for itself.

14

65.     Defendants admit that Doe C must currently comply with SORA for life as a result of the adoption of the federal SORNA tier system.  Defendants deny that current SORA requirements are "extensive" or that Plaintiff Doe C must comply with all of SORA's reporting requirements.

66.     Admitted.

67.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

68.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

69.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

70.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

71.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

72.     Defendants admit that the Supreme Court of Ohio ruled against retroactively applying an offense-based system to registrants who were previously judicially determined by a court to not require

15

registration.  Defendants deny this is relevant, however, because the ruling was based on separation of powers and limitations against legislative or executive review of judicial decisions.  *State v. Bodyke*, 933 N.E.2d. 753, 765-766 (Ohio 2010).

73.     Defendants admit the Ohio Supreme Court determined that retroactive application of Ohio's SORA violated the Ohio constitution. *State v. Williams*, 952 N.E.2d, 1108 (Ohio 2011).

74.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

75.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

76.     Defendants admit that if Plaintiff Doe's conviction were analogous to M.C.L. § 750.520d, she would be required to register for 25 years under SORA requirements in place in 2004.  Defendants lack knowledge sufficient to form a belief about the truth of the other allegations and leave Plaintiffs to their proofs.

77.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

78.     Defendants admit that the 2011 amendments adopted the federal SORNA tier system, which was applied retroactively to Plaintiff Doe, increasing the length of her registration period to life.

79.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

80.     Defendants lack knowledge sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

81.     Defendants admit the allegation that Ms. Doe is not on the public registry. Defendants neither admit nor deny the remaining allegations because the judgment in *Does I* speaks for itself.

82.     Defendants admit that Plaintiff Doe must currently comply with SORA for life as a result of the adoption of the federal SORNA tier system.  Defendants deny that current SORA requirements are "extensive" or that Plaintiff Doe must comply with all of SORA's reporting requirements.

83.     Admitted.

84.     Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

85.     Defendants deny that a person under the age of 16 can consent to sexual penetration; consent in not a defense to a charge of to a charge of third-degree criminal sexual conduct with a 13- to 16-year-old victim. *People v. Starks*, 473 Mich. 227 (2005).  Defendants lack knowledge and information sufficient to form a belief about the truth of the other allegations and leave Plaintiffs to their proofs.

86.     Defendants admit that under current SORA requirements Plaintiff Roe would not have to register if she were less than four years older than the victim in her case.  Defendants lack knowledge and information sufficient to form a belief about the truth of the other allegations and leave Plaintiffs to their proofs.

87.     Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

88.     Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

89.    Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

90.    Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

91.    Admitted.

92.    Defendants admit that the 2011 amendments adopted the federal SORNA tier system, which was applied retroactively to Plaintiff Roe, increasing the length of her registration period to life.

93.    Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

94.    Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

95.    Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

19

96.     Defendants admit that Plaintiff Roe must currently comply with SORA for life as a result of the adoption of the federal SORNA tier system.  Defendants deny that current SORA requirements are "extensive" or that Plaintiff Roe must comply with all of SORA's reporting requirements.   Defendants lack knowledge and information sufficient to form a belief about the truth of the other allegations and leave Plaintiffs to their proofs.

97.     Admitted.

98.     Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

99.     Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

100.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

101.  Defendants deny that a person under the age of 16 can consent to sexual penetration; consent is not a defense to a charge of

third-degree criminal sexual conduct with a 13- to 16-year-old victim.

*People v. Starks*, 473 Mich. 227 (2005).  Defendants lack knowledge and

information sufficient to form a belief about the truth of the other

allegations and leave Plaintiffs to their proofs.

102.  Defendants admit that a 14-year-old victim cannot consent

to sexual penetration.  Defendants lack knowledge and information

sufficient to form a belief about the truth of the other allegations and

leave Plaintiffs to their proofs.

103.  Defendants lack knowledge and information sufficient to

form a belief about the truth of this allegation and leave Plaintiffs to

their proofs.

104.  Defendants lack knowledge and information sufficient to

form a belief about the truth of this allegation and leave Plaintiffs to

their proofs.

105.  Defendants lack knowledge and information sufficient to

form a belief about the truth of this allegation and leave Plaintiffs to

their proofs.

106.  Defendants admit that under current SORA requirements

Plaintiff Doe D would not have to register if he were less than four

years older than the victim in his case.  Defendants lack knowledge and information sufficient to form a belief about the truth of the other allegations and leave Plaintiffs to their proofs.

107.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

108.  Defendants admit that if Plaintiff Doe D were convicted prior to 2011 the SORA requirements in place at the time required he register for 25 years.  Defendants lack knowledge and information sufficient to form a belief about the truth of the other allegations and leave Plaintiffs to their proofs.

109.  Defendants admit that the 2011 amendments adopted the federal SORNA tier system, which was applied retroactively to Plaintiff Doe D, increasing the length of his registration period to life.

110.  Defendants admit that they applied the federal SORNA tier reporting requirements to Plaintiff Doe D.  Defendants deny that the Sixth Circuit held application of the lifetime registration requirement unconstitutional in *Does #1-5*, especially as applied to Plaintiff Does D.

111.  Defendants admit that Plaintiff Doe must currently comply with SORA for life as a result of the adoption of the federal SORNA tier system.  Defendants deny that current SORA requirements are "extensive" or that Plaintiff Doe E must comply with all of SORA's reporting requirements.

112.  Admitted.

113.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

114.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

115.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

116.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

117.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

118.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

119.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

120.  Admitted.

121.  Defendants admit that a result of the 1999 amendments to SORA, that Plaintiff Doe E's registration required was increased from 25 years to life; this requirement remained the same at the time of the 2011 amendments to SORA adopting the federal SORNA tier system.

122.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

123. Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

124. Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

125. Defendants admit that they applied the federal SORNA tier reporting requirements to Plaintiff Doe D.  Defendants deny that the Sixth Circuit held application of the lifetime registration requirement unconstitutional in *Does #1-5*, especially as applied to Plaintiff Does E.

126. Defendants admit that Plaintiff Doe E must currently comply with SORA for life as a result of 1999 amendments to SORA and the adoption of the federal SORNA tier system.  Defendants deny that current SORA requirements are "extensive", or that Plaintiff Doe E must comply with all of SORA's reporting requirements.

127. Admitted.

128. Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

129.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

130.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

131.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

132.  Defendants admit that taking photos of a minor engaged in a listed sex act, including erotic nudity, is punishable for up to 20 years in prison.  M.C.L. § 750.145c(2).  Defendants lack knowledge and information sufficient to form a belief about the truth of the other allegations and leave Plaintiffs to their proofs.

133.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

134.  Defendants lack knowledge and information sufficient to form a belief about the truth of the allegation regarding Doe F's

26

criminal convictions and leave Plaintiffs to their proofs. Defendants
admit that under the requirements of SORA in place in 2006, Plaintiff
was required to register for 25 years; he must still register for 25 years
under current SORA requirements.

135.  Defendants lack knowledge and information sufficient to
form a belief about the truth of this allegation and leave Plaintiffs to
their proofs.

136.  Defendants lack knowledge and information sufficient to
form a belief about the truth of this allegation and leave Plaintiffs to
their proofs.

137.  Defendants admit Plaintiff Doe F was required to register
for 25 years based on the requirements of SORA in place when he
committed the offense, and that the length of Plaintiff's reporting
requirements were not changed with the adoption of the federal SORNA
tier system in 2011. Defendants deny that the length of Plaintiff's
reporting requirements were changed by the 2011 amendments to
SORA or that the Sixth Circuit held in *Does #1-5* that application of
SORA was unconstitutional as applied to Plaintiff Does F.

138.  Admitted.

139.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

140.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

141.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

142.  Defendants admit that if Plaintiff Doe G's Nebraska conviction was analogous to M.C.L. § 750.520c(1)(b) or M.C.L. § 750.520d, under the requirements of SORA in place in 2006, Plaintiff would be required to register for 25 years.  Defendants lack knowledge and information sufficient to form a belief about the truth of the other allegations and leave Plaintiffs to their proofs.

