UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE,
on behalf of themselves and
all others similarly situated,

        File No. 2:22-cv-10209

    Plaintiffs,

v.        Hon. Mark A. Goldsmith

GRETCHEN WHITMER, Governor of the    Mag. Curtis Ivy, Jr.
State of Michigan, and COL. JOSEPH
GASPER, Director of the Michigan State
Police, in their official capacities,

    Defendants.

_____

**PARTIES' PROPOSED JOINT DISCOVERY PLAN PURSUANT
TO THE COURT'S ORDER REGARDING SCHEDULING
<u>CONFERENCE (ECF No. 55) AND FED. R. CIV. P. 26(F)</u>**

**1. Summary of the Case**

The Court has already reviewed Plaintiffs' complaint and the ten expert reports attached to it, as well as Plaintiffs' motion for preliminary injunction, and Defendants' motion to dismiss. Accordingly, only a short summary of the case is necessary.

Plaintiffs' complaint has ten legal claims challenging Michigan's Sex Offenders Registration Act, as amended in March 2021 (SORA 2021):

Count I    - Retroactive Imposition of Punishment (Ex Post Facto Clause)
Count II   - Retroactive Lifetime Registration (Ex Post Facto and Due Process
           Clauses)

Count III    - Lack of Individualized Review (Due Process and Equal Protection Clauses)
Count IV    - Unequal Opportunity for Removal (Equal Protection Clause)
Count V     - Mandatory Reporting & Compelled Speech (First Amendment)
Count VI    - Violation of Plea Agreements (Due Process Clause)
Count VII   - Registration of Non-Sex-Offenders (Due Process and Equal Protection Clauses)
Count VIII  - Vagueness (Due Process Clause)
Count IX    - Compelled Admission of "Understanding" the Law (First Amendment)
Count X     - Internet Reporting Restricting Speech & Association (First Amendment)

The parties have stipulated to, and the Court has granted, certification of the class and subclasses. *See* ECF 35.

## 2. Jurisdiction

Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343 for claims brought under 42 U.S.C. § 1983. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201-2202 and by Fed. R. Civ. P. 57 and 65, and the powers of this Court.

## 3. Relationship to Other Cases

The Court has already sorted out the related cases that raised similar claims. *See* ECF 12, Order Reassigning Case to Judge Goldsmith (2/8/22), and ECF 34, Order Appointing Class Counsel, etc. (5/17/22).

The parties anticipate that individual registrants may file future cases challenging SORA 2021. To the extent that other judges in the Eastern and Western Districts are not yet aware of this litigation, the Court may wish to inform them so that if new filings raise similar claims against the same defendants, the cases can get reassigned, consolidated, stayed or dismissed – as appropriate – in light of this action.

## 4. Contemplated Amendments re Pleadings, Claims, Defenses, or Parties

The parties do not currently anticipate any such amendments. Defendants were sued in their official capacity, and if the individuals in those positions change, the new individuals in those positions will be automatically substituted.

### 5. Subjects for Discovery, Anticipated Discovery Disputes and Progress

Discovery is just starting. The parties have worked well together in the past and expect to be able to resolve most discovery issues without court intervention. At present, the scope of discovery is somewhat uncertain, and will depend in large part on what steps Defendants take to supplement the record (e.g., adding expert witnesses).

### a. Subjects for Discovery

Currently, each party contemplates discovery seeking documents and information as set forth below. The parties acknowledge that discovery regarding topics and documents beyond those identified below may be necessary as the litigation proceeds. Neither party intends this report and discovery plan to limit either party's discovery to the topics and documents listed below.

**Plaintiffs:**  Plaintiffs' verified complaint and accompanying expert reports provide an extensive record. Plaintiffs anticipate seeking additional discovery from Defendants and/or third parties on:

1. Data regarding SORA and class members, as well as data from the Michigan Department of Corrections and potentially other state agencies, as well as analysis of such data to support Plaintiffs' claims.
2. Administration of SORA.
3. Law enforcement/prosecution use of the registry and understanding of SORA requirements.
4. Costs of SORA and SORA enforcement.
5. Legislative history, including evidence relevant to animus.
6. Harm imposed by SORA.
7. Responses to Defendants' evidence.

