UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES A, B, C, D, E, F, G, H, MARY DOE and MARY ROE, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v

GRETCHEN WHITMER, Governor of the State of Michigan, and COL. JOSEPH GASPER, Director of the Michigan State Police, in their individual capacities,

    Defendants.

No. 2:22-cv-10209

HON. MARK GOLDSMITH

MAG. CURTIS IVY, JR.

**Defendants' Response to Plaintiff's Statement in Advance of October 13, 2022, Status Conference**

**A. *Does I* Joint Statement of Facts**

In *Does I*, there was a Joint Statement of Facts ("JSOF") that spanned 262 pages and included 128 exhibits which added more than 1,600 pages of documentation. Included within the JSOF are numerous objections to various statements throughout the JSOF.

1

Plaintiff indicated that Defendants object to the use of the *Does I* records and the JSOF. (ECF No. 61, PageID.2024.) That is incorrect. Defendants objected to the blanket use of the *Does I* records and the JSOF. Large portions of the JSOF are completely irrelevant to the new SORA and the ten counts in this complaint; the software used to track offenders has been updated; the size of the registry has changed; and new research has emerged since the JSOF was filed in 2014.

If the Plaintiffs will identify what portions of the JSOF that they intend to rely on, then the defendants can make a determination about whether they can agree to accept those portions of the JSOF. Defendants cannot agree to the wholesale use of the JSOF for this case, which is challenging the new SORA.

Plaintiffs seem to be seeking an advisory opinion from this Court about some unknown portion of nearly 2,000 pages of records and whether the Court will admit them and at unknown future proceeding.

### B. Class List

Plaintiffs are prematurely seeking class information that they want the MSP to provide voluntarily. As an initial matter, the

addresses of registrants are not a material fact that needs to be fleshed out during discovery; neither is how many registrants are in each subclass; neither is when a registrant is expected to be released from prison; neither is whether a registrant is currently compliant; nor is much of the other information being sought by Plaintiffs. If the Court grants relief, then the information may be germane but at this stage it is unclear how most of this information relates to the claims or defenses in the lawsuit. There is not protective order in place regarding all this information. In any event, much of what Plaintiffs are requesting is already available on a free public website.

 Plaintiffs suggest that the data may show that tens of thousands of registrants are living offense free in the community, however the data can only show whether someone was reconvicted of certain crimes. The majority of sex-based crimes go unreported, and of those that are reported, only a small percentage are prosecuted. So, the information in the database will only show if a registrant was caught and prosecuted again. It cannot show whether a registrant is living offense free.

In *Does II*, the production of class member information did not occur until October 2021, about five and half years after the lawsuit was filed. Plaintiffs have not explained why they need this information now.

Here, where Plaintiffs represent that they seek speedy discovery, they seem to be focusing on information that is largely irrelevant to the factual issues needed to resolve the case. They are seeking the information without sending a discovery request, where appropriate objections can be made and before a protective order is in place.

Defendants are interested in moving this case forward as quickly as possible but note that if Plaintiffs seek information that is not relevant to the claims and defenses in the case and that has very little, if any, importance to resolving the issues, discovery will be a slow process. Plaintiffs want to meet with data management staff, which would require attendance by attorneys, and likely follow-up meetings and correspondence. This will consume resources and distract from moving the case forward. Plaintiffs also want this court to order MDOC staff to attend, when they are not even a party to the lawsuit.

                                              Respectfully submitted,

                                              */s/ Eric M. Jamison*
                                              Eric M. Jamison (P75721)
                                              Scott L. Damich (P74126)
                                              Assistant Attorneys General
                                              Attorneys for Whitmer and Gasper
                                              State Operations Division
                                              P.O. Box 30754
                                              Lansing, MI 48909
                                              (517) 335-7573
                                              jamisone@michigan.gov
Dated:  October 10, 2022          damichs@michigan.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2022, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/Eric M. Jamison*
Assistant Attorney General
Attorney for Defendants
Whitmer and Gasper
Michigan Department of
Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov
P75721

2022-0341402-A

## LOCAL RULE CERTIFICATION

    I, Eric M. Jamison, certify that this document complies with Local Rule 5.1(a), including double-spaced (except for quoted material and footnotes): at least one-inch margin on top, sides, and bottoms; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 points (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Eric M. Jamison*
Eric M. Jamison
Assistant Attorney General
Attorney for Whitmer and Gasper
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov
P75721