UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE, on behalf of
themselves and all others similarly situated,

              Plaintiffs,

v.

GRETCHEN WHITMER, Governor of the
State of Michigan, and COL. JOSEPH
GASPER, Director of the Michigan State
Police, in their official capacities,

              Defendants.

No. 2:22-cv-10209

Hon. Mark A. Goldsmith

Mag. Curtis Ivy, Jr.

### FIRST AMENDED STIPULATED PROTECTIVE ORDER

In order to protect the interests of parties in this action and as stipulated to by the parties, IT IS ORDERED:

**Named Plaintiffs and Class Member Witnesses**

1. In all publicly-filed documents, the named Plaintiffs and other individual class members shall be identified only by pseudonyms, except to the extent that they reference legal filings by an individual class member who has an open civil case related to the SORA that does not use a pseudonym. The named Plaintiffs shall be identified by the pseudonyms John Doe A-H, Mary Doe and Mary Roe. Other

1

individual class members or class members' family members shall be identified by their initials or another appropriate pseudonym.

2. Plaintiffs' counsel have provided the names of the named Plaintiffs to Defendants. Plaintiffs' counsel shall disclose the names of any class members for whom a pseudonym is used ("Class Member Witnesses") promptly upon request.

3. All documents filed with the Court which contain the names of the named Plaintiffs or Class Member Witnesses, or information which identifies them, their family members, or their employers, directly or indirectly, shall have such identifying information redacted, subject to paragraphs 1.

4. Counsel for Defendants may disclose the identities of the named Plaintiffs or Class Member Witnesses, the identities of their family members or employers, or other information that identifies them, to named Defendants, employees of Defendants, and experts retained in this case, but only to the minimum extent necessary to litigate this action or to enforce orders issued by this Court.

5. Individuals to whom Defendants disclose the identities of the named Plaintiffs or Class Member Witnesses, the identities of their family members or employers, or other information that identifies them, shall not further disclose that information to any other person.

6. Any person to whom Defendants disclose the identities of the named Plaintiffs or Class Member Witnesses, the identities of their family members or employers, or

other information that identifies them as a result of this litigation shall first read this protective order prior to having access to the identities of the named Plaintiffs or Class Member Witnesses and shall sign an acknowledgement (Exhibit A) that s/he is bound by this protective order. Counsel for Defendants shall provide a copy of this protective order and acknowledgement to all persons to whom disclosure is made pursuant to paragraphs 4 and 5 so that they are aware that they are bound by this protective order. Counsel for Defendants shall maintain copies of all such acknowledgements.

7. Under no circumstances shall Defendants, Defendants counsel, or persons to whom Defendants provide information subject to this protective order disclose the names of the named Plaintiffs and class member witnesses, their family members, or their employers to the media without the consent of counsel for Plaintiffs.

**Class Member Data**

8. This order governs any data contained in any class list that Defendants provide in this action ("Class Member Data").

9. Any Class Member Data shall not be further disclosed by class counsel, except that:

    a. Class counsel are authorized to disclose an individual's Class Member Data as necessary to resolve that individual class member's situation. The disclosure shall be as limited as possible, e.g., to that class member,

3

   his/her counsel, his/her family, courts, law enforcement, or others as necessary to resolve the situation. Under this provision, only the Class Member Data of the individual class member may be disclosed.

  b. Class counsel are authorized to disclose Class Member Data to retained experts and consultants as necessary to litigate this action or to enforce orders issued by this Court. Any person to whom class counsel provides Class Member Data shall first read this protective order and shall sign an acknowledgement (Exhibit A) that s/he is bound by this protective order. Class counsel shall provide a copy of this protective order and acknowledgement to all persons to whom they disclose Class Member Data, pursuant to paragraph 9.b, and shall maintain copies of all such acknowledgements.

10. This order does not prevent the disclosure of any summaries or conclusions drawn from the Class Member Data, or the republication of information contained in any expert reports or other filings by the parties provided such summaries, conclusions, export reports, or other filings do not disclose non-public information whose disclosure is barred under Mich. Comp. Laws. §§ 28.214, MCL 28.728, or MCL 28.730.

11. No later than sixty (60) days after the conclusion of this lawsuit, including any appeals, all copies of Class Member Data that was provided to retained experts

or consultants shall be either destroyed or returned to the producing party or parties. The retained expert or consultant must provide a certificate of destruction that attests that all Class Member Data has been returned or destroyed. The certificate of destruction must be provided to Defendants counsel within ninety (90) days after the conclusion of this lawsuit.

12. No later than sixty (60) days after the conclusion of this lawsuit, including any appeals, class counsel shall initiate a meet and confer with Defendants counsel regarding the disposition of Class Member Data. If the parties disagree regarding the disposition of Class Member Data, they may seek guidance from the Court. In the alternative, if class counsel determine they no longer need the Class Member Data, they may return or destroy the Class Member Data and so inform the Defendants.

**Resolution of Issues**

13. If any specific issues related to non-disclosure of the identities of the named Plaintiffs and class member witnesses arise during the course of litigation, the parties shall seek to resolve those issues without Court intervention. If the parties cannot agree, they shall seek further clarification from this Court.

14. If an evidentiary hearing or trial in this matter becomes necessary, the parties shall meet and confer regarding the protection of confidential information during such proceedings.

**Filings Under Seal**

15. This order does not authorize the filing of any documents or other matter under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file such items under seal shall file and serve a motion or submit a proposed stipulated order that sets forth

    a. the authority for sealing;

    b. an identification and description of each item proposed for sealing;

    c. the reason that sealing each item is necessary;

    d. the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing;

    e. a memorandum of legal authority supporting sealing.

**SO ORDERED.**

Dated: November 29, 2022           s/Mark A. Goldsmith
    Detroit, Michigan             MARK A. GOLDSMITH
                                      United States District Judge

Approved by:

s/ Miriam Aukerman (P63165)
Miriam J. Aukerman
Attorneys for Plaintiffs
American Civil Liberties Union
Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org

/s/ Eric M. Jamison (P75721)
Assistant Attorney General
Attorney for Defendants
Michigan Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE, on behalf of
themselves and all others similarly situated,

                Plaintiffs,

v.

GRETCHEN WHITMER, Governor of the
State of Michigan, and COL. JOSEPH
GASPER, Director of the Michigan State
Police, in their official capacities,

                Defendants.

_____

No. 2:22-cv-10209

Hon. Mark A. Goldsmith

Mag. Curtis Ivy, Jr.

## ACKNOWLEDGMENT REGARDING ORDER
## FOR PROTECTION OF CONFIDENTIAL INFORMATION

    I, _____, have read and understand the above First Amended Stipulated Order Protective Order ("Order") entered by the Court in this case, and I agree to be bound by the provisions of that Order. I agree to subject myself to the jurisdiction of this Court for purposes of any proceedings relating to performance under, compliance with, or violation of the Order.

_____
Signature

Dated: _____, 20___    _____
Printed Name

9