# Exhibit A:

## Plaintiffs' First Requests for Production and First Interrogatories

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE,
on behalf of themselves and
all others similarly situated,

                   File No. 2:22-cv-10209

        Plaintiffs,

v.                           Hon. Mark A. Goldsmith

GRETCHEN WHITMER, Governor of the     Mag. Curtis Ivy, Jr.
State of Michigan, and COL. JOSEPH
GASPER, Director of the Michigan State
Police, in their official capacities,

        Defendants.
_____

## PLAINTIFFS' FIRST INTERROGATORIES
## AND REQUESTS FOR PRODUCTION

### Instructions

The answers should include information known to Defendants and/or their

agents, which includes, for the governor, information known to her agents within

both the Michigan State Police (MSP) and the Michigan Department of Corrections

(MDOC). A set of group answers on behalf of all Defendants and/or their agents is

acceptable, so long as the answers identify who provided the information, and the

1

answers are signed or adopted by the appropriate Defendant(s).

When producing a document referenced in an interrogatory, please separate the documents and segregate them by interrogatory. These interrogatories and requests for production are continuing, and supplemental answers should be supplied if Defendants obtain new information after the answers are served.

Where class member data is requested, it is not necessary to review individual class member files.  It is sufficient to pull data about class members by searching databases. When providing data sets, such as data about registrants, that information should be provided in a searchable, sortable, manipulable format, such as an Excel spreadsheet (.xls, .xlsx, .csv).

Except as otherwise specified, document requests are intended to seek policy-level documents, general instructions, training materials, summaries, reports, departmental guidance, descriptions, manuals, and like documents, rather than information about individual registrants.

If there are multiple copies of the same document, the document need only be produced once if the copies are identical to the version of the document that is produced.

If you refuse to answer an interrogatory or to produce a document, or if you redact information, please provide a privilege log identifying the privilege claimed

or any other basis for withholding the information or document. For all information withheld and for all documents withheld or redacted, the privilege log should provide the topic/subject of the document/information, a summary of its contents, the name and position of the persons(s) authoring the document, the names and positions of all persons who received the document or were included on a communication, and the date of the document. Further, for each document or interrogatory answer for which a privilege is claimed, please indicate the specific facts that establish each element of the privilege claimed.

Plaintiffs' counsel are available to discuss any questions you have about these discovery requests, or to clarify any terms that are unclear. As Plaintiffs' counsel have not yet been provided an opportunity to meet with the MDOC data staff, we reserve the right to amend these discovery requests to reflect information obtained during that meeting.

All responses and responsive documents and data should be produced by December 15, 2022.

## Definitions

The word "document" means information recorded in any form.

The word "identify", as used with respect to a person, means to state the person's full name, last known employer, position/job title, business address, and

last known contact information (phone and email or other internet identifiers).

"Sex Offenders Registration Act" or "SORA" means M.C.L. § 28.721 *et. seq.*, both in its historical and current form.

"Sex Offenders Registration Act 2021" or "SORA 2021" means M.C.L. § 28.721 *et. seq.*, as amended effective March 24, 2021.

"Sex Offenders Registration Act 2011" or "SORA 2011" means all versions of the SORA statute, M.C.L. § 28.721 *et. seq.*, in effect between July 1, 2011, and March 24, 2021.

"Michigan sex offender registry" or "sex offender registry" means the registry created under Michigan's Sex Offenders Registration Act, M.C.L. § 28.721 *et. seq.* The terms "Michigan sex offender registry" or "sex offender registry" refer to both the public sex offender registry and the private sex offender registry, as defined below.

"Public sex offender registry" means the publicly available version of Michigan's sex offender registry that is maintained and made public pursuant to M.C.L. § 28.728(2).

"Private sex offender registry" means the version of Michigan's sex offender registry that is available to law enforcement pursuant to M.C.L. § 28.728(1).

"Sex offender registration database" or "MSOR database" means the database

and computer programs in which information about the sex offender registry is maintained.

"MDOC database" means the database(s) and computer programs in which the Michigan Department of Corrections maintains information about people who are or have been under its jurisdiction.

"Registrant" means an individual required to register as a sex offender under SORA.

"Sex Offender Registration Unit" or "SOR Unit" means the unit within the Michigan State Police responsible for maintaining the sex offender registry database.

"Law enforcement" means prosecutorial entities, police entities and correctional entities, including federal, state, local and tribal entities.

"*Does I*" mans the *Does v. Snyder*, 12-cv-11194 (E.D. Mich.) litigation.

"*Does II*" means the *Does v. Snyder*, 16-cv-13137 (E.D. Mich.) litigation.

