# Exhibit D:

Defendants' Amended Responses to First Requests for
Production

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE, on behalf of
themselves and all others similarly situated,

Plaintiffs,

v.

No. 2:22-cv-10209

GRETCHEN WHITMER, Governor of the
State of Michigan, and COL. JOSEPH
GASPER, Director of the Michigan
State Police, in their official
capacities,

Hon. Mark A. Goldsmith

Mag. Curtis Ivy, Jr.

**DEFENDANT GRETCHEN WHITMER AND COL. JOSEPH
GASPER'S AMENDED RESPONSES TO PLAINTIFFS' FIRST
REQUEST FOR PRODUCTION**

Defendants Gretchen Whitmer and Col. Joseph Gasper, by and

through their attorney, Assistant Attorney General Eric M. Jamison,

respond to Plaintiffs' First Requests for Production as follows:

## <u>Defendants Responses to Plaintiffs Request for Production</u>

1.      Documents that are responsive to, or that were reviewed or

consulted in order to answer Plaintiffs' interrogatories. Copies of

judicial decisions or statutes need not be provided.

**OBJECTIONS: Defendants object to this Request to the extent
that it improperly seeks the production of materials protected
by the deliberative process privilege, the attorney client
privilege, the attorney work product doctrine or executive
privilege. The request is seeking documents provided to
Defendants' legal counsel regarding how Defendants respond to
Plaintiffs interrogatories, which will obviously include
numerous privileged documents or communications.**

**Defendants also object to the request as overly broad,
unduly burdensome, and not proportional to the needs of the
case. To comply with the Request would require Defendants to
first identify the universe of documents Defendants may have
reviewed to try to find the information and the Plaintiffs
already have the substance of the documents from the
responses to the interrogatories, producing the documents
reviewed to draft the responses is duplicative and needlessly
increases the costs of litigation.**

2.      Documents – specifically including all manuals, training

materials, forms, standardized letters, policies, procedures, guides,

computer program guides, updates, notices, instructions, audio/video

presentations, reports, and data summaries – used in the last five years

by MSP staff in administering, operating and enforcing the sex offender

registry or describing the administration, operation and enforcement of

the sex offender registry. This specifically includes:

a. Manuals, guides, instructions, contracts, or other documents related to the current sex offender registry database. Documents about prior computer programs used to operate the database need not be provided.

b. Documents related to requirements and procedures for registration and reporting under SORA 2021. Documents related to requirements and procedures for reporting under prior versions of the statute need not be provided if they no longer apply, but should be provided if they remain operative.

c. A copy of the current standardized forms used by registrants and/or law enforcement personnel.

d. A copy of each version of the Explanation of Duties used in the last five years.

e. A copy of current standardized notices, letters or other documents used to communicate with registrants or law enforcement, including all documents provided to registrants or law enforcement to inform them about SORA's requirements, about the amendments to SORA that became effective March 24, 2021 (i.e., SORA 2021), and about federal and state litigation related to SORA.

f. Non-privileged documents provided to, created by, or used by the MSP SOR Unit to implement or respond to judicial rulings in *Does I*, *Does II*, *People v. Betts*, 968 N.W.2d 497 (Mich. 2021), and *People v. Lymon*, No. 327355, 2022 WL 2182165 (Mich. Ct. App. June 16, 2022).

g. Documents related to the processes or procedures for determining whether an individual must register under SORA

2021, at what tier level the individual must register, whether the registrant's information is public/private, and the length of time the individual must register.

h. Documents related to the processes or procedures for handling convictions from jurisdictions other than Michigan, including for determining whether such convictions are "substantially similar" to Michigan offenses, which Michigan offense is "substantially similar", whether registration will be public or private, and what the individual's tier classification is. This specifically includes the list of all crime codes used in the SOR database and any documents showing which crime codes are used for out of state offenses.

i. Documents related to the processes or procedures for registering or removing from the registry individuals who were convicted of M.C.L. § 750.349 (other than convictions for violating M.C.L. § 750.349(1)(c) or M.C.L. § 750.349(1)(f)), § 750.349b, § 750.350, or a substantially similar offense in another jurisdiction.

j. Documents related to the process or procedures for handling juvenile adjudications, adjudications under diversionary programs (e.g., Holmes Youthful Trainee Act), and convictions that have been expunged, set aside, or pardoned, including documents containing data regarding registrants with such adjudications or convictions.

