UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE,
on behalf of themselves and
all others similarly situated,

                                File No. 2:22-cv-10209

      Plaintiffs,
v.                                      Hon. Mark A. Goldsmith

GRETCHEN WHITMER, Governor of the      Mag. Curtis Ivy, Jr.
State of Michigan, and COL. JOSEPH
GASPER, Director of the Michigan State
Police, in their official capacities,

      Defendants.
_____

## SUPPLEMENTAL
## JOINT STATUS REPORT REGARDING DISCOVERY

**PLAINTIFFS' STATEMENT**

**I.    Discovery from the Michigan State Police**

As of this writing, Plaintiffs have received no further documents from the Michigan State Police since the Joint Status Report was filed on 1/6/23. However, Defendants have indicated that they will provide amended discovery responses and additional documents yet today. Plaintiffs will not have an opportunity to review those documents before the filing of this report, and accordingly will need to update

1

the Court at the conference.

Plaintiffs are also waiting on a response from the MSP regarding whether it will provide a copy of the class list to the MDOC. The MDOC has indicated that the simplest way for it to run data on class members is by using a list of class members. (Alternatives, like searching by offense code for both in- and out-of-state offenses, are unwieldy and unreliable.) If the Court finds that Plaintiffs should have access to the non-public class member data, that class list will include non-public registrants. Plaintiffs assume—but have not been able to confirm—that the MSP has no objection to providing the class list to the MDOC. Plaintiffs' understanding is that MDOC staff are among the authorized users of the non-public registry. (It is not clear that Plaintiffs could provide a class list obtained from the MSP directly to the MDOC, given the restrictions on dissemination of class data contained in the protective order, without further amending that order. *See* First Am. Protective Order, ECF 69.)

## II. Discovery from the Michigan Department of Corrections

### A. Background

Plaintiffs sent a list of requested class data to Defendants on 9/30/22, followed by informal discovery requests on 11/4/22. Defendants indicated in their 11/21/22 responses to the informal discovery that they did not view discovery involving the MDOC to be party discovery (even though the MDOC is an agent of the defendant

governor). At a meet and confer on 12/1/22, Defendants indicated that they were working with the MDOC to obtain responses to Plaintiffs' discovery requests, notwithstanding the stated objection that the MDOC is a non-party. Defendants also indicated that they would try to schedule a meeting with a data manager from the MDOC to discuss what class-member data was available in MDOC systems.

On 12/2/22, Plaintiffs served their first formal interrogatories and requests for production. Those requests specifically broke down the requested class member data into data maintained by the MSP and data maintained by the MDOC. *See* Pls' First RFPS & Rogs, ECF 78-1, Exhibit A, PageID# 2156-2167. At a meet and confer on 12/14/22, Defendants indicated that the MDOC was unwilling to meet to discuss the class member data, but that MDOC was not opposed to providing non-privileged, easily available data. After a status conference with the Court on 12/15/22, Plaintiffs reformatted their discovery requests that related to data or information in the possession of MDOC as a subpoena, which was served on 12/16/22. The Court held a status conference on 12/29/22 which included counsel for the MDOC, and the Plaintiffs and MDOC noted that Plaintiffs had agreed to extend the response deadline for the subpoena to 1/9/23.

The Plaintiffs met and conferred with MDOC counsel on 1/5/23 and 1/9/23. In addition to the substantive issues set out below, the parties discussed that the MDOC does not believe the current protective order, ECF 69, is sufficient to protect

3

it as a non-party. Plaintiffs have offered to amend the existing protective order to explicitly cover the MDOC.[1] Plaintiffs have also offered to review a proposed separate protective order covering the MDOC. MDOC counsel are apparently drafting such a proposed order.

### B. Class Data in the Possession of the MDOC

Although the MDOC has been aware since at least early/mid-November that Plaintiffs are seeking class data in the possession of the MDOC, Plaintiffs have yet to receive any data, and the MDOC has been unable to provide a time frame for when such data can be produced. Plaintiffs agree with the MDOC that the Court should first rule on what data (including public/private) the MSP must produce, as that will affect both (1) which class members are included on the class list that MDOC needs in order to run the data; and (2) whether there is data that the MDOC does not need to provide because it will be provided by the MSP. Plaintiffs believe, however, that they and the MDOC should, in the interim, be discussing what MDOC data is available so that Plaintiffs can narrow their requests and so that data can be promptly produced once the Court rules. Plaintiffs have scheduled a Rule 30(b)(6) deposition for 1/17/23 regarding MDOC data management. Plaintiffs have offered

---

[1] In Plaintiffs' view, the order could simply be reissued with paragraph #8 amended to refer to "any class list that Defendants, or any entity of Michigan State government, including the Michigan Department of Corrections… provide in this action," and paragraphs 11 and 12 concerning disposition of data at the conclusion of the litigation being amended to include the MDOC.

4

to convert that deposition to an informal discussion about how Plaintiffs can access the information they need given the limitations of the MDOC's data systems.

