# Exhibit A:
## Subpoena to MDOC

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Michigan ▾

| | |
|---|---|
| Does A-H et all | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-10209 |
| Gov. Gretchen Whitmer and Col. Joseph Gaspar, in their official capacities | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Michigan Department of Corrections; Michigan Department of Corrections Director, Heidi Washington

*(Name of person to whom this subpoena is directed)*

❑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit.  Please produce by January 3, 2023.

| Place: Miriam Aukerman, via email: maukerman@aclumich.org | Date and Time: |
|---|---|
| | |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/16/2022

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Miriam J. Aukerman |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Does A et al. , who issues or requests this subpoena, are:

Miriam Aukerman, ACLU of Michigan, 1514 Wealthy St, Suite 260, Grand Rapids, MI 49506; 616 301 0930; maukerman@aclumich.org

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-10209

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:  by email to the following

attorneys at the Michigan Attorney General's Office: Eric Jamison, Keith Clark, Scott Damich

_____ on *(date)*  12/16/2022  ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:   12/16/2022                           /s/ Miriam J. Aukerman
                                        _____
                                              *Server's signature*

                                     Miriam J. Aukerman, Senior Staff Attorney
                                        _____
                                             *Printed name and title*
                                            ACLU of Michigan
                                          1514 Wealthy St, Suite 260
                                          Grand Rapids, MI 49506

                                        _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

 **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE,
on behalf of themselves and
all others similarly situated,

          File No. 2:22-cv-10209

          Plaintiffs,

v.          Hon. Mark A. Goldsmith

GRETCHEN WHITMER, Governor of the      Mag. Curtis Ivy, Jr.
State of Michigan, and COL. JOSEPH
GASPER, Director of the Michigan State
Police, in their official capacities,

          Defendants.
_____

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO MICHIGAN DEPARTMENT OF CORRECTIONS

Plaintiffs, through their attorneys, requests that the following items be

produced via email to maukerman@aclumich.org for inspection and copying by

January 3, 2023.

### Instructions

The answers should include information known to the Michigan Department

of Corrections (MDOC).

When providing data sets, such as data about registrants, that information

should be provided in a searchable, sortable, manipulable format, such as an Excel

1

spreadsheet.

These requests for production are continuing, and supplemental answers should be supplied if you obtain new information after the answers are served.

Where class member data is requested, it is not necessary to review individual class member files.  It is sufficient to pull data about class members by searching databases. When providing data sets, such as data about registrants, that information should be provided in a searchable, sortable, manipulable format, such as an Excel spreadsheet (.xls, .xlsx, .csv).

Except as otherwise specified, document requests are intended to seek policy-level documents, general instructions, training materials, summaries, reports, departmental guidance, descriptions, manuals, and like documents, rather than information about individual registrants.

If there are multiple copies of the same document, the document need only be produced once if the copies are identical to the version of the document that is produced.

If you refuse to produce a document, or if you redact information, please provide a privilege log identifying the privilege claimed or any other basis for withholding the information or document. For all information withheld and for all documents withheld or redacted, the privilege log should provide the topic/subject of the document/information, a summary of its contents, the name and position of

the persons(s) authoring the document, the names and positions of all persons who received the document or were included on a communication, and the date of the document. Further, for each document or interrogatory answer for which a privilege is claimed, please indicate the specific facts that establish each element of the privilege claimed.

## Definitions

The word "document" means information recorded in any form.

The word "identify", as used with respect to a person, means to state the person's full name, last known employer, position/job title, business address, and last known contact information (phone and email or other internet identifiers).

"MDOC" means the Michigan Department of Corrections.

"Sex Offenders Registration Act" or "SORA" means M.C.L. § 28.721 *et. seq.*, both in its historical and current form.

"Sex Offenders Registration Act 2021" or "SORA 2021" means M.C.L. § 28.721 *et. seq.*, as amended effective March 24, 2021.

"Michigan sex offender registry" or "sex offender registry" means the registry created under Michigan's Sex Offenders Registration Act, M.C.L. § 28.721 *et. seq.* The terms "Michigan sex offender registry" or "sex offender registry" refer to both the public sex offender registry and the private sex offender registry, as defined below.

