# Exhibit B:
# MDOC Response to Subpoena

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOES A, B, C, D, E, F, G, H, MARY DOE and MARY ROE, on behalf of themselves and all others similarly situated, | No. 22-cv-10209 |
| | HON. MARK A. GOLDSMITH |
| Plaintiffs, | MAG. CURTIS IVY, JR. |
| v | **MICHIGAN DEPARTMENT OF CORRECTIONS' RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION (ATTACHMENT A) TO PLAINTIFFS' DECEMBER 16, 2022, SUBPOENA** |
| GRETCHEN WHITMER, Governor of the State of Michigan, and COL. JOSEPH GASPER, Director of the Michigan State Police, in their official capacities, | |
| Defendants. | |

_____

| | |
|---|---|
| Miriam J. Aukerman (P63165) | Eric M. Jamison (P75721) |
| Attorney for Plaintiffs | Scott L. Damich (P74126) |
| ACLU Fund of Michigan | Assistant Attorneys General |
| 1514 Wealthy SE, Suite 260 | Attorney for Defendants |
| Grand Rapids, MI 49506 | Michigan Dep't of Attorney General |
| (616) 301-0930 | State Operations Division |
| maukerman@aclumich.org | P.O. Box 30754 |
| | Lansing, MI 30754 |
| Paul D. Reingold (P27594) | (517) 335-7573 |
| Attorney for Plaintiffs | jamisone@michigan.gov |
| Cooperating Counsel, ACLU Fund of Michigan | damichs@michigan.gov |
| Univ. of Michigan Law School | Keith G. Clark (P56050) |
| 802 Legal Research Building | Assistant Attorney General |
| 801 Monroe Street | Attorney for Defendants |
| Ann Arbor, MI 48109 | Corrections Division |
| (734) 355-0319 | P.O. Box 30217 |
| pdr@umich.edu | Lansing, MI 48909 |

Daniel S. Korobkin (P72842)
Attorney for Plaintiffs
ACLU Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

Roshna Bala Keen (Ill. 6284469)
Attorney for Plaintiffs
Loevy & Loevy
Cooperating Counsel, ACLU Fund of Michigan
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
roshna@loevy.com

(517) 335-3055
Clarkk33@michigan.gov

Sara E. Trudgeon (P82155)
Kristin M. Heyse (P64353)
Assistant Attorneys General
Attorneys for Michigan Department of Corrections
Assistant Attorneys General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
trudgeons@michigan.gov
heysek@michigan.gov

_____/

# MICHIGAN DEPARTMENT OF CORRECTIONS' RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION (ATTACHMENT A) TO PLAINTIFFS' DECEMBER 16, 2022, SUBPOENA

Non-party, Michigan Department of Corrections (MDOC), by and through counsel, provides the following response to Plaintiffs' First Request for Production (Attachment A) to Plaintiffs' subpoena dated December 16, 2022.

## OBJECTIONS:

The MDOC objects to the Plaintiffs' Instructions to the extent that they require and demand responses to the requests in a manner not

2

required by the Federal Rules of Civil Procedure. Also, because some of Plaintiffs' requests are so overly broad and unduly burdensome, the MDOC has been unable to collect and review all documents that may be responsive to Plaintiffs' requests prior to the filing of this responsive pleading. Accordingly, the MDOC affirmatively reserves any and all objections that may be discovered, if or when documents are collected, and a review of the responsive material has occurred.

1. Operational manuals, and a list of fields, for each data system that is maintained by the MDOC that contains information about the conviction history, incarceration history, sex offender treatment history, or history of individualized assessments/risk assessments for people under MDOC jurisdiction. This does not require production of any content of the system or privileged security information, but simply information about how the databases are operated.

