# Exhibit J:

Defendant Gretchen Whitmer and Col. Joseph Gasper's Amended Responses to Plaintiffs' First Interrogatories

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE, on behalf of
themselves and all others similarly situated,

                Plaintiffs,

v.

GRETCHEN WHITMER, Governor of the
State of Michigan, and COL. JOSEPH
GASPER, Director of the Michigan
State Police, in their official
capacities,

No. 2:22-cv-10209

Hon. Mark A. Goldsmith

Mag. Curtis Ivy, Jr.

**DEFENDANT GRETCHEN WHITMER AND COL. JOSEPH GASPER'S AMENDED RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES**

Defendants Gretchen Whitmer and Col. Joseph Gasper, by and through their attorney, Assistant Attorney General Eric M. Jamison, submit amended responds to Plaintiffs' First Set of Interrogatories as follows:

**<u>Defendants Responses to Plaintiffs' Interrogatories</u>**

1. For the last five years, state:

1

    a.    The total number of people in prison or jail due to a conviction for a SORA violation, and the average length of time those people spent in prison or jail.

    b.    The number of individuals whose parole was revoked for a violation of SORA (with or without a conviction for a SORA violation), and for how long, on average, those people spent in prison before being re-paroled. Please include people who may have had other parole violations but whose revocations occurred in whole or part because of SORA.

    c.    The number of individuals whose probation was revoked for a violation of SORA (with or without a conviction for a SORA violation), how long the average minimum sentence was for such individuals, and how long on average those people spent in prison or jail before being released/paroled. Please include people who may have had other probation violations but whose revocations occurred in whole or part because of SORA.

    d.    The number of petitions for removal from the registry that were filed under M.C.L. § 28.728c(1) and (2), and the number of registrants removed from the registry as a result of successful petitions.

    e.    The total number of people determined during that year to be non-compliant with SORA and the type of non-compliance, broken down by the type of violation (e.g., fee violation, failed to register, form violation, etc.).

    f.    The total number of officer alerts in the MSOR database for that year.

    g.    The total number of tips submitted in the MSOR database, broken down by the type of tip (e.g., law enforcement, online submission, SOR unit, etc.).

  h. The total number of residence checks reported in the MSOR database, broken down by county.

**OBJECTIONS: Defendants object to this request on the basis that it is overly broad. The Request asks Defendants produce materials related to prior versions of SORA. This clearly goes far beyond the scope of discovery under Fed. R. Civ. P. 26 and will do nothing to assist the parties in investigating Plaintiffs' claims which relate to Michigan's current SORA.**

**Providing the information requested has nothing to do with the claims or defenses in this lawsuit.**

**Defendants object because spending resources to track down this information, when taken in conjunction with the other voluminous irrelevant discovery requests places an undue burden on Defendants.**

**Defendants object because the request seeks information from the Michigan Department of Corrections, which is a non-party.**

**RESPONSE: Without waiving the objections, a new SOR system was implemented after 8/23/2022. When the data was migrated from the legacy system to the new system, there was no method of tracking the original dates that many of the requests require. As a result, the counts provided will be for the total imported from the legacy system and the total counts from the new system. The totals provided below are for all time and not from 3/24/2021. Counts are accurate as of 12/9/2022.**

 **1.f.**

   **Legacy System – 22,025 Officer Alerts**
   **Current System (12/24/2022) – 9,958 Officer Alerts**
   **Total – 31,983 Officer Alerts**

 **1.g.**

3

**Legacy System – 86,346 Tips**
**Current System (12/24/2022) – 9,000 Tips**
**Total – 95,346 Tips**

1.h.

**The legacy system did not capture the county.**
**Legacy System – 79,803 Residence Checks**
**Current System – 1,465 Residence Checks**
**Total – 81,268 Residence Checks**

| County | Residence Checks |
|---|---|
| Allegan | 23 |
| ANTRIM | 1 |
| Barry | 30 |
| BAY | 1 |
| BERRIEN | 27 |
| BERRIEN COUNTY | 2 |
| Calhoun | 2 |
| Cass | 41 |
| CHARLEVOIX | 53 |
| DELTA | 4 |
| Emmet | 1 |
| GENESEE | 43 |
| GLADWIN | 1 |
| GRATIOT | 1 |
| Ingham | 134 |
| IOSCO | 1 |
| ISABELLA | 77 |
| JACKSON | 1 |
| KALAMAZOO | 1 |
| Kent | 373 |
| LENAWEE | 1 |
| Livingston | 1 |

