UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES, et al.,

    Plaintiffs,

Case No. 22-cv-10209

vs.

HON. MARK A. GOLDSMITH

GRETCHEN WHITMER, et al.,

    Defendants.
_____/

## OPINION REGARDING DISCLOSURE OF NON-PUBLIC DATA

In this class action challenging the constitutionality of Michigan's Sex Offenders Registration Act, Mich. Comp. L. § 28.721 et seq. (SORA), the parties filed a joint status report identifying multiple areas of disagreement relating to discovery (Dkt. 77). The Court held a hearing on these issues on January 12, 2023. At the hearing, the Court ordered Defendants to disclose non-public data contained in the sex offender registry established under SORA, and it then issued an order memorializing this ruling (Dkt. 81).[1]

Defendants argued that SORA explicitly prohibits them from releasing non-public registry data. SORA states that, unless otherwise provided by the statute, "a registration or report is confidential and information from that registration or report shall not be open to inspection except for law enforcement purposes." Mich. Comp. L. § 28.730(1). Defendants argued that a plain

---

[1] The non-public data includes (i) non-public information about registrants who are listed on the public sex offender registry, and (ii) information about registrants who are listed on the confidential law enforcement database but not the public sex offender registry. See Mich. Comp. L. § 28.728(1)–(2).

reading of this statute prohibits disclosure of non-public registry information outside of the law enforcement context, including for use in civil discovery. See Joint Status Rep. at 19–22.

SORA should not be read to prohibit the disclosure of information about registrants—"[v]irtually all" of which, submit Plaintiffs, "was provided . . . by the registrants themselves," id. at 10—to registrants' own counsel. The court in Does, et al. v. Snyder, et al. (Does II) considered a similar question in a class action that challenged an earlier iteration of SORA, and it found that Mich. Comp. L. § 28.730(1) did not bar the disclosure of non-public registry data to class counsel. See Does II, Case No. 16-cv-13137, 6/21/21 Op. & Order at 17–22 (No. 16-cv-13137, Dkt. 121). Noting that SORA criminalizes the disclosure of non-public registry data made by all individuals except registrants themselves, id. at 20 (citing Mich. Comp. L. § 28.730(4)), the court found that it "should presume that reports available to an individual directly can also be provided to his counsel even when the public at large is barred from accessing such information," id. at 21 (citing People v. Malkowski, 188 N.W.2d 559, 560 n.1 (Mich. 1971) (finding that statute prohibiting "'public inspection'" of probation officer reports "should not be construed to deny access by either a defendant or his attorney to presentence reports")). The court also observed that Mich. Comp. L. § 28.730 was intended to protect registrants' privacy. Id. at 21. It concluded that Mich. Comp. L. § 28.730(1) did not "prevent [defendants] from disclosing to class counsel non-public registrant information for registrants who are already members of the certified class." Id. at 22.

Similarly, Plaintiffs' counsel in this case—who represent all individuals who are or will be subject to registration under SORA—are not barred from accessing information about their clients based on a statute designed to protect those individuals' confidentiality. See id. Additionally, any concerns about safeguarding the registrants' private information are alleviated by the protective order already in effect in this case (Dkt. 38).

Defendants attempt to distinguish Does II by observing that the court ordered the disclosure of registry information at the post-judgment stage of litigation; in contrast, the present action is in discovery. See Joint Status Rep. at 19–22. The Court sees no significance in this distinction for purposes of interpreting Mich. Comp. L. § 28.730. Does II drew no such line, and it cited an opinion that ordered the release of information relevant to ongoing discovery despite defendants' argument that a statute criminalized disclosure of that information. 6/21/21 Op. & Order at 19–20 (citing Dupuie-Jarbo v. Twenty-Eighth Dist. Ct., Case No. 10-cv-10548, 2010 WL 2813343, at *2 (E.D. Mich. July 14, 2010) (ordering production of criminal records and limiting access to those documents to parties' attorneys)). The Does II court did flag that the disclosure of class list information "sometimes raise[d] unique privacy concerns, especially at the pre-certification stage," but it stated that these "concerns are reduced after a class has already been certified." Id. at 21 n.6. Like in Does II, the class in this case has been certified. See 5/18/22 Order (Dkt. 35).

The rationale underlying the decision in Does II applies with equal force here. Mich. Comp. L. § 28.730(1) is no bar to the disclosure of non-public data about Plaintiffs to Plaintiffs' own counsel.

SO ORDERED.

Dated: January 26, 2023  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

3