UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES A, B, C, D, E, F, G, H, MARY DOE and MARY ROE, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v

GRETCHEN WHITMER, Governor of the State of Michigan, and COL. JOSEPH GASPER, Director of the Michigan State Police, in their official capacities,

    Defendants.

No. 22-cv-10209

HON. MARK A. GOLDSMITH

MAG. CURTIS IVY, JR.

**STIPULATED PROTECTIVE ORDER REGARDING THE MICHIGAN DEPARTMENT OF CORRECTIONS**

---

Miriam J. Aukerman (P63165)
Attorney for Plaintiffs
ACLU Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org

Paul D. Reingold (P27594)
Attorney for Plaintiffs
Cooperating Counsel, ACLU Fund of Michigan
Univ. of Michigan Law School
802 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109
(734) 355-0319
pdr@umich.edu

Eric M. Jamison (P75721)
Scott L. Damich (P74126)
Assistant Attorneys General
Attorney for Defendants
Michigan Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 30754
(517) 335-7573
jamisone@michigan.gov
damichs@michigan.gov

Keith G. Clark (P56050)
Assistant Attorney General
Attorney for Defendants
Corrections Division
P.O. Box 30217
Lansing, MI 48909

| | |
|---|---|
| Syeda Davidson (P72801)<br>Daniel S. Korobkin (P72842)<br>Attorney for Plaintiffs<br>ACLU Fund of Michigan<br>2966 Woodward Avenue<br>Detroit, MI 48201<br>(313) 578-6824<br>dkorobkin@aclumich.org<br><br>Roshna Bala Keen (Ill. 6284469)<br>Attorney for Plaintiffs<br>Loevy & Loevy<br>Cooperating Counsel, ACLU Fund of Michigan<br>311 North Aberdeen, 3rd Floor<br>Chicago, IL 60607<br>(312) 243-5900<br>roshna@loevy.com | (517) 335-3055<br>Clarkk33@michigan.gov<br><br>Sara E. Trudgeon (P82155)<br>Kristin M. Heyse (P64353)<br>Assistant Attorneys General<br>Attorneys for Michigan Department of Corrections<br>Assistant Attorneys General<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055<br>trudgeons@michigan.gov<br>heysek@michigan.gov |

_____/

## STIPULATED PROTECTIVE ORDER REGARDING THE MICHIGAN DEPARTMENT OF CORRECTIONS

This matter comes before the Court on the stipulation of the undersigned counsel for a protective order to (a) protect against disclosure of documents and information that could seriously jeopardize the safety and security of a Michigan prison facility or implicate the privacy interests of Plaintiffs, class members, or third parties; (b) ensure that Michigan Department of Corrections (MDOC) can have access to non-public class member data from Michigan's sex offender registry in order to produce MDOC class member data in response to

subpoenas issued in this case; and (c) govern the use of class member data produced by the MDOC.

A.  **Protection of Sensitive MDOC Information.**

The Court directs that the following information or documents produced by the MDOC in this litigation, either voluntarily or pursuant to an order of the Court, shall be subject to the conditions listed below.

1.  **Confidential Information:** The undersigned have agreed that certain documents and information produced or disclosed during this litigation shall be treated as confidential, as set forth herein. The term "Confidential Information" may apply to any protected information or documents that pose a serious risk to the operation of the MDOC's facilities or to the health, safety, or privacy interests of the staff and/or persons incarcerated therein. As used in this protective order, "document" is defined as provided in Fed. R. Civ. P. 34(a) and includes electronically stored information ("ESI"), testimony, sworn statements or declarations, pleadings, and responses to subpoenas. A draft or non-identical copy is a separate document within the meaning of this term. "Confidential Information" includes non-public class member data. Any Confidential Information that is not filed with the Court shall not be used in any future litigation against the Michigan Department of Corrections.

