UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE, on behalf of
themselves and all others similarly situated,

                Plaintiffs,

v.

GRETCHEN WHITMER, Governor of the
State of Michigan, and COL. JOSEPH
GASPER, Director of the Michigan State
Police, in their official capacities,

                Defendants.

No. 2:22-cv-10209

Hon. Mark A. Goldsmith

Mag. Curtis Ivy, Jr.

**DEFENDANTS' BRIEF ON DISCOVERY ISSUES**

The scope of discovery is broad. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" regardless of whether the information sought is admissible. Fed. R. Civ. P. 26(b)(1). Relevance is construed broadly to include "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978). To limit the scope of discovery, the Court may issue a protective

1

order "for good cause shown" to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

Part of the defense of the case, is whether the registry protects the public. Plaintiffs opine that there is no public purpose. The defense argues that the registry protects the public by identifying those individuals that *may* pose a threat to public safety. And relatedly, does the public have a right to know that someone convicted of CSC 1, or CSC 2, or CSC 3 lives next door.

Plaintiffs posit that most sex offenders pose no, or little, risk to the public after a number of years being offense free in the community. (ECF No. 1, PageID.59-81). However, the defense wants to know if the individual Plaintiffs believe their own theory. Plaintiffs are members of the public, whether they have any opinions or observations about whether those that commit serios sex offenses is relevant to the case. Many of the named Plaintiffs are not even on the public registry so they are situated quite differently than the majority of the people on the registry. Any inference that they are somehow similar to those on the public registry for CSC 1 or CSC 2 is an incorrect inference and completely misplaced.

Ultimately, whether the defense decides to use this information, or whether its admissible at trial are separate inquiries. During the deposition of Mary Roe, she was asked questions for less than thirty minutes about some CSC 1 cases. She

read the excerpts from the cases herself and was asked the following types of questions:

> Would you want to know if the criminal defendant who committed the offense described in row 1, lived next door, or was a coach for children, or was a piano teacher, or a scout leader, or a babysitter, or someone you were considering going on a date with, or was a co-worker?
>
> Do you have any opinions about whether the criminal defendant described in row 1 may be more or less likely than someone who has not been convicted of criminal sexual conduct, to commit another sex offense?

It was around thirty minutes of time. The defense did not intend to ask her seven hours of questions about the cases. Indeed, her deposition started at 2:00 p.m. and lasted around two hours. The defense did not stop the line of questioning because of Plaintiffs baseless objections or because Plaintiffs' counsel indicated that they would involve the Court. The defense stopped asking the questions, because after a while, the answers to the questions were basically the same, and there was no point in continuing the line of questioning with the deponent.

What is more, Mary Roe is a licensed therapist. Asking her questions about whether someone is likely to return on old habits, seems to fall within her professional education and experience. It would be different if the same questions were asked to John Doe E, who allegedly suffers from Fetal Alcohol Syndrome and reportedly has an IQ of 84. (ECF No. 1, PageID.28.)

Thirty minutes of questioning is not oppressive and does not impose an undue burden or expense. Fed. R. Civ. P. 26(c). And it is a far cry from being

3

annoying or embarrassing, since the questions are related to public information about other offenders, and the questioning is not part of a public proceeding. Fed. R. Civ. P. 26(c). The questions are being asked within the confines of a deposition that is subject to a protective order.

Plaintiffs point to *Marr v. WMX Techs., Inc.*, 1996 WL 694634, *6 (Conn. Super. Ct. Nov. 25, 1996); and *Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164, 184 (N.D. Cal. 2015) as support for their nebulous objections that the questioning is irrelevant, but those cases are inapposite.

*Marr* addressed the question of the relevance of class plaintiffs' opinions regarding whether the height of a landfill should be lowered. *Marr*, 1996 WL 694634 *6. The court reasoned that the class plaintiffs' opinions were irrelevant because the landfill owner was already ordered to lower the height of the landfill via an injunction. (*Id.*) Thus, as a result, the plaintiff's opinions would not change what has already been ordered. (*Id.*)

*Kamaski* addressed the issue of whether lead plaintiffs had differing opinions about how damages should be apportioned, which didn't relate to any facts in the case. *Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164, 184 (N.D. Cal. 2015).

Neither case addresses the simple question about whether lead plaintiffs can be asked questions about the theory of their case. There is likely not much case

law on the issue, because discovery is broad and to the extent that questions are asked during a deposition that are irrelevant, they may never make it before the court. And if irrelevant testimony is introduced, the Court can address it then. The defense should be allowed to proceed with this line of questioning as it relates to their theory of the case.

    Plaintiffs position seems to conflict with common sense. Most middle-aged adults that are sexually attracted to children and act on that attraction don't simply outgrow their sexual attraction to children. Or someone that sexually abuses a vulnerable person over a period of years, doesn't suddenly stop their behavior. Of course, people can, and do, change, but given the gravity of the conduct in most criminal sexual conduct cases, it would be surprising to find that that is true in the majority of instances. The defense should be permitted to ask Plaintiff's, and their experts (Defense asks the Court to address the use of the exhibit with Plaintiff's experts too – attached), if they believe their own theory.

                                      /s/ *Eric M. Jamison*
                                      Assistant Attorney General
                                      Attorney for Whitmer and Gasper
                                      State Operations Division
                                      P.O. Box 30754
                                      Lansing, MI 48909
                                      (517) 335-7573
                                      jamisone@michigan.gov
                                      P75721

Dated: March 17, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2023, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ *Eric M. Jamison*
Assistant Attorney General
Attorney for Defendants Whitmer and Gasper
Michigan Department of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov
P75721

2022-0341402-A

## LOCAL RULE CERTIFICATION

I, Eric M. Jamison, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted material and footnotes): at least one-inch margin on top, sides, and bottoms; consecutive page numbering; and type size of all test and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 points (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

        /s/ *Eric M. Jamison*
        Assistant Attorney General
        Attorney for Whitmer and Gasper
        State Operations Division
        P.O. Box 30754
        Lansing, MI 48909
        (517) 335-7573
        jamisone@michigan.gov
        P75721