UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES, et al.,

    Plaintiffs,

vs.

GRETCHEN WHITMER, et al.,

    Defendants.
_____/

Case No. 22-cv-10209

HON. MARK A. GOLDSMITH

### ORDER REGARDING PLAINTIFFS' OBJECTIONS TO CERTAIN QUESTIONS ASKED BY DEFENDANTS DURING DEPOSITIONS

Plaintiffs—who bring this suit challenging the constitutionality of Michigan's Sex Offender Registration Act (SORA)—object to certain questions posed by Defendants to one of the named Plaintiffs, Mary Roe, during Roe's March 13, 2023 deposition. On March 15, 2023, the Court held a status conference on the record regarding the dispute. The Court entered an order (i) precluding Defendants from pursuing that line of questioning until further order of the Court, and (ii) directing the parties to file memoranda on the issue (Dkt. 90). The parties filed memoranda outlining their positions. See Pl. Mem. (Dkt. 92); Def. Br. (Dkt. 94). The Court sustains in part and overrules in part Plaintiffs' objections.

Plaintiffs take issue with Defendants asking Roe questions based on multiple descriptions of the criminal histories of certain SORA registrants, which Defendants state they pulled from Westlaw—i.e., from a publicly available source for legal decisions. See Def. Dep. Ex. (Dkt. 92-1). Plaintiffs raised concerns with two types of questions posed to Roe. First, Defendants asked for Roe's opinion on whether the individuals featured in these fact patterns were likely to recidivate. Second, Defendants asked whether Roe would want to know the information contained in each description, if the registrant had some interaction or relationship with Roe—e.g., as a

neighbor, child's soccer coach, or babysitter. Plaintiffs argue that these lines of questioning (i) are abusive and harassing, (ii) are irrelevant, and (iii) improperly elicit opinion testimony from a non-expert. See Pl. Mem.

The Court agrees with Plaintiffs that Defendants' questioning on the topic of recidivism is improper. Whether a certain individual is likely to recidivate is a question that calls for the "specialized knowledge" of an expert with adequate "skill, training, or education" under Federal Rule of Evidence 702. Roe is a party to this case and a lay witness, not an expert. Defendants observe that Roe is a licensed therapist, see Def. Br. at 3, but this experience does not make her qualified to opine on recidivism, and Plaintiffs have not presented her testimony for that purpose. Defendants are prohibited from asking unqualified deponents for their opinions on whether individuals convicted of sex offenses will recidivate.

However, the Court will allow Defendants to ask deponents whether they would want to know information about registrants' histories of sex offenses. The Court is unable to find at this stage of the case that the information requested is beyond the scope of relevant information that is discoverable under Federal Rule of Civil Procedure 26(b)(1). "It is well established that the scope of discovery is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Bush v. Dickerson, No. 16-6140, 2017 WL 3122012, at *4 (6th Cir. May 3, 2017) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Plaintiffs argue that SORA violates the Ex Post Facto Clause because its provisions retroactively impose punishment, partly because of the shaming nature of the registry. See Compl. ¶¶ 8, 657–666 (Dkt. 1). The interest of the public in information about registrants may bear on that issue. It is possible that such interest supports the defense's view of the importance of the

registration system. It may also support Plaintiffs' view that the registration system promotes shaming, given that the public interest in learning of such information may impede registrants' efforts to reintegrate and lead productive lives. At this point in the proceedings, the Court is satisfied that a lay person's interest in information related to a registrant's history of sex offenses "bears on" the issues of punishment and shaming, including in the form of non-expert testimony. Bush, 2017 WL 3122012, at *4 (punctuation modified).

Additionally, questions about specific offenses registrable under SORA—in the form so far posed by Defendants—are not so "unreasonably . . . embarrass[ing] or oppress[ive]" as to violate the protections of Federal Rule of Civil Procedure 30(d)(3). Plaintiffs represent that Roe suffers from stress associated with being labeled as a sex offender. See Pl. Mem. at 3. But Roe chose to participate in the present action as a named plaintiff challenging the constitutionality of a sex offender registry scheme affecting the lives of thousands of diverse registrants. She cannot expect to completely avoid exposure to unpleasant facts attendant to sex offense convictions. Nor does the Court find valid Plaintiffs' argument that this line of questioning "suggests that [Roe's prior] conduct is equal to that of people who committed these most serious crimes." Id. at 2. Nothing in the questioning suggests such equivalence. The type of questioning employed by Defendants may become impermissibly oppressive if it is posed for an excessive length of time or if it covers an exorbitant number of sample cases. However, on the facts presented to this Court, Defendants have not crossed that line yet.

For the above reasons, the Court sustains in part and overrules in part Plaintiffs' objections.

SO ORDERED.

Dated:  March 23, 2023                                s/Mark A. Goldsmith
        Detroit, Michigan                             MARK A. GOLDSMITH
                                                      United States District Judge