UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOES A, B, C, D, E, F, G, H, MARY DOE and MARY ROE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRETCHEN WHITMER, Governor of the State of Michigan, and COL. JOSEPH GASPER, Director of the Michigan State Police, in their official capacities,<br><br>Defendants. | No. 2:22-cv-10209<br><br>Hon. Mark A. Goldsmith<br><br>Mag. Curtis Ivy, Jr. |

## RESPONSE TO MOTION TO AMEND COMPLAINT

### INTRODUCTION

Plaintiffs seek to amend their complaint, nearly fourteen months after it was filed and about a month before discovery is currently scheduled to close. (ECF No 1.) They seek to add one count related to registrants whose obligations arise from out-of-state convictions under Mich. Comp. Laws 28.722(r)(x); (t)(xiii); (v)(viii); or 28.723(1)(d).

1

Specifically, Plaintiffs seek to add a subclass for:

> Members of the primary class who, according to Defendants, are or will be subject to sex offender registration under SORA 2021 for a conviction or adjudication from a jurisdiction other than Michigan. (ECF No. 100, PageID.2546.)

The provisions in Mich. Comp. Laws 28.722 have been in place for more than a decade, since the 2011 amendments to the SORA. And the provision in Mich. Comp. Laws 28.723 has been in place since 1999.

## BACKGROUND

Plaintiff's counsel has been involved in litigation against the state related to the SORA for more than a decade.[1] They are uniquely familiar with the SORA and all of its obligations. It cannot be new information to them that "there is no appeal process or procedure by which people with non-Michigan offenses can contest the MSP's determinations, and no procedure for judicial or appellate review of these determinations." (ECF No. 100, PageID.2551.) In fact, the current complaint already includes allegations about out-of-state

---

[1] Their website provides a history of their involvement in the litigation over the last decade and more. See What You Need to Know About the Sex Offender Registry Act (SORA) | ACLU of Michigan (aclumich.org) (last accessed April 4, 2023.)

2

offenses. (e.g., "SORA 2021 provides no mechanism by which people with out-of-state convictions can challenge either the determination that their offense is 'substantially similar' to a Michigan offense. . .") (ECF No. 1, PageID.145-146.) What is more, the Defendants have already responded to such arguments. (ECF No. 41, PageID.1366-1367.)

This new claim is similar to Count VIII, the claim related to registrants who did not commit a sex offense. (ECF No 1, PageID.186-189.) That provision has long been in the SORA, and although the contours of the claim (e.g., how many registrants were in that subclass) was further developed during discovery, based on the language in the statute it was clear that there was a category of registrants in that class.

Despite Plaintiffs representations to the contrary, no discovery was needed to uncover the fact that individuals with out-of-state convictions were subject to the Michigan SORA or that there was no alleged opportunity to be heard. (ECF No. 100, PageID.2543.) Plaintiffs must have known that registrants with out-of-state convictions don't have an opportunity to be heard. Indeed, Plaintiffs

3

already included an Equal Protection claim that discusses who is eligible to petition for removal from the registry. (ECF No. 1, PageID.177-181.) In their complaint, they only mention a subclass of registrants that are eligible to petition for removal. They make no mention of registrants with out-of-state convictions. Accordingly, they must have known, or should have known since they are not included in the plain language of the statute, that registrants with out-of-state convictions are not eligible to petition for removal, or to challenge their registration obligations. Of course, how MSP makes determinations regarding out-of-state convictions was further developed in discovery, but the fact that there were registration obligations for out-of-state convictions is not new. It is unclear why Plaintiffs waited so long to add the claim. They have had sufficient information to include the amended claims since 2011.

## ARGUMENT

Under the Rules, leave to amend is generally freely given and courts have broad discretion in deciding whether to grant the motion to amend. Fed. R. Civ. P. 15(a)(2); *see Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990.) However, the court may consider

4

whether there was undue delay or whether the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Since these provisions have been in place for more than a decade, there is a question of whether the statute of limitations has already lapsed, which would make the claim futile, and a question of whether there has been undue delay.

Defendants have already argued that the statute of limitations has lapsed on several of Plaintiffs claims in their motion to dismiss. (ECF. No 41, PageID.1373-1376.) The same argument applies to these new claims. The Court denied the motion to dismiss without prejudice. (ECF No. 54, PageID.1847-1852.) In that order, the Court indicated that it intended to include "an accelerated period of discovery, prompt briefing of summary judgment motions and the earliest feasible trial dates." (*Id.* at 1852.) The Court clearly indicated that the parties should work towards a speedy resolution of the case.

Meanwhile Plaintiffs have sent voluminous discovery requests over a wide variety of topics that has very little, if anything to do with any material facts, including seeking publicly available information from the defendants, seeking documents and deposing MSP staff about

5

contracts for software and whether the vendor is complying with contractual provisions, fighting over job descriptions which they were told repeatedly are outdated and do not accurately reflect someone's actual job duties, filing a motion to try to limit the scope of questioning in deposition based largely on relevance, sending discovery requests related to the budget for SORA (how to spend taxpayer money is a legislative function, and has nothing to do with questions of whether a statute is constitutionally vague or presents a due process violation.) These tactics seem far from seeking a speedy resolution of the case.

## CONCLUSION

The Court has broad discretion in deciding whether to grant the motion. If the Court decides to grant the motion, Defendants request that they have 14 days from the date of the order to file an answer. Defendants further request guidance from the Court regarding whether the Court prefers the Defendants to file a motion to dismiss the new claim along with its answer, or whether the Defendants should wait until the close of discovery to file a summary judgment motion related to the new claim. Because the close of discovery is near, it seems like

the latter approach is the most efficient, but the Defendants will take direction from the Court on how it prefers to proceed.

/s/ *Eric M. Jamison*
Assistant Attorney General
Attorney for Whitmer and Gasper
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov
P75721

Dated: April 5, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2023, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ Eric M. Jamison*
Assistant Attorney General
Attorney for Whitmer and Gasper
Michigan Department of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov
P75721

2022-0341402-A

## LOCAL RULE CERTIFICATION

I, Eric M. Jamison, certify that this document complies with Local Rule5.1(a), including: double-spaced (except for quoted material and footnotes): at least one-inch margin on top, sides, and bottoms; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 points (for proportional fonts).  I also certify that it is the appropriate length.  Local Rule 7.1(d)(3).

> /s/ *Eric M. Jamison*
> Assistant Attorney General
> Attorney for Whitmer and Gasper
> State Operations Division
> P.O. Box 30754
> Lansing, MI 48909
> (517) 335-7573
> jamisone@michigan.gov
> P75721