UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOES A, B, C, D, E, F, G, H, MARY DOE and MARY ROE, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>v.<br><br>GRETCHEN WHITMER, Governor of the State of Michigan, and COL. JOSEPH GASPER, Director of the Michigan State Police, in their official capacities,<br><br>              Defendants. | No. 2:22-cv-10209<br><br>Hon. Mark A. Goldsmith<br><br>Mag. Curtis Ivy, Jr. |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION FOR LEAVE TO SUPPLEMENT THE COMPLAINT**

**INTRODUCTION**

Defendants concede that under Rule 15, courts should freely grant leave to amend a complaint. *See Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2016) ("the rule embodies a 'liberal amendment policy"). Defendants argue, however, that two exceptions to the liberal amendment rule apply: undue delay and futility. Neither does.

1

## I.   Defendants Have Failed to Establish Undue Delay.

As an initial matter, the Sixth Circuit has explained that delay alone is insufficient to prevent a court from granting leave to amend:

> Delay that is not intended to harass the defendant is not in itself a permissible reason to refuse leave to amend. Furthermore, there must be at least some significant showing of prejudice to the opponent if the motion is to be denied.

*Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (1987) (citation and quotation marks omitted). Defendants have not suggested that Plaintiffs' filing is harassing. Nor have they identified any way in which they would be prejudiced by the Court granting leave to amend. That by itself is sufficient to defeat their argument.

Nor can Defendants establish that there was delay, much less undue delay. As the proposed supplemental complaint and its exhibits make clear, the new claim is based on new information learned in discovery, which is a well-established reason to grant leave to amend. *See Tucker v. Union of Needletrades, Indus. & Textile Emps.*, 407 F.3d 784, 788 (6th Cir. 2005) (Rule 15 requires liberal amendment where new claims are developed as a result of discovery).

Defendants do not contest that Plaintiffs acted with dispatch upon uncovering new facts through the discovery process. Rather, Defendants' argument appears to be that Plaintiffs should have brought the claim prior to discovery. According to Defendants, Plaintiffs' decision not to include the claim from the get-go constitutes "undue delay" because Plaintiffs' counsel knew when they filed the complaint that

2

SORA requires registration of people with out-of-state convictions. But that argument ignores the way in which Plaintiffs' claim is based on new evidence. Only through discovery did Plaintiffs learn the *process* by which the Michigan State Police (MSP) classifies people with out-of-state offenses. Only through discovery did counsel learn that out-of-staters are treated worse than in-staters. Only through discovery did Plaintiffs learn that the MSP does not use the categorical approach in making "substantial similarity" determinations. In short, the factual predicate for core parts of Plaintiffs' new claim was entirely unknown at the time Plaintiffs filed their original complaint. *See* Proposed Compl., ECF 100-1, ¶¶ 805-807.

While it is true that counsel previously knew that SORA provides no mechanism to challenge registration based on non-Michigan offenses, it was only through discovery that counsel learned that the way in which the MSP conducts "substantial similarity" determinations creates a high risk of error. Under *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976), the risk of erroneous deprivation is a key factor in determining what process is due. While discovery was not needed to show that SORA lacks procedural protections, until discovery Plaintiffs did not know that this lack of procedural protections means that there is a significant likelihood that people with out-of-state convictions are being wrongly subjected to SORA or are being misclassified into the wrong tier. And until discovery, Plaintiffs did not know that there are thousands of people affected.

3

In short, in representing over 50,000 people in a challenge to a statute riddled with constitutional deficiencies, class counsel cannot bring every possible claim for every possible subset of registrants. Rather, counsel have focused on the strongest claims to secure the broadest relief for the largest number of class members. It was only through discovery that counsel learned that the proposed non-Michigan offense subclass has strong claims that can provide meaningful relief to a substantial number of registrants. Plaintiffs then promptly moved to amend.

