UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES, et al.,

        Plaintiffs,

vs.

GRETCHEN WHITMER, et al.,

        Defendants.
_____/

Case No. 22-cv-10209

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**GRANTING PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT**
**(Dkt. 100)**

Before the Court is Plaintiffs' motion for leave to supplement their complaint (Dkt. 100). For the reasons that follow, the Court grants Plaintiffs' motion.[1]

Plaintiffs bring this class action to challenge the constitutionality of Michigan's Sex Offenders Registration Act, Mich. Comp. L. § 28.721 et seq. (SORA 2021) on several grounds. Their present motion seeks to add a new claim challenging the application of SORA 2021 to individuals who "are or will be subject to sex offender registration under SORA 2021 for a conviction or adjudication from a jurisdiction other than Michigan" based on alleged violations of the Due Process Clause, the Equal Protection Clause, the Privileges and Immunities Clause, and the Full Faith and Credit Clause. Br. in Supp. Mot. at 2, 7. Plaintiffs assert that their proposed new claim implicates more than 5,700 class members, or 11% of the class of individuals they represent. Id. at 3. Plaintiffs submit that they learned about the factual basis for their proposed

---

[1] The Court held a hearing on Plaintiffs' motion on April 17, 2023. In addition to the motion, the briefing includes Defendants' response (Dkt. 103) and Plaintiffs' reply (Dkt. 104).

new claim through discovery, see id. at 3–7, which is ongoing and scheduled to close on June 16, 2023, see 4/11/23 Stipulated Order (Dkt. 105).

Courts "should freely give leave" for plaintiffs to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). When deciding whether to permit amendments, courts consider "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." Gen. Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990) (punctuation modified) (reversing denial of motion construed as one to amend). Whether the non-movant would "suffer[] prejudice" from the amendment "is crucial to the inquiry." Id.

Justice requires that Plaintiffs be permitted to add their proposed new claim. An amendment to the pleadings will provide for an efficient resolution of Plaintiffs' case, as Plaintiffs' new claim is closely interrelated with other issues already asserted in their complaint. See, e.g., Compl. ¶¶ 562–566, 731 (Dkt. 1) (referencing individuals convicted of out-of-state offenses in context of claims that SORA 2021 is unconstitutionally vague and violative of the Due Process Clause and Equal Protection Clause). It appears that the addition of this single claim would not require significant additional discovery. And crucially, Defendants do not argue that they would be prejudiced by an amendment. See Resp.

Defendants suggest that Plaintiffs have exhibited undue delay in waiting until now to assert their proposed new claim. See id. at 5. But the Court credits Plaintiffs' submission that it was only through discovery that they developed an understanding of the potential strength and value to the class of their new cause of action. See Br. in Supp. Mot. at 3–7. Further, "delay by itself is not sufficient to deny a motion to amend." Gen. Elec., 916 F.2d at 1130.

Defendants also suggest that Plaintiffs' proposed new claim is futile on statute-of-limitation grounds, without citing to any case law. See Resp. at 5. As Plaintiffs correctly note, however, see Reply at 4–5, courts often find it most "practical and efficient" to "defer" on futility arguments presented against a motion to amend and to instead resolve this issue once the parties have had the opportunity to "fully brief" the question. PFS HR Sols., LLC v. Black Wolf Consulting, Inc., No. 1:17-cv-277-JRG-SKL, 2018 WL 5263031, at *3 (E.D. Tenn. June 28, 2018) (granting motion to amend) (citing Christison v. Biogen Idec Inc., No. 2:11-cv-01140-DN-DBP, 2016 WL 3546242, at *4 (D. Utah June 23, 2016) ("Several courts have wisely declined to engage in a futility analysis at the motion to amend phase.")). This Court declines to find that Defendants' brief reference to a potential futility defense overrides the presumption that Plaintiffs should be freely granted leave to amend their pleadings where—as here—justice so requires. See Fed. R. Civ. P. 15(a)(2).

Accordingly, the Court grants Plaintiffs' motion. Plaintiffs must file their amended complaint incorporating their proposed new claim by April 24, 2023. Defendants' answer is due 14 days after that filing.[2]

This Court has advised the parties of its willingness to "adopt a schedule that will include an accelerated period of discovery, prompt briefing of summary judgment motions, and the earliest feasible trial date." 9/15/22 Order at 6. To the extent that Plaintiffs' requested expansion of this case requires additional discovery, motion practice, or other activity, an amendment to the existing schedule may be necessary. The Court directs the parties to meet and confer regarding how

---

[2] The Court also advises Defendants of its preference that any arguments against Plaintiffs' new claim be incorporated in a summary judgment motion at a later stage rather than in a motion to dismiss filed alongside Defendants' answer, in accordance with this Court's order denying Defendants' prior motion to dismiss without prejudice. See 9/15/22 Order (Dkt. 54).

Plaintiffs' amendment to their pleadings will impact the schedule, if at all, and to submit a proposed stipulated order amending the schedule, if necessary.

The Court also directs the parties to submit a proposed stipulated order granting Plaintiffs' pending motion to certify a new sub-class corresponding to their new claim (Dkt. 101), to the extent that the parties are in agreement.

SO ORDERED.

Dated: April 19, 2023                  s/Mark A. Goldsmith
Detroit, Michigan                  MARK A. GOLDSMITH
                                       United States District Judge