UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE, on behalf of
themselves and all others similarly situated,

                Plaintiffs,

v.

GRETCHEN WHITMER, Governor of the
State of Michigan, and COL. JOSEPH
GASPER, Director of the Michigan State
Police, in their official capacities,

                Defendants.

No. 2:22-cv-10209

Hon. Mark A. Goldsmith

Mag. Curtis Ivy, Jr.

### STIPULATED ORDER TO
### CERTIFY NON-MICHIGAN OFFENSE SUBCLASS

On May 18, 2022, the Court certified a "primary class" in this case, defined as people who are or will be subject to registration under Michigan's Sex Offenders Registration Act (SORA). (ECF No. 35.) The Court also certified subclasses and named Plaintiffs' counsel as class counsel. (*Id.*) Plaintiffs filed a motion to amend the Complaint (ECF No. 100) and a motion to certify a non-Michigan subclass (ECF No. 101). On April 19, 2023, the Court granted Plaintiffs' motion to amend the

1

Complaint (ECF No. 107). The parties, through counsel, now stipulate to certification of a non-Michigan offense subclass.

The parties agree, and the Court orders, as follows:

1. The Court certifies a "non-Michigan offense" subclass, defined as members of the primary class who are or will be subject to sex offender registration under Mich. Comp. Laws 28.722(r)(x); (t)(xiii); (v)(viii); or 28.723(1)(d), for a conviction or adjudication from a jurisdiction other than Michigan.

2. The Court names Plaintiffs Mary Doe and John Doe G as representatives of the non-Michigan offense subclass.

3. The Court finds that the requirements of Fed. R. Civ. P. 23(a) are met because (1) the subclass is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the subclass, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the subclass, and (4) the representative plaintiffs will fairly and adequately protect the interests of the subclass.

4. The Court further finds that the requirements of Fed. R. Civ. P. 23(b)(2) are met because the party opposing the subclass has acted or refused to act on grounds that apply generally to the subclass, so that final injunctive relief or corresponding declaratory relief would be appropriate respecting the subclass as a

whole if Plaintiffs prevail in demonstrating that those actions or inactions violate Plaintiffs' rights.

5. By stipulating to this order, Plaintiffs, and the subclass members they represent, are not waiving any claims with respect to other causes of action or other forms of relief which they have not pled in this action for declaratory and injunctive relief.

**IT IS SO ORDERED.**

Dated: May 9, 2023  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

Approved by:

s/ Miriam Aukerman (P63165)  
Miriam J. Aukerman  
Attorney for Plaintiffs  
American Civil Liberties Union  
  Fund of Michigan  
1514 Wealthy SE, Suite 260  
Grand Rapids, MI 49506  
(616) 301-0930  
maukerman@aclumich.org

/s/ Eric M. Jamison (P75721)  
Assistant Attorney General  
Attorney for Defendants  
Michigan Dep't of Attorney General  
State Operations Division  
P.O. Box 30754  
Lansing, MI 48909  
(517) 335-7573  
jamisone@michigan.gov