# Exhibit 2:

## SORA 2021 with Highlighted Changes Showing 2011 and 2021 Amendments

Amendments or alterations to SORA added in 2011 are highlighted in purple.  Amendments or alterations added in 2021 are highlighted in blue.

# SEX OFFENDERS REGISTRATION ACT
## Act 295 of 1994

**28.721 Short title.**

Sec. 1. This act shall be known and may be cited as the "sex offenders registration act".

**History:** 1994, Act 295, Eff. Oct. 1, 1995.


**28.721a Legislative declarations; determination; intent.**

Sec. 1a. The legislature declares that the sex offenders registration act was enacted pursuant to the legislature's exercise of the police power of the state with the intent to better assist law enforcement officers and the people of this state in preventing and protecting against the commission of future criminal sexual acts by convicted sex offenders. The legislature has determined that a person who has been convicted of committing an offense covered by this act poses a potential serious menace and danger to the health, safety, morals, and welfare of the people, and particularly the children, of this state. The registration requirements of this act are intended to provide law enforcement and the people of this state with an appropriate, comprehensive, and effective means to monitor those persons who pose such a potential danger.

**History:** Add. 2002, Act 542, Eff. Oct. 1, 2002.


**28.722 Definitions.**

Sec. 2. As used in this act:

(a) "Convicted" means 1 of the following:

(*i*) Having a judgment of conviction or a probation order entered in any court having jurisdiction over criminal offenses, including, but not limited to, a tribal court or a military court. Convicted does not include a conviction that was subsequently set aside under 1965 PA 213, MCL 780.621 to 780.624, or otherwise expunged.

(*ii*) Except as otherwise provided in this subparagraph, being assigned to youthful trainee status under sections 11 to 15 of chapter II of the code of criminal procedure, 1927 PA 175, MCL 762.11 to 762.15, before October 1, 2004. An individual who is assigned to and successfully completes a term of supervision under sections 11 to 15 of chapter II of the code of criminal procedure, 1927 PA 175, MCL 762.11 to 762.15, is not convicted for purposes of this act. This subparagraph does not apply if a petition was granted under section 8c at any time allowing the individual to discontinue registration under this act, including a reduced registration period that extends to or past July 1, 2011, regardless of the tier designation that would apply on and after that date.

(*iii*) Having an order of disposition entered under section 18 of chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.18, that is open to the general public under section 28 of chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.28, if both of the following apply:

(A) The individual was 14 years of age or older at the time of the offense.

(B) The order of disposition is for the commission of an offense that would classify the individual as a tier III offender.

(*iv*) Having an order of disposition or other adjudication in a juvenile matter in another state or country if both of the following apply:

(A) The individual is 14 years of age or older at the time of the offense.

(B) The order of disposition or other adjudication is for the commission of an offense that would classify the individual as a tier III offender.

(b) "Custodial authority" means 1 or more of the following apply:

(*i*) The actor was a member of the same household as the victim.

(*ii*) The actor was related to the victim by blood or affinity to the fourth degree.

(*iii*) The actor was in a position of authority over the victim and used this authority to coerce the victim to submit.

(*iv*) The actor was a teacher, substitute teacher, or administrator of the public school, nonpublic school, school district, or intermediate school district in which that other person was enrolled.

(*v*) The actor was an employee or a contractual service provider of the public school, nonpublic school, school district, or intermediate school district in which that other person was enrolled, or was a volunteer who was not a student in any public school or nonpublic school, or was an employee of this state or of a local unit

of government of this state or of the United States assigned to provide any service to that public school, nonpublic school, school district, or intermediate school district, and the actor used his or her employee, contractual, or volunteer status to gain access to, or to establish a relationship with, that other person.

(*vi*) That other person was under the jurisdiction of the department of corrections and the actor was an employee or a contractual employee of, or a volunteer with, the department of corrections who knew that the other person was under the jurisdiction of the department of corrections and used his or her position of authority over the victim to gain access to or to coerce or otherwise encourage the victim to engage in sexual contact.

(*vii*) That other person was under the jurisdiction of the department of corrections and the actor was an employee or a contractual employee of, or a volunteer with, a private vendor that operated a youth correctional facility under section 20g of the corrections code of 1953, 1953 PA 232, MCL 791.220g, who knew that the other person was under the jurisdiction of the department of corrections.

(*viii*) That other person was a prisoner or probationer under the jurisdiction of a county for purposes of imprisonment or a work program or other probationary program and the actor was an employee or a contractual employee of, or a volunteer with, the county or the department of corrections who knew that the other person was under the county's jurisdiction and used his or her position of authority over the victim to gain access to or to coerce or otherwise encourage the victim to engage in sexual contact.

(*ix*) The actor knew or had reason to know that a court had detained the victim in a facility while the victim was awaiting a trial or hearing, or committed the victim to a facility as a result of the victim having been found responsible for committing an act that would be a crime if committed by an adult, and the actor was an employee or contractual employee of, or a volunteer with, the facility in which the victim was detained or to which the victim was committed.

(c) "Department" means the department of state police.

(d) "Employee" means an individual who is self-employed or works for any other entity as a full-time or part-time employee, contractual provider, or volunteer, regardless of whether he or she is financially compensated.

(e) "Felony" means that term as defined in section 1 of chapter I of the code of criminal procedure, 1927 PA 174, MCL 761.1.

(f) "Indigent" means an individual to whom 1 or more of the following apply:

(*i*) He or she has been found by a court to be indigent within the last 6 months.

(*ii*) He or she qualifies for and receives assistance from the department of health and human services food assistance program.

(*iii*) He or she demonstrates an annual income below the current federal poverty guidelines.

(g) "Internet identifier" means all designations used for self-identification or routing in internet communications or posting.

(h) "Institution of higher education" means 1 or more of the following:

(*i*) A public or private community college, college, or university.

(*ii*) A public or private trade, vocational, or occupational school.

(i) "Listed offense" means a tier I, tier II, or tier III offense.

(j) "Local law enforcement agency" means the police department of a municipality.

(k) "Minor" means a victim of a listed offense who was less than 18 years of age at the time the offense was committed.

(*l*) "Municipality" means a city, village, or township of this state.

(m) "Registering authority" means the local law enforcement agency or sheriff's office having jurisdiction over the individual's residence, place of employment, or institution of higher learning, or the nearest department post designated to receive or enter sex offender registration information within a registration jurisdiction.

(n) "Registration jurisdiction" means each of the 50 states, the District of Columbia, the Commonwealth of Puerto Rico, Guam, the Northern Mariana Islands, the United States Virgin Islands, American Samoa, and the Indian tribes within the United States that elect to function as a registration jurisdiction.

(o) "Residence", as used in this act, for registration and voting purposes means that place at which a person habitually sleeps, keeps his or her personal effects, and has a regular place of lodging. If a person has more than 1 residence, or if a person has a residence separate from that of his or her husband or wife, that place at which the person resides the greater part of the time must be his or her official residence for the purposes of this act. If a person is homeless or otherwise lacks a fixed or temporary residence, residence means the village, city, or township where the person spends a majority of his or her time. This section shall not be construed to affect existing judicial interpretation of the term residence for purposes other than the purposes of this act.

(p) "Student" means an individual enrolled on a full- or part-time basis in a public or private educational institution, including, but not limited to, a secondary school, trade school, professional institution, or institution of higher education.

(q) "Tier I offender" means an individual convicted of a tier I offense who is not a tier II or tier III offender.

(r) "Tier I offense" means 1 or more of the following:

(*i*) A violation of section 145c(4) of the Michigan penal code, 1931 PA 328, MCL 750.145c.

(*ii*) A violation of section 335a(2)(b) of the Michigan penal code, 1931 PA 328, MCL 750.335a, if a victim is a minor.

(*iii*) A violation of section 349b of the Michigan penal code, 1931 PA 328, MCL 750.349b, if the victim is a minor.

(*iv*) A violation of section 449a(2) of the Michigan penal code, 1931 PA 328, MCL 750.449a.

(*v*) A violation of section 520e or 520g(2) of the Michigan penal code, 1931 PA 328, MCL 750.520e and 750.520g, if the victim is 18 years or older.

(*vi*) A violation of section 539j of the Michigan penal code, 1931 PA 328, MCL 750.539j, if a victim is a minor.

(*vii*) Any other violation of a law of this state or a local ordinance of a municipality, other than a tier II or tier III offense, that by its nature constitutes a sexual offense against an individual who is a minor.

