# Exhibit 16:

Anne Yantus Expert Report

## **DECLARATION OF ANNE YANTUS**

1. I am a Michigan attorney in private practice with specialization in criminal sentencing.  I previously worked for thirty (30) years with the State Appellate Defender Office (SADO), where I rose to the position of managing attorney of the Special Unit, managing and handling plea and sentencing appeals.  Most of the work I did during that time related to sentencing errors or plea withdrawal claims, and a number of cases involved challenges to sex offender registration.  I also served as pro bono counsel with Bodman PLC in Detroit, Michigan, from November 2019 to May 2021.

2. I regularly speak on Michigan sentencing law, including updates on sex offender registration, to the Criminal Defense Attorneys of Michigan, Institute of Continuing Legal Education, the Wayne County Criminal Advocacy Program, the Genesee County Bar Association, and similar agencies.  I spoke on sentencing for the Criminal Law Section of the State Bar of Michigan in June 2021, and for the Michigan District Judges Association in August 2021.  I also taught a Criminal Sentencing course at the University of Detroit Mercy School of Law from 2003 through 2019.  With reference to sex offender registration in particular, I presented on the history and current status of the Michigan Sex Offender Registration Act (SORA) to state trial judges as part of a Michigan Judicial Institute conference in January 2020.  I have not testified as an expert witness in the last four years.

3. With reference to publications, I co-authored a chapter on circuit court sentencing for *Michigan Criminal Procedure* (ICLE) in 2010 and have worked to update that publication over the years.  I have written several articles on sentencing and plea matters for SADO's Criminal Defense Newsletter, including an article on changes to SORA in September 2006.  I have also written for the Federal Sentencing Reporter and University of Michigan's Journal of Law Reform: *Michigan Sentencing Law: Past, Present, and Future*, 30 Fed Sent R 146 (Dec 1, 2017); *Sentence Creep: Increasing Penalties in Michigan and the Need for Sentencing Reform*, 47 U Mich J L Reform 645 (Spring, 2014).

4. When I worked with SADO, I regularly presented at plea training events.  I would offer suggestions to criminal defense attorneys on how best to advise their clients regarding the consequences of their pleas.  I continue to offer that advice via sentence trainings that I am still doing.  In those sentencing trainings, I update practitioners on new case law and new statutory law, and also address

1

some of the most relevant post-sentence consequences of criminal convictions, including sex offender registration. Because sex offender registration is an especially severe consequence of any conviction, I have included a discussion of sex offender registration in virtually all of my training materials since 2007.

5. Sex offender registration has been a growing area of concern within the criminal justice community for many years, and this is especially true since the 2011 amendments converted a great many of registrants from shorter periods of registration to 25 years or lifetime registration – and this has continued without change in the new SORA (effective March 24, 2021).

6. In training events, I have stressed the need for defense attorneys to provide complete and accurate advice to their clients about sex offender registration. This, of course, is required by defense attorneys in plea cases as of 2011, when the Michigan Court of Appeals held in *People v. Fonville*, 291 Mich. App. 363 (2011), that it is ineffective assistance of counsel not to inform defendants that a plea will require registration. *Fonville* recognized that a defendant cannot offer a voluntary plea without understanding the "particularly severe penalty" of sex offender registration. 291 Mich. App. at 391.

7. I have consulted on cases where, unlike in *Fonville*, the defense attorney could not have predicted that sex offender registration would apply to the client in the future or could not have known that registration requirements would become more onerous or the registration period would become lengthier. Although to my knowledge there is no published Michigan case law addressing a request for plea withdrawal in this setting, there is an intuitive logic to the claim that a defendant cannot make a knowing, intelligent, and voluntary plea without understanding how the act of self-conviction will lead to the "particularly severe penalty" of sex offender registration. I expect the law will develop here as it has in other areas such as consecutive sentencing. For decades, the Michigan appellate courts said there was no right to a warning of applicable consecutive sentencing at the time of the plea because consecutive sentencing was a collateral consequence. The Michigan Supreme Court recently reversed course, *People v. Warren*, 505 Mich. 196 (2020), and it would now appear that the *Warren* decision may be fully retroactive. See *People v. Graham*, ___ Mich. ___; 953 N.W.2d 201 (2021) (Cavanagh J., concurring) (although a defendant is precluded from relief on direct appeal due to failure to file a timely motion to withdraw the plea, he can seek collateral relief via a motion for relief for judgment under MCR 6.500 et seq.).

