# Exhibit 37:

## J.M. Declaration

## **DECLARATION OF J.M.**

1. I am currently a registrant of the Michigan Sex Offender registry. I am 34 years old and was convicted of CSC-2 in 2010 when I was around 21 years old. I spent 3.5 years in prison and was released in 2013, successfully completing parole not long after in 2016. I am a tier III registrant meaning I will be on the registry for the rest of my life. I have already been on the registry for 13 years for a crime I committed when I was 21 years old; in eight years I will have been on the registry longer than I was alive at the time of my crime.

2. Being on the registry has caused me to lose several jobs—jobs that I was able to get even though I have a criminal record. For example, in 2016, I worked at a bistro that did not perform background checks. I worked there for almost three months before I was pulled aside by the owner who had pulled up my SOR information and photo on the registry website. I was let go shortly after that meeting. I experienced similar situations at different companies until eventually landing on my current job where I have been for a little under a year.

3. I have experienced similar problems finding housing where landlords will evict me after discovering me on the sex offender registry. Around 2017/2018, I was renting a place (that I had found in a newspaper) that did not require an application and provided me with a one-year lease. When I was seven months into the lease, the police came to my house to verify my address as part of a registry sweep. After the

1

police check-up, my landlord ended up looking me up and discovering my registry status. Once he found out, he immediately filed eviction paperwork and claimed that he would have never rented to me if he had known I was on the registry.

4. When I have attempted to be upfront about my registry status to avoid similar situations, I get the same response: no. Everyone seems to think that if you are still on the registry then it must be because the state has decided that you are still a danger to others. The difficulty with finding housing has caused me to be homeless. I spent the end of 2021 through the beginning of 2022 living out of motels. That lasted about 6 months before finding a way to be placed into transitional housing. Keeping up with reporting requirements while struggling with housing has been much harder. I had to frequently report back to the police to report every time my address changes—which is a lot.

5. While I was able to find housing again, I live in a very volatile situation. I have been living with a roommate who is also my landlord since the middle of 2022. Like my last experience, he recently found out about my registry status and attacked me. He tackled me, pointed a gun at me and yelled aloud that I was a child rapist. The police thankfully arrived and arrested him. While I still live here, my lease is over at the end of the year at which point I will once again have nowhere to go.

6. Another problem I have had because of the registry is being denied treatment at the Crisis Center, Common Ground. In 2016, I was attempting to sign up for

treatment for a problem I was dealing with. I went through the intake process and divulged the fact that I was a sex offender and was on the registry; they told me I would likely not qualify for treatment, but ultimately someone from above gave the green light to put me in their residential program located in their basement. However, after only about a week into the program, I was called into a meeting with the executive board who ultimately decided to terminate my treatment and discharged me. They specifically told me that, because I was on the registry, I could not be there per their "policy." I believe that if I just had an old conviction – even for a sex offense – they would not have kicked me out.

    I certify under penalty of perjury that the above statement is true and correct pursuant to 28 U.S.C. § 1746.

J.M._____
(name on file with Plaintiff's counsel)

March 19, 2023