# Exhibit 47:

## K.S. Declaration

## DECLARATION OF K.S.

1.  I am a 78-year-old current registrant on the Michigan Sex Offender Registry. I was convicted of CSC III in 1978 and CSC I in 1985. At that time, there was no such thing as a sex offender registry. My 1985 conviction was in Ingham County, Michigan, and I was sentenced to a prison term of 20 to 40 years. I was released from prison in 2012 and have had no criminal conviction since my 1985 conviction. I was removed from parole on September 1, 2014.

2.  There was no form of ongoing registration requirement of any kind when I was convicted. When I was placed on the registry in 1995, I was told I would be on it for 25 years. No one told me that my registration period would not begin until my release from prison. After the 2011 SORA amendments, which are still being retroactively applied to me under SORA 2021, my term was increased from 25 years to lifetime registration.

3.  Since my release from prison in 2012, I have submitted more than 3,000 job applications. Despite having a college degree and extensive experience in government administrative work and at a county health department, I got only 12 job interviews as a result of my efforts. Given the age of my convictions and that I was in my late sixties when I got out of prison, my sense was that my convictions were not the problem. I interview well and employers like me, but again and again I was told that I should return and reapply if and when I was removed from the registry.

4. I was hired to work at a federal government job training program in 2015, called Experience Works. I was allowed to work part-time for minimum wage at NorthWest Initiative in Lansing, a small social services outreach agency, as a front-desk worker. But I could not support myself with only part-time work at that rate.

5. I also worked briefly at an industrial job in Lansing as a sewing machine operator, but I was only allowed to work on third shift due to my being on the registry. I held that job for four months until I left due to physical exhaustion from not getting enough sleep.

6. Many corporate employers use the background check services of companies like First Advantage, Good Hire, and Hire Right, which means those employers almost certainly know about my criminal record before they hire me. For example, I worked for four months at a Meijer store in Clinton County. During my short employment I received 14 job merit commendations – a record for that Meijer store. They told me that they were letting me go because they had learned that I was on the sex offender registry, which did not meet "company standards."

7. Currently, I am employed part-time as a medical delivery person for a small family-owned pharmacy in Lansing. That Iranian family was the only employer to hire me after I disclosed my criminal history *and* my registry status. I have been working for them for nearly 16 months as of this writing.

DOES III - 00001156

3

8. Although I would like to have worked for them as a Pharmacy Technician, the Michigan Licensing and Registration Agency (LARA) would not allow me to due to my sex offender registry status. My understanding is that but for the registry, LARA would have licensed me to work under the direct supervision of a pharmacist, despite my criminal record.

9. Over the years since my release, at numerous private and public employers, including with City of Lansing departments, the hiring authority has repeatedly told me the same thing: "When you are off the registry, come back and see us."

Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the above statements are true and correct to the best of my knowledge and belief.

                                             K.S._____
                                           (name on file with Plaintiffs' counsel)

Dated: March 8, 2023