# Exhibit 85:

## Plaintiffs' Responses to Defendants' Third Interrogatories
## (Mary Doe and Doe G)
## (June 16, 2023)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE, on behalf of
themselves and all others similarly situated,

           Plaintiffs,

v.

GRETCHEN WHITMER, Governor of the
State of Michigan, and COL. JOSEPH
GASPER, Director of the Michigan State
Police, in their official capacities,

           Defendants.

No. 2:22-cv-10209

Hon. Mark A. Goldsmith

Mag. Curtis Ivy, Jr.

## PLAINTIFFS' RESPONSES TO DEFENDANTS' THIRD SET OF INTERROGATORIES

Plaintiffs Mary Doe and John Doe G, by and through their attorneys, submit responses to Defendant's Third Set of Interrogatories as follows:

### INTERROGATORIES

26.    Please explain how Mary Doe's "right to travel" is being violated, as alleged in paragraph 839. This request is not seeking a legal conclusion, but is seeking a practical explanation about how Mary Doe's right to travel is being

1

hampered by her registration requirements.

**OBJECTION: Plaintiff objects to this request as calling for a legal conclusion. Although the request indicates that it is not seeking a legal conclusion, asking how the "right to travel" has been violated necessarily seeks a legal conclusion. Plaintiff further objects to this interrogatory as vague. It is unclear whether Defendants' question seeks information with respect to the "right to travel" that is grounded in the Due Process Clause of the Fourteenth Amendment to the United States Constitution, in the Privileges and Immunities Clause of the Article IV, § 2 of the United States Constitution, or in the Privileges and Immunities Clause in the Fourteenth Amendment to the United State Constitution.**

**ANSWER: Notwithstanding, and without waiving this objection, Ms. Doe states that SORA has burdened her ability to travel in numerous ways. SORA, as interpreted and implemented by Defendants, imposes harsher restrictions on people with convictions from other jurisdictions than on people with convictions from Michigan.** *See Saenz v. Roe*, **526 U.S. 489, 500-504 (1999);** *State v. Dickerson*, **142 Idaho 514, 129 P.3d 1263 (Ct. App. 2006). While a person convicted of M.C.L. § 750.520e(a) for offense conduct similar to that of Ms. Doe would be a Tier II registrant subject to biannual registration for 25 years. Ms. Doe has been classified as a Tier III registrant and is subject to lifetime quarterly registration.**

**Ms. Doe must provide advance notice to law enforcement if she intends to travel anywhere for seven days or more. She must tell the police where she is going, where she will be staying, how long she will be there, and when she will return. M.C.L. § §§ 28.725(1)(e); 28.727(1)(e). It is unclear what Ms. Doe is supposed to do if her plans change during her trip.**

**For international travel, Ms. Doe must report in person at least 21 days in advance. M.C.L. § 28.725(8). In addition, Ms. Doe must plan any travel so that she is able to register in person during her required verification periods. Ms. Doe is required to report quarterly during the months of February, May, August, and November. She cannot travel for the entirety of one of those months, because she would need to appear in person at the police station during that time. Ms. Doe's husband gets 3-10 days off from work a few times a year, but when they plan a vacation, they try to limit their time to no more than three days. When they go to visit family out of town, their practice is to drive there**

**and stay for only two days, returning on the third, just to be sure Ms. Doe is complying with SORA.**

**SORA also burdens Ms. Doe's ability to travel because the requirement to register under Michigan law generally triggers registration obligations in other states if Ms. Doe travels to another state. Any travel out-of-state requires extensive research to determine what the registration and reporting obligations are in the state to which a registrant would like to travel.** *See* **Prescott Decl, ECF 1-6. ¶¶47–50, and Consequences Triggered by Sex Offender Registration: A National Sample, Attach. 1. Every state's laws differ, and there is no easy way to figure out what she must do if she goes to another jurisdiction. Ms. Doe's understanding is that even brief travel to other states can require her to register, and potentially subject her to lifetime registration on that state's public sex offender registry. Because of the complexity of these laws, it is very difficult for her to travel to another state without a significant risk of being found out of compliance. The practical impact is that being required to register in Michigan means that Ms. Doe always has to weigh the burden of researching other jurisdiction's SORA laws and the risk that she will violate them when deciding whether to travel. For example, Ms. Doe and her husband would like to take a road trip to the western and southern United States, but it is difficult for them to plan one because the laws in each state make it difficult for them to know what Ms. Doe would need to do to comply with the laws of each state they might pass through.**

