# Exhibit 123:

# Michigan State Police Comments on H.B. 5679

# Exhibit 123:

# Michigan State Police Comments on H.B. 5679



STATE OF MICHIGAN
DEPARTMENT OF STATE POLICE
LANSING

GRETCHEN WHITMER
GOVERNOR

COL. JOSEPH M. GASPER
DIRECTOR

May 6, 2020

The Honorable Graham Filler, Chair
House Judiciary Committee
124 North Capitol Avenue
Lansing, MI 48933

Dear Chairman Filler and members of the Judiciary Committee:

The Department of State Police is supportive of the intent of HB 5679 in amending the Sex Offender Registration Act (SORA) and is looking forward to working with Rep. Lower on addressing the constitutional concerns recently noted by the U.S. District Court for the Eastern District of Michigan.  Additionally, we look forward to addressing several issues within SORA in an effort to improve efficiency and functionality of the sex offender registration process for both offenders and law enforcement.  Of note, the department would initially like to highlight the following areas:

- The department supports removing the student safety zone provisions (MCL 28.733 through MCL 28.736) from HB 5679 and SORA.  In addition to the historical difficulties often encountered when attempting to define the boundaries of these zones for the purpose of enforcement, the department has been advised by its attorneys in the present litigation that because the student safety zones were found to be unconstitutional and unenforceable, any effort to retain the student safety zone provisions would almost certainly result in further litigation and a similar determination that zones are unconstitutional and unenforceable.  Perhaps even more importantly, the inclusion of the Student Safety Zones will impact not just the enforcement of those discrete provisions, but the constitutionality of SORA as a whole.  The existence of the geographic exclusion zones was central to the determination by the federal appellate court that SORA imposes unconstitutional ex post facto punishment.  It is unlikely that SORA <u>as a whole</u> will survive a constitutional challenge with the Student Safety Zones included.  Additionally, student safety zones are not required under the Sex Offender Registration and Notification Act (SORNA) as found in Title I of the Adam Walsh Child Protection and Safety Act of 2006, and is not a requirement for Michigan's substantial compliance with SORNA.

- The department has concerns about the way the individuals with out of state convictions requiring registration in that state will be treated if the individual decides to reside, work or go to school in Michigan at any point in time.  Any revision of SORA should ensure and clarify that an individual convicted in another state of an offense requiring sex offender registration in that state should, at a minimum, be required to register in Michigan for a similar duration under substantially similar terms *regardless of the date of offense*.  Otherwise, registered sex offenders from other states with offenses prior to Michigan's 2011 amendments to SORA could seek sanctuary from all sex offender registration by simply relocating to Michigan.  Even if an out of state offender is not required to register in Michigan under MCL 28.723(1)(a) and (b) because the out of state offense is not substantially similar to a "listed offense" as that term is defined in MCL 28.722(j) of SORA, registration should remain required under MCL 28.723(1)(d) because the person is "an individual from another state who is required to register or otherwise be identified as a sex or child offender or predator under a comparable statute of that state."  By clarifying that such an out of state sex offender is similarly required to register in Michigan regardless of offense date, the state of Michigan can give full faith and credit to the lawful determination in another state that the offense

- requires registration, and Michigan can avoid becoming a destination state for offenders seeking to avoid registration.

- HB 5679 attempts to address the constitutional issues surrounding the use of vague terms like "regularly operate" and "routinely used" by adding the term "primary" to the definition of those other terms.  The department has been advised by its attorneys in the present litigation that adding additional descriptive terms such as "primary" will likely result in continued litigation or claims for vagueness.  Like the term "routinely," the term "primary" is subject to varying interpretations and is equally susceptible to vagueness challenges.

- The department would like to address the issue of the fees associated with registration and elimination of the sunset provision.  The department would also like to clarify the indigency provisions and how confusion over that designation has had an impact on fees.

MSP appreciates the committee taking the issue up, and recognizes the opportunity to improve and simplify the process for both offenders and law enforcement agencies.