# Exhibit 124:

## H. Jud. Comm., Summary of H.B. 5679 (H-5) as Passed by House, 100th Leg., Reg. Sess. (Mich. 2020)

SUMMARY OF HOUSE-PASSED BILL
IN COMMITTEE


Senate Fiscal Agency
P.O. Box 30036
Lansing, Michigan 48909-7536


BILL ANALYSIS

Telephone: (517) 373-5383
Fax: (517) 373-1986

House Bill 5679 (Substitute H-5 as passed by the House)
Sponsor:  Representative James A. Lower
House Committee:  Judiciary
Senate Committee:  Committee of the Whole

Date Completed:  12-9-20

CONTENT

The bill would amend the Sex Offender Registration Act to do the following:

-- Modify, from "immediately" (within three business days) to seven days, the time period by which a probation or parole agent must register an individual if the individual's probation or parole is transferred to the State.
-- Modify, from "immediately" to within three days, the time period for which individuals required to the registered under the Act must register or report status changes in person with a local law enforcement agency.
-- Modify the information required to be obtained or otherwise provided for registration purposes and that must be contained in the law enforcement database.
-- Specify that a requirement to report all electronic mail addresses would apply only to an individual required to be registered under the Act after July 1, 2011.
-- Delete a provision prohibiting an electronic mail address and instant message addresses assigned to an individual required to be registered under the Act from being made available on the public internet website.
-- Prohibit an individual's tier classification from being made available on the public internet website.
-- Require the Michigan State Police (MSP) to remove an individual from the law enforcement database and public internet website if the individual presented a court order that the conviction or adjudication requiring the individual to be registered under the Act had been set aside or expunged.
-- Modify the definition of "convicted.

The bill also would repeal Sections 33 to 36 of the Act, which pertain to student safety zones.

Definition of "Convicted"

Under the Act, the term "convicted" includes having a judgment of convictions or a probation order entered in any court having jurisdiction over criminal offense, including a tribal court or military court, and including a conviction subsequently set aside under Public Act (PA) 213 of 1965, which provides for setting aside convictions in certain criminal cases. Under the bill, "convicted" *would not* include a conviction that was subsequently set aside under PA 213 or otherwise expunged.

"Convicted" also includes either of the following:

-- Being assigned to youthful trainee status under the Holmes Youthful Trainee Act (HYTA), before October 1, 2004; however, this provision does not apply if a petition was granted under Section 8c at any time allowing the individual to discontinue registration under the Act, including a reduced registration period that extends to or past July 1, 2011, regardless of the tier designation that would apply on and after that date.
-- Being assigned to youthful trainee status under HYTA before October 1, 2004, if the individual is convicted of any other felony on or after July 1, 2011.

Instead, under the bill, "convicted" would include being assigned to youthful trainee status under HYTA before October 1, 2004. An individual who was assigned to and successfully completed a term of supervision under HYTA would not be convicted for purposes of the Act. The exception described above still would apply.

Registration

Under the Act, except as otherwise provided, for an individual convicted of a listed offense on or before October 1, 1995, if the individual's probation or parole is transferred to the State after October 1, 1995, the probation or parole agent must register the individual immediately after the transfer. "Immediately" means within three business days.

The bill, instead, would require the probation or parole agent to register the individual within seven days after the transfer. The bill also would delete the definition of "immediately".

The Act requires all of the following to register with the local law enforcement agency, sheriff's department, or the MSP immediately after becoming domiciled or residing, working, or being a student temporarily in the State:

-- An individual convicted in another state or country on or after October 1, 1995, of a listed offense as defined before September 1, 1999.
-- An individual convicted in another state or country of an offense added on September 1, 1999, to the definition of listed offenses.
-- An individual convicted in another state or country of a listed offense before October 1, 1995, and an individual convicted in another state or country of an offense added on September 1, 1999, to the definition of listed offenses, who is convicted of any other felony on or after July 1, 2011.
-- An individual required to be registered as a sex offender in another state or country regardless of when the conviction was entered.

