# Exhibit 138:

Poxson Declaration, *Does II*, No. 16-cv-13137, R. 115-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES #1-6, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

GRETCHEN WHITMER, Governor of the
State of Michigan, and COL. JOSEPH
GASPAR, Director of the Michigan State
Police, in their official capacities,

    Defendants.

File No. 2:16-cv-13137

Hon. Robert H. Cleland

Mag. J. David R. Grand

## DECLARATION OF TIMOTHY POXSON IN SUPPORT PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR CLARIFICATION

1. As stated in my earlier declaration (ECF 112-5), I am a volunteer for the ACLU of Michigan. I have worked with the ACLU on Michigan's Sex Offender Registration Act (SORA) issues since 2010. One of my major responsibilities as the SORA specialist is to be the point person for communication with the 44,000 members of the plaintiff class in the *Does II* litigation.

2. Over the past year or so I have been getting about 40 emails a week, and phone calls range from 3 to 5 a day, with the average being probably a little over 3.

3. Since the Michigan State Police (MSP) SORA Unit sent notice to non-incarcerated registrants, on or about March 24, 2021, the number of calls, emails, and other contacts has mushroomed. In the past week, I have received around 250+ calls, emails, or other contacts from registrants around the state. In addition, a large number of other registrants and registrants' attorneys have been

1

contacting the attorneys of record on this case, the ACLU's regular intake line, and other ACLU staff.

4. Nearly all registrants who contact me have questions about whether they are required to register under the amended SORA, and if so, what their duties are. Most are well aware of this litigation, as well as the prior *Does I* case. Many of the pre-2011 registrants know that the Sixth Circuit held that SORA could not be retroactively applied to them, and that this Court said that SORA was void as to them. Some registrants also know about the Court's interim order suspending enforcement of SORA's registration, verification, school zone, and fee violations.

5. Most of these people who contact me have received and read the MSP notice but do not understand what it means for their particular situation. They are extremely confused, and many have questions about how the new law relates to the decisions in *Does I* and *Does II*. Some think that the notices must be a mistake. They believe that as a result of the *Does I* and *Does II* decisions, they do not have to register. Others say they have not been required to register for a year, and they do not understand why they are receiving a letter telling them to register now.

6. The letter registrants received does not mention the *Does I* or *Does II* litigation at all, much less explain to registrants how they can be required to register now even after the earlier court decisions. As I stated in my previous declaration, many of the pre-2011 and post-2011 registrants who contact me are confused about the holdings and the effects of *Does II* on their SORA status. Now, having received the new notice, they are even more confused about what is required under the new SORA 2021.

7. The new notice does not include a phone number for registrants to call the statewide MSP SORA office for more information. Instead it says, "If you have any questions regarding the amendments to the SORA or your reporting obligations, you may contact your legal counsel or the registering authority having jurisdiction over your residence, which the *local* police agency, county sheriff, or *local* Michigan State Police post." Notice, ECF 113-5, PageID# 2309 (emphasis added).

2

8. Many people reported that they had called the Michigan State Police or their local law enforcement agency to confirm that they should now once again register/report, only to be told by law enforcement officials that they did not need to come in because they did not have to register. This information came from some state police offices as well as from some county/city law enforcement offices. Registrants are especially confused in cases where the information on the notice differs from what they have been told by law enforcement or county prosecutors, which is happening with great frequency.

9. The following emails from registrants are typical of those I receive:

"When I spoke with the desk sergeant over the telephone at my local michigan state police post, I was informed that they were not accepting registrants currently whose convictions occurred prior to 2011. He told me that court case has yet to be decided and they were aware the mass mailed letter did not make that "abundantly clear" (his words)."

"i received the letter with the form from msp and i called them and they said because my case was before 2011 i can throw that letter and form away and do nothing because i am not required to register at this time."

"I was at the msp today. They are telling ppl with their letters that if your pre 2011 you are still not required to register. Have you guys heard anything?"

10. In other words, many of the registrants who contacted me thought they were supposed to resume registration pursuant to the notice, but when they contact law enforcement, they are being told that they were wrong. This was especially true for people whose underlying sex offense occurred before 2011 (the ex post facto subclass in *Does II*).

11. Another group facing mass confusion is those whose first reporting month has or will arrive quickly—people who in the past had to report in March, April or May, and now need to once again report during those months. The letter sent to registrants does not say *when* they have to register, and so people are confused

3

about whether the prior birth-month-based reporting schedule applies, or whether there is some different reporting schedule.

12. I must have had 65+ contacts from people who wanted to make sure that (a) they do in fact have to register again; (b) when they have to register; and (c) whether, if they go to register in the coming weeks, the responsible law enforcement agency will in fact be open to the public (despite the pandemic) and they will be able to register/report. Many of these individuals have been told by law enforcement that they do not need to register.

