UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JOHN DOES, et al.,<br>         Plaintiffs,<br>v.<br><br>GRETCHEN WHITMER, et al.,<br>         Defendants. | No. 2:22-cv-10209<br><br>Hon. Mark A. Goldsmith<br><br>Mag. J. Curtis Ivy, Jr. |

# PLAINTIFFS' SUPPLEMENTAL BRIEF

# RE *PEOPLE V. LYMON*

Introduction

*People v. Lymon*, -- N.W.3d --, 2024 WL 3573528, at *1 (2024), held that registering non-sex offenders is cruel or unusual punishment under the Michigan Constitution. Although *Lymon* rests on a different legal theory than that alleged here, there is now a state constitutional bar to registration of people who did not commit sex offenses. Nevertheless, for the roughly 300 members of the Non-Sex Offense Subclass,[1] the procedural questions remain: how and by whom should it be decided whether a non-sex offense conviction involves a crime with a sexual component that results in registration? Those questions can only be answered in this class action.

I. **Like the Michigan Supreme Court, this Court Should Hold that Registering Non-Sex Offenders Is Unconstitutional.**

Count VII alleges that registration of non-sex offenders violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Am. Compl., ECF No. 108, PageID. 2983-2984. *Lymon* attacked the issue from a different angle. The Michigan Supreme Court's decision that registration of people who did not commit sex offenses violates Michigan's Cruel or Unusual Punishment Clause strongly supports the subclass's claim of entitlement to procedural protections before

---

[1] Pls' Facts, ECF No. 123-1, PageID.3717 (class data analysis shows 298 subclass members). The subclass is "members of the primary class who are or will be subject to registration for an offense without a sexual component including convictions for violating M.C.L. § 750.349 (other than convictions for violating M.C.L. § 750.349(1)(c) or M.C.L. § 750.349(1)(f)), § 750.349b, § 750.350, or a substantially similar offense in another jurisdiction." Class Cert. Order, ECF No. 35, PageID.1118.

1

being required to register. Under *Lymon*, registration is punishment for people who did not commit sex offenses, and of course punishment cannot be imposed without adequate procedural protections. *Morrisey v. Brewer*, 408 U.S. 471, 481 (1972).

## II. *Lymon* Does Not Moot Plaintiffs' Claim.

Defendants have never offered any merits arguments about registering non-sex offenders; indeed, they have admitted that it is unconstitutional absent procedural protections. Defs' Br., ECF No. 129, PageID.7189. Defendants' only defense has been, and remains, mootness. But the non-sex offense claim is not moot.

First, it is important to recall how Defendants responded when the Court of Appeals held in *Lymon* that registration of non-sex offenders was unconstitutional. Instead of simply removing registrants with non-sex offenses, the Michigan State Police interpreted *Lymon* as permitting registration for people convicted of non-sex offenses if the offense had an (unproven) sexual component. The MSP left it to *prosecutors* to decide whether registration should be required, based on their assessment of the alleged facts. There was no notice, no opportunity to be heard, and no judicial determination that the offense was sexual in nature. MSP also did not remove *any* registrants who had non-sex offense convictions from other jurisdictions. Pls' Facts, ECF No. 123-1, PageID.3848-3851; *Cam I, Inc. v. Louisville/Jefferson Cty. Metro. Gov't*, 460 F.3d 717, 720 (6th Cir. 2006) (not moot where some harm remained).

Last week, when *Lymon* was issued, Plaintiffs reached out to Defendants to

2

ask whether MSP will remove all people registered based on non-sex offense convictions, or instead will again leave registration decisions up to prosecutors. Defendants had no updates. Exhibit A, Email Exchange. In short, nothing has changed. Of the approximately 298 people in the Non-Sex Offense Subclass, about 146 remain on the registry.² Pls' Facts, ECF No. 123-1, PageID.3847-3851. And those who were removed can be put back on the registry at any time: all it takes is for a prosecutor to decide that the offense had a sexual component.³ *Id.*, PageID.3851.

---

² Defendants claim that only 14 people convicted of non-sex offenses whom prosecutors decided should be registered are still on the registry. Defs' Resp. to Pls' Facts, ECF No. 129-2, PageID.7483. And the Michigan Supreme Court, apparently confused by the MSP's amicus brief, stated that 295 people with non-sex offenses had been removed. *Lymon*, 2024 WL 3573528, at *17, n.24. What actually happened is that after the Court of Appeals' *Lymon* decision, MSP asked prosecutors to determine whether there was a sexual component to registrants' non-sex offense convictions. MSP did so, however, for only 170 of the roughly 300 subclass members. Elbakr Decl., ECF No. 123-27, PageID.4804-4806. MSP did not review or remove any people registered for non-sex offense convictions from other jurisdictions (about 22), even though they are clearly part of the subclass. Pls' Facts, ECF No. 123-1, PageID.3717; 3850. MSP also did not review subclass members with both non-sex and sex-offense convictions, perhaps assuming they would be subject to registration in any event. Defs' Resp. to Pls' Facts, ECF No. 129-2, PageID.7482-7483; Beatty Dep., ECF No. 126-1, PageID.5770. But because the removal of the non-sex offense can affect a person's tiering (which controls both registration obligations and length of registration), some such class members may be entitled to reduced obligations or be entitled to removal if the registration term for their sex offense has run.

