# Exhibit A:
## Email Correspondence between Miriam Aukerman and Scott Damich

**From:** Damich, Scott (AG) <DamichS@michigan.gov>
**Sent:** Wednesday, July 31, 2024 8:58 AM
**To:** Miriam Aukerman <maukerman@aclumich.org>; Restuccia, Eric (AG) <RestucciaE@michigan.gov>; Jamison, Eric (AG) <JamisonE@michigan.gov>
**Cc:** pdr@umich.edu; Syeda Davidson <sdavidson@aclumich.org>; Dan Korobkin <dkorobkin@aclumich.org>
**Subject:** RE: [External] Lymon decision

Good morning, Miriam:

We are scheduled to meet internally about the *Lymon* decision once both Eric's return from their scheduled vacations. With that said, we won't be able to get you responses to your questions by COB tomorrow. Also, with both Eric's out on vacation the remainder of this week, I don't think a call tomorrow or Friday will work.

-Scott


Scott L. Damich
Assistant Attorney General
Michigan Department of Attorney
General State Operations Division
damichs@michigan.gov
(517) 335-7573 - Office


**From:** Miriam Aukerman <maukerman@aclumich.org>
**Sent:** Tuesday, July 30, 2024 6:18 PM
**To:** Restuccia, Eric (AG) <RestucciaE@michigan.gov>; Jamison, Eric (AG) <JamisonE@michigan.gov>; Damich, Scott (AG) <DamichS@michigan.gov>
**Cc:** pdr@umich.edu; Syeda Davidson <sdavidson@aclumich.org>; Dan Korobkin <dkorobkin@aclumich.org>
**Subject:** Lymon decision

> **CAUTION: This is an External email. Please send suspicious emails to abuse@michigan.gov**

Dear Eric, Eric and Scott,

As you are aware, the Michigan Supreme Court has issued its decision in *Lymon*, and Judge Goldsmith has ordered briefing in *Does III*.

In order to assess the impact of *Lymon* on the non-sex offense claim, we need to know how the state will be responding to the *Lymon* decision. Specifically, we need to know:

1. Will the MSP permanently remove all registrants who are subject to registration for an offense without a sexual component including convictions for violating M.C.L. §

   750.349 (other than convictions for violating M.C.L. § 750.349(1)(c) or M.C.L. § 750.349(1)(f)), § 750.349b, and § 750.350? By when will this occur?

2. What process will the MSP use to determine if an individual with the convictions listed above should be removed? Will the MSP remove everyone who is on the registry based on one of the convictions specified above? Or will the MSP use the same process as was used after the Court of Appeals' decision where the MSP allows a prosecutor to decide whether a person should remain on the registry? If a prosecutor determines that the offense had a sexual component, will the person be required to register? By when will this process be completed?

3. Will registrants receive notice, an opportunity to be heard and a judicial determination that their offense had a sexual component before a decision about whether they are required to register?

4. Under the procedures adopted in response to the Court of Appeals' *Lymon* decision, the MSP kept some people on the registry based on a prosecutorial (not judicial) decision that the person should register. Will the MSP now remove those registrants from the registry?  Will those individuals receive notice, an opportunity to be heard, and a judicial determination of whether their offense had a sexual component?

5. If a prosecutor initially does not respond to a request from the MSP about whether a person should remain subject to registration, but later informs the MSP that the prosecutor believes the person is subject to registration, will the MSP place that person on the registry?

6. Will the MSP permanently remove all registrants who are subject to registration for a substantially similar offense in another jurisdiction? If yes, how will the MSP identify those individuals? What process will the MSP use to determine if those registrants will be removed? By when will these people be removed/this process be completed?

7. What notice or information will be provided to registrants who are removed by the MSP regarding whether they have an obligation to register? The prior notices told registrants that "this is not a determination that you no longer need to register," and indicated that if a prosecutor determined they needed to register, they would be required to do so. Will the MSP be conveying the same information this time? By when will registrants be notified?

8. For people with both a non-sex offense conviction and sex offense conviction, will the MSP review the duration of those individuals' registration requirements to determine if the registry term/Tier is short/lower for the sex-offense conviction than the non-sex offense conviction? Will the MSP correct the tier status and registration term to reflect the fact that the non-sex offense conviction cannot be the basis for registration?

9. By when can Defendants provide us with a list of registrants who have been permanently removed from the registry based on the *Lymon* decision, as well as a list

of registrants convicted of non-sex offenses who are not being removed?

We recognize that you will need to consult with your clients to answer these questions. We ask that you provide us answers by the close of business on Thursday afternoon so that we can determine our position and brief the issues.

We think it would likely also be helpful to meet. **Please let us know your availability on Thursday and Friday.**

Thank you.

Miriam


**Miriam Aukerman**
Pronouns: she, her

Senior Staff Attorney
American Civil Liberties Union of
Michigan 1514 Wealthy, Suite 260

Grand Rapids, MI 49506
*(Offices in Detroit, Grand Rapids and Lansing)*
616 301 0930 | maukerman@aclumich.org



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*