EXHIBIT A:

DRAFT PROPOSED JUDGMENT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN DOES, et al.,

            Plaintiffs,

v.

GRETCHEN WHITMER, et al.,

            Defendants.

No. 2:22-cv-10209

Hon. Mark A. Goldsmith

Mag. J. Curtis Ivy, Jr.

## **FINAL JUDGMENT**

WHEREAS Plaintiffs filed a complaint (ECF No. 1) in February 2022 and subsequently filed an amended complaint (ECF No. 108) in April 2023 challenging the constitutionality of the version of Michigan's Sex Offenders Registration Act (SORA), Mich. Comp. Laws § 28.721 *et seq.*, as amended effective March 24, 2021;

WHEREAS the Court entered stipulated orders on class certification in May 2022 and May 2023 (ECF Nos. 35, 109) which certified:

- a "primary class," defined as people who are or will be subject to registration under Michigan's Sex Offenders Registration Act (ECF No. 35, PageID.1116);

- a "pre-2011 ex post facto subclass," defined as members of the primary class who committed the offense(s) requiring registration before July 1, 2011 (ECF No. 35, PageID.1117);

1

- a "retroactive extension of registration subclass," defined as members of the primary class who were retroactively required to register for life as a result of amendments to SORA (ECF No. 35, PageID.1117);

- a "barred from petitioning subclass," defined as members of the primary class who are ineligible to petition for removal from the registry and for whom ten or more years will have elapsed since the date of their conviction for the registrable offense(s) or from their release from any period of confinement for that offense(s), whichever occurred last, and who (a) have not been convicted of any felony or any registrable offense since; (b) have successfully completed their assigned periods of supervised release, probation, or parole without revocation at any time of that supervised release, probation, or parole; and (c) have successfully completed an appropriate sex offender treatment program, if successful completion of a sex offender treatment program was a condition of the registrant's confinement, release, probation, or parole (ECF No. 35, PageID.1117-1118);

- a "non-sex-offense subclass," defined as members of the primary class who are or will be subject to registration for an offense without a sexual component including convictions for violating Mich. Comp. Laws § 750.349 (other than convictions for violating Mich. Comp. Laws § 750.349(1)(c) or Mich. Comp.

2

Laws § 750.349(1)(f)), § 750.349b, § 750.350, or a substantially similar offense in another jurisdiction (ECF No. 35, PageID.1118);

- a "plea bargain subclass," defined as members of the primary class who gave up their right to trial and pled guilty to a registrable offense in Michigan and who, as a result of retroactive amendments to SORA, (a) were retroactively subjected to SORA even though there was no registration requirement at the time of their plea; or (b) had their registration terms retroactively extended beyond that in effect at the time of their plea (ECF No. 35, PageID.1118);

- a "post-2011 subclass," defined as members of the primary class who committed the offense(s) requiring registration on or after July 1, 2011 (ECF No. 35, PageID.1118); and

- a "non-Michigan offense" subclass, defined as members of the primary class who are or will be subject to sex offender registration under Mich. Comp. Laws §§ 28.722 (r)(x); (t)(xiii); (v)(viii); or 28.723(1)(d), for a conviction or adjudication from a jurisdiction other than Michigan (ECF No. 109, PageID.3128);

WHEREAS the parties filed cross-motions for summary judgment and responses (ECF No. 123, 129, 131, 132), statements of material facts (ECF Nos. 123-1, 129-1), counterstatements of material facts (ECF Nos. 129-2, 131-1), and supplemental briefs (ECF Nos. 145, 146, 154, 155);

3

WHEREAS on September 27, 2024, the Court issued an Opinion and Order granting in part Plaintiffs' Motion for Summary Judgment and granting in part Defendants' Motion for Summary Judgment (ECF No. 158); and

WHEREAS {ADD ANY FURTHER PROCEEDINGS};

IT IS NOW ORDERED that the Court enters final judgment as follows:

**Count I:     Ex Post Facto – Pre-2011 Ex Post Facto Subclass**

[The parties are continuing to discuss the terms of the proposed judgment with regard to the Court's ruling on the first count.]

**Count II:    Ex Post Facto and Due Process – Retroactive Extension of Registration Subclass**

1.     IT IS HEREBY ORDERED that Plaintiffs are granted summary judgment on Count II, which challenged the retroactive extension of SORA's registration terms under the Ex Post Facto Clause of the United States Constitution. With respect to Plaintiffs' claim that retroactive extension of SORA's registration terms violates the Due Process Clause of the United States Constitution, the Court finds it unnecessary to decide this issue given the Court's ruling under the Ex Post Facto Clause.

