# EXHIBIT A:

# DRAFT[1] PROPOSED JUDGMENT LANGUAGE ON COUNT VIII (VAGUENESS)

---

[1] The parties worked together to try to narrow the issues and agree to terms, but given the number of issues, counsel for the defense was unable to obtain client approval by time of filing. As a result, the proposed judgement is a draft subject to further revision.

**Count VIII: Due Process/Vagueness – Primary Class and Post-2011 Subclass**

1. IT IS HEREBY ORDERED that, where Plaintiffs and the primary class in Count VIII have alleged that certain provisions of SORA are unconstitutionally vague, and where the parties have agreed on reasonable interpretations or narrowing constructions of those provisions that would resolve these allegations, the Court adopts those interpretations and constructions as set forth below. IT IS FURTHER ORDERED that, to the extent that the parties have not agreed on interpretations or constructions of the provisions that Plaintiffs challenged as unconstitutionally vague, [Plaintiffs: the Court grants summary judgment to Plaintiffs on Count VIII as set forth below.] [Defendants: the Court grants summary judgment to Defendants on Count VIII as set forth below.]

**Phones**

2. WHEREAS Plaintiffs have alleged that the requirements of Mich. Comp. Laws § 28.727(1)(h) (to report "all telephone numbers registered to the individual or used by the individual, including, but not limited to, residential, work, and mobile telephone numbers"), and the requirements of Mich. Comp. Laws § 28.725(2)(a) (to report within three days "any change in . . . telephone numbers registered to or used by the individual") are vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and WHEREAS the parties have agreed on the interpretation of certain terms which the Court finds

1

reasonable, and WHEREAS the Court has determined that there are reasonable interpretations of other terms about which the parties disagree, IT IS HEREBY ORDERED that a declaratory judgment is entered that the terms:

    a. "registered to" means only telephone numbers registered to the individual at the time of registration, verification, or updating their information;

    b. "residential telephone number" means a number for a phone—whether a landline or one connected in some other way—that is affixed to or can be used solely at the registrant's residential address [Defendants: or a residential address that a registrant provides the telephone number to others as a number where they can be reached]; and

    c. "work telephone number" means phone numbers at an individual's workplace that are assigned to the registrant or the best number at the workplace to reach the registrant, or if no such numbers exist, then the main number for the workplace.

3.    IT IS FURTHER ORDERED that Defendants [Plaintiffs: , their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them] are permanently enjoined from requiring Plaintiffs and the primary class to report information [Defendants: solely related to the terms above] under Mich. Comp. Laws § 28.725(2)(a) and Mich. Comp. Laws § 28.727(1)(h) inconsistent with the above interpretations.

2

4. [Plaintiffs: IT IS FURTHER ORDERED that a declaratory judgment is entered that the requirement of Mich. Comp. Laws § 28.727(1)(h) to report all telephone numbers "*used by* the individual" and the requirement of Mich. Comp. Laws § 28.725(2)(a) to report within three days "*any change* in . . . telephone numbers … *used by* the individual" are vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (Emphasis added.)]

5. [Plaintiffs: IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from requiring Plaintiffs and the primary class to report telephone numbers "used by the individual" under Mich. Comp. Laws § 28.727(1)(h) or "any change in . . . telephone numbers . . . used by the individual" under Mich. Comp. Laws § 28.725(2)(a).]

[Defendants: IT IS FURTHER ORDERED that the remainder of the terms in Mich. Comp. Laws § 28.727(1)(h) and § 28.725(2)(a) are not unconstitutionally vague.]

**Vehicles**

6. WHEREAS Plaintiffs have alleged that the requirement of Mich. Comp. Laws § 28.727(j) (to report "[t]he license plate number and description of any vehicle owned or operated by the individual") and the requirement of Mich. Comp. Laws § 28.725(2)(a) ("any change in vehicle information . . . registered to or used

3

by the individual") are vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and WHEREAS the parties have agreed on the interpretation of certain terms which the Court finds reasonable, IT IS HEREBY ORDERED that a declaratory judgment is entered that the terms "owned . . . by" in Mich. Comp. Laws § 28.727(1)(j) and "registered to" in Mich. Comp. Laws § 28.725(2)(a) mean only vehicles owned by or registered to the individual at the time of registration, verification, or updating their information.

7.  IT IS FURTHER ORDERED that Defendants [Plaintiffs: , their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them] are permanently enjoined from requiring Plaintiffs and the primary class to report information [Defendants: solely related to the terms above] under Mich. Comp. Laws § 28.727(j) and Mich. Comp. Laws § 28.725(2)(a) inconsistent with the above interpretations.

8.  [Plaintiffs: IT IS FURTHER ORDERED that a declaratory judgment is entered that the requirements of Mich. Comp. Laws § 28.727(1)(j) (to report "[t]he license plate number and description of any vehicle … *operated by* the individual") and Mich. Comp. Laws § 28.725(2)(a) (to report within three days "any change in vehicle information ... [for a vehicle] … *used by* the individual") are vaguenin violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (Emphasis added.)

