EXHIBIT A:

DRAFT PROPOSED JUDGMENT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JOHN DOES, et al.,

              Plaintiffs,

v.

GRETCHEN WHITMER, et al.,

              Defendants.

No. 2:22-cv-10209

Hon. Mark A. Goldsmith

Mag. J. Curtis Ivy, Jr.

## FINAL JUDGMENT

WHEREAS Plaintiffs filed a complaint (ECF No. 1) in February 2022 and subsequently filed an amended complaint (ECF No. 108) in April 2023 challenging the constitutionality of the version of Michigan's Sex Offenders Registration Act (SORA), Mich. Comp. Laws § 28.721 *et seq.*, as amended effective March 24, 2021;

WHEREAS the Court entered stipulated orders on class certification in May 2022 and May 2023 (ECF Nos. 35, 109) which certified:

- a "primary class," defined as people who are or will be subject to registration under Michigan's SORA (ECF No. 35, PageID.1116);

- a "pre-2011 ex post facto subclass," defined as members of the primary class who committed the offense(s) requiring registration before July 1, 2011 (ECF No. 35, PageID.1117);

- a "retroactive extension of registration subclass," defined as members of the

1

primary class who were retroactively required to register for life as a result of amendments to SORA (ECF No. 35, PageID.1117);

- a "barred from petitioning subclass," defined as members of the primary class who are ineligible to petition for removal from the registry and for whom ten or more years will have elapsed since the date of their conviction for the registrable offense(s) or from their release from any period of confinement for that offense(s), whichever occurred last, and who (a) have not been convicted of any felony or any registrable offense since; (b) have successfully completed their assigned periods of supervised release, probation, or parole without revocation at any time of that supervised release, probation, or parole; and (c) have successfully completed an appropriate sex offender treatment program, if successful completion of a sex offender treatment program was a condition of the registrant's confinement, release, probation, or parole (ECF No. 35, PageID.1117-1118);

- a "non-sex-offense subclass," defined as members of the primary class who are or will be subject to registration for an offense without a sexual component including convictions for violating Mich. Comp. Laws § 750.349 (other than convictions for violating Mich. Comp. Laws § 750.349(1)(c) or Mich. Comp. Laws §§ 750.349(1)(f)), 750.349b, 750.350, or a substantially similar offense in another jurisdiction (ECF No. 35, PageID.1118);

- a "plea bargain subclass," defined as members of the primary class who gave up their right to trial and pled guilty to a registrable offense in Michigan and who, as a result of retroactive amendments to SORA, (a) were retroactively subjected to SORA even though there was no registration requirement at the time of their plea; or (b) had their registration terms retroactively extended beyond that in effect at the time of their plea  (ECF No. 35, PageID.1118);

- a "post-2011 subclass," defined as members of the primary class who committed the offense(s) requiring registration on or after July 1, 2011 (ECF No. 35, PageID.1118); and

- a "non-Michigan offense" subclass, defined as members of the primary class who are or will be subject to sex offender registration under Mich. Comp. Laws §§ 28.722(r)(xi), (t)(xiii), (v)(ix), or 28.723(1)(d), for a conviction or adjudication from a jurisdiction other than Michigan (ECF No. 109, PageID.3128[1]);

WHEREAS the parties filed cross-motions for summary judgment and responses (ECF No. 123, 129, 131, 132), statements of material facts (ECF Nos. 123-1, 129-1), counterstatements of material facts (ECF Nos. 129-2, 131-1), and supplemental briefs (ECF Nos. 145, 146, 154, 155);

---

[1] Mich. Comp. Laws § 28.722 was amended in 2024, resulting in renumbering of subsections. *See* 2024 Mich. Pub. Act 66. The subsections here differ from those in the certification order for that reason.

WHEREAS on September 27, 2024, the Court issued an Opinion and Order granting in part Plaintiffs' Motion for Summary Judgment and granting in part Defendants' Motion for Summary Judgment (ECF No. 158);

WHEREAS the parties filed supplemental briefs on Count VIII (ECF No. 162, 163);

WHEREAS the parties have filed two Joint Statements (ECF Nos. 159 and 164) explaining their respective positions as to proposed judgment text; and

WHEREAS the Plaintiffs filed a Motion for Entry of Judgment (ECF No. {}) and the Defendants filed a response (ECF No. {}),

IT IS NOW ORDERED that the Court enters final judgment as follows:

**Count I:      Ex Post Facto – Pre-2011 Ex Post Facto Subclass**

1. [Plaintiffs: IT IS HEREBY ORDERED that Plaintiffs are granted summary judgment on Count I, which challenged the retroactive application of SORA, as amended effective March 24, 2021, to people whose offense requiring registration was committed before July 1, 2011.

2. IT IS FURTHER ORDERED that a declaratory judgment is entered that SORA, as amended effective March 24, 2021, is punishment, and that it violates the Ex Post Facto Clause of the United States Constitution if applied retroactively to Does A, B, C, D, E, G, Mary Doe, Mary Roe and the pre-2011 ex post facto subclass

absent an individualized, periodic determination that the person is currently a danger to public safety.

3. IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from requiring registration under SORA or enforcing SORA against Does A, B, C, D, E, G, Mary Doe, Mary Roe and the pre-2011 ex post facto subclass absent an individualized, periodic determination satisfying due process requirements that the person is currently a danger to public safety.

4. IT IS FURTHER ORDERED that if Defendants decide to continue enforcing the current version of SORA, which is permissible if Defendants provide individualized, periodic determinations to assess whether the person is currently a danger to public safety, they shall give Plaintiffs 30 days' notice of the procedures and standards to be used.]

5. [Defendants: IT IS HEREBY ORDERED that Plaintiffs are granted summary judgment on Count I under the Ex Post Facto Clause of the United States Constitution, which challenged the increased reporting requirements that were originally introduced in the 2011 amendments and remain in the current SORA.]

[Plaintiffs: [2]]

---

[2] [Plaintiffs contend that if the Court adopts the relief proposed by Defendants, this should read: "Plaintiffs are granted summary judgment on Count I, which challenged the retroactive application of SORA, as amended effective March 24,

6.  [Defendants: IT IS FURTHER ORDERED that a declaratory judgment is entered that the in-person reporting requirements originally introduced in SORA 2011, which remain in SORA, as amended effective March 24, 2021, and are currently found in Mich. Comp. Laws § 28.725 (1), (2), (3), (7) and (8), violate the Ex Post Facto Clause of the United States Constitution.] [Plaintiffs: [3]]

7.  [Defendants: IT IS FURTHER ORDERED THAT Defendants and their agents are permanently enjoined from requiring in-person reporting as originally introduced in SORA 2011, which remain in the current SORA, as amended effective March 24, 2021, and currently found in Mich. Comp. Laws § 28.725 (1), (2), (3), (7) and (8), from the members of the "Pre-2011 Ex Post Facto Subclass" and from taking enforcement action against members of the "Pre-2011 Ex Post Facto Subclass" for failing to report the information in-person. *See* 2000 Mich. Pub. Act

2021, to people whose offense requiring registration was committed before July 1, 2011. The Court grants relief as set out below, but denies the relief sought by Plaintiffs, namely, enjoining Defendants from retroactively applying SORA to Does A, B, C, D, E, G, Mary Doe, and Mary Roe and the pre-2011 ex post facto subclass absent an individualized, periodic determination that the person is currently a danger to public safety."]

[3] [Plaintiffs contend that if the Court adopts the relief proposed by Defendants, this should read: "IT IS FURTHER ORDERED that a declaratory judgment is entered that SORA, as amended effective March 24, 2021, is punishment, and that it violates the Ex Post Facto Clause of the United States Constitution to apply the following in-person reporting requirements originally introduced in SORA 2011 and that remain in SORA, as amended effective March 24, 2021, retroactively to Does A, B, C, D, E, G, Mary Doe, Mary Roe and the pre-2011 ex post facto subclass: Mich. Comp. Laws § 28.725(1), (2), (3), (7), and (8). *See* 2011 Mich. Pub. Act 17, sec. 5.]

