UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE, on behalf
of themselves and all others similarly
situated,

                              No. 2:22-cv-10209

      Plaintiffs,

                              HON. MARK GOLDSMITH

v

                              MAG. CURTIS IVY, JR.

GRETCHEN WHITMER, Governor of
the State of Michigan, and COL. JAMES
GRADY, Director of the Michigan State
Police,

      Defendants.

_____

**EXHIBIT A**



**DEFENDANT'S DRAFT PROPOSED JUDGMENT**[1]

---

[1] The language agreed upon between Defendants and Plaintiffs is in regular font, and the ***Defendants proposed language is in bold italics font.***  The parties submitted a proposed judgment that includes agreed upon language in regular font and competing language setting forth the respective parties proposed language in different colored highlighting.  (ECF No. 167-1, PageID.9030-9086.)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| JOHN DOES, et al., | No. 2:22-cv-10209 |
| Plaintiffs, | Hon. Mark A. Goldsmith |
| v. | Mag. J. Curtis Ivy, Jr. |
| GRETCHEN WHITMER, et al., |  |
| Defendants. |  |

## **FINAL JUDGMENT**

WHEREAS Plaintiffs filed a complaint (ECF No. 1) in February 2022 and subsequently filed an amended complaint (ECF No. 108) in April 2023 challenging the constitutionality of the version of Michigan's Sex Offenders Registration Act (SORA), Mich. Comp. Laws § 28.721 *et seq.*, as amended effective March 24, 2021;

WHEREAS the Court entered stipulated orders on class certification in May 2022 and May 2023 (ECF Nos. 35, 109) which certified:

- a "primary class," defined as people who are or will be subject to registration under Michigan's SORA (ECF No. 35, PageID.1116);

- a "pre-2011 ex post facto subclass," defined as members of the primary class who committed the offense(s) requiring registration before July 1, 2011 (ECF No. 35, PageID.1117);

1

- a "retroactive extension of registration subclass," defined as members of the primary class who were retroactively required to register for life as a result of amendments to SORA (ECF No. 35, PageID.1117);

- a "barred from petitioning subclass," defined as members of the primary class who are ineligible to petition for removal from the registry and for whom ten or more years will have elapsed since the date of their conviction for the registrable offense(s) or from their release from any period of confinement for that offense(s), whichever occurred last, and who (a) have not been convicted of any felony or any registrable offense since; (b) have successfully completed their assigned periods of supervised release, probation, or parole without revocation at any time of that supervised release, probation, or parole; and (c) have successfully completed an appropriate sex offender treatment program, if successful completion of a sex offender treatment program was a condition of the registrant's confinement, release, probation, or parole (ECF No. 35, PageID.1117-1118);

- a "non-sex-offense subclass," defined as members of the primary class who are or will be subject to registration for an offense without a sexual component including convictions for violating Mich. Comp. Laws § 750.349 (other than convictions for violating Mich. Comp. Laws § 750.349(1)(c) or Mich. Comp.

Laws §§ 750.349(1)(f)), 750.349b, 750.350, or a substantially similar offense in
another jurisdiction (ECF No. 35, PageID.1118);

- a "plea bargain subclass," defined as members of the primary class who gave up
  their right to trial and pled guilty to a registrable offense in Michigan and who,
  as a result of retroactive amendments to SORA, (a) were retroactively subjected
  to SORA even though there was no registration requirement at the time of
  their plea; or (b) had their registration terms retroactively extended beyond that
  in effect at the time of their plea (ECF No. 35, PageID.1118);

- a "post-2011 subclass," defined as members of the primary class who commit-
  ted the offense(s) requiring registration on or after July 1, 2011 (ECF No. 35,
  PageID.1118); and

- a "non-Michigan offense" subclass, defined as members of the primary class
  who are or will be subject to sex offender registration under Mich. Comp. Laws
  §§ 28.722(r)(xi), (t)(xiii), (v)(ix), or 28.723(1)(d), for a conviction or adjudication
  from a jurisdiction other than Michigan (ECF No. 109, PageID.3128[2]);

WHEREAS the parties filed cross-motions for summary judgment and
responses (ECF No. 123, 129, 131, 132), statements of material facts (ECF Nos. 123-

---

[2] Mich. Comp. Laws § 28.722 was amended in 2024, resulting in renumbering of
subsections. *See* 2024 Mich. Pub. Act 66.  The subsections here differ from those in the
certification order for that reason.

