UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES et al.,

      Plaintiffs,

v.

GRETCHEN WHITMER et al.,

      Defendants.

_____/

Case No. 22-cv-10209
HON. MARK A. GOLDSMITH

## **JUDGMENT**

Plaintiffs filed this class action challenging the constitutionality of Michigan's Sex Offender Registration Act, Mich. Comp. Laws § 28.723, et seq, as it was amended in 2021 (SORA 2021).

In accordance with the opinion and order regarding the parties' motions for summary judgment issued on September 27, 2024 (Dkt. 158), and the opinion and order regarding Plaintiffs' motion for entry of judgment issued on March 26, 2025 (Dkt. 171), the Court enters final judgment as set forth below. Any statement regarding the meaning or legal effect of the statute constitutes declaratory relief. Any direction to Defendants to take action or refrain from taking action constitutes injunctive relief. Any direction to Defendants also binds Defendants' officers, agents, servants, employees, and attorneys, and those in active concert or participation with them, as provided for in Federal Rule of Civil Procedure 65(d)(2).

### A. Definitions

For purposes of this Judgment, the following definitions apply:

1. The "primary class" is defined as "people who are or will be subject to registration under Michigan's SORA."

2. The "pre-2011 ex post facto subclass" is defined as "members of the primary class who committed the offense(s) requiring registration before July 1, 2011."

3. The "non-sex offense subclass" is defined as "members of the primary class who are or will be subject to registration for an offense without a sexual component including convictions for violating Mich. Comp. Laws §§ 750.349 (other than convictions for violating 750.349(1)(c) or (1)(f)); 750.349b; 750.350; or a substantially similar offense in another jurisdiction."

4. The "non-Michigan offense subclass" is defined as "members of the primary class who are or will be subject to sex offender registration under Mich. Comp. Laws §§ 28.722(r)(x); (t)(xiii); (v)(viii); or 28.723(1)(d), for a conviction or adjudication from a jurisdiction other than Michigan."

5. The "post-2011 subclass" is defined as "members of the primary class who committed the offense(s) requiring registration on or after July 1, 2011."

6. The term "vague" is defined as "vague in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution."

**B. Counts I and II – Ex Post Facto Challenges**

1. The Court awards summary judgment to Plaintiffs on Counts I and II, which challenged the retroactive application of SORA 2021.

2. SORA 2021 constitutes punishment and its provisions that retroactively increase reporting requirements and retroactively extend registration terms violate the Ex Post Facto Clause of the U.S. Constitution.

3. The unconstitutional provisions of SORA 2021 cannot be severed from SORA 2021.

4. Defendants are permanently enjoined from requiring registration under SORA 2021 or any prior version of SORA or enforcing SORA 2021 or any prior version of SORA against Does A, B, C, D, E, G, Mary Doe, Mary Roe and the pre-2011 ex post facto subclass.

5. Within 60 days following the effective date of this Judgment, Defendants shall provide written notice to all members of the pre-2011 ex post facto subclass that informs them that they are no longer subject to SORA and have been removed from the registry.

## C. Count III – Individualized Review

Defendants are granted summary judgment on Count III, which challenged the imposition of lengthy and lifetime registration requirements without any individual review or opportunity for removal under the Due Process and Equal Protection Clauses of the U.S. Constitution.

## D. Count IV – Unequal Opportunity to Petition for Removal

Defendants are granted summary judgment on Count IV, which challenged similarly-situated registrants' opportunities to petition for removal from the registry under the Equal Protection Clause of the U.S. Constitution.

## E. Count V – Mandatory Reporting Requirements and Compelled Speech

Defendants are granted summary judgment on Count V, which challenged the mandatory reporting requirements of Mich. Comp. Laws §§ 28.724a(1)–(4); 28.725(1)–(3), (7)–(8), (10)–(13); 28.725a(3)–(5), (7)–(8); and 28.727(1) as compelled speech under the First Amendment of the U.S. Constitution.

