UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES A, B, C, D, E, F, G, H,
MARY DOE and MARY ROE, on behalf
of themselves and all others similarly
situated,

          Plaintiffs,

v

GRETCHEN WHITMER, Governor of
the State of Michigan, and COL. JAMES
GRADY, Director of the Michigan State
Police,

          Defendants.

No. 2:22-cv-10209

HON. MARK GOLDSMITH

MAG. CURTIS IVY, JR.

_____/

**EXHIBIT A**

## COMPARATIVE CHART
## MICHIGAN 2021 SORA AND FEDERAL SORNA

| MICHIGAN SORA | FEDERAL SORNA (34 U.S.C. §) | FEDERAL SORNA 86 Fed. Reg. 69856–69887 (Dec 8, 2021) |
|---|---|---|

**MICHIGAN SORA**

**I.     GENERAL**

**28.721.  Short title.**

Sec. 1. This act shall be known and may be cited as the "sex offenders registration act".

**28.721a.  Legislative declarations; purpose of registration requirements.**

Sec. 1a. The legislature declares that the sex offenders registration act was enacted pursuant to the legislature's exercise of the police power of the state with the intent to better assist law enforcement officers and the people of this state in preventing and protecting against the commission of future criminal sexual acts by convicted sex offenders. The legislature has determined that a person who has been convicted of committing an offense covered by this act poses a potential serious menace and danger to the health, safety, morals, and welfare of the people, and particularly the children, of this state. The registration requirements of this act are intended to provide law enforcement and the people of this state with an appropriate, comprehensive, and effective means to monitor those persons who pose such a potential danger.

**FEDERAL SORNA (34 U.S.C. §)**

**§ 20902. Establishment of program.**

This chapter establishes the Jacob Wetterling, Megan Nicole Kanka, and Pam Lychner Sex Offender Registration and Notification Program.

**§ 20901.  Declaration of purpose.**

In order to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators against the victims listed below, Congress in this chapter establishes a comprehensive national system for the registration of those offenders:

(1) Jacob Wetterling, who was 11 years old, was abducted in 1989 in Minnesota, and remains missing.

(2) Megan Nicole Kanka, who was 7 years old, was abducted, sexually assaulted, and murdered in 1994, in New Jersey.

(3) Pam Lychner, who was 31 years old, was attacked by a career offender in Houston, Texas.

(4) Jetseta Gage, who was 10 years old, was kidnapped, sexually assaulted, and murdered in 2005, in Cedar Rapids, Iowa.

(5) Dru Sjodin, who was 22 years old, was sexually assaulted and murdered in 2003, in North Dakota.

(6) Jessica Lunsford, who was 9 years old, was abducted, sexually assaulted, buried alive, and murdered in 2005, in Homosassa, Florida.

(7) Sarah Lunde, who was 13 years old, was strangled and murdered in 2005, in Ruskin, Florida.

(8) Amie Zyla, who was 8 years old, was sexually assaulted in 1996 by a juvenile offender in Waukesha, Wisconsin, and has become an advocate for child victims and protection of children from juvenile sex offenders.

(9) Christy Ann Fornoff, who was 13 years old, was abducted, sexually assaulted, and murdered in 1984, in Tempe, Arizona.

**FEDERAL SORNA**
**86 Fed. Reg. 69856–69887 (Dec 8, 2021)**
**[Previous Interim or Final Guidelines]**
**[72 Fed. Reg. 8894–8897 (Feb 28, 2007)]**
**[73 Fed. Reg. 38030–38070 (July 2, 2008)]**
**[75 Fed. Reg. 81849–81853 (Dec 29, 2010)]**
**[76 Fed. Reg. 1630–1640 (Jan 11, 2011)]**
**[81 Fed. Reg. 50552–50558 (Aug 1, 2016)]**

**28 C.F.R 72.1 et seq.**

**72.1.  Purpose.**

§ 72.1 Purpose.

(a) This part specifies the registration requirements of the Sex Offender Registration and Notification Act (SORNA), 34 U.S.C. 20901 et seq., and the scope of those requirements' application. The Attorney General has the authority to specify the requirements of SORNA and their applicability as provided in this part pursuant to provisions of SORNA, including 34 U.S.C. 20912(b), 20913(d), and 20914(a)(8), (c).

(b) This part does not preempt or limit any obligations of or requirements relating to sex offenders under other Federal laws, rules, or policies, or under the laws, rules, or policies of registration jurisdictions or other entities. States and other governmental entities may prescribe registration requirements and other requirements, with which sex offenders must comply, that are more extensive or stringent than those prescribed by SORNA.

1

(10) Alexandra Nicole Zapp, who was 30 years old, was brutally attacked and murdered in a public restroom by a repeat sex offender in 2002, in Bridgewater, Massachusetts.

(11) Polly Klaas, who was 12 years old, was abducted, sexually assaulted, and murdered in 1993 by a career offender in California.

(12) Jimmy Ryce, who was 9 years old, was kidnapped and murdered in Florida on September 11, 1995.

(13) Carlie Brucia, who was 11 years old, was abducted and murdered in Florida in February, 2004.

(14) Amanda Brown, who was 7 years old, was abducted and murdered in Florida in 1998.

(15) Elizabeth Smart, who was 14 years old, was abducted in Salt Lake City, Utah in June 2002.

(16) Molly Bish, who was 16 years old, was abducted in 2000 while working as a lifeguard in Warren, Massachusetts, where her remains were found 3 years later.

(17) Samantha Runnion, who was 5 years old, was abducted, sexually assaulted, and murdered in California on July 15, 2002.

| 28.722.  Definitions. | § 20911.  Relevant definitions. | § 72.2.  Definitions. |
|---|---|---|
| Sec. 2. As used in this act:<br><br>(a) "Convicted" means 1 of the following:<br><br>    (i) Having a judgment of conviction or a probation order entered in any court having jurisdiction over criminal offenses, including, but not limited to, a tribal court or a military court. Convicted does not include a conviction that was subsequently set aside under 1965 PA 213, MCL 780.621 to 780.624, or otherwise expunged.<br><br>    (ii) Except as otherwise provided in this subparagraph, being assigned to youthful trainee status under sections 11 to 15 of chapter II of the code of criminal procedure, 1927 PA 175, MCL 762.11 to 762.15, before October 1, 2004. An individual who is assigned to and successfully completes a term of supervision under sections 11 to 15 of chapter II of the code of criminal procedure, 1927 PA 175, MCL 762.11 to 762.15, is not convicted for purposes of this act. This subparagraph does not apply if a petition was granted under section 8c1 at any time allowing the individual to discontinue registration under this act, including a reduced registration period that extends to or past July 1, 2011, regardless of the tier designation that would apply on and after that date.<br><br>    (iii) Having an order of disposition entered under section 18 of chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.18, that is open to the general public under section 28 of chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.28, if both of the following apply:<br><br>    (A) The individual was 14 years of age or older at the time of the offense.<br><br>    (B) The order of disposition is for the commission of an offense that would classify the individual as a tier III offender.<br><br>    (iv) Having an order of disposition or other adjudication in a juvenile matter in another state or country if both of the following apply:<br><br>    (A) The individual is 14 years of age or older at the time of the offense. | (1) Sex offender<br><br>The term "sex offender" means an individual who was convicted of a sex offense.<br><br>(6) Criminal offense<br><br>The term "criminal offense" means a State, local, tribal, foreign, or military offense (to the extent specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note)) or other criminal offense.<br><br>(7) Expansion of definition of "specified offense against a minor" to include all offenses by child predators<br><br>The term "specified offense against a minor" means an offense against a minor that involves any of the following:<br><br>    (A) An offense (unless committed by a parent or guardian) involving kidnapping.<br><br>    (B) An offense (unless committed by a parent or guardian) involving false imprisonment.<br><br>    (C) Solicitation to engage in sexual conduct.<br><br>    (D) Use in a sexual performance.<br><br>    (E) Solicitation to practice prostitution.<br><br>    (F) Video voyeurism as described in section 1801 of Title 18.<br><br>    (G) Possession, production, or distribution of child pornography.<br><br>    (H) Criminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct.<br><br>    (I) Any conduct that by its nature is a sex offense against a minor.<br><br>(8) Convicted as including certain juvenile adjudications<br><br>The term "convicted" or a variant thereof, used with respect to a sex offense, includes adjudicated delinquent as a juvenile for that offense, but only if the offender is 14 years of age or older at the time of the offense and the offense adjudicated was comparable to or more severe than aggravated sexual abuse (as described in section 2241 of Title 18), or was an attempt or conspiracy to commit such an offense. | All terms used in this part have the same meaning as in SORNA. |

(B) The order of disposition or other adjudication is for the commission of an offense that would classify the individual as a tier III offender.

(b) "Custodial authority" means 1 or more of the following apply:

(i) The actor was a member of the same household as the victim.

(ii) The actor was related to the victim by blood or affinity to the fourth degree.

(iii) The actor was in a position of authority over the victim and used this authority to coerce the victim to submit.

(iv) The actor was a teacher, substitute teacher, or administrator of the public school, nonpublic school, school district, or intermediate school district in which that other person was enrolled.

(v) The actor was an employee or a contractual service provider of the public school, nonpublic school, school district, or intermediate school district in which that other person was enrolled, or was a volunteer who was not a student in any public school or nonpublic school, or was an employee of this state or of a local unit of government of this state or of the United States assigned to provide any service to that public school, nonpublic school, school district, or intermediate school district, and the actor used his or her employee, contractual, or volunteer status to gain access to, or to establish a relationship with, that other person.

(vi) That other person was under the jurisdiction of the department of corrections and the actor was an employee or a contractual employee of, or a volunteer with, the department of corrections who knew that the other person was under the jurisdiction of the department of corrections and used his or her position of authority over the victim to gain access to or to coerce or otherwise encourage the victim to engage in sexual contact.

(vii) That other person was under the jurisdiction of the department of corrections and the actor was an employee or a contractual employee of, or a volunteer with, a private vendor that operated a youth correctional facility under section 20g of the corrections code of 1953, 1953 PA 232, MCL 791.220g, who knew that the other person was under the jurisdiction of the department of corrections.

**[18 U.S.C. § 2241. Aggravated sexual abuse.]**

[(a) By force or threat.--Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly causes another person to engage in a sexual act--

(1) by using force against that other person; or

(2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping;

or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

(b) By other means.--Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly--

(1) renders another person unconscious and thereby engages in a sexual act with that other person; or

(2) administers to another person by force or threat of force, or without the knowledge or permission of that person, a drug, intoxicant, or other similar substance and thereby--

(A) substantially impairs the ability of that other person to appraise or control conduct; and

(B) engages in a sexual act with that other person;

or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

(c) With children.--Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, or in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or knowingly engages in a sexual act

(viii) That other person was a prisoner or probationer under the jurisdiction of a county for purposes of imprisonment or a work program or other probationary program and the actor was an employee or a contractual employee of, or a volunteer with, the county or the department of corrections who knew that the other person was under the county's jurisdiction and used his or her position of authority over the victim to gain access to or to coerce or otherwise encourage the victim to engage in sexual contact.

(ix) The actor knew or had reason to know that a court had detained the victim in a facility while the victim was awaiting a trial or hearing, or committed the victim to a facility as a result of the victim having been found responsible for committing an act that would be a crime if committed by an adult, and the actor was an employee or contractual employee of, or a volunteer with, the facility in which the victim was detained or to which the victim was committed.

(c) "Department" means the department of state police.

(d) "Employee" means an individual who is self-employed or works for any other entity as a full-time or part-time employee, contractual provider, or volunteer, regardless of whether he or she is financially compensated.

(e) "Felony" means that term as defined in section 1 of chapter I of the code of criminal procedure, 1927 PA 174, MCL 761.1.

(f) "Indigent" means an individual to whom 1 or more of the following apply:

(i) He or she has been found by a court to be indigent within the last 6 months.

(ii) He or she qualifies for and receives assistance from the department of health and human services food assistance program.

(iii) He or she demonstrates an annual income below the current federal poverty guidelines.

under the circumstances described in subsections (a) and (b) with another person who has attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than the person so engaging), or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life. If the defendant has previously been convicted of another Federal offense under this subsection, or of a State offense that would have been an offense under either such provision had the offense occurred in a Federal prison, unless the death penalty is imposed, the defendant shall be sentenced to life in prison.

(d) State of mind proof requirement.--In a prosecution under subsection (c) of this section, the Government need not prove that the defendant knew that the other person engaging in the sexual act had not attained the age of 12 years.]

