UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES et al.,

    Plaintiffs,

v.

GRETCHEN WHITMER et al.,

    Defendants.

Case No. 22-cv-10209
HON. MARK A. GOLDSMITH

**JOINT MOTION TO CORRECT TECHNICAL ERRORS IN FINAL JUDGMENT [ECF 172] AND ENTER AMENDED FINAL JUDGMENT**

The parties, pursuant to Fed. R. Civ. P. 60(a), respectfully move this Court to correct a few technical errors and omissions in the final judgment entered on March 26, 2025. The Court entered the final judgment in accordance with its opinion and order issued on September 27, 2024, granting in part and denying in part the parties' motions for summary judgment (ECF 158), and its opinion and order on March 26, 2025, granting in part and denying in part Plaintiffs' motion for entry of judgment (ECF 171).

Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment,

1

order, or other part of the record." Fed. R. Civ. P. (60)(a). The purpose of Rule 60(a) is to "authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002). Corrections made under Rule 60(a) do not affect the substantive underpinnings of the judgment—rather, they allow the Court to "correct mistakes or oversights that caused the judgment to fail to reflect what was intended[.]" *Id.* at 441 (citing *Vaughter v. Eastern Air Lines, Inc.*, 817 F.2d 685, 689 (11th Cir. 1987)). The Court can correct clerical errors on motion or sua sponte, and can do so with or without notice until an appeal is docketed. Fed. R. Civ. P. 60(a). If or when an appeal is docketed, however, "such a mistake may be corrected only with the appellate court's leave." *Id.*

Here, both parties plan to appeal aspects of this Court's September 2024 and March 2025 rulings. Under Fed. R. App. P. 4(a)(4)(A)(vi), a motion for relief under Fed. R. Civ. P. 60 pushes back the time to file an appeal if the Rule 60 motion "is filed within the time allowed for filing a motion under Rule 59." *Id.* Fed. R. Civ. P. 59(e) requires a motion to alter or amend a judgment to be filed "no later than 28 days after the entry of the judgment." As the final judgment was entered on March 26, 2025, this motion is timely—28 days after the judgment was entered falls on April 23, 2025.

Plaintiffs have identified the following clerical errors with the final judgment, which are listed and explained below:

| PageID and Paragraph Number | Current Language in Judgment | Proposed Amendments to Judgment | Explanation |
|---|---|---|---|
| PageID.9183 | "Plaintiffs filed this class action challenging the constitutionality of Michigan's Sex Offender Registration Act, Mich. Comp. Laws § 28.723, et seq, as it was amended in 2021 (SORA 2021)." | "Plaintiffs filed this class action challenging the constitutionality of Michigan's Sex Offender Registration Act, Mich. Comp. Laws **§ 28.721**, et seq, as it was amended in 2021 (SORA 2021)." | Michigan's SORA begins at § 28.721. This proposed change ensures that the judgment reflects the full scope of Plaintiffs' challenge to the registry. |
| PageID.9184, Section A, ¶ 4 | "The "non-Michigan offense subclass" is defined as "members of the primary class who are or will be subject to sex offender registration under Mich. Comp. Laws §§ 28.722(r)(x); (t)(xiii); (v)(viii); or 28.723(1)(d), for a conviction or adjudication from a jurisdiction other than Michigan." | "The "non-Michigan offense subclass" is defined as "members of the primary class who are or will be subject to sex offender registration under Mich. Comp. Laws §§ **28.722(r)(xi)**; (t)(xiii); **(v)(ix)**; or 28.723(1)(d), for a conviction or adjudication from a jurisdiction other than Michigan." | Mich. Comp. Laws § 28.722 was amended in 2024, resulting in the renumbering of subsections. The amendments went into effect in October 2024. *See* Mich. Pub. Act 66. The subsections here differ from those in the certification order for that reason. The judgment should reflect the current statutory language. The Court may wish to add a footnote explaining the difference from the certification order. |

3

| | | | |
|---|---|---|---|
| PageID.9190, Section H, ¶ 16 | "The requirement under Mich. Comp. Laws § 28.724a(1)(a) that registrants report enrolling or discontinuing enrollment or being accepted as a 'student' is not vague." | "The requirement under Mich. Comp. Laws § 28.724a(1)(a) that registrants report enrolling or discontinuing enrollment ~~or being accepted~~ as a 'student' is not vague." | Mich. Comp. Laws § 28.724a(1)(a) does not reference being accepted as a student, but rather refers to enrollment and discontinuation of enrollment. Mich. Comp. Laws § 28.727(1)(g) requires reporting of a "school that has accepted the individual as a student that he or she plans to attend." In Section H, ¶ 14, the Court finds *that* requirement to be vague. There is no separate requirement in SORA to report acceptance at a school. The only requirement is to report schools where there is both acceptance and a plan to attend—the provision this Court found vague in Section H, ¶ 14. |
| PageID.9191, Section H, ¶ 22 | "The term 'offense substantially similar to [a specified Michigan] offense' in Mich. Comp. Laws § 28.722(r)(xi), (t)(xii), (v)(x) is | "The term 'offense substantially similar to [a specified Michigan] offense' in Mich. Comp. Laws § 28.722(r)(xi), **(t)(xiii)**, **(v)(ix)** is | Mich. Comp. Laws § 28.722 was amended in 2024, resulting in the renumbering of subsections. The amendments went into effect in October 2024. *See* Mich. Pub. |

