UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOES A, B, C, D, E, F, G, H, MARY DOE and MARY ROE, on behalf of themselves and all others similarly situated, | No. 2:22-cv-10209 |
| | HON. MARK GOLDSMITH |
| Plaintiffs, | MAG. CURTIS IVY, JR. |
| v | |
| GRETCHEN WHITMER, Governor of the State of Michigan, and COL. JAMES GRADY, Director of the Michigan State Police, | |
| Defendants. | |
| _____/ | |

**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO STAY JUDGMENT ON COUNTS I, II, AND XI PENDING APPEAL**

Granting a stay is "an exercise of judicial discretion," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009).  The circumstances in this case weigh in favor of granting the stay.  Granting the stay will create clarity over confusion for registrants, prosecutors, law enforcement and the public.

1

I. **There is a conflict between state court decisions and this Court's decision.**

In recent months, the Michigan Court of Appeals has consistently found that, at least with respect to sex offenders with convictions for CSC-I, the new SORA is not an Ex Post Facto violation. See *People v. Kiczenski,* ___ N.W.3d ___, No. 364957, 2024 WL 4595174, at *10 (Mich. Ct. App. Oct. 28, 2024); *People v. Cole*, No. 367504, 2025 WL 814685, at *1 (Mich. Ct. App. Mar. 13, 2025); and *In re Harder*, ___ N.W.3d ___, No. 368645, 2025 WL 825907, at *12 (Mich. Ct. App. Mar. 14, 2025).

Those decisions conflict with this Court's September 2024 opinion and the April 2025 amended final judgment, which held that the new SORA is an Ex Post Facto violation and enjoined the Defendants – once the amended judgment takes effect – from enforcing the law against those in the Ex Post Facto subclass, which represents more than two-thirds of all registrants, or more than 30,000 offenders. (ECF No. 177, PageID.9379.)

While federal lower court decisions are persuasive, they are not binding on state courts. *Abela v. Gen. Motors Corp.*, 469 Mich. 603, 606 (2004) citing *Winget v. Grand Trunk W. R. Co.,* 210 Mich. 100, 117 (1920).  In other words, state courts are bound to follow the holding in the published state court opinions in *Kiczenski* and *In re Harder* despite the holding by this Court to the contrary.  It is worth noting that the injunction is only against Governor Whitmer and Colonel Grady.  Local law enforcement is not subject to the injunction and is bound to follow the state court

2

opinions. Such a posture invites chaos. This Court should stay the effect of the final judgment, until resolution by the Sixth Circuit or the Michigan Supreme Court.[1]

## II.    No affidavits are needed to support the largely uncontested facts.

During the motion hearing, Plaintiffs suggested that Defendants needed affidavits to support their position that there would be irreparable harm if a stay was not granted.  Aside from the fact that the irreparable harm cited by the Defendants was not upholding the policy choices of the Legislature, the material facts supporting that position are largely uncontested.

- The Michigan Legislature enacted a conviction-based registry that allows the public to monitor sex offenders to try to protect against future criminal sexual acts.  Mich. Comp. Laws § 28.721a.

- If a stay is not entered, more than 30,000 sex offenders will no longer have to register.  (ECF No. 172, PageID.9184-9185, 9193.)  That is more than two thirds of all registered sex offenders.  The public will likely not be aware of whether a sex offender lives near a public park where their children may play unsupervised, or whether someone they are considering dating is a sex offender.

- The overwhelming majority of victims of CSC crimes are children, and almost 40% are under the age of 13.  (ECF No. 129-14, PageID.7692; ECF No. 129-18, PageID.7755.)

- Some members of the Ex Post Facto subclass have only recently been released from prison after being under the constant supervision of the Department of Corrections for decades.[2]  (ECF No. 173, PageID.9212-9221.)

---

[1] There are two matters currently before the Michigan Supreme Court regarding the constitutionality of the new SORA: *People v Johnson* and *People v Kardasz*.

[2] It should be noted that during the motion hearing, defense counsel indicated that the number of sex offenders with crimes committed prior to July 1, 2011 that have been released from prison since January 1, 2020 was 3,779.  However, the figure cited refers

3

- More than 12% of registered sex offenders in Michigan have a subsequent criminal sexual conduct conviction. (ECF No. 129-14, PageID.7692l; ECF No.129-18, PageID.7755.) Plaintiffs quibble with the calculation but however recidivism is calculated, it doesn't change the number more than a percentage or two. More importantly it only represents those who were caught and convicted again. The parties agree that sexual assault is grossly underreported, so the 12% reconviction rate is the floor for the reoffense rate.

- The Michigan Court of Appeals, in binding opinions, determined that the new SORA was not an Ex Post Facto violation as applied to CSC-I offenders. *People v. Kiczenski*, ___ N.W.3d ___, No. 364957, 2024 WL 4595174, at *10 (Mich. Ct. App. Oct. 28, 2024); and *In re Harder*, ___ N.W.3d ___, No. 368645, 2025 WL 825907, at *12 (Mich. Ct. App. Mar. 14, 2025).

- The Sixth Circuit held that SORNA is not an Ex Post Facto violation, and neither this Court, nor Plaintiffs have meaningfully explained how there is any material difference between SORNA and SORA. *Willman v. Att'y Gen. of United States*, 972 F.3d 819, 825 (6th Cir. 2020).

