# Exhibit 2

Brief of Amicus Curiae Michigan State Police
*People v. Kardasz,* No. 165008
(Mich. filed February 21, 2025)
(excerpts)

STATE OF MICHIGAN
IN THE SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

ROBERT JAMES KARDASZ,

    Defendant-Appellant.

Supreme Court No. 165008

Court of Appeals No. 358780

Macomb Circuit Court No. 2017-002252-FC

**The appeal involves a ruling that a provision of the Constitution, a statute, rule or regulation, or other state governmental action is invalid.**

**BRIEF OF AMICUS CURIAE OF THE MICHIGAN STATE POLICE
IN SUPPORT THE PEOPLE AND THE MACOMB COUNTY PROSECUTOR**

B. Eric Restuccia (P49550)
Deputy Solicitor General

Eric M. Jamison (P75721)
Assistant Attorney General

Attorneys for the Michigan State Police
Department of Attorney General
P.O. Box 30212
Lansing, MI 48909
(517) 335-7628
RestucciaE@michigan.gov

Dated:  February 21, 2025

Kardasz's error is compounded by emphasizing the changed nature of the internet, which cuts exactly the other way. All of the information about Robert Kardasz's heinous crimes are available for the world to see apart from the registry. If you Google his name, two of the first three entries are from this Court's website and the Michigan registry does not appear in the first ten entries. The shame arises from the crimes, not the registry.

And make no mistake. This cohort of 40,000 or more offenders are some of the most dangerous in the state. The Court need not rely on studies, because this group has a 10% reconviction rate, i.e., 5,268 – having been convicted of a subsequent sexual offense, which does not account for the radical underreporting of sexual offenses and the even smaller number of arrests. This fact is staggering. Moreover, the suggestion is not well taken that ordinary residents, with limited means, do not enhance their safety when they rely on this registry to protect their children by checking on babysitters, or on determining where to live, or whether to befriend or date a newly made acquaintance. The SORA provides the ability for Michigan residents to make informed decisions about who comes into that orbit.

On the law, the crimes of Robert Kardasz are different in kind from those of Cora Lymon. This Court's analysis in *Lymon* does not contradict the regulatory nature of the SORA. The comparison of Michigan's 2021 SORA to the federal Sex Offender Registration and Notification Program (SORNA) should be persuasive as SORNA has universally been found to be non-punitive, and a review of its differences only underscore the way in which its requirements are *more* extensive.

RECEIVED by MSC 2/21/2025 4:39:20 PM

4

Regarding the Internet, Kardasz is exactly right, it is the new town square. But the brief of Kardasz overlooks the most obvious feature of this new reality. The Internet is awash with information of Kardasz's predatory crimes against his daughter entirely separate from his listing on the registry. The unstated premise underlying his assertion is that in the absence of Michigan registry there would be no information about his heinous crime. But this is demonstrably untrue.

Rather, a simple Google search of "Robert Kardasz Michigan" brings a significant number of entries that relate to his raping his daughter:



37

As this snapshot above provides, the real nature of publishing of his predatory conduct just comes from the nature of the Internet, not from the registry. In fact, a reference to his appearance on the registry does not fall within the first 20 entries of Google.[19] Instead, a person would have to search the registry and either enter his name or nearby address to pull up Robert Kardasz on the Michigan registry.

Regarding his "shame," it is not his listing on the registry in any event that is source of the community's response, but contrariwise, it is the conduct itself that draws the response. The rape of a child is the paradigm of things the community fears and seeks to prevent. Kardasz's crime is of the most serious nature, and the response it elicits is not due to his placement on the registry, but due to the nature of his actions, vaginally and orally raping his five-year old daughter.

In that way, the function the SORA registry performs is to give accurate and relevant information in a sea of often confusing, outdated, and inaccurate information about sexual offenders. For similar reasons, his argument that *Smith v Doe* is not "instructive" because the "internet was a very different place" misses the mark. Kardasz Br, p 16, n 2. The registry provides reliable information that the public can access and does so to protect itself. The changes in the Internet since 2003 make the SORA even more necessary, not less.

---

[19] Robert Kardasz Michigan - Google Search (last accessed February 12, 2025).

RECEIVED by MSC 2/21/2025 4:39:20 PM

Nonetheless, consistent with the arguments advanced by the MSP here, the federal district court flagged the point that one of the central features looks to giving information to the public so Michigan residents may change *their own conduct*, rather on whether it changes the conduct of the sexual offenders themselves: "SORN laws also serve the goal of providing the public with information they can use to protect themselves." *Does III,* slip op, p 37. This Court's analysis in *Lymon* does not appear to consider this aspect of the 2021 SORA.

Moreover, the analysis in *Lymon* was heavily dependent on the fact that Cora Lymon was not a sex offender, noting that "[s]uch offenders [as Lymon] are branded dangerous sex offenders even though their crimes contained no sexual component." Slip op, p 26. A Michigan resident does not need the registry to know that that Robert Kardasz is a dangerous sex offender. A simple Google search will suffice. See p 37.

Thus, in reviewing all the *Mendoza* factors under *Lymon* and applying it to a sex offender, the Court of Appeals in *Kiczenski* provided the correct reasoning, as illustrated by its analysis regarding the question whether 2021 SORA is excessive:

> As *Lymon* recognized, the answer to this question may well differ when dealing with a convicted sex offender, like defendant. Sexual offenders are still "branded dangerous sex offenders," and face the "demanding requirements and consequences" of the 2021 SORA. *Id.* at ___; slip op at 26–27. However, while denoting a non-sex offender as a "sex offender" is not accurate and contributes to it being excessive, the opposite is true for the individual who, like defendant, has committed a sex offense. *These less restrictive provisions under the 2021 SORA are a great deal less excessive when applied to sex offenders because they are precisely the offenders the Legislature established these regulations for in order to protect against future harm to victims, particularly the young and vulnerable.* [*Kiczenski,* slip op, p 11 (emphasis added).]

65