## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOHN DOES et al.,

                Plaintiffs,

v.

GRETCHEN WHITMER et al.,

                Defendants.

Case No. 22-cv-10209
HON. MARK A. GOLDSMITH

---

**PARTIES' JOINT AND SEPARATE STATEMENTS REGARDING NOTICE PROCESS AND NOTICES TO REGISTRANTS, LAW ENFORCEMENT, AND PROSECUTORS**

The parties, pursuant to this Court's amended final judgment (ECF No. 177), provide their proposed notice process and proposed notices to inform registrants, prosecutors, and law enforcement about the *Does III* judgment. The notice process proposed by the parties is a simplified version of the process used in *Does II*.

The parties have reached substantial agreement on the notice process order (Exhibit A) and on the proposed registrant notice (Exhibit A.1). The parties have agreed on the proposed language for notice to prosecutors and law enforcement (Exhibits A.2, A.3). Only a few small disputes remain for this Court to resolve.

1

Where these disputes are present, Plaintiffs' proposed language is highlighted in green, and Defendants' proposed language is highlighted in blue.

**Plaintiffs' Position:**

**A. Proposed Order on Notice Process (Exhibit A)**

The parties, as outlined on page 3 of the proposed notice process order, disagree about whether Defendants must "take all reasonable steps, through the [Michigan Department of Corrections] MDOC" to ensure that incarcerated class members receive notice of this Court's judgment. *Does II* had similar language making clear that the MDOC was obliged to take the necessary steps to notify incarcerated registrants. *See Does v. Snyder*, 16-13137 (E.D. Mich.), ECF No. 130, PageID.2651 ("the State Defendants shall, through the Michigan Department of Corrections (MDOC), provide notice to incarcerated registrants . . . as follows . . .").

Here Plaintiffs agreed to a notice process for incarcerated registrants that is simpler than the process used in *Does II. Id.*, PageID.2652 (requiring the MDOC to hand deliver notices to incarcerated registrants). Furthermore, the process to be used here for notifying incarcerated registrants reduces costs to the state because instead of requiring the Michigan State Police (MSP) to mail notices to registrants who are in MDOC custody, the MDOC will post the notices in its facilities, distribute them digitally via JPAY, and provide copies to registrants upon release. (Notice Process, Ex. A, ¶ 3.) But incarcerated registrants will only get notice if the MDOC actually

2

takes the steps required in the notice process order. As Defendants would have it, if the MSP simply asks the MDOC to provide notice to incarcerated class members, and the MDOC says "no," Defendants would have satisfied their duty to provide notice. That cannot be right.

The governor is a defendant in this action, and she is the head of the executive branch. See Mich. Const. 1963, art. 5, § 1. The MDOC lies within the executive branch. *See* Mich. Const. 1963, art. 5, §2, ¶1; M.C.L. §§ 16.375; 791.201; *People v. Moore*, 439 N.W.2d 684, 692 (Mich. 1989); *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001). Accordingly, the MDOC is bound by this Court's judgment and can be required, not just requested, to provide notice to class members in its custody. *See also* Am. Judgment, ECF No. 177, PageID.9377 (providing that any direction to Defendants also binds Defendants' officers and agents).

## B. Proposed Registrant Notice (Exhibit A.1)

The parties have also reached substantial agreement on the content of the notice to registrants. Because the legislature may act before the effective date of the judgment, and because Defendants have indicated that they plan to appeal this Court's stay decision (ECF No. 192), the parties provide several different alternatives for notice language on how the judgment will impact members of the pre-2011 ex post facto and non-Michigan offense subclasses. (Registrant Notice, Ex. A.1, pp. 8-11.) The proposed notice process provides that after all stay issues are

3

resolved, the parties will meet and confer to finalize the contents of the notice to registrants. (Notice Process, Ex. A, ¶ 12.)

There are a few points of disagreement for the Court to resolve at this time.

1.    **Copies of the Frequently Asked Questions document and Arabic copies of the Registrant Notice should be made available to registrants at Michigan State Police posts.**

Given the complexity of SORA, this Court ordered Defendants to produce a Frequently Asked Questions (FAQs) or similar guide containing detailed explanation of exactly what information is reportable consistent with the judgment. Am. Judgment, ECF No. 177, ¶ L.2. As the length of this Court's opinion on vagueness suggests, knowing what is reportable is very complicated. Given that a failure to report can send a registrant to prison, the FAQs or similar guide will provide key information for registrants to understand their obligations.

Plaintiffs believe that copies of the FAQs should be available at the Michigan State Police posts where registrants report. (Registrant Notice, Ex. A.1, p. 4.) Simply posting the FAQs on the MSP's website, without more, is not enough. Many registrants, due to the reporting requirements for email addresses and internet identifiers that this Court found violated the First Amendment, have limited their use of the internet. Pls. Statement of Material Facts, ECF No. 123-1, PageID.3868, ¶¶ 517-18 (describing how registrants use the internet far less than the general adult American population). Posting the FAQs on a website, without also making hard copies

available to registrants, could preclude much of the class from receiving information about changes to the registry or their reporting requirements (e.g., that they no longer have to report email addresses or internet identifiers). Plaintiffs are not asking that the FAQs be mailed to registrants, or even that they be handed out when registrants report. All they are asking is that if a registrant requests a copy at an MSP post, the registrant can get one.

