**Exhibit A.1**

**Registrant Notice**

[In Arabic:  FOR AN ARABIC VERSION OF THIS NOTICE, GO TO {URL} Plaintiffs: OR REQUEST A COPY AT A MICHIGAN STATE POLICE POST.]

# CLASS ACTION NOTICE



*Does v. Whitmer*
United States District Court for the
Eastern District of Michigan

Case No. 22-cv-10209
Hon. Mark A. Goldsmith

*Authorized by the U.S. District Court*

---

| | | |
|---|---|---|
| **Are you a person who is, or will be, required to register as a sex offender under Michigan's Sex Offenders Registration Act?** | **You are part of a class action lawsuit about the Michigan sex offender registry.** | **This notice explains the court's decision in the case. That decision affects your rights and responsibilities. This notice also explains what happens next.** |

---

**Important things to know:**

This notice describes the judgment (final decision) of the district court. Some parts of the judgment are final. Other parts of the judgment are being appealed (reviewed by another court), which means they could change.

The purpose of this notice is to summarize the judgment. The Court's judgment and opinions are the actual legal documents that set out what the Court decided and ordered. You can learn more at: https://www.aclumich.org/en/what-you-need-know-about-does-iii.

1

# Table of Contents

What Is This Notice About? ...................................................................................... 2

How Does the Court's Decision Apply to Me? ......................................................... 3

All Registrants: Changes to Reporting Requirements ............................................... 4

All Registrants: Email Addresses and Internet Identifiers Do Not Need to Be Reported ................................................................................................................. 7

All Registrants: No Requirement to Sign a Form Saying that You Understand SORA .................................................................................................................... 7

Pre-2011 Subclass: No Retroactive Application of 2011 Changes ........................... 7

Non-Michigan Offense Subclass: Deciding Registration Requirements .................. 9

Non-Sex Offense Subclass: You May Be Entitled to a Hearing Before You Have to Register. ....................................................................................................... 11

Other Claims the Court Decided ............................................................................. 12

What Happens Next? ............................................................................................... 13

Getting More Information About the Case ............................................................. 14

**********************

# What Is This Notice About?

## Why did I get this notice?

This notice tells you about a decision in a class action lawsuit, *Does v. Whitmer*, brought on behalf of people who are required to register under Michigan's Sex Offenders Registration Act (SORA). You received this notice because you are a member of the group of people affected, called the "class."

## What is this lawsuit about?

This lawsuit alleged that portions of SORA were unconstitutional in a variety of ways. Registrants brought 11 different constitutional challenges to SORA.

**Where can I learn more?**

You can get a complete copy of the judgment and other key documents at: https://www.aclumich.org/en/what-you-need-know-about-does-iii

Or scan here:

[insert QR code]

### What has happened in the case?

The district court issued a final judgment on March 26, 2025, and an amended final judgment on April 22, 2025. The amended final judgment sets out what claims registrants won and what claims registrants lost.

### What are the next steps in the case?

Both sides are asking the Court of Appeals to review parts of the judgment because they think the district court got it wrong. This process is called an appeal. Parts of the judgment could change depending on what happens on appeal.

There are other parts of the judgment that are not being appealed. Those parts of the judgment are now in effect and change your rights and responsibilities under SORA.

## How Does the Court's Decision Apply to Me?

### Am I part of this case?

Yes, if you are a person who is or will be subject to registration under SORA.

### Does the decision apply differently to different class members?

Yes. Some parts of the judgment apply to **everyone on Michigan's registry**. See pp. {}-{}.

Other parts of the judgment apply only to certain groups of registrants, called "subclasses." How the judgment affects you depends on what subclass(es) you are in. You might be in more than one subclass. If so, the Court's decision about each of those subclasses will apply to you.

This notice describes how the Court's decision affects people in the following subclasses:

1. **Pre-2011 Subclass**. You are in this subclass if you committed your registrable offense before July 1, 2011. See pp. {}-{}.

2. **Non-Michigan Offense Subclass**: You are in this subclass if you have to register in Michigan based on a conviction from someplace other than Michigan, such as a federal court conviction, a tribal court conviction, or a conviction from another state. See pp. {}-{}.

3. **Non-Sex Offense Subclass**. You are in this subclass if you have to register based on certain offenses that do not have a sexual component (kidnapping, unlawful imprisonment, leading away of a child, or similar non-Michigan offenses). See pp. {}-{}.