143.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

144.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

145.  Defendants admit that they applied the federal SORNA tier reporting requirements to Plaintiff Doe G.  Defendants deny that the Sixth Circuit held application of the lifetime registration requirement or SORA unconstitutional in *Does #1-5* as applied to Plaintiff Does G.

146.  Defendants admit that Plaintiff Doe must currently comply with SORA for life as a result of the adoption of the federal SORNA tier system.  Defendants deny that current SORA requirements are "extensive" or that Plaintiff Doe E must comply with all of SORA's reporting requirements.

147.  Admitted.

148.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

149.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

150.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

151.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

152.  Admitted.

153.  Admitted.

154.  Defendants admit that Gretchen Whitmer is the Governor of Michigan and that Plaintiffs have brought an action against her in her official capacity.

155.  Defendants admit that Plaintiffs have correctly cited provisions of the Michigan Constitution.

156.  Defendants admit that Defendant Whitmer has executive power in Michigan and supervises its departments.

157.  Defendants admit that the Governor is an appropriate defendant for this action, but Defendants deny that any constitutional violation occurred.

158. Defendants admit that Colonel Joseph Gasper is the director of the Michigan State Police and that Plaintiffs have brought an action against him in his official capacity.

159. Defendants admit that the Michigan State Police maintains Michigan's sex offender registry.

160. Defendants admit that the Michigan State Police maintains Michigan's sex offender registry, but Defendants deny that the Michigan State Police is responsible for "enforcing SORA."

161. Defendants admit that the director of the Michigan State Police is an appropriate defendant for this action, but defendants deny that any constitutional violation occurred.

162. Admitted.

163. Admitted.

164. Admitted.

165. Defendants admit that there were no annual reporting requirements for registrants in 1995 and that registrants were required to report a change in address within 10 days. Defendants deny that registrants had no other obligation, as they were also required to notify law enforcement within 10 days of being paroled or within 10 days of

final release from the jurisdiction of the Michigan Department of

Corrections (MDOC).  1994 P.A. 295 § 5(1); M.C.L. § 28.725(5)(1).

166.  Admitted.

167.  Admitted.

168.  Defendants admit that SORA has been amended by the

legislature but denies that the amendments have imposed "new

burdens covering more people and more conduct"; amendments have

reduced reporting requirements, reduced the number of persons

required to register, and made changes that do not place additional

burdens on registrants.

169.  Defendants admit that the law enforcement agencies were

required to make registry information available to the public during

regular business hours, and that a member of the general public could

view a paper copy by visiting their local law enforcement agency.

Defendants deny that the version of SORA in place in 1997 did not

allow the Michigan State Police (MSP) to make the information

available to the public through electronic, computerized, or other

accessible means; in fact, the statute specifically authorized it.  1996

P.A. 494 §10(3); M.C.L. § 28.730(3).

170.  Admitted.

171.  Admitted.

172.  Admitted.

173.  Admitted.

174.  Admitted.

175.  Admitted.

176.  Defendants admit that SORA was amended in 2011 to comply with federal SORNA requirements.  Defendants deny that the 2011 amendments "fundamentally altered" Michigan's sex offender registry.

177.  Defendants admit that the 2011 amendments to SORA adopted several federal SORNA reporting requirements, including in-person reporting of personal information.  Defendants also admit that the 2011 amendments to SORA did require some changes of information to be reported "immediately", which exceeded the federal SORNA reporting requirements.  See Pub. L. 109-248, §113; 34 U.S.C. § 20193(c); 2011 P.A. 17, §5(1); M.C.L. 28.725(1).  Defendants deny the personal information required to be reported was "vast".

178. Defendants admit that the 2011 amendments to SORA adopted the federal SORNA tier system, including basing tier classification solely on conviction offense, and applied them retroactively to registrants, which increased the length of registration for registrants convicted of seven crimes, namely M.C.L. § 750.338, 750.338a, 750.338b, 750. 520g(2), and if the victim was under 13 years of age, M.C.L. § 750.520d unless the victim was between the age of 13 and 16 years of age, "consented" to the conduct[3], and the offender is no more than four years older than the victim, M.C.L. § 750.520e if committed by an adult against an individual under 13 years of age[4], and 750.520g(1). Defendants deny that the tier classifications do not correspond to the registrant's risk of reoffending or danger to the public.

179. Admitted.

180. Admitted.

---

[3] Under Michigan law a person under the age of 16 cannot consent to sexual penetration. See M.C.L. § 750.520d.
[4] An adult who has sexual contact with a person under the age of 13 has committed criminal sexual conduct (CSC) 2nd degree, which required lifetime registration prior to the 2011 amendments. This amendment required individuals who committed CSC 2nd but pled to a lesser charge of CSC 4th to register for a length of time consistent with their actual conduct.

181.   Admitted.

182.   Admitted.

183.   Defendants admit that *Does #1-5* found that the SORA imposes punishment, but Defendants deny that any provisions of the 2011 amendments to SORA were found unconstitutional except as applied to the named Plaintiffs in *Does #1-5.*

184.   Defendants admit that the Sixth Circuit in *Does #1-5,* effectively vacated the lower court decision in *Does* I.  Defendants deny that the Sixth Circuit held that any provisions of the SORA were unconstitutional except as applied to the named Plaintiffs in *Does #1-5.*

185.   Defendants deny that any of the requirements under the current version of SORA are unconstitutional.  Defendants admit that the current version of SORA applies to a number of registrants.

186.   The Defendants admit that the United States Supreme Court denied a request for a Writ of Certiorari and requesting an appeal of the *Does #1-5* opinion.

187.   Admitted.

188.   Admitted.

189.  Defendants deny that the 2021 amendments do not terminate the declaratory judgment that retroactive application of the 2006 and 2011 amendments violates the Ex Post Facto Clause.

190.  Defendants deny that the Sixth Circuit found that the 2006 amendments could not be applied retroactively to Plaintiff Roe, who was not a named Plaintiff in *Does # 1-5*.  Defendants also deny that the Sixth Circuit opinion in *Does # 1-5*, which reversed, superseded, and effectively vacated the District Court opinion, limited the application of SORA to Plaintiff Roe in any way.  Defendants agree that Plaintiff Roe was subject to the requirements of SORA.  Defendants lack knowledge and information sufficient to form a belief about the truth of the other allegations and leave Plaintiffs to their proofs.

191.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

192.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

193.  Defendants lack knowledge and information sufficient to form a belief about the truth of this allegation and leave Plaintiffs to their proofs.

194.  Defendants deny that any provisions of SORA were found to be unconstitutional in *Does # 1-5*, except as applied to the named Plaintiff's in that case.  Defendants deny that the District Court's opinion applied to SORA, as it was reversed, superseded and effectively vacated by the Sixth Circuit.  See *Doe v. Snyder*, 449 F.Supp.3d 719, 724 (Sixth Cir. 2020) (*Does II*).  Defendants admit that they enforced SORA as required by Michigan law.

195.  Defendants admit that a class action was filed in *Does II*. Defendants deny that all the claims made by Plaintiffs in *Does II* were decided in Plaintiff's favor in *Does #1-5*.  Defendants neither admit nor deny Plaintiff's other allegations, leaving them to their proofs.

196.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

197.  Defendants neither admit nor deny the allegation because the Order Granting Class Certification speaks for itself.

198.  Defendants neither admit nor deny the allegation because the motion for partial summary disposition and the scheduling order speak for themselves.

199.  Defendants neither admit nor deny the allegation because the stipulated order and motion for summary judgment speak for themselves.