**Defendants:**  Defendants intend to:

1. Retain experts to rebut Plaintiff's experts conclusions;
2. Seek third party discovery from employers regarding hiring practices;
3. Seek third party discovery from landlords regarding rental practices;
4. Seek third party discovery regarding reporting of sexual assaults; and
5. Seek third party discovery regarding potential benefit of SORA related to the health, safety, morals, and welfare of the people of the State of Michigan.

### b. *Does I* Joint Statement of Facts and Record

There was extensive discovery in *Does I*, including about 24 depositions, and many interrogatories and document requests, which the parties subsequently summarized in an almost 300-page stipulated Joint Statement of Facts (JSOF). Plaintiffs believe that, where appropriate and relevant, reliance on the *Does I* discovery and the facts put forth or stipulated to by both sides there can reduce the amount of discovery needed here. Defendants object to the blanket use of the *Does I* record and JSOF because the law has changed since *Does I*.

### c. Electronically Stored Information and Class List

#### 1. Class List

Plaintiffs have asked that Defendants provide a class list containing certain information for each class member in a sortable, manipulable and searchable electronic format, such as an Excel spreadsheet. Defendants object to providing such information at this stage in the litigation and intend to produce the information in discovery.

#### 2. Other ESI Issues:

Disclosure or discovery of electronically stored information will be handled as follows: When ESI is responsive to a discovery request or appropriately the subject of mandatory disclosure, the parties agree that reasonably accessible ESI may be produced in searchable .pdf format or another reasonably usable format. Documents produced shall be Bates numbered, where possible.

Plaintiffs request that the Court require any discovery response/ESI that involves lists of class members or class member data to be provided in a sortable, manipulable and searchable electronic format. Plaintiffs further note that, depending on what they learn about how Defendants store data, they may seek discovery of historical data or may seek data in a yet-to-be-identified electronic format.

The parties agree to confer in good faith about any disputes regarding the format of production of electronically stored information, including relevant metadata, and either party shall be able to move the Court for an order should the parties not be able to reach agreement.

In making requests, the parties agree to communicate and cooperate to refine the scope of requests for ESI.

**d. Initial Disclosures**

The parties agree that they have a continuing obligation under Rule 26(a)(1) to provide supplemental disclosures. The parties agree to provide copies of all documents identified pursuant to Rule 26(a)(1). The parties further agree to promptly disclose additional witnesses as they become known, and to promptly produce documents, including declarations that a party will use.

**6. Facilitation/Case Evaluation**

The parties agree that because Plaintiffs seek only declaratory and injunctive relief, alternative dispute resolution is inappropriate.

**7. Anticipated Motion Practice**

   **a. Non-Sex-Offense Claim**

The parties have discussed how Count VII (registration of people not convicted of a sex offense) should be handled in light of the published decision in *People v. Lymon*, __ Mich. App. __, No. 327355 (2022) (holding that registrants convicted of certain crimes such as kidnapping, that did not include a sexual component, violates the Michigan Constitution's Cruel or Unusual Punishment Clause). The People have appealed that decision to the Michigan Supreme Court.

MSP is planning to remove individuals with Michigan convictions for non-sex offenses from the registry, pending any further decision by the Michigan Supreme Court. Such individuals may still be required to register if the prosecutor determines that they should. Individuals with non-Michigan convictions are not being removed. The parties disagree about whether these changes render Count VII moot. Depending on the Court's preference, the issue can be subject to motion practice after the MSP completes the planned removals, or resolution of the issue can wait until the Rule 52 or Rule 56 stage of the case.

### b. Renewed Preliminary Injunction Motion if Discovery Becomes Protracted

Plaintiffs understand the Court's denial of Plaintiffs' motion for a preliminary injunction to be premised on the Court's belief that moving to accelerated discovery would allow the case to proceed with dispatch—something Plaintiffs believe is essential in light of the significant ongoing harm Plaintiffs allege. Order, ECF 54, Page.ID# 1852. Given the Court's order, Plaintiffs' counsel now intend to focus on discovery and move as rapidly as is possible to final judgment. Plaintiffs note, however, that if discovery does become protracted, Plaintiffs may consider renewing their motion for a preliminary injunction.

### c. Dispositive Motions After Discovery

After discovery, the Court could decide the case on cross-motions for summary judgment. The Court could then determine if there are material factual disputes as to any claims, which would require a bench trial.