"Legislative Workgroup" means the group that met periodically in Lansing during the litigation of *Does II*, in an effort to craft a new SORA statute that would resolve that litigation and address the constitutional issues identified in *Does I* by the district court and Sixth Circuit.

"Member of the Legislative Workgroup" means anyone who participated in one or more of the meetings of the Legislative Workgroup.

5

"Currently" or "current" means at the present time or, if information is not available for the present time, the most recent date available.

"Adjudication" means a disposition in a juvenile proceeding or in a deferral program that does not result in a criminal conviction.

"Public email alert account" means an account created when an individual or entity signs up with the Michigan Sex Offender Registry to receive notices about registrants.

"Officer alert" means a notification directed to law enforcement on a registrant's record in the private sex offender registry.

"Non-compliant with SORA" means that a registrant has been identified by law enforcement as not in compliance with SORA requirements. It does not mean that the individual necessarily has been or will be charged with a SORA violation.

"Individualized assessment" means an individualized review of the likelihood that a person will commit a sex offense (not simply based on the registrable conviction).

"Risk assessment" means use of a statistically-validated instrument to assess the likelihood that a person will commit a sex offense (not simply based on the registrable conviction).

"Explanation of Duties" means the notice provided to registrants regarding

their obligations under SORA, currently form Michigan State Police form RI-004.

The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories and requests for production all information or documents that would be excluded absent this definition

## REQUESTS FOR PRODUCTION

Please produce the following documents:

1.  Documents that are responsive to, or that were reviewed or consulted in order to answer Plaintiffs' interrogatories. Copies of judicial decisions or statutes need not be provided.

2.  Documents – specifically including all manuals, training materials, forms, standardized letters, policies, procedures, guides, computer program guides, updates, notices, instructions, audio/video presentations, reports, and data summaries – used in the last five years by MSP staff in administering, operating and enforcing the sex offender registry or describing the administration, operation and enforcement of the sex offender registry. This specifically includes:

   a. Manuals, guides, instructions, contracts, or other documents related to the current sex offender registry database. Documents about prior computer programs used to operate the database need not be provided.

   b. Documents related to requirements and procedures for registration and reporting under SORA 2021. Documents related to requirements and procedures for reporting under prior versions of the statute need not be provided if they no longer apply, but should be provided if they remain operative.

   c. A copy of the current standardized forms used by registrants and/or law enforcement personnel.

   d. A copy of each version of the Explanation of Duties used in the last five years.

8

e. A copy of current standardized notices, letters or other documents used to communicate with registrants or law enforcement, including all documents provided to registrants or law enforcement to inform them about SORA's requirements, about the amendments to SORA that became effective March 24, 2021 (i.e., SORA 2021), and about federal and state litigation related to SORA.

f. Non-privileged documents provided to, created by, or used by the MSP SOR Unit to implement or respond to judicial rulings in *Does I*, *Does II*, *People v. Betts*, 968 N.W.2d 497 (Mich. 2021), and *People v. Lymon*, No. 327355, 2022 WL 2182165 (Mich. Ct. App. June 16, 2022).

g. Documents related to the processes or procedures for determining whether an individual must register under SORA 2021, at what tier level the individual must register, whether the registrant's information is public/private, and the length of time the individual must register.

h. Documents related to the processes or procedures for handling convictions from jurisdictions other than Michigan, including for determining whether such convictions are "substantially similar" to Michigan offenses, which Michigan offense is "substantially similar", whether registration will be public or private, and what the individual's tier classification is. This specifically includes the list of all crime codes used in the SOR database and any documents showing which crime codes are used for out of state offenses.

i. Documents related to the processes or procedures for registering or removing from the registry individuals who were convicted of M.C.L. § 750.349 (other than convictions for violating M.C.L. § 750.349(1)(c) or M.C.L. § 750.349(1)(f)), § 750.349b, § 750.350, or a substantially similar offense in another jurisdiction.

j. Documents related to the process or procedures for handling juvenile adjudications, adjudications under diversionary programs (e.g., Holmes Youthful Trainee Act), and convictions that have been expunged, set aside, or pardoned, including documents containing data regarding registrants with such adjudications or convictions.

k. Documents related to processes or procedures used by the MSP SOR Unit for removing individuals from the registry, including documents related to the process or procedures for removing individuals from the registry through the petitioning process under M.C.L. § 28.728c(1), (2), and (3), as a result of legislative amendments, or as the result of court decisions.

l. Documents related to determining whether an individual is non-compliant with the registry, including documents regarding how cases of non-compliance should be handled.

m. Documents related to the processing of tips or complaints about registrants, including documents showing the number and nature of such tips or complaints, and documents regarding how tips submitted to the MSOR database (e.g., law enforcement tips, online submission, SOR unit tips, etc.) should be handled. This request does not seek information about specific tips or complaints, but rather seeks training materials, forms, standardized letters, policies, procedures, guides, computer program guides, updates, notices, instructions, audio/video presentations, reports, and data summaries.

n. Documents related to the "officer alert" function in the MSOR database. This request does not seek information about specific "officer alerts" regarding individual registrants, but rather seeks training materials, forms, standardized letters, policies, procedures, guides, computer program guides, updates, notices, instructions, audio/video presentations, reports, and data summaries.