k. Documents related to processes or procedures used by the MSP SOR Unit for removing individuals from the registry, including documents related to the process or procedures for removing individuals from the registry through the petitioning process under M.C.L. § 28.728c(1), (2), and (3), as a result of legislative amendments, or as the result of court decisions.

l. Documents related to determining whether an individual is

4

non-compliant with the registry, including documents regarding how cases of non-compliance should be handled.

m. Documents related to the processing of tips or complaints about registrants, including documents showing the number and nature of such tips or complaints, and documents regarding how tips submitted to the MSOR database (e.g., law enforcement tips, online submission, SOR unit tips, etc.) should be handled. This request does not seek information about specific tips or complaints, but rather seeks training materials, forms, standardized letters, policies, procedures, guides, computer program guides, updates, notices, instructions, audio/video presentations, reports, and data summaries.

n. Documents related to the "officer alert" function in the MSOR database. This request does not seek information about specific "officer alerts" regarding individual registrants, but rather seeks training materials, forms, standardized letters, policies, procedures, guides, computer program guides, updates, notices, instructions, audio/video presentations, reports, and data summaries.

**OBJECTIONS: Defendants object because the request seeks information regarding the old law which is not relevant. Seeking discovery about the old law only needlessly increases the costs of litigation regarding SORA 2021. The request asks MSP to produce a wide variety of materials related to the internal operations of prior versions of SORA. This goes beyond the scope of discovery under Fed. R. Civ. P. 26 and will do nothing to assist the parties in resolving Plaintiffs' claims about Michigan's current SORA.**

**Defendants also object to the request as vague because it is unclear what Plaintiffs mean by "standardized notices" and "form letters". And depending on the breath intended by Plaintiffs as to those terms and phrases, Defendants object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case.**

Producing "all" the materials requested by Plaintiffs would require searching for, collecting, reviewing, and producing numerous copies of the same document.  For example, to produce "all" data summaries used in the last five years, MSP would need to search email accounts of MSP SOR staff, MSP would also need to search network drives, shared folders, etc. Staff would likely have the same data summaries, or have access to the same summaries, yet to comply with the request MSP would have to go through the process to search for, collect, review and produce same.  Any data summaries pulled for *Does II*, may be protected by the attorney work product doctrine, which would then need to be disclosed on a privilege log. Creating a privilege log takes considerable time and resources.

Moreover, to produce the requested materials for the last five years used to determine whether an individual is SORA compliant would require Defendants review every registrant's file, which is unduly burdensome. The same is true for Plaintiffs request for documents related to the processing of tips and complaints. There are approximately 44,000 current registrants. The hours required to review tens of thousands of individual files and produce the requested materials, with limited relevance at best, is not proportional to the needs of this case.

Defendants also object to this Request to the extent that it improperly seeks the production of materials protected by the deliberative process privilege, the attorney client privilege, or the attorney work product doctrine. The request is seeking documents provided to MSP regarding the implementation of judicial rulings and legislation, which will obviously include numerous privileged documents.  To even search for those documents, it would require Defendants to first identify "all" materials MSP will need to collect about any of the cases referenced by Plaintiffs.  MSP will then have to sift through the responsive materials to identify privileged documents. The privileged documents would need to be disclosed on privilege

log.  While a search has not been conducted at this stage, it is expected that there could be thousands of emails and other communications regarding the four cases cited in the request. For instance, if the AG sends an email to three legal affairs contacts at MSP, there would be three emails. Then those individuals circulate the email to their staff, they may set-up a meeting to discuss it, they may have internal communications about the meaning of the AG email and then ultimately another email could be sent to the AG for further guidance.

RESPONSE: From previous productions, please see Bates Nos. MSP0000001 through MSP 000000084, which includes the State of Michigan, Michigan State Police, Michigan Sex Offender Registry User Guide (MSOR User Guide) and MSP correspondence regarding *People v Lymon*, as well as Bates Nos. MSP-0000086 through MSP-0000098, for the Drat System User Levels and Fields. MSP located other records responsive to this request and consistent with Rule 34(b)(2)(A)-(B), MSP produced responsive documents on December 16th.  Notwithstanding the objections, and without waiving the objections, see Bates Nos. MSP-0000101 through MSP-0000953.

3.    To the extent not provided above, documents used by or provided to MSP staff, including staff in the SOR Unit, and provided by MSP to other law enforcement agencies, regarding changes to the sex offender registry in order to implement the amendments to SORA that became effective March 24, 2021. This includes, but is not limited to, all manuals, training materials, policies, procedures, guidelines, computer program guides, updates, notices, instructions, and audio/video

presentations regarding the 2021 amendments and the steps necessary

to implement them.