In anticipation of such a deposition, Plaintiffs subpoenaed manuals for MDOC data systems. *See* Ex. A, #1. In light of the MDOC's objections, Plaintiffs have offered (1) to do without the manuals if the Plaintiffs and relevant MDOC staff can have an open, informal discussion about what data is available; (2) to limit the request to information in operational manuals about the fields for data requested regarding people on the sex offender registry.

To keep discovery moving forward, the Court should:

- Confirm that the MSP will provide the MDOC with a list of class members (including non-public registrants if the Court determines that the class counsel should have access to the non-public data).

- Require the parties to meet and confer by 1/23/23 regarding what data should be produced by the MDOC in light of information learned at the 1/17/23 deposition/discussion. If the Plaintiffs and MDOC cannot agree on what data is to be produced, they may seek resolution from the Court.

- Require the MDOC class data to be produced by 1/31/23, unless the parties stipulate or the Court orders otherwise.

- Order the MDOC to produce by 1/16/23 (prior to the 1/17/23 deposition) the information in operational manuals about the fields for data requested

5

regarding people on the sex offender registry

## C. Information Regarding Incarceration and Probation/Parole Violations Based on SORA

Plaintiffs seek information about the number of people who have been sentenced to probation, jail or prison for SORA violations, as well as on the number of SORA-related probation and parole violations. *See* Ex. A, #4. The MDOC has agreed in principle to provide this information (with agreed-upon modifications), but there is no timeline for when it will be produced. *See* Ex. B., #4.

Plaintiffs have been requesting this information since 11/4/22. The Court should order it produced by 1/31/2023.

## D. Information on the Use of Individualized Risk Assessments by the MDOC

Plaintiffs sought information and data about the use of individualized risk assessments by the MDOC. *See* Ex. A, #2, 3. On 1/10/23 (the date of this filing), the MDOC produced a supplemental response to the subpoena and approximately 230 pages of document. Because these documents were produced at approximately 6 p.m., Plaintiffs have not yet been able to review them and assess the adequacy of the response.

The Plaintiffs and MDOC are continuing to confer over what data on individual review will be produced. The MDOC has agreed to provide some data, but has not indicated when such data will be available. Plaintiffs request that the Court order that the MDOC produce this data (as narrowed by agreement) by

6

1/17/23, unless the parties stipulate or the Court orders otherwise, so that Plaintiffs have it in advance of the Rule 30(b)(6) deposition scheduled for 1/19/23 that will cover individual review at the MDOC.

**STATEMENT OF THE MICHIGAN DEPARTMENT OF CORRECTIONS**

As agreed, MDOC served its response, including objections, to Plaintiffs' December 16, 2022 subpoena on January 9, 2023. MDOC also served Plaintiffs with a first supplemental response and over 200 pages of documents on January 10, 2023. MDOC's counsel has also participated in two meet and confers with Plaintiffs' counsel and has exchanged multiple emails in an attempt to clarify and/or limit Plaintiffs' requests.

MDOC continues to locate and review responsive documents for request #2, some of which will require a protective order before they can be produced. MDOC's counsel will provide a proposed protective order to Plaintiffs' counsel for their review by the end of this week. MDOC does not intend to respond to request #1—asking for operations manuals and date fields for MDOC's multiple data systems—at this time, since Plaintiffs' counsel indicated that the information may not be needed if the data is produced for request #5, and request #5 cannot be started until the parties' public/private dispute is resolved. As to requests #3 and #4, MDOC is determining the availability and amount of time it will take to produce the data

requested in light of the limitations/clarifications discussed during the meet and confers.

MDOC will continue to meet with Plaintiffs' counsel regarding the subpoena request.  MDOC anticipates providing additional supplemental responses, including production of additional documents and data, over the next 30 days.  Plaintiffs have also scheduled two Federal Rule of Civil Procedure 30(b)(6) depositions for January 17 and 19 of MDOC staff.

Respectfully submitted,

s/ Miriam Aukerman (P63165)
Miriam J. Aukerman
Attorneys for Plaintiffs
American Civil Liberties Union
 Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org

s/ Daniel S. Korobkin (P72842)
s/ Syeda Davidson (P72801)
American Civil Liberties Union
 Fund of Michigan
Attorney for Plaintiffs
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

s/ Paul D. Reingold (P27594)
Cooperating Counsel, American Civil
 Liberties Union Fund of Michigan
Attorney for Plaintiffs
Univ. of Michigan Law School
802 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 355-0319 - pdr@umich.edu

s/ Roshna Bala Keen (Ill. 6284469)
Loevy & Loevy
Attorney for Plaintiffs
Cooperating Counsel, American Civil
 Liberties Union Fund of Michigan
311 North Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900 - roshna@loevy.com

*/s/ Sara E. Trudgeon*
Sara E. Trudgeon (P82155)
Assistant Attorney General
Attorney for MDOC