3

"Public sex offender registry" means the publicly available version of Michigan's sex offender registry that is maintained and made public pursuant to M.C.L. § 28.728(2).

"Private sex offender registry" means the version of Michigan's sex offender registry that is available to law enforcement pursuant to M.C.L. § 28.728(1).

"Sex offender registration database" means the database(s) and computer program(s) in which information about the sex offender registry is maintained.

"Registrant" means an individual required to register as a sex offender under SORA.

"Sex Offender Registration Unit" or "SOR Unit" means the unit within the Michigan State Police responsible for maintaining the sex offender registry database.

"Law enforcement" means prosecutorial entities, police entities and correctional entities, including federal, state, and local entities.

"Currently" means at the present time or, if information is not available for the present time, the most recent date available.

"Adjudication" means a disposition in a juvenile proceeding or in a deferral program that does not result in a criminal conviction.

"Non-compliant with SORA" means that a registrant has been identified by law enforcement as not in compliance with SORA requirements. It does not mean that the individual necessarily has been or will be charged with a SORA violation.

4

"Individualized assessment" means an individualized review of the likelihood that a person will commit a sex offense.

"Risk assessment" means use of a statistically-validated instrument to assess the likelihood that a person will commit a sex offense.

The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories and requests for production all information or documents that would be excluded absent this definition.

## REQUESTS FOR PRODUCTION

Please produce the following documents:

1. Operational manuals, and a list of fields, for each data system that is maintained by the MDOC that contains information about the conviction history, incarceration history, sex offender treatment history, or history of individualized assessments/risk assessments for people under MDOC jurisdiction. This does not require production of any content of the system or privileged security information, but simply information about how the databases are operated.

2. Documents related to current use by the MDOC, including probation and parole, of individualized assessment and risk assessment tools (as defined above) for

5

people convicted of sex offenses. This includes documents regarding when such assessments are currently done during the course of probation/incarceration/parole, by whom such assessments are done, what type of individualized assessment is currently done and which risk assessment tools are used, and changes in the use of such assessments over the last decade. This question does not include assessments for individual registrants and is not intended to require a manual search of individual registrant files, but instead seeks policy-level documents.

3.  Documents sufficient to show the results of individualized assessments and risk assessment tools (as defined above), including documents showing how many people have been assessed for each type of risk assessment tool and aggregate data about the results of such assessments (e.g., the percentage of registrants who received what scores on the Static-99 or similar instruments, etc.). This request is not intended to require a manual search of individual registrant files.

4.  A document, or documents, sufficient to show, for the last five years:

   a.  The total number of people in prison due to a conviction for each of the following SORA violations, and the average length of time that people convicted of that violation spent in prison for that conviction:

      i.     Violation of M.C.L. § 28.729 (no subsection specified).
      ii.    Violation of M.C.L. § 28.729(1)(a).
      iii.   Violation of M.C.L. § 28.729(1)(b).
      iv.    Violation of M.C.L. § 28.729(1)(c).
      v.     Violation of M.C.L. § 28.729(2).
      vi.    Violation of M.C.L. § 28.729(3).
      vii.   Violation of M.C.L. § 28.729(4).

6

b. The number or people on probation due to a conviction for each of the following SORA violations, and the average length of time those people spent on probation for that conviction:

    i.      Violation of M.C.L. § 28.729 (no subsection specified).
    ii.     Violation of M.C.L. § 28.729(1)(a).
    iii.    Violation of M.C.L. § 28.729(1)(b).
    iv.    Violation of M.C.L. § 28.729(1)(c).
    v.      Violation of M.C.L. § 28.729(2).
    vi.     Violation of M.C.L. § 28.729(3).
    vii.   Violation of M.C.L. § 28.729(4).

c. The number or people in jail due to a conviction for each of the following SORA violations, and the average length of time that people convicted of that violation spent in jail. If comprehensive jail information is not available, please provide information for those persons in jails who are under MDOC jurisdiction.