**RESPONSE: The MDOC objects to this request because it is vague and overbroad as no timeframe is specified. During a January 5, 2023, discussion with the undersigned counsel and Plaintiffs' counsel, Plaintiffs' counsel confirmed that Plaintiffs' request applies only to current data systems and not historical information. Therefore, MDOC will interpret and respond to**

3

**this request that it only seeks documentation currently in effect.**

**MDOC also objects to producing information that is not relevant, is overly burdensome, not proportional to the needs of the case, and may be of a safety and security concern to MDOC, its facilities, its prisoners, and/or staff. MDOC utilizes multiple data systems, all of which house information that has nothing to with this litigation, i.e., employee information, protected health information, security information, etc. As such, requesting operations manuals and list of fields for all of these data systems with no limitations appears to be an improper fishing expedition. Fed. R. Civ. P. 26(b)(1).**

**Additionally, during the discussion on January 5, 2023, Plaintiffs' counsel stated that they do not necessarily want the manuals and fields but rather the request is so they can find out what information they can get for Request #5, should MDOC say that certain data requested in #5 is not available. Thus, MDOC will revisit and supplement its response to this request, if necessary, after it is determined what data is available for Plaintiffs' Request #5.**

2. Documents related to current use by the MDOC, including probation and parole, of individualized assessment and risk assessment tools (as defined above) for people convicted of sex offenses. This includes documents regarding when such assessments are currently done during the course of probation/incarceration/parole, by whom such assessments are done, what type of individualized assessment is currently done and which risk assessment tools are used, and changes

4

in the use of such assessments over the last decade. This question does not include assessments for individual registrants and is not intended to require a manual search of individual registrant files, but instead seeks policy-level documents.

**RESPONSE: The MDOC objects to this request because it is vague and overbroad as no timeframe is specified. MDOC also objects to producing information that is not relevant, is overly burdensome, not proportional to the needs of the case, and may be of a safety and security concern to MDOC, its facilities, its prisoners, and/or staff. During a January 5, 2023, discussion with the undersigned counsel and Plaintiffs' counsel, Plaintiffs' counsel stated that Plaintiffs' request is for the past decade. Therefore, MDOC will interpret and respond to this request that it seeks requested documentation from January 1, 2013, to present.**

**Notwithstanding these objections and without waiving them, MDOC has identified responsive documents that will be produced in a supplemental response. MDOC is also still currently in the process of reviewing and collecting any additional responsive documents. If any additional responsive documents are identified, and no additional objections are discovered, they will be produced in a supplemental response. Any identified responsive documents that may be a safety and security concern to MDOC, its facilities, its prisoners, and/or staff, will only be produced under a protective order.**

3. Documents sufficient to show the results of individualized assessments and risk assessment tools (as defined above), including documents showing how many people have been assessed for each type

5

of risk assessment tool and aggregate data about the results of such assessments (e.g., the percentage of registrants who received what scores on the Static-99 or similar instruments, etc.). This request is not intended to require a manual search of individual registrant files.

**RESPONSE: The MDOC objects to this request because it is vague and overbroad as no timeframe is specified. MDOC also objects to producing information that is not relevant, is overly burdensome, not proportional to the needs of the case, and may be of a safety and security concern to MDOC, its facilities, its prisoners and/or staff. MDOC further objects to this request to the extent the requested information does not exist and/or cannot be produced in the manner requested. During a January 5, 2023, discussion with the undersigned counsel and Plaintiffs' counsel, Plaintiffs' counsel limited their request by confirming that they are seeking the overall number of Static-99's completed for the entire prison population in the last year and the number of Static-99's completed for those on the Sex Offender Registry. Therefore, MDOC will interpret and respond to this request accordingly.**

**Notwithstanding these objections and without waiving them, MDOC is currently in the process of reviewing its data, and if no additional objections are discovered, the information as clarified by Plaintiffs' counsel will be produced in a supplemental response.**

    4.    A document, or documents, sufficient to show, for the last five years:

        a. The total number of people in prison due to a conviction for each of the following SORA violations, and the average length of time that people convicted of that violation spent in prison for that conviction:

6

      i. Violation of M.C.L. § 28.729 (no subsection specified).
      ii. Violation of M.C.L. § 28.729(1)(a).
      iii. Violation of M.C.L. § 28.729(1)(b).
      iv. Violation of M.C.L. § 28.729(1)(c).
      v. Violation of M.C.L. § 28.729(2).
      vi. Violation of M.C.L. § 28.729(3).
      vii. Violation of M.C.L. § 28.729(4).