| County | Residence Checks |
|---|---|
| MACOMB | 81 |
| MANISTEE | 1 |
| MENOMINEE | 1 |
| MICHIGAN | 1 |
| MIDLAND | 38 |
| Monroe | 3 |
| Montcalm | 2 |
| MUSKEGON | 1 |
| None | 6 |
| Oakland | 133 |
| Ottawa | 188 |
| Roscommon | 2 |
| SAGINAW | 1 |
| SAINT CLAIR | 4 |
| SANILAC | 4 |
| Sebastian | 1 |
| ST CLAIR | 1 |
| St. Clair | 18 |
| UNKNOWN | 2 |
| WAYNE | 137 |
| Wexford | 21 |

4

2. Quantify, for each of the past five years, how often and by whom the public sex offender registry was used, including:

   a. The number of times that the public registry was viewed by an individual member of the public (not including data-mining or data-scraping). Please provide the number of name-based registry searches conducted by the public; the number of geography-based registry searches conducted by the public (e.g., all registrants within 1 mile of specified address); and the number of other searches conducted by the public.

   b. The total number of individuals who have public email alert accounts and the number of new individuals who have signed up for such accounts during that year, broken down by the type of public email alert (e.g., "track offender" alerts about particular registrants, geographic public email alerts about particular registrants moving within a specified distance from a given address, etc.).

**RESPONSE: The Defendants cannot answer Interrogatory 2.a. because there is no information available related to this request.**

   **2.b.**

   **Legacy System – N/A**
   **Current System (12/24/2022) – 6,506 Public Email Alert Accounts**
   **Total – 6,506 Public Email Alert Accounts**

3. For all information reported by registrants that is not currently posted on the public sex offender registry (e.g., name of employer, internet information, telephone numbers), please state every

5

circumstance under which that information can be released to any person or entity other than the MSP.

**OBJECTIONS**: **Defendants object to the request as vague because it is unclear what Plaintiffs mean by "all information", "every circumstance" or "any person or entity". And depending on the breath intended by Plaintiffs as to those phrases, Defendants object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case.**

**Defendant also objects to this Interrogatory to the extent that it improperly seeks the production of materials protected by the deliberative process privilege, the attorney client privilege, or the attorney work product doctrine.**

**Defendants object because the information sought will do nothing to assist the parties in resolving Plaintiffs' claims about Michigan's current SORA.**

**Defendants object because spending resources to track down this information, when taken in conjunction with the other voluminous irrelevant discovery requests places an undue burden on Defendants.**

**RESPONSE: Notwithstanding the objections, MSP will release information on the private database to other state registries or law enforcement agencies for registry or investigative purposes, an attorney through a signed RI-046 release form, certified record requests, or any authorized users of MSOR.**

4. For all entities that currently have access to the private sex offender registry, list the type of entity (e.g., municipal police forces, county sheriffs' departments, licensing agencies, federal immigration

agencies, etc.), the categories of staff that have access to the private sex offender registry, and the number of staff who have access to the private sex offender registry.

**OBJECTIONS**: **Defendants object to the request as vague because it is unclear what Plaintiffs mean by "all entities." And depending on the breath intended by Plaintiffs as to that phrase, Defendants object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case.**

**Defendant also objects to this request to the extent that it improperly seeks the production of materials protected by the deliberative process privilege, the attorney client privilege, or the attorney work product doctrine.**

**Defendants further object to the request because it requests information that may be held by third parties and is outside the custody or control of the Defendants.**

**Defendants object because the information sought will do nothing to assist the parties in resolving Plaintiffs' claims about Michigan's current SORA.**

**Defendants object because spending resources to track down this information, when taken in conjunction with the other voluminous irrelevant discovery requests places an undue burden on Defendants.**

**RESPONSE: There are 3,251 non-MSP users from 461 non-MSP agencies that have access to the private database.**

5. For the last five years, please list every law enforcement operation in which the MSP participated or if which Defendants are

aware to determine whether registrants are in compliance with SORA, and provide the date(s) of the operation, the geographic area of the operation, the names of any other law enforcement agencies involved in the operation, the total number of law enforcement personnel involved in the operation, the number of registrants whose compliance was assessed in the operation (e.g., number of residence checks), the number of registrants determined to be non-compliant, the number of registrants arrested, and the number of warrants issued. This question does not include law enforcement efforts to determine compliance by individual registrants, but is intended to cover sweeps, joint enforcement efforts with parole/probation or other law enforcement agencies, and similar operations to assess the SORA compliance of multiple registrants.