Confidential Information shall not be disclosed except to the following persons:
    a.    Counsel for the parties[1] and MDOC, and their employees actively working on the above-captioned matter;

    b.    Vendors or agents of counsel as reasonably necessary to render professional services in litigation, including e-

---

[1] The undersigned disagree about whether the MDOC should be considered a party in this action. For purposes of this order only, the term "parties" refers to the Plaintiffs and to the named Defendants.

        discovery vendors, investigators, mediators, experts, and consultants who have read this protective order and executed Attachment A, below;

c.     The Court and its employees, case evaluators, mediators and/or facilitators;

d.     Deponents, their counsel, and court reporters, to the extent necessary and related to a deposition conducted in this matter; and witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this order; and

e.     Clients, unless the Confidential Information has been designated "Highly Confidential."

2.     **Highly Confidential Information:** As used in this order, "Highly Confidential Information" means documents or other material that contains information designated as "HIGHLY CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER" by the MDOC that falls within the following categories: (a) presents a danger to the safety or security interests of the MDOC, offenders in its custody, or its staff; (b) information that endangers public safety; or (c) information that reveals personal identifying information of an employee or former employee of the MDOC, if the information fell into the hands of an offender currently or formerly under the jurisdiction of the MDOC. Documents or class member data that is marked as Highly Confidential may be shared only with:

a.     Counsel for the parties and MDOC, and their employees actively working on the above-captioned matter.

4

    b.    Experts and staff assisting experts, as well as vendors tasked with ensuring the security of class member data. Any such experts, staff, and vendors must execute Attachment A, below.

Class counsel are also authorized to disclose an individual's class member data that is designated as highly confidential as necessary to resolve that individual class member's situation. Consistent with the Court's opinion, (ECF No. 83), the disclosure shall be as limited as possible, e.g., to that class member, his/her counsel, courts, law enforcement, or others as necessary to resolve the situation. Under this provision, only the class member data of the individual class member may be disclosed. Any Highly Confidential Information that is not filed with the Court shall not be used in any future litigation against the Michigan Department of Corrections.

    3.    **Designating Documents and Information as Confidential or Highly Confidential:** If the MDOC in good faith, concludes that a document or information falls within the protected categories above, it shall designate such documents or information as "Confidential" and/or "Highly Confidential" as they are produced by the MDOC, clearly labeling every such document with the word "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL." Upon receiving such notice, a party will treat the material as so designated. If a document is inadvertently produced that should have been designated, and treated as, "Confidential" or "Highly Confidential," the MDOC shall provide the other party notice of the same as soon as possible. Upon notification, the parties shall treat the document as "Confidential" and/or "Highly Confidential" and subject to the terms of this protective order.

    Any party to this action or the MDOC may designate deposition testimony as "Confidential Information" by advising counsel of record by letter of the pages and lines that contain the "Confidential Information" within 30 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties. Alternatively, any party or the MDOC may, on the record at the deposition, designate deposition testimony as Confidential by advising

all persons present at the deposition that the information is confidential and subject to this order.  Following any deposition in which a party or the MDOC designated on the record testimony as containing "Confidential Information," the designating party or MDOC will alert all counsel of record by letter of the precise page numbers and lines of testimony containing the "Confidential Information."  All deposition transcripts shall be treated as confidential during the 30-day period each party has to designate any portion of the deposition transcript as Confidential unless the parties agree otherwise.

4. **Challenging a Designation:** Any party may challenge the propriety of the designation of specific material as "Confidential Information" and/or "Highly Confidential" by serving a written objection on the MDOC, specifying the document(s) about which the objection is made and the grounds for the objection.  The parties and MDOC must promptly and informally attempt to resolve any such challenge in good faith.  If the challenge is not resolved informally, then, after MDOC counsel's receipt of the written objection, either party may, on reasonable notice, move for appropriate ruling(s) from the Court.  The document(s) in issue must be treated as "Confidential" or "Highly Confidential" only and subject to the restrictions of this stipulation and order unless and until the Court orders otherwise.

5. **Scope:** This stipulation and order is intended solely to protect the confidentiality of the information and to facilitate the preparation and trial of the action, and it must not be construed in any way as an admission or agreement by any party or the MDOC that the designated disclosure constitutes or contains any privileged, confidential, or proprietary information under applicable law.