## II. Defendants Have Failed to Establish That Amendment Would Be Futile.

Defendants argue that amendment would be futile because the proposed claim is barred by the statute of limitations. Courts regularly reject statute-of-limitations arguments as a basis for denying leave to amend, both because this issue is more properly raised as an affirmative defense and because there can be factual questions to resolve. *See*, *e.g. Green v. Cosby*, 99 F. Supp. 3d 223, 226 (D. Mass. 2015); *Smith v. Costa Lines*, *Inc.*, 97 F.R.D. 451, 452 (N.D. Cal. 1983). Moreover, courts often conclude that the most efficient course is to grant leave to amend, and then rule on arguments about a claim's legal sufficiency after full briefing on dispositive motions. *See PFS HR Solutions, LLC v. Black Wolf Consulting, Inc.*, 2018 WL 5263031, at * 3 (S.D. Tenn. 2018) (collecting cases). The Court should not deny leave based on Defendants' unbriefed reference to a potential statute of limitations defense.

In any event, that defense is meritless. SOR Unit manager Narcissa Morris

4

testified that the MSP changed the way it classified out-of-state offenses in 2022—well within any statute of limitations period. *See* Morris Dep, ECF 100-6, p. 140, ln 24 – p. 141 ln 3; p. 143, ln 17 – p. 144, ln 14 (testifying that MSP had changed the way it classified people with out-of-state offenses during the time she was manager of the SOR Unit); Exh. 30, Morris Dep., p. 23, line 13 – p. 24 ln 2 (testifying that she was manager of the SOR unit for about a year ending December 2022).

Moreover, to the extent Defendants are arguing that Plaintiffs should have challenged SORA's treatment of out-of-staters when those provisions were first included in the statute, that is simply wrong. *See* Plaintiffs' Response to Defendants' Motion to Dismiss, ECF 44, PageID 1585-1591. "A law that works an ongoing violation of constitutional rights does not become immunized from legal challenge for all time merely because no one challenges it within" the first few years of its enactment. *Kuhnle Bros. v. Cnty. of Geauga*, 103 F.3d 516, 522 (6th Cir. 1997). "When the continued enforcement of a statute inflicts a continuing or repeated harm, a new claim arises (and a new limitations period commences) with each new injury." *Flynt v. Shimazu*, 940 F.3d 457, 462 (9th Cir. 2019).

## CONCLUSION

The Court should freely grant Plaintiffs' motion for leave to amend because justice so requires. The futures of some 5,700 people are at stake.

Respectfully submitted,

s/ Miriam Aukerman (P63165)  
/s Dayja Tillman (P86526)  
Attorneys for Plaintiffs  
American Civil Liberties Union  
   Fund of Michigan  
1514 Wealthy SE, Suite 260  
Grand Rapids, MI 49506  
(616) 301-0930  
maukerman@aclumich.org  

s/ Paul D. Reingold (P27594)  
Cooperating Counsel, American Civil  
   Liberties Union Fund of Michigan  
Attorney for Plaintiffs  
Univ. of Michigan Law School  
802 Legal Research Building  
801 Monroe Street  
Ann Arbor, MI 48109-1215  
(734) 355-0319 - pdr@umich.edu  

s/ Daniel S. Korobkin (P72842)  
s/ Syeda Davidson (P72801)  
American Civil Liberties Union  
   Fund of Michigan  
Attorney for Plaintiffs  
2966 Woodward Avenue  
Detroit, MI 48201  
(313) 578-6824  
dkorobkin@aclumich.org  

s/ Roshna Bala Keen (Ill. 6284469)  
Loevy & Loevy  
Attorney for Plaintiffs  
Cooperating Counsel, American Civil  
   Liberties Union Fund of Michigan  
311 North Aberdeen, 3rd Floor  
Chicago, Illinois 60607  
(312) 243-5900 – roshna@loevy.com  

Dated: April 7, 2023

## LOCAL RULE CERTIFICATION

I, Miriam J. Aukerman, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted material and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 points (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

s/ Miriam J. Aukerman (P63165)
American Civil Liberties Union
  Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org