(*viii*) An offense committed by a person who was, at the time of the offense, a sexually delinquent person as defined in section 10a of the Michigan penal code, 1931 PA 328, MCL 750.10a.

(*ix*) An attempt or conspiracy to commit an offense described in subparagraphs (*i*) to (*viii*).

(*x*) An offense substantially similar to an offense described in subparagraphs (*i*) to (*ix*) under a law of the United States that is specifically enumerated in 42 USC 16911, under a law of any state or any country, or under tribal or military law.

(s) "Tier II offender" means either of the following:

(*i*) A tier I offender who is subsequently convicted of another offense that is a tier I offense.

(*ii*) An individual convicted of a tier II offense who is not a tier III offender.

(t) "Tier II offense" means 1 or more of the following:

(*i*) A violation of section 145a of the Michigan penal code, 1931 PA 328, MCL 750.145a.

(*ii*) A violation of section 145b of the Michigan penal code, 1931 PA 328, MCL 750.145b.

(*iii*) A violation of section 145c(2) or (3) of the Michigan penal code, 1931 PA 328, MCL 750.145c.

(*iv*) A violation of section 145d(1)(a) of the Michigan penal code, 1931 PA 328, MCL 750.145d, except for a violation arising out of a violation of section 157c of the Michigan penal code, 1931 PA 328, MCL 750.157c.

(*v*) A violation of section 158 of the Michigan penal code, 1931 PA 328, MCL 750.158, committed against a minor unless either of the following applies:

(A) All of the following:

(I) The victim consented to the conduct constituting the violation.

(II) The victim was at least 13 years of age but less than 16 years of age at the time of the violation.

(III) The individual is not more than 4 years older than the victim.

(B) All of the following:

(I) The victim consented to the conduct constituting the violation.

(II) The victim was 16 or 17 years of age at the time of the violation.

(III) The victim was not under the custodial authority of the individual at the time of the violation.

(*vi*) A violation of section 338, 338a, or 338b of the Michigan penal code, 1931 PA 328, MCL 750.338, 750.338a, and 750.338b, committed against an individual 13 years of age or older but less than 18 years of age. This subparagraph does not apply if the court determines that either of the following applies:

(A) All of the following:

(I) The victim consented to the conduct constituting the violation.

(II) The victim was at least 13 years of age but less than 16 years of age at the time of the violation.

(III) The individual is not more than 4 years older than the victim.

(B) All of the following:

(I) The victim consented to the conduct constituting the violation.

(II) The victim was 16 or 17 years of age at the time of the violation.

(III) The victim was not under the custodial authority of the individual at the time of the violation.

(*vii*) A violation of section 462e(a) of the Michigan penal code, 1931 PA 328, MCL 750.462e.

(*viii*) A violation of section 448 of the Michigan penal code, 1931 PA 328, MCL 750.448, if the victim is a minor.

(*ix*) A violation of section 455 of the Michigan penal code, 1931 PA 328, MCL 750.455.
(*x*) A violation of section 520c, 520e, or 520g(2) of the Michigan penal code, 1931 PA 328, MCL 750.520c, 750.520e, and 750.520g, committed against an individual 13 years of age or older but less than 18 years of age.
(*xi*) A violation of section 520c committed against an individual 18 years of age or older.
(*xii*) An attempt or conspiracy to commit an offense described in subparagraphs (*i*) to (*xi*).
(*xiii*) An offense substantially similar to an offense described in subparagraphs (*i*) to (*xii*) under a law of the United States that is specifically enumerated in 42 USC 16911, under a law of any state or any country, or under tribal or military law.
(u) "Tier III offender" means either of the following:
(*i*) A tier II offender subsequently convicted of a tier I or II offense.
(*ii*) An individual convicted of a tier III offense.
(v) "Tier III offense" means 1 or more of the following:
(*i*) A violation of section 338, 338a, or 338b of the Michigan penal code, 1931 PA 328, MCL 750.338, 750.338a, and 750.338b, committed against an individual less than 13 years of age.
(*ii*) A violation of section 349 of the Michigan penal code, 1931 PA 328, MCL 750.349, committed against a minor.
(*iii*) A violation of section 350 of the Michigan penal code, 1931 PA 328, MCL 750.350.
(*iv*) A violation of section 520b, 520d, or 520g(1) of the Michigan penal code, 1931 PA 328, MCL 750.520b, 750.520d, and 750.520g. This subparagraph does not apply if the court determines that the victim consented to the conduct constituting the violation, that the victim was at least 13 years of age but less than 16 years of age at the time of the offense, and that the individual is not more than 4 years older than the victim.
(*v*) A violation of section 520c or 520g(2) of the Michigan penal code, 1931 PA 328, MCL 750.520c and 750.520g, committed against an individual less than 13 years of age.
(*vi*) A violation of section 520e of the Michigan penal code, 1931 PA 328, MCL 750.520e, committed by an individual 17 years of age or older against an individual less than 13 years of age.
(*vii*) An attempt or conspiracy to commit an offense described in subparagraphs (*i*) to (*vi*).
(*viii*) An offense substantially similar to an offense described in subparagraphs (*i*) to (*vii*) under a law of the United States that is specifically enumerated in 42 USC 16911, under a law of any state or any country, or under tribal or military law.
(w) "Vehicle" means that term as defined in section 79 of the Michigan vehicle code, 1949 PA 300, MCL 257.79.

**History:** 1994, Act 295, Eff. Oct. 1, 1995;—Am. 1999, Act 85, Eff. Sept. 1, 1999;—Am. 2002, Act 542, Eff. Oct. 1, 2002;—Am. 2004, Act 240, Eff. Oct. 1, 2004;—Am. 2005, Act 301, Eff. Feb. 1, 2006;—Am. 2011, Act 17, Eff. July 1, 2011;—Am. 2014, Act 328, Eff. Jan. 14, 2015;—Am. 2020, Act 295, Eff. Mar. 24, 2021.

### 28.723 Individuals required to be registered.

Sec. 3. (1) Subject to subsection (2), the following individuals who are domiciled or temporarily reside in this state or who work with or without compensation or are students in this state are required to be registered under this act:

(a) An individual who is convicted of a listed offense after October 1, 1995.
(b) An individual convicted of a listed offense on or before October 1, 1995 if on October 1, 1995 he or she is on probation or parole, committed to jail, committed to the jurisdiction of the department of corrections, or under the jurisdiction of the juvenile division of the probate court or the department of human services for that offense or is placed on probation or parole, committed to jail, committed to the jurisdiction of the department of corrections, placed under the jurisdiction of the juvenile division of the probate court or family division of circuit court, or committed to the department of human services after October 1, 1995 for that offense.
(c) An individual convicted on or before October 1, 1995 of an offense described in section 2(d)(*vi*) as added by 1994 PA 295 if on October 1, 1995 he or she is on probation or parole that has been transferred to this state for that offense or his or her probation or parole is transferred to this state after October 1, 1995 for that offense.
(d) An individual from another state who is required to register or otherwise be identified as a sex or child offender or predator under a comparable statute of that state.
(e) An individual who was previously convicted of a listed offense for which he or she was not required to register under this act, but who is convicted of any other felony on or after July 1, 2011.

(2) An individual convicted of an offense added on September 1, 1999 to the definition of listed offense is not required to be registered solely because of that listed offense unless 1 of the following applies:

(a) The individual is convicted of that listed offense on or after September 1, 1999.

(b) On September 1, 1999, the individual is on probation or parole, committed to jail, committed to the jurisdiction of the department of corrections, under the jurisdiction of the family division of circuit court, or committed to the department of human services for that offense or the individual is placed on probation or parole, committed to jail, committed to the jurisdiction of the department of corrections, placed under the jurisdiction of the family division of circuit court, or committed to the department of human services on or after September 1, 1999 for that offense.

(c) On September 1, 1999, the individual is on probation or parole for that offense which has been transferred to this state or the individual's probation or parole for that offense is transferred to this state after September 1, 1999.

(d) On September 1, 1999, in another state or country the individual is on probation or parole, committed to jail, committed to the jurisdiction of the department of corrections or a similar type of state agency, under the jurisdiction of a court that handles matters similar to those handled by the family division of circuit court in this state, or committed to an agency with the same authority as the department of human services for that offense.

(3) A nonresident who is convicted in this state on or after July 1, 2011 of committing a listed offense who is not otherwise described in subsection (1) shall nevertheless register under this act. However, the continued reporting requirements of this act do not apply to the individual while he or she remains a nonresident and is not otherwise required to report under this act. The individual shall have his or her photograph taken under section 5a.