8. In my years as a SADO attorney, I litigated many plea-withdrawal and sentencing claims and reviewed approximately two thousand cases over 30 years. Issues related to sex offender registration became more prevalent when the sex offender registration laws were modified, first to create a public on-line registry, and later to add more and more categories of required information, like cars, phone numbers, and employer's address.

9. I saw in my own cases that a defendant's decision to plead guilty or stand trial often hinged on whether sex offender registration would result from the conviction. For example:

    a. I handled an appeal from an Ingham County matter where the prosecutor, defense attorney, and trial judge all agreed on the record that the guilty plea would not entail sex offender registration. Nevertheless, the probation department referred the case to the Michigan State Police for registration. We were able to remove the defendant's name from the registry as a result of the appeal; this was the only relief requested.

    b. I handled a case in 2006 that involved a defendant's guilty plea on December 29, 2005, to attempted criminal sexual conduct in the fourth degree. The plea was entered days before the school exclusion zone laws took effect on January 1, 2006. Unbeknownst to the defendant, his guilty plea would have precluded him from living in the home he was then purchasing. We filed a motion to withdraw the plea, claiming he would not have pleaded guilty had he known about the new law. The case was resolved favorably by agreement with the prosecutor and the trial judge.

    c. In another case, we successfully defeated sex offender registration in a guilty plea appeal despite the prosecutor's argument that the catchall provision of then MCL 28.722 should apply to defendant's conviction of surveilling an unclothed *adult* woman in a costume shop dressing room when her children were present, but not unclothed, in the dressing room with her. I don't recall the terms of the plea bargain, but I distinctly recall the joy and relief this defendant felt when he learned his name would be removed from the registry.

10. Through my own cases and in discussions with hundreds of attorneys from around the state, it is clear to me that sex offender registration is a critical issue for defendants in criminal cases who are charged with sex crimes. The question of whether a defendant must register, for how long, and whether registration is

    public or private (law enforcement only) are often pivotal in resolving cases through plea negotiations.

11. Sex offender registration is also tied in many ways to sentencing. The probation agent prepares the presentence report and has the responsibility to register most defendants. M.C.L. § 28.724(5). That registration is typically acknowledged in the body of the presentence report. There are also court findings that must be made with reference to registration for some individuals, and these typically are made at sentencing. See M.C.L §28.722 and *People v. Lee*, 489 Mich. 289 (2011). Moreover, the formal judgment of sentence for prison and jail incarceration contains a box to check if sex offender registration has been completed. State Court Administrative Office Court Forms MC 219 and MC 219b.

**Statement of Compensation**

I have provided this report pro bono.

Pursuant to 28 U.S.C. §1746, I state under penalty of perjury that the above statements are true and correct to the best of my knowledge, information and believe.

Dated: October 30, 2021

Anne Yantus (Mich Bar No. 39445)

# Attachment 1:

## C.V. of Anne Yantus

# ANNE YANTUS

1624 N. Denwood St., Dearborn, MI  48128
313 670-8536 anneyantus@gmail.com   www.linkedin.com/in/anneyantus

## Employment

Michigan Sentencing PLLC
Sentence Consultant (part-time)
July 2021 to Present

Bodman PLC
Pro Bono Counsel
November 2019 to May 2021

University of Detroit Mercy School of Law
Director of Externships, Professor of Practice
August 2018 to November 2019 (part-time)

University of Detroit Mercy School of Law
Director of Clinical Programs, Assistant Professor
July 2016 – July 2018
Leader of clinical and externship programs; established four new clinics including the development and launch of the Federal *Pro Se* Legal Assistance Clinic

University of Detroit Mercy School of Law
Adjunct Professor, 2003 – 2016
- Criminal Sentencing, 2003- 2016, 2019
- Criminal Procedure, 2005
- SADO Appellate Advocacy Clinic, 2012 – 2015, 2017

State Appellate Defender Office (SADO)
Managing Attorney, Plea Unit, 2004-2016
Unit leader, sentencing trainer, appellate lawyer handling indigent felony appeals

State Appellate Defender Office
Assistant Defender, 1986 – 2003
Appellate lawyer handling indigent felony appeals in the Michigan circuit courts, Michigan Court of Appeals, Michigan Supreme Court, United States District Court for the Eastern District of Michigan and the Sixth Circuit

## Education

Wayne State University Law School
Juris Doctorate

Wayne State University
BA, French/Education, *with distinction*
National Merit Scholarship Recipient

**Publications**

- *Probation Conditions and Recreational Marijuana* Use, SADO Criminal Defense Newsletter, Vol 45, No 3 (December 2021)

- *Offense Variable 9 and Victims of Nighttime Home Invasion*, SADO Criminal Defense Newsletter, Vol 45, No 2 (November 2021).