**Ms. Doe's status as a registered sex offender has also caused Ms. Doe difficulty at the border, which has made her very reluctant to travel internationally again. For example, Ms. Doe took a wrong turn while driving her family in Detroit, and accidentally got into a traffic lane leading to the tunnel to Canada. Although Ms. Doe did not cross into Canada, when she turned around, she had to go back through the U.S. border checkpoint. Because of Ms. Doe's status as a registrant, border agents demanded that she and her family get out of the car. The agents searched it, interrogated Ms. Doe, her husband, and her daughter separately, and suggested that Ms. Doe was abducting her daughter. Another time, Ms. Doe went to Canada with her husband, and they were detained for thirty minutes on the way back into the United States, and the agents asked her husband whether he was aware she had a sex offense.**

27. Please explain how John Doe G's "right to travel" is being violated, as alleged in paragraph 839. This request is not seeking a legal conclusion, but is

3

seeking a practical explanation about how John Doe G's right to travel is being hampered by her registration requirements.

**OBJECTION: Plaintiff objects to this request as calling for a legal conclusion. Although the request indicates that it is not seeking a legal conclusion, asking how the "right to travel" has been violated necessarily seeks a legal conclusion. Plaintiff further objects to this interrogatory as vague. It is unclear whether Defendants' question seeks information with respect to the "right to travel" that is grounded in the Due Process Clause of the Fourteenth Amendment to the United States Constitution, in the Privileges and Immunities Clause of the Article IV, § 2 of the United States Constitution, or in the Privileges and Immunities Clause in the Fourteenth Amendment to the United State Constitution.**

**ANSWER: Notwithstanding, and without waiving this objection, Mr. Doe G states that SORA has burdened his ability to travel in numerous ways. SORA, as interpreted and implemented by Defendants, imposes harsher restrictions on people with convictions from other jurisdictions than on people with convictions from Michigan.** *See Saenz v. Roe***, 526 U.S. 489, 500-504 (1999);** *State v. Dickerson***, 142 Idaho 514, 129 P.3d 1263 (Ct. App. 2006). While a person convicted of M.C.L. § 750.520e(a) for offense conduct similar to that of Mr. Doe G would be a Tier II registrant subject to biannual registration for 25 years. Mr. Doe G has been classified as a Tier III registrant and is subject to lifetime quarterly registration.**

**Mr. Doe G must provide advance notice to law enforcement if he intends to travel anywhere for seven days or more. He must tell the police where he is going, where he will be staying, how long he will be there, and when he will return. M.C.L. § §§ 28.725(1)(e); 28.727(1)(e). It is unclear what Mr. Doe G is supposed to do if his plans change during his trip. Mr. Doe G restricts his travel and takes only very abbreviated trips.**

**For international travel, Mr. Doe G must report in person at least 21 days in advance. M.C.L. § 28.725(8). In addition, Mr. Doe G must plan any travel so that he is able to register in person during his required verification periods. Mr. Doe G is required to report quarterly during the months of February, May, August, and November. He cannot travel for the entirety of one of those months, because he would need to appear in person at the police station during that**

4

time. In May 2018, he was prevented from attending his niece's graduation college graduation because he was required to report the same week. The complexity of traveling due to his registry status has resulted in Mr. Doe G telling his employer that he simply cannot travel internationally. This has limited the ways he is useful to his employer and has cost him opportunities in his career. In one instance, he was forced to cancel a business trip to China because the job would have required he be away for at least 30 days and was during his reporting period.