The bill would require the above individuals to register within three business days, instead of immediately, after becoming domiciled or residing, working, or being a student temporarily in the State.

Reporting Status to Registering Authority

Section 4a of the Act requires an individual required to be registered under the Act who is not a Michigan resident to report his or her status in person to the registering authority having jurisdiction over a campus of an institution of higher education if either of the following occurs:

-- The individual is or enrolls as a student with that institution of higher education or the individual discontinues that enrollment.
-- As part of his or her course of studies at an institution of higher education in this state, the individual is present at any other location in this state, another state, a territory or

possession of the United States, or the individual discontinues his or her studies at that location.

An individual required to be registered under the Act who is a Michigan resident must report his or her status in person to the registering authority having jurisdiction where his or her new residence or domicile is located if any of the events described above occur.

The report required above must be made as follows:

-- For an individual registered under the Act before October 1, 2002, who is required to make his or her first report, by January 15, 2003.
-- Immediately after he or she enrolls or discontinues his or her enrollment as a student on that campus including study in Michigan or another state, a territory or possession of the United States, or another country.

The bill would require the report to be made within three days, instead of immediately, after he or she enrolled or discontinued enrollment as a student.

Reporting Status Changes

An individual required to be registered under the Act who is a Michigan resident must report in person and notify the registering authority having jurisdiction where his or her residence or domicile is located immediately after any of the following occur:

-- The individual changes or vacates his or her residence or domicile.
-- The individual changes his or her place of employment, or employment is discontinued.
-- The individual enrolls as a student with an institution of higher education, or enrollment is discontinued.
-- The individual changes his or her name.
-- The individual intends to temporarily reside at any place other than his or her residence for more than seven days.
-- The individual establishes any electronic mail or instant message address, or any other designations used in internet communications or postings.
-- The individual purchases or begins to regularly operate any vehicle, and when ownership or operation of the vehicle is discontinued.
-- Any change required to be reported under Section 4a.

Instead, under the bill, an individual required to be registered under the Act who is a Michigan resident would report in person, or in a manner prescribed by the MSP, and notify the registering authority having jurisdiction where his or her residence or domicile was located within three days after any of the following occurred:

-- The individual changed or vacated his or her residence or domicile.
-- The individual changed his or her place of employment, or employment was discontinued.
-- The individual enrolled as a student with an institution of higher education, or enrollment was discontinued.
-- The individual changed his or her name.
-- Any change required to be reported under Section 4a.

An individual required to be registered under the Act who was a Michigan resident would have to report in the manner prescribed by the MSP to the registering authority having jurisdiction where his or her residence or domicile was located within three days after either of the following occurred:

-- The individual intended to reside temporarily at any place other than his or her residence for more than seven days.
-- Except as otherwise provided, any change in vehicle information, electronic mail addresses, internet identifiers, or telephone numbers registered to or used by the individual.

The requirement to report any change in electronic mail addresses and internet identifiers would apply only to an individual required to be registered under the Act after July 1, 2011. "Internet identifier" would mean all designations used for self-identification purposes or routing in internet communications or posting.

Under the Act, an individual required to be registered under the Act, who is not a Michigan resident but has his or her place of employment in Michigan must report in person and notify the registering authority having jurisdiction where his or her place of employment is located of the MSP post of the individual's place of employment immediately after the individual changed his or her place of employment or employment is discontinued. The bill would require the reporting within three days, instead of immediately.

Under the Act, immediately after either of the following occurs, the Michigan Department of Corrections (MDOC) must notify the local law enforcement agency or sheriff's department having jurisdiction over the area to which the individual is transferred or the MSP post of the transferred residence or domicile of an individual required to be registered under the Act:

-- The individual is transferred to a community residential program.
-- The individual is transferred into a level one correctional facility of any kind, including a correctional camp or work camp.

The bill would require notification to be made within seven days, instead of immediately.

The Act requires an individual required to be registered under the Act who is a Michigan resident to report in person and notify the registering authority having jurisdiction where his or her residence or domicile is located immediately before he or she changes his or her domicile or residence to another state. The bill would require the notification to be made within three days, instead of immediately.