13. I tried to learn from registrants *why* the police were saying that the person did not need to register, but no one could give me a definitive answer. It may be that police officers in the many different law enforcement agencies responsible for enforcing SORA simply have no idea what is going on. Or it may be that officers are still operating under a February 21, 2020, Enforcement Memo, ECF 89-2, which the MSP issued after this Court's Opinion and Order Granting Plaintiffs' Motion for Injunctive & Notice Relief (ECF 84, February 14, 2020). That memo advised that "[n]o administrative action (e.g. verification of registration, collection of annual fees) shall be taken unless the member can validate the offense that required registration occurred after April 11, 2011." Or it may be that police officers believe reporting is barred under this Court's Interim Order Delaying Judgment, Barring Enforcement, etc. (ECF 91, April 6, 2020). The MSP posted notice of the interim order on the MSP's SORA website on April 7, 2020, and it remains there today. *See* Attachment A, MSP Notice: Interim Order and Injunction Impacting Enforcement of Michigan's Sex Offenders Registration Act.

14. One registrant forwarded me an email sent by the MSP SOR Unit on March 30, 2021, stating:

> The Michigan State Police posts have now been directed to allow all Michigan registrants to make updates, pay fees, and verify if they voluntarily choose too [sic]. As of right now, MSP is not enforcing the new SOR law as there is still a federal injunction in place. Please advise the post that we are asking them to allow you to update your record.

4

15. Even those registrants who received the notice and understand that they must register are very confused about what they are supposed to do. Although registrants vary greatly in their level of education, I have learned in working with registrants for the last decade, that many find it difficult to understand complicated legal concepts unless they are put in plain English. The notice sent by the state, which is five pages (with a three-page attachment to be used for mail updates), is very difficult for non-lawyers to understand.

16. A major area of confusion is what information must be reported in person and what information can be updated by mailing in the update form. Registrants report that they are contacting their local law enforcement agency for clarification, and in some cases are being told that they can do all reporting by mail. Other registrants report being incorrectly told that certain information *must* be reported by mail, and that they cannot report changes to that information in person.

17. The following emails are typical of those I receive:

    "I called the Michigan State Police post in Mount pleasant Michigan they told me to fill out that letter and to send that back in and then that [] I would not have to report until they notified me again at a later date if I need to do anything else I. I double checked I asked the question again and the sergeant or lieutenant whoever was there I don't remember told me that I did not have to report at that letter is all I need to do at the time was to fill that out with my address and vehicle email and phone number simple basic letter."

    "I called michigan state police on the letter I received for my duty of regi[st]ering and they told me to use the form and that's it."

18. In sum, there is mass confusion among registrants about whether they must register, and if so what they are supposed to do. Registrants are consistently reporting that they are receiving conflicting information about their obligations from law

enforcement, that they do not know what they are supposed to do, and that they are confused about how the new law relates to the litigation.

Pursuant to 28 U.S.C. § 1746, I state under penalty of perjury that the above statements are true and correct to the best of my knowledge, information, and belief.

Dated: April 1, 2021

Timothy Poxson
ACLU-Michigan Volunteer

# Attachment A to Exhibit 138
# Michigan State Police Notice

Contact MSP    Online Services    MSP Home    MI.gov



MSP

# NOTICE: Interim Order and Injunction Impacting Enforcement of Michigan's Sex Offenders Registration Act

**April 7, 2020**

On April 6, 2020, the United States District Court for the Eastern District of Michigan issued an Interim Order and Injunction in the case of John Doe, et al. v. Richard Snyder, et al., Case No. 16-13137. This case is a class action lawsuit challenging the constitutionality of the Michigan's Sex Offenders Registration Act (SORA).

The Court specifically prohibited the defendants and their agents, which includes members of the Michigan State Police (MSP), from enforcing registration, verification, school zone and fee violations of SORA that occurred or may occur from February 14, 2020, until the current COVID-19 crisis has ended, and thereafter until registrants are notified by the MSP of what duties they have under the SORA going forward.

The Court stated the "current COVID-19 crisis" shall be considered ended when there is no longer an operative federal or state executive order or legislative act declaring a state of emergency, or when the Court determines that the conditions giving rise to the need for the Interim Order no longer apply.

The Court noted that the interim injunction only prohibits enforcement of the SORA; it does not prevent the MSP from maintaining the Sex Offender Registry, such as inputting information about new registrants or continuing the Public Sex Offender Registry. Furthermore, the Interim Order and Injunction does not prohibit individuals required to be registered under the SORA from voluntarily complying with the requirements of the SORA, including, but not limited to, reporting in-person to a registering authority to register or verify information required to be reported under the SORA.