  Of the 170 subclass members that MSP did review, prosecutors said 14 should remain on the registry; 17 were removed per a prosecutorial recommendation or court order. The remainder were removed after prosecutors failed to respond. Elbakr Decl., ECF No. 123-27, PageID.4805-4806.

³ It is unclear if MSP will rely on the process it used after the Court of Appeals decision or will repeat that process in hopes that prosecutors who previously failed to respond (in over 100 cases, which then led to removal) will now do so. What is

3

The second key point is that the Michigan Supreme Court, in holding that registration of non-sex offenders is cruel/unusual punishment, had no reason to consider—and did not consider—what procedures should apply to determine who is a "non-sex offender." The Court simply held that registrants "whose crimes lacked a sexual component are entitled to removal from the sex offender registry." *Lymon*, 2024 WL 3573528, at *17. Thus, there is now a substantive state constitutional bar to registration of people who did not commit sex offenses. But *Lymon* said nothing about the procedures for determining whether the crime lacked a sexual component.

This case presents precisely that issue. Plaintiffs argue that (1) people who were not convicted of sex offenses are entitled to due process protections before being subjected to SORA, and (2) it violates equal protection to deny hearings to the subclass when other people convicted of non-sex offenses are subject to SORA only under SORA's "catch-all" provision, <u>*after* a judicial determination</u> that the conduct was sexual in nature. M.C.L. § 769.1(13). Pls' SJ Mot., ECF No. 123, PageID.3673-3677. The subclass seeks to enjoin enforcement of SORA absent a judicial determination under the standards of M.C.L. § 769.1(13) that their offense "by its nature constitutes a sexual offense against an individual who is a minor." M.C.L. § 28.722

---

clear is that MSP will put people who were previously removed back on the registry if prosecutors decide that they should register. Defs' Resp. to Pls' Facts, ECF No. 129-2, PageID.7484. The MSP has also still not removed people with non-sex offenses from other jurisdictions. Nor has it evaluated the correctness of tiering determinations for those with both registrable sex and non-sex offense convictions.

4

(r)(vii).[4] Am. Compl., ECF No. 108, PageID.2984. Because *Lymon* did not specify such relief, the claims of the subclass are not moot. *Lymon* provides relief to one person where the non-sexual nature of the offense was undisputed. This Court's decision in *Does III* is the only way to ensure that both the substantive and procedural rights of the hundreds of people in the Non-Sex Offense Subclass are protected.

**III.     *Lymon* Also Supports Plaintiffs' Claim that Registration Is Punishment.**

*Lymon*'s holding that SORA 2021, like its predecessor, is punishment supports Plaintiffs' ex post facto claims (Counts I & II). *Lymon* is limited to non-sex offenders, but much of its reasoning applies to the registry in general: SORA 2021 resembles the traditional punishments of parole and shaming; imposes significant disabilities and restraints; and reflects traditional punishment goals because it is imposed based solely on past convictions without any individualized review. *Lymon*, 2024 WL 3573528, at *7-11. *Lymon* did not rely on the social science in concluding that SORA 2021 is punishment because the research around SORA's inefficacy does not apply to non-sex offenders. *Id.* at *12. That makes the case even stronger here, where both sides' experts agree that registries are not effective, Pls' Facts, ECF No. 3741, PageID.3739-3741, and where there is evidence about the very population at issue, namely Michigan registrants. Class Data Expert Rept., ECF No. 123-6.

---

[4] SORA's mandatory registration provisions for people with non-sex offenses likewise involve offenses against minors. *See* M.C.L. § 28.722(r)(iii), (r)(x), (v)(ii), (v)(iii), (v)(viii); M.C.L. § 750.349; M.C.L. § 750.349b; M.C.L. § 750.350.

5

Respectfully submitted,

<div style="columns:2">

s/ Miriam Aukerman (P63165)
Attorney for Plaintiffs
American Civil Liberties Union
    Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org


s/ Daniel S. Korobkin (P72842)
s/ Syeda Davidson (P72801)
American Civil Liberties Union
    Fund of Michigan
Attorney for Plaintiffs
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

s/ Paul D. Reingold (P27594)
Cooperating Counsel, American Civil
    Liberties Union Fund of Michigan
Attorney for Plaintiffs
Univ. of Michigan Law School
802 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 355-0319 - pdr@umich.edu


s/ Roshna Bala Keen (Ill. 6284469)
s/ Lauren Carbajal (Cal. 336485)
Loevy & Loevy
Attorney for Plaintiffs
Cooperating Counsel, American Civil
    Liberties Union Fund of Michigan
311 North Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900 - roshna@loevy.com

</div>

Dated: August 6, 2024

## LOCAL RULE CERTIFICATION

I, Miriam Aukerman, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted material and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 points (for proportional fonts). I also certify that is it the appropriate length under this Court's July 30, 2024, order.

<div style="text-align: right;">s/ Miriam Aukerman (P63165)</div>