2.     IT IS FURTHER ORDERED that a declaratory judgment is entered that the [Defendants: 2011] amendments to SORA that retroactively extended registration terms and remain in the current SORA, as amended effective March 24, 2021, violate the Ex Post Facto Clause of the United States Constitution.

3.     IT IS FURTHER ORDERED that

[Plaintiffs:

Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them, are permanently enjoined from requiring registration under SORA or enforcing SORA against Does A, B, C, D, E, G, Ms. Doe, Ms. Roe, and the retroactive extension of registration subclass, for a term longer than was in effect at the time of the registrant's offense or for registrants whose offense predated the creation of SORA for longer than the term in effect on October 1, 1995, when SORA was initially adopted ("the original registration term"). The original registration terms are:

    a. For Doe A, Doe B, Doe E and members of the retroactive extension of registration subclass whose registrable offense was committed before September 1, 1999: 25 years of registration after the date of initially registering as a sex offender. *See* Public Act 295, sec. 5(3) (1994).

    b. For Doe C, Doe D, Doe G, Mary Doe, Mary Roe and members of the retroactive extension of registration subclass whose registrable offense was committed on or after September 1, 1999, and before July 1, 2011: 25 years of registration after the date of initially registering as a sex offender, or 10 years after release from a state correctional facility, whichever is longer. *See* Public Act 85, sec. 5(6) (1999).

[Defendants:

Defendants and their agents are permanently enjoined from requiring registration or taking enforcement action against members of the "retroactive extension of registration subclass" beyond the duration that was required before the registration terms were extended by the amendments originally introduced in 2011. The registration terms of the "retroactive extension of registration subclass" are limited for these registrants to only the duration that was required before July 1, 2011, which is 25 years of registration after the date of initially registering as a sex offender, or 10 years after release from a state correctional facility, whichever is longer. *See* Public Act 85, sec. 5(6) (1999).

In determining the initial registration date, the Defendants may use the field "Registration Form Date" if available in the SOR database and reflective of the initial registration date. If that field is not populated for a registrant or is not reflective of the initial registration date, the conviction date may be used.  Any period of sex offender registration in another jurisdiction is included in calculating how long a person has been registered.

    4.    IT IS FURTHER ORDERED that Defendants shall [Plaintiffs: immediately remove Doe A, Doe B, and Doe E from the registry, and shall] within __ days

remove all members of the retroactive extension of registration subclass who have completed their original registration term.

5.    IT IS FURTHER ORDERED that Defendants shall remove [Plaintiffs: Doe C, Doe D, Doe G, Mary Doe and Mary Roe and] all members of the retroactive extension of registration subclass when they complete their original registration term.

6.    IT IS FURTHER ORDERED that within __days, Defendants shall provide written notice to all members of the retroactive extension subclass that either informs them that:

a.  They are no longer subject to SORA and have been removed from the registry; or

b.  They are now subject to SORA for the length of time in their original registration term, and what the date is for when their original registration term will expire.

**Count III:  Individualized Review – Due Process and Equal Protection – Primary Class**

7.    IT IS FURTHER ORDERED that Defendants are granted summary judgment on Count III where Plaintiffs and the primary class challenged the imposition of lengthy and lifetime registration requirements without any individual review under the Due Process and Equal Protection Clauses of the United States Constitution.

**Count IV:  Equal Protection – Barred From Petitioning Subclass**

8.     IT IS FURTHER ORDERED that Defendants are granted summary judg-

ment on Count IV where [Plaintiffs: Does A, C, E, G, Ms. Doe, Ms. Roe, and] the

barred-from-petitioning subclass challenged under the federal Equal Protection

Clause SORA's prohibition on their petitioning for removal from the registry on the

same terms as registrants eligible to petition under Mich. Comp. Laws §§ 28.728c

(1), (12).

**Count V: First Amendment – Reporting Requirements – Primary Class and
        Non-Sex-Offense Subclass**

9.     IT IS FURTHER ORDERED that Defendants are granted summary judg-

ment on Count V where [Plaintiffs: Plaintiffs,] the primary class, and the non-sex

offense subclass challenged the reporting requirements of Mich. Comp. Laws §§

28.724a(1)–(4); 28.725(1)–(3), (7)–(8), (10)–(13); §§ 28.725a(3)–(5), (7)–(8); and §

28.727(1) as compelled speech under the First Amendment of the U.S. Constitution,

absent individualized review.