4

9. IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from requiring Plaintiffs and the primary class to report information under Mich. Comp. Laws § 28.727(1)(j) about "any vehicle . . . operated by the individual" and to report under Mich. Comp. Laws § 28.725(2)(a) "any change in vehicle information . . . used by the individual."]

[Defendants: IT IS FURTHER ORDERED that the remainder of the terms in Mich. Comp. Laws § 28.727(1)(j) and § 28.725(2)(a) are not unconstitutionally vague.]

**Employment**

10. [Plaintiffs: IT IS FURTHER ORDERED that a declaratory judgment is entered that the requirement of Mich. Comp. Laws § 28.727(1)(f) to report "the name and address of each of the individual's employers" as further specified in that section, the requirement of Mich. Comp. Laws § 28.725(1)(b) to report within three days when the "individual changes his or her place of employment, or employment is discontinued," and the definition of "employee" in Mich. Comp. Laws § 28.722(d) as "an individual who is self-employed or works for any other entity as a full-time or part-time employee, contractual provider, or volunteer, regardless of whether he or she is financially compensated," are vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution

11. [Plaintiffs: IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from requiring Plaintiffs and the primary class to report information under Mich. Comp. Laws § 28.727(1)(f) and Mich. Comp. Laws § 28.725(1)(b).]

[Defendants: IT IS FURTHER ORDERED that the requirement of Mich. Comp. Laws § 28.727(1)(f) to report "the name and address of each of the individual's employers" as further specified in that section, the requirement of Mich. Comp. Laws § 28.725(1)(b) to report within three days when the "individual changes his or her place of employment, or employment is discontinued," and the definition of "employee" in Mich. Comp. Laws § 28.722(d) as "an individual who is self-employed or works for any other entity as a full-time or part-time employee, contractual provider, or volunteer, regardless of whether he or she is financially compensated," are not unconstitutionally vague.]

**Travel**

12. [Plaintiffs: IT IS FURTHER ORDERED that a declaratory judgment is entered that the requirement of Mich. Comp. Laws § 28.725(2)(b) to report within three days if "[t]he individual *intends* to temporarily reside at any place other than his or her residence for more than 7 days," and the requirement of Mich. Comp. Laws § 28.727(1)(e) to report "[t]he name and address of any place of temporary

6


lodging . . . *to be used* by the individual during any period in which the individual . . . *is expected to be away*, from his or her residence for more than 7 days . . . [including] the dates the lodging is . . . *to be used*" are vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (Emphasis added.)]

    13.   [Plaintiffs: IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from requiring Plaintiffs and the primary class to report under Mich. Comp. Laws § 28.725(2)(b) within three days if "[t]he individual intends to temporarily reside at any place other than his or her residence for more than 7 days," and to report under Mich. Comp. Laws § 28.727(1)(e) "[t]he name and address of any place of temporary lodging . . . to be used by the individual during any period in which the individual . . . is expected to be away, from his or her residence for more than 7 days . . . [including] the dates the lodging is . . . to be used."]

    14.   [Plaintiffs: IT IS FURTHER ORDERED that a declaratory judgment is entered that the term "7 days" in Mich. Comp. Laws § 28.727(1)(e) (requiring reporting of "[t]he name and address of any place of temporary lodging used . . . by the individual during any period in which the individual is away . . . from his or her residence for more than 7 days . . . [including] the dates the lodging is used …")

means that the individual will be away from his or her residence for more than seven consecutive days.

15. [Plaintiffs: IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from requiring Plaintiffs and the primary class to report information under Mich. Comp. Laws § 28.727(1)(e), inconsistent with the above interpretation.]

[Defendants: IT IS FURTHER ORDERED that the terms in Mich. Comp. Laws § 28.725(2)(b) and § 28.727(1)(e) are not unconstitutionally vague.]

**Education**

16. WHEREAS Plaintiffs have alleged that the requirements of Mich. Comp. Laws §§ 28.722(h), 28.724a, 28.725(1)(c) and (e), and 28.727(1)(g) are vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and WHEREAS the parties have agreed on the interpretation of certain terms which the Court finds reasonable, and WHEREAS the Court has determined that there is reasonable interpretation of other terms about which the parties disagree, IT IS HEREBY ORDERED that a declaratory judgment is entered that the education reporting requirements of Mich. Comp. Laws §§ 28.722(h), 28.724a, 28.725(1)(c) and (e), and 28.727(1)(g) apply only to enrollment or discontinuation of enrollment in (a) a public or private community college, college, or

university for academic credit, or (b) a public or private postsecondary trade, vocational, or occupational school for training towards [Plaintiffs: state-recognized] certification or licensure. One-off classes or instructional courses not for academic credit or not for purposes of [Plaintiffs: state-recognized] certification or licensure are excluded.