17.] [Plaintiffs:[4]]

8.   IT IS FURTHER ORDERED that the injunction will be stayed until all appeals related to Count I are exhausted and resolved.]

**Count II:    Ex Post Facto and Due Process – Retroactive Extension of Registration Subclass**

9.   IT IS HEREBY ORDERED that Plaintiffs are granted summary judgment on Count II, which challenged the retroactive extension of SORA's registration terms under the Ex Post Facto Clause of the United States Constitution. With respect to Plaintiffs' claim that retroactive extension of SORA's registration terms violates the Due Process Clause of the United States Constitution, the Court finds it unnecessary to decide this issue given the Court's ruling under the Ex Post Facto Clause.

10.   IT IS FURTHER ORDERED that a declaratory judgment is entered that the [Defendants: 2011] amendments to SORA that retroactively extended registration

---

[4]  [Plaintiffs contend that if the Court adopts the relief proposed by Defendants, this should read: "IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from requiring Does A, B, C, D, E, G, Mary Doe, Mary Roe and the pre-2011 ex post facto subclass to comply with the following provisions of SORA or enforcing those provisions against them: Mich. Comp. Laws § 28.725(1), (2), (3), (7), and (8). *See* 2011 Mich. Pub. Act 17, sec. 5. This injunction does not bar Defendants from requiring non-in-person reporting of changes to residential addresses, employment, and education consistent with the relief ordered on Count VIII and provided that registrants receive written notice of any such requirements."]

terms and remain in the current SORA, as amended effective March 24, 2021, violate the Ex Post Facto Clause of the United States Constitution.

11.   IT IS FURTHER ORDERED that

[Plaintiffs:

Defendants, their officers, agents, servants, employees, and other persons in active concert or participation with them are permanently enjoined from requiring registration under SORA or enforcing SORA against Does A, B, C, D, E, G, Ms. Doe, Ms. Roe, and the retroactive extension of registration subclass for a term longer than was in effect at the time of the registrant's offense or for registrants whose offense predated the creation of SORA for longer than the term in effect on October 1, 1995, when SORA was initially adopted ("the original registration term"). The original registration terms are:

a.  For Doe A, Doe B, Doe E, and members of the retroactive extension of registration subclass whose registrable offense was committed before September 1, 1999: 25 years of registration after the date of initially registering as a sex offender. *See* 1994 Mich. Pub. Act 295, sec. 5(3).

b.  For Doe C, Doe D, Doe G, Mary Doe, Mary Roe, and members of the retroactive extension of registration subclass whose registrable offense was committed on or after September 1, 1999 and before July 1, 2011: 25 years of registration after the date of initially registering as a sex offender,

or 10 years after release from a state correctional facility, whichever is longer. *See* 1999 Mich. Pub. Act 85, sec. 5(6).]

[Defendants:

Defendants and their agents are permanently enjoined from requiring registration or taking enforcement action against members of the "retroactive extension of registration subclass" beyond the duration that was required before the registration terms were extended by the amendments originally introduced in 2011. The registration terms of the "retroactive extension of registration subclass" are limited to only the duration that was required before July 1, 2011, which is 25 years of registration after the date of initially registering as a sex offender, or 10 years after release from a state correctional facility, whichever is longer. *See* 1999 Mich. Pub. Act 85, sec. 5(6).]

In determining the initial registration date, Defendants may use the field "Registration Form Date" if available in the SOR database and reflective of the initial registration date. If that field is not populated for a registrant or is not reflective of the initial registration date, the conviction date may be used. Any period of sex offender registration in another jurisdiction is included in calculating how long a person has been registered.

12. [Plaintiffs: IT IS FURTHER ORDERED that Defendants shall immediately remove Doe A, Doe B, and Doe E from the registry, and shall within 45 days remove

all members of the retroactive extension of registration subclass who have completed their original registration term.

13.   IT IS FURTHER ORDERED that Defendants shall remove Doe C, Doe D, Doe G, Mary Doe, and Mary Roe and all members of the retroactive extension of registration subclass when they complete their original registration term.

14.   IT IS FURTHER ORDERED that within 60 days, Defendants shall provide written notice to all members of the retroactive extension subclass that either informs them that:

a. They are no longer subject to SORA and have been removed from the registry; or

b. They are now subject to SORA for the length of their original registration term, and when that registration term will end.[5]]

[Defendants:  IT IS FURTHER ORDERED that the injunction will be stayed until all appeals related to Count II are exhausted and resolved.]

**Count III:  Individualized Review – Due Process and Equal Protection – Primary Class**

15.   IT IS FURTHER ORDERED that Defendants are granted summary judgment on Count III, where Plaintiffs and the primary class challenged the imposition

---

[5] If the end date for an incarcerated registrant cannot be calculated because the date of future release from imprisonment is unknown, Defendants may inform the registrant how the registration end date will be determined (e.g., 10 years after release from imprisonment).

of lengthy and lifetime registration requirements without any individual review or opportunity for removal under the Due Process and Equal Protection Clauses of the United States Constitution.

**Count IV:  Equal Protection – Barred From Petitioning Subclass**

16.   IT IS FURTHER ORDERED that Defendants are granted summary judgment on Count IV where [Plaintiffs: Does A, C, E, G, Ms. Doe, Ms. Roe, and] the barred-from-petitioning subclass challenged under the federal Equal Protection Clause SORA's prohibition on their petitioning for removal from the registry on the same terms as registrants eligible to petition under Mich. Comp. Laws § 28.728c (1), (12).

**Count V: First Amendment – Reporting Requirements – Primary Class and Non-Sex-Offense Subclass**

17.   IT IS FURTHER ORDERED that Defendants are granted summary judgment on Count V where [Plaintiffs: Plaintiffs,] the primary class, and the non-sex-offense subclass challenged the reporting requirements of Mich. Comp. Laws §§ 28.724a(1)–(4);  28.725(1)–(3),  (7)–(8),  (10)–(13);  28.725a(3)–(5),  (7)–(8);  and 28.727(1) as compelled speech under the First Amendment of the U.S. Constitution.

**Count VI:  Due Process – Plea Bargain Subclass**

18.    IT IS FURTHER ORDERED that summary judgment on Count VI, where [Plaintiffs:  Does A, B, C, D, E, Ms. Roe, and] the plea bargain subclass challenged the imposition of SORA for life or for a longer term than that in effect at the time of

their plea, is denied as moot because the Court has declared that retroactive extension of registration terms violates the Ex Post Facto Clause of the United States Constitution and has permanently enjoined such retroactive extensions.

**Count VII:  Due Process and Equal Protection – Non-Sex-Offense Subclass**

19.    IT IS FURTHER ORDERED that Plaintiffs are granted summary judgment on Count VII as to their claim that it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution to require [Plaintiffs: Doe A and] the non-sex offense subclass to register under SORA

[Plaintiffs:

or to enforce SORA against them for an offense without a sexual element, including convictions under Mich. Comp. Laws §§ 750.349,[6] 750.349b, or 750.350, or a substantially similar conviction in another jurisdiction (hereafter "non-sex conviction") where (a) their registrable offense did not contain a sexual element; and (b) there has been no judicial determination at a hearing where there is notice; an opportunity to be heard; the right to counsel, including appointed counsel if indigent; and the right to appeal; that their offense by its nature constitutes a sexual offense. As to these Plaintiffs' claim that it also violates the federal Equal Protection Clause to register them under SORA absent the judicial determination provided to other

---

[6] Mich. Comp. Laws §§ 750.349(1)(c) and 750.349(1)(f) are excepted because those offenses have a sexual element.

registrants convicted of non-sex offenses pursuant to the "catch-all" provision of Mich. Comp. Laws § 769.1(12),[7] the Court finds that it is not necessary to reach that issue, as the relief ordered here for the due process violation—which provides for either a judicial hearing under Mich. Comp. Laws § 769.1(12) or an alternative procedure that provides equivalent procedural protections—is coextensive with the relief that Plaintiffs sought for the equal protection violation.]