3

1, 129-1), counterstatements of material facts (ECF Nos. 129-2, 131-1), and supplemental briefs (ECF Nos. 145, 146, 154, 155);

WHEREAS on September 27, 2024, the Court issued an Opinion and Order granting in part Plaintiffs' Motion for Summary Judgment and granting in part Defendants' Motion for Summary Judgment (ECF No. 158);

WHEREAS the parties filed supplemental briefs on Count VIII (ECF No. 162, 163);

WHEREAS the parties have filed two Joint Statements (ECF Nos. 159 and 164) explaining their respective positions as to proposed judgment text; and

WHEREAS the Plaintiffs filed a Motion for Entry of Judgment (ECF No. 167) and the Defendants filed a response,

IT IS NOW ORDERED that the Court enters final judgment as follows:

**Count I:    Ex Post Facto – Pre-2011 Ex Post Facto Subclass**

*1. IT IS HEREBY ORDERED that Plaintiffs are granted summary judgment on Count I under the Ex Post Facto Clause of the United States Constitution, which challenged the increased reporting requirements that were originally introduced in the 2011 amendments and remain in the current SORA.*

*2. IT IS FURTHER ORDERED that a declaratory judgment is entered that the in-person reporting requirements originally introduced in SORA 2011, which remain in SORA, as amended effective March 24, 2021, and are currently*

4

found in Mich. Comp. Laws § 28.725 (1), (2), (3), (7) and (8), violate the Ex Post Facto Clause of the United States Constitution.

3. *IT IS FURTHER ORDERED THAT Defendants are permanently enjoined from requiring in-person reporting as originally introduced in SORA 2011, which remain in the current SORA, as amended effective March 24, 2021, and currently found in Mich. Comp. Laws § 28.725 (1), (2), (3), (7) and (8), from the members of the "Pre-2011 Ex Post Facto Subclass" and from taking enforcement action against members of the "Pre-2011 Ex Post Facto Subclass" for failing to report the information in-person. See 2000 Mich. Pub. Act 17.*

4. *IT IS FURTHER ORDERED that the injunction will be stayed until all appeals related to Count I are exhausted and resolved.*

**Count II:   Ex Post Facto and Due Process – Retroactive Extension of Registration Subclass**

5.   IT IS HEREBY ORDERED that Plaintiffs are granted summary judgment on Count II, which challenged the retroactive extension of SORA's registration terms under the Ex Post Facto Clause of the United States Constitution. With respect to Plaintiffs' claim that retroactive extension of SORA's registration terms violates the Due Process Clause of the United States Constitution, the Court finds it unnecessary to decide this issue given the Court's ruling under the Ex Post Facto Clause.

6.    IT IS FURTHER ORDERED that a declaratory judgment is entered that the *2011* amendments to SORA that retroactively extended registration terms and remain in the current SORA, as amended effective March 24, 2021, violate the Ex Post Facto Clause of the United States Constitution.

7.    *IT IS FURTHER ORDERED that Defendants are permanently enjoined from requiring registration or taking enforcement action against members of the "retroactive extension of registration subclass" beyond the duration that was required before the registration terms were extended by the amendments originally introduced in 2011. The registration terms of the "retroactive extension of registration subclass" are limited to only the duration that was required before July 1, 2011, which is 25 years of registration after the date of initially registering as a sex offender, or 10 years after release from a state correctional facility, whichever is longer. See 1999 Mich. Pub. Act 85, sec. 5(6).*

In determining the initial registration date, Defendants may use the field "Registration Form Date" if available in the SOR database and reflective of the initial registration date. If that field is not populated for a registrant or is not reflective of the initial registration date, the conviction date may be used. Any period of sex offender registration in another jurisdiction is included in calculating how long a person has been registered.