F. **Count VI – Violation of Plea Agreements**

Summary judgment on Count VI is denied as moot because the Court has declared that retroactive extension of registration terms violates the Ex Post Facto Clause of the U.S. Constitution and has permanently enjoined enforcement of SORA against Does A, B, C, D, E, G, Mary Doe, Mary Roe and the pre-2011 ex post facto subclass.

G. **Count VII – Non-Sex Offenses**

1. Plaintiffs are granted summary judgment on Count VII as to their claims that

   (i) Requiring an individual to register as a sex offender when their offense did not involve a sexual circumstance violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution; and

   (ii) Requiring an individual to register as a sex offender for an offense without a sexual element where there has been no judicial determination that their offense by its nature constitutes a sexual offense violates the Due Process Clause of the of the Fourteenth Amendment to the U.S. Constitution.

2. Individuals convicted of an offense without a sexual element—including convictions under Mich. Comp. Laws §§ 750.349,[1] 750.349b, or 750.350, or a substantially similar conviction in another jurisdiction—must be afforded a judicial determination under § 769.1(12) that their offense by its nature constitutes a sexual offense before being required to register under SORA.

3. Defendants are permanently enjoined from requiring registration under SORA or enforcing SORA against Doe A and the non-sex offense subclass based on an offense

---

[1] Mich. Comp. Laws §§ 750.349(1)(c) and 750.349(1)(f) are excepted because those offenses have a sexual element.

without a sexual element absent a judicial determination that their offense by its nature constitutes a sexual offense under § 769.1(12).

4. For members of the non-sex offense subclass who have both a non-sex conviction and another registrable conviction, Defendants are permanently enjoined from requiring registration under SORA or enforcing SORA against them for a term longer than, or with requirements harsher than, those imposed for the other registrable conviction, absent a judicial determination that their offense by its nature constitutes a sexual offense under § 769.1(12).

5. This Judgment does not bar Defendants from requiring registration and enforcing SORA without a judicial hearing against a subclass member with a non-sex conviction who also has a registrable Michigan conviction for a sexual offense if Defendants determine that (i) the other registrable Michigan conviction for a sexual offense results in Tier III lifetime registration, (ii) the other registrable Michigan conviction for a sexual offense results in a registration term that is no longer than the term for the non-sex conviction, or (iii) the other registrable Michigan conviction has a sexual element and involved the same offense conduct on the same date against the same victim as the non-sex conviction.

6. For members of the non-sex offense subclass who are serving a sentence in a state or federal correctional facility or jail and who have another registrable Michigan conviction, the judicial hearing can be deferred until the subclass member is released from incarceration.  However, Defendants are permanently enjoined from requiring registration or enforcing SORA against members of the non-sex offense subclass who are serving a sentence in a state or federal correctional facility and who do not have

another registrable Michigan conviction, absent a judicial determination that their offense by its nature constitutes a sexual offense under § 769.1(12).

**H. Count VIII – Vagueness**

1. Plaintiffs challenged certain provisions of SORA 2021 as unconstitutionally vague. Where the parties agreed on reasonable interpretations or narrowing constructions that would resolve some of Plaintiffs' allegations, the Court adopts those interpretations. Where the parties did not reach agreement, the Court ruled on the merits of those disagreements in its opinion and order regarding the Plaintiffs' motion for judgment. Both sets of rulings are set forth below. Plaintiffs and Defendants are both granted summary judgment in part regarding the vagueness issue.

2. Defendants are enjoined from enforcing provisions that the Court has determined are vague as set forth below.

**Phones**

3. In Mich. Comp. Laws §§ 28.727(1)(h) and 28.725(2)(a), the terms below are defined as follows:

    a) "registered to" means only telephone numbers registered to the individual at the time of SORA registration, verification, or updating their information;

    b) "residential telephone number" means a number for a phone—whether a landline or one connected in some other way—that is affixed to or can be used solely at the registrant's residential address; and

    c) "work telephone number" means phone numbers at an individual's workplace that are assigned to the registrant or a number that the registrant

6

   provides to others as a number they can be reached at their workplace, or if no such numbers exist, then the main number for the workplace.