## § 20911.  Relevant definitions. (Cont.)

(12) Employee

The term "employee" includes an individual who is self-employed or works for any other entity, whether compensated or not.

| | | |
|---|---|---|
| | **[§ 20916. Direction to Attorney General]** | |
| | [(e) Definitions | |
| | (1) Of "social networking website" | |
| | As used in this Act, the term "social networking website"— | |
| |    (A) means an Internet website-- | |
| | (i) that allows users, through the creation of web pages or profiles or by other means, to provide information about themselves that is available to the public or to other users; and | |
| | (ii) that offers a mechanism for communication with other users where such users are likely to include a substantial number of minors; and | |
| | (iii) whose primary purpose is to facilitate online social interactions; and | |
| |    (B) includes any contractors or agents used by the website to act on behalf of the website in carrying out the purposes of this Act. | |
| | (2) Of "Internet identifiers" | |
| (g) "Internet identifier" means all designations used for self-identification or routing in internet communications or posting. | As used in this Act, the term "Internet identifiers" means electronic mail addresses and other designations used for self-identification or routing in Internet communication or posting. | |
| | (3) Other terms<br>A term defined for the purposes of the Sex Offender Registration and Notification Act has the same meaning in this Act.] | |
| (h) "Institution of higher education" means 1 or more of the following: | | |
|    (i) A public or private community college, college, or university. | | |
|    (ii) A public or private trade, vocational, or occupational school. | | |
| (i) "Listed offense" means a tier I, tier II, or tier III offense. | | |
| (j) "Local law enforcement agency" means the police department of a municipality. | | |

| | § 20911.  Relevant definitions.  (Cont.) | |
|---|---|---|
| (k) "Minor" means a victim of a listed offense who was less than 18 years of age at the time the offense was committed. | (14) Minor<br><br>The term "minor" means an individual who has not attained the age of 18 years. | |
| (l) "Municipality" means a city, village, or township of this state. | (9) Sex offender registry | |
| (m) "Registering authority" means the local law enforcement agency or sheriff's office having jurisdiction over the individual's residence, place of employment, or institution of higher learning, or the nearest department post designated to receive or enter sex offender registration information within a registration jurisdiction. | The term "sex offender registry" means a registry of sex offenders, and a notification program, maintained by a jurisdiction. | |
| (n) "Registration jurisdiction" means each of the 50 states, the District of Columbia, the Commonwealth of Puerto Rico, Guam, the Northern Mariana Islands, the United States Virgin Islands, American Samoa, and the Indian tribes within the United States that elect to function as a registration jurisdiction. | (10) Jurisdiction<br><br>The term "jurisdiction" means any of the following:<br><br>(A) A State.<br><br>(B) The District of Columbia.<br><br>(C) The Commonwealth of Puerto Rico.<br><br>(D) Guam.<br><br>(E) American Samoa.<br><br>(F) The Northern Mariana Islands.<br><br>(G) The United States Virgin Islands.<br><br>(H) To the extent provided and subject to the requirements of section 20929 of this title, a federally recognized Indian tribe. | |
| (o) "Residence", as used in this act, for registration and voting purposes means that place at which a person habitually sleeps, keeps his or her personal effects, and has a regular place of lodging. If a person has more than 1 residence, or if a person has a residence separate from that of his or her husband  or wife, that place at which the person resides the greater part of the time must be his or her official residence for the purposes of this act. If a person is homeless or otherwise lacks a fixed or temporary residence, residence means the village, city, or township where the person spends a majority of his or her time. This section shall not be construed to affect existing judicial interpretation of the term residence for purposes other than the purposes of this act. | (13) Resides<br><br>The term "resides" means, with respect to an individual, the location of the individual's home or other place where the individual habitually lives. | |

| | | |
|---|---|---|
| (p) "Student" means an individual enrolled on a full- or part-time basis in a public or private educational institution, including, but not limited to, a secondary school, trade school, professional institution, or institution of higher education. | (11) Student<br><br>The term "student" means an individual who enrolls in or attends an educational institution, including (whether public or private) a secondary school, trade or professional school, and institution of higher education. | |
| (q) "Tier I offender" means an individual convicted of a tier I offense who is not a tier II or tier III offender.<br><br>(r) "Tier I offense" means 1 or more of the following:<br><br>    (i) A violation of section 145c(4) of the Michigan penal code, 1931 PA 328, MCL 750.145c.<br><br>    (ii) A violation of section 335a(2)(b) of the Michigan penal code, 1931 PA 328, MCL 750.335a, if a victim is a minor.<br><br>    (iii) A violation of section 349b of the Michigan penal code, 1931 PA 328, MCL 750.349b, if the victim is a minor.<br><br>    (iv) A violation of section 449a(2) of the Michigan penal code, 1931 PA 328, MCL 750.449a.<br><br>    (v) A violation of section 520e or 520g(2) of the Michigan penal code, 1931 PA 328, MCL 750.520e and 750.520g, if the victim is 18 years or older.<br><br>    (vi) A violation of section 539j of the Michigan penal code, 1931 PA 328, MCL 750.539j, if a victim is a minor.<br><br>    (vii) Any other violation of a law of this state or a local ordinance of a municipality, other than a tier II or tier III offense, that by its nature constitutes a sexual offense against an individual who is a minor.<br><br>    (viii) An offense committed by a person who was, at the time of the offense, a sexually delinquent person as defined in section 10a of the Michigan penal code, 1931 PA 328, MCL 750.10a.<br><br>    (ix) An attempt or conspiracy to commit an offense described in subparagraphs (i) to (viii).<br><br>    (x) An offense substantially similar to an offense described in subparagraphs (i) to (ix) under a law of the United States that is specifically enumerated in 42 USC 16911, under a law of any state or any country, or under tribal or military law. | (2) Tier I sex offender<br><br>The term "tier I sex offender" means a sex offender other than a tier II or tier III sex offender. | |

(s) "Tier II offender" means either of the following:

(i) A tier I offender who is subsequently convicted of another offense that is a tier I offense.

(ii) An individual convicted of a tier II offense who is not a tier III offender.

(t) "Tier II offense" means 1 or more of the following:

(i) A violation of section 145a of the Michigan penal code, 1931 PA 328, MCL 750.145a.

(ii) A violation of section 145b of the Michigan penal code, 1931 PA 328, MCL 750.145b.

(iii) A violation of section 145c(2) or (3) of the Michigan penal code, 1931 PA 328, MCL 750.145c.

(iv) A violation of section 145d(1)(a) of the Michigan penal code, 1931 PA 328, MCL 750.145d, except for a violation arising out of a violation of section 157c of the Michigan penal code, 1931 PA 328, MCL 750.157c.

(v) A violation of section 158 of the Michigan penal code, 1931 PA 328, MCL 750.158, committed against a minor unless either of the following applies:

(A) All of the following:

(I) The victim consented to the conduct constituting the violation.

(II) The victim was at least 13 years of age but less than 16 years of age at the time of the violation.

(III) The individual is not more than 4 years older than the victim.

(B) All of the following:

(3) Tier II sex offender

The term "tier II sex offender" means a sex offender other than a tier III sex offender whose offense is punishable by imprisonment for more than 1 year and--

(A) is comparable to or more severe than the following offenses, when committed against a minor, or an attempt or conspiracy to commit such an offense against a minor:

(i) sex trafficking (as described in section 1591 of Title 18);

(ii) coercion and enticement (as described in section 2422(b) of Title 18);

(iii) transportation with intent to engage in criminal sexual activity (as described in section 2423(a))1 of Title 18;

(iv) abusive sexual contact (as described in section 2244 of Title 18);

(B) involves--

(i) use of a minor in a sexual performance;

(ii) solicitation of a minor to practice prostitution; or

(iii) production or distribution of child pornography; or

(C) occurs after the offender becomes a tier I sex offender.

(5)(C) Offenses involving consensual sexual conduct

An offense involving consensual sexual conduct is not a sex offense for the purposes of this subchapter if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim.

9

(I) The victim consented to the conduct constituting the violation.

(II) The victim was 16 or 17 years of age at the time of the violation.

(III) The victim was not under the custodial authority of the individual at the time of the violation.

(vi) A violation of section 338, 338a, or 338b of the Michigan penal code, 1931 PA 328, MCL 750.338, 750.338a, and 750.338b, committed against an individual 13 years of age or older but less than 18 years of age. This subparagraph does not apply if the court determines that either of the following applies:

(A) All of the following:

(I) The victim consented to the conduct constituting the violation.

(II) The victim was at least 13 years of age but less than 16 years of age at the time of the violation.

(III) The individual is not more than 4 years older than the victim.

(B) All of the following:

(I) The victim consented to the conduct constituting the violation.

(II) The victim was 16 or 17 years of age at the time of the violation.

(III) The victim was not under the custodial authority of the individual at the time of the violation.

(vii) A violation of section 462e(a) of the Michigan penal code, 1931 PA 328, MCL 750.462e.

(viii) A violation of section 448 of the Michigan penal code, 1931 PA 328, MCL 750.448, if the victim is a minor.

(ix) A violation of section 455 of the Michigan penal code, 1931 PA 328, MCL 750.455.

(x) A violation of section 520c, 520e, or 520g(2) of the Michigan penal code, 1931 PA 328, MCL 750.520c, 750.520e, and 750.520g, committed against an individual 13 years of age or older but less than 18 years of age.

(xi) A violation of section 520c committed against an individual 18 years of age or older.

(xii) An attempt or conspiracy to commit an offense described in subparagraphs (i) to (xi).

(xiii) An offense substantially similar to an offense described in subparagraphs (i) to (xii) under a law of the United States that is specifically enumerated in 42 USC 16911, under a law of any state or any country, or under tribal or military law.

(u) "Tier III offender" means either of the following:

(i) A tier II offender subsequently convicted of a tier I or II offense.

(ii) An individual convicted of a tier III offense.

(v) "Tier III offense" means 1 or more of the following:

(i) A violation of section 338, 338a, or 338b of the Michigan penal code, 1931 PA 328, MCL 750.338, 750.338a, and 750.338b, committed against an individual less than 13 years of age.

(ii) A violation of section 349 of the Michigan penal code, 1931 PA 328, MCL 750.349, committed against a minor.

(iii) A violation of section 350 of the Michigan penal code, 1931 PA 328, MCL 750.350.

(iv) A violation of section 520b, 520d, or 520g(1) of the Michigan penal code, 1931 PA 328, MCL 750.520b, 750.520d, and 750.520g. This subparagraph does not apply if the court determines that the victim consented to the conduct constituting the violation, that the victim was at least 13 years of age but less than 16 years of age at the time of the offense, and that the individual is not more than 4 years older than the victim.

(v) A violation of section 520c or 520g(2) of the Michigan penal code, 1931 PA 328, MCL 750.520c and 750.520g, committed against an individual less than 13 years of age.

(vi) A violation of section 520e of the Michigan penal code, 1931 PA 328, MCL 750.520e, committed by an individual 17 years of age or older against an individual less than 13 years of age.

(vii) An attempt or conspiracy to commit an offense described in subparagraphs (i) to (vi).

(4) Tier III sex offender

The term "tier III sex offender" means a sex offender whose offense is punishable by imprisonment for more than 1 year and--

(A) is comparable to or more severe than the following offenses, or an attempt or conspiracy to commit such an offense:

(i) aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18); or

(ii) abusive sexual contact (as described in section 2244 of Title 18) against a minor who has not attained the age of 13 years;

(B) involves kidnapping of a minor (unless committed by a parent or guardian); or

(C) occurs after the offender becomes a tier II sex offender.

(5) Amie Zyla expansion of sex offense definition

(A) Generally

Except as limited by subparagraph (B) or (C), the term "sex offense" means--

(i) a criminal offense that has an element involving a sexual act or sexual contact with another;

(ii) a criminal offense that is a specified offense against a minor;

(viii) An offense substantially similar to an offense described in subparagraphs (i) to (vii) under a law of the United States that is specifically enumerated in 42 USC 16911, under a law of any state or any country, or under tribal or military law.

(w) "Vehicle" means that term as defined in section 79 of the Michigan vehicle code, 1949 PA 300, MCL 257.79.

(iii) a Federal offense (including an offense prosecuted under section 1152 or 1153 of Title 18) under section 1591, or chapter 109A, 110 (other than section 2257, 2257A, or 2258), or 117, of Title 18;

(iv) a military offense specified by the Secretary of Defense under section 115(a)(8)(C)(i) of Public Law 105-119 (10 U.S.C. 951 note); or

(v) an attempt or conspiracy to commit an offense described in clauses (i) through (iv).

## II.  SEX OFFENDER REGISTRATION

### 28.723.  Registration requirements.

Sec. 3. (1) Subject to subsection (2), the following individuals who are domiciled or temporarily reside in this state or who work with or without compensation or are students in this state are required to be registered under this act:

(a) An individual who is convicted of a listed offense after October 1, 1995.

(b) An individual convicted of a listed offense on or before October 1, 1995 if on October 1, 1995 he or she is on probation or parole, committed to jail, committed to the jurisdiction of the department of corrections, or under the jurisdiction of the juvenile division of the probate court or the department of human services for that offense or is placed on probation or parole, committed to jail, committed to the jurisdiction of the department of corrections, placed under the jurisdiction of the juvenile division of the probate court or family division of circuit court, or committed to the department of human services after October 1, 1995 for that offense.

(c) An individual convicted on or before October 1, 1995 of an offense described in section 2(d)(vi) as added by 1994 PA 295 if on October 1, 1995 he or she is on probation or parole that has been transferred to this state for that offense or his or her probation or parole is transferred to this state after October 1, 1995 for that offense.

(d) An individual from another state who is required to register or otherwise be identified as a sex or child offender or predator under a comparable statute of that state.

(e) An individual who was previously convicted of a listed offense for which he or she was not required to register under this act, but who is convicted of any other felony on or after July 1, 2011.

(2) An individual convicted of an offense added on September 1, 1999 to the definition of listed offense is not required to be registered solely because of that listed offense unless 1 of the following applies:

(a) The individual is convicted of that listed offense on or after September 1, 1999.

### § 20912.  Registry requirements for jurisdictions.

(b) Guidelines and regulations

The Attorney General shall issue guidelines and regulations to interpret and implement this subchapter.

### § 72.3.  Applicability of the Sex Offender Registration and Notification Act.

The requirements of SORNA apply to all sex offenders. All sex offenders must comply with all requirements of that Act, regardless of when the conviction of the offense for which registration is required occurred (including if the conviction occurred before the enactment of that Act), regardless of whether a jurisdiction in which registration is required has substantially implemented that Act's requirements or has implemented any particular requirement of that Act, and regardless of whether any particular requirement or class of sex offenders is mentioned in examples in this regulation or in other regulations or guidelines issued by the Attorney General.

Example 1 to § 72.3. A sex offender is federally convicted of aggravated sexual abuse under 18 U.S.C. 2241 in 1990 and is released following imprisonment in 2009. The sex offender is subject to the requirements of SORNA and could be held criminally liable under 18 U.S.C. 2250 for failing to register or keep the registration current in any jurisdiction in which the sex offender resides, is an employee, or is a student.

Example 2 to § 72.3. A sex offender is convicted by a state jurisdiction in 1997 for molesting a child and is released following imprisonment in 2000. The sex offender initially registers as required but relocates to another state in 2009 and fails to register in the new state of residence. The sex offender has violated the requirement under SORNA to register in any jurisdiction in which he resides, and could be held criminally liable under 18 U.S.C. 2250 for the violation because he traveled in interstate commerce.