4

|  | unconstitutionally vague." | unconstitutionally vague." | Act 66. The subsections here differ from those in the certification order for that reason. The judgment should reflect the current statutory language. The Court may wish to add a footnote explaining the difference from the certification order. |
|---|---|---|---|
| PageID.9193, Section K, ¶ 2 | Provision that enjoins registration "based on a conviction in another state." | Provision that enjoins registration "based on a conviction or adjudication from a jurisdiction other than Michigan." | The non-Michigan offense subclass is defined to include not only people with convictions in other states, but also those who have juvenile adjudications and those with other non-Michigan convictions (e.g. federal, tribal, foreign). The Court's opinion likewise states that the Court enjoins registration for people with of "out-of-state convictions." PageID.9172. The revised judgment language clarifies that the injunction applies to all members of the subclass, not only those with convic-tions from other states. |

Finally, if this motion is granted, it would be helpful for the Court to clarify whether the amended judgment impacts the timelines provided for in the original judgment.

## CONCLUSION

For the foregoing reasons, the parties respectfully ask this Court to grant this joint motion to correct technical errors in the judgment and amend the final judgment as outlined above.

Respectfully submitted,

s/ Miriam Aukerman (P63165)
Attorneys for Plaintiffs
American Civil Liberties Union
  Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org

s/ Daniel S. Korobkin (P72842)
s/ Syeda Davidson (P72801)
American Civil Liberties Union
  Fund of Michigan
Attorney for Plaintiffs
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

Lauren Carbajal
Cooperating Counsel, American Civil
  Liberties Union Fund of Michigan
Attorney for Plaintiffs
40 Rector Street
New York, NY 10006
646-916-9846
lcarbajal@naacpldf.org

s/ Paul D. Reingold (P27594)
Cooperating Counsel, American Civil
  Liberties Union Fund of Michigan
Attorney for Plaintiffs
Univ. of Michigan Law School
802 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 355-0319 - pdr@umich.edu

s/ Roshna Bala Keen (Ill. 6284469)
Loevy & Loevy
Attorney for Plaintiffs
Cooperating Counsel, American Civil
  Liberties Union Fund of Michigan
311 North Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900 - roshna@loevy.com


*/s/ Eric Jamison*
Attorney for Defendants
Assistant Attorney General
jamisone@michigan.gov
(517) 335-7573
P75721


Dated: April 16, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOES, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>GRETCHEN WHITMER, et al.,<br><br>        Defendants. | Case No. 22-cv-10209<br>HON. MARK A. GOLDSMITH |

**JOINT BRIEF IN SUPPORT OF MOTION TO CORRECT TECHNICAL ERRORS IN FINAL JUDGMENT [ECF 172] AND ENTER AMENDED FINAL JUDGMENT**

For the reasons set forth in the motion, the parties ask the Court to grant their motion to correct the listed errors in the final judgment, and to enter a corrected final judgment.

Respectfully submitted,

s/ Miriam Aukerman (P63165)
Attorneys for Plaintiffs
American Civil Liberties Union
  Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org

s/ Daniel S. Korobkin (P72842)
s/ Syeda Davidson (P72801)
American Civil Liberties Union
  Fund of Michigan
Attorney for Plaintiffs
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

1

| | |
|---|---|
| s/ Paul D. Reingold (P27594)<br>Cooperating Counsel, American Civil<br>  Liberties Union Fund of Michigan<br>Attorney for Plaintiffs<br>Univ. of Michigan Law School<br>802 Legal Research Building<br>801 Monroe Street<br>Ann Arbor, MI 48109-1215<br>(734) 355-0319 - pdr@umich.edu | s/ Roshna Bala Keen (Ill. 6284469)<br>Loevy & Loevy<br>Attorney for Plaintiffs<br>Cooperating Counsel, American Civil<br>  Liberties Union Fund of Michigan<br>311 North Aberdeen, 3rd Floor<br>Chicago, Illinois 60607<br>(312) 243-5900 - roshna@loevy.com |
| Lauren Carbajal<br>Cooperating Counsel, American Civil<br>  Liberties Union Fund of Michigan<br>Attorney for Plaintiffs<br>40 Rector Street<br>New York, NY 10006<br>646-916-9846<br>lcarbajal@naacpldf.org | Dated: April 16, 2025 |

*/s/ Eric Jamison*
Attorney for Defendants
Assistant Attorney General
jamisone@michigan.gov
(517) 335-7573
P75721

2

## LOCAL RULE CERTIFICATION

I, Miriam Aukerman, certify that this document complies with terms set under the Local Rules.

s/ Miriam Aukerman (P63165)