- OTIS does not provide the public with some of the more critical information in the sex offender registry (home and work addresses of sex offenders) and is limited to individuals under the jurisdiction or supervision of MDOC within the last three years.[3]

- ICHAT requires payment of $10 per search and requires the requestor to know the individuals date of birth to perform a search so it is of no value to parents who want to determine if sex offenders live near the local park where their kids play because they are unlikely to know the full names and dates of birth of all their neighbors and it will quickly become cost prohibitive to run any meaningful search.[4] Likewise someone that hires a babysitter, or someone that

---

to the number of sentences (or number of CSC crimes committed). The number of sex offenders released since January 1, 2020 with crimes committed prior to July 1, 20211 is 1,980, which includes 3,779 different convictions.

[3] Michigan Department of Corrections, Offender Tracking Information System, https://mdocweb.state.mi.us/OTIS2/otis2.html (last accessed May 2, 2025).

[4] Michigan State Police, Internet Criminal History Access Tool, FAQ – What information is needed to perform a search (last accessed May 2, 2025).

4

decides to date a person will likely not know their date of birth to enable them to run a search.

- When deciding the constitutionality of the old SORA, Judge Cleland suspended the final judgment for the duration of the COVD-19 crisis. (2:16-cv-13137 ECF No. 91, PageID.1849.)

- Judge Cleland only enjoined the defendants from enforcement of the old SORA. "IT IS FURTHER ORDERED that Defendants and their agents are PRELIMINARILY ENJOINED from *enforcing* registration, verification, school zone, and fee violations of SORA that occurred or may occur from February 14, 2020, until the current crisis has ended, and thereafter until registrants are notified of what duties they have under SORA going forward." (*Id.* at 1850.)

- Judge Cleland's order did not cause the registry to go dark. Critically, the registry was still active and available to the public, even though the information for some registrants may have been out of date if they moved or obtained a different vehicle during the pandemic.

- By the time Judge Cleland entered the amended final judgment, which barred application of the old SORA against offenders who committed their crimes prior to July 1, 2011, the Legislature had enacted a new SORA so there was no practical effect on the operation of the new SORA. (2:16-cv-13137 ECF No. 126, PageID.2567, 2569.) The public facing website never went dark and was continually available to the public to allow them to take steps to protect themselves and their family members against future criminal sexual conduct acts. Mich. Comp. Laws § 28.721a.

The policy decisions of the Michigan Legislature with respect to sex offenders should be upheld while the issue works its way through the courts.

### III. Time is of the essence

The Court entered an amended judgment on April 22, 2025. By May 20, 2025, the parties need to submit proposals to the Court regarding the process and notices to

5

be sent to registrants, prosecutors and law enforcement. The Court will need to amend and/or approve the process to provide notice and the contents of the notice. The effective date of the judgment is July 21, 2025, which is the date that more than 30,000 registrants will be removed from the registry.

    The State Defendants need to have an answer from this Court on this motion as expeditiously as possible so that they may seek a stay in the Sixth Circuit in the event that this Court denies the motion, and even to the U.S. Supreme Court if necessary. While the Defendants contend that a stay is warranted, if they fail to obtain relief in seeking emergency relief on their request for stay, the Defendants seek to ensure that there is sufficient time for a legislative action to avert the catastrophic effect that a denial of a stay would have on the ordinary operation of the Michigan registry and the concomitant danger it will be present to the tens of thousands, if not hundreds of thousands of ordinary members of the public in Michigan who regularly rely on the registry to protect their own safety and the safety of their children.[5] In 2020, the Legislature took ten months to amend the law from the time of Judge Cleland's initial opinion, on February 14, 2020, to the passage of the 2021 SORA in December of 2020.

---

[5] If anything, the reference to "hundreds of thousands" may be low as the federal registry was accessed more than 100 million times in 2024. See https://www.nsopw.gov/about-nsopw/historical-search-data (last accessed May 2, 2025.)

Moreover, if all avenues fail for the Defendants, notice will need to be mailed to tens of thousands of registrants by August 25, 2025, which is the current date in the proposed notice process.

While substantial progress has been made with respect to the notice process and contents of the notice, it has not been approved by the Court. Once it is approved by the Court, only then can the Defendants start the process of generating lists of whom should receive the notice, determine whether they are incarcerated or not, print tens of thousands of notices and mail the scores of notices. Some notices will be returned, and they will need to be remailed. The initial estimate for mailing alone was nearly $70,000, which does not include staff time to compile and process the information needed to generate the mailing. What is more, if defendants are successful on appeal, the whole process will need to be repeated again to notify more than 30,000 registrants that they will have to start registering again.

Determining whether the stay will be granted by this Court, or whether the defendants will need to seek a stay in the Sixth Circuit, needs to be decided as expeditiously as possible so the parties know what should be included in the notice.

The defendants respectfully request that the Court issue its decision by May 16, 2025, if at all possible.

Respectfully submitted,

*/s/ Eric Jamison*
Assistant Attorney General
Attorney for Whitmer and Grady
State Operations Division
P.O. Box 30754
Lansing, MI 48909
jamisone@michigan.gov
P75721

Dated: May 5, 2025

**CERTIFICATE OF SERVICE (E-FILE)**

I hereby certify that on May 5, 2025, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

> */s/ Eric Jamison*
> Assistant Attorney General
> Attorney for Whitmer and Grady
> State Operations Division
> P.O. Box 30754
> Lansing, MI 48909
> jamisone@michigan.gov
> P75721

## LOCAL RULE CERTIFICATION

      I, Eric M. Jamison, certify that this document complies with Local Rule 5.1(a), including double-spaced (except for quoted material and footnotes): at least one-inch margin on top, sides, and bottoms; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 points (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

                                            */s/ Eric Jamison*
                                            Assistant Attorney General
                                            Attorney for Whitmer and Grady
                                            State Operations Division
                                            P.O. Box 30754
                                            Lansing, MI 48909
                                            (517) 335-7573
                                            jamisone@michigan.gov
                                            P75721

AG#2022-0341402-A