Similarly, Plaintiffs ask that registrants be able to request an Arabic version of the registrant notice at an MSP post. (Registrant Notice, Ex. A.1, p. 1.) To reduce costs to the state, Plaintiffs agree that mailings to registrants need not include an Arabic version of the notice. While the Arabic version will be available online, again many registrants do not have or use the internet. All Plaintiffs are asking is that a registrant who requests an Arabic version of the notice at an MSP post be given one.

Defendants' objection—that it will be burdensome for MSP posts to provide this information—is unconvincing. All officers will need to do if a registrant requests the FAQs or an Arabic version of the form is print one off.  If information changes due to appeals or other factors, the MSP can post updated versions of the documents, and officers can then print those.

**2.      Under this Court's judgment, registrants must report domestic travel at their regular report date, not within three business days.**

SORA contains two types of reporting requirements for domestic travel. First,

M.C.L. § 28.727(1)(e) governs the travel that registrants must report at their regularly scheduled report dates. Second, M.C.L. § 28.725(2)(b) governs the domestic travel that registrants must report within three business days. The Court found that "[t]he requirement in M.C.L. § 28.725(2)(b) to report within three business days if '[t]he individual intends to temporarily reside at any place other than his or her residence for more than 7 days' is vague," and enjoined enforcement of that provision in its entirety.  Am. Judgment, ECF No. 177, § H.12. With that provision stricken, registrants have no three-day reporting requirement for travel.

Contrary to the language of the judgment, Defendants argue that only the term "intend" is enjoined, and registrants must report travel within three days of completion.  But M.C.L. § 28.725(2)(b) makes no sense without the word "intend." What does it mean to report if "[t]he individual ~~intends~~ to temporarily reside at any place other than his or her residence for more than 7 days"?

Registrants still have to report travel at their regular report date under M.C.L. § 28.727(1)(e). This Court's judgment limited such reporting to <u>completed</u> travel: lodging "to be used" no longer needs to be reported. Op. & Order, ECF No. 177, PageID.9178. Unlike with M.C.L. § 28.725(2)(b) (which the Court enjoined outright), here the Court used ellipses to show that it was enjoining reporting of lodging "to be used," but not reporting of lodging that has been "used".  Am. Judgment, ECF No. 177, § H.13.

6

Thus, the only remaining travel reporting requirement is that, under M.C.L. § 28.727(1)(e), registrants must report lodging that they "used" in their travels. Again, M.C.L. § 28.727 relates to updating information at one's regular report date, not three-day reporting. Under this Court's judgment, registrants must report certain completed travel, but can do so after it occurs, at their regular report date. (Registrant Notice, Ex. A.1, p. 6.)

**3.     The registrant notice should make clear that not every name ever used must be reported.**

Plaintiffs' proposed language on page 6 is taken directly from this Court's opinion. Op. & Order, ECF No. 171, PageID.9181 ("The requirement is not that registrants report every non-legal name they have ever used.").

**4.     The registrant notice should indicate that this Court found that SORA is punishment.**

On page 8, the parties disagree about whether the registrant notice should make clear that this Court found that SORA is punishment. Many registrants have followed this and the prior cases with great interest, and have questions about whether the Court recognized that SORA is punishment. This language simply explains a key part of this Court's holding.

**5.     The registrant notice should say what the "categorical approach" means for "substantial similarity" of convictions determinations.**

The test used to compare Michigan and non-Michigan offenses has significant consequences. On page 10, the registrant notice should give registrants—and

attorneys to whom they show the notice—a basic sense of how the categorical approach works. Defendants say registrants should go read the Court's opinions and judgment. But the whole point of the notice is to explain in simple terms what those documents mean.

**Defendants' Position:**

### A. Defendants' Response to Proposed Order on Notice Process (Exhibit A)

The dispute is a minor one over semantics.  Plaintiffs want the notice process order to state that the Defendant's must "take all reasonable steps, through MDOC to provide notice to incarcerated registrants."  Defendants submit that the order should state "Defendants shall request MDOC to provide notice to incarcerated registrants."  Plaintiffs argue that in a previous case similar language was used so it should be used here too.

The notice to registrants in MDOC custody will be provided by (1) giving a copy at time of release, which is a step that is required by statute to occur; (2) provide a copy to registrants through JPAY, the equivalent a prisoner email service; and (3) post copies of the notices in correctional facilities.  (See Notice Process Order, ¶¶3.b-d.)