3

# All Registrants: Changes to Reporting Requirements

## What did the Court decide about reporting requirements?

The lawsuit alleged that various SORA reporting requirements are so unclear that neither registrants nor law enforcement know what they mean. The Court decided that some requirements are so unclear that they are unconstitutional and can't be enforced. The Court decided that other requirements are clear enough and can be enforced.

## Where can I find more information about my reporting requirements?

SORA requires you to report a lot of different things.

**This notice only discusses reporting requirements that were changed because of this lawsuit. This notice does not cover all the things you have to report, or when and how you have to report them** (for example in person versus by mail; at your report date versus within business three days). However, the Court ordered the state to develop a guide that contains detailed explanations about exactly what you must report. That will be posted online on the MSP website at: {URL}. [Plaintiffs: You can also ask for a copy at a Michigan State Police (MSP) post.]

## What did the Court decide about REPORTING VEHICLES?

You **DO** need to report all vehicles currently *owned by or registered to you* at the time that you are reporting. A change in the vehicles registered to you must be reported within three business days.

You do **NOT** need to report vehicles you no longer own or that are no longer registered to you at the time that you are reporting. For example, if you are reporting in 2025, you do not need to report a vehicle that you owned or that was registered to you in 2020, but that you no longer own, or is no longer registered to you.

You **DO** need to report any other vehicles you have *operated* since you last reported, even if you only drove them once. For example, if you borrowed a vehicle to drive to work, you would need to report it as a vehicle that you operated. However, you do **NOT** need to report a vehicle you have driven, but that is not owned by or registered to you, within three business days. You can wait until your next report date.

You do **NOT** need to report a vehicle that you do not own or is not registered to you if you use it in a way other than driving it, such as for storage or for playing music.

4

## What did the Court decide about REPORTING PHONES?

You **DO** need to report phone numbers *registered to you* at the time that you are reporting the number. This includes:

- Your cellphone number.
- Your residential phone number if it is connected by a landline (or in some other way such that it can be used only at your residential address).
- Work phone numbers assigned to you, or a number that you provide to others as a work number where you can be reached, or if there is no such number, the main number for your workplace.

You do **NOT** need to report a former phone number you no longer have. For example, if you register in 2025, you do **not** need to report the cell phone number that you no longer have from 2022.

You do **NOT** need to report a phone number that is not registered to you, such as the number of a phone that you borrow.

## What did the Court decide about REPORTING VOLUNTEER WORK?

You **DO** need to report volunteer work that you perform for an organization.

You do **NOT** need to report volunteer work that is not for an organization. For example, if you shovel a neighbor's sidewalk and are not paid for it, you do not need to report that volunteer work.

## What did the Court decide about REPORTING EMPLOYMENT?

You **DO** need to report paid work of any kind, no matter how little you are paid. Any new paid work or change in paid work must be reported.

You **DO** need to report your employer's work address.

You **DO** need to report if you quit your job or get fired.

You do **NOT** need to report being sent to different job sites by your employer, like being sent to work at a different site or different office for the day.

You do **NOT** need to report a short-term reduction in work, like a temporary lay-off or strike.

## What did the Court decide about REPORTING TRAVEL?

You **DO** need to report domestic travel if you stay at one place for more than 7 consecutive days.

You do **NOT** need to report domestic travel **in advance.**  [Plaintiffs: You can report your travel after you return at your regular report date.]

You do **NOT** need to report domestic travel unless you stay at one place other than your home for more than 7 consecutive days. For example, if you spend four days at a motel in Ohio, three days at a friend's house in Indiana and four days at a hotel in Illinois, you do NOT need to report it in Michigan. (You may need to report it in the state you travel to depending on that state's laws.)

You **DO** need to report international travel of more than 7 days, at least 21 days **in advance**.

## What did the Court decide about REPORTING SCHOOLING?

You **DO** need to report when you enroll or disenroll in an institution of higher education, such as a college, secondary school, trade school, or professional institution.

You **DO** need to report if as part of your course of studies at a Michigan school you are present at other locations in Michigan, other states, or a U.S. territory or possession.

You do **NOT** need to report educational activities that you participate in solely through the mail or internet.

You do **NOT** need to report that you have been accepted to a school or that you are planning to attend a school.

You do **NOT** need to report enrollment in less formal programs, like a karate class.

## What did the Court decide about REPORTING ALIASES AND NICKNAMES?

You **DO** need to report your legal name and any aliases, nicknames, ethnic or tribal names, or other names by which you are or have been known.

[Plaintiffs: You do **NOT** need to report every non-legal name you have ever used.]