200.  Defendants admit that the court in *Does II* found the SORA provisions related to school safety zones, requirement to report all telephone numbers routinely used by registrants, and the requirement to provide vehicle information for any vehicle the registrant routinely operated, void for vagueness in violation of due process, found that any crime for violating SORA must be interpreted as incorporating a knowledge element, and found that the 2006 and 2011 amendments could not be retroactively applied to registrants.  Defendants also agree that the court found that the following provisions violated the First Amendment:

- (1) the requirement "to report in person and notify the registering authority ... immediately after ... [t]he individual ... establishes any electronic mail or instant message address, or any other designations used in internet communications or postings," M.C.L. § 28.725(1)(f);

- (2) the requirement to report "[a]ll telephone numbers ... routinely used by the individual," M.C.L. § 28.727(1)(h);

- (3) the requirement to report "[a]ll electronic mail addresses and instant message addresses ... routinely used by the individual," M.C.L. § 28.727(1)(l);

- (4) the retroactive incorporation of the lifetime registration's requirement to report "[a]ll electronic mail addresses and instant message addresses assigned to the individual ... and all login names or other identifiers used by the individual when using any electronic mail address or instant messaging system," M.C.L. § 28.727(1)(i).

Defendants deny that the court effectively incorporated the prior holdings of the Sixth Circuit Court.

201.  Defendants deny that all the 2011 amendments were found to be unconstitutional.  Defendants admit that the court denied retroactive application of the 2006 and 2011 amendments, found some provisions in the 2011 amendments unconstitutional, ordered that those provision not be enforced as to anyone, and that the unconstitutional portions of SORA could not be severed from the constitutional parts of the SORA.

202.  Admitted.

203.  Defendants admit that the COVID-19 pandemic made it difficult to complete the steps necessary to implement a final judgment,

difficult for registrants to comply with in person reporting

requirements, and difficult for the legislature to enact legislation.

204.  Admitted.

205.  Defendants neither admit nor deny the allegations because

the amended final judgment speaks for itself. To the extent a response

is required, Defendants admit that the aggregate effect of application of

the 2011 amendments to SORA, constituted an ex post facto

punishment that cannot be separated from the statute, and that SORA

cannot be applied to anyone who committed their crime prior to the

effective dates of the 2011 amendments

206.  Defendants admit that the judgment in *Does II* does not

enjoin enforcement of current SORA.

207.  Admitted.

208.  Defendants admit that the Michigan Supreme Court found

that the aggregate effect of SORA's 2011 amendments increased

registrants' punishment for their offenses in violation of Ex Post Facto,

found that the unconstitutional 2011 amendments to SORA were not

severable from the rest of SORA, and found that some of the 2011

amendments to SORA's provisions, such as school safety zones, were

excessive in relation to SORA's public safety purpose.  Defendants deny

that a single *Mendoza* factor considered by the Michigan Supreme

Court is determinative on whether SORA is considered punishment, or

that the current SORA requirements are excessive in relation to

SORA's public safety purpose.

209.  Defendants lack knowledge and information sufficient to

form a belief about the truth of this allegation and leave Plaintiffs to

their proofs.

210.  Defendants deny that the original version of 2020 H.B. 5679

"simply repeated many of the features of SORA that had already been

held unconstitutional", as the bill attempted to address issues related to

vagueness.  Defendants also deny that the original version of 2020 H.B.

5679, introduced on March 20, 2020, was the version ultimately passed

by the legislature and signed into law on December 29, 2020.

211.  Admitted.

212.  Defendants admit that 2020 P.A. 295 took effect March 24,

2021.  Defendants deny that the Governor signed it on December 31,

2020; it was approved by the Governor on December 29, 2020.  2020

P.A. 295.

213.  Defendants deny that the 2021 amendments to SORA made "minimal" changes, or made SORA more complex, "vaguer", or "harder to understand".

214.  Defendants admit that the 2021 amendments left intact the federal SORNA tier system and reporting requirements, the existence of a public registry, and does not require an individualized assessment of risk for all registrants.  Defendants deny that SORA currently does not provide an individualized assessment of risk for any registrants, that the current reporting requirements are "onerous", or that SORA currently creates "severe burdens" on registrants.

215.  Defendants admit that the 2021 amendments left intact a conviction-based tier system nearly identical to the federal SORNA system, and that some registrants must register for life.  Defendants deny that in almost all cases there is no path of the registry; SORA allows certain registrants to petition for removal from the registry and every single registrant can petition for a pardon for their registrable offense(s).  M.C.L. §  28.722(2)(a)(i); M.C.L. §  28.728c.

216.  Defendants admit that the 2021 amendments to SORA leave intact the federal SORNA tier system requiring registration and

assignment into tiers based on the underlying elements of the

conviction offense, that current SORA requires registration of

developmentally and physically disabled persons, that offenders

convicted of M.C.L. § 750.349 and M.C.L. § 750.349b may have to

register if their victim was a minor under current SORA, that offenders

convicted of M.C.L. § 750.350 may have to register under current

SORA, and that current SORA may require a person as young as 14

years of age to register.  Defendants deny that a person under the age of

16 can consent to sexual penetration; consent is not a defense to a

charge of third-degree criminal sexual conduct with a 13- to 16-year-old

victim. *People v. Starks*, 473 Mich. 227 (2005).  Defendants also deny

that developmentally or physically disabled people lack the ability to

comply with SORA's reporting requirements, that it is "impossible" for

persons with physical or mental limitations to reoffend, that current

SORA as applied requires a person convicted of M.C.L. § 750.349,

750.349b, or 750.350 to register if their offense does not have a sexual

component, or that the only substantive change on who has to register

under current SORA are offenders whose convictions are suppressed

under the Holmes Youthful Trainee Act (M.C.L. § 750.11-750.14 *et. seq.*)

43

217. Defendants admit that the 2021 amendments to SORA leave intact the federal SORNA tier system requiring registration and assignment into tiers based on the underlying elements of the conviction offense, that the tiers determine both the length or registration requirements and the frequency of in person reporting requirements, and that there is no individualized review prior to assignment into tiers. Defendants deny that there is never an individualized review; certain registrants may petition the court for review of their registration requirements. M.C.L. § 28.728c.

218. Defendants deny that the 2021 amendments to SORA retain "virtually all" of the 2011 amendments to SORA, that the 2021 amendments to SORA apply retroactively to pre-2011 registrants any provisions found to be unconstitutional as applied to pre-2011 registrants by the Sixth Circuit in *Does #1-5,* or that the Sixth Circuit in *Does #1-5* found that each individual provision of the 2011 could not be applied retroactively to pre-2011 registrants. Defendants admit that some of the 2011 amendments, such as the federal SORNA tier requirements, have been retained by the passage of the 2021

amendments to SORA and have been retroactively applied to pre-2011 registrants.

219. Defendants admit that the 2021 amendments leave intact the 2011 amendments to SORA adopting the federal SORNA tier system, including basing tier classification solely on conviction offense, and applied them retroactively to registrants, which increased the length of registration for registrants convicted of seven crimes. Defendants also admit that the 2021 amendments leave intact the recapture provision of SORA. Defendants deny that this is retroactively applied to any offenders, as it only applies to offenders who commit a new felony conviction after the effective date of the recapture provision. M.C.L. § 28.723(1)(e).

220. Defendants admit that the 2021 amendments adopted the federal SORNA reporting requirements including the duty to report certain information within three days, a registrant is required to report plans to travel for more than seven days, that several types of changes to a registrant's information must be reported in person, and that some of these requirements are applied retroactively to pre-2011 registrants. Defendants deny that all registrant information reporting requirements

added in 2011 are applied retroactively, that the reporting requirements are "extensive", or that the current reporting requirements are identical to the requirements required by the 2011 amendments to SORA.

221.   Defendants admit that tier I and tier II registrants are placed on a public registry, that the public registry does not list their tier, that the public website contains their picture and personal identifiers, and that the public website includes their home address, business address, school address, and vehicle information.  Defendants deny that placement on the public registry, and not the nature of a registrant's underlying conviction, "brands a registrant as a sex offender", that the 2021 amendments to SORA allow a registrant's email and internet identifiers to be placed on the public website, or that removal of a registrant's tier designation makes everyone on the registry "appear to be equally dangerous" as the registrant's conviction offense is clearly listed.