In the alternative, the Court could decide the case via a Rule 52 trial on the written record, as was done in *Does I*. Judge Cleland ultimately found that he did not need to resolve any of the disputed facts in order to decide Plaintiffs' claims. A similar approach could be used here. If the Court is unable to decide the case based on the Rule 52 briefing and submitted facts, it could hold an evidentiary hearing/bench trial.

The parties believe they will be in a better position after discovery to determine whether Rule 56 or Rule 52 is the best vehicle to proceed. Accordingly, they suggest that the Court defer that decision until discovery is complete.

## 8. Settlement

Because Plaintiffs do not seek damages, but only declaratory and injunctive relief, settlement is unlikely with respect to the merits of Plaintiffs' claims. However, if relief is granted the parties may be able to negotiate the parameters of injunctive relief.

**9. Proposed Schedule for Discovery**

The parties agree that because discovery is just beginning, there are many unanticipated issues that could arise. Accordingly, their respective proposed schedules reflect their current best estimates for what the timeline should be. The parties recognize, however, that these timelines may need to be adjusted.

| Event | Pls' Proposed Deadline | Defs' Proposed Deadline |
|---|---|---|
| Rule 26(a)(1) disclosures | 2 weeks  -  Oct. 20, 2022 | Four weeks after issuance of scheduling order |
| Parties confer re ESI, class list, document storage, and data management systems | 2 weeks  -  Oct. 20, 2022, with participation from data managers | After Rule 26 Disclosures |
| Defs' provide class list & class data | 5 weeks  -  Nov. 10, 2022 | With or after Rule 26 Disclosures |
| Lay Witness List | 9 weeks  -  Dec. 8, 2022 | Dec. 8, 2022 |
| Exhibit List | 9 weeks  -  Dec. 8, 2022 | Dec. 8, 2022 |
| Pls' expert witnesses & expert reports (non-ESI based) | 10 weeks  -  Dec. 15, 2022 (mostly already attached to the complaint) | Dec. 15, 2022 |
| Defs' expert witnesses & expert reports | 10 weeks  -  Dec. 15, 2022 | Jan. 13, 2023 |
| Pls' expert witnesses & expert reports based on ESI | 9 weeks after ESI is produced, so provisionally Jan. 12, 2023 | December 15, 2022 |
| Rebuttal Expert Reports | 5 weeks after new reports submitted – Jan. 19, 2023 | N/A |
| Discovery cutoff, including all discovery motion practice | February 3, 2023 | February 3, 2023 |
| Status Conference re proceeding under Rule 52 or Rule 56, and any other outstanding matters | February 3, 2023 | February 3, 2023 |

7

| | | |
|---|---|---|
| Joint Status Report due 3 days prior to status conference | Jan. 31, 2023 | January 31, 2023 |
| Dispositive Motions & Motions to Limit or Exclude Expert Testimony | March 24, 2023 | March 24, 2023 |
| All other motions, including motions in limine | 21 days after dispositive motion decision | 21 days after dispositive motion decision |
| Joint Final Pretrial Order | 35 days after dispositive motion decision | 35 days after dispositive motion decision |
| Final Pretrial Conference | 14 days after submission of joint final pretrial order | 14 days after submission of joint final pretrial order |
| Trial | On the Monday two weeks after the pretrial conference | On the Monday two weeks after the pretrial conference |

**10. Limits on Discovery**

Because discovery is just beginning, and neither side has disclosed how many fact and expert witnesses they intend to call, it is difficult for the parties to know what limits on discovery are appropriate. As the case proceeds, the limits on discovery proposed below may need to be adjusted.

The parties currently propose that:

A. Interrogatories be limited to a total of 50 per side, not including the class list/class data.
B. Depositions be limited to 10 witnesses per side. [Plaintiffs' position: This limit shall not include expert witnesses or witnesses under Rule 30(b)(6).]

**11. Protective Order**

The Court has entered a stipulated protective order (ECF 38). The original protective order relates to the identifying information about the named Plaintiffs. The parties anticipate filing a revised protective order and a 502(d) order in the near future.

8

Respectfully submitted,

/s Miriam J. Aukerman
Attorney for the Plaintiffs
American Civil Liberties Union
   Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
616-301-0930
maukerman@aclumich.org

October 6, 2022

/s Eric Jamison
Attorney for the Defendants
Michigan Department of Attorney General
State Operations Division
P.O. Box 30736
Lansing, MI 48909
(517) 335-7573
JamisonE@michigan.gov