3. To the extent not provided above, documents used by or provided to MSP staff, including staff in the SOR Unit, and provided by MSP to other law enforcement agencies, regarding changes to the sex offender registry in order to implement the amendments to SORA that became effective March 24, 2021. This includes, but is not limited to, all manuals, training materials, policies, procedures, guidelines,

computer program guides, updates, notices, instructions, and audio/video presentations regarding the 2021 amendments and the steps necessary to implement them.

4.  A current organizational chart and list of all current staff within the MSP SOR Unit and job descriptions for staff at the MSP SOR unit.

5.  A list of all current staff within the MSP for whom training about SORA, enforcement of SORA, or other SORA-related duties is a major component of their job responsibilities, and job descriptions for such staff.

6.  Policy-level documents from the last five years showing the overall operation of Michigan's sex offender registry, including but not limited to any audits, internal reports, public reports, budgets, summaries, or evaluations of:

     a.  Effectiveness;

     b.  Cost;

     c.  Usage by the public;

     d.  Usage by law enforcement;

     e.  Demographics of registrants;

     f.  Violations or noncompliance by registrants;

     g.  Recidivism by registrants;

     h.  Impact of registration on recidivism;

     i.  Vigilantism/harassment of registrants.

7.  Documents from the last five years that summarize the usage of the private and public registries, including but not limited to documents summarizing the number and types of searches conducted; the types of entities conducting searches; and usage of the alert system (including the "track offender" system and email alerts for when registrants move into an area).

8.  Documents in the possession of Defendants concerning coordinated (as opposed to individual) law enforcement operations in the last seven years to determine whether registrants are in compliance with SORA, including documents related to the date(s) of the operation, the geographic area of the operation, the law enforcement agency or agencies involved in the operation, the total number of law enforcement personnel involved in the operation, the number of registrants whose compliance was assessed in the operation (e.g., number of residence checks), the number of registrants determined to be non-compliant, the number of registrants arrested, and the number of warrants issued. Please also provide any documents regarding any changes to or reductions in the number or type of sweeps being conducted. This question does not include law enforcement efforts to determine compliance by individual registrants, but is intended to cover sweeps, joint enforce- ment efforts with parole/probation or other law enforcement agencies, and similar operations to assess the SORA compliance of multiple registrants.

9. Documents that the MSP provides to registrants or law enforcement that describe or explain what information registrants currently must report and when under M.C.L. § 28.724a, § 28.725, and § 28.727(1). *See also* M.C.L. § 28.722 (definitional section). This specifically includes documents that describe or explain the reporting requirements under:

a. M.C.L. § 28.727(1)(a), including documents regarding what names, nicknames, and aliases are reportable.

b. M.C.L. §§ 28.725(2)(a), 28.727(h), including documents regarding what telephone numbers are reportable, and for what period of time.

c. M.C.L. §§ 28.725(2)(a), 28.727(j), including documents regarding what vehicles are reportable, and for what period of time.

d. M.C.L. §§ § 28.722(g); 28.725(2)(a), 28.727(i), including documents regarding what email addresses, internet identifiers, and other electronic information is reportable.

e. M.C.L. § 28.725(1)(a), § 28.725a(3), and § 28.727(1)(d), including documents regarding how to determine where an individual "resides" and all documents regarding the registration of individuals who are homeless or lack a stable address.

f. M.C.L. § 28.722(d), §28.725(1)(b) and § 28.727(1)(f), including documents regarding when and under what circumstances temporary/intermittent employment must be reported; regarding how employment is to be reported if the registrant lacks a fixed employment location; and regarding whether and when volunteer positions must be reported.

g. M.C.L. § 28.724a, § 28.725(1)(c) and § 28.727(1)(g), including documents regarding when and under what circumstances enrollment in a "school" must be reported, whether and under what circumstances

13

remote/correspondence/internet courses are reportable.

h. M.C.L. § 28.725(2)(b) and § 28.727(1)(e), including what travel is reportable and when, including documents regarding situations where a registrants' travel plans change.