**RESPONSE: Defendants refer Plaintiffs to the documents referenced in response to Request 2.  MSP located other records responsive to this request and consistent with Rule 34(b)(2)(A)-(B), MSP produced responsive documents on December 16th. Notwithstanding the objections, and without waiving the objections, see Bates Nos. MSP-0000954 though MSP-0001097.**

4.    A current organizational chart and list of all current staff

within the MSP SOR Unit and job descriptions for staff at the MSP

SOR unit.

**OBJECTIONS: Defendants object because job descriptions have no importance to resolving the issues in this lawsuit and spending resources on tracking down and producing job descriptions when taken in conjunction with the other voluminous irrelevant discovery requests places an undue burden on Defendants.**

**RESPONSE: Notwithstanding the objection, and without waiving the objections, please see bates-stamped MSP-0000085, which includes an organizational chart for MSP staff within the SOR Unit.**

5.    A list of all current staff within the MSP for whom training

about SORA, enforcement of SORA, or other SORA-related duties is a

major component of their job responsibilities, and job descriptions for

such staff.

**OBJECTIONS: Defendants object because job descriptions have no importance to resolving the issues in this lawsuit and spending resources on tracking down and producing job descriptions when taken in conjunction with the other voluminous irrelevant discovery requests places an undue burden on Defendants.**

**Defendants object to the request as vague because it is unclear what "other SORA related duties," "training about SORA" and "enforcement of SORA" means, and the scope intended by the request.**

**Defendants object to the request because after a diligent search, they were unable to locate the information needed to respond within the time afforded under the Court's scheduling order and spending more resources on tracking down and producing this information, when taken in conjunction with the other voluminous irrelevant discovery requests places an undue burden on Defendants.**

6.     Policy-level documents from the last five years showing the

overall operation of Michigan's sex offender registry, including but not

limited to any audits, internal reports, public reports, budgets,

summaries, or evaluations of:

a.     Effectiveness;

b.     Cost;

    c.     Usage by the public;

    d.     Usage by law enforcement;

    e.     Demographics of registrants;

    f.     Violations or noncompliance by registrants;

    g.     Recidivism by registrants;

    h.     Impact of registration on recidivism;

    i.     Vigilantism/harassment of registrants.

**OBJECTIONS: Defendants object because the request seeks information regarding the old law which is not relevant. Seeking discovery about the old law only needlessly increases the costs of litigation regarding SORA 2021. This goes beyond the scope of discovery under Fed. R. Civ. P. 26 and will do nothing to assist the parties in resolving Plaintiffs' claims about Michigan's current SORA. Accordingly, to the extent Plaintiffs seek materials prior to March 24, 2021, the request is overly broad.**

**Defendants further object because the request seeks information from before the time they were in their respective roles.**

**Defendants object to this request to the extent that it improperly seeks the production of materials protected by the deliberative process privilege, the attorney client privilege, or the attorney work product doctrine.**

**Defendants object to the request as vague because it is unclear what is meant by "effectiveness" "usage by the public" "recidivism" "vigilantism" and "harassment"**

**RESPONSE: Notwithstanding the objections, and without waiving the objections, see Bates Nos. MSP-0001098 – MSP-0001198.**


7.     Documents from the last five years that summarize the

usage of the private and public registries, including but not limited to

documents summarizing the number and types of searches conducted;

the types of entities conducting searches; and usage of the alert system

(including the "track offender" system and email alerts for when

registrants move into an area).

**OBJECTIONS: Defendants object because the request seeks information regarding the old law which is not relevant. Seeking discovery about the old law only needlessly increases the costs of litigation regarding SORA 2021. This goes beyond the scope of discovery under Fed. R. Civ. P. 26 and will do nothing to assist the parties in resolving Plaintiffs' claims about Michigan's current SORA.  Accordingly, to the extent Plaintiffs seek materials prior to March 24, 2021, the request is overly broad.**

**Defendants object because this is duplicative of other discovery requests seeking the same information.  Producing the same information only needlessly increases the costs of litigation.**


8.     Documents in the possession of Defendants concerning

coordinated (as opposed to individual) law enforcement operations in

the last seven years to determine whether registrants are in compliance with SORA, including documents related to the date(s) of the operation, the geographic area of the operation, the law enforcement agency or agencies involved in the operation, the total number of law enforcement personnel involved in the operation, the number of registrants whose compliance was assessed in the operation (e.g., number of residence checks), the number of registrants determined to be non-compliant, the number of registrants arrested, and the number of warrants issued. Please also provide any documents regarding any changes to or reductions in the number or type of sweeps being conducted. This question does not include law enforcement efforts to determine compliance by individual registrants, but is intended to cover sweeps, joint enforcement efforts with parole/probation or other law enforcement agencies, and similar operations to assess the SORA compliance of multiple registrants.