    i.      Violation of M.C.L. § 28.729 (no subsection specified).
    ii.     Violation of M.C.L. § 28.729(1)(a).
    iii.    Violation of M.C.L. § 28.729(1)(b).
    iv.    Violation of M.C.L. § 28.729(1)(c).
    v.      Violation of M.C.L. § 28.729(2).
    vi.     Violation of M.C.L. § 28.729(3).
    vii.   Violation of M.C.L. § 28.729(4).

d. The number of individuals whose parole was revoked where a SORA violation was charged (with or without a conviction for a SORA violation), and for how long, on average, those people spent in prison before being re-paroled.

e. The number of individuals whose probation was revoked where a SORA violation was charged (with or without a conviction for a SORA violation), how long the average minimum sentence was for such individuals, and how long on average those people spent in prison or jail before being released/paroled.

This request is not intended to require a manual search of individual registrant files.

7

5.  Provide the information/data below for each class member. Only information contained in MDOC data bases need be provided. This request is not intended to require a manual search of individual registrant files or retrieval of information that is not in the possession of the MDOC.

**A. Personal information**
1. Full name (first, middle, last, suffix)
2. Date of Birth
3. Gender
4. Race
5. Sex offender registration number
6. SID number
7. MDOC number

**B. Criminal History**
1. For Each Registrable and Non-Registrable Offense
   a. Crime code
   b. Counts
   c. Attempted
   d. Juvenile offense (yes/no)
   e. Registrant age at time of offense (if available)
   f. Committed date (offense date)
   g. Conviction date
   h. Conviction state/jurisdiction
   i. County
   j. Court of conviction
   k. Whether pled guilty or convicted at trial
   l. Sentence
   m. Date of release from incarceration if incarcerated on the offense (or if currently incarcerated, earliest release date)

## C. Incarceration History

Instructions: If all of this information is contained in the MSOR database and provided by the Michigan State Police, it need not be provided by the MDOC.

1. Incarceration status (currently incarcerated and location, i.e., jail or prison)
2. For each period of incarceration in Michigan and, if available, in other jurisdictions:
   a. Start date
   b. End date
   c. Offense(s) for which incarcerated during that period of incarceration
   d. If still incarcerated:
      i. Earliest release date
      ii. Discharge date (max date or last possible release date)

## D. Sex Offender Treatment
1. Whether the class member has done sex offender treatment
2. For each sex offender treatment program:
   a. Dates of treatment
   b. Whether successfully completed treatment

## E. Past Risk Assessments / Individual Review
1. Whether the class member has had a risk assessment
2. For each risk assessment conducted:
   a. Date
   b. Result
   c. Instrument (e.g., Static-99, VASOR)
   d. Administering agency (e.g., MDOC)

## F. Barred from Petitioning Subclass Information
Instructions: We anticipate that the MDOC database does not contain all of the information needed to identify this subclass. Accordingly, we ask only that the column/field in the primary spreadsheet indicate whether a class member meets the criteria set out below. If this information is provided by the MSP, it need not also be provided by MDOC.

9

1. Identify all class members:
   a. For whom 10 or more years have elapsed since the date of their conviction for a registrable offense or from release from confinement, whichever occurred last;
   b. Who have not been convicted of any other felony or other registrable offense since; and
   c. Who have successfully completed assigned periods of supervised release, probation or parole without revocation.

## G. Plea Bargain Subclass Information

Please indicate in a column/field on the master spreadsheet whether the class member is a member of the plea bargain subclass (i.e., falls within one of the three categories below). For each of the three categories below, please also provide a separate spreadsheet stating the name, date of birth, SID number, and the information in number 4 below.

1. Identify all class members who:
   a. Pled guilty to the offense(s) requiring registration prior to October 1, 1995, and
   b. Were not incarcerated, on probation, on parole, or under the jurisdiction of the juvenile division of the probate court or Department of Health and Human Services for that offense(s) on October 1, 1995.
2. Identify all class members who:
   a. Pled guilty to the offense(s) requiring registration on or after October 1, 1995.
3. Identify all class members who:
   a. Pled guilty to the offense(s) requiring registration on or after October 1, 1995, and before September 1, 1999, and
   b. Were not convicted of a second or subsequent registrable offense after October 1, 1995; and
   c. Are required to register for more than 25 years after their initial registration date.