b. The number or people on probation due to a conviction for each of the following SORA violations, and the average length of time those people spent on probation for that conviction:

      i. Violation of M.C.L. § 28.729 (no subsection specified).
      ii. Violation of M.C.L. § 28.729(1)(a).
      iii. Violation of M.C.L. § 28.729(1)(b).
      iv. Violation of M.C.L. § 28.729(1)(c).
      v. Violation of M.C.L. § 28.729(2).
      vi. Violation of M.C.L. § 28.729(3).
      vii. Violation of M.C.L. § 28.729(4).

c. The number or people in jail due to a conviction for each of the following SORA violations, and the average length of time that people convicted ofthat violation spent in jail. If comprehensive jail information is not available, please provide information for those persons in jails who are under MDOC jurisdiction.

      i. Violation of M.C.L. § 28.729 (no subsection specified).
      ii. Violation of M.C.L. § 28.729(1)(a).
      iii. Violation of M.C.L. § 28.729(1)(b).
      iv. Violation of M.C.L. § 28.729(1)(c).
      v. Violation of M.C.L. § 28.729(2).
      vi. Violation of M.C.L. § 28.729(3).
      vii. Violation of M.C.L. § 28.729(4).

d. The number of individuals whose parole was revoked where a

> > SORA violation was charged (with or without a conviction for a SORA violation),and for how long, on average, those people spent in prison before being re-paroled.
>
> e. The number of individuals whose probation was revoked where a SORA violation was charged (with or without a conviction for a SORA violation), how long the average minimum sentence was for such individuals, and how long on average those people spent in prison or jail before being released/paroled.

> This request is not intended to require a manual search of individual registrant files.

**RESPONSE:  The MDOC objects to this request to the extent the information does not exist and/or cannot be produced in the manner requested.  During a January 5, 2023, discussion with the undersigned counsel and Plaintiffs' counsel, the undersigned counsel explained that the requested data cannot be produced in the manner requested.  Specifically, MDOC cannot accurately provide the average length of time spent in prison, on probation, or in jail for the groups of people identified, as requested in (a), (b), and (c).  MDOC can provide the average maximum and minimum sentences for these categories.  Plaintiffs' counsel agreed to this modification of the request.  Based on further discussions of subsections (d) and (e) during the January 5, 2023, meeting, MDOC is still determining if the requested information can be produced.**

**Notwithstanding the objection and without waiving it, MDOC has identified data that is responsive to this request and will produce the data, within the limitations discussed at the January 5, 2023, meeting, in a supplemental response.  MDOC is also still currently in the process of identifying and collecting any additional responsive data based on the January 5, 2023, discussion.  If any additional responsive data is identified, and if no additional objections are discovered, the**

**information as clarified/requested by Plaintiffs' counsel will be produced in a supplemental response.**

5. Provide the information/data below for each class member. Only information contained in MDOC data bases need be provided. This request is not intended to require a manual search of individual registrant files or retrieval of information thatis not in the possession of the MDOC.

    **A. Personal information**
1. Full name (first, middle, last, suffix)
2. Date of Birth
3. Gender
4. Race
5. Sex offender registration number
6. SID number
7. MDOC number

    **B. Criminal History**
1. For Each Registrable and Non-Registrable Offense
   a. Crime code
   b. Counts
   c. Attempted
   d. Juvenile offense (yes/no)
   e. Registrant age at time of offense (if available)
   f. Committed date (offense date)
   g. Conviction date
   h. Conviction state/jurisdiction
   i. County
   j. Court of conviction
   k. Whether pled guilty or convicted at trial
   l. Sentence

9

  m. Date of release from incarceration if incarcerated on the offense (or if currently incarcerated, earliest release date)

## C. Incarceration History

Instructions: If all of this information is contained in the MSOR database and provided by the Michigan State Police, it need not be provided by the MDOC.