**OBJECTIONS: Defendants object to the request as vague because it is unclear what Plaintiffs mean by "law enforcement operation," "aware," "assessed," "every circumstance," "any person or entity," or "join enforcement efforts." And depending on the breadth intended by Plaintiffs as to those phrases, Defendants object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case.**

**This Interrogatory is also overly broad because it asks Defendants provide information related to prior versions of SORA. This clearly goes far beyond the scope of discovery under Fed. R. Civ. P. 26 and will do nothing to assist the parties**

8

**in investigating Plaintiffs' claims which relate to Michigan's current SORA.**

**Defendants also objects to this Interrogatory to the extent that it improperly seeks the production of materials protected by the deliberative process privilege, the attorney client privilege, or the attorney work product doctrine.**

**Defendants object because spending resources to track down information beyond what is provided below, when taken in conjunction with the other voluminous irrelevant discovery requests places an undue burden on Defendants.**

**RESPONSE: Notwithstanding the objections, the MSP SOR Enforcement Unit did not conduct any such sweeps in 2020 through 2022 and MSP stopped conducting sweeps in 2016 or 2017.**

6. Please describe, in detail, how, when and what individualized assessments and risk assessment tools are used by the MDOC, including probation and parole. Your answer should explain at what point(s) during the course of probation/ incarceration/parole such individualized assessments/risk assessments are done and by whom. Your answer should explain what types of assessment are done and risk assessment tools are used, as well as how many people have been assessed for each type of assessment used. Please also provide aggregate data about the results of such assessments (e.g., the

9

percentage of registrants who received what scores on the Static-99 or similar instruments, etc.). Your answer should also explain any changes in the use of such assessments over the last decade. This request is not intended to require a manual search of individual registrant files.

**OBJECTIONS: Defendants object to this request on the basis that it is overly broad as it seeks information going back a decade. The request seeks information from the MDOC, but the MDOC is not a party of this litigation.**

**Defendants object because the information sought will do nothing to assist the parties in resolving Plaintiffs' claims about Michigan's current SORA.**

**Defendants object because spending resources to track down this information, when taken in conjunction with the other voluminous irrelevant discovery requests places an undue burden on Defendants.**

**Defendants also object to this Request to the extent that it improperly seeks the production of materials protected by the deliberative process privilege, the attorney client privilege, or the attorney work product doctrine.**

    7.    State the number of people who have been removed from Michigan's registry since July 1, 2011 as a result of:

    a.    Executive clemency.

10

  b.  Exoneration.

  c.  Death.

**OBJECTIONS: Defendants object to this request because it goes back in time prior their respective roles.**

**Defendants object because the information sought will do nothing to assist the parties in resolving Plaintiffs' claims about Michigan's current SORA.**

**Defendants object because spending resources to track down this information, when taken in conjunction with the other voluminous irrelevant discovery requests places an undue burden on Defendants.**

**Defendants also object to this Request to the extent that it improperly seeks the production of materials protected by the deliberative process privilege, the attorney client privilege, or the attorney work product doctrine.**

**RESPONSE: The SOR database does not allow for searching for removals based on executive clemency or exoneration. Governor Whitmer has not granted clemency to anyone with a criminal sexual conduct conviction during her administration.**

  **7.c.**

    **Legacy System – 7,011 Deceased Records**
    **Current System (12/24/2022) – 758 Deceased Records**
    **Total – 7,769 Deceased Records**

8. Identify all persons who contributed information used to respond to these interrogatories and requests for production, and explain generally what information they provided.

**OBJECTIONS: Defendants object to the request because it goes beyond what is required by the Rules.**

**Defendants object because the information sought will do nothing to assist the parties in resolving Plaintiffs' claims about Michigan's current SORA.**

**Defendants also objects to this Interrogatory to the extent that it improperly seeks the production of materials protected by the deliberative process privilege, the attorney client privilege, or the attorney work product doctrine.**

**RESPONSE: Notwithstanding the objections, Kristine Bond from MSP assisted with gathering information, Narcissa Morris from MSP provided substantive responses, and Alicia Moon from the Governor's office was consulted for information.**

_____

On behalf of Defendants

Dated: January __, 2023

As to Objections:

*/s/ Eric M. Jamison* (P75721)
Assistant Attorney General
Attorney for Defendants
Michigan Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov

Dated: January 11, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2023 the above captioned documents were served upon all parties to the above cause by email.

*/s/ Eric M. Jamison* (P75721)

13