6. **Use of Confidential and/or Highly Confidential Information in Litigation**: Subject to the rules of evidence, Confidential documents, Highly Confidential documents, and/or the content thereof, may be offered in evidence at trial, used for mediation and/or case evaluation and in filing or responding to motions and other matters before the Court, subject to any applicable scheduling conference order or pretrial order.  If a party intends to use Confidential Documents or Highly Confidential Documents in a public

filing or hearing, the party shall give reasonable advance notice (not less than 7 days) to the MDOC prior to filing. If the filing party does not provide 7 days advance notice, the filing party shall file or use the documents in a manner that ensures that they are not publicly disclosed (e.g., a motion to file provisionally under seal) in order to give the MDOC sufficient time to seek sealing of the documents if it chooses to do so. Any party or the MDOC may move the Court for an order that the documents are to be filed under seal according to Local Rules, examined only in camera, or under other conditions that prevent unnecessary disclosure. On examination, the Court may determine what protection, if any, will be afforded the material at trial or hearing.

7. **Waiver**: Any party to this action may request, and the opposing party and the MDOC may agree, that the provisions of this stipulation be waived for one or more of the Confidential documents. Any such waiver must be in writing, must be signed by counsel (which may include an electronic signature in an email), and must be limited to the document(s) specifically identified in such written waiver.

**B.     Disclosure and Sharing of Class Member Data.**

8. Plaintiffs have sought data regarding class members ("class member data") from both the Michigan State Police (MSP) and the MDOC. The data requested includes non-public information about registrants who are on the public sex offender registry, and information about registrants who do not appear on Michigan's public sex offender registry but do appear on the non-public law-enforcement-only registry. Class counsel seek this data for the purpose of representing the class and subclasses.

9. The Court has found that in the circumstances here, where class counsel has been appointed and seek discovery on behalf of the class, disclosure of such non-public data by the MSP to class counsel is not barred by statute. *See* Order Following Discovery Hearing, ECF No. 81.

10.  The Court similarly finds that in the circumstances here, disclosure of non-public Michigan State Policy sex offender registry data to the MDOC is not barred by statute, where the non-public class member data is being disclosed to the MDOC in order to allow the MDOC to respond to subpoenas issued by class counsel.

11.  Accordingly, class counsel are authorized to share public and non-public class member data that is produced to class counsel by the MSP with the MDOC so that the MDOC can respond to Plaintiffs' subpoenas for class member data in the possession of the MDOC that class counsel seeks for purposes of representing the class.

12.  Any class member data provided by the MDOC to any party is subject to the terms of this order.

13.  This order does not prevent the disclosure of any summaries or conclusions drawn from the class member data, or the republication of information contained in any expert reports or other filings by the parties provided such summaries, conclusions, export reports, or other filings do not disclose non-public information whose disclosure is barred under Mich. Comp. Laws. §§ 28.214, 28.728, or 28.730, and are consistent with the provisions of Section A above.

14.  No later than 60 days after the conclusion of this lawsuit, including any appeals, all copies of class member data that was provided to retained experts or consultants shall be either destroyed or returned to the producing party or parties.  The MDOC shall likewise destroy or return any class member data provided by the Plaintiffs, including any class member data that originated with the Michigan State Police.  The retained expert or consultant, and the MDOC, must provide a certificate of destruction that attests that all class member data has been returned or destroyed.  The certificates of destruction must be provided to Plaintiffs' counsel, Defendants' counsel and MDOC's counsel within 90 days after the conclusion of this lawsuit.

15.  No later than 60 days after the conclusion of this lawsuit, including any appeals, the parties and the MDOC shall meet and confer with counsel regarding the disposition of class member data.  If

the parties and MDOC disagree regarding the disposition of class member data provided by the MDOC, they may seek guidance from the Court. In the alternative, if the parties determine they no longer need the class member data, they may return or destroy the class member data and so inform the MDOC.

### C. Filings Under Seal

16. This order does not authorize the filing of any documents or other matter under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file such items under seal shall file and serve a motion or submit a proposed stipulated order that sets forth.

   a. the authority for sealing;
   b. an identification and description of each item proposed for sealing;
   c. the reason that sealing each item is necessary;
   d. the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing;
   e. a memorandum of legal authority supporting sealing.

See Local Rule 5.3. A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion or entered the proposed stipulated order required by this section.