**History:** 1994, Act 295, Eff. Oct. 1, 1995;—Am. 1995, Act 10, Eff. Oct. 1, 1995;—Am. 1999, Act 85, Eff. Sept. 1, 1999;—Am. 2011, Act 17, Eff. July 1, 2011.

**28.723a Hearing to determine if individual exempt from registration.**

Sec. 3a. (1) If an individual pleads guilty to or is found guilty of a listed offense or is adjudicated as a juvenile as being responsible for a listed offense but alleges that he or she is not required to register under this act because section 2(t)(*v*) or (*vi*) applies or section 2(v)(*iv*) applies, and the prosecuting attorney disputes that allegation, the court shall conduct a hearing on the matter before sentencing or disposition to determine whether the individual is required to register under this act.

(2) The individual has the burden of proving by a preponderance of the evidence in a hearing under this section that his or her conduct falls within the exceptions described in subsection (1) and that he or she is therefore not required to register under this act.

(3) The rules of evidence, except for those pertaining to privileges and protections set forth in section 520j of the Michigan penal code, 1931 PA 328, MCL 750.520j, do not apply to a hearing under this section.

(4) The prosecuting attorney shall give the victim notice of the date, time, and place of the hearing.

(5) The victim of the offense has the following rights in a hearing under this section:

(a) To submit a written statement to the court.

(b) To attend the hearing and to make a written or oral statement to the court.

(c) To refuse to attend the hearing.

(d) To attend the hearing but refuse to testify or make a statement at the hearing.

(6) The court's decision excusing or requiring the individual to register is a final order of the court and may be appealed by the prosecuting attorney or the individual as a matter of right.

(7) This section applies to criminal and juvenile cases pending on July 1, 2011 and to criminal and juvenile cases brought on and after that date.

**History:** Add. 2011, Act 17, Imd. Eff. Apr. 12, 2011;—Am. 2020, Act 295, Eff. Mar. 24, 2021.

**28.724 Registration; procedures.**

Sec. 4. (1) Registration of an individual under this act must proceed as provided in this section.

(2) For an individual convicted of a listed offense on or before October 1, 1995 who on or before October 1, 1995 is sentenced for that offense, has a disposition entered for that offense, or is assigned to youthful trainee status for that offense, the following shall register the individual by December 31, 1995:

(a) If the individual is on probation for the listed offense, the individual's probation agent.

(b) If the individual is committed to jail for the listed offense, the sheriff or his or her designee.

(c) If the individual is under the jurisdiction of the department of corrections for the listed offense, the department of corrections.

(d) If the individual is on parole for the listed offense, the individual's parole agent.

(e) If the individual is within the jurisdiction of the juvenile division of the probate court or the department of social services under an order of disposition for the listed offense, the juvenile division of the probate court or the department of social services.

(3) Except as provided in subsection (4), for an individual convicted of a listed offense on or before October 1, 1995:

(a) If the individual is sentenced for that offense after October 1, 1995 or assigned to youthful trainee status after October 1, 1995, the probation agent shall register the individual before sentencing or assignment.

(b) If the individual's probation or parole is transferred to this state after October 1, 1995, the probation or parole agent shall register the individual not more than 7 days after the transfer.

(c) If the individual is placed within the jurisdiction of the juvenile division of the probate court or family division of circuit court or committed to the department of health and human services under an order of disposition entered after October 1, 1995, the juvenile division of the probate court or family division of circuit court shall register the individual before the order of disposition is entered.

(4) For an individual convicted on or before September 1, 1999 of an offense that was added on September 1, 1999 to the definition of listed offense, the following shall register the individual:

(a) If the individual is on probation or parole on September 1, 1999 for the listed offense, the individual's probation or parole agent not later than September 12, 1999.

(b) If the individual is committed to jail on September 1, 1999 for the listed offense, the sheriff or his or her designee not later than September 12, 1999.

(c) If the individual is under the jurisdiction of the department of corrections on September 1, 1999 for the listed offense, the department of corrections not later than November 30, 1999.

(d) If the individual is within the jurisdiction of the family division of circuit court or committed to the department of health and human services or county juvenile agency on September 1, 1999 under an order of disposition for the listed offense, the family division of circuit court, the department of health and human services, or the county juvenile agency not later than November 30, 1999.

(e) If the individual is sentenced or assigned to youthful trainee status for that offense after September 1, 1999, the probation agent shall register the individual before sentencing or assignment.

(f) If the individual's probation or parole for the listed offense is transferred to this state after September 1, 1999, the probation or parole agent shall register the individual within 14 days after the transfer.

(g) If the individual is placed within the jurisdiction of the family division of circuit court or committed to the department of health and human services for the listed offense after September 1, 1999, the family division of circuit court shall register the individual before the order of disposition is entered.

(5) Subject to section 3, an individual convicted of a listed offense in this state after October 1, 1995 and an individual who was previously convicted of a listed offense for which he or she was not required to register under this act, but who is convicted of any other felony on or after July 1, 2011, shall register before sentencing, entry of the order of disposition, or assignment to youthful trainee status for that listed offense or that other felony. The probation agent or the family division of circuit court shall give the individual the registration form after the individual is convicted, explain the duty to register and accept the completed registration for processing under section 6. The court shall not impose sentence, enter the order of disposition, or assign the individual to youthful trainee status, until it determines that the individual's registration was forwarded to the department as required under section 6.

(6) All of the following shall register with the local law enforcement agency, sheriff's department, or the department not more than 3 business days after becoming domiciled or temporarily residing, working, or being a student in this state:

(a) Subject to section 3(1), an individual convicted in another state or country on or after October 1, 1995 of a listed offense as defined before September 1, 1999.

(b) Subject to section 3(2), an individual convicted in another state or country of an offense added on September 1, 1999 to the definition of listed offenses.

(c) Subject to section 3(1), an individual convicted in another state or country of a listed offense before October 1, 1995 and, subject to section 3(2), an individual convicted in another state or country of an offense added on September 1, 1999 to the definition of listed offenses, who is convicted of any other felony on or after July 1, 2011.

(d) An individual required to be registered as a sex offender in another state or country regardless of when the conviction was entered.

(7) If a prosecution or juvenile proceeding is pending on July 1, 2011, whether the defendant in a criminal case or the minor in a juvenile proceeding is required to register under this act must be determined on the basis of the law in effect on July 1, 2011.

**History:** 1994, Act 295, Eff. Oct. 1, 1995;—Am. 1999, Act 85, Eff. Sept. 1, 1999;—Am. 2004, Act 237, Eff. Oct. 16, 2004;—Am. 2004, Act 240, Eff. Oct. 1, 2004;—Am. 2011, Act 17, Eff. July 1, 2011;—Am. 2020, Act 295, Eff. Mar. 24, 2021.

**28.724a Status report to registering authority; requirements; reports; written documentation; exception.**

Sec. 4a. (1) An individual required to be registered under this act who is not a resident of this state shall report his or her status in person to the registering authority having jurisdiction over a campus of an institution of higher education if either of the following occurs:

(a) The individual is or enrolls as a student with that institution of higher education or the individual discontinues that enrollment.

(b) As part of his or her course of studies at an institution of higher education in this state, the individual is present at any other location in this state, another state, a territory or possession of the United States, or the individual discontinues his or her studies at that location.

(2) An individual required to be registered under this act who is a resident of this state shall report his or her status in person to the registering authority having jurisdiction where his or her new residence or domicile is located if any of the events described under subsection (1) occur.

(3) The report required under subsections (1) and (2) must be made as follows:

(a) For an individual registered under this act before October 1, 2002 who is required to make his or her first report under subsections (1) and (2), not later than January 15, 2003.

(b) Not more than 3 business days after he or she enrolls or discontinues his or her enrollment as a student on that campus including study in this state or another state, a territory or possession of the United States, or another country.

(4) The additional registration reports required under this section must be made in the time periods described in section 5a(2)(a) to (c) for reports under that section.

(5) The local law enforcement agency, sheriff's department, or department post to which an individual reports under this section shall require the individual to pay the registration fee required under section 5a or 7(1) and to present written documentation of employment status, contractual relationship, volunteer status, or student status. Written documentation under this subsection may include, but need not be limited to, any of the following:

(a) A W-2 form, pay stub, or written statement by an employer.

(b) A contract.