- *Sentence Noise and Decision Hygiene* (Part 2), SADO Criminal Defense Newsletter, Vol 45, No 1 (October 2021).

- *Sentence Noise and Decision Hygiene* (Part 1), SADO Criminal Defense Newsletter, Vol 44, No 12 (September 2021)

- *COVID 19 Vaccine as Condition of Probation*, SADO Criminal Defense Newsletter, Vol 44, No 11 (August 2021)

- *Good Reasons to Attend the Presentence Interview*, SADO Criminal Defense Newsletter, Vol 44, No 10 (July 2021)

- Michigan Criminal Procedure (ICLE, 2010, 2018, 2021) (co-author, felony sentencing chapter)

- *Michigan Sentencing Law: Past, Present and Future*, Federal Sentencing Reporter, Vol 30, No 2 (December 2017)

- *Sentence Creep: Increasing Penalties in Michigan and the Need for Sentencing Reform,* 47 U Mich J L Reform 645 (Spring 2014)

- SADO Defender Plea, Sentencing & Post-Conviction Book (2011) (contributing editor and contributing author)

- *Nickel and Diming the Criminal Defendant – A Look at Financial Penalties in Felony Cases,* Criminal Defense Newsletter, Vol 31, No 2 (November 2007); also available at: https://csgjusticecenter.org/courts/publications/nickel-and-diming-the-criminal-defendant-a-look-at-financial-penalties-in-penalty-cases/

- *The New Student Safety Zone Laws: Unanswered Questions for Sex Offenders, SAD*O Criminal Defense Newsletter, Vol 29, No.12 (September 2006)

- *The Legislative Sentencing Guidelines: Michigan's Transition to a Limited-Discretion Sentencing Scheme,* Michigan Criminal Law Annual Journal Vol 1, No 1 (2002)

- *Guilty Plea Promises: From Bargain to Breach (Part 2)*, SADO Criminal Defense Newsletter, Vol 24, No 12, Vol 25, No 1 (September-October 2001)

- *Guilty Plea Promises: From Bargain to Breach (Part 1)*, SADO Criminal Defense Newsletter, Vol 24, No 10-11 (July-August 2001)

- *Jail Credit*, SADO Criminal Defense Newsletter, Vol 23, No 3 (December 1999)

- *Competency of the Defendant*, SADO Criminal Defense Newsletter, Vol 17, No 12 (September 1994)

## Professional Activities

- Guest Lecturer**:**  Criminal Defense Attorneys of Michigan Spring and Fall Semi-Annual Conferences (2006-present); Wayne County Criminal Advocacy Program (2007 - 2019); Institute of Continuing Legal Education (2013-2015, 2017-present); Michigan Court of Appeals (2016, 2014), Michigan Appellate Assigned Counsel Program; Michigan State Bar Criminal Law Section; Appellate Bench Bar Conference; Michigan Judicial Institute; Macomb, Oakland, Genesee, Kent and Berrien County Bar Associations; Center for Forensic Psychiatry

- Grant Writer and Principal Investigator**:**  Michigan State Bar Foundation Grants to Detroit Mercy Law for Federal *Pro Se* Legal Assistance Clinic and Housing Law Clinic (2016, 2017); Oakland County Bar Foundation Grants to Detroit Mercy Law for Immigration Law Clinic (2016) and Federal *Pro Se* Legal Assistance Clinic ( 2017, 2018); Helen L. Kay Charitable Trust Grant to Detroit Mercy Law for Juvenile Appellate Clinic (2017).

- Criminal Defense Attorneys of Michigan
Member and speaker
Education Committee (past member)
Amicus Committee, Contributing Author (past member and author of multiple amicus briefs filed in the Michigan Supreme Court)

- Michigan Judicial Institute, Felony Sentencing Resources,
Guidelines Scoring Q & A (SADO contributing attorney, 2014 - 2016)
available at: http://courts.mi.gov/education/mji/felony-sentencing/pages/sg-scoring.aspx

- Michigan Department of Corrections Workgroup to Reformulate Felony Presentence Report (2012-2014)

- Michigan Legislative Task Force on Alternatives to Incarceration
(Rep Fred Durhal, chairperson) (2012)

- Editorial Advisory Committee, Michigan Judicial Institute Monograph on Circuit Court Sentencing (2011-2016).

## Honors and Awards

- Adjunct Professor of the Year 2015, University of Detroit Mercy School of Law

- Distinguished Brief Award 2010, Cooley Law Review
*People v McGraw,* 27 T M Cooley L Rev 679 (2010)