SORA also burdens Mr. Doe G ability to travel because the requirement to register under Michigan law generally triggers registration obligations in other states if Mr. Doe G travels to another state. Any travel out-of-state requires extensive research to determine what the registration and reporting obligations are in the state to which a registrant would like to travel. *See* Prescott Decl, ECF 1-6. ¶¶47–50, and Consequences Triggered by Sex Offender Registration: A National Sample, Attach. 1. Every state's laws differ, and there is no easy way to figure out what she must do if he goes to another jurisdiction. Mr. Doe G's understanding is that even brief travel to other states can require him to register, and potentially subject him to lifetime registration on that state's public sex offender registry. Because of the complexity of these laws, it is very difficult for him to travel to another state without a significant risk of being found out of compliance. The practical impact is that being required to register in Michigan means that Mr. Doe G always has to weigh the burden of researching other jurisdiction's SORA laws and the risk that he will violate them when deciding whether to travel.

Mr. Doe G has family in other states he is close to. His sister is in Illinois, and his father lives in Florida. Mr. Doe G often wishes to visit them, but his fear of being out of compliance with those states' registry laws or being subject to lifetime registration in those states prevents him from doing so.

Mr. Doe G has contacted the Sex Offender Registry Unit at least once about his travel reporting requirements. On one such occasion, he called to inquire about what he would need to do if he traveled out of state and needed to extend his stay longer than seven days. He was told he would need to come back to Michigan to report. When he expressed the burden that would put on his ability to travel, he was told that was simply how the law was written.

28. Please explain whether Mary Doe has ever petitioned a Michigan circuit court seeking an order allowing her to discontinue registration under the Michigan SORA. If no, why not.

**ANSWER**: **Mary Doe has not petitioned a Michigan circuit court seeking an order allowing her to discontinue registration.**

**Mary Doe is unaware of any mechanism to petition a Michigan circuit court seeking an order allowing her to discontinue registration under Michigan's SORA, or to review or modify her registration obligations. M.C.L. § 28.728c(4) provides: "This section is the sole means by which an individual may obtain judicial review of his or her registration requirements under this act." Ms. Doe is not eligible to petition for removal under M.C.L. § 28.728c(1) because she is a Tier III registrant. Ms. Doe is not eligible to petition for removal under M.C.L. § 28.728c(2), because she was convicted as an adult, and that section applies only to registrants adjudicated as juveniles. Ms. Doe is not eligible to petition under M.C.L. § 28.728c(3) because that section only applies to registrants who meet the requirements of subsections 14 and 15. Subsection 14 allows for petitioning where the listed activity was the result of consensual sexual activity with an underage person, as was the case for Ms. Doe. However, that section is inapplicable because Ms. Doe was more than four years older than the victim. Subsection 15 is inapplicable because it applies to juveniles or to offenses that no longer require registration. There are no other provisions in M.C.L. § 28.728c that provide Ms. Doe with a mechanism to petition to discontinue her registration or seek review of her tier level or registration requirements.**

**Neither the Michigan State Police nor any other Michigan state agency nor any local agency has ever informed Ms. Doe that there is a mechanism by which she could petition in state circuit court to discontinue her registration obligations or to seek review of her tier level or registration requirements. Neither the Michigan State Police nor any other Michigan state agency nor any local agency has ever informed Ms. Doe on what basis she is required to register in Michigan (i.e., whether under M.C.L. § 28.722(r)(x); (t)(xiii); (v)(viii) because her offense is considered "substantially similar" to a Michigan registrable offense, or whether under M.C.L. § 28.723(1)(d) because she is required to register under a comparable statute of another state), or what, if any, Michigan offense is considered "substantially similar" to her out-of-state conviction. To the best of**

6

**Ms. Doe's recollection, after the 2011 amendments to SORA, she was informed that she was a Tier III registrant, but she was not informed of the reasons why the MSP concluded that she was a Tier III registrant. Further, she was not provided with information about any procedure applicable to her that she could use to seek to discontinue her registration obligation or to review the tier level and registration requirements.**

29. Please explain whether Mary Doe has ever sought judicial review of MSP's decision regarding what tier level and registration requirements may apply. If no, why not.