Under the bill, if an individual required to be registered under the Act presented an order to the MSP or the appropriate registering authority that the conviction or adjudication for which the individual was required to be registered under the Act had been set aside under PA 213 or had been otherwise expunged, his or her registration under the Act would have to be discontinued. If this provision applied, the MSP would have to remove the individual from both the law enforcement database and the public internet website.

<u>Notice to Registered Individuals</u>

Section 5a of the Act specifies that upon the release of an individual registered under the Act who is in a State correctional facility, the MDOC must provide written notice to that individual explaining his or her duties under Section 5a and the Act and the procedure for registration, notification, and verification and payment of the registration fee. The individual must sign and date the notice. The MDOC must maintain a copy of the signed and dated notice in the individual's file. The MDOC must forward the original notice to the MSP immediately, regardless of whether the individual signs it. Under the bill, the MDOC would have to forward the original notice to the MSP within seven days, instead of immediately.

The Act requires an individual required to be registered under the Act who is not incarcerated to report in person to the registering authority where he or she is domiciled or resides for verification of domicile or residence.

When an individual reports for domicile or residence verification, an officer or authorized employee of the registering authority must verify the individual's residence or domicile and any information required to be reported under Section 4a. The officer or authorized employee also must determine whether the individual's photograph required under the Act matches the appearance of the individual sufficiently to properly identify him or her from that photograph. If not, the officer or authorized employee must require the individual to immediately obtain a current photograph. The bill would require the individual to obtain a current photograph within seven days, instead of immediately.

<u>Driver License or State ID Requirement</u>

Section 5a of the Act requires an individual required to be registered under the Act to maintain either a valid operator's or chauffeur's license issued under the Michigan Vehicle Code or an official State personal identification card issued under PA 222 of 1972 with the individual's current address. Under the bill, this requirement would not apply to an individual required to be registered under the Act who was homeless. As used in this provision, "homeless" would mean someone who lacks a fixed or temporary residence.

Under the Act, an individual registered under the Act who is incarcerated must report to the Secretary of State immediately after he or she is released to have his or her digitalized photograph taken. The bill would require the individual to report to the Secretary of State within seven days, instead of immediately, after he or she was released.

<u>Registration Information</u>

The Act requires all registration information obtained under the Act to be forwarded to the MSP in the format the Department prescribes. The Act also requires the MSP to maintain a computerized law enforcement database of registrations and notices required under the Act. The information required to be obtained or otherwise provided for registration purposes and that the law enforcement database must contain includes the following, in addition to other prescribed information:

 -- All telephone numbers registered to the individual or routinely used by the individual.
 -- All electronic mail address and instant message addresses assigned to the individual or routinely used by the individual and all login names or other identifiers the individual used when using any electronic mail address or instant messaging system.
 -- The license plate number, registration number, and any description of any motor vehicle, aircraft, or vessel owned or regularly operated by the individual and the location at which the vehicle, aircraft, or vessel is habitually stored or kept.

"Aircraft" means that term as defined in Section 2 of the Aeronautics Code: any contrivance used or designed for navigation of or flight in the air. "Vessel" means that term as defined in Section 44501 of the Natural Resources and Environmental Protection Act: every description of watercraft, other than a seaplane, used or capable of being used as a means of transportation on water irrespective of the method of operation or propulsion.

Instead, the bill would require the following information to be obtained or otherwise provided for registration purposes:

-- All telephone numbers registered to the individual or used by the individual, including residential, work, and mobile telephone numbers.
-- The license plate number and any description of any vehicle owned or operated by the individual.
-- Except as otherwise provided, all electronic mail addresses used by the individual.

The requirement to obtain or otherwise provide for registration purposes electronic mail address information would apply only to an individual required to be registered under the Act after July 1, 2011.

The bill also would delete the definitions of "aircraft" and "vessel".

Public Internet Website

The Act requires the MSP to maintain a public internet website separate from the law enforcement database. Except as otherwise provided, the website must include certain information for each individual registered under the Act, including the license plate or registration number and any description of any motor vehicle, aircraft, or vessel owned or regularly operated by the individual. Instead, the bill would require the public internet website to contain for each individual registered under the Act the license plate number and any description of any vehicle owned or operated by the individual.