**Count VI:  Due Process – Plea Bargain Subclass**

10.     IT IS FURTHER ORDERED that summary judgment on Count VI, where

[Plaintiffs:  Does A, B, C, D, E, Ms. Roe, and] the plea bargain subclass challenged

the imposition of SORA for life or for a longer term than that in effect at the time of

their plea, is denied as moot because the Court has declared that retroactive extension

of registration terms violates the Ex Post Facto Clause of the United States Constitution and has permanently enjoined such retroactive extensions.

**Count VII:  Due Process and Equal Protection – Non-Sex-Offense Subclass**

11.    IT IS FURTHER ORDERED that Plaintiffs are granted summary judgment on Count VII as to their claim that it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution to require [Plaintiffs: Doe A and] the non-sex offense subclass to register under SORA

[Plaintiffs:

or to enforce SORA against them for a conviction under Mich. Comp. Laws § 750.349,[1] § 750.349b, or § 750.350, or a substantially similar non-sexual conviction in another jurisdiction (hereafter "non-sex conviction") where (a) their registrable offense did not contain a sexual element; and (b) there has been no judicial determination that their offense by its nature constitutes a sexual offense. As to these Plaintiffs' claim that it also violates the federal Equal Protection Clause to register them under SORA absent the judicial determination provided to other registrants convicted of non-sex offenses pursuant to the "catch-all" provision of Mich. Comp. Laws § 769.1(12),[2] the Court finds that it is not necessary to reach that issue as the

---

[1] Mich. Comp. Laws § 750.349(1)(c) and Mich. Comp. Laws § 750.349(1)(f)) are excepted because those offenses have a sexual element.

[2] Mich. Comp. Laws § 769.1(12), which applies to the registration of people under SORA's "catch-all" provision, Mich. Comp. Laws § 28.722(r)(viii), provides

relief ordered here for the due process violation is coextensive with the relief that Plaintiffs sought for the equal protection violation.]

[Defendants:

where there has been no determination from a neutral decision maker that a conviction under Mich. Comp. Laws § 750.349,[3] § 750.349b, or § 750.350, or a substantially similar non-sexual conviction in another jurisdiction (hereafter "non-sex conviction") included a sexual component. The Court finds that it is not necessary to reach the issue of whether there was an Equal Protection violation because the relief ordered here for the Due Process violation is coextensive with the relief that Plaintiffs sought for the Equal Protection violation.]

12.   IT IS FURTHER ORDERED that a declaratory judgment is entered that it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution to require [Plaintiffs: Doe A and] the non-sex offense subclass to register under SORA

[Plaintiffs:

---

that the sentencing court determine whether the offense "by its nature constitutes a sexual offense" against a minor and, if so, include the basis for that determination on the record and include the determination in the judgment of sentence. Mich. Comp. Laws § 769.1(12).

[3] Mich. Comp. Laws § 750.349(1)(c) and Mich. Comp. Laws § 750.349(1)(f)) are excepted because those offenses have a sexual element.

or to enforce SORA against them for a "non-sex conviction" unless there is a judicial determination that the "non-sex conviction" was an offense that by its nature constitutes a sexual offense]

[Defendants:

or take enforcement action against them unless there is a determination from a neutral decision maker that the offense included a sexual component.]

13.    IT IS FURTHER ORDERED that Defendants,

[Plaintiffs:

their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them, are permanently enjoined from requiring registration under SORA or enforcing SORA against Doe A and the non-sex offense subclass based on a non-sex offense conviction absent a judicial determination that the "non-sex conviction" was for an offense that by its nature constitutes a sexual offense.]

[Defendants:

and their agents are permanently enjoined from requiring registration under SORA or taking enforcement action against the non-sex offense subclass based on a non-sex offense conviction unless there is a determination from a neutral decision maker that the offense included a sexual component.]

[Defendants do not believe that paragraphs 14 and 15 are necessary.]

14.    [Plaintiffs:

IT IS FURTHER ORDERED that for members of the non-sex offense subclass who have both a "non-sex conviction" and another registrable conviction, Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them, are permanently enjoined from requiring registration under SORA or enforcing SORA against them for a term longer than, or with requirements harsher than, those imposed for the other registrable conviction absent a judicial determination that the "non-sex conviction" was for an offense that by its nature constitutes a sexual offense.]