17. IT IS FURTHER ORDERED that Defendants [Plaintiffs: , their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them] are permanently enjoined from requiring Plaintiffs and the primary class to report information [Defendants: solely related to the terms above] under Mich. Comp. Laws §§ 28.722(h), 28.724a, 28.725(1), and 28.727(g) inconsistent with the above interpretations.

18. WHEREAS Plaintiffs have alleged that it is unclear whether the limitation in Mich. Comp. Laws § 28.724a(6) (that reporting is not required for "enrollment and participation at an institution of higher education [that] is solely through the mail or the internet from a remote location") applies to the reporting required under Mich. Comp. Laws § 28.725(1)(c) and (e), and Mich. Comp. Laws § 28.727(1)(g), and WHEREAS the parties have agreed on the interpretation of these provisions, IT IS HEREBY ORDERED that a declaratory judgment is entered that Mich. Comp. Laws § 28.724a(6) applies also to Mich. Comp. Laws § 28.725(1)(c) and (e), and Mich.

9

Comp. Laws § 28.727(1)(g), thus excluding enrollment and participation in educational programs that are solely through the mail or the internet from a remote location from all education reporting requirements.

19. IT IS FURTHER ORDERED that Defendants [Plaintiffs: , their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them] are permanently enjoined from requiring Plaintiffs and the primary class to report under Mich. Comp. Laws § 28.725(1)(c) and (e), and Mich. Comp. Laws § 28.727(1)(g), any educational activities that are solely through the mail or the internet from a remote location.

20. [Plaintiffs: IT IS FURTHER ORDERED that a declaratory judgment is entered that the following educational reporting requirements are vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution:

   a. "The name and address of . . . any school that has accepted the individual as a student that he or she *plans* to attend." Mich. Comp. Laws § 28.727(1)(g). (Emphasis added.)

   b. If "[a]s *part of his or her course of studies* at an institution of higher education in this state, the individual is *present at any other location* in this state, another state, a territory or possession of the United States, or the

10

individual discontinues his or her studies at that location." Mich. Comp. Laws § 28.724a(1)(b). (Emphasis added.)

21. IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from requiring Plaintiffs and the primary class to report:

    a. "The name and address of . . . any school that has accepted the individual as a student that he or she plans to attend." Mich. Comp. Laws § 28.727(1)(g).

    b. If "[a]s part of his or her course of studies at an institution of higher education in this state, the individual is present at any other location in this state, another state, a territory or possession of the United States, or the individual discontinues his or her studies at that location." Mich. Comp. Laws § 28.724a(1)(b).]

[Defendants: IT IS FURTHER ORDERED that the terms in Mich. Comp. Laws § 28.727(1)(g) and § 28.724a(1)(b) are not unconstitutionally vague.]

**Aliases & Nicknames**

22. WHEREAS Plaintiffs have alleged that the requirement of Mich. Comp. Laws § 28.727(1)(a) to report "any aliases, nicknames, ethnic or tribal names, or other names by which the individual is or has been known" is vague in violation of

11

the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and WHEREAS the parties have agreed on an interpretation of this provision, IT IS HEREBY ORDERED that a declaratory judgment is entered that Mich. Comp. Laws § 28.727(1)(a) requires reporting of an individual's current legal name, any former legal name, a name that the individual has used to identify themselves to law enforcement, or a non-legal name that they [Plaintiffs: currently use] [Defendants: have used or use] to introduce themselves to others outside their immediate family.

23. IT IS FURTHER ORDERED that Defendants [Plaintiffs: , their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them] are permanently enjoined from requiring Plaintiffs and the primary class to report information under Mich. Comp. Laws § 28.727(1)(a) inconsistent with the above interpretation.

24. [Plaintiffs: IT IS FURTHER ORDERED that a declaratory judgment is entered that the requirement in Mich. Comp. Laws § 28.725(1)(d) to report within three days after "[t]he individual changes his or her name" means a change of legal name.

25. IT IF FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from requiring Plaintiffs and the primary class

12

to report information under Mich. Comp. Laws §28.725(1)(d) inconsistent with the above interpretation.]

**Physical Description**

26. WHEREAS Plaintiffs have alleged that the requirement of Mich. Comp. Laws § 28.727(1)(o) to provide a "complete physical description of the individual" is vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and WHEREAS the parties have agreed on an interpretation of this provision which the Court finds reasonable, IT IS HEREBY ORDERED that a declaratory judgment is entered that the term "complete physical description of the individual" means race, sex, height, weight, eye color, hair color, and tattoos.

27. IT IS FURTHER ORDERED that Defendants [Plaintiffs: , their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them] are permanently enjoined from requiring Plaintiffs and the primary class to report physical descriptors under Mich. Comp. Laws § 28.725(1)(d) inconsistent with the above interpretation.

**Substantial Similarity**

The parties are working towards a resolution on this issue and anticipate that an agreement will be reached. To the extent an agreement is not reached, the parties will submit supplemental briefing with the joint statement on December 11, 2024.

13