[Defendants:

where there has been no notice and an opportunity to be heard by a neutral decision maker whether a conviction under Mich. Comp. Laws § 750.349,[8] § 750.349b, or § 750.350, or a substantially similar conviction in another jurisdiction (hereafter "non-sex conviction") included a sexual component. The Court finds that it is not necessary to reach the issue of whether there was an Equal Protection violation because the relief ordered here for the Due Process violation is coextensive with the relief related to the alleged Equal Protection violation.]

---

[7] Mich. Comp. Laws § 769.1(12), which applies to the registration of people under SORA's "catch-all" provision, Mich. Comp. Laws § 28.722(r)(viii), provides that the sentencing court determine whether the offense "by its nature constitutes a sexual offense" against a minor and, if so, include the basis for that determination on the record and include the determination in the judgment of sentence. Mich. Comp. Laws § 769.1(12).

[8] Mich. Comp. Laws § 750.349(1)(c) and Mich. Comp. Laws § 750.349(1)(f) are excepted because those offenses have a sexual element.

20.   IT IS FURTHER ORDERED that a declaratory judgment is entered that it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution to require [Plaintiffs: Doe A and] the non-sex offense subclass to register under SORA

[Plaintiffs:

or to enforce SORA against them for a non-sex conviction unless there is a judicial determination at a hearing where there is notice; an opportunity to be heard; the right to counsel, including appointed counsel if indigent; and the right to appeal, that the non-sex conviction was an offense that by its nature constitutes a sexual offense.]

[Defendants:

or take enforcement action against them unless there has been notice and an opportunity to be heard by a neutral decision maker whether the offense included a sexual component.]

21.   IT IS FURTHER ORDERED that Defendants,

[Plaintiffs:

their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from requiring regis-tration under SORA or enforcing SORA against Doe A and the non-sex offense sub-class based on a non-sex conviction absent a judicial determination, at a hearing where there was notice; an opportunity to be heard; the right to counsel, including

appointed counsel if indigent; and the right to appeal, that the non-sex conviction was for an offense that by its nature constitutes a sexual offense.]

[Defendants:

and their agents are permanently enjoined from requiring registration under SORA or taking enforcement action against the non-sex offense subclass based on a non-sex offense conviction unless there has been notice and an opportunity to be heard by a neutral decision maker whether the offense included a sexual component.]

22.    IT IS FURTHER ORDERED that for members of the non-sex offense subclass who have both a non-sex conviction and another registrable conviction, Defendants [Plaintiffs: , their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them] are permanently enjoined from requiring registration under SORA or enforcing SORA against them for a term longer than, or with requirements harsher than, those imposed for the other registrable conviction [Plaintiffs: absent a judicial determination at a hearing where there was notice; an opportunity to be heard; the right to counsel, including appointed counsel if indigent; and the right to appeal, that the non-sex conviction was for an offense that by its nature constitutes a sexual offense] [Defendants: unless there has been notice and an opportunity to be heard by  a neutral decision maker whether  the non-sex offense conviction included a sexual component.]

23.    IT IS FURTHER ORDERED that this injunction does not bar Defendants

15

from requiring registration under SORA or enforcing SORA against members of the non-sex offense subclass if the procedures below are followed:

a.  Current Subclass Members with a Michigan Non-Sex Conviction:  There is a judicial determination under the procedures of SORA's "catch-all" provision, Mich. Comp. Laws § 769.1(12), or a judicial determination in a hearing that provides equivalent due process protections (notice; an opportunity to be heard; the right to counsel, including appointed counsel if indigent; and the right to appeal), that the non-sex conviction "by its nature constitutes a sexual offense."

b.  Future Subclass Members with a Michigan Non-Sex Conviction. There is a judicial determination under the procedures of Mich. Comp. Laws § 769.1(12) as part of the criminal case, or a judicial determination in a hearing that provides equivalent due process protections (notice; an opportunity to be heard' the right to counsel, including appointed counsel if indigent; and the right to appeal), that the non-sex conviction "by its nature constitutes a sexual offense".

c.  Current and Future Subclass Members with a Non-Sex Conviction from Another Jurisdiction. There is both (i) a determination satisfying the requirements that this judgment sets out under Count XI that the non-sex conviction is "substantially similar" to Mich. Comp. Laws §§ 750.349,

16

750.349b, or 750.350; and (ii) a determination under the procedures in Mich. Comp. Laws § 769.1(12), or in a hearing, which may be combined with a hearing under Count XI, that provides equivalent due process protections to Mich. Comp. Laws § 769.1(12) (notice; an opportunity to be heard; the right to counsel, including appointed counsel if indigent; and the right to appeal), that the non-sex conviction "by its nature constitutes a sexual offense."

d. <u>Procedures for Subclass Members with a Non-Sex Offense Conviction and Another Registrable Offense</u>. This judgment does not bar Defendants from requiring registration and enforcing SORA without a judicial hearing against a subclass member with a non-sex conviction who also has a registrable Michigan conviction for a sexual offense if Defendants determine that (i) the other registrable Michigan conviction for a sexual offense results in Tier III lifetime registration, (ii) the other registrable Michigan conviction for a sexual offense results in a registration term that is no longer than the term for the non-sex conviction,[9] or (iii) the other registrable Michigan conviction has a sexual element and involved the same

---

[9] If Defendants determine that the subclass member's other registrable conviction results in a lower tier classification or shorter registration term than the non-sex conviction, Defendants may not require registration and enforce SORA for a term longer than, or with requirements harsher than, those for the other registrable conviction without a judicial hearing.

offense conduct on the same date against the same victim as the non-sex conviction.

e. <u>Procedures for Incarcerated Subclass Members</u>. For members of the non-sex offense subclass who are serving a sentence in a state or federal correctional facility or jail and who have another registrable Michigan conviction, the [Plaintiffs: judicial hearing] [Defendants: notice and opportunity to be heard by a neutral decision maker] can be deferred until the subclass member is released from incarceration. However, Defendants [Plaintiffs: , their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them][Defendants:  and their agents] are permanently enjoined from requiring registration or enforcing SORA against members of the non-sex offense subclass who are serving a sentence in a state or federal correctional facility and who do not have another registrable Michigan conviction absent a [Plaintiffs: judicial determination in a hearing as set forth above that the non-sex conviction was for an offense that by its nature constitutes a sexual offense] [Defendants: notice and an opportunity to be heard by a neutral decision maker].

f. [Plaintiffs: Defendants may ask prosecuting authorities to conduct the hearings described above.

18

g. A registrant may, after notice, opt out of a hearing. However, such a registrant shall not be barred from requesting a hearing at a later date or contesting whether their non-sex conviction had a sexual component in any future criminal or legal proceeding (e.g., prosecution for failure to comply with registration obligations).]

24. IT IS FURTHER ORDERED that for any subclass member whom Defendants require to register without a judicial hearing under ¶ 23(d)–(e), Defendants shall provide the class member and class counsel a notice explaining the basis for the determination that registration will continue without a judicial hearing and how long the class member is subject to SORA. Defendants' determination that a member of the non-sex offense subclass is not entitled to a hearing does not bar the subclass member from seeking Michigan State Police review, and if the decision is not changed, challenging the determination in court.

25. IT IS FURTHER ORDERED that if Defendants decide to hold judicial hearings other than under the procedures of Mich. Comp. Laws § 769.1(12) to determine whether the non-sex conviction "by its nature constitutes a sexual offense," they shall give Plaintiffs 30 days' notice of the procedures to be used.