8.    *IT IS FURTHER ORDERED that the injunction will be stayed until*

*all appeals related to Count II are exhausted and resolved.*

**Count III:   Individualized Review – Due Process and Equal Protection – Primary Class**

9.      IT IS FURTHER ORDERED that Defendants are granted summary judgment on Count III, where Plaintiffs and the primary class challenged the imposition of lengthy and lifetime registration requirements without any individual review or opportunity for removal under the Due Process and Equal Protection Clauses of the United States Constitution.

**Count IV:   Equal Protection – Barred From Petitioning Subclass**

10.    IT IS FURTHER ORDERED that Defendants are granted summary judgment on Count IV where the barred-from-petitioning subclass challenged under the federal Equal Protection Clause SORA's prohibition on their petitioning for removal from the registry on the same terms as registrants eligible to petition under Mich. Comp. Laws § 28.728c (1), (12).

**Count V:   First Amendment – Reporting Requirements – Primary Class and Non-Sex-Offense Subclass**

11.    IT IS FURTHER ORDERED that Defendants are granted summary judgment on Count V where the primary class, and the non-sex offense subclass challenged the reporting requirements of Mich. Comp. Laws §§ 28.724a(1)–(4);

7

28.725(1)–(3), (7)–(8), (10)–(13); 28.725a(3)–(5), (7)–(8); and 28.727(1) as compelled speech under the First Amendment of the U.S. Constitution.

**Count VI:    Due Process – Plea Bargain Subclass**

12.    IT IS FURTHER ORDERED that summary judgment on Count VI, where the plea bargain subclass challenged the imposition of SORA for life or for a longer term than that in effect at the time of their plea, is denied as moot because the Court has declared that retroactive extension of registration terms violates the Ex Post Facto Clause of the United States Constitution and has permanently enjoined such retroactive extensions.

**Count VII:    Due Process and Equal Protection – Non-Sex-Offense Subclass**

13.    IT IS FURTHER ORDERED that Plaintiffs are granted summary judgment on Count VII as to their claim that it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution to require the non-sex offense subclass to register under SORA *where there has been no notice and an opportunity to be heard by a neutral decision maker whether a conviction under Mich. Comp. Laws § 750.349 against a minor, § 750.349b against a minor, or § 750.350, or a substantially similar conviction in another jurisdiction (hereafter "non-sex conviction") included a sexual component.  The Court finds that it is not necessary to reach the issue of whether there was an Equal*

8

*Protection violation because the relief ordered here for the Due Process*

*violation is coextensive with the relief related to the alleged Equal Protection*

*violation.*

14.    IT IS FURTHER ORDERED that a declaratory judgment is entered that it

violates the Due Process Clause of the Fourteenth Amendment to the United States

Constitution to require the non-sex offense subclass to register under SORA *or take*

*enforcement action against them unless there has been notice and an*

*opportunity to be heard by a neutral decision maker whether the offense*

*included a sexual component.*

15.    IT IS FURTHER ORDERED that Defendants *are permanently enjoined*

*from requiring registration under SORA or taking enforcement action against*

*the non-sex offense subclass based on a non-sex offense conviction unless*

*there has been notice and an opportunity to be heard by a neutral decision*

*maker whether the offense included a sexual component.*

16.    IT IS FURTHER ORDERED that for members of the non-sex offense

subclass who have both a non-sex conviction and another registrable conviction,

Defendants are permanently enjoined from requiring registration under SORA or

enforcing SORA against them for a term longer than, or with requirements harsher

than, those imposed for the other registrable conviction *unless there has been*

*notice and an opportunity to be heard by  a neutral decision maker whether*

*the non-sex offense conviction included a sexual component.*

9

17.    IT IS FURTHER ORDERED that this injunction does not bar Defendants from requiring registration under SORA or enforcing SORA against members of the non-sex offense subclass if the procedures below are followed:

    a.    <u>Procedures for Subclass Members with a Non-Sex Offense Conviction and Another Registrable Offense</u>.  This judgment does not bar Defendants from requiring registration and enforcing SORA without a judicial hearing against a subclass member with a non-sex conviction who also has a registrable Michigan conviction for a sexual offense if Defendants determine that (i) the other registrable Michigan conviction for a sexual offense results in Tier III lifetime registration, (ii) the other registrable Michigan conviction for a sexual offense results in a registration term that is no longer than the term for the non-sex conviction,[3] or (iii) the other registrable Michigan conviction has a sexual element and involved the same offense conduct on the same date against the same victim as the non-sex conviction.

    b.    <u>Procedures for Incarcerated Subclass Members</u>. For members of the non-sex offense subclass who are serving a sentence in a state or federal correctional facility or jail and who have another registrable Michigan conviction,

---

[3] If Defendants determine that the subclass member's other registrable conviction results in a lower tier classification or shorter registration term than the non-sex conviction, Defendants may not require registration and enforce SORA for a term longer than, or with requirements harsher than, those for the other registrable conviction without a judicial hearing.

the *notice and opportunity to be heard by a neutral decision maker* can be deferred until the subclass member is released from incarceration. However, Defendants are permanently enjoined from requiring registration or enforcing SORA against members of the non-sex offense subclass who are serving a sentence in a state or federal correctional facility and who do not have another registrable Michigan conviction absent *notice and an opportunity to be heard by a neutral decision maker*.

**Count VIII:   Due Process/Vagueness – Primary Class and Post-2011 Subclass**

18.   IT IS HEREBY ORDERED that, where Plaintiffs and the primary class in Count VIII have alleged that certain provisions of SORA are unconstitutionally vague, and where the parties have agreed on reasonable interpretations or narrowing constructions of those provisions that would resolve these allegations, the Court adopts those interpretations and constructions as set forth below.

19.   IT IS FURTHER ORDERED that, to the extent that the parties have not agreed on interpretations or constructions of the provisions that Plaintiffs challenged as unconstitutionally vague, *the Court grants summary judgment to Defendants on Count VIII as set forth below.*

**Phones**

20.   WHEREAS Plaintiffs have alleged that the requirements of Mich. Comp. Laws § 28.727(1)(h) (to report "[a]ll telephone numbers registered to the individual or

11

used by the individual, including, but not limited to, residential, work, and mobile telephone numbers"), and the requirements of Mich. Comp. Laws § 28.725(2)(a) (to report within three days "any change in . . . telephone numbers registered to or used by the individual") are vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and WHEREAS the parties have agreed on the interpretation of certain terms which the Court finds reasonable, and WHEREAS the Court has determined that there are reasonable interpretations of other terms about which the parties disagree, IT IS HEREBY ORDERED that a declaratory judgment is entered that the terms:

    a. "registered to" means only telephone numbers registered to the individual at the time of registration, verification, or updating their information;

    b. "residential telephone number" means a number for a phone—whether a landline or one connected in some other way—that is affixed to or can be used solely at the registrant's residential address *or a residential address that a registrant provides the telephone number to others as a number where they can be reached*; and

    c. "work telephone number" means phone numbers at an individual's workplace that are assigned to the registrant or a number that the registrant provides to others as a number they can be reached at their workplace, or if no such numbers exist, then the main number for the workplace.

21.   IT IS FURTHER ORDERED that Defendants are permanently enjoined

from requiring Plaintiffs and the primary class to report information *solely related to the terms above* under Mich. Comp. Laws §§ 28.725(2)(a) and 28.727(1)(h) inconsistent with the above interpretations.