4. The requirement of Mich. Comp. Laws § 28.727(1)(h) to report all telephone numbers "used by the individual" is vague.

5. The requirement of Mich. Comp. Laws § 28.725(2)(a) to report within three business days "any change in . . . telephone numbers . . . used by the individual" is vague.

**Vehicles**

6. The term "owned . . . by" in Mich. Comp. Laws § 28.727(1)(j) and the term "registered to" in Mich. Comp. Laws § 28.725(2)(a) mean only vehicles owned by or registered to the individual at the time of SORA registration, verification, or the updating of their information.

7. The requirement of Mich. Comp. Laws § 28.727(1)(j) to report "[t]he license plate number and description of any vehicle . . . operated by the individual" is not vague.

8. The requirement of Mich. Comp. Laws § 28.725(2)(a) to report within three business days "any change in vehicle information . . . [for a vehicle] . . . used by the individual" is vague.

**Employment**

9. The requirements under Mich. Comp. Laws §§ 28.727(1)(f), 28.725(1)(b), and 28.722(d) are not vague.

10. Volunteer work is reportable under Mich. Comp. Laws §§ 28.727(1)(f) and 28.725(1)(b) to the extent it is performed for an organization.

11. De minimis compensated labor is reportable under Mich. Comp. Laws §§ 28.727(1)(f) and 28.725(1)(b).

**Travel**

12. The requirement under Mich. Comp. Laws § 28.725(2)(b) to report within three business days if "[t]he individual intends to temporarily reside at any place other than his or her residence for more than 7 days" is vague.

13. The requirement under Mich. Comp. Laws 28.727(1)(e) to report "[t]he name and address of any place of temporary lodging . . . to be used by the individual during any period in which the individual . . . is expected to be away, from his or her residence for more than 7 days" is vague.

**Education**

14. The requirement under Mich. Comp. Laws § 28.727(1)(g) that registrants report "[t]he name and address of . . . any school that has accepted the individual as a student that he or she plans to attend" is vague.

15. The requirement under Mich. Comp. Laws § 28.725(1)(c) that registrants report enrolling or discontinuing enrollment at an "institution of higher education" is not vague.

16. The requirement under Mich. Comp. Laws § 28.724a(1)(a) that registrants report enrolling or discontinuing enrollment or being accepted as a "student" is not vague.

17. The requirement under Mich. Comp. Laws § 28.724a(1)(b) that registrants report if, "[a]s part of his or her course of studies at an institution of higher education in this state, the individual is present at any other location in this state, another state, a territory or possession of the United States . . . ." is not vague.

18. Mich. Comp. Laws § 28.724a(6) applies to Mich. Comp. Laws § 28.725(1)(c) and (e), and Mich. Comp. Laws § 28.727(1)(g), such that enrollment and participation in

educational programs that are solely through the mail or the internet from a remote location are excluded from all education reporting requirements.

19. Defendants are permanently enjoined from requiring Plaintiffs and the primary class to report under Mich. Comp. Laws §§ 28.725(1)(c) and (e) and 28.727(1)(g) any educational activities that are solely through the mail or the internet from a remote location.

**Aliases & Nicknames**

20. The requirements to report "any aliases, nicknames, ethnic or tribal names, or other names by which the individual is or has been known" under Mich. Comp. Laws § 28.727(1)(a) is not unconstitutionally vague.

**Physical Descriptions**

21. The term "complete physical description of the individual" in Mich. Comp. Laws § 28.727(1)(o) means "race, sex, height, weight, eye color, hair color, tattoos, and scars/birth marks."