### § 72.4.  Where sex offenders must register.

A sex offender must register, and keep the registration current, in each jurisdiction in which the offender resides, is an employee, or is a student.  For initial registration purposes only, a sex offender must also register in the jurisdiction in which convicted if that jurisdiction is different from the jurisdiction of residence.

(b) On September 1, 1999, the individual is on probation or parole, committed to jail, committed to the jurisdiction of the department of corrections, under the jurisdiction of the family division of circuit court, or committed to the department of human services for that offense or the individual is placed on probation or parole, committed to jail, committed to the jurisdiction of the department of corrections, placed under the jurisdiction of the family division of circuit court, or committed to the department of human services on or after September 1, 1999 for that offense.

(c) On September 1, 1999, the individual is on probation or parole for that offense which has been transferred to this state or the individual's probation or parole for that offense is transferred to this state after September 1, 1999.

(d) On September 1, 1999, in another state or country the individual is on probation or parole, committed to jail, committed to the jurisdiction of the department of corrections or a similar type of state agency, under the jurisdiction of a court that handles matters similar to those handled by the family division of circuit court in this state, or committed to an agency with the same authority as the department of human services for that offense.

| | § 20930.  Registration of sex offenders entering the United States. | § 72.7. How sex offenders must register and keep the registration current. |
|---|---|---|
| (3) A nonresident who is convicted in this state on or after July 1, 2011 of committing a listed offense who is not otherwise described in subsection (1) shall nevertheless register under this act. However, the continued reporting requirements of this act do not apply to the individual while he or she remains a nonresident and is not otherwise required to report under this act. The individual shall have his or her photograph taken under section 5a. | The Attorney General, in consultation with the Secretary of State and the Secretary of Homeland Security, shall establish and maintain a system for informing the relevant jurisdictions about persons entering the United States who are required to register under this subchapter. The Secretary of State and the Secretary of Homeland Security shall provide such information and carry out such functions as the Attorney General may direct in the operation of the system. | (2) Special rules for certain cases. The following special requirements apply:<br><br>(i) Federal and military offenders. A sex offender who is released from Federal or military custody, or who is convicted for a Federal or military sex offense but not sentenced to imprisonment, must register within three business days of entering or remaining in a jurisdiction to reside following the release or sentencing. |
| | **§ 20911.  Relevant definitions.  (Cont.)**<br><br>(5)(B) Foreign convictions<br><br>A foreign conviction is not a sex offense for the purposes of this subchapter if it was not obtained with sufficient safeguards for fundamental fairness and due process for the accused under guidelines or regulations established under section 20912 of this title. | (ii) Foreign convictions. A sex offender required to register on the basis of a conviction in a foreign country must register within three business days of entering any jurisdiction in the United States to reside, work, or attend school. |

**28.723a.  Exceptions to registration; hearing procedure.**

Sec. 3a. (1) If an individual pleads guilty to or is found guilty of a listed offense or is adjudicated as a juvenile as being responsible for a listed offense but alleges that he or she is not required to register under this act because section 2(t)(v) or (vi)1 applies or section 2(v)(iv) applies, and the prosecuting attorney disputes that allegation, the court shall conduct a hearing on the matter before sentencing or disposition to determine whether the individual is required to register under this act.

(2) The individual has the burden of proving by a preponderance of the evidence in a hearing under this section that his or her conduct falls within the exceptions described in subsection (1) and that he or she is therefore not required to register under this act.

(3) The rules of evidence, except for those pertaining to privileges and protections set forth in section 520j of the Michigan penal code, 1931 PA 328, MCL 750.520j, do not apply to a hearing under this section.

(4) The prosecuting attorney shall give the victim notice of the date, time, and place of the hearing.

(5) The victim of the offense has the following rights in a hearing under this section:

(a) To submit a written statement to the court.

(b) To attend the hearing and to make a written or oral statement to the court.

(c) To refuse to attend the hearing.

(d) To attend the hearing but refuse to testify or make a statement at the hearing.

(6) The court's decision excusing or requiring the individual to register is a final order of the court and may be appealed by the prosecuting attorney or the individual as a matter of right.

(7) This section applies to criminal and juvenile cases pending on July 1, 2011 and to criminal and juvenile cases brought on and after that date.

| 28.724. Registration procedure. | § 20913. Registry requirements for sex offenders. | |
|---|---|---|
| Sec. 4. (1) Registration of an individual under this act must proceed as provided in this section.<br><br>(2) For an individual convicted of a listed offense on or before October 1, 1995 who on or before October 1, 1995 is sentenced for that offense, has a disposition entered for that offense, or is assigned to youthful trainee status for that offense, the following shall register the individual by December 31, 1995:<br><br>    (a) If the individual is on probation for the listed offense, the individual's probation agent.<br><br>    (b) If the individual is committed to jail for the listed offense, the sheriff or his or her designee.<br><br>    (c) If the individual is under the jurisdiction of the department of corrections for the listed offense, the department of corrections.<br><br>    (d) If the individual is on parole for the listed offense, the individual's parole agent.<br><br>    (e) If the individual is within the jurisdiction of the juvenile division of the probate court or the department of social services under an order of disposition for the listed offense, the juvenile division of the probate court or the department of social services.<br><br>(3) Except as provided in subsection (4), for an individual convicted of a listed offense on or before October 1, 1995:<br><br>    (a) If the individual is sentenced for that offense after October 1, 1995 or assigned to youthful trainee status after October 1, 1995, the probation agent shall register the individual before sentencing or assignment.<br><br>    (b) If the individual's probation or parole is transferred to this state after October 1, 1995, the probation or parole agent shall register the individual not more than 7 days after the transfer.<br><br>    (c) If the individual is placed within the jurisdiction of the juvenile division of the probate court or family division of circuit court or committed to the department of health and human services under an order of disposition entered after October 1, 1995, the juvenile division of the probate court or family division of circuit court shall register the individual before the order of disposition is entered. | (a) In general<br><br>A sex offender shall register, and keep the registration current, in each jurisdiction<br><br>where the offender resides,<br><br>where the offender is an employee,<br><br>and where the offender is a student.<br><br>For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.<br><br>(b) Initial registration<br><br>The sex offender shall initially register--<br><br>    (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or<br><br>    (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.<br><br>(d) Initial registration of sex offenders unable to comply with subsection (b)<br><br>The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b). | |

(4) For an individual convicted on or before September 1, 1999 of an offense that was added on September 1, 1999 to the definition of listed offense, the following shall register the individual:

(a) If the individual is on probation or parole on September 1, 1999 for the listed offense, the individual's probation or parole agent not later than September 12, 1999.

(b) If the individual is committed to jail on September 1, 1999 for the listed offense, the sheriff or his or her designee not later than September 12, 1999.

(c) If the individual is under the jurisdiction of the department of corrections on September 1, 1999 for the listed offense, the department of corrections not later than November 30, 1999.

(d) If the individual is within the jurisdiction of the family division of circuit court or committed to the department of health and human services or county juvenile agency on September 1, 1999 under an order of disposition for the listed offense, the family division of circuit court, the department of health and human services, or the county juvenile agency not later than November 30, 1999.

(e) If the individual is sentenced or assigned to youthful trainee status for that offense after September 1, 1999, the probation agent shall register the individual before sentencing or assignment.

(f) If the individual's probation or parole for the listed offense is transferred to this state after September 1, 1999, the probation or parole agent shall register the individual within 14 days after the transfer.

(g) If the individual is placed within the jurisdiction of the family division of circuit court or committed to the department of health and human services for the listed offense after September 1, 1999, the family division of circuit court shall register the individual before the order of disposition is entered.

(5) Subject to section 3, an individual convicted of a listed offense in this state after October 1, 1995 and an individual who was previously convicted of a listed offense for which he or she was not required to register under this act, but who is convicted of any other felony on or after July 1, 2011, shall register before sentencing, entry of the order of disposition, or assignment to youthful trainee status for that listed offense or that other felony. The



probation agent or the family division of circuit court shall give the individual the registration form after the individual is convicted, explain the duty to register and accept the completed registration for processing under section 6.2 The court shall not impose sentence, enter the order of disposition, or assign the individual to youthful trainee status, until it determines that the individual's registration was forwarded to the department as required under section 6.

(6) All of the following shall register with the local law enforcement agency, sheriff's department, or the department not more than 3 business days after becoming domiciled or temporarily residing, working, or being a student in this state:

(a) Subject to section 3(1), an individual convicted in another state or country on or after October 1, 1995 of a listed offense as defined before September 1, 1999.

(b) Subject to section 3(2), an individual convicted in another state or country of an offense added on September 1, 1999 to the definition of listed offenses.

(c) Subject to section 3(1), an individual convicted in another state or country of a listed offense before October 1, 1995 and, subject to section 3(2), an individual convicted in another state or country of an offense added on September 1, 1999 to the definition of listed offenses, who is convicted of any other felony on or after July 1, 2011.

(d) An individual required to be registered as a sex offender in another state or country regardless of when the conviction was entered.

(7) If a prosecution or juvenile proceeding is pending on July 1, 2011, whether the defendant in a criminal case or the minor in a juvenile proceeding is required to register under this act must be determined on the basis of the law in effect on July 1, 2011.

19

**28.724a. Status report to registering authority; requirements; reports; written documentation; exception.**

Sec. 4a. (1) An individual required to be registered under this act who is not a resident of this state shall report his or her status in person to the registering authority having jurisdiction over a campus of an institution of higher education if either of the following occurs:

(a) The individual is or enrolls as a student with that institution of higher education or the individual discontinues that enrollment.

(b) As part of his or her course of studies at an institution of higher education in this state, the individual is present at any other location in this state, another state, a territory or possession of the United States, or the individual discontinues his or her studies at that location.

(2) An individual required to be registered under this act who is a resident of this state shall report his or her status in person to the registering authority having jurisdiction where his or her new residence or domicile is located if any of the events described under subsection (1) occur.

(3) The report required under subsections (1) and (2) shall be made as follows:

(a) For an individual registered under this act before October 1, 2002 who is required to make his or her first report under subsections (1) and (2), not later than January 15, 2003.

(b) Immediately after he or she enrolls or discontinues his or her enrollment as a student on that campus including study in this state or another state, a territory or possession of the United States, or another country.

(4) The additional registration reports required under this section shall be made in the time periods described in section 5a(2)(a) to (c) for reports under that section.

(5) The local law enforcement agency, sheriff's department, or department post to which an individual reports under this section may require the individual to pay the registration fee required under section 5a or section 7(1) and to present written documentation of employment status, contractual relationship, volunteer status, or student status. Written documentation under this

subsection may include, but need not be limited to, any of the following:

(a) A W-2 form, pay stub, or written statement by an employer.

(b) A contract.

(c) A student identification card or student transcript.

(6) This section does not apply to an individual whose enrollment and participation at an institution of higher education is solely through the mail or the internet from a remote location.

| 28.725.  Reporting requirements for registered individuals; changes in residence or domicile, employment, enrollment as student, name, vehicle information, electronic mail addresses, internet identifiers, or telephone numbers; registration periods; expunged conviction or adjudication. | § 20913.  Registry requirements for sex offenders. (Continued.) | § 72.7.  How sex offenders must register and keep the registration current. |
|---|---|---|
| Sec. 5. (1) An individual required to be registered under this act who is a resident of this state shall report in person, or in another manner as prescribed by the department, and notify the registering authority having jurisdiction where his or her residence or domicile is located not more than 3 business days after any of the following occur: | (c) Keeping the registration current<br><br>A sex offender shall, not later than 3 business days after each change of | (c) Reporting of initiation and changes concerning |
|     (a) The individual changes or vacates his or her residence or domicile. | name, | name, |
|     (b) The individual changes his or her place of employment, or employment is discontinued. | residence, | residence, |
|     (c) The individual enrolls as a student with an institution of higher education, or enrollment is discontinued. | employment, | employment, |
|     (d) The individual changes his or her name. | or student status, | and school attendance. |
|     (e) Any change required to be reported under section 4a.1 | appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register. | A sex offender who enters a jurisdiction to reside, or who resides in a jurisdiction and changes his name or his place of residence in the jurisdiction, must appear in person in that jurisdiction and register or update the registration within three business days.  A sex offender who commences employment or school attendance in a jurisdiction, or who changes employer, school attended, or place of employment or school attendance in a jurisdiction, must appear in person in that jurisdiction and register or update the registration within three business days. |
| | | (d) Reporting of departure and termination concerning residence, employment, and school attendance. |
| | | (1) A sex offender residing in a jurisdiction must inform that jurisdiction (by whatever means the jurisdiction allows) if the sex offender will be commencing residence, employment, or school attendance in another jurisdiction or outside of the United States. The sex offender must so inform the jurisdiction in which he is residing prior to any termination of residence in that jurisdiction and prior to commencing residence, employment, or school attendance in the other jurisdiction or outside of the United States. |
| | | (2) A sex offender who will be terminating residence, employment, or school attendance in a jurisdiction must so inform that jurisdiction (by whatever means the jurisdiction allows) prior to the termination of residence, employment, or school attendance in the jurisdiction. |

22

(2) An individual required to be registered under this act who is a resident of this state shall report in the manner prescribed by the department to the registering authority having jurisdiction where his or her residence or domicile is located not more than 3 business days after any of the following occur:

    (a) Except as otherwise provided in this subdivision, any change in vehicle information, electronic mail addresses, internet identifiers, or telephone numbers registered to or used by the individual. The requirement to report any change in electronic mail addresses and internet identifiers applies only to an individual required to be registered under this act after July 1, 2011.

    (b) The individual intends to temporarily reside at any place other than his or her residence or domicile for more than 7 days.