The MDOC is not a Defendant in this case.  The Colonel of the Michigan State Police and the Governor of Michigan are the defendants.  The Colonel has no authority over the Michigan Department of Corrections.  He has no authority to

require MDOC to do anything.  There is no dispute that MDOC is an executive

branch agency, but that does not make them a party to the action or subject to this

Court's jurisdiction.  Practically speaking, if the Governor requests an executive

branch agency to do something, they will comply.  What is more, MDOC has

already reviewed the proposed process and offered feedback to streamline the

process.  There is not need to include such language in the order.

**B.      Defendants' Response to Proposed Registrant Notice (Exhibit A.1)**

**1.   Copies of the Frequently Asked Questions document and Arabic
        copies of the Registrant Notice should not be made available to
        registrants at Michigan State Police posts.**

The Frequently Asked Questions guide that MSP is required to produce will

likely mirror the Registrant Notice since it is the document that will most

accurately reflect this Court's opinion.  Registrants will have already received a

copy of the Registrant Notice.  It is anticipated that the Explanation of Duties form,

which registrants will have to review every time they report, will also mirror the

information in the Registrant Notice.

Requiring MSP to have printed copies available at more than 30 posts

around the state, including copies in Arabic, imposes an unnecessary burden on a

state agency with little, to no, benefit to registrants.

The information is accessible online on MSP's website.  It is available on the

ACLU's website.  It is presumably available from the ACLU through the mail, if

one of their clients requests a paper copy.  The information will be included in the

Explanation of Duties form that registrants are required to review one to four times

per year at registration.  Most registrants will have served time in prison and upon

release are statutorily required to be explained their registration duties. Mich.

Comp. Laws § 28.725a(2).

There is no need to require a state agency to maintain copies of notices,

including in Arabic, at more than 30 MSP posts across the state when the

information is otherwise widely available.  What is more, the information could

change due to the outcome of appeals, new legislation, or the matter being resolved

in another way.  It would require MSP resources to track the information, update it

at more than 30 posts, and continually monitor it so that most current information

is available.  Doing so across MSP 30 posts would require resources that could

better be spent on other tasks to protect the public.

**2.  Registrants should report domestic travel within three business days**

The statute requires reporting within three business days, if "[t]he individual

intends to temporarily reside at any place other than his or her residence for more

than 7 days."  Mich. Comp. Laws § 28.725(2)(b).  This Court found that "intends"

is vague.  (ECF No. 171, PageID.9178.)  If the vague provision is struck from the

statute, registrants are still required to report within three business days – if the

individual temporarily resides at any place other than his or her residence for more than 7 days.

Curiously, Plaintiffs posit that "to be used" should be struck from Mich. Comp. Laws § 28.727(1)(e), but the remainder of the stature remains in effect, which requires reporting at their regular update.  However, for some reason, Plaintiffs don't take the same approach with the three-business reporting required under Mich. Comp. Laws § 28.725(2)(b).  Domestic travel of more than seven days should be reported within three business days.

### 3.  The Plaintiffs' proposed addition related to names is confusing.

The agreed upon language makes clear what needs to be reported.

> **What did the Court decide about REPORTING ALIASES AND NICKNAMES?**
>
> You **DO** need to report your legal name and any aliases, nicknames, ethnic or tribal names, or other names by which you are or have been known.
>
> [Plaintiffs: You do **NOT** need to report every non-legal name you have ever used.]

Plaintiff's proposal introduces a new term "non-legal name" which seems to be in conflict, or at least invites confusion, over what "aliases, nicknames, ethnic or tribal names, or other names by which you are or have been known" means.

### 4.  The notice does not need to include a statement that SORA is punishment.

The opinion held that SORA is punishment.  The notice is intended to inform registrants about the outcome of the case and how it impacts their

registration obligations.  There is no need to include such a statement in the notice.
It invites confusion by including unnecessary information.  The notice provides
links to the opinion, if registrants want to read about the legal reasoning for the
judgment.

### 5.  The notice does not need to include a statement explaining the categorical approach.

The categorical approach is explained in the opinion.  The notice is intended
to inform registrants about the outcome of the case and how it impacts their
registration obligations.  There is no need to include such a statement in the notice.
It invites confusion by including unnecessary information.  If registrants want
more information about the categorical approach, the notice provides links to the
opinion.


Respectfully submitted,

s/ Miriam Aukerman (P63165)
Attorneys for Plaintiffs
American Civil Liberties Union
  Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org

s/ Bonsitu Kitaba (P78822)
s/ Syeda Davidson (P72801)
American Civil Liberties Union
  Fund of Michigan
Attorney for Plaintiffs
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
bkitaba@aclumich.org
sdavidson@aclumich.org

s/ Paul D. Reingold (P27594)
Cooperating Counsel, American Civil
  Liberties Union Fund of Michigan
Attorney for Plaintiffs
Univ. of Michigan Law School
802 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 355-0319
pdr@umich.edu

s/ Roshna Bala Keen (Ill. 6284469)
Loevy & Loevy
Attorney for Plaintiffs
Cooperating Counsel, American Civil
  Liberties Union Fund of Michigan
311 North Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
roshna@loevy.com

/s/ Eric Jamison (P75721)
Attorney for Defendants
Assistant Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov

Dated: May 20, 2025