## What did the Court decide about REPORTING PHYSICAL DESCRIPTIONS?

You **DO** need to provide your race, sex, height, weight, eye color, hair color, tattoos, and scars/birthmarks.

6

> You do **NOT** need to provide other physical descriptors.

## All Registrants: Email Addresses and Internet Identifiers Do Not Need to Be Reported

**What did the Court decide about REPORTING EMAIL ADDRESSES AND INTERNET IDENTIFIERS?**

> The lawsuit claimed that reporting email addresses and internet identifiers violated registrants' free speech rights and that the reporting requirements were unclear.
>
> The Court held that requiring registrants to report email addresses and internet identifiers violated registrants' free speech rights.
>
> You do **NOT** need to report your email addresses or internet identifiers.

## All Registrants: No Requirement to Sign a Form Saying that You Understand SORA

**What did the Court decide about signing a document saying you understand your registration duties?**

> The lawsuit claimed that requiring registrants to sign the Explanation of Duties form stating that they understand their registration obligations was a constitutional violation.
>
> The Court decided that requiring you to sign the Explanation of Duties form stating that you understand your SORA registration obligations is unconstitutional.
>
> You do **NOT** need to sign an Explanation of Duties form that says you understand your registration obligations.
>
> That language has already been removed from the Explanation of Duties form.

## Pre-2011 Subclass: No Retroactive Application of 2011 Changes

**Am I part of the Pre-2011 Subclass?**

> You are in this subclass if you committed your registrable offense before July 1, 2011. The date of the offense, not the date of the conviction, is what matters. If you have multiple

registrable offenses, all of your offenses must have been before July 1, 2011, for you to be part of this subclass.

## What did the Court decide?

In 2011 the legislature made changes to SORA that were applied retroactively to people with registrable offenses committed before July 1, 2011. Those changes remained in the new law that took effect in March 2021. The lawsuit challenged the retroactive application of those changes to people with offenses committed before July 1, 2011. The lawsuit also challenged the retroactive extension of registration terms and sought to restore registrants' original registration terms from the time of conviction (for example, for registrants who originally had to register for 25 years, reducing registration from life back to 25 years).

The Court decided that [Plaintiffs: SORA is punishment and that] retroactively increasing reporting requirements and retroactively extending registration terms is unconstitutional.

The Court also decided that SORA cannot be applied at all to people whose registrable offenses occurred before July 1, 2011, unless the legislature changes the law.

The Court gave the legislature 90 days to revise the law, with the possibility of extensions.

## Do members of the Pre-2011 Subclass currently have to register?

**[Note: The parties have drafted provisional language for this section. The final proposed language in this section will depend on whether there is legislative reform and how the Defendants' motion for a stay is decided. The inclusion of text for various possible scenarios should not be read to suggest either party's agreement with that scenario.]**

**Version 1** (if there is legislative reform and the amended SORA resolves Counts I and II):

**Yes,** unless you have completed your original registration term. The Michigan legislature has passed a new version of SORA that makes the following changes: {list changes and add other relevant information, like whether the parties have agreed on the changes, whether the Court approved the changes, or whether there will be further legal proceedings or appeals}.

If you have completed your original registration term, you will receive a separate notice telling you that you are being removed from the registry and are no longer required to register under SORA.

**Version 2** (if there is not legislative reform):

**No.** Although the Court gave the legislature time to revise SORA, as of the date of this

notice, SORA has not been revised. That means that SORA cannot currently be applied to you.

However, **you could be required to register again in the future.** The state has appealed the Court's decision. An appellate court could decide that you do have to register. The legislature could also still revise the law and you might have to register under any such revised law.

**Version 3** (if there is not legislative reform but a stay or partial stay is granted on Counts I, II or both):

**Yes.** Although the Court decided that retroactively applying SORA to you is unconstitutional, the state has appealed that decision and has obtained a "stay" during the appeal. The "stay" means that the ordered relief will not go into effect until after the appeals are done. {Add other relevant information, e.g., the stay only applies to Count I, and people whose registration terms were extended go back to their original terms.}

# Non-Michigan Offense Subclass: Deciding Registration Requirements

## Am I part of the Non-Michigan Offense Subclass?

You are in this subclass if you have to register in Michigan based on a conviction from someplace other than a Michigan state court, such as a federal court conviction, tribal court conviction, or a conviction from another state.

## What did the Court decide?

The lawsuit challenged the process used to determine whether you must register for a non-Michigan offense and what tier (tier I, II, or III) you are assigned. The tiers determine how frequently you must report and for how long you must register. The lawsuit also challenged harsher treatment of people with non-Michigan offenses.