222.   Admitted.

223.   Defendants admit that the 2021 amendments addressed language that was previously held to be unconstitutionally vague.

46

Defendants deny that current SORA's reporting requirements are "incredibly unclear", "vaguer than the old language", or require reporting of events going back decades.

224. Defendants admit that 2021 amendments to SORA added a knowledge requirement to all crimes, probation violations, or parole revocations, for failing to comply with SORA. Defendants also admit that SORA currently allows a person who has two prior convictions for willfully violating SORA, other than a person failing to comply with M.C.L. § 28.725a, to be charged with a 10-year felony, and that a registrant may be charged with a 90-day misdemeanor for failing to pay the SORA registration fee. Defendants deny that SORA "imposes" any prison term.

225. Defendants admit that only certain registrants can petition for removal from the registry under SORA. Defendants deny that registrants who meet the statutory criteria for removal may not petition for removal, that there is no path off the registry for all registrants (e.g., the registrant can petition for a pardon), or that all juveniles required to register must wait to petition the court for removal. M.C.L. § 28.728c(3),(14),(15).

226.  Defendants admit that the 2021 amendments to SORA removed school safety zones, that the public registry contains a registrant's home and work addresses, and that the public registry provides a mapping tool allowing a person to see where registrants live and work.  Defendants deny that public registry, and not the registrants underlying conviction, "brands" registrants as "sex offenders on the internet", or that placement on the public registry, and not the registrant's underlying conviction(s), cause any difficulty in finding and keeping housing and employment.

227.  Defendants admit that Plaintiffs have attached several expert reports to their complaint.

228.  Defendants admit that Plaintiff have correctly cited M.C.L. § 28.721a.

229.  Defendants admit that reducing recidivism helps increase public safety and that a reduction in overall recidivism might reduce the risk of sexual crimes.  Defendants deny that the "idea" that SORA promotes public safety is "based on the assumption that sex offender registration will reduce recidivism by people with prior convictions", that SORA is only concerned with offenses with a sexual element and

48

not enumerated offenses, that the ability to monitor individuals previously convicted of a specified crime doesn't benefit public safety regardless of recidivism, and deny that there is no benefit to public welfare, public morals, or public heath not directly related to public safety by monitoring of individuals convicted of enumerated offenses.

230.  Defendants deny that sex offender registration and notification laws do nothing to benefit public safety, or that there is a clear consensus on the issue.

231.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

232.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

233.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

234.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

235.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

236.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

237.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

238.   Defendants deny that SORA "focuses on strangers who might pose a danger", as many registrants may have acquaintances, family members, or other people, including children, that they are close to, making them potential victims.   Defendants admit that a person on a public registry might be less able to create relationships that would allow access to victims, especially children.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the

allegations in the cited research and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

239. Defendants deny that the low proportion of sex crimes involving individuals on the registry shows that SORA is ineffective at reducing sexual reoffending or making communities safer; to the contrary, the low recidivism rate for registrants tends to show the opposite. Defendants also deny that research showing that people are more often sexually assaulted by people they know means that SORA is ineffective in reducing the incidence of sexual crimes; to the contrary, by making potential victims aware of a registrant's prior conviction, the victim may be less likely to create the type of relationship allowing for victimization.

240. Defendants deny that SORA fails to improve community safety of that SORA undermines the ability of registrants to integrate into the community.

241. Defendants deny that there is a consensus that registration requirements, and not the nature of the registrants underlying conviction, have difficulty finding and maintaining stable housing, employment, and "prosocial relationships."

242. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

243. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

244. Defendants deny that the existence of a public registry, and not the registrant's underlying conviction, is responsible for the "creation of a pariah class", difficulty of reintegrating into society, or an increase in recidivism by exacerbating the "core risk factors known to contribute to reoffending."

245. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

246. Defendants admit that SORA has adopted the federal SORNA reporting and tier requirements that registrants must report various kinds of information, that the information sometimes must be reported in person, that the information sometimes must be reported within three business days, and that some registrants must register for

life. Defendants deny that SORA requires reporting a "vast" amount of information.

247. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

248. Defendants deny that law enforcement officials do not use the information registrants report, that changes in information required to be reported in person are "trivial changes", that failure to report information by registrants has no impact on sexual re-offense rates, that the information required to be reported is "extensive", that the reporting requirements are "intensive", or that SORA is a "one-size-fits-all regime."

249. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

250. Defendants admit that SORA currently retains the federal SORNA tier reporting and classification requirements adopted in 2011 and that the legislature has determined that registrants pose a potential serious menace and danger to the health, safety, morals, and

welfare of the people, and particularly the children, of Michigan. Defendants deny it is a "one-size-fits-all regime designed for the highest risk offenders" or that SORA "presumes" that all registrants pose the same risk to public safety.

250.   Defendant admits that Plaintiffs have correctly cited provisions of the law, but the law speaks for itself, and no other response is required.

251.   Defendants state that the allegation represents a legal conclusion by which law does not require an answer. To the extent an answer may be required, Defendants deny the allegations as untrue.

252.   Defendants state that the allegation represents a legal conclusion by which law does not require an answer. To the extent an answer may be required, Defendants deny the allegations as untrue.

253.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

254.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

255.  Defendants admit the general population of adult males are not placed on the sex offender registry. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

256.  Defendants lack knowledge and information sufficient to form a belief as to the truth of allegation and leave Plaintiffs to their proofs.

257.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

258.  Defendants admit that SORA 2021 is intended to serve a public protection function. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

259.  Defendants deny the allegation that the sex offender registration law is ineffective. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

260. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

261. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

262. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

263. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

264. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

265. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

266.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

267.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

268.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

269.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

270.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

271.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

272.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

273.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

274.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

275.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

276.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

277.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and leaves Plaintiffs to their proofs.

278.  Defendants admit the general population of adult males are not placed on the sex offender registry. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

279.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

280.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

281.  Defendants state that the allegations represent a legal conclusion which by law does not require an answer. To the extent that an answer may be required, Defendants deny the allegation as untrue.

282.  Defendants admit Michigan does not use risk assessments to determine a person's registry classification. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

283. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

284. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

285. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

286. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

287. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

288. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

289.  Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, Defendants admit the Michigan Legislature does not mandate individual risk assessments as a precondition to registration.

290.  Defendants admit the Michigan Legislature does not mandate individual risk assessments as a precondition to registration. Defendants deny the allegation that the law disregards registrants' risk to the general public as untrue. The severity of the underlying crime is an indicator of risk. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

291.  Defendants state that the allegation represents a legal conclusion by which law does not require an answer. To the extent that an answer may be required, Defendants admit that the Michigan Legislature does not permit removal from the registry based on individual risk assessments.

292.  Defendants admit that registrants must report in-person even if the registrant has lived successfully in the community.

61

Defendants also admit that the Michigan Legislature requires some registrants to register for 25 years and others are required to register for life. Defendants deny that the registrants' reporting obligation are extensive. The reporting obligations are reasonable because they correspond with the risk posed by the registrants to the public.

293. Defendants admit that Plaintiffs have correctly cited provisions of the law, but the law speaks for itself, and no other response is required.

294. Defendants deny the allegation as untrue.

295. Defendants admit that Plaintiffs have correctly cited provisions of the law, but the law speaks for itself, and no other response is required.

296. Defendants admit that Plaintiffs have correctly cited provisions of the law, but the law speaks for itself, and no other response is required.

297. Defendants admit that the Michigan Legislature does not mandate individual risk assessments. Defendants deny that the Michigan Legislature's tier classifications and the reporting obligations

associated with those tiers do not correspond to the registrants' risk of reoffending or danger to the public.