10. Documents related to current use by the MDOC, including probation and parole, of individualized assessment and risk assessment tools for people convicted of sex offenses. This includes documents regarding when such assessments are currently done during the course of probation/incarceration/parole, what type of individualized assessment is currently done and which risk assessment tools are used, the results of such assessments (aggregate data not individual results), how many people have been assessed, and changes in the use of such assessments over the last decade. This question does not include assessments for individual registrants, but instead seeks policy-level documents and aggregate data.

11. Copies of documents showing any agreement that has been in effect at any time during the last five years to provide information from Michigan's sex offender registry to:

a. Other government agencies;

b. Private background-check companies;

c. Other private companies who request data.

Please include documents showing whether information was provided through

automated data exchanges and whether payments were made for such information.

12. Documents for the last five years concerning or related to the overall costs of operating the sex offender registry, including but not limited to:

    a. MSP budget for the SOR Unit;

    b. Any other costs of SORA enforcement for the MSP, including costs to MSP posts and the costs of conducting sweeps;

    c. Federal funding and SORA;

    d. The collection of fees from registrants, including the amounts collected, the number of registrants paying fees, the number of registrants who have not paid fees or owe fees, the number of registrants found indigent, and usage of the funds collected;

    e. The costs of SORA enforcement for local law enforcement agencies.

This request seeks documents related to overall costs and funding, not invoices, individual registrant payment documents, or the like.

13. Communications, including email, since January 1, 2016, regarding Michigan's sex offender registry or Michigan's substantial compliance with SORNA, between the federal Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering and Tracking (SMART office) and the primary person at the MSP responsible for communicating with the SMART office.

14. Non-privileged documents in your possession that refer or relate to the named plaintiffs that have been provided to your attorneys.

15. Provide the information/data set out in Exhibit A for each class member. Based on the meeting with the MSP's data manager on November 21, 2022, it is Plaintiffs' understanding that all of the requested data is contained in searchable fields in the MSOR database. This request is not intended to require a manual search of individual registrant files.

16. For each person who has in the past been or currently is subject to registration pursuant to SORA's "recapture" provision, M.C.L. § 28.723(1)(e), provide the following data/information from the MSOR database:

      a.  the person's full name;

      b.  date of birth;

      c.  last known contact information (including residential address, phone number, employer's name and address, email and internet identifiers);

      d.  listed offenses(s) including the committed date/offense date and conviction date;

      e.  initial registration date;

      f.  registration term;

      g.  projected end date of registration term; and

h. whether the individual has been removed from the registry, including the date of removal from registry if applicable.

To identify each person who has in the past been or currently is subject to registration pursuant to SORA's "recapture" provision, this list should include people in any one of the following three groups:

(1) individuals for whom the "recapture" field is checked in the MSOR database;

(2) individuals who are or were registered based on a conviction(s) prior to October 1, 1995, and whose registration start date is after July 1, 2011;

(3) any other individuals Defendants identify as being registered pursuant to M.C.L. § 28.723(1)(e).

The data should be provided for all individuals who have been subject to registration under the "recapture" provision, even if they are no longer required to register. Based on the meeting with the MSP's data manager on November 21, 2022, it is Plaintiffs' understanding that all of the requested data is contained in searchable fields in the MSOR database. This request is not intended to require a manual search of individual registrant files.

17. For the last five years, produce data showing the amount of fees collected from registrants, the number of registrants who paid fees, the number of registrants who owe fees, and the balance of owed but uncollected fees.

17

18. For each year since the creation of the Michigan sex offender registry, produce the following data:

    a. The number of people on the public sex offender registry and on the private sex offender registry.

    b. The number of people subject to 10-year registration, 15-year registration, 25-year registration, lifetime registration or some other registration term.

19. For each year since the creation of the Michigan sex offender registry, produce the following data:

    a. The number of individuals charged with and the number convicted of violating any provision of SORA. Please specify for each separate type of SORA violation (separate M.C.L. section or subsection) the number of individuals charged with that violation each year and the number convicted of that violation each year. If the data is available by county, please provide both state-wide and county-level data.

    b. If data is available via the MSOR or MDOC systems, please specify for each separate type of SORA violation (separate M.C.L. section or subsection) the average length of prison sentences imposed and the average length of jail sentences imposed. If the data is available by county, please provide both state-wide and county-level data.