**OBJECTIONS: Defendants object because the request seeks information regarding the old law which is not relevant. Seeking discovery about the old law only needlessly increases the costs of litigation regarding SORA 2021. This goes beyond the scope of discovery under Fed. R. Civ. P. 26 and will do nothing to assist the parties in resolving Plaintiffs' claims about Michigan's current SORA.**

**Even if the request is limited to the new law, it has no relevance to any party's claims or defenses.**

**Defendants further object because the request seeks information from before the time they were in their respective roles.**

**Defendants object because, to the extent they even exist, documents concerning coordinated compliance operations have no importance to resolving the issues in this lawsuit and spending resources to determine if this information even exists, when taken in conjunction with the other voluminous irrelevant discovery requests places an undue burden on Defendants.**

9.    Documents that the MSP provides to registrants or law enforcement that describe or explain what information registrants currently must report and when under M.C.L. § 28.724a, § 28.725, and § 28.727(1). *See also* M.C.L. § 28.722 (definitional section). This specifically includes documents that describe or explain the reporting requirements under:

   a. M.C.L. § 28.727(1)(a), including documents regarding what names, nicknames, and aliases are reportable.

   b. M.C.L. §§ 28.725(2)(a), 28.727(h), including documents regarding what telephone numbers are reportable, and for what period of time.

   c. M.C.L. §§ 28.725(2)(a), 28.727(j), including documents

regarding what vehicles are reportable, and for what period of time.

d. M.C.L. §§ § 28.722(g); 28.725(2)(a), 28.727(i), including documents regarding what email addresses, internet identifiers, and other electronic information is reportable.

e. M.C.L. § 28.725(1)(a), § 28.725a(3), and § 28.727(1)(d), including documents regarding how to determine where an individual "resides" and all documents regarding the registration of individuals who are homeless or lack a stable address.

f. M.C.L. § 28.722(d), §28.725(1)(b) and § 28.727(1)(f), including documents regarding when and under what circumstances temporary/intermittent employment must be reported; regarding how employment is to be reported if the registrant lacks a fixed employment location; and regarding whether and when volunteer positions must be reported.

g. M.C.L. § 28.724a, § 28.725(1)(c) and § 28.727(1)(g), including documents regarding when and under what circumstances enrollment in a "school" must be reported, whether and under what circumstances remote/correspondence/internet courses are reportable.

h. M.C.L. § 28.725(2)(b) and § 28.727(1)(e), including what travel is reportable and when, including documents regarding situations where a registrants' travel plans change.

**RESPONSE: See Bates Nos. MSP-0001199 through MSP-0001230.**

14

10.     Documents related to current use by the MDOC, including probation and parole, of individualized assessment and risk assessment tools for people convicted of sex offenses. This includes documents regarding when such assessments are currently done during the course of probation/incarceration/parole, what type of individualized assessment is currently done and which risk assessment tools are used, the results of such assessments (aggregate data not individual results), how many people have been assessed, and changes in the use of such assessments over the last decade. This question does not include assessments for individual registrants, but instead seeks policy-level documents and aggregate data.

**OBJECTIONS: Defendants object because the request seeks materials from the Michigan Department of Corrections, who is not a party to this litigation.**

**Defendants also object to this request to the extent that it improperly seeks the production of materials protected by the deliberative process privilege, the attorney client privilege, or the attorney work product doctrine.**

**Defendants object because the documents sought will do nothing to assist the parties in resolving Plaintiffs' claims about Michigan's current SORA.**

11.    Copies of documents showing any agreement that has been

in effect at any time during the last five years to provide information

from Michigan's sex offender registry to:

      a.    Other government agencies;

      b.    Private background-check companies;

      c.    Other private companies who request data.

Please include documents showing whether information was

provided through automated data exchanges and whether payments

were made for such information.