1. Incarceration status (currently incarcerated and location, i.e., jail or prison)
2. For each period of incarceration in Michigan and, if available, in other jurisdictions:
   a. Start date
   b. End date
   c. Offense(s) for which incarcerated during that period of incarceration
   d. If still incarcerated:
      i. Earliest release date
      ii. Discharge date (max date or last possible release date)

## D. Sex Offender Treatment

1. Whether the class member has done sex offender treatment
2. For each sex offender treatment program:
   a. Dates of treatment
   b. Whether successfully completed treatment

## E. Past Risk Assessments / Individual Review

1. Whether the class member has had a risk assessment
2. For each risk assessment conducted:
   a. Date
   b. Result
   c. Instrument (e.g., Static-99, VASOR)
   d. Administering agency (e.g., MDOC)

**F. Barred from Petitioning Subclass Information**
Instructions: We anticipate that the MDOC database does not contain all of the information needed to identify this subclass. Accordingly, we ask only that the column/field in the primary spreadsheet indicate whether a class member meets the criteria set out below. If this information is provided by the MSP, it need not also be provided by MDOC.

1. Identify all class members:
   a. For whom 10 or more years have elapsed since the date of their conviction for a registrable offense or from release from confinement, whichever occurred last;
   b. Who have not been convicted of any other felony or Other registerable offense since; and
   c. Who have successfully completed assigned periods of supervised release, probation or parole without revocation.

**G. Plea Bargain Subclass Information**
Please indicate in a column/field on the master spreadsheet whether the class member is a member of the plea bargain subclass (i.e., falls within one of the three categories below). For each of the three categories below, please also provide a separate spreadsheet stating the name, date of birth, SID number, and the information in number 4 below.

1. Identify all class members who:
   a. Pled guilty to the offense(s) requiring registration prior to October 1, 1995, and
   b. Were not incarcerated, on probation, on parole, or under the jurisdiction of the juvenile division of the probate court or Department of Health and Human Services for that offense(s) on October 1, 1995.
2. Identify all class members who:

11

    a. Pled guilty to the offense(s) requiring registration on or after October 1, 1995.
  3. Identify all class members who:
    a. Pled guilty to the offense(s) requiring registration on or after October 1, 1995, and before September 1, 1999, and
    b. Were not convicted of a second or subsequent registrable offense after October 1, 1995; and
    c. Are required to register for more than 25 years after their initial registration date.

**RESPONSE: The MDOC objects to this request to the extent the information does not exist and/or cannot be produced in the manner requested. MDOC also objects to producing information that is not relevant, is overly burdensome, not proportional to the needs of the case, and may be of a safety and security concern to MDOC, its facilities, its prisoners, and/or staff. MDOC further objects because, currently, the MDOC does not know the identity of the class members to this litigation.**

**This request was discussed at length during a January 5, 2023, discussion with the undersigned counsel and Plaintiffs' counsel and it was agreed that any production to this request is on hold until the parties to the litigation settle their dispute regarding whether the Michigan State Police has to produce information for registrants that are not on the public-facing Sex Offender Registry. Plaintiffs' counsel also indicated they are going to try to pare down the information requested in subsection b and c. Therefore, MDOC will interpret and respond to this request accordingly based on future discussions with Plaintiffs' counsel.**

**Notwithstanding the objection and without waiving it, and if no additional objections are discovered, MDOC will respond to this request accordingly based on future discussions with**

12

**Plaintiffs' counsel, and available data will be produced in a supplemental response, subject to a protective order.**

As to objections,

/s/ Sara E. Trudgeon
Assistant Attorney General
Attorney for Michigan
Department of Corrections
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
trudgeons@michigan.gov
(P82155)

Dated: January 9, 2023

13

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on January 9, 2023, I served the foregoing documents to the parties' counsel of record via email at the following email addresses:

    maukerman@aclumich.org,
    pdr@umich.edu,
    dkorobkin@sclumich.org,
    roshna@loevy.com,
    jamisone@michigan.gov,
    damichs@michigan.gov, and
    clarkk33@michigan.gov.

                                             */s/ Sara E. Trudgeon*
                                             Sara E. Trudgeon (P82155)
                                             Assistant Attorney General
                                             Attorney for Michigan
                                             Department of Corrections
                                             Corrections Division