17. Whenever a motion to seal is filed, the movant shall comply with the requirements of Local Rule 5.3 set forth above and submit a proposed order which states the particular reason the sealing is required. The proposed order shall be submitted to the undersigned district judge or to the magistrate judge to whom the matter is referred, via the link located under the "Utilities" section of CM/ECF. If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant with an appropriate designation that the documents are to be held under seal.

## D.  Duration

18.  This protective order, insofar as it restricts the disclosure and use of a document, continues to be binding throughout and until the conclusion of this action, including all appeals.  At the conclusion of this action, including all appeals, with the exception of class member data, all documents marked as "Confidential" and/or "Highly Confidential" disclosed to either party during this litigation, including copies, must be returned to counsel for MDOC or destroyed within 60 days, upon request of the MDOC, except where otherwise provided by state of federal law.  The parties' counsel may maintain a copy of any such designated document used as an exhibit at a deposition or filed with the Court as part of their litigation file.

The violation of any provision of this protective order is a violation of a Court order, and the Court may impose appropriate sanctions in such an event.

IT IS SO ORDERED.

Dated:  February 3, 2023   s/Mark A. Goldsmith
        Detroit, Michigan   MARK A. GOLDSMITH
                            United States District Judge

The parties and MDOC stipulate and agree to the entry of the above order:

/s/ Miriam J. Aukerman                /s/ Kristin M. Heyse
Miriam J. Aukerman (P63165)           Kristin M. Heyse (P64353)
Attorney for Plaintiffs               Assistant Attorney General
                                      Attorney for MDOC

/s/ Eric M. Jamison
Eric M. Jamison (P75721)
Assistant Attorney General
Attorney for Defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOES A, B, C, D, E, F, G, H, MARY DOE and MARY ROE, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v<br><br>GRETCHEN WHITMER, Governor of the State of Michigan, and COL. JOSEPH GASPER, Director of the Michigan State Police, in their official capacities,<br><br>    Defendants. | No. 22-cv-10209<br><br>HON. MARK A. GOLDSMITH<br><br>MAG. CURTIS IVY, JR.<br><br>**ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER** |

---

| | |
|---|---|
| Miriam J. Aukerman (P63165)<br>Attorney for Plaintiffs<br>ACLU Fund of Michigan<br>1514 Wealthy SE, Suite 260<br>Grand Rapids, MI 49506<br>(616) 301-0930<br>maukerman@aclumich.org<br><br>Paul D. Reingold (P27594)<br>Attorney for Plaintiffs<br>Cooperating Counsel, ACLU Fund of Michigan<br>Univ. of Michigan Law School<br>802 Legal Research Building<br>801 Monroe Street<br>Ann Arbor, MI 48109<br>(734) 355-0319<br>pdr@umich.edu | Eric M. Jamison (P75721)<br>Scott L. Damich (P74126)<br>Assistant Attorneys General<br>Attorney for Defendants<br>Michigan Dep't of Attorney General<br>State Operations Division<br>P.O. Box 30754<br>Lansing, MI 30754<br>(517) 335-7573<br>jamisone@michigan.gov<br>damichs@michigan.gov<br><br>Keith G. Clark (P56050)<br>Assistant Attorney General<br>Attorney for Defendants<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI 48909 |

Syeda Davidson (P72801)
Daniel S. Korobkin (P72842)
Attorney for Plaintiffs
ACLU Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

Roshna Bala Keen (Ill. 6284469)
Attorney for Plaintiffs
Loevy & Loevy
Cooperating Counsel, ACLU Fund of Michigan
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900
roshna@loevy.com

(517) 335-3055
Clarkk33@michigan.gov

Sara E. Trudgeon (P82155)
Kristin M. Heyse (P64353)
Assistant Attorneys General
Attorneys for Michigan Department of Corrections
Assistant Attorneys General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
trudgeons@michigan.gov
heysek@michigan.gov

## ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that the undersigned has read the Stipulated Protective Order in the above-captioned action, understands the terms thereof, and agrees to be bound by those terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Michigan in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate them to use documents and information designated "Confidential" and/or "Highly Confidential" in accordance with the terms of that order, and not to disclose any such

2

documents or information to any other person, firm, or concern except as authorized in that order.

The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Address: _____

Date: _____

Signature: _____