(c) A student identification card or student transcript.

(6) This section does not apply to an individual whose enrollment and participation at an institution of higher education is solely through the mail or the internet from a remote location.

**History:** Add. 2002, Act 542, Eff. Oct. 1, 2002;—Am. 2004, Act 237, Eff. Oct. 16, 2004;—Am. 2011, Act 17, Eff. July 1, 2011;—Am. 2020, Act 295, Eff. Mar. 24, 2021.

**28.725 Conditions requiring individual to report in person and provide notice to registering authority; release of incarcerated individual; notice; compliance; removal upon expungement.**

Sec. 5. (1) An individual required to be registered under this act who is a resident of this state shall report in person, or in another manner as prescribed by the department, and notify the registering authority having jurisdiction where his or her residence or domicile is located not more than 3 business days after any of the following occur:

(a) The individual changes or vacates his or her residence or domicile.

(b) The individual changes his or her place of employment, or employment is discontinued.

(c) The individual enrolls as a student with an institution of higher education, or enrollment is discontinued.

(d) The individual changes his or her name.

(e) Any change required to be reported under section 4a.

(2) An individual required to be registered under this act who is a resident of this state shall report in the

manner prescribed by the department to the registering authority having jurisdiction where his or her residence or domicile is located not more than 3 business days after any of the following occur:

(a) Except as otherwise provided in this subdivision, any change in vehicle information, electronic mail addresses, internet identifiers, or telephone numbers registered to or used by the individual. The requirement to report any change in electronic mail addresses and internet identifiers applies only to an individual required to be registered under this act after July 1, 2011.

(b) The individual intends to temporarily reside at any place other than his or her residence for more than 7 days.

(3) An individual required to be registered under this act, who is not a resident of this state but has his or her place of employment in this state shall report in person and notify the registering authority having jurisdiction where his or her place of employment is located or the department post of the individual's place of employment not more than 3 business days after the individual changes his or her place of employment or employment is discontinued.

(4) If an individual who is incarcerated in a state correctional facility and is required to be registered under this act is granted parole or is due to be released upon completion of his or her maximum sentence, the department of corrections, before releasing the individual, shall provide notice of the location of the individual's proposed place of residence or domicile to the department of state police.

(5) If an individual who is incarcerated in a county jail and is required to be registered under this act is due to be released from custody, the sheriff's department, before releasing the individual, shall provide notice of the location of the individual's proposed place of residence or domicile to the department of state police.

(6) Not more than 7 days after either of the following occurs, the department of corrections shall notify the local law enforcement agency or sheriff's department having jurisdiction over the area to which the individual is transferred or the department post of the transferred residence or domicile of an individual required to be registered under this act:

(a) The individual is transferred to a community residential program.

(b) The individual is transferred into a level 1 correctional facility of any kind, including a correctional camp or work camp.

(7) An individual required to be registered under this act who is a resident of this state shall report in person and notify the registering authority having jurisdiction where his or her residence or domicile is located not more than 3 business days before he or she changes his or her domicile or residence to another state. The individual shall indicate the new state and, if known, the new address. The department shall update the registration and compilation databases and promptly notify the appropriate law enforcement agency and any applicable sex or child offender registration authority in the new state.

(8) An individual required to be registered under this act, who is a resident of this state, shall report in person and notify the registering authority having jurisdiction where his or her residence or domicile is located not later than 21 days before he or she changes his or her domicile or residence to another country or travels to another country for more than 7 days. The individual shall state the new country of residence or country of travel and the address of his or her new domicile or residence or place of stay, if known. The department shall update the registration and compilation databases and promptly notify the appropriate law enforcement agency and any applicable sex or child offender registration authority.

(9) If the probation or parole of an individual required to be registered under this act is transferred to another state or an individual required to be registered under this act is transferred from a state correctional facility to any correctional facility or probation or parole in another state, the department of corrections shall promptly notify the department and the appropriate law enforcement agency and any applicable sex or child offender registration authority in the new state. The department shall update the registration and compilation databases.

(10) An individual registered under this act shall comply with the verification procedures and proof of residence procedures prescribed in sections 4a and 5a.

(11) Except as otherwise provided in this section and section 8c, a tier I offender shall comply with this section for 15 years.

(12) Except as otherwise provided in this section and section 8c, a tier II offender shall comply with this section for 25 years.

(13) Except as otherwise provided in this section and section 8c, a tier III offender shall comply with this section for life.

(14) The registration periods under this section exclude any period of incarceration for committing a crime and any period of civil commitment.

(15) For an individual who was previously convicted of a listed offense for which he or she was not required to register under this act but who is convicted of any felony on or after July 1, 2011, any period of

time that he or she was not incarcerated for that listed offense or that other felony and was not civilly committed counts toward satisfying the registration period for that listed offense as described in this section. If those periods equal or exceed the registration period described in this section, the individual has satisfied his or her registration period for the listed offense and is not required to register under this act. If those periods are less than the registration period described in this section for that listed offense, the individual shall comply with this section for the period of time remaining.

(16) If an individual required to be registered under this act presents an order to the department or the appropriate registering authority that the conviction or adjudication for which the individual is required to be registered under this act has been set aside under 1965 PA 213, MCL 780.621 to 780.624, or has been otherwise expunged, his or her registration under this act must be discontinued. If this subsection applies, the department shall remove the individual from both the law enforcement database and the public internet website maintained under section 8.

History: 1994, Act 295, Eff. Oct. 1, 1995;—Am. 1999, Act 85, Eff. Sept. 1, 1999;—Am. 2002, Act 542, Eff. Oct. 1, 2002;—Am. 2004, Act 240, Eff. Oct. 1, 2004;—Am. 2005, Act 123, Eff. Jan. 1, 2006;—Am. 2005, Act 132, Eff. Jan. 1, 2006;—Am. 2006, Act 402, Eff. Dec. 1, 2006;—Am. 2011, Act 17, Eff. July 1, 2011;—Am. 2020, Act 295, Eff. Mar. 24, 2021.

**28.725a Notice to registered individual; explanation of duties; reporting requirements; homeless exception.**

Sec. 5a. (1) The department shall mail a notice to each individual registered under this act who is not in a state correctional facility explaining the individual's duties under this act as amended.

(2) Upon the release of an individual registered under this act who is in a state correctional facility, the department of corrections shall provide written notice to that individual explaining his or her duties under this section and this act and the procedure for registration, notification, and verification and payment of the registration fee prescribed under subsection (6) or section 7(1). The individual shall sign and date the notice. The department of corrections shall maintain a copy of the signed and dated notice in the individual's file. The department of corrections shall forward the original notice to the department within 7 days, regardless of whether the individual signs it.

(3) Subject to subsection (4), an individual required to be registered under this act who is not incarcerated shall report in person to the registering authority where he or she is domiciled or resides for verification of domicile or residence as follows:

(a) If the individual is a tier I offender, the individual shall report once each year during the individual's month of birth.

(b) If the individual is a tier II offender, the individual shall report twice each year according to the following schedule:

| **Birth Month** | **Reporting Months** |
|---|---|
| January | January and July |
| February | February and August |
| March | March and September |
| April | April and October |
| May | May and November |
| June | June and December |
| July | January and July |
| August | February and August |
| September | March and September |
| October | April and October |
| November | May and November |
| December | June and December |

(c) If the individual is a tier III offender, the individual shall report 4 times each year according to the following schedule:

| **Birth Month** | **Reporting Months** |
|---|---|
| January | January, April, July, and October |
| February | February, May, August, and November |
| March | March, June, September, and December |
| April | April, July, October, and January |
| May | May, August, November, and February |
| June | June, September, December, and March |

| | |
|---|---|
| July | July, October, January, and April |
| August | August, November, February, and May |
| September | September, December, March, and June |
| October | October, January, April, and July |
| November | November, February, May, and August |
| December | December, March, June, and September |

(4) A report under subsection (3) must be made no earlier than the first day or later than the last day of the month in which the individual is required to report. However, if the registration period for that individual expires during the month in which he or she is required to report under this section, the individual shall report during that month on or before the date his or her registration period expires. When an individual reports under subsection (3), the individual shall review all registration information for accuracy.