**ANSWER: Mary Doe has not sought judicial review of the MSP's decision regarding what tier level and registration requirement apply to her.**

**For the reasons why Ms. Doe has not sought judicial review, see the answer to question 28, *supra*. In further response, Ms. Doe has asked questions of local law enforcement about why her registration period in Michigan is longer than the 10-year period in Ohio, and has never been told that she could seek review of her requirements. Rather, the answer she received indicated that if she wanted a shorter registration period, she should go back to Ohio.**

30. Please explain whether John Doe G has ever petitioned a Michigan circuit court seeking an order allowing her to discontinue registration under the Michigan SORA. If no, why not.

**ANSWER: John Doe G has not petitioned a Michigan circuit court seeking an order allowing him to discontinue registration.**

**Mr. Doe G is unaware of any mechanism to petition a Michigan circuit court seeking an order allowing him to discontinue registration under Michigan's SORA, or to review or modify her registration obligations. M.C.L. § 28.728c(4) provides: "This section is the sole means by which an individual may obtain judicial review of his or her registration requirements under this act." Mr. Doe G is not eligible to petition for removal under M.C.L. § 28.728c(1) because he is a Tier III registrant. Mr. Doe G is not eligible to petition for removal under M.C.L. § 28.728c(2), because he was convicted as an adult, and that section**

7

**applies only to registrants adjudicated as juveniles. Mr. Doe G is not eligible to petition under M.C.L. § 28.728c(3) because that section only applies to registrants who meet the requirements of subsections 14 and 15. Subsection 14 allows for petitioning where the listed activity was the result of consensual sexual activity with an underage person, as was the case for Mr. Doe G. However, that section is inapplicable because Mr. Doe G was more than four years older than the victim. Subsection 15 is inapplicable because it applies to juveniles or to offenses that no longer require registration. There are no other provisions in M.C.L. § 28.728c that provide Mr. Doe G with a mechanism to petition to discontinue his registration or seek review of his tier level or registration requirements.**

**In the past, Mr. Doe G actively sought the advice of legal counsel on three separate occasions to inquire about pathways to petition for tier reduction or removal. He was advised that this was not possible.**

**Neither the Michigan State Police nor any other Michigan state agency nor any local agency has ever informed Mr. Doe G that there is a mechanism by which he could petition in state circuit court to discontinue his registration obligations or to seek review of his tier level or registration requirements. Neither the Michigan State Police nor any other Michigan state agency nor any local agency has ever informed Mr. Doe G on what basis he is required to register in Michigan (i.e., whether under M.C.L. § 28.722(r)(x); (t)(xiii); (v)(viii) because his offense is considered "substantially similar" to a Michigan registrable offense, or whether under M.C.L. § 28.723(1)(d) because he is required to register under a comparable statute of another state), or what, if any, Michigan offense is considered "substantially similar" to his out-of-state conviction.**

**To the best of Mr. Doe G recollection, after the 2011 amendments to SORA, he was sent the letter attached as Exhibit A informing him that he was a Tier III registrant. The letter did not inform him of the reasons why the MSP concluded that he was a Tier III registrant despite being subject to the Nebraska registry for 10 years or provide information about any procedure applicable to him that he could use to seek to discontinue his registration obligation or to review the tier level and registration requirements.**

31.     Please explain whether John Doe G has ever sought judicial review of

MSP's decision regarding what tier level and registration requirements may apply.

8

If no, why not.