The Act also requires the public internet website to contain for each individual registered under the Act the individual's tier classification. The bill would delete this requirement.

The Act prohibits the following information from being made available on the public internet website:

-- The identity of any victim of the offense.
-- The individual's Social Security number.
-- Any arrests not resulting in conviction.
-- Any travel or immigration document numbers.
-- Any electronic mail address and instant message addresses assigned to the individual or routinely used by the individual and all login names or other identifiers the individual used when using any electronic mail address or instant messaging system.

The bill would delete from the list of information prohibited from being made available on the public internet website any electronic mail address and instant message addresses assigned to the individual or routinely used by the individual and all login names or other identifiers the individual used when using any electronic mail address or instant messaging system. The bill would include on the list the individual's tier classification.

Under the Act, if an individual provides the MSP with documentation showing that he or she is required to register under the Act for a violation that has been set aside under PA 213 or that has been otherwise expunged, the Department must note on the public internet website that the violation has been set aside or expunged. The bill would delete this provision.

Penalties

Under the Act, an individual who fails to comply with Section 5a, other than payment of the required registration fee, is guilty of a misdemeanor punishable by up to two years' imprisonment or a maximum fine of $2,000, or both. The bill would refer to an individual who *willfully* failed to comply with Section 5a, other than payment of the required fee.

School Safety Zones

Section 33 of the Act prescribes the definitions for "listed offense", "loiter", "minor", "school", "school property", and "student safety zone".

Section 34 prohibits an individual required to be registered under the Act from working or loitering within a student safety zone, prescribes penalties for a violation, and specifies exceptions to the prohibition.

Section 35 prohibits an individual required to be registered under the Act from residing within a student safety zone, prescribes penalties for a violation, and specifies exceptions to the prohibition.

Section 36 specifies exemptions from the prohibitions prescribed in Sections 34 and 35 for individuals convicted of certain offenses as juveniles or who were discharged from youthful trainee status.

The bill would delete these sections.

MCL 28.722 et al.

BACKGROUND

The Michigan Sex Offender Registry (SOR) was created under the Sex Offender Registration Act in 1994. Since its creation, the Legislature has been amended the Act several times, including in 2006 (prohibiting certain individuals required to be registered under the Act from living, working, or loitering within a "school safety zone" (within 1,000 feet of school property), subject to exceptions),[1] and in 2011 (aligning the Act with the Federal Sex Offender Registration and Notification Act by categorizing offenses subject to the Act's registration and reporting requirements in a tier classification system).[2]

In 2015, a US Federal District Judge ruled that, among other things, the prohibitions on living, working, and loitering within a school safety zone were unconstitutionally vague in violation of the Due Process Clause and that the requirements to report all telephone numbers, electronic mail addresses, and instant message addresses routinely used by an individual required to be registered under the Act were unconstitutionally vague in violation of the Due Process Clause and First Amendment of the US Constitution. *Does v. Snyder*, opinion of the US District Court for the Eastern District of Michigan, Case No. 12-11194 (*Does I*). The plaintiffs (the individuals required to be registered under the Act) and defendants (the Snyder Administration) appealed the case to the Sixth Circuit Court of Appeals, which held that the Act imposes punishment and that the retroactive application of the 2006 and 2011 amendments was unconstitutional. *Does #1-5 v. Snyder*, 834 F3d 696 (US Court of Appeals for the Sixth Circuit) (2016). The Sixth Circuit remanded the case and the District Court entered a final judgment declaring the retroactive application of the Act's 2006 and 2011 amendments violated the Ex Post Facto Clause of the US Constitution and enjoined the Defendants from enforcing the 2006 and 2011 amendments against the plaintiffs. The Snyder Administration appealed to the US Supreme Court, but the Court refused to hear the case.