15.    IT IS HEREBY ORDERED that this injunction does not bar Defendants from requiring registration under SORA or enforcing SORA against members of the non-sex offense subclass if the following procedures are followed:

a.  Current subclass members: There is a judicial determination under the standards and procedures of Mich. Comp. Laws § 769.1(12) (SORA's "catch-all" provision) that the non-sex offense "by its nature constitutes a sexual offense." Defendants may ask prosecuting authorities to conduct such hearings.

b.  Future Non-Sex Offense Convictions.

i.  For subclass members with a Michigan "non-sex conviction," there is, as part of the criminal case, a judicial determination under the standards and procedures of Mich. Comp. Laws § 769.1(12) that the non-sex offense "by its nature constitutes a sexual offense".

ii. For subclass members with a "non-sex conviction" from another jurisdiction, there is a judicial proceeding under the standards and procedures of M.C.L. § 769.1(12) that is separately held where the court determines that the non-sex offense "by its nature constitutes a sexual offense".

16.  IT IS FURTHER ORDERED that if Defendants decide to hold judicial hearings other than under standards and procedures of Mich. Comp. Laws § 769.1(12) to determine whether the non-sex offense "by its nature constitutes a sexual offense," they shall give Plaintiffs ___ days' notice of the procedures and standards to be used. Plaintiffs may seek further relief from this Court if they believe those procedures and standards do not satisfy due process or equal protection requirements, or do not comply with this judgment. The parties may also stipulate to procedures and standards for hearings, and then present to the Court a stipulation that incorporates those procedures and standards.]

**Count VIII:  Due Process/Vagueness – Primary Class and Post-2011 Subclass**

17.  {FURTHER PROCEEDINGS ARE NEEDED ON COUNT VIII}.

13

18.   IT IS FURTHER ORDERED that a declaratory judgment is entered that a willful violation of SORA does not include a failure to report information not required to be reported under this judgment unless or until the judgment on Count VIII is reversed.

19.   IT IS FURTHER ORDERED that Plaintiffs' claim that SORA's requirement to report electronic mail addresses and internet identifiers are unconstitutionally vague is denied as moot because the Court has granted Plaintiffs summary judgment on Count X, has declared that Mich. Comp. Law §§ 28.722(g), 28.725 (2)(a), 28.727(1)(i), and 28.728(1)(i) violate the First Amendment to the United States Constitution, and has permanently enjoined enforcement of those sections of SORA.

**Count IX:  First Amendment/Admission of Understanding – Primary Subclass**

20.   IT IS FURTHER ORDERED that Plaintiffs are granted summary judgment on Count IX which challenged the requirement that registrants attest that they understand their registration duties under SORA.

21.   IT IS FURTHER ORDERED that a declaratory judgment is entered that requiring the [Plaintiffs: Plaintiffs and] primary class members to attest to understanding their registration duties under SORA violates the protection against compelled speech of the First Amendment to the U.S. Constitution.

22.   IT IS FURTHER ORDERED that Defendants [Plaintiffs: , their officers,

agents, servants, employees, and attorneys, and other persons in active concert or participation with them,] are permanently enjoined from requiring [Plaintiffs: Plaintiffs and] the primary class to attest that they understand their obligations under SORA.

**Count X:    First Amendment/Internet Reporting Requirements – Post-2011 Subclass**

23.    IT IS FURTHER ORDERED that Plaintiffs are granted summary judgment on Count X which challenged the requirement to report electronic mail addresses and to report internet identifiers.

24.    IT IS FURTHER ORDERED that a declaratory judgment is entered that requiring [Plaintiffs: Doe H and] the post-2011 subclass to report electronic mail addresses and/or internet identifiers under Mich. Comp. Laws §§ 28.722(g), 28.725(2)(a), 28.727(1)(i), and 28.728(1)(i), violates the First Amendment of the United State Constitution.

25.    IT IS FURTHER ORDERED that Defendants [Plaintiffs: , their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them,] are permanently enjoined from requiring [Plaintiffs: Doe H and] the post-2011 subclass to report electronic mail addresses or internet identifiers under Mich. Comp. Laws §§ 28.722(g), 28.725(2)(a), 28.727(1)(i), and 28.728(1)(i), and shall by ____ {DATE} remove from the registry database all

15

electronic mail addresses and internet identifiers previously reported and stored in the database field for electronic mail addresses and internet identifiers.