**Count VIII:  Due Process/Vagueness – Primary Class and Post-2011 Subclass**

26. IT IS HEREBY ORDERED that, where Plaintiffs and the primary class in Count VIII have alleged that certain provisions of SORA are unconstitutionally

19

vague, and where the parties have agreed on reasonable interpretations or narrowing constructions of those provisions that would resolve these allegations, the Court adopts those interpretations and constructions as set forth below. IT IS FURTHER ORDERED that, to the extent that the parties have not agreed on interpretations or constructions of the provisions that Plaintiffs challenged as unconstitutionally vague, [Plaintiffs: the Court grants summary judgment to Plaintiffs on Count VIII, and either adopts a reasonable interpretation or narrowing construction that would resolve the vagueness issue, or enjoins enforcement because there is no reasonable interpretation or narrowing construction that is readily apparent from the text of the statute, as set forth below.] [Defendants: the Court grants summary judgment to Defendants on Count VIII as set forth below.]

**Phones**

27.    WHEREAS Plaintiffs have alleged that the requirements of Mich. Comp. Laws § 28.727(1)(h) (to report "[a]ll telephone numbers registered to the individual or used by the individual, including, but not limited to, residential, work, and mobile telephone numbers"), and the requirements of Mich. Comp. Laws § 28.725(2)(a) (to report within three days "any change in . . . telephone numbers registered to or used by the individual") are vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and WHEREAS the parties have agreed on the interpretation of certain terms which the Court finds

reasonable, and WHEREAS the Court has determined that there are reasonable interpretations of other terms about which the parties disagree, IT IS HEREBY ORDERED that a declaratory judgment is entered that the terms:

    a. "registered to" means only telephone numbers registered to the individual at the time of registration, verification, or updating their information;

    b. "residential telephone number" means a number for a phone—whether a landline or one connected in some other way—that is affixed to or can be used solely at the registrant's residential address [Defendants: or a residential address that a registrant provides the telephone number to others as a number where they can be reached]; and

    c. "work telephone number" means phone numbers at an individual's work-place that are assigned to the registrant or a number that the registrant provides to others as a number they can be reached at their workplace, or if no such numbers exist, then the main number for the workplace.

28.   IT IS FURTHER ORDERED that Defendants [Plaintiffs: , their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them] are permanently enjoined from requiring Plaintiffs and the primary class to report information [Defendants: solely related to the terms above] under Mich. Comp. Laws §§ 28.725(2)(a) and 28.727(1)(h) inconsistent with the above interpretations.

29.   [Plaintiffs: IT IS FURTHER ORDERED that a declaratory judgment is entered that the requirement of Mich. Comp. Laws § 28.727(1)(h) to report all telephone numbers "*used by* the individual" and the requirement of Mich. Comp. Laws § 28.725(2)(a) to report within three days "*any change* in . . . telephone numbers . . . *used by* the individual" are vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  (Emphasis added.)

30.   IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from requiring Plaintiffs and the primary class to report telephone numbers "used by the individual" under Mich. Comp. Laws § 28.727(1)(h) or "any change in . . . telephone numbers . . . used by the individual" under Mich. Comp. Laws § 28.725(2)(a).]

[Defendants: IT IS FURTHER ORDERED that the remainder of the terms in Mich. Comp. Laws § 28.727(1)(h) and § 28.725(2)(a) are not unconstitutionally vague.]

**Vehicles**

31.   WHEREAS Plaintiffs have alleged that the requirement of Mich. Comp. Laws § 28.727(1)(j) (to report "[t]he license plate number and description of any vehicle owned or operated by the individual") and the requirement of Mich. Comp. Laws § 28.725(2)(a) (to report within three days "any change in vehicle information . . . [for a vehicle]  . . . registered to or used by the individual") are vague in violation

22

of the Due Process Clause of the Fourteenth Amendment to the United States Consti-

tution, and WHEREAS the parties have agreed on the interpretation of certain terms

which the Court finds reasonable, IT IS HEREBY ORDERED that a declaratory

judgment is entered that the terms "owned . . . by" in Mich. Comp. Laws §

28.727(1)(j) and "registered to" in Mich. Comp. Laws § 28.725(2)(a) mean only

vehicles owned by or registered to the individual at the time of registration, verifi-

cation, or updating their information.

32.   IT IS FURTHER ORDERED that Defendants [Plaintiffs: , their officers,

agents, servants, employees, and attorneys, and other persons in active concert or

participation with them] are permanently enjoined from requiring Plaintiffs and the

primary class to report information [Defendants: solely related to the terms above]

under Mich. Comp. Laws §§ 28.727(1)(j) and 28.725(2)(a) inconsistent with the

above interpretations.

33.   [Plaintiffs: IT IS FURTHER ORDERED that a declaratory judgment is

entered that the requirements of Mich. Comp. Laws § 28.727(1)(j) (to report "[t]he

license plate number and description of any vehicle … *operated by* the individual")

and Mich. Comp. Laws § 28.725(2)(a) (to report within three days "any change in

vehicle information ... [for a vehicle] … *used by* the individual") are  vague in viola-

tion of the Due Process Clause of the Fourteenth Amendment to the United States

Constitution. (Emphasis added.)

23

34.   IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from requiring Plaintiffs and the primary class to report information under Mich. Comp. Laws § 28.727(1)(j) about "any vehicle . . . operated by the individual" and to report under Mich. Comp. Laws § 28.725(2)(a) "any change in vehicle information . . . [for a vehicle]. . . used by the individual."] [Defendants: IT IS FURTHER ORDERED that the remainder of the terms in Mich. Comp. Laws § 28.727(1)(j) and § 28.725(2)(a) are not unconstitutionally vague.]

**Employment**

35.   [Plaintiffs: IT IS FURTHER ORDERED that a declaratory judgment is entered that the requirement of Mich. Comp. Laws § 28.727(1)(f) to report "[t]he name and address of each of the individual's employers" as further specified in that section; the requirement of Mich. Comp. Laws § 28.725(1)(b) to report within three days when the "individual changes his or her place of employment, or employment is discontinued;" and the definition of "employee" in Mich. Comp. Laws § 28.722(d) as "an individual who is self-employed or works for any other entity as a full-time or part-time employee, contractual provider, or volunteer, regardless of whether the individual is financially compensated" are vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

24

36.   WHEREAS there is no reasonable interpretation or narrowing construction that is readily apparent from the text of the statute, IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from requiring Plaintiffs and the primary class to report information under Mich. Comp. Laws §§ 28.727(1)(f) and 28.725(1)(b).]

[Defendants: IT IS FURTHER ORDERED that the requirement in Mich. Comp. Laws § 28.727(1)(f) to report "[t]he name and address of each of the individual's employers" as further specified in that section, the requirement of Mich. Comp. Laws § 28.725(1)(b) to report within three days when the "individual changes his or her place of employment, or employment is discontinued," and the definition of "employee" in Mich. Comp. Laws § 28.722(d) as "an individual who is self-employed or works for any other entity as a full-time or part-time employee, contractual provider, or volunteer, regardless of whether he or she is financially compensated," are not unconstitutionally vague.]

**Travel**

37.   [Plaintiffs: IT IS FURTHER ORDERED that a declaratory judgment is entered that the requirement of Mich. Comp. Laws § 28.725(2)(b) to report within three days if "[t]he individual *intends* to temporarily reside at any place other than his or her residence for more than 7 days," and the requirement of Mich. Comp.

Laws § 28.727(1)(e) to report "[t]he name and address of any place of temporary lodging . . . *to be used* by the individual during any period in which the individual . . . *is expected to be away*, from his or her residence for more than 7 days . . . [including] the dates the lodging is . . . *to be used*" are vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. (Emphasis added.)

38.   IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from requiring Plaintiffs and the primary class to report under Mich. Comp. Laws § 28.725(2)(b) within three days if "[t]he individual intends to temporarily reside at any place other than his or her residence for more than 7 days," and to report under Mich. Comp. Laws § 28.727(1)(e) "[t]he name and address of any place of temporary lodging . . . to be used by the individual during any period in which the individual . . . is expected to be away, from his or her residence for more than 7 days . . . [including] the dates the lodging is . . . to be used."