22.    IT IS FURTHER ORDERED *that the remainder of the terms in Mich. Comp. Laws § 28.727(1)(h) and § 28.725(2)(a) are not unconstitutionally vague.*

**Vehicles**

23.    WHEREAS Plaintiffs have alleged that the requirement of Mich. Comp. Laws § 28.727(1)(j) (to report "[t]he license plate number and description of any vehicle owned or operated by the individual") and the requirement of Mich. Comp. Laws § 28.725(2)(a) (to report within three days "any change in vehicle information  . . . [for a vehicle]   . . . registered to or used by the individual") are vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and WHEREAS the parties have agreed on the interpretation of certain terms which the Court finds reasonable, IT IS HEREBY ORDERED that a declaratory judgment is entered that the terms "owned . . . by" in Mich. Comp. Laws § 28.727(1)(j) and "registered to" in Mich. Comp. Laws § 28.725(2)(a) mean only vehicles owned by or registered to the individual at the time of registration, verification, or updating their information.

24.    IT IS FURTHER ORDERED that Defendants are permanently enjoined from requiring Plaintiffs and the primary class to report information *solely related to the terms above* under Mich. Comp. Laws §§ 28.727(1)(j) and 28.725(2)(a)

inconsistent with the above interpretations.

25.   *IT IS FURTHER ORDERED that the remainder of the terms in Mich. Comp. Laws § 28.727(1)(j) and § 28.725(2)(a) are not unconstitutionally vague.*

**Employment**

26.   *IT IS FURTHER ORDERED that the requirement in Mich. Comp. Laws § 28.727(1)(f) to report "[t]he name and address of each of the individual's employers" as further specified in that section, the requirement of Mich. Comp. Laws § 28.725(1)(b) to report within three days when the "individual changes his or her place of employment, or employment is discontinued," and the definition of "employee" in Mich. Comp. Laws § 28.722(d) as "an individual who is self-employed or works for any other entity as a full-time or part-time employee, contractual provider, or volunteer, regardless of whether he or she is financially compensated," are not unconstitutionally vague.*

**Travel**

27.   *IT IS FURTHER ORDERED that the terms in Mich. Comp. Laws § 28.725(2)(b) and § 28.727(1)(e) are not unconstitutionally vague.*

**Education**

28.   WHEREAS Plaintiffs have alleged that the requirements of Mich. Comp. Laws §§ 28.722(h), 28.724a, 28.725(1)(c) and (e), and 28.727(1)(g) are vague in

14

violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and WHEREAS the parties have agreed on the interpretation of certain terms which the Court finds reasonable, and WHEREAS the Court has determined that there is reasonable interpretation of other terms about which the parties disagree, IT IS HEREBY ORDERED that a declaratory judgment is entered that the education reporting requirements of Mich. Comp. Laws §§ 28.722(h), 28.724a, 28.725(1)(c) and (e), and 28.727(1)(g) apply only to enrollment or discontinuation of enrollment in (a) a public or private community college, college, or university for academic credit, or (b) a public or private postsecondary trade, vocational, or occupational school for training towards certification or licensure. One-off classes or instructional courses not for academic credit or not for purposes of certification or licensure are excluded.

29.    IT IS FURTHER ORDERED that Defendants are permanently enjoined from requiring Plaintiffs and the primary class to report information *solely related to the terms above* under Mich. Comp. Laws §§ 28.722(h), 28.724a, 28.725(1), and 28.727(1)(g) inconsistent with the above interpretations.

30.    WHEREAS Plaintiffs have alleged that it is unclear whether the limitation in Mich. Comp. Laws § 28.724a(6) (that reporting is not required for "enrollment and participation at an institution of higher education [that] is solely through the mail or the internet from a remote location") applies to the reporting required under Mich. Comp. Laws §§ 28.725(1)(c) and (e) and 28.727(1)(g), and WHEREAS the parties

have agreed on the interpretation of these provisions, IT IS HEREBY ORDERED that a declaratory judgment is entered that Mich. Comp. Laws § 28.724a(6) applies also to Mich. Comp. Laws § 28.725(1)(c) and (e), and Mich. Comp. Laws § 28.727(1)(g), thus excluding enrollment and participation in educational programs that are solely through the mail or the internet from a remote location from all education reporting requirements.