**Substantial Similarity**

22. The term "offense substantially similar to [a specified Michigan] offense" in Mich. Comp. Laws § 28.722(r)(xi), (t)(xii), (v)(x) is unconstitutionally vague. In accordance with the parties' agreement, the term is interpreted to mean an offense that is comparable to a Michigan offense under the "categorical approach" as set out in Taylor v. United States, 495 U.S. 575 (1990), and United States v. Barcus, 892 F.3d 228 (6th Cir. 2018).

23. Defendants are permanently enjoined from requiring Doe G, Mary Doe, and the non-Michigan offense subclass to register and from enforcing SORA against them in a

manner inconsistent with the "categorical approach" for determining whether a non-Michigan offense is "substantially similar" to a registrable Michigan offense.

**Miscellaneous**

24. A willful violation of SORA does not include a failure to report information not required to be reported under this Judgment unless or until this Judgment on Count VIII is reversed.

25. Plaintiffs' claim that SORA's requirement to report electronic mail addresses and internet identifiers are unconstitutionally vague is denied as moot because the Court grants Plaintiffs summary judgment on Count X; has declared that Mich. Comp. Laws §§ 28.722(g), 28.725(2)(a), 28.727(1)(i), and 28.728(1)(i) violate the First Amendment; and has permanently enjoined enforcement of those sections of SORA.

I. **Count IX – Compelled Admission of "Understanding"**

1. Plaintiffs are granted summary judgment on Count IX, which challenged the requirement that registrants attest that they understand their registration duties under SORA.

2. Requiring the Plaintiffs and primary class members to attest to understanding their registration duties under SORA violates the protection against compelled speech of the First Amendment of the U.S. Constitution.

3. Defendants are permanently enjoined from requiring Plaintiffs and the primary class members to attest that they understand their obligations under SORA.

J. **Count X – Reporting Requirements Restricting Speech and Association**

1. Plaintiffs are granted summary judgment on Count X, which challenged the requirement to report electronic mail addresses and to report internet identifiers.

10

2. Requiring Doe H and the post-2011 subclass to report electronic mail addresses and/or internet identifiers under Mich. Comp. Laws §§ 28.722(g), 28.725(2)(a), 28.727(1)(i), and 28.728(1)(i) violates the First Amendment of the U.S. Constitution.

3. Defendants are permanently enjoined from requiring Doe H and the post-2011 subclass to report electronic mail addresses or internet identifiers under Mich. Comp. Laws §§ 28.722(g), 28.725(2)(a), 28.727(1)(i), and 28.728(1)(i) and are enjoined from storing in the SOR database electronic mail addresses and internet identifiers previously reported by registrants, which have been stored in the database field for electronic mail addresses and internet identifiers.

K. **Count XI – Non-Michigan Offenses**

1. Plaintiffs are granted summary judgment on Count XI with respect to their claims that (i) Defendants' process for registering people with non-Michigan convictions violates the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution; and (ii) imposing longer or harsher requirements on people with non-Michigan convictions than people with Michigan convictions violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

2. Defendants are permanently enjoined from requiring registration under SORA or enforcing SORA against Ms. Doe, Doe G, and the non-Michigan offense subclass based on a conviction in another state.

L. **Notice to Class, Prosecutors and Law Enforcement**

1. Defendants shall provide notice of this Judgment to all registrants and to law enforcement officials and prosecuting attorneys tasked with the enforcement of SORA within the period of time stated in a Court-approved notice process. Within 28 days

of entry of this Judgment, the parties shall submit for the Court's approval a joint proposed process for notice and proposed notices for registrants, prosecutors, and law enforcement. If the parties cannot agree, they shall provide to the Court their respective proposed notice process and proposed notices.

2. Within 90 days of the effectiveness of this Judgment, Defendants shall update the Explanation of Duties, MSP Form RI-004 and RI-004A, to conform to this Judgment. Defendants shall also within 90 days develop a guidance document or documents, such as a Frequently Asked Questions guide, for law enforcement and registrants that contains detailed explanation of exactly what information is reportable consistent with this Judgment; shall cross-reference to that document(s) on the MSP Form RI-004 and RI-004A; and shall post that document(s) online.