(3) An individual required to be registered under this act, who is not a resident of this state but has his or her place of employment in this state shall report in person and notify the registering authority having jurisdiction where his or her place of employment is located or the department post of the individual's place of employment not more than 3 business days after the individual changes his or her place of employment or employment is discontinued.

(4) If an individual who is incarcerated in a state correctional facility and is required to be registered under this act is granted parole or is due to be released upon completion of his or her maximum sentence, the department of corrections, before releasing the individual, shall provide notice of the location of the individual's proposed place of residence or domicile to the department of state police.

(5) If an individual who is incarcerated in a county jail and is required to be registered under this act is due to be released from custody, the sheriff's department, before releasing the individual, shall provide notice of the location of the individual's proposed place of residence or domicile to the department of state police.

(6) Not more than 7 days after either of the following occurs, the department of corrections shall notify the local law enforcement agency or sheriff's department having jurisdiction over the area to which the individual is transferred or the department post of the transferred residence or domicile of an individual required to be registered under this act:

## § 20916. Direction to Attorney General

(a) Requirement that sex offenders provide certain Internet related information to sex offender registries

The Attorney General, using the authority provided in section 114(a)(7) of the Sex Offender Registration and Notification Act, shall require that each sex offender provide to the sex offender registry those Internet identifiers the sex offender uses or will use of any type that the Attorney General determines to be appropriate under that Act. These records of Internet identifiers shall be subject to the Privacy Act (5 U.S.C. 552a) to the same extent as the other records in the National Sex Offender Registry.

(b) Timeliness of reporting of information

The Attorney General, using the authority provided in section 112(b) of the Sex Offender Registration and Notification Act, shall specify the time and manner for keeping current information required to be provided under this section.

(d) Notice to sex offenders of new requirements

The Attorney General shall ensure that procedures are in place to notify each sex offender of changes in requirements that apply to that sex offender as a result of the implementation of this section.

(e) Reporting of changes in information relating to

remote communication identifiers,

    [All designations the sex offender uses for purposes of routing or self identification in

    internet or

    telephonic communications or postings,

    including email addresses and telephone numbers.] [28 CFR 72.6(b).]

temporary lodging,

and vehicles.

A sex offender must report within three business days to his residence jurisdiction (by whatever means the jurisdiction allows) any change in remote communication identifier information, as described in § 72.6(b), temporary lodging information, as described in § 72.6(c)(2), and any change in vehicle information, as described in § 72.6(f).

(f) Reporting of international travel. A sex offender must report intended travel outside the United States, including the information described in § 72.6(d), to his residence jurisdiction (by whatever means the jurisdiction allows). The sex offender must report the travel information to the jurisdiction at least 21 days in advance of the intended travel and, if the sex offender is terminating his residence in the jurisdiction, prior to his termination of residence in the jurisdiction.

(g) Compliance with jurisdictions' requirements for registering and keeping the registration current.

(1) A sex offender who does not comply with a requirement of SORNA in conformity with the time and manner specifications of paragraphs (a) through (f) of this section must comply with the requirement in conformity with any applicable time and manner specifications of a jurisdiction in which the offender is required to register

Example 1 to paragraph (g)(1). A sex offender convicted in a state does not initially register before release from imprisonment, as required by 34 U.S.C. 20913(b)(1) and paragraph (a)(1) of this section, because the state has no procedure for pre-release registration of sex offenders. Instead, the state informs sex offenders that they must go to a local police station within seven days of release to register. The sex offender must comply with the state's requirements for initial registration, i.e., the offender must report to the police station to register within seven days of release.

(a) The individual is transferred to a community residential program.

(b) The individual is transferred into a level 1 correctional facility of any kind, including a correctional camp or work camp.

(7) An individual required to be registered under this act who is a resident of this state shall report in person and notify the registering authority having jurisdiction where his or her residence or domicile is located not more than 3 business days before he or she changes his or her domicile or residence to another state. The individual shall indicate the new state and, if known, the new address. The department shall update the registration and compilation databases and promptly notify the appropriate law enforcement agency and any applicable sex or child offender registration authority in the new state.

(8) An individual required to be registered under this act, who is a resident of this state, shall report in person and notify the registering authority having jurisdiction where his or her residence or domicile is located not later than 21 days before he or she changes his or her domicile or residence to another country or travels to another country for more than 7 days. The individual shall state the new country of residence or country of travel and the address of his or her new domicile or residence or place of stay, if known. The department shall update the registration and compilation databases and promptly notify the appropriate law enforcement agency and any applicable sex or child offender registration authority.

(9) If the probation or parole of an individual required to be registered under this act is transferred to another state or an individual required to be registered under this act is transferred from a state correctional facility to any correctional facility or probation or parole in another state, the department of corrections shall promptly notify the department and the appropriate law enforcement agency and any applicable sex or child offender registration authority in the new state. The department shall update the registration and compilation databases.

(10) An individual registered under this act shall comply with the verification procedures and proof of residence procedures prescribed in sections 4a and 5a.

## § 20914.  Information required in registration.

(a)(7) Information relating to intended travel of the sex offender outside the United States, including any anticipated dates and places of departure, arrival, or return, carrier and flight numbers for air travel, destination country and address or other contact information therein, means and purpose of travel, and any other itinerary or other travel-related information required by the Attorney General.

(c) Time and manner

A sex offender shall provide and update information required under subsection (a), including information relating to intended travel outside the United States required under paragraph (7) of that subsection, in conformity with any time and manner requirements prescribed by the Attorney General.

## § 20915.  Duration of registration requirement.

(a) Full registration period

A sex offender shall keep the registration current for the full registration period (excluding any time the sex offender is in custody or civilly committed) unless the offender is allowed a reduction under subsection (b). The full registration period is--

Example 2 to paragraph (g)(1). A sex offender does not register when he is released from custody, or does not register upon entering a jurisdiction to reside as required by 34 U.S.C. 20913(c) and paragraph (c) of this section, because the jurisdiction, at the time, does not register sex offenders based on the offense for which he was convicted. The jurisdiction later sends the sex offender a notice advising that it has extended its registration requirements to include sex offenders like him and directing him to report to a specified agency within 90 days to register. The sex offender must report to the agency to register within the specified timeframe.

Example 3 to paragraph (g)(1). A sex offender registers as required when released from imprisonment or upon entering a jurisdiction to reside, but the jurisdiction has no procedure for sex offenders to appear periodically in person to update and verify the registration information as required by 34 U.S.C. 20918 and paragraph (b) of this section. The jurisdiction later sends the sex offender a notice advising that it has adopted a periodic verification requirement and directing the sex offender to appear at a designated time and place for an initial update meeting. The sex offender must appear and update the registration as directed.

Example 4 to paragraph (g)(1). A sex offender does not report his email address to the jurisdiction in which he resides when he initially registers, or within three business days of a change as required by paragraph (e) of this section, because email addresses are not among the information the jurisdiction accepts for inclusion in its registry. The jurisdiction later notifies the sex offender that it has extended the registration information it collects to include email addresses and directs him to send a reply within a specified time that provides his current email address. The sex offender must comply with this direction.

(2) In a prosecution under 18 U.S.C. 2250, paragraph (g)(1) of this section does not in any case relieve a sex offender of the need to establish as an affirmative defense an inability to comply with SORNA because of circumstances beyond his control as provided in 18 U.S.C. 2250(c) and § 72.8(a)(2).

## § 72.5.  How long sex offenders must register.

(a) Duration. A sex offender has a continuing obligation to register and keep the registration current (except when the sex offender is in custody or civilly committed) for the following periods of time:

| | | |
|---|---|---|
| (11) Except as otherwise provided in this section and section 8c,3 a tier I offender shall comply with this section for 15 years. | (1) 15 years, if the offender is a tier I sex offender; | (1) 15 years, if the offender is a tier I sex offender; |
| (12) Except as otherwise provided in this section and section 8c, a tier II offender shall comply with this section for 25 years. | (2) 25 years, if the offender is a tier II sex offender; and | (2) 25 years, if the offender is a tier II sex offender; and |
| (13) Except as otherwise provided in this section and section 8c, a tier III offender shall comply with this section for life. | (3) the life of the offender, if the offender is a tier III sex offender. | (3) The life of the offender, if the offender is a tier III sex offender. |
| (14) The registration periods under this section exclude any period of incarceration for committing a crime and any period of civil commitment. | (b) Reduced period for clean record | (b) Commencement. The registration period begins to run: |
| (15) For an individual who was previously convicted of a listed offense for which he or she was not required to register under this act but who is convicted of any felony on or after July 1, 2011, any period of time that he or she was not incarcerated for that listed offense or that other felony and was not so civilly committed counts toward satisfying the registration period for that listed offense as described in this section. If those periods equal or exceed the registration period described in this section, the individual has satisfied his or her registration period for the listed offense and is not required to register under this act. If those periods are less than the registration period described in this section for that listed offense, the individual shall comply with this section for the period of time remaining. | (1) Clean record  The full registration period shall be reduced as described in paragraph (3) for a sex offender who maintains a clean record for the period described in paragraph (2) by--  (A) not being convicted of any offense for which imprisonment for more than 1 year may be imposed;  (B) not being convicted of any sex offense;  (C) successfully completing any periods of supervised release, probation, and parole; and  (D) successfully completing of1 an appropriate sex offender treatment program certified by a jurisdiction or by the Attorney General.  (2) Period  In the case of-- | (1) When a sex offender is released from imprisonment following conviction for the offense giving rise to the registration requirement, including in cases in which the term of imprisonment is based wholly or in part on the sex offender's conviction for another offense; or  (2) If the sex offender is not sentenced to imprisonment, when the sex offender is sentenced for the offense giving rise to the registration requirement. |
| (16) If an individual required to be registered under this act presents an order to the department or the appropriate registering authority that the conviction or adjudication for which the individual is required to be registered under this act has been set aside under 1965 PA 213, MCL 780.621 to 780.624, or has been otherwise expunged, his or her registration under this act must be discontinued. If this subsection applies, the department shall remove the individual from both the law enforcement database and the public internet website maintained under section 8. | (A) a tier I sex offender, the period during which the clean record shall be maintained is 10 years; and  (B) a tier III sex offender adjudicated delinquent for the offense which required registration in a sex registry under this subchapter, the period during which the clean record shall be maintained is 25 years.  (3) Reduction  In the case of--  (A) a tier I sex offender, the reduction is 5 years;  (B) a tier III sex offender adjudicated delinquent, the reduction is from life to that period for which the clean record under paragraph (2) is maintained. | (c) Reduction. If a tier I sex offender has maintained for 10 years a clean record, as described in 34 U.S.C. 20915(b)(1), the period for which the sex offender must register and keep the registration current under paragraph (a) of this section is reduced by 5 years. If a tier III sex offender required to register on the basis of a juvenile delinquency adjudication has maintained a clean record, as described in 34 U.S.C. 20915(b)(1), for 25 years, the period for which the sex offender must register and keep the registration current under paragraph (a) of this section is reduced to the period for which the clean record has been maintained. |

**28.725a.  Registration, notification, and verification procedure; reporting schedule; registration fee; maintenance of license or identification card; photographs; failure to report.**

Sec. 5a. (1) The department shall mail a notice to each individual registered under this act who is not in a state correctional facility explaining the individual's duties under this act as amended.

(2) Upon the release of an individual registered under this act who is in a state correctional facility, the department of corrections shall provide written notice to that individual explaining his or her duties under this section and this act and the procedure for registration, notification, and verification and payment of the registration fee prescribed under subsection (6) or section 7(1).1 The individual shall sign and date the notice. The department of corrections shall maintain a copy of the signed and dated notice in the individual's file. The department of corrections shall forward the original notice to the department within 7 days, regardless of whether the individual signs it.

## § 20919.  Duty to notify sex offenders of registration requirements and to register.

(a) In general

An appropriate official shall, shortly before release of the sex offender from custody, or, if the sex offender is not in custody, immediately after the sentencing of the sex offender, for the offense giving rise to the duty to register--

(1) inform the sex offender of the duties of a sex offender under this subchapter and explain those duties;

(2) require the sex offender to read and sign a form stating that the duty to register has been explained and that the sex offender understands the registration requirement; and

(3) ensure that the sex offender is registered.

(b) Notification of sex offenders who cannot comply with subsection (a)

The Attorney General shall prescribe rules for the notification of sex offenders who cannot be registered in accordance with subsection (a).

26

| | § 20918.  Periodic in person verification. | § 72.7.  How sex offenders must register and keep the registration current. (Continued.) |
|---|---|---|
| (3) Subject to subsection (4), an individual required to be registered under this act who is not incarcerated shall report in person to the registering authority where he or she is domiciled or resides for verification of domicile or residence as follows: | A sex offender shall appear in person, allow the jurisdiction to take a current photograph, and verify the information in each registry in which that offender is required to be registered not less frequently than-- | (a) Initial registration—(1) In general. Except as provided in paragraph (a)(2) of this section, a sex offender must register before release from imprisonment following conviction for the offense giving rise to the registration requirement, or, if the sex offender is not sentenced to imprisonment, within three business days after being sentenced for that offense.<br><br>. . . |

(a) If the individual is a tier I offender, the individual shall report once each year during the individual's month of birth.

(b) If the individual is a tier II offender, the individual shall report twice each year according to the following schedule:

§ 20918 column — (1) each year, if the offender is a tier I sex offender;

§ 72.7 column — (b) Periodic in-person verification. A sex offender must appear in person, allow the jurisdiction to take a current photograph, and verify the information in each registry in which the offender is required to register. In carrying out the required verification of information in each registry, the sex offender must correct any information that has changed or is otherwise inaccurate and must report any new registration information. A sex offender must appear in person for these purposes not less frequently than—

§ 20918 column — (2) every 6 months, if the offender is a tier II sex offender; and

| Birth Month | Reporting Months |
|---|---|
| January | January and July |
| February | February and August |
| March | March and September |
| April | April and October |
| May | May and November |
| June | June and December |
| July | January and July |
| August | February and August |
| September | March and September |
| October | April and October |
| November | May and November |
| December | June and December |

§ 72.7 column — (1) Each year, if the offender is a tier I sex offender;

(2) Every six months, if the offender is a tier II sex offender; and

(c) If the individual is a tier III offender, the individual shall report 4 times each year according to the following schedule:

§ 20918 column — (3) every 3 months, if the offender is a tier III sex offender.