The Court decided that Michigan's current process for registering people with non-Michigan convictions is unconstitutional. The Court also decided that Michigan cannot impose longer or harsher registration requirements on people with non-Michigan convictions than on people with Michigan convictions.

In addition, the Court said that when making comparisons to decide if a non-Michigan offense is "substantially similar" to a Michigan offense, the decision-maker must use the "categorical approach." [Plaintiffs: The "categorical approach" is a way to compare offenses that looks at the text of both laws rather than at the facts of a person's case.]

9

## Do members of the Non-Michigan Offense Subclass currently have to register?

**[Note: The parties have drafted provisional language for this section. The final proposed language in this section will depend on whether there is legislative reform and how the Defendants' motion for a stay is decided. The inclusion of text for various possible scenarios should not be read to suggest either party's agreement with that scenario.]**

**Version 1** (if there is legislative reform and the amended SORA resolves Count XI):

**Yes, in most cases.** The Michigan legislature has passed a new version of SORA that makes the following changes: {list changes and add other relevant information, like what happens pending implementation of these changes, whether the parties have agreed on the changes, whether the Court approved the changes, or whether there will be further legal proceedings or appeals}.

You will receive a separate notice explaining in more detail the process that Michigan is now using to determine whether, at what tier, and for how long people with non-Michigan convictions must register under SORA. That notice will explain your rights under the new process.

In some cases, you will receive a notice that your registration requirements have changed or that you no longer need to register. This could be because your past registration requirements were longer or harsher than for people with the comparable Michigan offense. It could also be because a comparison of your offense to Michigan offenses using the "categorical approach" changes your requirements.

**Version 2** (if there is not legislative reform):

**No.** Although the Court gave the legislature time to come up with a process for registering people with non-Michigan convictions, as of the date of this notice, SORA has not been revised. That means that SORA cannot currently be applied to you.

However, **you could be required to register again in the future.** The state has appealed the Court's decision. An appellate court could decide that you do have to register. The legislature could also still revise the law and you might have to register under any such revised law.

**Version 3** (if there is not legislative reform but a stay or partial stay is granted on Count XI):

**Yes.** Although the Court decided that SORA's provisions for the registration of people with non-Michigan offenses are unconstitutional, the state has appealed that decision and has obtained a "stay" during the appeal. The "stay" means that the relief ordered by the Court

> will not go into effect until after the appeals are done. {Add other relevant information.}

# Non-Sex Offense Subclass: You May Be Entitled to a Hearing Before You Have to Register.

## Am I part of the Non-Sex Offense Subclass?

You are in this subclass if you have to register based on a conviction for one of the following non-sex offenses against a minor:

- Kidnapping (a conviction under M.C.L. § 750.349, but not including convictions under M.C.L. § 750.349(1)(c) or M.C.L. § 750.349(1)(f)).

- Unlawful imprisonment (a conviction under M.C.L. § 750.349b).

- Leading away of a child (a conviction under M.C.L. § 750.350).

- A substantially similar conviction from a jurisdiction other than Michigan.

## What did the Court decide?

The lawsuit challenged the requirement that people register as sex offenders if their offense was not sexual in nature. The lawsuit also asked that people convicted of the offenses listed above get a judicial hearing to decide whether their offense was sexual in nature before being required to register.

The Court decided that it is unconstitutional to require people to register as sex offenders if their offense was not sexual in nature.

The Court also decided that it is unconstitutional to require registration for a person convicted of an offense that does not have a sexual element unless there is a judicial hearing to determine if the offense by its nature was a sexual offense.

You **DO** get a judicial hearing if your only registrable offense is one of the non-sex offenses listed above.

You do **NOT** get a judicial hearing about your non-sex offense if you are already required to register for as long or longer based on a conviction for another sex offense. For example, if you have both a non-sex offense and a Tier III sex offense, you do not get a hearing because you already have to register.

You do **NOT** get a judicial hearing if you committed another registerable sex offense (that is *not* one of the non-sex offenses listed above) on the same date against the same victim as the non-sex offense.

11

## What happens next for the Non-Sex Offense Subclass?

The state has not appealed this part of the Court's decision, and the Court's orders for the Non-Sex Offense Subclass are now in effect. Some members of the subclass were already removed from the registry based on a decision of the Michigan Supreme Court in *People v. Lymon*, -- N.W.3d --; 2024 WL 3573528 (July 29, 2024).

If your registration is based on one of the convictions listed above and if you were not removed from the registry under the *Lymon* decision, the Michigan State Police must remove you now.