298.   Defendants deny the allegation as untrue.

299.   Defendants deny the allegation that the severity of the offense is unrelated to the likelihood of recidivism. Defendants lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegation and leaves Plaintiffs to their proofs.

300.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

301.   Defendants admit that the Michigan Legislature's tier classifications are based on the seriousness of the registrants' crime and the victims' age. Defendants deny that the tier classifications do not correspond to the registrants' risk of reoffending or danger to the public.

302.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

303.   Defendants deny the allegation as untrue.

304.  Defendants deny Plaintiffs have a track record of living successfully in society because each have felony convictions. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

305.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

306.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

307.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

308.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

309.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to

their proofs. In further response, John Doe A is not on the public registry.

310.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

311.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

312.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

313.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

314.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs. In further response, John Doe H is not on the public registry.

315.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs. In further response, Ms. Roe and Ms. Doe are not on the public registry.

316.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

317.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs. In further response, Ms. Doe and Ms. Roe are not on the public registry.

318.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

319.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

320.  Defendants admit that sexual offenders are a diverse group whose risk of reoffending and danger to the public vary.

66

321.  Defendants admit that the Michigan Legislature requires sexual offenders to register even if the offenders remain offense free after their initial conviction. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leaves Plaintiffs to their proofs.

322.  Defendants admit that the exhibit Plaintiffs cite that was submitted in *Does I* litigation identifies the number of registrants in January 2001, January 2006, and January 2011. Defendant also admits that as of the date of this filing, there are approximately 53,834 registrants. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs.

323.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

324.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

325.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

326.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leaves Plaintiffs to their proofs.

327.  Defendants deny the allegation that SORA imposes extremely long registration terms. The registration periods correspond with the risk posed by the registrants. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leaves Plaintiffs to their proofs.

328.  Defendants admit that the Michigan Legislature requires Tier I offenders register for 15 years, Tier II offenders register for 25 years, and Tier III offenders register for life. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

329.  Defendants deny that the Michigan Legislature's tier classifications do not correspond to the registrants' risk of reoffending or danger to the public. Defendants lack knowledge and information

sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs

330.   Defendants deny the allegation as untrue.

331.   Defendants admit that Plaintiff have correctly cited a portion of *Smith v Doe*, 538 U.S. 84 (2003), but state that the Supreme Court's decision speaks for itself. Defendants also admit that technology has changed since 2003. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

332.   Defendants deny that the Michigan Legislature's tier classifications do not correspond to the registrants' risk of reoffending or danger to the public. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

333.   Defendants admit that Plaintiffs have correctly cited the registries search page. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

334.   Defendants admit that the online registry allows users to browse a list of registrants or search for registrants by name or address.

335.   Defendants admit the allegation.

336.   Defendants admit the allegation.

337.   Defendants admit that the online registry includes registrants photograph and other information. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

338.   Defendants admit that the online registry shows whether the registrant is in compliance with their reporting and fee requirements. Defendants deny as untrue the allegation that noting registrants' noncompliance with fee and reporting requirements suggests that a registrant is a danger to the public.

339.   Defendants admit that the online registry includes buttons that allow a user to "track offender," "map offender," and "submit a tip". Defendants deny as untrue that those features suggest that a registrant is dangerous.

340.   Defendants admit the allegation.

341.   Defendants admit the allegation.

70

342. Defendants admit the allegation.

343. Defendants admit that the online registry provides registrants' weight, height, and race. But Defendants deny as untrue that information about registrants' compliance status, registration status, last verification date, registration number, and MDOC number suggests that the registrant is dangerous.

344. Defendants admit the allegation.

345. Defendants admit that the online registry lists the registrants' registerable offenses. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leaves Plaintiffs to their proofs.

346. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and leaves Plaintiffs to their proofs.

347. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations and leaves Plaintiffs to their proofs.

348. Defendants admit the allegation.

349. Defendants admit that registrants' personal information is published on the registry. Defendants deny as untrue that posting registrants' personal information on the registry suggests that the registrants are dangerous. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leaves Plaintiffs to their proofs.

350. Defendants admit that present day internet is different than 2003 internet. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leaves Plaintiffs to their proofs.

351. Defendants admit that Plaintiffs accurately quotes *Packingham v North Carolina,* 137 S. Ct. 1730 (2017), but the opinion speaks for itself, and no other response is required.

352. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

353. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

72

354.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

355.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

356.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

357.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

358.  Defendants lack knowledge and information sufficient to form a belief as to the truth of allegation and leave Plaintiffs to their proofs.

359.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

360.  Defendants deny as untrue the allegation that the registry labels registrants as sex offenders. In further response, Ms. Doe is not on the public registry. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

361.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, Ms. Roe is not on the public registry.

362.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

363.  Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, Defendants deny the allegations as untrue.

364.  Defendants state that the allegations represent a legal conclusion which by law does not require an answer. To the extent that an answer may be required, Defendant denies the allegations as untrue.

365.  Defendants state that the allegations represent a legal conclusion which by law does not require an answer. To the extents an

answer may be required, Defendants deny that Plaintiffs internet ID's and email addresses are published on the public registry. In further response, the federal SORNA requires registrants report the same information.

366.   Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.

367.   Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.

368.   Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.

369.   Defendants admit that Plaintiffs have correctly cited provisions of the law, but the law speaks for itself, and no other response is required. In further response, the explanation of duties attached to the complaint speaks for itself.

370.  Defendants admit that Plaintiffs have correctly cited provisions of the law, but the law speaks for itself, and no other response is required.

371.  Defendants admit that Plaintiffs have correctly cited provisions of the law, but the law speaks for itself, and no other response is required.

372.  Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, Defendants deny the allegation as untrue. In further response, the explanation of duties speaks for itself.

373.  Defendant admits that registrants must sign the declaration. In further response, the declaration speaks for itself.

374.  Defendants admit that Plaintiffs have correctly cited provisions of the law, but the law speaks for itself, and no other response is required.

375.  Defendants state that the allegations represent a legal conclusion which by law does not require an answer. To the extent that an answer may be required, Defendants deny the allegations as untrue. In further response, the explanation of duties speaks for itself.

376.   Defendants state that the allegations represent a legal conclusion which by law does not require an answer. To the extent that an answer may be required, Defendants deny the allegations as untrue.

377.   Defendants admits that not every law enforcement agency in Michigan handles registration. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

378.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

379.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

380.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

381.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

382. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

383. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

384. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

385. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, Ms. Doe is not on the public registry.

386. Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent than an answer may be required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

387. Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent than

an answer may be required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

388.  Defendants admit that Plaintiffs have correctly cited provisions of the law, but the law speaks for itself, and no other response is required.

389.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

390.  Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, the statute speaks for itself. In further response, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

391.  Defendants admit that the online registry includes a "submit a tip" button that notifies users if a new tip is in the system.

392.  Defendants admit the allegation.

393.  Defendants deny that MSP enforcement members conduct regular sweeps to check for SORA compliance. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

394.  Defendants deny that MSP enforcement members conduct regular sweeps related to SORA compliance. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

395.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, Mr. Doe A is not on the public registry.

396.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

397.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

398.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

399.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

400.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, Ms. Doe is not on the public registry.

401.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

402.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

403.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

404. Defendants deny the allegation as untrue. Publishing registrants name and information on the registry does not limit registrants access to housing, increase homelessness, or prevent registrants from living with their families.

405. Defendants deny the allegation as untrue. Publishing registrants name and information on the registry does not suggest that the registrants are dangerous.

406. Defendants admit that Plaintiff have correctly cited provisions of the law, but the law speaks for itself, and no other response is required. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs.

407. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

408. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

409.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

410.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

411.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

412.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

413.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

414.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

415.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

416.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

417.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

418.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

419.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

420.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

421.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

422.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

423.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

424.  Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, the statute speaks for itself. In further response, Defendants deny as untrue the allegation that SORA limits access to employment.

425.  Defendants admit the allegation that registrants' employment information and work addresses are posted online. Defendants deny as untrue that posting the information online creates a disincentive for employers to hire registrants. Defendants lack

knowledge and information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs.

426. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

427. Defendants deny as untrue the allegation that publishing registrants' information online causes a reduction in registrants employment opportunity. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs.

428. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

429. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

430. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

431.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

432.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

433.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

434.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, Mr. Doe A meets the statutory definition of sex offender under MCL 750.349; 750.349v(ii).

435.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

436.  Defendants admit the allegation that requirements are imposed based on conviction rather than individualized review and they may require lifetime registration. Defendants deny the allegation as

untrue because Mr. Doe A is not listed on the public registry, and he meets the statutory definition of sex offender under M.C.L. § 750.349; 750.349v(ii). Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs.

437. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, Mr. Doe A is not listed on the public registry.

438. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

439. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

440. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

441.  Defendants deny as untrue the allegation that publishing registrants' information online suggests that the registrants are present dangers to the community. In further response, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs.

442.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

443.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

444.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

445.  Defendants deny as untrue that publishing registrants' information online causes registrants to lose employment. In further response, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

446.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

447.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

448.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

449.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

450.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

451.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

452.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

453.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

454.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

455.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

456.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

457.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

458.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

459.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

460.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

461.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

462.  Defendants deny the allegation as untrue because Mr. Doe H is not listed on the public registry. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs.

463.  Defendants deny the allegation as untrue because Ms. Doe is not listed on the public registry. Defendants lack knowledge and

information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs.

464.   Defendants deny the allegation as untrue because Ms. Doe is not listed on the public registry. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs.

465.   Defendants deny the allegation as untrue because Ms. Roe is not listed on the public registry. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs.

466.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, Ms. Roe is not only the public registry.

467.   Defendants deny as untrue that the registry causes registrants to lose educational opportunities.

468.   Defendants lack knowledge and information sufficient to from a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

469.  Defendants deny as untrue that the registry causes registrants to lose educational opportunities. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs.

470.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

471.  Defendants admit that SORA requires registrants to report where they attend school. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs.

472.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

473.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

474.  Defendants deny as untrue that the registry causes a restriction on registrants' ability to travel. Defendants lack knowledge

and information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs.

475.    Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.

476.    Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.

477.    Defendants deny the allegation as untrue because the SORA does not prohibit month long travel.

478.    Defendants admit that other states have their own SORA laws that may impact registrants. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

479.    Defendants deny the allegation as untrue because Ms. Mary Roe, Ms. Mary Doe, Mr. Doe A, and Mr. Doe H are not listed on the public registry. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs.

480. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

481. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

482. Defendants admit that other states and countries have their own SORA laws that may impact registrants. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

483. Defendants admit that other states have their own SORA laws that may impact registrants. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

484. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

485. Defendants admit that other states and countries have their own SORA laws that may impact registrants. Defendants lack

knowledge and information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs.

486.   Defendants admit that other states and countries have their own SORA laws that may impact registrants. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs.

487.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

488.   Defendants admit the allegation that Ms. Doe is not on the public registry. In further response, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations and leave Plaintiffs to their proofs.

489.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

490.   Defendants state that the allegation represents a legal conclusion which by law does not require an answer. Defendants deny

as untrue because SORA does not restrict registrants' ability to speak freely on the internet.

491. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.

492. Defendants admit that Plaintiffs have correctly cited M.C.L. § 28.722(g), but the statute speaks for itself, and no other response is required. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation regarding whether the language is confusing and leave Plaintiffs to their proofs.

493. Defendants deny the allegation as untrue because the plain language of the statute does not authorize posting internet ID's and email addresses on the public registry. Mich. Comp. Law § 28.725(2)(a) and 28.727(1)(i). And federal regulations prohibit the public posting of such information. 28 U.S.C. § 20916(c) and 20920(b)(4); 76 F.R. § 1630, 1637; 86 F.R. § 69856, 69858.

494. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required. Defendants lack knowledge and information sufficient to

form a belief as to the truth of the allegation regarding whether the language is confusing and leave Plaintiffs to their proofs.

495.   Defendants deny the allegation as untrue because Mr. John Doe A is not on the public registry. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs.

496.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

497.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

498.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

499.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

500. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

501. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

502. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

503. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

504. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response Defendants state that the plain language of the statute does not authorize posting internet ID's and email addresses on the public registry. Mich. Comp. Law § 28.725(2)(a) and 28.727(1)(i). And federal regulations prohibit the public posting of

such information.  28 U.S.C. § 20916(c) and 20920(b)(4); 76 F.R. § 1630, 1637; 86 F.R. § 69856, 69858.

505. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

506. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

507. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, Ms. Doe is not listed on the public registry.

508. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

509. Defendants admit the allegation that Ms. Doe is not on the public registry.  In further response, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations and leave Plaintiffs to their proofs.

510. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

511. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

512. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

513. Defendants admit the allegation that Ms. Roe is not on the public registry.  In further response, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations and leave Plaintiffs to their proofs.

514. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

515. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

516. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

517. Defendants deny the allegation as untrue because Mr. Doe A is not listed on the public registry and he meets the statutory definition of sex offender under M.C.L. § 750.349; 750.349v(ii).

518. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

519. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

520. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

521. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

522. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

523. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

524. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

525. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

526. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

527. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

528. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

529. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

530. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.

531. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

532. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

533. Defendants admit that Plaintiffs have correctly cited a holding for *Does I*, but the opinion speaks for itself, and no other response is required.  Defendants deny the remainder of the allegation

as untrue for the reason that the new SORA mirrors the federal SORNA.

534. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.

535. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

536. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.  In further response, Defendants deny the remainder of the allegations as untrue.

537. Defendants admit that Plaintiffs have correctly cited analysis in *Does I*, but the opinion speaks for itself, and no other response is required.  In further response, Defendants deny the allegation that the same distinction cannot be made here.  In further response, the declaration speaks for itself.

538. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

539. Defendants admit that Plaintiffs have correctly cited a holding for *Does I*, but the opinion speaks for itself, and no other response is required.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding the legislature intent and whether the language is confusing and leave Plaintiffs to their proofs. Defendants admit that Plaintiffs have correctly cited a provision of the new SORA, but the law speaks for itself, and no other response is required.

540. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

541. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

542. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

543. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. Defendants admit that if Plaintiff reported a vehicle, it would be listed on the registry.

544. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, Doe H is not on listed on the public registry.

545. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required. In further answer, the new SORA is consistent with federal SORNA that requires reporting the "place of employment" under 34 U.S.C. § 29014(a)(4) and is consistent with the

same language examined by the U.S. Supreme Court in *Smith v. Doe*,
538 U.S. 84, 90 (2003).

546. Defendants lack knowledge and information sufficient to
form a belief as to the truth of the allegation and leave Plaintiffs to
their proofs.

547. Defendants lack knowledge and information sufficient to
form a belief as to the truth of the allegation and leave Plaintiffs to
their proofs.

548. Defendants admit that Plaintiffs have correctly cited a
provision of the law, but the law speaks for itself, and no other response
is required. Defendants lack knowledge and information sufficient to
form a belief as to the truth of the remainder of the allegations and
leave Plaintiffs to their proofs.

549. Defendants admit that Plaintiffs have correctly cited a
provision of the law, but the law speaks for itself, and no other response
is required.

550. Defendants lack knowledge and information sufficient to
form a belief as to the truth of the allegation and leave Plaintiffs to
their proofs.

551. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations and leave Plaintiffs to their proofs.

552. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

553. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.  In further response, SORNA requires the same information.  34 U.S.C. § 20914(a)(1).  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

554. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.  In further response, SORNA requires the same information.  28 C.F.R. § 72.6(c).

555. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

556. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations and leave Plaintiffs to their proofs.

557. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

558. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

559. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

560. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response

is required.  In further response, SORNA requires the same
information. 34 U.S.C. § 20914(b)(1).