# INTERROGATORIES

1. For the last five years, state:

    a. The total number of people in prison or jail due to a conviction for a SORA violation, and the average length of time those people spent in prison or jail.

    b. The number of individuals whose parole was revoked for a violation of SORA (with or without a conviction for a SORA violation), and for how long, on average, those people spent in prison before being re-paroled. Please include people who may have had other parole violations but whose revocations occurred in whole or part because of SORA.

    c. The number of individuals whose probation was revoked for a violation of SORA (with or without a conviction for a SORA violation), how long the average minimum sentence was for such individuals, and how long on average those people spent in prison or jail before being released/paroled. Please include people who may have had other probation violations but whose revocations occurred in whole or part because of SORA.

    d. The number of petitions for removal from the registry that were filed under M.C.L. § 28.728c(1) and (2), and the number of registrants removed from the registry as a result of successful petitions.

    e. The total number of people determined during that year to be non-compliant with SORA and the type of non-compliance, broken down by the type of violation (e.g., fee violation, failed to register, form violation, etc.).

    f. The total number of officer alerts in the MSOR database for that year.

    g. The total number of tips submitted in the MSOR database, broken down by the type of tip (e.g., law enforcement, online submission, SOR unit, etc.).

    h. The total number of residence checks reported in the MSOR database, broken down by county.

This request is not intended to require a manual search of individual registrant files.

2. Quantify, for each of the past five years, how often and by whom the public sex offender registry was used, including:

> a. The number of times that the public registry was viewed by an individual member of the public (not including data-mining or data-scraping). Please provide the number of name-based registry searches conducted by the public; the number of geography-based registry searches conducted by the public (e.g., all registrants within 1 mile of specified address); and the number of other searches conducted by the public.

> b. The total number of individuals who have public email alert accounts and the number of new individuals who have signed up for such accounts during that year, broken down by the type of public email alert (e.g., "track offender" alerts about particular registrants, geographic public email alerts about particular registrants moving within a specified distance from a given address, etc.).

3. For all information reported by registrants that is not currently posted on the public sex offender registry (e.g., name of employer, internet information, telephone numbers), please state every circumstance under which that information can be released to any person or entity other than the MSP.

4. For all entities that currently have access to the private sex offender registry, list the type of entity (e.g., municipal police forces, county sheriffs' departments, licensing agencies, federal immigration agencies, etc.), the categories of staff that have access to the private sex offender registry, and the approximate total number of staff who have access to the private sex offender registry.

5.   For the last seven years, please list every law enforcement operation, in which (other than an isolated local MSP officer) the MSP participated or in which the MSP SOR Unit or MSP centralized SOR enforcement staff had a supervisory or supportive role to determine whether registrants are in compliance with SORA, and provide the date(s) of the operation, the geographic area of the operation, the names of any other law enforcement agencies involved in the operation, the total number of law enforcement personnel involved in the operation, the number of registrants whose compliance was assessed in the operation (e.g., number of residence checks), the number of registrants determined to be non-compliant, the number of registrants arrested, and the number of warrants issued. This question does not include law enforcement efforts to determine compliance by individual registrants, but is intended to cover sweeps, joint enforcement efforts with parole/probation or other law enforcement agencies, and similar operations to assess the SORA compliance of multiple registrants, with or without the MSP's participation.

6.   Please describe, in detail, how, when and what individualized assessments and risk assessment tools are used by the MDOC, including probation and parole. Your answer should explain at what point(s) during the course of probation/ incarceration/parole such individualized assessments/risk assessments are done and by whom. Your answer should explain what types of assessment are done and risk

assessment tools are used, as well as how many people have been assessed for each type of assessment used. Please also provide aggregate data about the results of such assessments (e.g., the percentage of registrants who received what scores on the Static-99 or similar instruments, etc.).  Your answer should also explain any changes in the use of such assessments over the last decade. This request is not intended to require a manual search of individual registrant files.

7.  State the number of people who have been removed from Michigan's registry since July 1, 2011 as a result of:

      a.  Executive clemency.

      b.  Exoneration.

      c.  Death.

8.  Identify all persons who contributed information used to respond to these interrogatories and requests for production, and explain generally what information they provided.

Respectfully submitted,

s/ Miriam J. Aukerman (P63165)
American Civil Liberties Union
   Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org

s/ Daniel S. Korobkin (P72842)
American Civil Liberties Union
   Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

Dated: December 2, 2022

s/ Paul D. Reingold (P27594)
Cooperating Counsel, American Civil
   Liberties Union Fund of Michigan
Univ. of Michigan Law School
802 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 355-0319 - pdr@umich.edu

s/ Roshna Bala Keen (Ill. 6284469)
Loevy & Loevy
Cooperating Counsel, American Civil
   Liberties Union Fund of Michigan
311 North Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
roshna@loevy.com

23

## EXHIBIT A FOR INTERROGATORY 1

## SORA CLASS MEMBER LIST INFORMATION

**Instructions**

Please provide the information listed below for each class member. The information should be provided in an Excel spreadsheet(s) (.xls, .xlsx, or .csv) or other searchable, sortable, manipulable format agreed upon by the parties.