**OBJECTIONS: Defendants object because the documents sought will do nothing to assist the parties in resolving Plaintiffs' claims about Michigan's current SORA.**

**Defendants also object to this request to the extent that it improperly seeks the production of materials protected by the deliberative process privilege, the attorney client privilege, or the attorney work product doctrine.**

**RESPONSE: Notwithstanding the objections, see Bates Nos. MSP-0001231.**

12.    Documents for the last five years concerning or related

to the overall costs of operating the sex offender registry, including but

not limited to:

      a.    MSP budget for the SOR Unit;

b.      Any other costs of SORA enforcement for the MSP, including costs to MSP posts and the costs of conducting sweeps;

c.      Federal funding and SORA;

d.      The collection of fees from registrants, including the amounts collected, the number of registrants paying fees, the number of registrants who have not paid fees or owe fees, the number of registrants found indigent, and usage of the funds collected;

e.      The costs of SORA enforcement for local law enforcement agencies.

This request seeks documents related to overall costs and funding, not

invoices, individual registrant payment documents, or the like.

**OBJECTIONS: Defendants object because the documents sought will do nothing to assist the parties in resolving Plaintiffs' claims about Michigan's current SORA.**

**Defendants object because, aside from the SOR unit budget information, which was readily available, documents concerning the sub requests b. – e. have no importance to resolving the issues in this lawsuit and spending resources to track down this information, when taken in conjunction with the other voluminous irrelevant discovery requests places an undue burden on Defendants.**

**Defendants further object because this request is duplicative of other requests, and propounding duplicate discovery only needlessly increases the costs of litigation.**

**Defendants object because they do not have custody or control over documents related to the costs of SORA enforcement for local law enforcement agencies.**

**RESPONSE: Notwithstanding the objections, see Bates Nos. MSP-0001232 through MSP-0001234.**

13.     Communications, including email, since January 1, 2016, regarding Michigan's sex offender registry or Michigan's substantial compliance with SORNA, between the federal Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering and Tracking (SMART office) and the primary person at the MSP responsible for communicating with the SMART office.

**OBJECTIONS: Defendants object to this Request on the basis that it is overly broad. The request asks Defendants produce communications with SMART office related to prior versions of SORA. This goes far beyond the scope of discovery under Fed. Rule. Civ. Pr. Rule 26 and will do nothing to assist the parties in investigating Plaintiffs' claims which relate to Michigan's current SORA.   For example, if someone at MSP had communications with someone from SMART in 2016 about geographic exclusion zones, it has nothing to do with the current lawsuit.  Accordingly, to the extent Plaintiffs seek materials prior to March 24, 2021, the request is overly broad.**

**RESPONSE: Notwithstanding the objections, see Bates Nos. MSP-0001235 through MSP-0001511.**

14.    Non-privileged documents in your possession that refer or relate to the named plaintiffs that have been provided to your attorneys.

**RESPONSE: Defendants are unaware of the existence of any documents responsive to this request.**

15.    Provide the information/data set out in Exhibit A for each class member. Based on the meeting with the MSP's data manager on November 21, 2022, it is Plaintiffs' understanding that all of the requested data is contained in searchable fields in the MSOR database. This request is not intended to require a manual search of individual registrant files.

**OBJECTIONS: Defendants object because the documents sought will do nothing to assist the parties in resolving Plaintiffs' claims about Michigan's current SORA.**

**Defendants object because all the information requested is not available in the MSOR database.**

**Moreover, the request seeks information in the possession of, known to, or otherwise available to the plaintiffs.**

**Defendants object to producing any non-public information as it is protected by statute, including MCL 28.214, 28.728, 28.730.**

**Defendants object because this information may be in the custody or control of MDOC, who is a non-party.**

**Defendants further object to providing subclass information. All public data from MSOR is being produced, and Plaintiffs may run their own queries on the data.**

**While some of this data may reside somewhere in a state agency's files, spending resources to track down this information, when taken in conjunction with the other voluminous irrelevant discovery requests places an undue burden on Defendants.**

**Plaintiffs are being provided with the publicly available information for over 40,000 registrants. If Plaintiffs want to incur the time and expense of gathering and compiling additional data, which has little, if any relevance to the legal issues in this lawsuit, they may spend their resources doing so, but the costs of searching for and producing this information should not be foisted upon the taxpayers.**

**RESPONSE: Notwithstanding the objections, see Bates Nos. MSP-0001512.**

16.    For each person who has in the past been or currently is subject to registration pursuant to SORA's "recapture" provision, M.C.L. § 28.723(1)(e), provide the following data/information from the MSOR database:

a.    the person's full name;

b.    date of birth;

    c.      last known contact information (including residential address, phone number, employer's name and address, email and internet identifiers);

    d.      listed offenses(s) including the committed date/offense date and conviction date;

    e.      initial registration date;

    f.      registration term;

    g.      projected end date of registration term; and

    h.      whether the individual has been removed from the registry, including the date of removal from registry if applicable.