(5) When an individual reports under subsection (3) an officer or authorized employee of the registering authority shall verify the individual's residence or domicile and any information required to be reported under section 4a. The officer or authorized employee shall also determine whether the individual's photograph required under this act matches the appearance of the individual sufficiently to properly identify him or her from that photograph. If not, the officer or authorized employee shall require the individual to obtain a current photograph within 7 days under this section. When all of the verification information has been provided, the officer or authorized employee shall review that information with the individual and make any corrections, additions, or deletions the officer or authorized employee determines are necessary based on the review. The officer or authorized employee shall sign and date a verification receipt. The officer or authorized employee shall give a copy of the signed receipt showing the date of verification to the individual. The officer or authorized employee shall forward verification information to the department in the manner the department prescribes. The department shall revise the law enforcement database and public internet website maintained under section 8 as necessary and shall indicate verification in the public internet website maintained under section 8(2).

(6) Except as otherwise provided in section 5b, an individual who reports as prescribed under subsection (3) shall pay a $50.00 registration fee as follows:

(a) Upon initial registration.

(b) Annually following the year of initial registration. The payment of the registration fee under this subdivision must be made at the time the individual reports in the first reporting month for that individual as set forth in subsection (3) of each year in which the fee applies, unless an individual elects to prepay an annual registration fee for any future year for which an annual registration fee is required. Prepaying any annual registration fee must not change or alter the requirement of an individual to report as set forth in subsection (3). The payment of the registration fee under this subdivision is not required to be made for any registration year that has expired before January 1, 2014 or to be made by any individual initially required to register under this act after January 1, 2023. The registration fee required to be paid under this subdivision must not be prorated on grounds that the individual will complete his or her registration period after the month in which the fee is due.

(c) The sum of the amounts required to be paid under subdivisions (a) and (b) must not exceed $550.00.

(7) Except as otherwise provided in this subsection, an individual required to be registered under this act shall maintain either a valid operator's or chauffeur's license issued under the Michigan vehicle code, 1949 PA 300, MCL 257.1 to 257.923, or an official state personal identification card issued under 1972 PA 222, MCL 28.291 to 28.300, with the individual's current address. The license or card may be used as proof of domicile or residence under this section. In addition, the officer or authorized employee may require the individual to produce another document bearing his or her name and address, including, but not limited to, voter registration or a utility or other bill. The department may specify other satisfactory proof of domicile or residence. The requirement to maintain a valid operator's or chauffeur's license issued under the Michigan vehicle code, 1949 PA 300, MCL 257.1 to 257.923, or an official state personal identification card issued under 1972 PA 222, MCL 28.291 to 28.300, does not apply to an individual required to be registered under this act who is homeless. As used in this subsection, "homeless" means someone who lacks a fixed or temporary residence.

(8) An individual registered under this act who is incarcerated shall report to the secretary of state under this subsection not more than 7 days after he or she is released to have his or her digitalized photograph taken. The individual is not required to report under this subsection if he or she had a digitized photograph taken for an operator's or chauffeur's license or official state personal identification card before January 1, 2000, or within 2 years before he or she is released unless his or her appearance has changed from the date of that photograph. Unless the person is a nonresident, the photograph must be used on the individual's operator's or chauffeur's license or official state personal identification card. The individual shall have a new photograph

taken when he or she renews the license or identification card as provided by law, or as otherwise provided in this act. The secretary of state shall make the digitized photograph available to the department for a registration under this act.

(9) If an individual does not report under this section or under section 4a, the department shall notify all registering authorities as provided in section 8a and initiate enforcement action as set forth in that section.

(10) The department shall prescribe the form for the notices and verification procedures required under this section.

**History:** Add. 1999, Act 85, Eff. Sept. 1, 1999;—Am. 2002, Act 542, Eff. Oct. 1, 2002;—Am. 2004, Act 237, Eff. Oct. 16, 2004;—Am. 2004, Act 240, Eff. Oct. 1, 2004;—Am. 2005, Act 322, Eff. Jan. 1, 2006;—Am. 2011, Act 17, Imd. Eff. Apr. 12, 2011;—Am. 2013, Act 149, Eff. Apr. 1, 2014;—Am. 2019, Act 82, Imd. Eff. Sept. 30, 2019;—Am. 2020, Act 295, Eff. Mar. 24, 2021.

**28.725b Sex offenders registration fund; creation; disposition of money; use; lapse; claim of indigence; waiver of fee; payments.**

Sec. 5b. (1) Of the money collected by a court, local law enforcement agency, sheriff's department, or department post from each registration fee prescribed under this act, $30.00 must be forwarded to the department, which shall deposit the money in the sex offenders registration fund created under subsection (2), and $20.00 must be retained by the court, local law enforcement agency, sheriff's department, or department post.

(2) The sex offenders registration fund is created as a separate fund in the department of treasury. The state treasurer shall credit the money received from the payment of the registration fee prescribed under this act to the sex offenders registration fund. Money credited to the fund must only be used by the department for training concerning, and the maintenance and automation of, the law enforcement database, public internet website, information required under section 8, or notification and offender registration duties under section 4a. Except as otherwise provided in this section, money in the sex offenders registration fund at the close of the fiscal year must remain in the fund and must not lapse to the general fund.

(3) If an individual required to pay a registration fee under this act is indigent, the registration fee is waived for a period of 90 days. The burden is on the individual claiming indigence to prove the fact of indigence to the satisfaction of the local law enforcement agency, sheriff's department, or department post where the individual is reporting.

(4) Payment of the registration fee prescribed under this act must be made in the form and by means prescribed by the department. Upon payment of the registration fee prescribed under this act, the officer or employee shall forward verification of the payment to the department in the manner the department prescribes. The department shall revise the law enforcement database and public internet website maintained under section 8 as necessary and indicate verification of payment in the law enforcement database under section 8(1).

(5) For the fiscal year ending September 30, 2020 only, $3,400,000.00 of the money in the sex offenders registration fund is transferred to and must be deposited into the general fund.

**History:** Add. 2004, Act 237, Eff. Oct. 16, 2004;—Am. 2011, Act 17, Eff. July 1, 2011;—Am. 2020, Act 202, Imd. Eff. Oct. 15, 2020.

**28.725c Fee collected by department of corrections; prohibition.**

Sec. 5c. The department of corrections shall not collect any fee prescribed under this act.

**History:** Add. 2004, Act 237, Eff. Oct. 16, 2004.

**28.726 Providing or forwarding copy of registration or notification.**

Sec. 6. (1) The officer, court, or agency registering an individual or receiving or accepting a registration under section 4 or receiving notice under section 5(1) shall provide the individual with a copy of the registration or notification at the time of registration or notice.

(2) The officer, court, or agency registering an individual or receiving or accepting a registration under section 4 or notified of an address change under section 5(1) shall forward the registration or notification to the department in a manner prescribed by the department immediately after registration or notification.

**History:** 1994, Act 295, Eff. Oct. 1, 1995;—Am. 1996, Act 494, Eff. Apr. 1, 1997;—Am. 2011, Act 18, Eff. July 1, 2011.

**28.727 Registration information; format; fee; requirements; forwarding registration, notice, and verification information to Federal Bureau of Investigation, local agencies, and other registering jurisdictions.**

Sec. 7. (1) Registration information obtained under this act must be forwarded to the department in the format the department prescribes. Except as provided in section 5b(3), a $50.00 registration fee must accompany each original registration. All of the following information must be obtained or otherwise provided for registration purposes:

(a) The individual's legal name and any aliases, nicknames, ethnic or tribal names, or other names by which the individual is or has been known. An individual who is in a witness protection and relocation program is only required to use the name and identifying information reflecting his or her new identity in a registration under this act. The registration and compilation databases must not contain any information identifying the individual's prior identity or locale.

(b) The individual's Social Security number and any Social Security numbers or alleged Social Security numbers previously used by the individual.

(c) The individual's date of birth and any alleged dates of birth previously used by the individual.

(d) The address where the individual resides or will reside. If the individual does not have a residential address, information under this subsection must identify the location or area used or to be used by the individual in lieu of a residence or, if the individual is homeless, the village, city, or township where the person spends or will spend the majority of his or her time.

(e) The name and address of any place of temporary lodging used or to be used by the individual during any period in which the individual is away, or is expected to be away, from his or her residence for more than 7 days. Information under this subdivision must include the dates the lodging is used or to be used.

(f) The name and address of each of the individual's employers. For purposes of this subdivision, "employer" includes a contractor and any individual who has agreed to hire or contract with the individual for his or her services. Information under this subsection must include the address or location of employment if different from the address of the employer. If the individual lacks a fixed employment location, the information obtained under this subdivision must include the general areas where the individual works and the normal travel routes taken by the individual in the course of his or her employment.