**ANSWER: John Doe G has not sought judicial review of the MSP's decision regarding what tier level and registration requirements apply to him.**

**For the reasons why Mr. Doe G has not sought judicial review, see the answer to question 30,** ***supra.***

32. Please explain whether Mary Doe has ever communicated with MSP to inquire about whether her tier level could be changed, or to challenge their determination about her SORA registration obligations in Michigan. If so, please provide the details of the communication and/or challenge.

**ANSWER: To the best of Ms. Doe's recollection, she has not personally communicated with the MSP to inquire about whether her tier level could be changed, or to challenge the MSP's determination about her SORA registration obligations in Michigan. However, Ms. Doe has raised this issue through counsel. These communications include (1) an email on March 28, 2023, setting out the defects in the MSP's determinations regarding Ms. Doe and requesting concurrence to amend the complaint; (2) a motion to supplement the complaint filed on March 29, 2023, which included a proposed supplemental complaint setting out the defects in the MSP's determinations regarding Ms. Doe; (3) an amended complaint filed on April 21, 2023, setting out the defects in the MSP's determinations regarding Ms. Doe; and (4) multiple depositions of MSP personnel, including Steven Beatty, Sharon Jegla, and Jami Selden-Manor, where Ms. Doe's counsel asked questions about how the MSP had determined Ms. Doe's tier level and registration obligations and questions about why Ms. Doe is not a Tier II registrant. To date, neither in Defendants' Amended Answer nor in the depositions of MSP personnel, have Defendants explained the basis on which the MSP classified Ms. Doe as a Tier III registrant. Defendants have also failed to provide any information about what Michigan registrable offense Defendants believe is substantially similar to Ms. Doe's Ohio conviction. No such information was contained in Defendants' Amended Answer. During depositions of MSP personnel, they were unable to answer questions about the basis for Ms. Doe's classification.**

33. Please explain whether John Doe G has ever communicated with MSP

9

to inquire about whether his tier level could be changed, or to challenge their determination about his SORA registration obligations in Michigan. If so, please provide the details of the communication and/or challenge.

**ANSWER**: **In 2017, Mr. Doe G contacted the Michigan State Police SOR Unit by phone on at least one occasion to understand why he was classified as Tier III and if he qualified for a tier reduction. He was told there was no mechanism to be granted a tier reduction.**

**Mr. Doe G has also raised this issue through counsel. These communications include (1) an email on March 28, 2023, setting out the defects in the MSP's determinations regarding Mr. Doe G and requesting concurrence to amend the complaint; (2) a motion to supplement the complaint filed on March 29, 2023, which included a proposed supplemental complaint  setting out the defects in the MSP's determinations regarding Mr. Doe G; (3) an amended complaint filed on April 21, 2023, setting out the defects in the MSP's determinations regarding Mr. Doe G; and (4) multiple depositions of MSP personnel, including Steven Beatty, Sharon Jegla, and Jami Selden-Manor, where Mr. Doe G's counsel asked questions about how the MSP had determined Mr. Doe G's tier level and registration obligations and questions about why Mr. Doe G is not a Tier II registrant. To date, neither in Defendants' Amended Answer nor in the depositions of MSP personnel, have Defendants explained the basis on which the MSP classified Mr. Doe G as a Tier III registrant. Defendants have also failed to provide any information about what Michigan registrable offense Defendants believe is substantially similar to Mr. Doe G's Nebraska conviction. No such information was contained in Defendants' Amended Answer. During depositions of MSP personnel, they were unable to answer questions about the basis for Mr. Doe G's classification.**

Respectfully submitted,

*/s/ Mary Doe*
Mary Doe

_____
John Doe G

(names on file with Plaintiff's counsel)

Dated: June ____, 2023

As to Objections:

s/ Miriam J. Aukerman (P63165)
Miriam J. Aukerman
Dayja S. Tillman (P86526)
American Civil Liberties Union
   Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org
dtillman@aclumich.org
s/ Paul D. Reingold (P27594)
Cooperating Counsel, American Civil
   Liberties Union Fund of Michigan
Univ. of Michigan Law School
802 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 355-0319 – pdr@umich.edu

s/ Daniel S. Korobkin (P72842)
Danial S. Korobkin
Syeda Davidson (P72801)
American Civil Liberties Union
   Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org
sdavidson@aclumich.org
s/ Roshna Bala Keen (Ill. 6284469)
Loevy & Loevy
Cooperating Counsel, American Civil
   Liberties Union Fund of Michigan
311 North Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900 – roshna@loevy.com