Shortly after the Sixth Circuit's decision in *Does I*, six plaintiffs filed a class action complaint challenging the constitutionality of the Act. Specifically, the plaintiffs challenged the retroactive application of the 2006 and 2011 amendments; that electronic mail and instant

---

[1] PA 121 and 127 of 2005.
[2] PA 17 of 2011.

message address reporting requirements violated the First Amendment; that the prohibitions on living, working, and loitering within a school safety zone and the requirements to report all telephone numbers, electronic mail addresses, and instant message addresses were unconstitutionally vague; and that the imposition of a strict liability scheme for violations of the Act violated the Due Process Clause. A Federal District Judge certified a primary class that included all individuals required to be registered under the Act and two ex post facto subclasses.

In May 2019, the district court entered a stipulated order granting declaratory relief for the plaintiffs, holding that the 2006 and 2011 amendments were unconstitutional as applied to the ex post facto subclasses. The district court also deferred ruling on the issues of injunctive relief and the severability of the 2006 and 2011 amendment for 90 days to allow the Legislature to revise the Act to comply the *Does I* decision and address the Act's constitutional deficiencies.

In February 2020, the district court declared the Act null and void as applied to members of the ex post facto subclasses (any individual required to be registered under the Act who offense required registration prior to April 12, 2011) and prohibited the Defendants from enforcing any of the Act's provisions against members of the ex post facto subclasses. *Doe v. Snyder*, opinion of the US District Court for the Eastern District of Michigan, Case No. 16-13137 (*Does II*). The court prohibited the enforcement of the prohibitions on living, working, and loitering within a student safety zone; the requirements to report telephone numbers, electronic mail addresses, and instant message addresses routinely used by the individual required to be registered under the Act; and the requirement to report license plate and registration numbers of any motor vehicle, aircraft, or vessel regularly operated by the individual required to be registered under the Act. The district court also delayed the effective date of its decision until 60 days after entry of the final judgment to allow the Legislature to enact a new statute and to ensure that individuals required to be registered under the Act, prosecutors' offices, and law enforcement would receive notice of the order before relief took effect.

In April 2020, the district court issued an interim order delaying entry of final judgment in *Does II* because of the COVID-19 pandemic. The order prohibits the Defendants from enforcing regulation, verification, school zone, and fee violations that occurred after February 14, 2020, until the end of the COVID-19 pandemic. The court also ordered the parties to report every 30 days on their progress in completing the tasks set out in the court's February opinion.

Legislative Analyst: Stephen Jackson

FISCAL IMPACT

The bill could have a minimal fiscal impact on the Department of State Police, which administers the SOR, as the Department reports that one of the provisions in its vendor contract for the SOR program requires the vendor to reprogram the system at no cost to the State if there is are legislatively mandated changes.

The bill's provisions allowing a registrant to report to a registering authority by means other than in person if prescribed by the Department, could require additional costs for MSP in the tens of thousands of dollars for postage (return receipt) and roughly $200,000 to $300,000 for SOR employees needed for processing costs, if the US Mail were chosen as a permissible reporting method.

The SOR unit at MSP has a gross annual budget of approximately $1.0 million, 100% of which comes from the SOR Fund. The Fund is supported by fees collected from a $50 annual fee paid by registered sex offenders required to periodically report to a local registering authority (i.e., a local police department, sheriff's department, or MSP post) under the Sex Offenders Registration Act. It allocates $20 from each fee to the court, local law enforcement agency, sheriff's department, or MSP post that registers an offender. The remaining $30 is credited to the SOR Fund. In practice, the $20 retained by an MSP post also is credited to the SOR Fund. Approximately $890,000 to $900,00 is collected annually for deposit into the Fund; these amounts may be used by the Department for training concerning, and the maintenance and automation of, the SOR database, public internet website, or notification and offender registration duties.

Any additional costs necessitated by provisions in the bill would likely not be able to be covered by existing fee revenues and would therefore need to be supported by General Fund/General Purpose dollars.

Fiscal Analyst:  Bruce Baker

SAS\S1920\s5679sa
This analysis was prepared by nonpartisan Senate staff for use by the Senate in its deliberations and does not constitute an official statement of legislative intent.