**Count XI:** **Due Process, Equal Protection, Privileges & Immunities – Non-Michigan Offense Subclass**

26.   IT IS FURTHER ORDERED that Plaintiffs are granted summary judgment on Count XI with respect to their claim that (a) Defendants' procedures for determining registration requirements for [Plaintiffs: Doe G, Ms. Doe, and] the non-Michigan offense subclass, and (b) the imposition of longer or harsher requirements on them than are imposed on people with Michigan convictions, violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution. With respect to Plaintiffs' claim that imposing longer or harsher requirements on people with non-Michigan convictions violates the Privileges and Immunities Clause, Article IV, § 2 of the U.S. Constitution, the Court finds that it is unnecessary to reach that claim in light of the relief ordered.

27.   IT IS FURTHER ORDERED that

[Plaintiffs:

a declaratory judgment is entered that requiring Ms. Doe, Doe G, and the non-Michigan offense subclass to register under SORA and enforcing SORA against them violates the Due Process Clause of the Fourteenth Amendment absent a judicial hearing that complies with due process requirements to determine whether the person's non-Michigan conviction is "substantially similar" to a registrable

16

Michigan conviction, whether the person is required to register, and if so, what SORA registration requirements apply.]

[Defendants:

a declaratory judgment is entered that requiring the non-Michigan offense subclass to register under SORA violates the Due Process Clause of the Fourteenth Amendment absent notice and an opportunity to be heard by a neutral decision maker regarding whether the person is required to register, and if so, what SORA registration requirements apply.]

28.   IT IS FURTHER ORDERED that Defendants

[Plaintiffs:

, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them, are permanently enjoined from requiring Ms. Doe, Doe G, and the non-Michigan offense subclass to register under SORA and from enforcing SORA against them absent a judicial hearing that complies with due process requirements to determine whether the person's non-Michigan conviction is "substantially similar" to a registrable Michigan conviction, whether the person is required to register, and if so, what SORA registration requirements apply.]

[Defendants:

effective [insert date] are permanently enjoined from requiring the non-Michigan offense subclass to register under SORA until notice is provided to the subclass and

17

there is an opportunity to be heard by a neutral decision maker regarding whether the person is required to register, and if so, what SORA registration requirements apply.]

29.   IT IS FURTHER ORDERED that a declaratory judgment is entered that imposing [Plaintiffs: or enforcing] registration requirements under SORA on [Ms. Doe, Doe G, and] the non-Michigan offense subclass that are longer or harsher than those imposed on people with "substantially similar" Michigan convictions violates the Equal Protection Clause of the Fourteenth Amendment.

30.   IT IS FURTHER ORDERED that Defendants [Plaintiffs: , their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them,] are permanently enjoined from imposing or enforcing registration requirements under SORA [Plaintiffs: on Ms. Doe, Doe G, and] the non-Michigan offense subclass that are longer or harsher than for people with "substantially similar" Michigan convictions.

31.   IT IS FURTHER ORDERED that for members of the non-Michigan offense subclass who are also members of the retroactive extension of registration subclass, [Plaintiffs:

the original registration term for purposes of relief on Count II shall be based on the term in effect for the "substantially similar" Michigan offense under Michigan's SORA at the time of the registrant's offense, or for registrants whose offense

predated the creation of SORA, the term in effect for the "substantially similar" Michigan offense on October 1, 1995.]

[Defendants:

the duration of registration that may be applied in Count II shall be based on the term currently in effect for the "substantially similar" Michigan offense.]

[Defendants do not believe that paragraphs 32 or 33 are necessary.]

32.    [Plaintiffs:  IT IS FURTHER ORDERED that if Defendants decide to hold hearings to determine the registration requirements of the non-Michigan offense subclass, they shall give Plaintiffs ___ days' notice of the procedures and standards to be used. Plaintiffs may seek further relief from this Court if they believe those procedures and standards do not comply with this judgment. The parties may also stipulate to procedures and standards for hearings, and then present to the Court a stipulation that incorporates those procedures and standards.]

**[Plaintiffs:  Preservation of Claims Not Decided**

33.    As set out above, the Court has found it unnecessary to reach some claims and some legal theories and has found some claims moot because the Court has granted relief on other claims or under other legal theories. All claims and alternative legal theories not decided by the Court are preserved. In the event that, as the result of any subsequent appellate proceedings, any of the Court's orders are modified or

vacated, the parties can raise the preserved issues on remand consistent with any instructions from the appellate courts.]