39.   IT IS FURTHER ORDERED that a declaratory judgment is entered that the term "7 days" in Mich. Comp. Laws § 28.727(1)(e) (requiring reporting of "[t]he name and address of any place of temporary lodging used . . . by the individual during any period in which the individual is away . . . from his or her residence for

more than 7 days . . . [including] the dates the lodging is used …") means that the individual will be away from his or her residence for more than seven consecutive days.

40.   IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from requiring Plaintiffs and the primary class to report information under Mich. Comp. Laws § 28.727(1)(e), inconsistent with the above interpretation.]

[Defendants: IT IS FURTHER ORDERED that the terms in Mich. Comp. Laws § 28.725(2)(b) and § 28.727(1)(e) are not unconstitutionally vague.]

**Education**

41.   WHEREAS Plaintiffs have alleged that the requirements of Mich. Comp. Laws §§ 28.722(h), 28.724a, 28.725(1)(c) and (e), and 28.727(1)(g) are vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and WHEREAS the parties have agreed on the interpretation of certain terms which the Court finds reasonable, and WHEREAS the Court has determined that there is reasonable interpretation of other terms about which the parties disagree, IT IS HEREBY ORDERED that a declaratory judgment is entered that the education reporting requirements of Mich. Comp. Laws §§ 28.722(h),

28.724a, 28.725(1)(c) and (e), and 28.727(1)(g) apply only to enrollment or discontinuation of enrollment in (a) a public or private community college, college, or university for academic credit, or (b) a public or private postsecondary trade, vocational, or occupational school for training towards [Plaintiffs: state-recognized] certification or licensure. One-off classes or instructional courses not for academic credit or not for purposes of [Plaintiffs: state-recognized] certification or licensure are excluded.

42.   IT IS FURTHER ORDERED that Defendants [Plaintiffs: , their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them] are permanently enjoined from requiring Plaintiffs and the primary class to report information [Defendants: solely related to the terms above] under Mich. Comp. Laws §§ 28.722(h), 28.724a, 28.725(1), and 28.727(1)(g) inconsistent with the above interpretations.

43.   WHEREAS Plaintiffs have alleged that it is unclear whether the limitation in Mich. Comp. Laws § 28.724a(6) (that reporting is not required for "enrollment and participation at an institution of higher education [that] is solely through the mail or the internet from a remote location") applies to the reporting required under Mich. Comp. Laws §§ 28.725(1)(c) and (e) and 28.727(1)(g), and WHEREAS the parties have agreed on the interpretation of these provisions, IT IS HEREBY ORDERED that a declaratory judgment is entered that Mich. Comp. Laws § 28.724a(6) applies

28

also to Mich. Comp. Laws § 28.725(1)(c) and (e), and Mich. Comp. Laws §
28.727(1)(g), thus excluding enrollment and participation in educational programs
that are solely through the mail or the internet from a remote location from all
education reporting requirements.

44.   IT IS FURTHER ORDERED that Defendants [Plaintiffs: , their officers,
agents, servants, employees, and attorneys, and other persons in active concert or
participation with them] are permanently enjoined from requiring Plaintiffs and the
primary class to report under Mich. Comp. Laws §§ 28.725(1)(c) and (e) and
28.727(1)(g) any educational activities that are solely through the mail or the internet
from a remote location.

45.   [Plaintiffs:  IT IS FURTHER ORDERED that a declaratory judgment is
entered that the following educational reporting requirements are vague in violation
of the Due Process Clause of the Fourteenth Amendment to the United States Consti-
tution:

   a.  "The name and address of . . . any school that has accepted the individual
       as a student that he or she *plans* to attend." Mich. Comp. Laws §
       28.727(1)(g). (Emphasis added.)

   b.  If "[a]s *part of his or her course of studies* at an institution of higher edu-
       cation in this state, the individual is *present at any other location* in this
       state, another state, a territory or possession of the United States, or the

individual discontinues his or her studies at that location." Mich. Comp. Laws § 28.724a(1)(b). (Emphasis added.)

46.    WHEREAS there is no reasonable interpretation or narrowing construction that is readily apparent from the text of the statute, IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from requiring Plaintiffs and the primary class to report:

a.  "The name and address of . . . any school that has accepted the individual as a student that he or she plans to attend." Mich. Comp. Laws § 28.727 (1)(g).

b.  If "[a]s part of his or her course of studies at an institution of higher education in this state, the individual is present at any other location in this state, another state, a territory or possession of the United States, or the individual discontinues his or her studies at that location." Mich. Comp. Laws § 28.724a(1)(b).]

[Defendants: IT IS FURTHER ORDERED that the remainder of the terms in Mich. Comp. Laws § 28.727(1)(g) and § 28.724a(1)(b) are not unconstitutionally vague.]

**Aliases & Nicknames**

47.    WHEREAS Plaintiffs have alleged that the requirement of Mich. Comp. Laws § 28.727(1)(a) to report "any aliases, nicknames, ethnic or tribal names, or

other names by which the individual is or has been known" is vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and WHEREAS the parties have agreed on an interpretation of this provision, IT IS HEREBY ORDERED that a declaratory judgment is entered that Mich. Comp. Laws § 28.727(1)(a) requires reporting of an individual's current legal name, any former legal name, a name that the individual has used to identify themselves to law enforcement, or a non-legal name that they [Plaintiffs: currently use] [Defendants: have used or use] to introduce themselves to others outside their immediate family.

48.   IT IS FURTHER ORDERED that Defendants [Plaintiffs: , their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them] are permanently enjoined from requiring Plaintiffs and the primary class to report information under Mich. Comp. Laws § 28.727(1)(a) inconsistent with the above interpretation.

49.   IT IS FURTHER ORDERED that a declaratory judgment is entered that the requirement in Mich. Comp. Laws § 28.725(1)(d) to report within three days after "[t]he individual changes his or her name" means a change of legal name.

50.   IT IF FURTHER ORDERED that Defendants, [Plaintiffs: their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them] are permanently enjoined from requiring Plaintiffs and the

primary class to report information under Mich. Comp. Laws §28.725(1)(d) inconsistent with the above interpretation.

**Physical Description**

51.   WHEREAS Plaintiffs have alleged that the requirement of Mich. Comp. Laws § 28.727(1)(o) to provide a "complete physical description of the individual" is vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and WHEREAS the parties have agreed on an interpretation of this provision which the Court finds reasonable, IT IS HEREBY ORDERED that a declaratory judgment is entered that the term "complete physical description of the individual" means race, sex, height, weight, eye color, hair color, tattoos, and scars/birth marks [Plaintiffs: longer than one inch].

52.   IT IS FURTHER ORDERED that Defendants [Plaintiffs: , their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them] are permanently enjoined from requiring Plaintiffs and the primary class to report physical descriptors under Mich. Comp. Laws § 28.727(1)(o) inconsistent with the above interpretation.

**Substantial Similarity**

53.   WHEREAS Plaintiffs have alleged that an "offense substantially similar to [a specified Michigan] offense" in Mich. Comp. Laws § 28.722(r)(xi), (t)(xiii), (v)(ix) is unconstitutionally vague in violation of the Due Process Clause of the

Fourteenth Amendment to the United States Constitution, and WHEREAS the Court has determined that there is a reasonable interpretation of this term, IT IS HEREBY ORDERED that a declaratory judgment is entered that the term an "offense substantially similar to [a specified Michigan] offense" means an offense that is comparable to a Michigan offense under the "categorical approach" as set out in *Taylor v. United States*, 495 U.S. 575 (1990), and *United States v. Barcus*, 892 F.3d 228 (6th Cir. 2018).

54.   IT IF FURTHER ORDERED that Defendants [Plaintiffs: , their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them] are permanently enjoined from requiring [Plaintiffs: Doe G, Mary Doe, and] the non-Michigan offense subclass to register and from enforcing SORA against them in a manner inconsistent with the "categorical approach" for determining whether a non-Michigan offense is "substantially similar" to a registrable Michigan offense.