31.   IT IS FURTHER ORDERED that Defendants are permanently enjoined from requiring Plaintiffs and the primary class to report under Mich. Comp. Laws §§ 28.725(1)(c) and (e) and 28.727(1)(g) any educational activities that are solely through the mail or the internet from a remote location.

*32.   **IT IS FURTHER ORDERED** that the remainder of the terms in Mich. Comp. Laws § 28.727(1)(g) and § 28.724a(1)(b) are not unconstitutionally vague.*

**Aliases & Nicknames**

33.   WHEREAS Plaintiffs have alleged that the requirement of Mich. Comp. Laws § 28.727(1)(a) to report "any aliases, nicknames, ethnic or tribal names, or other names by which the individual is or has been known" is vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and WHEREAS the parties have agreed on an interpretation of this provision, IT IS HEREBY ORDERED that a declaratory judgment is entered that Mich. Comp. Laws § 28.727(1)(a) requires reporting of an individual's current legal name, any former legal

16

name, a name that the individual has used to identify themselves to law enforcement, or a non-legal name that they *have used or use* to introduce themselves to others outside their immediate family.

34.    IT IS FURTHER ORDERED that Defendants are permanently enjoined from requiring Plaintiffs and the primary class to report information under Mich. Comp. Laws § 28.727(1)(a) inconsistent with the above interpretation.

35.    IT IS FURTHER ORDERED that a declaratory judgment is entered that the requirement in Mich. Comp. Laws § 28.725(1)(d) to report within three days after "[t]he individual changes his or her name" means a change of legal name.

36.    IT IF FURTHER ORDERED that Defendants, are permanently enjoined from requiring Plaintiffs and the primary class to report information under Mich. Comp. Laws §28.725(1)(d) inconsistent with the above interpretation.

**Physical Description**

37.    WHEREAS Plaintiffs have alleged that the requirement of Mich. Comp. Laws § 28.727(1)(o) to provide a "complete physical description of the individual" is vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and WHEREAS the parties have agreed on an inter-pretation of this provision which the Court finds reasonable, IT IS HEREBY ORDERED that a declaratory judgment is entered that the term "complete physical description of the individual" means race, sex, height, weight, eye color, hair color,

tattoos, and scars/birth marks.

38.   IT IS FURTHER ORDERED that Defendants are permanently enjoined from requiring Plaintiffs and the primary class to report physical descriptors under Mich. Comp. Laws § 28.727(1)(o) inconsistent with the above interpretation.

**Substantial Similarity**

39.   WHEREAS Plaintiffs have alleged that an "offense substantially similar to [a specified Michigan] offense" in Mich. Comp. Laws § 28.722(r)(xi), (t)(xiii), (v)(ix) is unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and WHEREAS the Court has determined that there is a reasonable interpretation of this term, IT IS HEREBY ORDERED that a declaratory judgment is entered that the term an "offense substantially similar to [a specified Michigan] offense" means an offense that is comparable to a Michigan offense under the "categorical approach" as set out in *Taylor v. United States*, 495 U.S. 575 (1990), and *United States v. Barcus*, 892 F.3d 228 (6th Cir. 2018).

40.   IT IS FURTHER ORDERED that Defendants are permanently enjoined from requiring the non-Michigan offense subclass to register and from enforcing SORA against them in a manner inconsistent with the "categorical approach" for determining whether a non-Michigan offense is "substantially similar" to a registrable Michigan offense.

**Other Vagueness Issues**

41.    IT IS FURTHER ORDERED that a declaratory judgment is entered that a willful violation of SORA does not include a failure to report information not required to be reported under this judgment unless or until the judgment on Count VIII is reversed.