**M. Class List and Post-Judgment Monitoring**

1. Defendants shall within 60 days of the effectiveness of this Judgment, provide class counsel with an updated class list in a manipulable electronic format. Defendants shall produce updated data for the public and non-public data fields that the Court previously ordered produced in discovery. See Order Following Discovery Hearing (Dkt. 81) (requiring production of data listed on Exhibit A to Plaintiffs' First Interrogatories and Requests for Production, Dkt. 78-1). Defendants shall provide an updated class list with this information every four months on dates agreed to by the parties. At the conclusion of all proceedings in this case, including appeals, the Court will determine whether and for how long such reporting shall continue.

2. At the request of any party, made within 18 months following the date when this Judgment becomes effective, all parties must meet and confer in good faith to discuss

      what additional information may be necessary or appropriate to effectuate this Judgment.

3. Provision of the above information shall not be deemed a violation of any law or regulation that might otherwise be read to protect the confidentiality of such information, including Mich. Comp. Laws §§ 28.214, 28.728, and 28.730.

### N. Records Maintenance

Defendants may maintain a cancelled record of registrants who have been removed from Michigan's sex offender registry pursuant to this Judgment.

### O. Dismissal of John Doe F

John Doe F is dismissed from this action, as he is no longer subject to SORA.

### P. Attorney Fees and Costs

1. Plaintiffs shall have until 60 days after the effective date of this Judgment, or the conclusion of all appeals in this case, whichever date is later, to file their motion for an award of attorney fees and costs, including taxable costs. For purposes of this Judgment, "the conclusion of all appeals" means the latest of:

    (i) the expiration of any party's time to file a notice of appeal to the United States Court of Appeals for the Sixth Circuit of any final order of this Court, including any final order of this Court after remand, in the event the case is remanded by a higher court;

    (ii) the expiration of time to file a petition for certiorari to the United States Supreme Court following a final decision by the Sixth Circuit on appeal from any final order of this Court;

    (iii) the denial of a petition of certiorari by the United States Supreme Court; or

    (iv)    the disposition of this case by the United States Supreme Court, if the Supreme Court grants a petition for certiorari.

2. Rather than file a separate bill of costs, the parties shall include the taxable items with the other costs for which they seek an award on the schedule established in this Judgment.

## Q. Retention of Jurisdiction

The Court retains jurisdiction to enforce this Judgment and to resolve any post-judgment issues, including notice, monitoring, and attorney fees.

## R. Effective Date of Judgment

This Judgment will take effect 90 days after entry, unless the State of Michigan, prior to the expiration of the 90-day period, enacts one or more new provisions for SORA. If any new provision is enacted within the 90-day period, the effective date of this Judgment will be 30 days from the date of enactment. In such circumstances, any party may, within such 30-day period, file a motion to amend any provision of this Judgment and request extension of the effective date of this Judgment. If a timely request for extension is made, the effective date of this Judgment will remain suspended until the Court rules on the request. If the State of Michigan enacts any new provision for SORA within the 90-day period and no party requests extension of the effective date within the 30-day period, this Judgment will become effective 30 days from enactment of the new SORA provision. As used in this Judgment, the term "the date of enactment" means (i) the day that the Governor of Michigan gives written approval of SORA legislation or (ii) the day following the expiration of the time period for her to approve SORA legislation, during which period she has neither approved nor vetoed such legislation. Notwithstanding the above, this

14

Paragraph R and Paragraph Q are immediately effective. Because all claims in this case have now been adjudicated, this Judgment is final and the case is deemed closed, subject to post-judgment proceedings permitted under this Judgment or otherwise allowed by law.

SO ORDERED.

                                                KINIKIA ESSIX
                                                CLERK OF THE COURT

                              By:    s/Carolyn Ciesla
                                                DEPUTY COURT CLERK

APPROVED:

s/Mark A. Goldsmith
MARK A. GOLDSMITH
UNITED STATES DISTRICT JUDGE

Dated: March 26, 2025