§ 72.7 column — (3) Every three months, if the offender is a tier III sex offender.

| Birth Month | Reporting Months |
|---|---|
| January | January, April, July, and October |
| February | February, May, August, and [Nov] |
| March | March, June, September, and [Dec] |
| April | April, July, October, and January |
| May | May, August, November, and [Feb] |
| June | June, September, [Dec], and March |
| July | July, October, January, and April |
| August | August, November, [Feb], and May |
| September | September, [Dec], March, and June |
| October | October, January, April, and July |
| November | November, February, May, and [Aug] |
| December | December, March, June, and [Sept] |

(4) A report under subsection (3) must be made no earlier than the first day or later than the last day of the month in which the individual is required to report. However, if the registration period for that individual expires during the month in which he or she is required to report under this section, the individual shall report during that month on or before the date his or her registration period expires. When an individual reports under subsection (3), the individual shall review all registration information for accuracy.

(5) When an individual reports under subsection (3) an officer or authorized employee of the registering authority shall verify the individual's residence or domicile and any information required to be reported under section 4a. The officer or authorized employee shall also determine whether the individual's photograph required under this act matches the appearance of the individual sufficiently to properly identify him or her from that photograph. If not, the officer or authorized employee shall require the individual to obtain a current photograph within 7 days under this section. When all of the verification information has been provided, the officer or authorized employee shall review that information with the individual and make any corrections, additions, or deletions the officer or authorized employee determines are necessary based on the review. The officer or authorized employee shall sign and date a verification receipt. The officer or authorized employee shall give a copy of the signed receipt showing the date of verification to the individual. The officer or authorized employee shall forward verification information to the department in the manner the department prescribes. The department shall revise the law enforcement database and public internet website maintained under section 83 as necessary and shall indicate verification in the public internet website maintained under section 8(2).

(6) Except as otherwise provided in section 5b,4 an individual who reports as prescribed under subsection (3) shall pay a $50.00 registration fee as follows:

(a) Upon initial registration.

(b) Annually following the year of initial registration. The payment of the registration fee under this subdivision must be made at the time the individual reports in the first reporting month for that individual as set forth in subsection (3) of each year in which the fee applies, unless an individual elects to prepay an annual registration fee for any future year for which an annual registration fee is required. Prepaying any annual registration fee must not

change or alter the requirement of an individual to report as set forth in subsection (3). The payment of the registration fee under this subdivision is not required to be made for any registration year that has expired before January 1, 2014 or to be made by any individual initially required to register under this act after January 1, 2027. The registration fee required to be paid under this subdivision must not be prorated on grounds that the individual will complete his or her registration period after the month in which the fee is due.

(c) The sum of the amounts required to be paid under subdivisions (a) and (b) must not exceed $550.00.

(7) Except as otherwise provided in this subsection, an individual required to be registered under this act shall maintain either a valid operator's or chauffeur's license issued under the Michigan vehicle code, 1949 PA 300, MCL 257.1 to 257.923, or an official state personal identification card issued under 1972 PA 222, MCL 28.291 to 28.300, with the individual's current address. The license or card may be used as proof of domicile or residence under this section. In addition, the officer or authorized employee may require the individual to produce another document bearing his or her name and address, including, but not limited to, voter registration or a utility or other bill. The department may specify other satisfactory proof of domicile or residence. The requirement to maintain a valid operator's or chauffeur's license issued under the Michigan vehicle code, 1949 PA 300, MCL 257.1 to 257.923, or an official state personal identification card issued under 1972 PA 222, MCL 28.291 to 28.300, does not apply to an individual required to be registered under this act who is homeless. As used in this subsection, "homeless" means someone who lacks a fixed or temporary residence.

(8) An individual registered under this act who is incarcerated shall report to the secretary of state under this subsection not more than 7 days after he or she is released to have his or her digitalized photograph taken. The individual is not required to report under this subsection if he or she had a digitized photograph taken for an operator's or chauffeur's license or official state personal identification card before January 1, 2000, or within 2 years before he or she is released unless his or her appearance has changed from the date of that photograph. Unless the person is a nonresident, the photograph must be used on the individual's operator's or chauffeur's license or official state personal identification card. The individual shall have a new photograph taken

when he or she renews the license or identification card as provided by law, or as otherwise provided in this act. The secretary of state shall make the digitized photograph available to the department for a registration under this act.

(9) If an individual does not report under this section or under section 4a, the department shall notify all registering authorities as provided in section 8a5 and initiate enforcement action as set forth in that section.

(10) The department shall prescribe the form for the notices and verification procedures required under this section.

**28.725b.  Disposition of registration fee; sex offenders registration fund; waiver or payment of fee.**

Sec. 5b. (1) Of the money collected by a court, local law enforcement agency, sheriff's department, or department post from each registration fee prescribed under this act, $30.00 must be forwarded to the department, which shall deposit the money in the sex offenders registration fund created under subsection (2), and $20.00 must be retained by the court, local law enforcement agency, sheriff's department, or department post.

(2) The sex offenders registration fund is created as a separate fund in the department of treasury. The state treasurer shall credit the money received from the payment of the registration fee prescribed under this act to the sex offenders registration fund. Money credited to the fund must only be used by the department for training concerning, and the maintenance and automation of, the law enforcement database, public internet website, information required under section 8,1 or notification and offender registration duties under section 4a. Except as otherwise provided in this section, money in the sex offenders registration fund at the close of the fiscal year must remain in the fund and must not lapse to the general fund.

(3) If an individual required to pay a registration fee under this act is indigent, the registration fee is waived for a period of 90 days. The burden is on the individual claiming indigence to prove the fact of indigence to the satisfaction of the local law enforcement agency, sheriff's department, or department post where the individual is reporting.

(4) Payment of the registration fee prescribed under this act must be made in the form and by means prescribed by the department. Upon payment of the registration fee

prescribed under this act, the officer or employee shall forward verification of the payment to the department in the manner the department prescribes. The department shall revise the law enforcement database and public internet website maintained under section 8 as necessary and indicate verification of payment in the law enforcement database under section 8(1).

(5) For the fiscal year ending September 30, 2020 only, $3,400,000.00 of the money in the sex offenders registration fund is transferred to and must be deposited into the general fund.

## 28.725c.  Collection of fees by department of corrections.

Sec. 5c. The department of corrections shall not collect any fee prescribed under this act.

## 28.726.  Copy and notice of registration or notification; duties of officer, court, or agency.

Sec. 6. (1) The officer, court, or agency registering an individual or receiving or accepting a registration under section 41 or receiving notice under section 5(1)2 shall provide the individual with a copy of the registration or notification at the time of registration or notice.

(2) The officer, court, or agency registering an individual or receiving or accepting a registration under section 4 or notified of an address change under section 5(1) shall forward the registration or notification to the department in a manner prescribed by the department immediately after registration or notification.

| 28.727. Registration; information and content requirements; registration fee; notification of duties; execution of registration and notice; false or misleading information; forms; duties of department. | § 20914. Information required in registration. (Continued.) | § 72.6. Information sex offenders must provide. |
|---|---|---|
| Sec. 7. (1) Registration information obtained under this act must be forwarded to the department in the format the department prescribes. Except as provided in section 5b(3),1 a $50.00 registration fee must accompany each original registration. All of the following information must be obtained or otherwise provided for registration purposes: | (a) Provided by the offender<br><br>The sex offender shall provide the following information to the appropriate official for inclusion in the sex offender registry: | Sex offenders must provide the following information for inclusion in the sex offender registries of the jurisdictions in which they are required to register: |
| (a) The individual's legal name and any aliases, nicknames, ethnic or tribal names, or other names by which the individual is or has been known. An individual who is in a witness protection and relocation program is only required to use the name and identifying information reflecting his or her new identity in a registration under this act. The registration and compilation databases must not contain any information identifying the individual's prior identity or locale. | (1) The name of the sex offender (including any alias used by the individual). | (a) Name, date of birth, and Social Security number.<br><br>(1) The name of the sex offender, including any alias used by the sex offender.<br><br>(2) The sex offender's date of birth and any date that the sex offender uses as his purported date of birth. |
| (b) The individual's Social Security number and any Social Security numbers or alleged Social Security numbers previously used by the individual.<br><br>(c) The individual's date of birth and any alleged dates of birth previously used by the individual. | (2) The Social Security number of the sex offender. | (3) The Social Security number of the sex offender and any number that the sex offender uses as his purported Social Security number. |
| (d) The address where the individual resides or will reside. If the individual does not have a residential address, information under this subsection must identify the location or area used or to be used by the individual in lieu of a residence or, if the individual is homeless, the village, city, or township where the person spends or will spend the majority of his or her time. | (3) The address of each residence at which the sex offender resides or will reside. | (c) Residence, temporary lodging, employment, and school attendance.<br><br>(1) The address of each residence at which the sex offender resides or will reside or, if the sex offender has no present or expected residence address, other information describing where the sex offender resides or will reside with whatever definiteness is possible under the circumstances. |
| (e) The name and address of any place of temporary lodging used or to be used by the individual during any period in which the individual is away, or is expected to be away, from his or her residence for more than 7 days. Information under this subdivision must include the dates the lodging is used or to be used. | | (2) Information about any place in which the sex offender is staying when away from his residence for seven or more days, including the identity of the place and the period of time the sex offender is staying there. |

| | | |
|---|---|---|
| (f) The name and address of each of the individual's employers. For purposes of this subdivision, "employer" includes a contractor and any individual who has agreed to hire or contract with the individual for his or her services. Information under this subsection must include the address or location of employment if different from the address of the employer. If the individual lacks a fixed employment location, the information obtained under this subdivision must include the general areas where the individual works and the normal travel routes taken by the individual in the course of his or her employment. | (4) The name and address of any place where the sex offender is an employee or will be an employee. | (3) The name and address of any place where the sex offender is or will be an employee or, if the sex offender is or will be employed but with no fixed place of employment, other information describing where the sex offender works or will work with whatever definiteness is possible under the circumstances. |
| (g) The name and address of any school being attended by the individual and any school that has accepted the individual as a student that he or she plans to attend. For purposes of this subdivision, "school" means a public or private postsecondary school or school of higher education, including a trade school. | (5) The name and address of any place where the sex offender is a student or will be a student. | (4) The name and address of any place where the sex offender is a student or will be a student. |
| (h) All telephone numbers registered to the individual or used by the individual, including, but not limited to, residential, work, and mobile telephone numbers. | | (b) Remote communication identifiers.  All designations the sex offender uses for purposes of routing or self identification in internet or telephonic communications or postings, including email addresses and telephone numbers. |
| (i) Except as otherwise provided in this subdivision, all electronic mail addresses and internet identifiers registered to or used by the individual. This subdivision applies only to an individual required to be registered under this act after July 1, 2011. | | |
| (j) The license plate number and description of any vehicle owned or operated by the individual. | (6) The license plate number and a description of any vehicle owned or operated by the sex offender. | (f) Vehicle information. The license plate number and a description of any vehicle owned or operated by the sex offender, including watercraft and aircraft in addition to land vehicles. If a vehicle has no license plate but has some other type of registration number or identifier, then the registration number or identifier must be provided. Information must also be provided as to where any vehicle owned or operated by the sex offender is habitually parked, docked, or otherwise kept. |
| (k) The individual's driver license number or state personal identification card number. | (8) Any other information required by the Attorney General. | |
| (l) A digital copy of the individual's passport and other immigration documents. | | |
| (m) The individual's occupational and professional licensing information, including any license that authorizes the individual to engage in any occupation, profession, trade, or business. | (b) Provided by the jurisdiction | (g) Professional licenses. Information concerning all licensing of the sex offender that authorizes the sex offender to engage in an occupation or carry out a trade or business. |
| (n) A brief summary of the individual's convictions for listed offenses regardless of when the conviction occurred, including where the offense occurred and the original charge if the conviction was for a lesser offense. | The jurisdiction in which the sex offender registers shall ensure that the following information is included in the registry for that sex offender: | (d) International travel. Information relating to intended travel outside the United States, including any anticipated itinerary, dates and places of departure from, arrival in, or return to the United States and each country visited, carrier and flight numbers for air travel, destination country or countries and address or other contact information therein, and means and purpose of travel. |
| (o) A complete physical description of the individual. | (1) A physical description of the sex offender. | |
| (p) The photograph required under section 5a.2 | (4) A current photograph of the sex offender. | |

| | | |
|---|---|---|
| (q) The individual's fingerprints if not already on file with the department and the individual's palm prints. An individual required to be registered under this act shall have his or her fingerprints or palm prints or both taken not later than September 12, 2011 if his or her fingerprints or palm prints are not already on file with the department. The department shall forward a copy of the individual's fingerprints and palm prints to the Federal Bureau of Investigation if not already on file with that bureau.<br><br>(r) Information that is required to be reported under section 4a.3 | (5) A set of fingerprints and palm prints of the sex offender. | (e) Passports and immigration documents. Information about each passport the sex offender has and, if the sex offender is an alien, information about any document or documents establishing the sex offender's immigration status, including passport or immigration document type and number. |
| (2) A registration must contain all of the following: | | |
| (a) An electronic copy of the offender's Michigan driver license or Michigan personal identification card, including the photograph required under this act. | (7) A photocopy of a valid driver's license or identification card issued to the sex offender by a jurisdiction. | |
| (b) The text of the provision of law that defines the criminal offense for which the sex offender is registered. | (2) The text of the provision of law defining the criminal offense for which the sex offender is registered. | |
| (c) Any outstanding arrest warrant information. | (3) The criminal history of the sex offender, including the date of all arrests and convictions; the status of parole, probation, or supervised release; registration status; and the existence of any outstanding arrest warrants for the sex offender. | |
| (d) The individual's tier classification. | | |
| (e) An identifier that indicates whether a DNA sample has been collected and any resulting DNA profile has been entered into the federal combined DNA index system (CODIS). | (6) A DNA sample of the sex offender. | |
| (f) The individual's complete criminal history record, including the dates of all arrests and convictions. | (8) Any other information required by the Attorney General. | |
| (g) The individual's Michigan department of corrections number and status of parole, probation, or supervised release. | | |
| (h) The individual's Federal Bureau of Investigation number. | | |
| (3) The form used for notification of duties under this act must contain a written statement that explains the duty of the individual being registered to provide notice of changes in his or her registration information, the procedures for providing that notice, and the verification procedures under section 5a. | | |

(4) The individual shall sign a registration and notice. However, the registration and notice must be forwarded to the department regardless of whether the individual signs it or pays the registration fee required under subsection (1).