In order to put you back on the registry, the state must hold a judicial hearing to determine if your offense by its nature constitutes a sexual offense. You will receive a separate notice if the state decides to hold such a hearing. If the court decides that your offense was sexual in nature, you will be required to register again.

In some cases, you may get a hearing even if you have both a non-sex offense and a registrable sex offense. See the judgment for details.

# Other Claims the Court Decided

## What else did the Court decide?

The information above describes claims where the Court granted relief to registrants. The Court also denied relief on some claims and said that it did not need to decide other claims. Specifically, the Court:

- Rejected registrants' claim that imposing lengthy or lifetime registration requirements without any individual review or opportunity for removal is unconstitutional.

- Rejected registrants' claim that denying similarly-situated registrants the opportunity to petition for removal from SORA is unconstitutional.

- Rejected registrants' claim that SORA's reporting requirements are compelled speech that violates the First Amendment.

- Declined to rule on some claims because the Court granted relief on other legal theories that covered the same issue.

# What Happens Next?

## Are parts of the judgment final?

Yes. Where neither side has appealed, the judgment is final. That means the Court's orders are in effect. Those parts of the judgment are:

- No reporting of email addresses or internet identifiers.
- No requirement to say you understand your SORA registration obligations.
- Decision about registration for the Non-Sex Offense Subclass.
- Decision that reporting is not compelled speech.

## Are parts of the judgment being appealed?

Yes. Both sides are appealing, which means they are asking the Court of Appeals to review parts of the judgment that they think the district court got wrong.

**Claims being appealed by the state:**

- The Court's decision that SORA cannot be retroactively applied to registrants who committed their offenses prior to July 1, 2011.
- The Court's decision that SORA's treatment of non-Michigan offenses is unconstitutional.

**Claims being appealed by your attorneys**:

- The Court's decision that imposing lengthy or lifetime registration requirements without any individual review or opportunity for removal is constitutional.
- The Court's decision that denying similarly-situated registrants the chance to petition for removal from SORA when other registrants can petition is constitutional.
- The Court's decision about whether certain reporting requirements are unclear and about what must be reported.

## Could my registration requirements change?

**Yes, your requirements could change.** The appellate court could disagree with the district court on any of the claims being appealed. The legislature could also amend SORA either after or during the appeals. Or the attorneys for the class and the state's attorneys could decide to settle part of all of the case. Any of those developments could change

13

> whether you have to register and what your rights and responsibilities are.

# Getting More Information About the Case

## How can I get more information?

> This notice summarizes the Court's decision. It is not a legally binding document. The Court's judgment and opinions are the actual legal documents that set out what the Court had decided and ordered. To learn more, go to https://www.aclumich.org/en/what-you-need-know-about-does-iii. Or scan this code:
>
> [QR Code]
>
> To read the Court's judgment, go to www.aclumich.org/sites/default/files/172_judgment.pdf. To read the Court's two main opinions, go to www.aclumich.org/sites/default/files/158_opinion_and_order_on_sj.pdf and
> www.aclumich.org/sites/default/files/field_documents/171_op_order_partially_grt_pls_mtn_for_jdgmt.pdf.

## How can I find out what is going on with the case?

> If you are a member of the class, you can sign up for updates about the case from the *Does* legal team here: https://secure.ngpvan.com/ZKj-N4ElkEeIfO4CaGisEQ2.

## What if I have questions or think my rights under the judgment are being violated?

> For legal advice about your individual situation, call your criminal defense attorney.
>
> You can also call a local, free legal services or legal aid office near you. Legal aid offices cannot help with criminal cases, but may be able to assist with registration issues. To find your local, free legal services office, go to http://michiganlegalhelp.org/ or look in your yellow pages under Attorneys.
>
> **DO NOT CALL THE FEDERAL COURT.**

## Key Resources

| Resource | Case Information |
|---|---|
| **Case website** | www.aclumich.org/en/what-you-need-know-about-does-iii<br><br>[QR Code] |
| **Court's Judgment** | www.aclumich.org/sites/default/files/172_judgment.pdf |
| **Court's Main Opinions** | www.aclumich.org/sites/default/files/158_opinion_and_order_on_sj.pdf<br>and<br>www.aclumich.org/sites/default/files/field_documents/171_op_order_partially_grt_pls_mtn_for_jdgmt.pdf |

**This notice has been approved by order of the Court.**

Dated: May __, 2025

                                         /s/ Mark A. Goldsmith
                                         Hon. Mark A. Goldsmith
                                         United States District Judge