561. Defendants admit that Plaintiffs have correctly cited a
provision of the law, but the law speaks for itself, and no other response
is required.  Defendants lack knowledge and information sufficient to
form a belief as to the truth of the allegation and leave Plaintiffs to
their proofs. In further response, SORNA requires the same
information.  34 U.S.C. § 20913(c).

562. Defendants admit that Plaintiffs have correctly cited a
provision of the law, but the law speaks for itself, and no other response
is required.  Defendants state that the remainder of the allegations
represent a legal conclusion which by law does not require an answer.

563. Defendants admit the allegation.

564. Defendants deny as untrue the allegation that student
interns complete tier assignments for people with out-of-state
convictions. Defendants neither admit nor deny the remaining
allegations because the Joint Statement of Facts entered in *Does I*
speaks for itself.

565. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.

566. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.

567. Defendants admit the allegation regarding sending the letter and that the letter does not provide a complete description of a registrants duties under SORA 2021 because the duties are set forth in the statute itself. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations and leave Plaintiffs to their proofs.

568. Defendants deny as untrue the allegation that MSP does not track whether registrants receive letters. Letters returned to MSP are scanned. Returned letters with a forwarding address are scanned and send out to the provided address. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations and leave Plaintiffs to their proofs.

569. Defendants admit the allegation regarding updating the form and that it is supposed to be provided to registrants. Defendants deny the remainder of the allegation as untrue.

570. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

571. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

572. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

573. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, Defendants admit that registration requirements under state law may have implications under other laws.

574. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

575. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

576. Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, Defendants admit that other states have their own SORA laws that may impact registrants. In further response, SORNA contains the same requirement. 28 C.F.R. § 72.6(c).

577. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

578. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

579. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

580. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

581. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

582. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

583. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

584. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

585. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

586. Defendants admit that the MSP Sex Offender Registration Unit maintains the registry and its total annual expenses are

approximately $1.9 million. In further response, the declaration speaks for itself.

587. Defendants admit that there are approximately 35,000 non-incarcerated registrants and most must report 4 times a year. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

588. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

589. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

590. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

591. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

592. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

593. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

594. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

595. Defendants admit the allegation. In further response, Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.

596. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself. In further answer, Michigan has substantially implemented SORNA.

597. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

598. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.  In further response, the declaration speaks for itself.

599. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required. In further response, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

600. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.

601. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

602. Defendants admit that Plaintiffs have correctly cited a holding for *Does I AND Does II*, but the opinions speak for themselves, and no other response is required.

603. Defendants admit the allegation that the new SORA eliminated exclusion zones.  Defendants state that the remainder of the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the law speaks for itself.

604. Defendants admit the allegation.

605. Defendants admit the allegation.

606. Defendants admit the allegation.

607. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.  In further response, the new SORA is consistent with federal SORNA.

608. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the law speaks for itself, and no other

response is required.  In further response, the new SORA is consistent with federal SORNA.

609. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further answer, the law speaks for itself, and no other response is required.

610. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.  In further response, the letter speaks for itself and identifies which information does not need to be updated in person.

611. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the law and forms speak for themselves.

612. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the law speaks for itself.

613. Defendants admit the allegation.

614. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.

615. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

616. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

617. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

618. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

619. Defendants admit the allegation.

620. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

621. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

622. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

623. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the quote speaks for itself.

624. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

625. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

626. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

627. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, the declaration speaks for itself.

628. Defendants admit that purpose of SORA is to prevent recidivism. In further response, the statute speaks for itself with respect to its purposes and the statute does not require MSP to track the impact of registration on recidivism. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation regarding analyzing SORA data to determine effectiveness of the registry because it is unclear what "SORA data" refers to, what effectiveness means, and Defendants do not know if other branches of government track this information and leave Plaintiffs to their proofs. In further response, the Joint Statement of Facts refers to Offender Watch, which is an old system no longer in use.

629. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

630. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

631. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

632. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation regarding animus and leave Plaintiffs to their proofs. In further response, Defendants deny the remainder of the allegations as untrue.

633. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

634. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, Defendants admit that the allegation speaks for itself.

635. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that

an answer may be required, Defendants admit that the allegation

speaks for itself and that the class has already been certified.

636. Defendants state that the allegation represents a legal

conclusion which by law does not require an answer.  To the extent that

an answer may be required, Defendants admit that the allegation

speaks for itself and that the class has already been certified.

637. Defendants admit the allegation.

638. Defendants lack knowledge and information sufficient to

form a belief as to the truth of the allegation and leave Plaintiffs to

their proofs.

639. Defendants state that the allegation represents a legal

conclusion which by law does not require an answer.  To the extent that

an answer may be required, Defendants admit that the class has

already been certified.

640. Defendants state that the allegation represents a legal

conclusion which by law does not require an answer.  To the extent that

an answer may be required, Defendants admit that the class has

already been certified.

641. Defendants admit the allegations regarding the data filed and further respond that the declaration speaks for itself. In further response, Defendants state that the allegations regarding joinder represents a legal conclusion which by law does not require an answer. Defendants admit that the class has already been certified.

642. Defendants admit that there are approximately 38,444 registered sex offenders with conviction dates before July 1, 2011. In further response, the declaration speaks for itself. Defendants admit that the class has already been certified.

643. Defendants admit the allegation that certain registrants were retroactively required to register for life. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs.

644. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, Defendants admit that the class has already been certified.

645. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to

their proofs. In further response, Defendants admit that the class has already been certified.

646. Defendants admit the allegation. In further response, Defendants admit that the class has already been certified.  In further response, MSP states that it is in the process of removing those individuals from the registry in light of the *Lymon* decision.

647. Defendants admit the allegation.  In further response, the declaration speaks for itself.  In further response, Defendants admit that the class has already been certified.

648. Defendants state that the allegation regarding joinder represents a legal conclusion which by law does not require an answer. In further response, Defendants admit that the class has already been certified.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation regarding registrants indigency status and leave Plaintiffs to their proofs.

649. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, Defendants admit that the class has already been certified.

650. Defendants admit the allegation regarding litigation of the old SORA.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations and leave Plaintiffs to their proofs.  In further answer, Defendants admit that the class has already been certified.

651. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, Defendants admit that the class has already been certified.

652. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, Defendants admit that the class has already been certified.

653. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, Defendants admit that the class has already been certified.

654. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that

an answer may be required, Defendants admit that the class has already been certified.

655. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, Defendants admit that the class has already been certified.

656. No response is required.

657. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, Defendants deny the allegation as untrue.

658. Defendants admit that Plaintiffs have correctly cited a holding for *Does I*, but the opinion speaks for itself, and no other response is required.  In further response, the new SORA mirrors the federal SORNA, which has been upheld on Ex Post Facto grounds.

659. Defendants admit that Plaintiffs have correctly cited a holding for *Does II*, but the opinion speaks for itself, and no other response is required.  In further response, the new SORA mirrors the federal SORNA, which has been upheld on Ex Post Facto grounds.

660. Defendants admit that Plaintiffs have correctly cited a holding for *Betts*, but the opinion speaks for itself, and no other response is required.  In further response, the new SORA mirrors the federal SORNA, which has been upheld on Ex Post Facto grounds.

661. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the law speaks for itself.

662. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the law speaks for itself.

663. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the cases speak for themselves.

664. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the new SORA mirrors the federal SORNA, which has been upheld on Ex Post Facto grounds.

665. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the cases speak for themselves.

666. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

667. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.

668. Defendants admit the allegation that some registrants are required to register for life. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegation and leave Plaintiffs to their proofs. In further response, SORA speaks for itself.

669. Defendants admit the allegation.  In further response, the law does not require individualized determination.

670. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.  In further response, the declaration speaks for itself.

671. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the cases speak for themselves.

672. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.

673. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.

674. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.

675. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

676. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the case speaks for itself.

677. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the case speaks for itself.

678. Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, the case speaks for itself.

679. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

680. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

681. Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further answer, the new SORA mirrors the federal SORNA, which has been upheld as constitutional.

682. Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation

and leave Plaintiffs to their proofs.  In further answer, the new SORA
mirrors the federal SORNA, which has been upheld as constitutional.

683. Defendants state that the allegation represents a legal
conclusion which by law does not require an answer.  To the extent that
an answer may be required, Defendants lack knowledge and
information sufficient to form a belief as to the truth of the allegation
and leave Plaintiffs to their proofs.  In further answer, the new SORA
mirrors the federal SORNA, which has been upheld as constitutional.

684. Defendants lack knowledge and information sufficient to
form a belief as to the truth of the allegation and leave Plaintiffs to
their proofs.

685. Defendants state that the allegation represents a legal
conclusion which by law does not require an answer.  To the extent that
an answer may be required, Defendants lack knowledge and
information sufficient to form a belief as to the truth of the allegation
and leave Plaintiffs to their proofs.  In further answer, the new SORA
mirrors the federal SORNA, which has been upheld as constitutional.

686. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

687. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the case speaks for itself.

688. Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent an answer may be required, the statute speaks for itself.

689. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the statute speaks for itself.

690. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the statute speaks for itself.

691. Defendants deny the allegation as untrue.

692. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

693. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.

694. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

695. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

696. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

697. Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, the cases and references cited speak for themselves.

698. Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, Defendants lack knowledge and

information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

699. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the statute speaks for itself.

700. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

701. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

702. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

703. Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, the statute speaks for itself.

704. Defendants admit the allegation that requirements are imposed based on conviction rather than individualized review and they may require lifetime registration. In further response, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

705. Defendants admit the allegation that certain information of some registrants is entered into the public registry. In further response, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

706. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

707. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

708. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

709. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

710. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

711. Defendants admit the allegation that the information provided by registrants may be available through other sources. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations and leave Plaintiffs to their proofs.

712. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

713. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the law speaks for itself.

714. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the law speaks for itself.

715. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.

716. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.

717. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.

718. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

719.  Defendants state that the allegation represents a legal conclusion which by law does not require an answer.

720. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  In further answer,

Defendants admit that registration is a result of conviction for specified crimes.

721. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the case speaks for itself.

722. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

723. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the case speaks for itself.

724. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

725. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

726. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.

727. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

728. Defendants admit the allegation that people of certain crimes must register as sex offenders and must comply with statutory requirements.  In further response, Defendants lack knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations and leave Plaintiffs to their proofs. In further response, MSP states that it is in the process of removing all individuals convicted under MCL 750.349(b); 750.349(v)(ii); or 750.349v(iii) from the registry in light of the *Lymon* decision.

729. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required MSP states that it is in the process of removing all individuals convicted under M.C.L. §    750.349(b); 750.349(v)(ii); or 750.349v(iii) from the registry in light of the *Lymon* decision.

730. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that

an answer may be required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

731. Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required MSP states that it is in the process of removing all individuals convicted under M.C.L. § 750.349(b); 750.349(v)(ii); or 750.349v(iii) from the registry in light of the *Lymon* decision.

732. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

733. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

734. Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, MSP states that it is in the process of removing all individuals convicted under M.C.L. § 750.349(b);

750.349(v)(ii); or 750.349v(iii) from the registry in light of the *Lymon* decision.

735. Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

736. Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

737. Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, MSP states that it is in the process of removing all individuals convicted under M.C.L. § 750.349(b); 750.349(v)(ii); or 750.349v(iii) from the registry in light of the *Lymon* decision.

738. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

739. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the law speaks for itself.

740. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, Defendants deny the allegation as untrue.

741. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

742. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

743. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.  To the extent that an answer may be required, the law and document speak for themselves.

146

744. Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, the statutes speak for themselves.

745. Defendants admit that Plaintiffs have correctly stated what is on the form, but it speaks for itself, and no other response is required.

746. Defendants admit that Plaintiffs have correctly stated what is on the form, but it speaks for itself, and no other response is required.

747. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.

748. Defendants deny the allegation as untrue. In further answer, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation regarding registrants understanding and leave Plaintiffs to their proofs.

749. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.

750. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

751. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.

752. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

753. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.

754. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.

755. Defendants admit that Plaintiffs have correctly cited a provision of the law, but the law speaks for itself, and no other response is required.

756. Defendants admit the allegation regarding the old SORA, but deny the allegation as untrue the allegation regarding the new SORA.

757. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

758. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

759. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs. In further response, posting such information is inconsistent with federal law.

760. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

761. Defendants state that the allegation represents a legal conclusion which by law does not require an answer. To the extent that an answer may be required, Defendants deny that email addresses or internet identifiers are made public. Doing so would be a violation of federal law.

762. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation and leave Plaintiffs to their proofs.

763. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.

764. Defendants state that the allegation represents a legal conclusion which by law does not require an answer.

## AFFIRMATIVE DEFENSES

Defendants give notice that they may rely upon the following affirmative defenses in this matter:

1.     To the extent Plaintiffs may be seeking monetary damages against the Defendants in their official capacity, some or all of their claims may be barred by the Eleventh Amendment.

2.     Plaintiff has failed to state a claim upon which relief may be granted because the new SORA does not violate the Ex Post Facto Clause.

3.     Plaintiffs have failed to state a claim upon which relief may be granted because the new SORA does not violate Plaintiffs' due process rights.

4.     Plaintiffs have failed to state a claim upon which relief may be granted because the new SORA does not violate the First Amendment.

150

5.     Plaintiffs have failed to state a claim upon which relief may be granted because the new SORA is not unconstitutionally vague.

6.     Plaintiffs have failed to state a claim upon which relief may be granted because the new SORA does not violate Plaintiffs' equal protection rights.

7.     Some or all of Plaintiffs' claims may be barred by the applicable statute of limitations.

8.     Some or all of Plaintiffs' claims may be barred because they are moot.

9.     Some or all of Plaintiff's losses and damages, if any, were caused by Plaintiff's own conduct or the conduct of third parties and not attributable to Defendants.

10.     Some or all of Plaintiff's claims may be barred by res judicata/claim preclusion.

11.     Some or all of Plaintiff's claims may be barred by collateral estoppel/issue preclusion.

12.     To the extent Plaintiffs' claims rely upon plea agreements they voluntarily accepted, such claims may be barred due to release, settlement, and/or accord and satisfaction.

13.    Some or all of Plaintiffs' claims may be barred by the doctrine of abstention because a state court ruling clarifying state law may make a federal court ruling on constitutionality unnecessary.

14.    Plaintiffs are not being restricted by SORA from engaging in any of the constitutionally protected conduct alleged in the Complaint.

15.    Defendants reserve the right to raise further defenses or assert other matters revealed by continuing investigation and discovery, including all defenses available under Federal Rules of Civil Procedure 12 and 56, upon the completion of discovery and as the Court permits.

16.    Dismissal may be appropriate because Defendants Col Gasper and Governor Whitmer are not proper party defendants.

Respectfully submitted,

*/s/ Eric M. Jamison*
Eric M. Jamison (P75721)
Scott L. Damich (P74126)
Assistant Attorneys General
Attorneys for Whitmer and Gasper
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov
damichs@michigan.gov

Dated:  September 28, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2022, I electronically filed the

above document(s) with the Clerk of the Court using the ECF System,

which will provide electronic copies to counsel of record.

*/s/Eric M. Jamison*
Assistant Attorney General
Attorney for Defendants
Whitmer and Gasper
Michigan Department of
Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov
P75721

2022-0341402-A

## LOCAL RULE CERTIFICATION

I, Eric M. Jamison, certify that this document complies with Local Rule 5.1(a), including double-spaced (except for quoted material and footnotes): at least one-inch margin on top, sides, and bottoms; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 points (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Eric M. Jamison*
Eric M. Jamison
Assistant Attorney General
Attorney for Whitmer and Gasper
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov
P75721