The information obtained from the MSOR database and the MDOC databases should be combined into one spreadsheet if possible. If the SOR Unit, MDOC and vendors cannot produce a single spreadsheet, then the data obtained from the MSOR database and the MDOC database may be provided separately. Defendants should work with the database vendors to produce the data in a single spreadsheet, or as few spreadsheets as possible.

If multiple spreadsheets are needed, each spreadsheet should contain a unique field (e.g., SID number) for each class member to allow cross-matching data across spreadsheets. A primary spreadsheet should be produced that contains class members' personal information, registration information, and subclass information. *See* MSOR Database Information I.A-B, II.

Where there is a historical record for a field, **all historical data going back to July 1, 2011. Full criminal history and incarceration information should be provided with no date limitation.** For example, the data should include all prior addresses for each class member, and the dates during which the class member reported living at that address back to July 1, 2011.

There are additional instructions under some of the subsections. For providing subclass information, see the instructions under each subclass section.

**MSOR DATABASE INFORMATION**

I.   **Class Member Information**

   **A. Personal information**
   1. Full name (first, middle, last, suffix)
   2. Date of Birth
   3. Gender
   4. Race
   5. Age
   6. Juvenile (at time of offense)
   7. Registration number
   8. SID number
   9. MDOC number
   10. Guardian/custodian:  yes/no

   **B. Registration Information**
   1. Risk class (tier level)
   2. Published or Unpublished (whether registration information is on the public registry)
   3. Status (i.e., active, incarcerated, out-of-state)
   4. Registration period
      a. Start date/initial registration date
      b. Projected/actual end date
   5. Registration duration (i.e., 15 years, 25 years, life)
   6. Registration in another state
      a. Yes/no
      b. Which state(s)

   **C. Contact Information and Verification History.**
   1. For each residential address
      a. Street address, city, state, zip code, county
         i.   If incarcerated: current location only
      b. For residential addresses, dates at that address
   2. Homelessness

      a. Whether homeless field currently checked

      b. Whether or not homeless field is checked, for each period of homelessness:

            i. Start and end dates for when reported as homeless

           ii. City and state reported as location

3. For each employer and volunteer position

    a. Name of employer

    b. Street address, city, state, zip code, county

    c. Start and end dates at that employment or volunteer position

4. For each higher education institution

    a. Name of higher education institution

    b. Street address, city, state, zip code, county

    c. Start and end dates at that higher education institution

5. For each temporary address:

    a. Street address, city, state, zip code, county

    b. Start and end date at that address

6. For each phone number

    a. Number

    b. Start and end date for that number

7. For each internet identifier and email address

    a. Type

    b. Identifier/email address name

    c. Date reported

    d. Date removed

8. For each vehicle

    a. Date reported

    b. Date removed

**D. Compliance Information**

1. Dates that reported/verified/updated information

2. Compliance status (i.e., compliant, not compliant)

3. For each period of noncompliance:

    a. Violation reason(s) (i.e., fee violation, failure to register, failure to register, email/internet violation, etc.)

    b. Time period for each violation (start and end dates)

## E. Criminal History

Instructions: Given the database's limitations in pulling information for class members with more than three registrable offenses, we ask that you work with the vendor to clean up the data so that it shows all convictions for each registrant without duplicate lines.

1. For Each Registrable Offense:
   a. Charging authority
   b. Crime code
   c. Counts
   d. Attempted
   e. Juvenile offense (yes/no)
   f. Registrant age at time of offense (if available)
   g. Recapture (yes/no)
   h. Committed date (offense date)
   i. Conviction date
   j. Conviction state/jurisdiction
   k. County
   l. Court of conviction
   m. Court case number
   n. Victim information:
      i. Juvenile/adult
      ii. Age
      iii. Gender

## F. Incarceration History

Instructions: It is our understanding that the incarceration data available in the MSOR and MDOC databases differs. Accordingly, we are seeking data from both databases. However, if the MDOC database can comprehensively show periods of incarceration both in Michigan and other jurisdictions, it is not necessary to provide MSOR incarceration data.