To identify each person who has in the past been or currently is subject to registration pursuant to SORA's "recapture" provision, this list should include people in any one of the following three groups:

(1) individuals for whom the "recapture" field is checked in the MSOR database;

(2) individuals who are or were registered based on a conviction(s) prior to October 1, 1995, and whose registration start date is after July 1, 2011;

(3) any other individuals Defendants identify as being registered

pursuant to M.C.L. § 28.723(1)(e).

The data should be provided for all individuals who have been subject to

registration under the "recapture" provision, even if they are no longer

required to register. Based on the meeting with the MSP's data

manager on November 21, 2022, it is Plaintiffs' understanding that all

of the requested data is contained in searchable fields in the MSOR

database. This request is not intended to require a manual search of

individual registrant files.

**OBJECTIONS: Defendants object because the documents sought
will do nothing to assist the parties in resolving Plaintiffs'
claims about Michigan's current SORA.**

**RESPONSE: To the extent the information is contained in
searchable fields in the MSOR database, consistent with Rule
34(b)(2)(A)-(B), MSP will start producing documents on a rolling
basis on December 16th.**

17.     For the last five years, produce data showing the amount of

fees collected from registrants, the number of registrants who paid fees,

the number of registrants who owe fees, and the balance of owed but

uncollected fees.

**OBJECTIONS: Defendants object because the documents sought will do nothing to assist the parties in resolving Plaintiffs' claims about Michigan's current SORA.**

**Defendants object because spending resources to track down this information, when taken in conjunction with the other voluminous irrelevant discovery requests places an undue burden on Defendants.**

**Defendants further object because this request is duplicative of other requests, and propounding duplicate discovery only needlessly increases the costs of litigation.**

**RESPONSE: See Bates Nos. MSP-0001513.**

     18.    For each year since the creation of the Michigan sex offender registry, produce the following data:

    a.    The number of people on the public sex offender registry and on the private sex offender registry.

    b.    The number of people subject to 10-year registration, 15-year registration, 25-year registration, lifetime registration or some other registration term.

**OBJECTIONS: Defendants object because the documents sought will do nothing to assist the parties in resolving Plaintiffs' claims about Michigan's current SORA.**

**Defendants object because spending resources to track down this information, when taken in conjunction with the other voluminous irrelevant discovery requests places an undue burden on Defendants.**

**RESPONSE: Subject to the above objections, and consistent with Rule 34(b)(2)(A)-(B), MSP will produce the number of**

**people currently on the public and private registry and the number of people currently subject to 10-year registration, 15-year registration, 25-year registration, and lifetime registration.**

19. For each year since the creation of the Michigan sex offender registry, produce the following data:

a. The number of individuals charged with and the number convicted of violating any provision of SORA. Please specify for each separate type of SORA violation (separate M.C.L. section or subsection) the number of individuals charged with that violation each year and the number convicted of that violation each year. If the data is available by county, please provide both state-wide and county-level data.

b. If data is available via the MSOR or MDOC systems, please specify for each separate type of SORA violation (separate M.C.L. section or subsection) the average length of prison sentences imposed and the average length of jail sentences imposed. If the data is available by county, please provide both state-wide and county-level data.

**OBJECTIONS: Defendants object because the documents sought will do nothing to assist the parties in resolving Plaintiffs' claims about Michigan's current SORA. Providing information about the average length of prison sentences or county level data has nothing to do with the claims or defenses in this lawsuit.**

**Defendants object because spending resources to track down this information, when taken in conjunction with the other voluminous irrelevant discovery requests places an undue burden on Defendants.**

**Defendants object because Plaintiffs will be provided with the publicly available information from the MSOR database, and they may run their own searches to locate and compile this information.**

/s/ *Eric M. Jamison* (P75721)
Assistant Attorney General
Attorney for Defendants
Michigan Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov

**Dated: December 16, 2022**

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2022, the above captioned documents were served upon all parties to the above cause by email.

/s/ *Eric M. Jamison* (P75721)