(g) The name and address of any school being attended by the individual and any school that has accepted the individual as a student that he or she plans to attend. For purposes of this subdivision, "school" means a public or private postsecondary school or school of higher education, including a trade school.

(h) All telephone numbers registered to the individual or used by the individual, including, but not limited to, residential, work, and mobile telephone numbers.

(i) Except as otherwise provided in this subdivision, all electronic mail addresses and internet identifiers registered to or used by the individual. This subdivision applies only to an individual required to be registered under this act after July 1, 2011.

(j) The license plate number and description of any vehicle owned or operated by the individual.

(k) The individual's driver license number or state personal identification card number.

(*l*) A digital copy of the individual's passport and other immigration documents.

(m) The individual's occupational and professional licensing information, including any license that authorizes the individual to engage in any occupation, profession, trade, or business.

(n) A brief summary of the individual's convictions for listed offenses regardless of when the conviction occurred, including where the offense occurred and the original charge if the conviction was for a lesser offense.

(o) A complete physical description of the individual.

(p) The photograph required under section 5a.

(q) The individual's fingerprints if not already on file with the department and the individual's palm prints. An individual required to be registered under this act shall have his or her fingerprints or palm prints or both taken not later than September 12, 2011 if his or her fingerprints or palm prints are not already on file with the department. The department shall forward a copy of the individual's fingerprints and palm prints to the Federal Bureau of Investigation if not already on file with that bureau.

(r) Information that is required to be reported under section 4a.

(2) A registration must contain all of the following:

(a) An electronic copy of the offender's Michigan driver license or Michigan personal identification card, including the photograph required under this act.

(b) The text of the provision of law that defines the criminal offense for which the sex offender is registered.

(c) Any outstanding arrest warrant information.

(d) The individual's tier classification.

(e) An identifier that indicates whether a DNA sample has been collected and any resulting DNA profile has been entered into the federal combined DNA index system (CODIS).

(f) The individual's complete criminal history record, including the dates of all arrests and convictions.

(g) The individual's Michigan department of corrections number and status of parole, probation, or supervised release.

(h) The individual's Federal Bureau of Investigation number.

(3) The form used for notification of duties under this act must contain a written statement that explains the duty of the individual being registered to provide notice of changes in his or her registration information, the procedures for providing that notice, and the verification procedures under section 5a.

(4) The individual shall sign a registration and notice. However, the registration and notice must be forwarded to the department regardless of whether the individual signs it or pays the registration fee required under subsection (1).

(5) The officer, court, or an employee of the agency registering the individual or receiving or accepting a registration under section 4 shall sign the registration form.

(6) An individual shall not knowingly provide false or misleading information concerning a registration, notice, or verification.

(7) The department shall prescribe the form for a notification required under section 5 and the format for forwarding the notification to the department.

(8) The department shall promptly provide registration, notice, and verification information to the Federal Bureau of Investigation and to local law enforcement agencies, sheriff's departments, department posts, and other registering jurisdictions, as provided by law.

History: 1994, Act 295, Eff. Oct. 1, 1995;—Am. 1996, Act 494, Eff. Apr. 1, 1997;—Am. 1999, Act 85, Eff. Sept. 1, 1999;—Am. 2002, Act 542, Eff. Oct. 1, 2002;—Am. 2004, Act 237, Eff. Oct. 16, 2004;—Am. 2011, Act 18, Eff. July 1, 2011;—Am. 2020, Act 295, Eff. Mar. 24, 2021.

**28.728 Law enforcement database; information to be contained for each registered individual; public internet website; compilation; availability; removal.**

Sec. 8. (1) The department shall maintain a computerized law enforcement database of registrations and notices required under this act. The law enforcement database must contain all of the following information for each individual registered under this act:

(a) The individual's legal name and any aliases, nicknames, ethnic or tribal names, or other names by which the individual is or has been known.

(b) The individual's Social Security number and any Social Security numbers or alleged Social Security numbers previously used by the individual.

(c) The individual's date of birth and any alleged dates of birth previously used by the individual.

(d) The address where the individual resides or will reside. If the individual does not have a residential address, information under this subsection must identify the location or area used or to be used by the individual in lieu of a residence or, if the individual is homeless, the village, city, or township where the individual spends or will spend the majority of his or her time.

(e) The name and address of any place of temporary lodging used or to be used by the individual during any period in which the individual is away, or is expected to be away, from his or her residence for more than 7 days. Information under this subdivision must include the dates the lodging is used or to be used.

(f) The name and address of each of the individual's employers. For purposes of this subdivision, "employer" includes a contractor and any individual who has agreed to hire or contract with the individual for his or her services. Information under this subsection must include the address or location of employment if different from the address of the employer.

(g) The name and address of any school being attended by the individual and any school that has accepted the individual as a student that he or she plans to attend. For purposes of this subdivision, "school" means a public or private postsecondary school or school of higher education, including a trade school.

(h) All telephone numbers registered to the individual or used by the individual, including, but not limited to, residential, work, and mobile telephone numbers.

(i) Except as otherwise provided in this subdivision, all electronic mail addresses and internet identifiers

registered to or used by the individual. This subdivision applies only to an individual required to be registered under this act after July 1, 2011.

(j) The license plate number and description of any vehicle owned or operated by the individual.

(k) The individual's driver license number or state personal identification card number.

(*l*) A digital copy of the individual's passport and other immigration documents.

(m) The individual's occupational and professional licensing information, including any license that authorizes the individual to engage in any occupation, profession, trade, or business.

(n) A brief summary of the individual's convictions for listed offenses regardless of when the conviction occurred, including where the offense occurred and the original charge if the conviction was for a lesser offense.

(o) A complete physical description of the individual.

(p) The photograph required under section 5a.

(q) The individual's fingerprints and palm prints.

(r) An electronic copy of the offender's Michigan driver license or Michigan personal identification card, including the photograph required under this act.

(s) The text of the provision of law that defines the criminal offense for which the sex offender is registered.

(t) Any outstanding arrest warrant information.

(u) The individual's tier classification and registration status.

(v) An identifier that indicates whether a DNA sample has been collected and any resulting DNA profile has been entered into the federal combined DNA index system (CODIS).

(w) The individual's complete criminal history record, including the dates of all arrests and convictions.

(x) The individual's Michigan department of corrections number and the status of his or her parole, probation, or release.

(y) The individual's Federal Bureau of Investigation number.

(2) The department shall maintain a public internet website separate from the law enforcement database described in subsection (1) to implement section 10(2) and (3). Except as provided in subsection (4), the public internet website must contain all of the following information for each individual registered under this act:

(a) The individual's legal name and any aliases, nicknames, ethnic or tribal names, or other names by which the individual is or has been known.

(b) The individual's date of birth.

(c) The address where the individual resides. If the individual does not have a residential address, information under this subsection must identify the village, city, or township used by the individual in lieu of a residence.

(d) The address of each of the individual's employers. For purposes of this subdivision, "employer" includes a contractor and any individual who has agreed to hire or contract with the individual for his or her services. Information under this subsection must include the address or location of employment if different from the address of the employer.

(e) The address of any school being attended by the individual and any school that has accepted the individual as a student that he or she plans to attend. For purposes of this subdivision, "school" means a public or private postsecondary school or school of higher education, including a trade school.

(f) The license plate number and description of any vehicle owned or operated by the individual.

(g) A brief summary of the individual's convictions for listed offenses regardless of when the conviction occurred.

(h) A complete physical description of the individual.

(i) The photograph required under this act. If no photograph is available, the department shall use an arrest photograph or Michigan department of corrections photograph until a photograph as prescribed in section 5a becomes available.

(j) The text of the provision of law that defines the criminal offense for which the sex offender is registered.

(k) The individual's registration status.

(3) The following information must not be made available on the public internet website described in subsection (2):

(a) The identity of any victim of the offense.

(b) The individual's Social Security number.

(c) Any arrests not resulting in a conviction.

(d) Any travel or immigration document numbers.

(e) The individual's tier classification.

(f) The individual's driver license number or state personal identification card number.

(4) The public internet website described in subsection (2) must not include the following individuals:

(a) An individual registered solely because he or she had 1 or more dispositions for a listed offense entered under section 18 of chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.18, in a case that was not designated as a case in which the individual was to be tried in the same manner as an adult under section 2d of chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.2d.

(b) An individual registered solely because he or she was the subject of an order of disposition or other adjudication in a juvenile matter in another state or country.