June 16, 2023

12

Respectfully submitted,

Mary Doe

*John Doe G*
John Doe G

(names on file with Plaintiff's counsel)

Dated: June 15, 2023

As to Objections:

s/ Miriam J. Aukerman (P63165)
Miriam J. Aukerman
Dayja S. Tillman (P86526)
American Civil Liberties Union
   Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org
dtillman@aclumich.org

s/ Paul D. Reingold (P27594)
Cooperating Counsel, American Civil
   Liberties Union Fund of Michigan
Univ. of Michigan Law School
802 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 355-0319 – pdr@umich.edu

June 16, 2023

s/ Daniel S. Korobkin (P72842)
Danial S. Korobkin
Syeda Davidson (P72801)
American Civil Liberties Union
   Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org
sdavidson@aclumich.org

s/ Roshna Bala Keen (Ill. 6284469)
Loevy & Loevy
Cooperating Counsel, American Civil
   Liberties Union Fund of Michigan
311 North Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900 – roshna@loevy.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2023, I served the above document(s) on counsel of record via email.

s/ Miriam J. Aukerman (P63165)
American Civil Liberties Union
  Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org

# EXHIBIT A

LETTER TO TIER III REGISTRANTS



**STATE OF MICHIGAN**
**DEPARTMENT OF STATE POLICE**
LANSING

RICK SNYDER
GOVERNOR

COL. KRISTE KIBBEY ETUE
DIRECTOR

Date

Registrant Name
Street Address
City, State Zip

On April 12, 2011, the Michigan Sex Offenders Registration Act (SORA) was amended to substantially comply with the federal Sex Offender Registration and Notification Act (SORNA), Title I of the Adam Walsh Child Protection and Safety Act of 2006, as amended. This correspondence summarizes the major changes within the Act which affect your registration responsibilities. These changes do not take effect until July 1, 2011. A more detailed explanation will be provided to you at your next verification period.

## TIER CLASSIFICATION
A tier classification has been assigned to you based on the requirements in the Act. This may have resulted in a change in the frequency for which you must verify your address and the length of time you must register.

Beginning July 1, 2011, you are designated as a **Tier III** offender.

As a Tier III offender, you must report in-person and verify your address to the law enforcement agency having jurisdiction over your residence during the first 15 days of January, April, July, and October of each year you are required to register as a sexual offender.

As a Tier III offender, you must register for life.

## MICHIGAN PUBLIC SEX OFFENDER REGISTRY WEB SITE
As a Tier III offender, your registration information must be displayed on the Michigan Public Sex Offender Registry Web site. This does not apply to individuals adjudicated as a juvenile. This information can be found at www.mipsor.state.mi.us.

## COLLECTION OF ADDITIONAL INFORMATION
As a registered sex offender, you are required to provide additional information. This information must be reported in-person to the law enforcement agency having jurisdiction over your residence at your next verification period and includes:

- All telephone numbers registered to you or routinely used by you.
- Copies of your passport and/or immigration documentation.
- Occupation and professional licensing information, including any license that authorizes you to engage in any occupation, profession, trade, or business.

## REPORTING CHANGE IN STATUS
As a registered sex offender, you are required to report the following information in-person to the law enforcement agency having jurisdiction over your residence within three (3) business days. This information includes:

- Any change in your residence or domicile.
- Any change in your place of employment, or if employment is discontinued.
- Any change in your name.