**Effective Date of Relief Granted**

34.  IT IS FURTHER ORDERED that all declaratory relief granted in this judgment shall have immediate effect.

35.  IT IS FURTHER ORDERED that in order to give Defendants time to implement the Court's decisions, the injunctive relief granted shall become effective as follows:

   a.  Count I (ex post facto):  ___ days.

   b.  Count II (ex post facto/retroactive extension of registration terms): as set out in paragraphs {}, *supra*.

   c.  Count VII (non-sex offense): ___ days.

   d.  Count VIII (vagueness): immediate.

   e.  Count IX (First Amendment/admission of understanding):  immediate.

   f.  Count X (First Amendment/internet reporting requirements): immediate, except that removal of previously reported information, the deadline for which is set out in paragraph {}, *supra*.

   g.  Count XI (non-Michigan offenses):  ___ days

**Notice to Class, Prosecutors and Law Enforcement**

36.  IT IS FURTHER ORDERED that Defendants shall provide notice of this

judgment to all registrants and to all law enforcement officials and prosecuting attorneys tasked with the enforcement of SORA within the period of time stated in a Court-approved notice process. Within 28 days of entry of this judgment the parties shall submit for the Court's approval a joint proposed process for notice and proposed notices for registrants, prosecutors, and law enforcement. If the parties cannot agree, they shall provide to the Court their respective proposed notice process and proposed notices.

37.    IT IS FURTHER ORDERED that within 28 days of entry of this judgment, Defendants shall update the Explanation of Duties, MSP Form RI-004 and RI-004A, to conform to this judgment. {DEPENDING ON HOW THE COURT RESOLVES THE VAGUENESS CHALLENGES, LANGUAGE MAY NEED TO BE ADDED HERE.}

**Class List and Post-Judgment Monitoring**

38.    IT IS FURTHER ORDERED that Defendants shall within ___ days provide class counsel with an updated class list in a manipulable electronic format. Defendants shall produce updated data for the public and non-public data fields that the Court previously ordered produced in discovery. *See* Order Following Discovery Hearing, ECF No. 81 (requiring production of data listed on Exhibit A to Plaintiffs' First Interrogatories and Requests for Production, ECF No. 78-1, Ex. A).

[Plaintiffs: Defendants shall provide this same information for any new registrants

21

every four months on dates agreed to by the parties. At the conclusion of all proceedings in this case, including appeals, the Court will determine whether and for how long such reporting shall continue.]

39. IT IS FURTHER ORDERED THAT provision of the above information shall not be deemed a violation of any law or regulation that might otherwise be read to protect the confidentiality of such information, including Mich. Comp. Laws §§ 28.214, 28.728, and 28.730.

40. [Plaintiffs: IT IS FURTHER ORDERED that Defendants shall provide Plaintiffs with information necessary to monitor implementation of the judgment. Within 28 days of entry of this judgment the parties shall submit for the Court's approval a joint proposed process for post-judgment monitoring, including what information Defendants shall report to Plaintiffs and on what schedule, or if they disagree, their respective proposed processes.]

**Records Maintenance**

41. Defendants may maintain a cancelled record of registrants who have been removed from Michigan's sex offender registry pursuant to this judgment.

**Dismissal of John Doe F**

42. IT IS FURTHER ORDERED that John Doe F is dismissed from this action as he is no longer subject to SORA.

**Attorneys Fees and Costs**

43.   IT IS FURTHER ORDERED that Plaintiffs shall have until 60 days after the conclusion of all appeals in this case to file their motion for an award of attorney's fees and costs, including taxable costs. For purposes of this order, "the conclusion of all appeals" means the latest of:

(a) the expiration of any party's time to file a notice of appeal to the United States Court of Appeals for the Sixth Circuit of any final order of this Court,[4] including any final order of this Court after remand, in the event the case is remanded by a higher court;

(b) the expiration of time to file a petition for certiorari to the United States Supreme Court following a final decision by the Sixth Circuit on appeal from any final order of this Court;

(c) the denial of a petition of certiorari by the United States Supreme Court; or

(d) the disposition of this case by the United States Supreme Court, if the Supreme Court grants a petition for certiorari.

---

[4] The parties agree that under Fed. R. App. P. 4(a)(1)(A), any appeal must be taken within 30 days of the date of this judgment. Accordingly, if no appeal is taken by either party, Plaintiffs' fee petition will be due within 90 days of entry of this judgment.

Rather than file a separate bill of costs, the parties shall include the taxable items with the other costs for which they seek an award on the schedule established in this Order.

**Retention of Jurisdiction**

44.  IT IS FURTHER ORDERED that the Court retains jurisdiction to ensure compliance with its orders and to resolve any post-judgment issues, including notice, monitoring and attorneys' fees.

SO ORDERED.

_____
Hon. Mark A. Goldsmith
United States District Judge

Dated:
      Detroit, Michigan