**Other Vagueness Issues**

55.   IT IS FURTHER ORDERED that a declaratory judgment is entered that a willful violation of SORA does not include a failure to report information not required to be reported under this judgment unless or until the judgment on Count VIII is reversed.

56.   IT IS FURTHER ORDERED that Plaintiffs' claim that SORA's require-ment to report electronic mail addresses and internet identifiers are unconstitu-tionally vague is denied as moot because the Court has granted Plaintiffs summary judgment on Count X, has declared that Mich. Comp. Laws §§ 28.722(g), 28.725(2)(a), 28.727(1)(i), and 28.728(1)(i) violate the First Amendment to the United States Constitution and has permanently enjoined enforcement of those sections of SORA.

**Count IX:  First Amendment/Admission of Understanding – Primary Subclass**

57.   IT IS FURTHER ORDERED that Plaintiffs are granted summary judg-ment on Count IX, which challenged the requirement that registrants attest that they understand their registration duties under SORA.

58.   IT IS FURTHER ORDERED that a declaratory judgment is entered that requiring the [Plaintiffs: Plaintiffs and] primary class members to attest to under-standing their registration duties under SORA violates the protection against compelled speech of the First Amendment to the U.S. Constitution.

59.   IT IS FURTHER ORDERED that Defendants [Plaintiffs: , their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them] are permanently enjoined from requiring [Plaintiffs: Plaintiffs and] the primary class members to attest that they understand their obligations under SORA.

34

**Count X:    First Amendment/Internet Reporting Requirements – Post-2011 Subclass**

60.    IT IS FURTHER ORDERED that Plaintiffs are granted summary judgment on Count X which challenged the requirement to report electronic mail addresses and to report internet identifiers.

61.    IT IS FURTHER ORDERED that a declaratory judgment is entered that requiring [Plaintiffs: Doe H and] the post-2011 subclass to report electronic mail addresses and/or internet identifiers under Mich. Comp. Laws §§ 28.722(g), 28.725(2)(a), 28.727(1)(i), and 28.728(1)(i) violates the First Amendment of the United State Constitution.

62.    IT IS FURTHER ORDERED that Defendants [Plaintiffs: , their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them] are permanently enjoined from requiring [Plaintiffs: Doe H and] the post-2011 subclass to report electronic mail addresses or internet identifiers under Mich. Comp. Laws §§ 28.722(g), 28.725(2)(a), 28.727(1)(i), and 28.728(1)(i) and are enjoined from storing in the SOR database electronic mail addresses and internet identifiers previously reported by registrants, which have been stored in the database field for electronic mail addresses and internet identifiers.

**Count XI:    Due Process, Equal Protection, Privileges & Immunities – Non-Michigan Offense Subclass**

63.    IT IS FURTHER ORDERED that Plaintiffs are granted summary judgment

on Count XI with respect to their claim that (a) Defendants' procedures for deter-

mining registration requirements for [Plaintiffs: Ms. Doe, Doe G, and] the non-

Michigan offense subclass, and (b) the imposition of longer or harsher requirements

on them than are imposed on people with Michigan convictions violate the Due

Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S.

Constitution. With respect to Plaintiffs' claim that imposing longer or harsher

requirements on people with non-Michigan convictions violates the Privileges and

Immunities Clause, Article IV, § 2 of the U.S. Constitution, the Court finds that it is

unnecessary to reach that claim in light of the relief ordered.

64.  IT IS FURTHER ORDERED that

[Plaintiffs:

a declaratory judgment is entered that requiring Ms. Doe, Doe G, and the non-

Michigan offense subclass to register under SORA and enforcing SORA against

them violates the Due Process Clause of the Fourteenth Amendment absent a judicial

hearing that complies with due process requirements—including notice setting out

the basis for the state's registration determination; an opportunity to be heard; the

right to counsel, including appointed counsel if indigent; and the right to appeal—to

determine whether the person's non-Michigan conviction is "substantially similar"

to a registrable Michigan conviction, whether the person is required to register, and

if so, what SORA registration requirements apply.]

36

[Defendants:

a declaratory judgment is entered that requiring the non-Michigan offense subclass to register under SORA violates the Due Process Clause of the Fourteenth Amendment absent notice and an opportunity to be heard by a neutral decision maker regarding whether the person is required to register, and if so, what SORA registration requirements apply.]

65.   IT IS FURTHER ORDERED that Defendants

[Plaintiffs:

, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from requiring Ms. Doe, Doe G, and the non-Michigan offense subclass to register under SORA and from enforcing SORA against them absent a judicial hearing that complies with due process requirements—including notice setting out the basis for the state's registration determination; an opportunity to be heard; the right to counsel, including appointed counsel if indigent; and the right to appeal—to determine whether the person's non-Michigan conviction is "substantially similar" to a registrable Michigan conviction, whether the person is required to register, and if so, what SORA registration requirements apply.]

[Defendants:

are permanently enjoined from requiring the non-Michigan offense subclass to

37

register under SORA until notice is provided to the subclass and there is an opportunity to be heard by a neutral decision maker regarding whether the person is required to register for a conviction that is substantially similar to a Michigan conviction, or under Mich. Comp. Laws § 28.723(1)(d), and if so, what SORA registration requirements apply.]

66.  [Plaintiffs:  IT IS FURTHER ORDERED that a declaratory judgment is entered that it violates the Equal Protection Clause of the Fourteenth Amendment to impose or enforce registration requirements under SORA, including under Mich. Comp. Laws §§ 28.722(r)(xi), (t)(xiii), (v)(ix), or 28.723(1)(d),  on Ms. Doe, Doe G, and the non-Michigan offense subclass (a) that are longer or harsher than those imposed on people with the "substantially similar" Michigan convictions; (b) that are based on a non-Michigan offense for which there is no "substantially similar" registrable Michigan conviction; or (c) where due to the person's age, type of adjudication, or other factors, the offense would not result in registration in Michigan.

67. IT IS FURTHER ORDERED that Defendants, their officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with them are permanently enjoined from imposing or enforcing registration requirements under SORA, including under Mich. Comp. Laws §§ 28.722(r)(xi), (t)(xiii), (v)(ix), or 28.723(1)(d),  on Ms. Doe, Doe G, and the non-

Michigan offense subclass that are (a) longer or harsher than those imposed on or enforced against people with the "substantially similar" Michigan convictions; (b) that are based on a non-Michigan offense for which there is no "substantially similar" registrable Michigan conviction; or (c) where due to the person's age, type of adjudication, or other factors, the offense would not result in registration in Michigan.]

68. IT IS FURTHER ORDERED that for members of the non-Michigan offense subclass who are also members of the retroactive extension of registration subclass,

[Plaintiffs:

the original registration term for purposes of relief on Count II shall be based on the term in effect for the "substantially similar" Michigan offense under Michigan's SORA at the time of the registrant's offense, or, for registrants whose offense pre-dated the creation of SORA, the term in effect for the "substantially similar" Michigan offense on October 1, 1995, when SORA first took effect.]

[Defendants:

the duration of registration that may be applied in Count II shall be based on the term currently in effect for the "substantially similar" Michigan offense or as required under Mich. Comp. Laws § 28.723(1)(d).]

69. [Plaintiffs: IT IS FURTHER ORDERED that this injunction does not bar Defendants from requiring registration under SORA or enforcing SORA against Ms.