42.    IT IS FURTHER ORDERED that Plaintiffs' claim that SORA's requirement to report electronic mail addresses and internet identifiers are unconstitutionally vague is denied as moot because the Court has granted Plaintiffs summary judgment on Count X, has declared that Mich. Comp. Laws §§ 28.722(g), 28.725 (2)(a), 28.727(1)(i), and 28.728(1)(i) violate the First Amendment to the United States Constitution and has permanently enjoined enforcement of those sections of SORA.

**Count IX:    First Amendment/Admission of Understanding – Primary Subclass**

43.    IT IS FURTHER ORDERED that Plaintiffs are granted summary judgment on Count IX, which challenged the requirement that registrants attest that they understand their registration duties under SORA.

44.    IT IS FURTHER ORDERED that a declaratory judgment is entered that requiring the primary class members to attest to understanding their registration duties under SORA violates the protection against compelled speech of the First Amendment to the U.S. Constitution.

45.     IT IS FURTHER ORDERED that Defendants are permanently enjoined from requiring the primary class members to attest that they understand their obligations under SORA.

**Count X:      First Amendment/Internet Reporting Requirements – Post-2011 Subclass**

46.     IT IS FURTHER ORDERED that Plaintiffs are granted summary judgment on Count X which challenged the requirement to report electronic mail addresses and to report internet identifiers.

47.     IT IS FURTHER ORDERED that a declaratory judgment is entered that requiring the post-2011 subclass to report electronic mail addresses and/or internet identifiers under Mich. Comp. Laws §§ 28.722(g), 28.725(2)(a), 28.727(1)(i), and 28.728(1)(i) violates the First Amendment of the United State Constitution.

48.     IT IS FURTHER ORDERED that Defendants are permanently enjoined from requiring the post-2011 subclass to report electronic mail addresses or internet identifiers under Mich. Comp. Laws §§ 28.722(g), 28.725(2)(a), 28.727(1)(i), and 28.728(1)(i) and are enjoined from storing in the SOR database electronic mail addresses and internet identifiers previously reported by registrants, which have been stored in the database field for electronic mail addresses and internet identifiers.

**Count XI:   Due Process, Equal Protection, Privileges & Immunities – Non Michigan Offense Subclass**

49.   IT IS FURTHER ORDERED that Plaintiffs are granted summary judgment on Count XI with respect to their claim that (a) Defendants' procedures for determining registration requirements for the non-Michigan offense subclass, and (b) the imposition of longer or harsher requirements on them than are imposed on people with Michigan convictions violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution. With respect to Plaintiffs' claim that imposing longer or harsher requirements on people with non-Michigan convictions violates the Privileges and Immunities Clause, Article IV, § 2 of the U.S. Constitution, the Court finds that it is unnecessary to reach that claim in light of the relief ordered.

50.   IT IS FURTHER ORDERED that *a declaratory judgment is entered that requiring the non-Michigan offense subclass to register under SORA violates the Due Process Clause of the Fourteenth Amendment absent notice and an opportunity to be heard by a neutral decision maker regarding whether the person is required to register, and if so, what SORA registration requirements apply.*

51.   IT IS FURTHER ORDERED that Defendants *are permanently enjoined from requiring the non-Michigan offense subclass to register under SORA until notice is provided to the subclass and there is an opportunity to be heard*

*by a neutral decision maker regarding whether the person is required to register for a conviction that is substantially similar to a Michigan conviction, or under Mich. Comp. Laws § 28.723(1)(d), and if so, what SORA registration requirements apply.*

52.   IT IS FURTHER ORDERED that for members of the non-Michigan offense subclass who are also members of the retroactive extension of registration subclass,

*the duration of registration that may be applied in Count II shall be based on the term currently in effect for the "substantially similar" Michigan offense or as required under Mich. Comp. Laws § 28.723(1)(d).*