(5) The officer, court, or an employee of the agency registering the individual or receiving or accepting a registration under section 44 shall sign the registration form.

(6) An individual shall not knowingly provide false or misleading information concerning a registration, notice, or verification.

(7) The department shall prescribe the form for a notification required under section 55 and the format for forwarding the notification to the department.

(8) The department shall promptly provide registration, notice, and verification information to the Federal Bureau of Investigation and to local law enforcement agencies, sheriff's departments, department posts, and other registering jurisdictions, as provided by law.

**28.728. Law enforcement database of registrations and notices; contents; public internet website; availability; removal.**

Sec. 8. (1) The department shall maintain a computerized law enforcement database of registrations and notices required under this act. The law enforcement database must contain all of the following information for each individual registered under this act:

(a) The individual's legal name and any aliases, nicknames, ethnic or tribal names, or other names by which the individual is or has been known.

(b) The individual's Social Security number and any Social Security numbers or alleged Social Security numbers previously used by the individual.

(c) The individual's date of birth and any alleged dates of birth previously used by the individual.

(d) The address where the individual resides or will reside. If the individual does not have a residential address, information under this subsection must identify the location or area used or to be used by the individual in lieu of a residence or, if the individual is homeless, the village, city, or township where the individual spends or will spend the majority of his or her time.

(e) The name and address of any place of temporary lodging used or to be used by the individual during any period in which the individual is away, or is expected to be away, from his or her residence for more than 7 days. Information under this subdivision must include the dates the lodging is used or to be used.

(f) The name and address of each of the individual's employers. For purposes of this subdivision, "employer" includes a contractor and any individual who has agreed to hire or contract with the individual for his or her services. Information under this subsection must include the address or location of employment if different from the address of the employer.

(g) The name and address of any school being attended by the individual and any school that has accepted the individual as a student that he or she plans to attend. For purposes of this subdivision, "school" means a public or private postsecondary school or school of higher education, including a trade school.

**§ 20920. Public access to sex offender information through the Internet.**

(a) In general

Except as provided in this section, each jurisdiction shall make available on the Internet, in a manner that is readily accessible to all jurisdictions and to the public, all information about each sex offender in the registry. The jurisdiction shall maintain the Internet site in a manner that will permit the public to obtain relevant information for each sex offender by a single query for any given zip code or geographic radius set by the user. The jurisdiction shall also include in the design of its Internet site all field search capabilities needed for full participation in the Dru Sjodin National Sex Offender Public Website and shall participate in that website as provided by the Attorney General.

(h) All telephone numbers registered to the individual or used by the individual, including, but not limited to, residential, work, and mobile telephone numbers.

(i) Except as otherwise provided in this subdivision, all electronic mail addresses and internet identifiers registered to or used by the individual. This subdivision applies only to an individual required to be registered under this act after July 1, 2011.

(j) The license plate number and description of any vehicle owned or operated by the individual.

(k) The individual's driver license number or state personal identification card number.

(l) A digital copy of the individual's passport and other immigration documents.

(m) The individual's occupational and professional licensing information, including any license that authorizes the individual to engage in any occupation, profession, trade, or business.

(n) A brief summary of the individual's convictions for listed offenses regardless of when the conviction occurred, including where the offense occurred and the original charge if the conviction was for a lesser offense.

(o) A complete physical description of the individual.

(p) The photograph required under section 5a.1

(q) The individual's fingerprints and palm prints.

(r) An electronic copy of the offender's Michigan driver license or Michigan personal identification card, including the photograph required under this act.

(s) The text of the provision of law that defines the criminal offense for which the sex offender is registered.

(t) Any outstanding arrest warrant information.

(u) The individual's tier classification and registration status.

(v) An identifier that indicates whether a DNA sample has been collected and any resulting DNA profile

has been entered into the federal combined DNA index system (CODIS).

(w) The individual's complete criminal history record, including the dates of all arrests and convictions.

(x) The individual's Michigan department of corrections number and the status of his or her parole, probation, or release.

(y) The individual's Federal Bureau of Investigation number.

(2) The department shall maintain a public internet website separate from the law enforcement database described in subsection (1) to implement section 10(2) and (3).2 Except as provided in subsection (4), the public internet website must contain all of the following information for each individual registered under this act:

(a) The individual's legal name and any aliases, nicknames, ethnic or tribal names, or other names by which the individual is or has been known.

(b) The individual's date of birth.

(c) The address where the individual resides. If the individual does not have a residential address, information under this subsection must identify the village, city, or township used by the individual in lieu of a residence.

(d) The address of each of the individual's employers. For purposes of this subdivision, "employer" includes a contractor and any individual who has agreed to hire or contract with the individual for his or her services. Information under this subsection must include the address or location of employment if different from the address of the employer.

(e) The address of any school being attended by the individual and any school that has accepted the individual as a student that he or she plans to attend. For purposes of this subdivision, "school" means a public or private postsecondary school or school of higher education, including a trade school.

(f) The license plate number and description of any vehicle owned or operated by the individual.

38

(g) A brief summary of the individual's convictions for listed offenses regardless of when the conviction occurred.

(h) A complete physical description of the individual.

(i) The photograph required under this act. If no photograph is available, the department shall use an arrest photograph or Michigan department of corrections photograph until a photograph as prescribed in section 5a becomes available.

(j) The text of the provision of law that defines the criminal offense for which the sex offender is registered.

(k) The individual's registration status.

(3) The following information must not be made available on the public internet website described in subsection (2):

(a) The identity of any victim of the offense.

(b) The individual's Social Security number.

(c) Any arrests not resulting in a conviction.

(d) Any travel or immigration document numbers.

(e) The individual's tier classification.

(f) The individual's driver license number or state personal identification card number.

(4) The public internet website described in subsection (2) must not include the following individuals:

(a) An individual registered solely because he or she had 1 or more dispositions for a listed offense entered under section 18 of chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.18, in a case that was not designated as a case in which the individual was to be tried in the same manner as an adult under section 2d of chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.2d.

(b) An individual registered solely because he or she was the subject of an order of disposition or other adjudication in a juvenile matter in another state or country.

(b) Mandatory exemptions

A jurisdiction shall exempt from disclosure--

(1) the identity of any victim of a sex offense;

(2) the Social Security number of the sex offender;

(3) any reference to arrests of the sex offender that did not result in conviction; and

(4) any other information exempted from disclosure by the Attorney General.

(c) Optional exemptions

A jurisdiction may exempt from disclosure--

39

(c) An individual registered solely because he or she was convicted of a single tier I offense, other than an individual who was convicted of a violation of any of the following:

(i) Section 145c(4) of the Michigan penal code, 1931 PA 328, MCL 750.145c.

(ii) A violation of section 335a(2)(b) of the Michigan penal code, 1931 PA 328, MCL 750.335a, if a victim is a minor.

(iii) Section 349b of the Michigan penal code, 1931 PA 328, MCL 750.349b, if the victim is a minor.

(iv) Section 539j of the Michigan penal code, 1931 PA 328, MCL 750.539j, if a victim is a minor.

(v) An offense substantially similar to an offense described in subparagraphs (i) to (iv) under a law of the United States that is specifically enumerated in 42 USC 16911, under a law of any state or any country, or under tribal or military law.

(5) The compilation of individuals must be indexed alphabetically by village, city, township, and county, numerically by zip code area, and geographically as determined appropriate by the department.

(6) The department shall update the public internet website with new registrations, deletions from registrations, and address changes at the same time those changes are made to the law enforcement database described in subsection (1). The department shall make the law enforcement database available to each department post, local law enforcement agency, and sheriff's department by the law enforcement information network. Upon request by a department post, local law enforcement agency, or sheriff's department, the department shall provide to that post, agency, or sheriff's department the information from the law enforcement database in printed form for the designated areas located in whole or in part within the post's, agency's, or sheriff's department's jurisdiction. The department shall provide the ability to conduct a computerized search of the law enforcement database and the public internet website based upon the name and campus location of an institution of higher education.

(1) any information about a tier I sex offender convicted of an offense other than a specified offense against a minor;

(2) the name of an employer of the sex offender;

(3) the name of an educational institution where the sex offender is a student; and

(4) any other information exempted from disclosure by the Attorney General.

(d) Links

The site shall include, to the extent practicable, links to sex offender safety and education resources.

(e) Correction of errors

The site shall include instructions on how to seek correction of information that an individual contends is erroneous.

(f) Warning

The site shall include a warning that information on the site should not be used to unlawfully injure, harass, or commit a crime against any individual named in the registry or residing or working at any reported address. The warning shall note that any such action could result in civil or criminal penalties.

## § 20912.  Registry requirements for jurisdictions.  (Continued.)

(a) Jurisdiction to maintain a registry

Each jurisdiction shall maintain a jurisdiction-wide sex offender registry conforming to the requirements of this subchapter.

(7) The department shall make the law enforcement database available to a department post, local law enforcement agency, or sheriff's department by electronic, computerized, or other similar means accessible to the post, agency, or sheriff's department. The department shall make the public internet website available to the public by electronic, computerized, or other similar means accessible to the public. The electronic, computerized, or other similar means shall provide for a search by name, village, city, township, and county designation, zip code, and geographical area.

(8) If a court determines that the public availability under section 10 of any information concerning individuals registered under this act violates the constitution of the United States or this state, the department shall revise the public internet website described in subsection (2) so that it does not contain that information.

(9) If the department determines that an individual has completed his or her registration period, including a registration period reduced by law under 2011 PA 18, or that he or she otherwise is no longer required to register under this act, the department shall remove the individual's registration information from both the law enforcement database and the public internet website within 7 days after making that determination.

## § 20921.  National Sex Offender Registry.

(a) Internet

The Attorney General shall maintain a national database at the Federal Bureau of Investigation for each sex offender and any other person required to register in a jurisdiction's sex offender registry. The database shall be known as the National Sex Offender Registry.

(b) Electronic forwarding

The Attorney General shall ensure (through the National Sex Offender Registry or otherwise) that updated information about a sex offender is immediately transmitted by electronic forwarding to all relevant jurisdictions.

## § 20922.  Dru Sjodin National Sex Offender Public Website.

(a) Establishment

There is established the Dru Sjodin National Sex Offender Public Website (hereinafter in this section referred to as the "Website"), which the Attorney General shall maintain.

(b) Information to be provided

The Website shall include relevant information for each sex offender and other person listed on a jurisdiction's Internet site. The Website shall allow the public to obtain relevant information for each sex offender by a single query for any given zip code or geographical radius set by the user in a form and with such limitations as may be established by the Attorney General and shall have such other field search capabilities as the Attorney General may provide.

**§ 20923.  Megan Nicole Kanka and Alexandra Nicole Zapp Community Notification Program.**

(a) Establishment of Program

There is established the Megan Nicole Kanka and Alexandra Nicole Zapp Community Notification Program (hereinafter in this section referred to as the "Program").

(b) Program notification

Except as provided in subsection (c), immediately after a sex offender registers or updates a registration, an appropriate official in the jurisdiction shall provide the information in the registry (other than information exempted from disclosure by the Attorney General) about that offender to the following:

(1) The Attorney General, who shall include that information in the National Sex Offender Registry or other appropriate databases.

(2) Appropriate law enforcement agencies (including probation agencies, if appropriate), and each school and public housing agency, in each area in which the individual resides, is an employee or is a student.

(3) Each jurisdiction where the sex offender resides, is an employee, or is a student, and each jurisdiction from or to which a change of residence, employment, or student status occurs.

(4) Any agency responsible for conducting employment-related background checks under section 40102 of this title.

(5) Social service entities responsible for protecting minors in the child welfare system.

(6) Volunteer organizations in which contact with minors or other vulnerable individuals might occur.

(7) Any organization, company, or individual who requests such notification pursuant to procedures established by the jurisdiction.

(c) Frequency

Notwithstanding subsection (b), an organization or individual described in subsection (b)(6) or (b)(7) may opt to receive the notification described in that subsection no less frequently than once every five business days.

| 28.728a.  Failure to register or update registration information; duties of registering authority and department. | § 20924.  Actions to be taken when sex offender fails to comply. | |
|---|---|---|
| Sec. 8a. (1) If an individual fails to register or to update his or her registration information as required under this act, the local law enforcement agency, sheriff's office, or department post responsible for registering the individual or for verifying and updating his or her registration information shall do all of the following immediately after the date the individual was required to register or to update his or her registration information:

    (a) Determine whether the individual has absconded or is otherwise unlocatable.

    (b) If the registering authority was notified by a registration jurisdiction that the individual was to appear in order to register or update his or her registration information in the jurisdiction of the registering authority, notify the department in a manner prescribed by the department that the individual failed to appear as required.

    (c) Revise the information in the registry to reflect that the individual has absconded or is otherwise unlocatable.

    (d) Seek a warrant for the individual's arrest if the legal requirements for obtaining a warrant are satisfied.

    (e) Enter the individual into the national crime information center wanted person file if the requirements for entering information into that file are met.