1. Incarceration status (currently incarcerated and location, i.e., jail or prison)

    2. For each period of incarceration in Michigan and, if available, in other jurisdictions:
      a. Start date
      b. End date
      c. Offense associated with incarceration

### G. Residence Checks, Investigations and Monitoring History

    1. For each residence check performed:
      a. Date of check
      b. Checked by (agency performing check)
      c. Status (e.g., confirmed resident, confirmed absconder)
      d. Reason for residence check
    2. For each officer alert:
      a. Whether alert is active or inactive
      b. Date the alert was generated. (The content of the alert need not be provided.)
    3. For each tip regarding the class member:
      a. Type of tip (i.e., law enforcement, online submission, SOR unit)
      b. Date of tip (The content of the tip need not be provided.)
      c. Investigation result

### H. Fee History

    1. For each period fees are due:
      a. Type of fee (initial/annual)
      b. Status (i.e., collected, incarcerated, indigent, out of state, not paid)

## II.   <u>Subclass Information</u>

### A. Ex Post Facto Subclass Information

Identify all class members who committed their offense(s) requiring registration before July 1, 2011. Include a column on the primary spreadsheet indicating whether the class member is a member of the ex post facto subclass.

### B. Post-2011 Subclass Information

Identify all class members who committed an offense(s) requiring registration on or after July 1, 2011. Include a column on the primary spreadsheet indicating whether the class member is a member of the post-2011 subclass.

### C. Retroactive Extension of Registration Subclass Information

Instructions: Because the MSOR database does not contain information showing prior registration terms or extension of registration terms, the data requested here is intended to identify individuals whose registration terms were retroactively extended to life by looking to alterations in the statute. You are asked to identify all individuals whose committed offenses within a particular date range, and exclude those whose offenses required them to register as lifetime registrants under the statute in effect at the time. Citations to the relevant statutes are provided below.

Where known, the date the offense was committed should be used. If the offense committed date is not known, then the conviction date may be used.

Please indicate in a column/field on the master spreadsheet whether a class member is a member of the retroactive extension of registration subclass (i.e. falls within one of the four categories below). Please also provide a separate spreadsheet for each of the four categories below providing the name, date of birth and SID number of the class members who fall in that category.

1. Identify all class members subject to lifetime registration whose registrable offense(s) was committed prior to October 1, 1995.

2. Identify all class members subject to lifetime registration whose registrable offense(s) was committed on or after October 1, 1995 and before September 1, 1999, and who were **not** convicted of a second or subsequent registrable offense after October 1, 1995. *See* Mich. Pub. Act 295, §5(4) (1994).

29

3. Identify all class members subject to lifetime registration whose registrable offense(s) was committed on or after September 1, 1999, and before October 1, 2002, and who were **not** convicted of any of the following offenses, or a substantially similar offense in another jurisdiction:

    a. Mich. Comp. Laws § 750.520b (criminal sexual conduct in the first degree).

    b. Mich. Comp. Laws § 750.520c (criminal sexual conduct in the second degree).

    c. Mich. Comp. Laws § 750.349, if the victim was less than 18 years of age (kidnapping).

    d. Mich. Comp. Laws § 750.350 (leading away of a child).

    e. Mich. Comp. Laws § 750.145c(2) or (3) (production or distribution of child sexually abusive material).

    f. An attempt or conspiracy to commit an offense described in (a) to (e) above.

    g. A second or subsequent offense after October 1, 1995.

*See* Mich Pub. Act 85, § 5(7) (1999).

4. Identify all class members subject to lifetime registration whose registrable offense(s) was committed on or after October 1, 2002, and before July 1, 2011, and who were **not** convicted of any of the following offenses, or a substantially similar offense in another jurisdiction:

    a. Mich. Comp. Laws § 750.520b (criminal sexual conduct in the first degree).

    b. Mich. Comp. Laws § 750.520c(1)(a) (criminal sexual conduct in the second degree, person under 13)

    c. Mich. Comp. Laws § 750.349, if the victim was less than 18 years of age (kidnapping)

    d. Mich. Comp. Laws § 750.350 (leading away of a child)

    e. Mich. Comp. Laws § 750.145c(2) or (3) (production or distribution of child sexually abusive material)

    f. An attempt or conspiracy to commit an offense described in (a) to (e) above

30

g.  A second or subsequent offense after October 1, 1995

*See* Mich. Pub. Act § 5(7) (2002).

## D. Barred From Petitioning Subclass Information

Instructions: The MSOR database does not contain all of the information needed to identify this subclass. Accordingly, we ask only that the column/field in the primary spreadsheet indicate whether a class member meets the criteria set out below. If this information is provided by the MDOC, it need not also be provided by MSP.

1. Identify all class members:
   a. For whom 10 or more years have elapsed since the date of their conviction for a registrable offense or from release from confinement, whichever occurred last; and
   b. Who have not been convicted of any other felony or other registrable offense since.