(c) An individual registered solely because he or she was convicted of a single tier I offense, other than an individual who was convicted of a violation of any of the following:

(*i*) Section 145c(4) of the Michigan penal code, 1931 PA 328, MCL 750.145c.

(*ii*) A violation of section 335a(2)(b) of the Michigan penal code, 1931 PA 328, MCL 750.335a, if a victim is a minor.

(*iii*) Section 349b of the Michigan penal code, 1931 PA 328, MCL 750.349b, if the victim is a minor.

(*iv*) Section 539j of the Michigan penal code, 1931 PA 328, MCL 750.539j, if a victim is a minor.

(*v*) An offense substantially similar to an offense described in subparagraphs (*i*) to (*iv*) under a law of the United States that is specifically enumerated in 42 USC 16911, under a law of any state or any country, or under tribal or military law.

(5) The compilation of individuals must be indexed alphabetically by village, city, township, and county, numerically by zip code area, and geographically as determined appropriate by the department.

(6) The department shall update the public internet website with new registrations, deletions from registrations, and address changes at the same time those changes are made to the law enforcement database described in subsection (1). The department shall make the law enforcement database available to each department post, local law enforcement agency, and sheriff's department by the law enforcement information network. Upon request by a department post, local law enforcement agency, or sheriff's department, the department shall provide to that post, agency, or sheriff's department the information from the law enforcement database in printed form for the designated areas located in whole or in part within the post's, agency's, or sheriff's department's jurisdiction. The department shall provide the ability to conduct a computerized search of the law enforcement database and the public internet website based upon the name and campus location of an institution of higher education.

(7) The department shall make the law enforcement database available to a department post, local law enforcement agency, or sheriff's department by electronic, computerized, or other similar means accessible to the post, agency, or sheriff's department. The department shall make the public internet website available to the public by electronic, computerized, or other similar means accessible to the public. The electronic, computerized, or other similar means shall provide for a search by name, village, city, township, and county designation, zip code, and geographical area.

(8) If a court determines that the public availability under section 10 of any information concerning individuals registered under this act violates the constitution of the United States or this state, the department shall revise the public internet website described in subsection (2) so that it does not contain that information.

(9) If the department determines that an individual has completed his or her registration period, including a registration period reduced by law under 2011 PA 18, or that he or she otherwise is no longer required to register under this act, the department shall remove the individual's registration information from both the law enforcement database and the public internet website within 7 days after making that determination.

**History:** 1994, Act 295, Eff. Oct. 1, 1995;—Am. 1996, Act 494, Eff. Apr. 1, 1997;—Am. 1999, Act 85, Eff. Sept. 1, 1999;—Am. 2002, Act 542, Eff. Oct. 1, 2002;—Am. 2004, Act 238, Eff. May 1, 2005;—Am. 2004, Act 240, Eff. Oct. 1, 2004;—Am. 2011, Act 18, Eff. July 1, 2011;—Am. 2013, Act 2, Eff. June 1, 2013;—Am. 2020, Act 295, Eff. Mar. 24, 2021.

### 28.728a Failure to register or update registration information; duties registering authority; duties of department.

Sec. 8a. (1) If an individual fails to register or to update his or her registration information as required under this act, the local law enforcement agency, sheriff's office, or department post responsible for registering the individual or for verifying and updating his or her registration information shall do all of the following immediately after the date the individual was required to register or to update his or her registration information:

(a) Determine whether the individual has absconded or is otherwise unlocatable.

(b) If the registering authority was notified by a registration jurisdiction that the individual was to appear in order to register or update his or her registration information in the jurisdiction of the registering authority, notify the department in a manner prescribed by the department that the individual failed to appear as required.

(c) Revise the information in the registry to reflect that the individual has absconded or is otherwise unlocatable.

(d) Seek a warrant for the individual's arrest if the legal requirements for obtaining a warrant are satisfied.

(e) Enter the individual into the national crime information center wanted person file if the requirements for entering information into that file are met.

(2) If an individual fails to register or to update his or her registration information as required under this act, the department shall do all of the following immediately after being notified by the registering authority that the individual failed to appear as required:

(a) Notify that other registration jurisdiction that the individual failed to appear as required.

(b) Notify the United States marshal's service in the manner required by the United States marshal's service of the individual's failure to appear as required.

(c) Update the national sex offender registry to reflect the individual's status as an absconder or as unlocatable.

**History:** Add. 2011, Act 18, Eff. July 1, 2011.

**Compiler's note:** Former MCL 28.728a, which pertained to feasibility studies for providing search by alias and mapping to show address was repealed by Act 240 of 2004, Eff. Oct. 1, 2004.

### 28.728b Repealed. 2004, Act 240, Eff. Oct. 1, 2004.

**Compiler's note:** The repealed section pertained to compilation of individuals not requiring registration.

### 28.728c Petition to discontinue registration; jurisdiction; limitations; oath; contents; false statement; filing copy with office of prosecuting attorney; notice; hearing; rights of victim; factors in court determination; granting of petition.

Sec. 8c. (1) An individual classified as a tier I offender who meets the requirements of subsection (12) may petition the court under that subsection for an order allowing him or her to discontinue registration under this act.

(2) An individual classified as a tier III offender who meets the requirements of subsection (13) may petition the court under that subsection for an order allowing him or her to discontinue registration under this act.

(3) An individual classified as a tier I, tier II, or tier III offender who meets the requirements of subsection (14) or (15) may petition the court under that subsection for an order allowing him or her to discontinue registration under this act.

(4) This section is the sole means by which an individual may obtain judicial review of his or her registration requirements under this act. This subsection does not prohibit an appeal of the conviction or sentence as otherwise provided by law or court rule. A petition filed under this section shall be filed in the court in which the individual was convicted of committing the listed offense. However, if the conviction occurred in another state or country and the individual is a resident of this state, the individual may file a petition in the circuit court in the county of his or her residence for an order allowing him or her to discontinue registration under this act only. A petition shall not be filed under this section if a previous petition was filed under this section and was denied by the court after a hearing.

(5) A petition filed under this section shall be made under oath and shall contain all of the following:

(a) The name and address of the petitioner.

(b) A statement identifying the offense for which discontinuation from registration is being requested.

(c) A statement of whether the individual was previously convicted of a listed offense for which registration is required under this act.

(6) An individual who knowingly makes a false statement in a petition filed under this section is guilty of perjury as proscribed under section 423 of the Michigan penal code, 1931 PA 328, MCL 750.423.

(7) A copy of the petition shall be filed with the office of the prosecuting attorney that prosecuted the case against the individual or, for a conviction that occurred in another state or country, the prosecuting attorney for the county of his or her residence, at least 30 days before a hearing is held on the petition. The prosecuting

attorney may appear and participate in all proceedings regarding the petition and may seek appellate review of any decision on the petition.

(8) If the name of the victim of the offense is known by the prosecuting attorney, the prosecuting attorney shall provide the victim with written notice that a petition has been filed and shall provide the victim with a copy of the petition. The notice shall be sent by first-class mail to the victim's last known address. The petition shall include a statement of the victim's rights under subsection (10).

(9) If an individual properly files a petition with the court under this section, the court shall conduct a hearing on the petition as provided in this section.

(10) The victim has the right to attend all proceedings under this section and to make a written or oral statement to the court before any decision regarding the petition is made. A victim shall not be required to appear at any proceeding under this section against his or her will.

(11) The court shall consider all of the following in determining whether to allow the individual to discontinue registration under subsection (12) or (13) but shall not grant the petition if the court determines that the individual is a continuing threat to the public:

(a) The individual's age and level of maturity at the time of the offense.
(b) The victim's age and level of maturity at the time of the offense.
(c) The nature of the offense.
(d) The severity of the offense.
(e) The individual's prior juvenile or criminal history.
(f) The individual's likelihood to commit further listed offenses.
(g) Any impact statement submitted by the victim under the William Van Regenmorter crime victim's rights act, 1985 PA 87, MCL 780.751 to 780.834, or under this section.
(h) Any other information considered relevant by the court.