MICHIGAN STATE POLICE HEADQUARTERS • 333 SOUTH GRAND AVENUE • P.O. BOX 30634 • LANSING, MICHIGAN 48909
www.michigan.gov/msp • (517) 332-2521

Tier III Offender Letter
Page 2
Date

- Any temporary lodging information other than your residence for more than seven (7) days.
- Establishment of any electronic mail, instant message address, or any other designation used in internet communications or postings.
- Purchase of or begin to regularly operate any vehicle, and when ownership or operation of the vehicle is discontinued.
- Enrollment as a student at any institution of higher learning, or if enrollment is discontinued.

As a registered sex offender, you are required to report in-person to the law enforcement agency having jurisdiction over your residence three (3) days prior to changing your residence to another state.

As a registered sex offender, you are required to report in-person to the law enforcement agency having jurisdiction over your residence 21 days prior to changing your residence to another country or traveling to any other country for more than seven (7) days.

## REGISTRATION FEE PAYMENT

All registered sex offenders must pay a one-time registration fee. Effective July 1, 2011, the registration fee is $50 and applies to all registered sex offenders who have not already paid a required registration fee in the state of Michigan, and to all new registrants.

## PETITION TO DISCONTINUE REGISTRATION FOR A CONSENSUAL SEXUAL ACT

An individual who meets all of the following requirements may petition the court for an order allowing him or her to discontinue registration:

- The victim was 13 years of age or older but less than 16 years of age at the time of the offense.
- The petitioner is not more than four (4) years older than the victim.

An individual who meets all of the following requirements may petition the court for an order allowing him or her to discontinue registration:

- The petitioner was convicted of a violation of Michigan Compiled Law (MCL) 750.158, 750.338, 750.338a, and/or 750.338b.
- The victim was 13 years of age or older but less than 16 years of age at the time of the violation.
- The petitioner is not more than four (4) years older than the victim.

An individual who meets all of the following requirements may petition the court for an order allowing him or her to discontinue registration:

- The petitioner was convicted of a violation of MCL 750.158, 750.338, 750.338a, 750.338b, and/or 750.520c.
- The victim was 16 years of age or older at the time of the violation.
- The victim was not under the custodial authority of the individual at the time of the violation.

## PETITION TO DISCONTINUE REGISTRATION FOR JUVENILE OFFENDERS

An individual who meets all of the following requirements may petition the court for an order allowing him or her to discontinue registration:

- The petitioner was adjudicated as a juvenile.
- The petitioner was less than 14 years of age at the time of the offense.

An individual who meets all of the following requirements may petition the court for an order allowing him or her to discontinue registration:

- The petitioner was adjudicated as a juvenile.

Tier III Offender Letter
Page 3
Date

- Twenty-five or more years have elapsed since the date of conviction for the listed offense or from any period of confinement for that offense, whichever occurred last.
- The petitioner has not been convicted of any felony since the date of conviction for the listed offense or from any period of confinement for that offense, whichever occurred last.
- The petitioner has not been convicted of any listed offense since the date of conviction for the listed offense or from any period of confinement for that offense, whichever occurred last.
- The petitioner successfully completed his or her assigned periods of supervised release, probation, or parole without revocation at any time of that supervised release, probation, or parole.
- The petitioner successfully completed a sex offender treatment program certified by the United States Attorney General under 42 USC 16915(b)(1), or another appropriate sex offender treatment program. The court may waive this requirement if successfully completing a sex offender treatment program was not a condition of the petitioner's confinement, release, probation, or parole.

You may wish to retain this letter for future reference.

An "Explanation of Duties to Register as a Sex Offender" form (DD-4A) will be provided to you at your next verification period. Please read the form carefully and familiarize yourself with the changes to the Michigan Sex Offenders Registration Act. This form will be provided to you so you are aware of your legal responsibilities effective July 1, 2011.

If you have any questions regarding the content of this letter, please contact the Michigan State Police, Sex Offender Registry and Enforcement Unit, at (517) 241-1806.

Sincerely,

*Karen Johnson*

Karen Johnson, Manager
Sex Offender Registry and Enforcement Unit