Doe, Doe G, and the non-Michigan offense subclass if either a judicial hearing or the process set forth below is used (i) to determine whether a person's non-Michigan offense is substantially similar to a Michigan offense, and if so, to which Michigan offense, using the "categorical approach" as set out in *Taylor v. United States*, 495 U.S. 575 (1990), and *United States v. Barcus*, 892 F.3d 228 (6th Cir. 2018), *see* ¶¶ 53-54, and (ii) to ensure that their registration requirements comply with this Court's equal protection ruling on Count XI:

    a.  Judicial hearings:

        i.    A court determines, after a judicial hearing that complies with due process requirements—including notice setting out the basis for the state's registration decision; an opportunity to be heard; the right to counsel, including appointed counsel if indigent; and the right to appeal—that the person's non-Michigan conviction is "substantially similar" to a registrable Michigan conviction, what the person's registration requirements are, and that those requirements comply with this Court's equal protection ruling on Count XI and are not longer or harsher than those imposed on people convicted of the substantially similar Michigan conviction. For members of the non-Michigan offense subclass who are also members of the retroactive extension of registration subclass and/or the non-sex offense

subclass, the court may also determine their rights under Count II and/or Count VII consistent with the relief granted in this judgment.

ii.  Defendants may require registration and enforce SORA against a member of the non-Michigan offense subclass who, after notice, opts out of a judicial hearing. However, such a registrant shall not be barred from requesting a judicial hearing at a later date or contesting the accuracy of the state's substantial similarity and registration decision in any future criminal or legal proceeding (e.g., prosecution for failure to comply with registration obligations).

iii.  Defendants shall give Plaintiffs 30 days' notice of the procedures and standards to be used for the hearings.

b.  Hearings Before a Court-Appointed Decision-Maker:

i.  A Court-appointed decision-maker determines, after a hearing that complies with due process requirements—including notice setting out the basis for the state's registration determination; an opportunity to be heard; and the right to counsel, including appointed counsel if indigent—that the person's non-Michigan conviction is "substantially similar" to a registrable Michigan conviction, what the person's registration requirements are, and that those requirements comply with this Court's equal protection ruling on Count XI and

41

are not longer or harsher than those imposed on people convicted of the substantially similar Michigan conviction.

ii. The parties shall within 60 days provide the Court with an agreed-upon nominee to serve as the decision-maker and a proposed stipulated order for the person's appointment. If by that date the parties have not agreed upon a nominee, the parties will submit to the Court the names of persons whom the Court should consider for appointment, including appropriate background materials. In the event that the decision-maker resigns or is no longer able to serve, the process set forth here will be repeated, and the Court will appoint a replacement.

iii. At the hearings, the state may be represented by counsel. An appointed attorney(s) shall represent the interests of registrants. Registrants, if they so choose, may instead be represented by their own counsel at their own expense. Within 60 days, the parties shall provide the Court with names of the persons or institutions that will provide representation in the hearings. If the parties cannot agree, they will provide the Court with their respective proposals for such representation.

iv.     Defendants shall be responsible for the costs of the notice and hearings, including the costs of the decision-maker and the attorney(s) appointed to represent registrants' interests, except that if funding for representation of members of the non-Michigan offense subclass with federal convictions is available under the Criminal Justice Act Plan and the federal public defender or panel attorneys agree to represent such registrants, then such funds may be used.

v.     The decision-maker can, in consultation with the parties, establish appropriate procedures for the hearings, including the consolidation of cases for registrants who have been convicted of the same non-Michigan offense, as long as each registrant has the opportunity to be heard, and the procedures account for any differences among them. For members of the non-Michigan offense subclass who are also members of the retroactive extension of registration subclass and/or the non-sex offense subclass, the procedures may provide for adjudication of their rights under Count II and/or Count VII consistent with the requirements of this judgment.

vi.     Once the decision-maker has decided what, if any, registry duties apply, Defendants shall implement the decision. The decision, however, does not bar either the state or the registrant from filing a legal

action to obtain a judicial decision as to whether or what registration duties the person has under SORA, nor does it bar the registrant from contesting the "substantial similarity" or registration decision in any future legal or criminal proceeding (e.g., prosecution for failure to comply with registration obligations).

vii.   After hearings have been completed for current members of the non-Michigan subclass and for any members of the subclass who move to Michigan during the term of the decision-maker's appointment, the parties shall meet and confer about the procedures to be used thereafter for people with non-Michigan convictions. If the parties can agree, they shall present a stipulated order regarding how such hearings shall be conducted. If they cannot agree, the parties shall present their respective proposals to the Court for decision.

c. For either judicial hearings or hearings by a Court-appointed decision-maker, registrants shall be provided with advance written notice of the hearing. The language of the notice and the procedures for giving notice shall be agreed upon by the parties, or if they cannot agree, decided by the Court. The notice shall include (i) an explanation of the purpose of the hearing; (ii) a statement setting out what the registrant's current tier classification and registration duration is, and what offense the Michigan

44

State Police currently identifies or has previously identified as the "substantially similar" Michigan offense in making that classification; (iii) what the hearing procedures and deadlines are; as well as (iv) any other information necessary for the registrant to understand and participate in the hearing process.

**Plaintiffs:  Preservation of Claims Not Decided**

70.   As set out above, the Court has found it unnecessary to reach some claims and some legal theories and has found some claims moot because the Court has granted relief on other claims or under other legal theories. All claims and alternative legal theories not decided by the Court are preserved. In the event that, as the result of any subsequent appellate proceedings, any of the Court's orders are modified or vacated, the parties can raise the preserved issues on remand consistent with any instructions from the appellate courts.]

**Effective Date of Relief Granted**

71.   IT IS FURTHER ORDERED that all declaratory relief granted in this judgment shall have immediate effect.

72.   IT IS FURTHER ORDERED that in order to give Defendants time to implement the Court's decisions, the injunctive relief granted shall become effective as follows:

a.  Count I (ex post facto): 90 days.

b. Count II (ex post facto/retroactive extension of registration terms): [Plaintiffs: as set out in ¶¶ 12-14, *supra* (immediate removal of Doe A, Doe B, and Doe E; 45 days for removal of members of retroactive extension of registration subclass who have completed their original registration term; 60 days for Defendants to provide notice; removal of Doe C, Doe D, Doe G, Mary Doe, and Mary Roe, and all members of the retroactive extension of registration subclass when they complete their original registration terms)] [Defendants: 90 days].

c. Count VII (non-sex offense): 90 days to provide notice [Plaintiffs: and 180 days to complete hearings].

d. Count VIII (vagueness): immediate as to enforcement; 90 days for Defendants to update forms and database fields.

e. Count IX (First Amendment/admission of understanding): immediate.

f. Count X (First Amendment/internet reporting requirements): immediate as to enforcement; Defendants shall have 90 days for removal of previously reported information, and to update forms and database fields.

g. Count XI (non-Michigan offenses): 90 days to provide notice [Plaintiffs: and 180 days to complete hearings, with the possibility of extension by stipulation of the parties].

46

**Notice to Class, Prosecutors and Law Enforcement**

73. [Plaintiffs: IT IS FURTHER ORDERED that Defendants shall provide notice of this judgment to all registrants and to law enforcement officials and prosecuting attorneys tasked with the enforcement of SORA within the period of time stated in a Court-approved notice process. Within 28 days of entry of this judgment, the parties shall submit for the Court's approval a joint proposed process for notice and proposed notices for registrants, prosecutors, and law enforcement. If the parties cannot agree, they shall provide to the Court their respective proposed notice process and proposed notices.]

[Defendants: IT IS FURTHER ORDERED that Defendants shall make reasonable efforts to provide notice of this judgment to law enforcement officials and prosecuting attorneys tasked with the enforcement of SORA within 90 days; and to the members of the pre-2011 ex post facto subclass, the retroactive extension of registration subclass, the non-sex offense subclass and the non-Michigan offense subclass within 90 days.]

74. IT IS FURTHER ORDERED that within 90 days of entry of this judgment, Defendants shall update the Explanation of Duties, MSP Form RI-004 and RI-004A, to conform to this judgment. [Plaintiffs: Defendants shall also within 90 days develop a guidance document or documents, such as a Frequently Asked Questions guide, for law enforcement and registrants that contains detailed explanation of

47

exactly what information is reportable consistent with this judgment; shall cross-reference to that document(s) on the MSP Form RI-004 and RI-004A; and shall post that document(s) online.