**Effective Date of Relief Granted**

53.   IT IS FURTHER ORDERED that all declaratory relief granted in this judgment shall have immediate effect.

54.   IT IS FURTHER ORDERED that in order to give Defendants time to implement the Court's decisions, the injunctive relief granted shall become effective as follows:

    a.   Count I (ex post facto): 90 days.

    b.   Count II (ex post facto/retroactive extension of registration terms): *90 days.*

    c.   Count VII (non-sex offense): 90 days to provide notice.

    d.   Count VIII (vagueness): immediate as to enforcement; 90 days for
Defendants to update forms and database fields.

    e.   Count IX (First Amendment/admission of understanding):  immediate.

    f.   Count X (First Amendment/internet reporting requirements): immediate as
to enforcement; Defendants shall have 90 days for removal of previously
reported information, and to update forms and database fields.

    g.   Count XI (non-Michigan offenses): 90 days to provide notice.

**Notice to Class, Prosecutors and Law Enforcement**

*55.  IT IS FURTHER ORDERED that Defendants shall make reasonable efforts to provide notice of this judgment to law enforcement officials and prosecuting attorneys tasked with the enforcement of SORA within 90 days; and to the members of the pre-2011 ex post facto subclass, the retroactive extension of registration subclass, the non-sex offense subclass and the non-Michigan offense subclass within 90 days.*

56.  IT IS FURTHER ORDERED that within 90 days of entry of this judgment, Defendants shall update the Explanation of Duties, MSP Form RI-004 and RI-004A, to conform to this judgment.

**Class List and Post-Judgment Monitoring**

57.   IT IS FURTHER ORDERED that Defendants shall within *90 days* provide class counsel with an updated class list in a manipulable electronic format. Defendants shall produce updated data for the public and non-public data fields that the Court previously ordered produced in discovery. *See* Order Following Discovery Hearing, ECF No. 81 (requiring production of data listed on Exhibit A to Plaintiffs' First Interrogatories and Requests for Production, ECF No. 78-1, Ex. A).

58.   IT IS FURTHER ORDERED THAT provision of the above information shall not be deemed a violation of any law or regulation that might otherwise be read to protect the confidentiality of such information, including Mich. Comp. Laws §§ 28.214, 28.728, and 28.730.

**Records Maintenance**

59.   Defendants may maintain a cancelled record of registrants who have been removed from Michigan's sex offender registry pursuant to this judgment.

**Dismissal of John Doe F**

60.   IT IS FURTHER ORDERED that John Doe F is dismissed from this action, as he is no longer subject to SORA.

**Attorneys Fees and Costs**

61.    IT IS FURTHER ORDERED that Plaintiffs shall have until 60 days after the conclusion of all appeals in this case to file their motion for an award of attorney's fees and costs, including taxable costs. For purposes of this order, "the conclusion of all appeals" means the latest of:

> (a) the expiration of any party's time to file a notice of appeal to the United States Court of Appeals for the Sixth Circuit of any final order of this Court,[4] including any final order of this Court after remand, in the event the case is remanded by a higher court;

> (b) the expiration of time to file a petition for certiorari to the United States Supreme Court following a final decision by the Sixth Circuit on appeal from any final order of this Court;

> (c) the denial of a petition of certiorari by the United States Supreme Court; or

> (d) the disposition of this case by the United States Supreme Court, if the Supreme Court grants a petition for certiorari.

Rather than file a separate bill of costs, the parties shall include the taxable items with the other costs for which they seek an award on the schedule established in this order.

---

[4] The parties agree that, under Fed. R. App. P. 4(a)(1)(A), any appeal must be taken within 30 days of the date of this judgment. Accordingly, if no appeal is taken by either party, Plaintiffs' fee petition will be due within 90 days of entry of this judgment.

**Retention of Jurisdiction**

62. IT IS FURTHER ORDERED that the Court retains jurisdiction to ensure compliance with its orders and to resolve any post-judgment issues, including notice, monitoring, and attorneys' fees.

SO ORDERED.

_____
Hon. Mark A. Goldsmith
United States District Judge

Dated:

        Detroit, Michigan