(2) If an individual fails to register or to update his or her registration information as required under this act, the department shall do all of the following immediately after being notified by the registering authority that the individual failed to appear as required:

    (a) Notify that other registration jurisdiction that the individual failed to appear as required.

    (b) Notify the United States marshal's service in the manner required by the United States marshal's service of the individual's failure to appear as required.

    (c) Update the national sex offender registry to reflect the individual's status as an absconder or as unlocatable.

**28.728b.  Repealed. 2004, Act 240, Eff Oct 1, 2004.** | An appropriate official shall notify the Attorney General and appropriate law enforcement agencies of any failure by a sex offender to comply with the requirements of a registry and revise the jurisdiction's registry to reflect the nature of that failure. The appropriate official, the Attorney General, and each such law enforcement agency shall take any appropriate action to ensure compliance. | |

| 28.728c.  Petition to discontinue registration; eligibility; procedure; powers and duties of court. | § 20915.  Duration of registration requirement. (Continued.) |
|---|---|
| Sec. 8c. (1) An individual classified as a tier I offender who meets the requirements of subsection (12) may petition the court under that subsection for an order allowing him or her to discontinue registration under this act.<br><br>(2) An individual classified as a tier III offender who meets the requirements of subsection (13) may petition the court under that subsection for an order allowing him or her to discontinue registration under this act.<br><br>(3) An individual classified as a tier I, tier II, or tier III offender who meets the requirements of subsection (14) or (15) may petition the court under that subsection for an order allowing him or her to discontinue registration under this act.<br><br>(4) This section is the sole means by which an individual may obtain judicial review of his or her registration requirements under this act. This subsection does not prohibit an appeal of the conviction or sentence as otherwise provided by law or court rule. A petition filed under this section shall be filed in the court in which the individual was convicted of committing the listed offense. However, if the conviction occurred in another state or country and the individual is a resident of this state, the individual may file a petition in the circuit court in the county of his or her residence for an order allowing him or her to discontinue registration under this act only. A petition shall not be filed under this section if a previous petition was filed under this section and was denied by the court after a hearing.<br><br>(5) A petition filed under this section shall be made under oath and shall contain all of the following:<br><br>(a) The name and address of the petitioner.<br><br>(b) A statement identifying the offense for which discontinuation from registration is being requested.<br><br>(c) A statement of whether the individual was previously convicted of a listed offense for which registration is required under this act.<br><br>(6) An individual who knowingly makes a false statement in a petition filed under this section is guilty of perjury as proscribed under section 423 of the Michigan penal code, 1931 PA 328, MCL 750.423. | (b) Reduced period for clean record<br><br>(1) Clean record<br><br>The full registration period shall be reduced as described in paragraph (3) for a sex offender who maintains a clean record for the period described in paragraph (2) by--<br><br>(A) not being convicted of any offense for which imprisonment for more than 1 year may be imposed;<br><br>(B) not being convicted of any sex offense;<br><br>(C) successfully completing any periods of supervised release, probation, and parole; and<br><br>(D) successfully completing of1 an appropriate sex offender treatment program certified by a jurisdiction or by the Attorney General. |

(7) A copy of the petition shall be filed with the office of the prosecuting attorney that prosecuted the case against the individual or, for a conviction that occurred in another state or country, the prosecuting attorney for the county of his or her residence, at least 30 days before a hearing is held on the petition. The prosecuting attorney may appear and participate in all proceedings regarding the petition and may seek appellate review of any decision on the petition.

(8) If the name of the victim of the offense is known by the prosecuting attorney, the prosecuting attorney shall provide the victim with written notice that a petition has been filed and shall provide the victim with a copy of the petition. The notice shall be sent by first-class mail to the victim's last known address. The petition shall include a statement of the victim's rights under subsection (10).

(9) If an individual properly files a petition with the court under this section, the court shall conduct a hearing on the petition as provided in this section.

(10) The victim has the right to attend all proceedings under this section and to make a written or oral statement to the court before any decision regarding the petition is made. A victim shall not be required to appear at any proceeding under this section against his or her will.

(11) The court shall consider all of the following in determining whether to allow the individual to discontinue registration under subsection (12) or (13) but shall not grant the petition if the court determines that the individual is a continuing threat to the public:

    (a) The individual's age and level of maturity at the time of the offense.

    (b) The victim's age and level of maturity at the time of the offense.

    (c) The nature of the offense.

    (d) The severity of the offense.

    (e) The individual's prior juvenile or criminal history.

    (f) The individual's likelihood to commit further listed offenses.

    (g) Any impact statement submitted by the victim under the William Van Regenmorter crime victim's rights act, 1985 PA 87, MCL 780.751 to 780.834, or under this section.

(h) Any other information considered relevant by the court.

(12) The court may grant a petition properly filed by an individual under subsection (1) if all of the following apply:

(a) Ten or more years have elapsed since the date of his or her conviction for the listed offense or from his or her release from any period of confinement for that offense, whichever occurred last.

(b) The petitioner has not been convicted of any felony since the date described in subdivision (a).

(c) The petitioner has not been convicted of any listed offense since the date described in subdivision (a).

(d) The petitioner successfully completed his or her assigned periods of supervised release, probation, or parole without revocation at any time of that supervised release, probation, or parole.

(e) The petitioner successfully completed a sex offender treatment program certified by the United States attorney general under 42 USC 16915(b)(1), or another appropriate sex offender treatment program. The court may waive the requirements of this subdivision if successfully completing a sex offender treatment program was not a condition of the petitioner's confinement, release, probation, or parole.

(13) The court may grant a petition properly filed by an individual under subsection (2) if all of the following apply:

(a) The petitioner is required to register based on an order of disposition entered under section 18 of chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.18, that is open to the general public under section 28 of chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.28.

(b) Twenty-five or more years have elapsed since the date of his or her adjudication for the listed offense or from his or her release from any period of confinement for that offense, whichever occurred last.

(c) The petitioner has not been convicted of any felony since the date described in subdivision (b).

(d) The petitioner has not been convicted of any listed offense since the date described in subdivision (b).

(2) Period

In the case of--

(A) a tier I sex offender, the period during which the clean record shall be maintained is 10 years; and

(B) a tier III sex offender adjudicated delinquent for the offense which required registration in a sex registry under this subchapter, the period during which the clean record shall be maintained is 25 years.

(3) Reduction

In the case of--

(A) a tier I sex offender, the reduction is 5 years;

46

(e) The petitioner successfully completed his or her assigned periods of supervised release, probation, or parole without revocation at any time of that supervised release, probation, or parole.

(f) The court determines that the petitioner successfully completed a sex offender treatment program certified by the United States attorney general under 42 USC 16915(b)(1), or another appropriate sex offender treatment program. The court may waive the requirements of this subdivision if successfully completing a sex offender treatment program was not a condition of the petitioner's confinement, release, probation, or parole.

(14) The court shall grant a petition properly filed by an individual under subsection (3) if the court determines that the conviction for the listed offense was the result of a consensual sexual act between the petitioner and the victim and any of the following apply:

(a) All of the following:

(i) The victim was 13 years of age or older but less than 16 years of age at the time of the offense.

(ii) The petitioner is not more than 4 years older than the victim.

(b) All of the following:

(i) The individual was convicted of a violation of section 158, 338, 338a, or 338b of the Michigan penal code, 1931 PA 328, MCL 750.158, 750.338, 750.338a, and 750.338b.

(ii) The victim was 13 years of age or older but less than 16 years of age at the time of the violation.

(iii) The individual is not more than 4 years older than the victim.

(c) All of the following:

(i) The individual was convicted of a violation of section 158, 338, 338a, 338b, or 520c(1)(i) of the Michigan penal code, 1931 PA 328, MCL 750.158, 750.338, 750.338a, 750.338b, and 750.520c.

(ii) The victim was 16 years of age or older at the time of the violation.

(iii) The victim was not under the custodial authority of the individual at the time of the violation.

(B) a tier III sex offender adjudicated delinquent, the reduction is from life to that period for which the clean record under paragraph (2) is maintained.

(15) The court shall grant a petition properly filed by an individual under subsection (3) if either of the following applies:

    (a) Both of the following:

    (i) The petitioner was adjudicated as a juvenile.

    (ii) The petitioner was less than 14 years of age at the time of the offense.

    (b) The individual was registered under this act before July 1, 2011 for an offense that required registration but for which registration is not required on or after July 1, 2011.

## 28.728d.  Removal of registration from law enforcement database.

Sec. 8d. If the court grants a petition filed under section 8c,1 the court shall promptly provide a copy of that order to the department and to the individual. The department shall promptly remove an individual's registration from the database maintained under section 8(1).

### 28.729.  Violations; penalties.

Sec. 9. (1) Except as provided in subsections (2), (3), and (4), an individual required to be registered under this act who willfully violates this act is guilty of a felony punishable as follows:

(a) If the individual has no prior convictions for a violation of this act, by imprisonment for not more than 4 years or a fine of not more than $2,000.00, or both.

(b) If the individual has 1 prior conviction for a violation of this act, by imprisonment for not more than 7 years or a fine of not more than $5,000.00, or both.

(c) If the individual has 2 or more prior convictions for violations of this act, by imprisonment for not more than 10 years or a fine of not more than $10,000.00, or both.

(2) An individual who willfully fails to comply with section 5a,1 other than payment of the fee required under section 5a(6), is guilty of a misdemeanor punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.

(3) An individual who willfully fails to sign a registration and notice as provided in section 7(4)2 is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $1,000.00, or both.

(4) An individual who willfully refuses or fails to pay the registration fee prescribed in section 5a(6) or 7(1) within 90 days of the date the individual reports under section 4a or 5a3 is guilty of a misdemeanor punishable by imprisonment for not more than 90 days.

(5) The court shall revoke the probation of an individual placed on probation who willfully violates this act.

(6) The court shall revoke the youthful trainee status of an individual assigned to youthful trainee status who willfully violates this act.

(7) The parole board shall rescind the parole of an individual released on parole who willfully violates this act.

(8) An individual's failure to register as required by this act or a violation of section 54 may be prosecuted in the judicial district of any of the following:

### 20913.  Registry requirements for sex offenders.  (Continued.)

(e) State penalty for failure to comply

Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter.

### [18 U.S.C. § 2250.  Failure to register.]

[(a) In general.--Whoever--

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

(b) International travel reporting violations.--Whoever--

(1) is required to register under the Sex Offender Registration and Notification Act (42 U.S.C. 16901 et seq.);

(2) knowingly fails to provide information required by the Sex Offender Registration and Notification Act relating to intended travel in foreign commerce; and

(3) engages or attempts to engage in the intended travel in foreign commerce;

shall be fined under this title, imprisoned not more than 10 years, or both.

### § 72.8.  Liability for violations.

(a) Criminal liability—

(1) Offense.

(i) A sex offender may be liable to criminal penalties under 18 U.S.C. 2250(a) if the sex offender—

(A) Is required to register under SORNA;

(B)(1) Is a sex offender as defined for the purposes of SORNA by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(2) Travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(C) Knowingly fails to register or update a registration as required by SORNA.

(ii) A sex offender may be liable to criminal penalties under 18 U.S.C. 2250(b) if the sex offender—

(A) Is required to register under SORNA;

(B) Knowingly fails to provide information required by SORNA relating to intended travel in foreign commerce; and

(C) Engages or attempts to engage in the intended travel in foreign commerce.

(iii) As a condition of liability under 18 U.S.C. 2250(a)–(b) for failing to comply with a requirement of SORNA, a sex offender must have been aware of the requirement he is charged with violating, but need not have been aware that the requirement is imposed by SORNA.

(2) Defense. A sex offender may have an affirmative defense to liability, as provided in 18 U.S.C. 2250(c), if uncontrollable circumstances prevented the sex offender from complying with SORNA, where the sex offender did not contribute to the creation of those circumstances in reckless disregard of the requirement to comply and complied as soon as the circumstances preventing compliance ceased to exist.

49

(a) The individual's last registered address or residence.

(b) The individual's actual address or residence.

(c) Where the individual was arrested for the violation.

(c) Affirmative defense.--In a prosecution for a violation under subsection (a) or (b), it is an affirmative defense that--

(1) uncontrollable circumstances prevented the individual from complying;

(2) the individual did not contribute to the creation of such circumstances in reckless disregard of the requirement to comply; and

(3) the individual complied as soon as such circumstances ceased to exist.

(d) Crime of violence.--

(1) In general.--An individual described in subsection (a) or (b) who commits a crime of violence under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States shall be imprisoned for not less than 5 years and not more than 30 years.

(2) Additional punishment.--The punishment provided in paragraph (1) shall be in addition and consecutive to the punishment provided for the violation described in subsection (a) or (b).]

Example 1 to paragraph (a)(2). A sex offender changes residence from one jurisdiction to another, bringing into play SORNA's requirement to register in each jurisdiction where the sex offender resides and SORNA's requirement to appear in person and report changes of residence within three business days. See 34 U.S.C. 20913(a), (c). The sex offender attempts to comply with these requirements by contacting the local sheriff's office, which is responsible for sex offender registration in the destination jurisdiction. The sheriff's office advises that it cannot schedule an appointment for him to register within three business days but that he should come by in a week. The sex offender would have a defense to liability if he appeared at the sheriff's office at the appointed time and registered as required. The sex offender's temporary inability to register and inability to report the change of residence within three business days in the new residence jurisdiction was due to a circumstance beyond his control—the sheriff office's refusal to meet with him until a week had passed—and he complied with the requirement to register as soon as the circumstance preventing compliance ceased to exist.

Example 2 to paragraph (a)(2). A sex offender cannot register in a state in which he resides because its registration authorities will not register offenders on the basis of the offense for which the sex offender was convicted. The sex offender would have a defense to liability because the state's unwillingness to register sex offenders like him is a circumstance beyond his control. However, if the sex offender failed to register after becoming aware of a change in state policy or practice allowing his registration, the 18 U.S.C. 2250(c) defense would no longer apply, because in such a case the circumstance preventing compliance with the registration requirement would no longer exist.