## E. Non-Sex Offense Subclass

Instructions:  Include a column/field on the primary spreadsheet indicating whether the class member is a member of the non-sex offense subclass. Provide a separate spreadsheet stating for each member of the non-sex-offense subclass the name, date of birth, SID number, registrable convictions, and the information in number 2 below.

1. Identify all registrants—including any persons who have been or may be temporarily removed from the registry pursuant to *People v. Lymon*, No. 327355, 2022 WL 2182165 (Mich. Ct. App. June 16, 2022) — who committed violations of:
   a. M.C.L. § 750.349 (other than convictions for M.C.L. § 750.349(1)(c) or (1)(f)) (or a substantially similar offense in another jurisdiction)
   b. M.C.L. § 750.349(b) (or a substantially similar offense in another jurisdiction)
   c. M.C.L. § 750.350 (or a substantially similar offense in another jurisdiction)

31

2. State whether the class member has another registrable offense, and if so, what that class member's tier classification is absent the non-sex offense.

## MDOC DATA BASE INFORMATION

**A. Personal information**
1. Full name (first, middle, last, suffix)
2. Date of Birth
3. Gender
4. Race
5. Registration number
6. SID number
7. MDOC number

**B. Criminal History**
1. For Each Registrable and Non-Registrable Offense
   a. Crime code
   b. Counts
   c. Attempted
   d. Juvenile offense (yes/no)
   e. Registrant age at time of offense (if available)
   f. Committed date (offense date)
   g. Conviction date
   h. Conviction state/jurisdiction
   i. County
   j. Court of conviction
   k. Whether pled guilty or convicted at trial
   l. Sentence
   m. Date of release from incarceration if incarcerated on the offense (or if currently incarcerated, earliest release date)

**C. Incarceration History**

Instructions: It is our understanding that the incarceration data available in the MSOR and MDOC databases differs. Accordingly, we are seeking data from both databases. However, if the MDOC database can comprehensively show periods of incarceration both in Michigan and <u>other jurisdictions</u>, it is not necessary to provide MSOR incarceration data.

1. Incarceration status (currently incarcerated and location, i.e., jail or prison)
2. For each period of incarceration in Michigan and, if available, in other jurisdictions:
   a. Start date
   b. End date
   c. Offense(s) for which incarcerated during that period of incarceration
   d. If still incarcerated:
      i.  Earliest release date
      ii. Discharge date (max date or last possible release date)

**D. Sex Offender Treatment**
1. Whether class member has done sex offender treatment
2. For each sex offender treatment program:
   a. Dates of treatment
   b. Whether successfully completed treatment

**E. Past Risk Assessments / Individual Review**
1. Whether the class member has had a risk assessment
2. For each risk assessment conducted:
   a. Date
   b. Result
   c. Instrument (e.g., Static-99, VASOR)
   d. Administering agency (e.g., MDOC)

**F. Barred from Petitioning Subclass Information**
Instructions: We anticipate that the MDOC database does not contain all of the information needed to identify this subclass. Accordingly, we ask only that the column/field in the primary spreadsheet indicate whether a class member meets the criteria set out below. If this information is provided by the MDOC, it need not also be provided by MSP.

1. Identify all class members:
   a. For whom 10 or more years have elapsed since the date of their

34

conviction for a registrable offense or from release from confinement, whichever occurred last;

b. Who have not been convicted of any other felony or other registrable offense since; and

c. Who have successfully completed assigned periods of supervised release, probation or parole without revocation.

## G. Plea Bargain Subclass Information

Please indicate in a column/field on the master spreadsheet whether the class member is a member of the plea bargain subclass (i.e., falls within one of the three categories below). For each of the three categories below, please also provide a separate spreadsheet stating the name, date of birth, SID number, and the information in number 4 below.

1. Identify all class members who:
   a. Pled guilty to the offense(s) requiring registration prior to October 1, 1995, and
   b. Were not incarcerated, on probation, on parole, or under the jurisdiction of the juvenile division of the probate court or Department of Health and Human Services for that offense(s) on October 1, 1995.

2. Identify all class members who:
   a. Pled guilty to the offense(s) requiring registration on or after October 1, 1995, and
   b. Are members of the Retroactive Extension of Registration Subclass, as identified in Section K of the MSOR database information above.

3. Identify all class members who:
   a. Pled guilty to the offense(s) requiring registration on or after October 1, 1995, and before September 1, 1999, and
   b. Were not convicted of a second or subsequent registrable offense after October 1, 1995; and
   c. Are required to register for more than 25 years after their initial registration date.

*See* Mich. Pub. Act 295, §5(3) (1994); Mich Pub. Act 85, §5(6) (1999).

35

4. For each of the class members identified above, state:
   a. The date of the plea.
   b. The registration start date.
   c. The registration end date.