(12) The court may grant a petition properly filed by an individual under subsection (1) if all of the following apply:

(a) Ten or more years have elapsed since the date of his or her conviction for the listed offense or from his or her release from any period of confinement for that offense, whichever occurred last.
(b) The petitioner has not been convicted of any felony since the date described in subdivision (a).
(c) The petitioner has not been convicted of any listed offense since the date described in subdivision (a).
(d) The petitioner successfully completed his or her assigned periods of supervised release, probation, or parole without revocation at any time of that supervised release, probation, or parole.
(e) The petitioner successfully completed a sex offender treatment program certified by the United States attorney general under 42 USC 16915(b)(1), or another appropriate sex offender treatment program. The court may waive the requirements of this subdivision if successfully completing a sex offender treatment program was not a condition of the petitioner's confinement, release, probation, or parole.

(13) The court may grant a petition properly filed by an individual under subsection (2) if all of the following apply:

(a) The petitioner is required to register based on an order of disposition entered under section 18 of chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.18, that is open to the general public under section 28 of chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.28.
(b) Twenty-five or more years have elapsed since the date of his or her adjudication for the listed offense or from his or her release from any period of confinement for that offense, whichever occurred last.
(c) The petitioner has not been convicted of any felony since the date described in subdivision (b).
(d) The petitioner has not been convicted of any listed offense since the date described in subdivision (b).
(e) The petitioner successfully completed his or her assigned periods of supervised release, probation, or parole without revocation at any time of that supervised release, probation, or parole.
(f) The court determines that the petitioner successfully completed a sex offender treatment program certified by the United States attorney general under 42 USC 16915(b)(1), or another appropriate sex offender treatment program. The court may waive the requirements of this subdivision if successfully completing a sex offender treatment program was not a condition of the petitioner's confinement, release, probation, or parole.

(14) The court shall grant a petition properly filed by an individual under subsection (3) if the court determines that the conviction for the listed offense was the result of a consensual sexual act between the petitioner and the victim and any of the following apply:

(a) All of the following:
(*i*) The victim was 13 years of age or older but less than 16 years of age at the time of the offense.
(*ii*) The petitioner is not more than 4 years older than the victim.
(b) All of the following:
(*i*) The individual was convicted of a violation of section 158, 338, 338a, or 338b of the Michigan penal

code, 1931 PA 328, MCL 750.158, 750.338, 750.338a, and 750.338b.
  (*ii*) The victim was 13 years of age or older but less than 16 years of age at the time of the violation.
  (*iii*) The individual is not more than 4 years older than the victim.
  (c) All of the following:
  (*i*) The individual was convicted of a violation of section 158, 338, 338a, 338b, or 520c(1)(i) of the Michigan penal code, 1931 PA 328, MCL 750.158, 750.338, 750.338a, 750.338b, and 750.520c.
  (*ii*) The victim was 16 years of age or older at the time of the violation.
  (*iii*) The victim was not under the custodial authority of the individual at the time of the violation.
  (15) The court shall grant a petition properly filed by an individual under subsection (3) if either of the following applies:
  (a) Both of the following:
  (*i*) The petitioner was adjudicated as a juvenile.
  (*ii*) The petitioner was less than 14 years of age at the time of the offense.
  (b) The individual was registered under this act before July 1, 2011 for an offense that required registration but for which registration is not required on or after July 1, 2011.

  **History:** Add. 2004, Act 240, Eff. Oct. 1, 2004;—Am. 2011, Act 18, Eff. July 1, 2011.

**28.728d Providing copy of court order granting petition to department and individual.**
  Sec. 8d. If the court grants a petition filed under section 8c, the court shall promptly provide a copy of that order to the department and to the individual. The department shall promptly remove an individual's registration from the database maintained under section 8(1).

  **History:** Add. 2004, Act 240, Eff. Oct. 1, 2004;—Am. 2011, Act 18, Eff. July 1, 2011.

**28.729 Registration required; violations; penalties.**
  Sec. 9. (1) Except as provided in subsections (2), (3), and (4), an individual required to be registered under this act who willfully violates this act is guilty of a felony punishable as follows:
  (a) If the individual has no prior convictions for a violation of this act, by imprisonment for not more than 4 years or a fine of not more than $2,000.00, or both.
  (b) If the individual has 1 prior conviction for a violation of this act, by imprisonment for not more than 7 years or a fine of not more than $5,000.00, or both.
  (c) If the individual has 2 or more prior convictions for violations of this act, by imprisonment for not more than 10 years or a fine of not more than $10,000.00, or both.
  (2) An individual who willfully fails to comply with section 5a, other than payment of the fee required under section 5a(6), is guilty of a misdemeanor punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.
  (3) An individual who willfully fails to sign a registration and notice as provided in section 7(4) is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $1,000.00, or both.
  (4) An individual who willfully refuses or fails to pay the registration fee prescribed in section 5a(6) or 7(1) within 90 days of the date the individual reports under section 4a or 5a is guilty of a misdemeanor punishable by imprisonment for not more than 90 days.
  (5) The court shall revoke the probation of an individual placed on probation who willfully violates this act.
  (6) The court shall revoke the youthful trainee status of an individual assigned to youthful trainee status who willfully violates this act.
  (7) The parole board shall rescind the parole of an individual released on parole who willfully violates this act.
  (8) An individual's failure to register as required by this act or a violation of section 5 may be prosecuted in the judicial district of any of the following:

  (a) The individual's last registered address or residence.
  (b) The individual's actual address or residence.
  (c) Where the individual was arrested for the violation.

  **History:** 1994, Act 295, Eff. Oct. 1, 1995;—Am. 1999, Act 85, Eff. Sept. 1, 1999;—Am. 2002, Act 542, Eff. Oct. 1, 2002;—Am. 2004, Act 237, Eff. Oct. 16, 2004;—Am. 2005, Act 132, Eff. Jan. 1, 2006;—Am. 2011, Act 18, Eff. July 1, 2011;—Am. 2020, Act 295,

Eff. Mar. 24, 2021.

**Compiler's note:** For transfer of powers and duties of Michigan parole and commutation board to Michigan parole board within department of corrections, and abolishment of Michigan parole and commutation board, see E.R.O. No. 2011-3, compiled at MCL 791.305.

## 28.730 Confidentiality; exemption from disclosure; availability of information on public internet website; violation as misdemeanor; penalty; civil cause of action; applicability of subsections (4) and (5) to public internet website.

Sec. 10. (1) Except as provided in this act, a registration or report is confidential and information from that registration or report shall not be open to inspection except for law enforcement purposes. The registration or report and all included materials and information are exempt from disclosure under section 13 of the freedom of information act, 1976 PA 442, MCL 15.243.

(2) A department post, local law enforcement agency, or sheriff's department shall make information from the public internet website described in section 8(2) for the designated areas located in whole or in part within the post's, agency's, or sheriff's department's jurisdiction available for public inspection during regular business hours. A department post, local law enforcement agency, or sheriff's department is not required to make a copy of the information for a member of the public.

(3) The department may make information from the public internet website described in section 8(2) available to the public through electronic, computerized, or other accessible means. The department shall provide for notification by electronic or computerized means to any member of the public who has subscribed in a manner required by the department when an individual who is the subject of the public internet website described in section 8(2) initially registers under this act, or changes his or her registration under this act, to a location that is in a designated area or geographic radius designated by the subscribing member of the public.

(4) Except as provided in this act, an individual other than the registrant who knows of a registration or report under this act and who divulges, uses, or publishes nonpublic information concerning the registration or report in violation of this act is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $1,000.00, or both.

(5) An individual whose registration or report is revealed in violation of this act has a civil cause of action against the responsible party for treble damages.

(6) Subsections (4) and (5) do not apply to the public internet website described in section 8(2) or information from that public internet website that is provided or made available under section 8(2) or under subsection (2) or (3).

**History:** 1994, Act 295, Eff. Oct. 1, 1995;—Am. 1996, Act 494, Eff. Apr. 1, 1997;—Am. 1999, Act 85, Eff. Sept. 1, 1999;—Am. 2002, Act 542, Eff. Oct. 1, 2002;—Am. 2004, Act 240, Eff. Oct. 1, 2004;—Am. 2006, Act 46, Eff. Jan. 1, 2007;—Am. 2011, Act 18, Eff. July 1, 2011.

## 28.731, 28.732 Repealed. 2011, Act 18, Eff. July 1, 2011

**Compiler's note:** The repealed sections pertained to effective date and conditional effective date of act.

## 28.733-28.736 Repealed. 2020, Act 295, Eff. Mar. 24, 2021.

**Compiler's note:** MCL 28.733 was added by 2005 PA 121 and 2005 PA 127. 2005 PA 127, being substantively the same as the 2005 PA 121, supersedes and becomes the only version on its effective date.

The repealed sections pertained to student safety zones.