**Class List and Post-Judgment Monitoring**

75.   IT IS FURTHER ORDERED that Defendants shall within [Plaintiffs: 28 days] [Defendants: 90 days] days provide class counsel with an updated class list in a manipulable electronic format. Defendants shall produce updated data for the public and non-public data fields that the Court previously ordered produced in discovery. *See* Order Following Discovery Hearing, ECF No. 81 (requiring production of data listed on Exhibit A to Plaintiffs' First Interrogatories and Requests for Production, ECF No. 78-1, Ex. A).

[Plaintiffs: Defendants shall provide an updated class list with this information every four months on dates agreed to by the parties. At the conclusion of all proceedings in this case, including appeals, the Court will determine whether and for how long such reporting shall continue.

76.   IT IS FURTHER ORDERED that Defendants shall provide Plaintiffs with the following information so that they can monitor implementation of the judgment:

a.   Any revised versions of the Sex Offender Registry Operating Procedures.

b.   Written procedures created or used by Defendants to implement this judgment, such as updated flow charts for categorization of non-Michigan

48

offenses or procedures for the identification and removal of members of the retroactive extension of registration subclass.

c.  All guidance for law enforcement regarding the judgment that is provided by or reviewed by the Defendants or their counsel, unless subject to attorney-client or work product privilege.

d.  Spreadsheets or other documents created or used by Defendants to assess registrants' eligibility for relief under this judgment, such as spreadsheets or documents showing which members of the non-sex offense subclass Defendants believe are eligible for hearings, or spreadsheets used in making "substantial similarity" determinations for the non-Michigan offense subclass.

e.  For the retroactive extension of registration subclass, reports showing for each subclass member:

   i.    Full name, date of birth, and registration number;

   ii.   Registration status (e.g., removed, active, incarcerated, out-of-state, etc.);

   iii.  Registrable offense(s) with commission date, conviction date, court file number, and jurisdiction where convicted;

   iv.   For each registrable offense, tier level, registration duration, and registration end date previously assigned by the MSP under SORA

49

2021;

    v.    Original registration term;

    vi.    Registration start date/initial registration date and whether that date is from the "Registration Form Date" field and, if not, the source of that date;

    vii.    Actual/projected registration end date based on original registration term;

    viii.    Formula used to calculate registration end date (i.e., for people with offenses before September 1, 1999, 25 years after initial registration; for people with offenses on or after September 1, 1999 and before July 1, 2011, 25 years after initial registration or 10 years after release from a state correctional facility, whichever is longer) and incarceration information (e.g., release date) used to calculate the registration end date;

    ix.    Incarceration history (start date, end date, offense associated with incarceration, facility—jail/prison);

    x.    Whether the person was removed from the registry under ¶¶ 12-13 of the judgment (yes with date of removal, or no);

    xi.    Whether notification was sent under ¶ 14 of judgment ("yes" with date of notification, or "no"); and

      xii.    Whether the person is also a member of the non-sex offense subclass and/or a member of the non-Michigan offense subclass.

  f.  For the non-sex offense subclass, reports showing for each subclass member:

      i.    Full name, date of birth, and registration number;

      ii.    Registration status (e.g., removed, active, incarcerated, out-of-state);

      iii.    Potentially registrable non-sex conviction(s) with commission date, conviction date, court file number, jurisdiction where convicted, associated tier level, associated initial registration date, and associated registration end date;

      iv.    Any registrable sex offense(s) with commission date, conviction date, court file number, jurisdiction where convicted, associated tier level, associated initial registration date, and associated registration end date;

      v.    Tier level and registration duration previously assigned by the MSP;

      vi.    MSP determination of current eligibility for hearing and basis for denial of hearing if denied;

      vii.    Whether notice of hearing/denial of hearing has been sent and date of notice;

51

viii.   If hearing denied, whether registrant disputes denial of hearing (yes/no);

ix.   Name and any organizational affiliation of the registrant's counsel;

x.   Whether the hearing has been held (including date of hearing, jurisdiction, and case number) or whether registrant opted out of hearing;

xi.   Hearing decision as to whether the non-sex conviction by its nature constitutes a sexual offense (offense was sexual in nature/offense was not sexual in nature/decision pending/no hearing) and what the person's registration obligations are, including whether the person must register, at what tier, registration term, and registration end date; and

xii.   Whether the person is also a member of retroactive extension subclass and/or a member of non-Michigan offense subclass.

g.   For the non-Michigan offense subclass, reports showing for each subclass member:

i.   Full name, date of birth, and registration number;

ii.   Registration status (e.g., removed, active, incarcerated, out-of-state, etc.);

iii.   Potentially registrable non-Michigan offense(s) with commission date, conviction date, court file number, and jurisdiction where

52

convicted;

iv.   For each potentially registrable non-Michigan offense, tier level, registration duration, and registration end date previously assigned by the MSP;

v.    Current MSP determination of registrability, tier level, registration duration, and registration end date, including the basis for the determination (i.e., which Michigan offense was identified by the MSP as substantially similar);

vi.   Whether notice of hearing has been sent and the date of notice;

vii.  Name and any organizational affiliation of the registrant's counsel;

viii. Whether the hearing has been held (including date, jurisdiction, and case number) or whether registrant opted out of hearing;

ix.   Whether MSP's registration determination is disputed;

x.    The hearing decision regarding the person's registration obligations, including whether the person must register, at what tier, registration term, registration end date, and what, if any Michigan offense, was found to be substantially similar;

xi.   Whether notice of the decision has been sent and the date; and

xii.  Whether the person is also a member of retroactive extension sub-class and/or a member of non-sex offense subclass.

53

Defendants shall provide the information in subparagraphs (a) – (d) on an ongoing basis until six months after the conclusion of all appeals in this case. Defendants shall provide the reports in subparagraphs (e), (f), and (g) on a monthly basis until all current members of the retroactive extension of registration terms subclass, the non-sex offense subclass, and the non-Michigan offense subclass have received the relief due under this judgment. Thereafter, the reporting required under those sub-sections can be provided three times per year alongside the updated class lists required in ¶ 75.]

77. IT IS FURTHER ORDERED THAT provision of the above information shall not be deemed a violation of any law or regulation that might otherwise be read to protect the confidentiality of such information, including Mich. Comp. Laws §§ 28.214, 28.728, and 28.730.

**Records Maintenance**

78. Defendants may maintain a cancelled record of registrants who have been removed from Michigan's sex offender registry pursuant to this judgment.

**Dismissal of John Doe F**

79. IT IS FURTHER ORDERED that John Doe F is dismissed from this action, as he is no longer subject to SORA.

**Attorneys Fees and Costs**

80. IT IS FURTHER ORDERED that Plaintiffs shall have until 60 days after

the conclusion of all appeals in this case to file their motion for an award of attorney's fees and costs, including taxable costs. For purposes of this order, "the conclusion of all appeals" means the latest of:

(a) the expiration of any party's time to file a notice of appeal to the United States Court of Appeals for the Sixth Circuit of any final order of this Court,[10] including any final order of this Court after remand, in the event the case is remanded by a higher court;

(b) the expiration of time to file a petition for certiorari to the United States Supreme Court following a final decision by the Sixth Circuit on appeal from any final order of this Court;

(c) the denial of a petition of certiorari by the United States Supreme Court; or

(d) the disposition of this case by the United States Supreme Court, if the Supreme Court grants a petition for certiorari.

Rather than file a separate bill of costs, the parties shall include the taxable items with the other costs for which they seek an award on the schedule established in this order.

---

[10] The parties agree that, under Fed. R. App. P. 4(a)(1)(A), any appeal must be taken within 30 days of the date of this judgment. Accordingly, if no appeal is taken by either party, Plaintiffs' fee petition will be due within 90 days of entry of this judgment.

**Retention of Jurisdiction**

81.  IT IS FURTHER ORDERED that the Court retains jurisdiction to ensure compliance with its orders and to resolve any post-judgment issues, including notice, monitoring, and attorneys' fees.

SO ORDERED.

_____
Hon. Mark A. Goldsmith
United States District Judge

Dated:
        Detroit, Michigan