Example 3 to paragraph (a)(2). A sex offender needs to travel to a foreign country on short notice—less than 21 days—because of an unforeseeable family or work emergency. The sex offender would have a defense to liability for failing to report the intended travel 21 days in advance, as required by § 72.7(f), because it is impossible to report an intention to travel outside the United States before the intention exists. However, if the sex offender failed to inform the registration jurisdiction (albeit on short notice) once he intended to travel, 18 U.S.C. 2250(c) would not excuse that failure, because the preventing circumstance—absence of an intent to travel abroad—would no longer exist.

(b) Supervision condition. For a sex offender convicted of a Federal offense, compliance with SORNA is a mandatory condition of probation, supervised release, and parole. The release of such an offender who does not comply with SORNA may be revoked.

**28.730.  Confidentiality of registration or report; inspection and disclosure of information; notification of public by subscription; penalties and remedies.**

Sec. 10. (1) Except as provided in this act, a registration or report is confidential and information from that registration or report shall not be open to inspection except for law enforcement purposes. The registration or report and all included materials and information are exempt from disclosure under section 13 of the freedom of information act, 1976 PA 442, MCL 15.243.

(2) A department post, local law enforcement agency, or sheriff's department shall make information from the public internet website described in section 8(2)1 for the designated areas located in whole or in part within the post's, agency's, or sheriff's department's jurisdiction available for public inspection during regular business hours. A department post, local law enforcement agency, or sheriff's department is not required to make a copy of the information for a member of the public.

(3) The department may make information from the public internet website described in section 8(2) available to the public through electronic, computerized, or other accessible means. The department shall provide for notification by electronic or computerized means to any member of the public who has subscribed in a manner required by the department when an individual who is the subject of the public internet website described in section 8(2) initially registers under this act, or changes his or her registration under this act, to a location that is in a designated area or geographic radius designated by the subscribing member of the public.

(4) Except as provided in this act, an individual other than the registrant who knows of a registration or report under this act and who divulges, uses, or publishes nonpublic information concerning the registration or report in violation of this act is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $1,000.00, or both.

(5) An individual whose registration or report is revealed in violation of this act has a civil cause of action against the responsible party for treble damages.

(6) Subsections (4) and (5) do not apply to the public internet website described in section 8(2) or information from that public internet website that is provided or made available under section 8(2) or under subsection (2) or (3).

**§ 20916. Direction to the Attorney General. (Continued.)**

(c) Nondisclosure to general public

The Attorney General, using the authority provided in section 118(b)(4) of the Sex Offender Registration and Notification Act, shall exempt from disclosure all information provided by a sex offender under subsection (a).

**§ 20917. Checking system for social networking websites.**

(a) In general

(1) Secure system for comparisons

The Attorney General shall establish and maintain a secure system that permits social networking websites to compare the information contained in the National Sex Offender Registry with the Internet identifiers of users of the social networking websites, and view only those Internet identifiers that match. The system—

(A) shall not require or permit any social networking website to transmit Internet identifiers of its users to the operator of the system, and

(B) shall use secure procedures that preserve the secrecy of the information made available by the Attorney General, including protection measures that render the Internet identifiers and other data elements indecipherable.

(2) Provision of information relating to identity

Upon receiving a matched Internet identifier, the social networking website may make a request of the Attorney General for, and the Attorney General shall provide promptly, information related to the identity of the individual that has registered the matched Internet identifier. This information is limited to the name, sex, resident address, photograph, and physical description.

(b) Qualification for use of system

A social networking website seeking to use the system shall submit an application to the Attorney General which provides—

51

(1) the name and legal status of the website;

(2) the contact information for the website;

(3) a description of the nature and operations of the website;

(4) a statement explaining why the website seeks to use the system;

(5) a description of policies and procedures to ensure that—

(A) any individual who is denied access to that website on the basis of information obtained through the system is promptly notified of the basis for the denial and has the ability to challenge the denial of access; and

(B) if the social networking website finds that information is inaccurate, incomplete, or cannot be verified, the site immediately notifies the appropriate State registry and the Department of Justice, so that they may delete or correct that information in the respective State and national databases;

(6) the identity and address of, and contact information for, any contractor that will be used by the social networking website to use the system; and

(7) such other information or attestations as the Attorney General may require to ensure that the website will use the system—

(A) to protect the safety of the users of such website; and

(B) for the limited purpose of making the automated comparison described in subsection (a).

(c) Searches against the system

(1) Frequency of use of the system

A social networking website approved by the Attorney General to use the system may conduct searches under the system as frequently as the Attorney General may allow.

(2) Authority of Attorney General to suspend use
The Attorney General may deny, suspend, or terminate use of the system by a social networking website that—

  (A) provides false information in its application for use of the system;

  (B) may be using or seeks to use the system for any unlawful or improper purpose;

  (C) fails to comply with the procedures required under subsection (b)(5); or

  (D) uses information obtained from the system in any way that is inconsistent with the purposes of this Act.

(3) Limitation on release of Internet identifiers

  (A) No public release

Neither the Attorney General nor a social networking website approved to use the system may release to the public any list of the Internet identifiers of sex offenders contained in the system.

  (B) Additional limitations

The Attorney General shall limit the release of information obtained through the use of the system established under subsection (a) by social networking websites approved to use such system.

  (C) Strict adherence to limitation

The use of the system established under subsection (a) by a social networking website shall be conditioned on the website's agreement to observe the limitations required under this paragraph.

  (D) Rule of construction

This subsection shall not be construed to limit the authority of the Attorney General under any other provision of law to conduct or to allow searches or checks against sex offender registration information.

(4) Payment of fee

A social networking website approved to use the system shall pay any fee established by the Attorney General for use of the system.

(5) Limitation on liability

   (A) In general

A civil claim against a social networking website, including any director, officer, employee, parent, contractor, or agent of that social networking website, arising from the use by such website of the National Sex Offender Registry, may not be brought in any Federal or State court.

   (B) Intentional, reckless, or other misconduct Subparagraph (A) does not apply to a claim if the social networking website, or a director, officer, employee, parent, contractor, or agent of that social networking website—

(i) engaged in intentional misconduct; or

(ii) acted, or failed to act—

(I) with actual malice;

(II) with reckless disregard to a substantial risk of causing injury without legal justification; or

(III) for a purpose unrelated to the performance of any responsibility or function described in paragraph (3).

(C) Minimizing access

A social networking website shall minimize the number of employees that are provided access to the Internet identifiers for which a match has been found through the system.

(6) Rule of construction

Nothing in this section shall be construed to require any Internet website, including a social networking website, to use the system, and no Federal or State liability, or any other actionable adverse consequence, shall be imposed on such website based on its decision not to do so.

**§ 20925. Development and availability of registry management and website software.**

(a) Duty to develop and support

The Attorney General shall, in consultation with the jurisdictions, develop and support software to enable jurisdictions to establish and operate uniform sex offender registries and Internet sites.

(b) Criteria

The software should facilitate—

(1) immediate exchange of information among jurisdictions;

(2) public access over the Internet to appropriate information, including the number of registered sex offenders in each jurisdiction on a current basis;

(3) full compliance with the requirements of this subchapter; and

(4) communication of information to community notification program participants as required under section 20923 of this title.

(c) Deadline

The Attorney General shall make the first complete edition of this software available to jurisdictions within 2 years of July 27, 2006.

**§ 20926. Period for implementation by jurisdictions.**

(a) Deadline

Each jurisdiction shall implement this subchapter before the later of—

(1) 3 years after July 27, 2006; and

(2) 1 year after the date on which the software described in section 20925 of this title is available.

(b) Extensions

The Attorney General may authorize up to two 1-year extensions of the deadline.

55

## § 20927.  Failure of jurisdiction to comply.

(a) In general

For any fiscal year after the end of the period for implementation, a jurisdiction that fails, as determined by the Attorney General, to substantially implement this subchapter shall not receive 10 percent of the funds that would otherwise be allocated for that fiscal year to the jurisdiction under subpart 1 of part E of title I of the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3750 et seq.).1

(b) State constitutionality

(1) In general

When evaluating whether a jurisdiction has substantially implemented this subchapter, the Attorney General shall consider whether the jurisdiction is unable to substantially implement this subchapter because of a demonstrated inability to implement certain provisions that would place the jurisdiction in violation of its constitution, as determined by a ruling of the jurisdiction's highest court.

(2) Efforts

If the circumstances arise under paragraph (1), then the Attorney General and the jurisdiction shall make good faith efforts to accomplish substantial implementation of this subchapter and to reconcile any conflicts between this subchapter and the jurisdiction's constitution. In considering whether compliance with the requirements of this subchapter would likely violate the jurisdiction's constitution or an interpretation thereof by the jurisdiction's highest court, the Attorney General shall consult with the chief executive and chief legal officer of the jurisdiction concerning the jurisdiction's interpretation of the jurisdiction's constitution and rulings thereon by the jurisdiction's highest court.

(3) Alternative procedures

If the jurisdiction is unable to substantially implement this subchapter because of a limitation imposed by the jurisdiction's constitution, the Attorney General may determine that the jurisdiction is in compliance with this chapter if the jurisdiction has made, or is in the process of implementing2 reasonable alternative procedures or accommodations, which are consistent with the purposes of this chapter.

(4) Funding reduction

If a jurisdiction does not comply with paragraph (3), then the jurisdiction shall be subject to a funding reduction as specified in subsection (a).

(c) Reallocation

Amounts not allocated under a program referred to in this section to a jurisdiction for failure to substantially implement this subchapter shall be reallocated under that program to jurisdictions that have not failed to substantially implement this subchapter or may be reallocated to a jurisdiction from which they were withheld to be used solely for the purpose of implementing this subchapter.

(d) Rule of construction

The provisions of this subchapter that are cast as directions to jurisdictions or their officials constitute, in relation to States, only conditions required to avoid the reduction of Federal funding under this section.

**§ 20928. Sex Offender Management Assistance (SOMA) program.**

(a) In general

The Attorney General shall establish and implement a Sex Offender Management Assistance program (in this subchapter referred to as the "SOMA program"), under which the Attorney General may award a grant to a jurisdiction to offset the costs of implementing this subchapter.

(b) Application

The chief executive of a jurisdiction desiring a grant under this section shall, on an annual basis, submit to the Attorney General an application in such form and containing such information as the Attorney General may require.

(c) Bonus payments for prompt compliance

A jurisdiction that, as determined by the Attorney General, has substantially implemented this subchapter not later than 2 years after July 27, 2006, is eligible for a bonus payment. The Attorney General may make such a payment under the SOMA program for the first fiscal year beginning after that determination. The amount of the payment shall be—

(1) 10 percent of the total received by the jurisdiction under the SOMA program for the preceding fiscal year, if that implementation is not later than 1 year after July 27, 2006; and

(2) 5 percent of such total, if not later than 2 years after July 27, 2006.

(d) Authorization of appropriations

In addition to any amounts otherwise authorized to be appropriated, there are authorized to be appropriated such sums as may be necessary to the Attorney General, to be available only for the SOMA program, for fiscal years 2007 through 2009.

**§ 20931. Registration of sex offenders released from military corrections facilities or upon conviction.**

The Secretary of Defense shall provide to the Attorney General the information described in section 20914 of this title to be included in the National Sex Offender Registry and the Dru Sjodin National Sex Offender Public Website regarding persons—

(1)(A) released from military corrections facilities; or

(B) convicted if the sentences adjudged by courts-martial under chapter 47 of Title 10 (the Uniform Code of Military Justice) do not include confinement; and

(2) required to register under this subchapter.

## § 20932. Immunity for good faith conduct.

The Federal Government, jurisdictions, political subdivisions of jurisdictions, and their agencies, officers, employees, and agents shall be immune from liability for good faith conduct under this subchapter.

## § 20903. Tribal registry.

(1) Establishment

The Attorney General shall contract with any interested Indian tribe, tribal organization, or tribal nonprofit organization to develop and maintain—

    (A) a national tribal sex offender registry; and

    (B) a tribal protection order registry containing civil and criminal orders of protection issued by Indian tribes and participating jurisdictions.

(2) Authorization of appropriations

There is authorized to be appropriated to carry out this section $1,000,000 for each of fiscal years 2014 through 2018, to remain available until expended.

## § 20929. Election by Indian tribes.

(a) Election

(1) In general

A federally recognized Indian tribe may, by resolution or other enactment of the tribal council or comparable governmental body—

    (A) elect to carry out this part as a jurisdiction subject to its provisions; or

    (B) elect to delegate its functions under this part to another jurisdiction or jurisdictions within which the territory of the tribe is located and to provide access to its territory and such other cooperation and assistance as may be needed to enable such other jurisdiction or jurisdictions to carry out and enforce the requirements of this part.

(2) Imputed election in certain cases

A tribe shall be treated as if it had made the election described in paragraph (1)(B) if—

    (A) it is a tribe subject to the law enforcement jurisdiction of a State under section 1162 of Title 18;

| | | |
|---|---|---|
| | (B) the tribe does not make an election under paragraph (1) within 1 year of July 27, 2006 or rescinds an election under paragraph (1)(A); or<br><br>(C) the Attorney General determines that the tribe has not substantially implemented the requirements of this part and is not likely to become capable of doing so within a reasonable amount of time.<br><br>(b) Cooperation between tribal authorities and other jurisdictions<br><br>(1) Nonduplication<br><br>A tribe subject to this part is not required to duplicate functions under this part which are fully carried out by another jurisdiction or jurisdictions within which the territory of the tribe is located.<br><br>(2) Cooperative agreements<br><br>A tribe may, through cooperative agreements with such a jurisdiction or jurisdictions—<br><br>   (A) arrange for the tribe to carry out any function of such a jurisdiction under this part with respect to sex offenders subject to the tribe's jurisdiction; and<br><br>   (B) arrange for such a jurisdiction to carry out any function of the tribe under this part with respect to sex offenders subject to the tribe's jurisdiction. | |
| | | |

61