UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOES et al.,

        Plaintiffs,

v.

GRETCHEN WHITMER et al.,

        Defendants.

Case No. 22-cv-10209
Hon. Mark A. Goldsmith

**PARTIES' STATEMENTS REGARDING
FURTHER DISTRICT COURT PROCEEDINGS**

The parties, pursuant to this Court's Order of June 23, 2025, ECF No. 196, provide their respective positions on the next steps for proceedings before this Court.

**Plaintiffs' Position:**

**A. Plaintiffs Have Sought Clarification on the Scope of the Stay.**

On June 20, 2025, the Sixth Circuit issued an ambiguous stay of this Court's Amended Judgment, ECF No. 197. At the last status conference on June 23, 2025, Defendants' counsel agreed with Plaintiffs' counsel that the stay should apply not to the entire judgment, but only to the three claims that Defendants have appealed.[1]

---

[1] Those are Count I (retroactive application of SORA), Count II (retroactive extension of registration terms), and Count XI (treatment of registrants with non-Michigan offenses).

1

Defendants' counsel later reported, however, that their clients would not agree to a joint (or unopposed) motion for clarification of the stay. Accordingly, on July 2, 2025, Plaintiffs filed a motion with the Sixth Circuit, asking the panel to clarify that the stay relates only to the three appealed claims, and nothing else in the judgment, because (a) the Sixth Circuit does not have jurisdiction over unappealed claims, and (b) the four-factor stay analysis—which includes "likelihood of success on the merits"—cannot be applied sensibly to claims that were not appealed. *Does v. Snyder*, Nos. 25-1413/1414, ECF No. 32. That motion is pending, and the Sixth Circuit has directed the Defendants to respond by July 10. *Id.*, ECF No. 33.

    **B. Notice Should Go Out to Registrants, Prosecutors, and Law Enforcement, Though the Scope of the Stay and Mediation May Affect the Timing and Content of Notice.**

As required by this Court's Amended Judgment, ECF No. 177, PageID.9388, on May 20, 2025, the parties submitted a Proposed Process for Notice, ECF No. 193-2, and Proposed Notices for Registrants, Prosecutors, and Law Enforcement, ECF Nos. 193-3, 193-4, 193-5. The content of the proposed process and of the notices was almost entirely undisputed, with only a few issues left for the Court to decide. Plaintiffs now recommend that the Court wait to resolve those issues until (1) the Sixth Circuit decides the pending motion for clarification of the stay, and (2) the parties have a better sense of whether mediation will be successful and how long mediation will take.

1. **The Court Will Need to Resolve a Few Outstanding Issues Regarding Notice Once the Scope of the Stay Is Clarified.**

The next steps on notice hinge on the scope of the stay. If the Sixth Circuit agrees with Plaintiffs that the stay is limited to Counts I, II, and XI, then the remaining portions of the judgment will go into effect on July 21, 2025. In that case, notice should go out pursuant to the procedures previously agreed upon by the parties in the proposed notice process. That process already anticipated the possibility of a stay and set timelines for notice based on that possibility. ECF No. 193-2, PageID.9525. The proposed registrant notice likewise anticipated the possibility of a stay, and contained draft language for what the notice would say if a stay were granted. ECF No. 193-3, PageID.9538-9539. Notice is important because registrants are at risk of prosecution for violating provisions of SORA that this Court found unconstitutional; registrants, prosecutors, and law enforcement all must know what provisions of SORA can be lawfully enforced.

2. **Successful Mediation Would Affect Notice.**

The parties are currently engaged in mediation and have met twice with a mediator from the Sixth Circuit (on June 24 and July 1, 2025). A third session is scheduled for July 9. If the parties are able to reach a settlement on some or all claims, the notice would need to be revised in order to inform registrants about the terms of the settlement.

It is not yet known whether mediation will be successful. In the interests of

settlement, Plaintiffs are willing to hold off on notice for now. However, depending on how long mediation takes and the scope of the issues being mediated, it may make sense to move forward with notice. The parties will keep this Court apprised of developments as the mediation process continues.

3. **Plaintiffs' Proposed Next Steps.**

Plaintiffs suggest that the Court wait to resolve the pending disputes about the notice process and contents of the notice until after the Sixth Circuit clarifies the scope of the stay order. The parties will also need to submit an updated proposed notice process and updated proposed notices, and identify any remaining issues for the Court to resolve. Because the timing and content of notices could be affected by mediation, for now the Court should simply direct the parties, in several weeks' time, to provide an update on ongoing mediation efforts and their proposed timeframe for notice.

Defendants—apparently concerned about notice—suggest below that the Court extend the effective date of the judgment. But having the judgment go into effect doesn't mean that notice needs to go out immediately. Plaintiffs are willing to delay notice for a reasonable period. But there is no reason why people with non-sex offenses should remain on the registry without due process, or why registrants' speech should continue to be chilled by reporting of internet identifiers, or why registrants should remain subject to prosecution and imprisonment based on

4

reporting requirements this Court found unconstitutionally vague. The court's summary judgment decision dates back to September of last year (ECF No. 158), and the final judgment was entered in March (ECF No. 172). The judgment should—other than for any relief stayed by the Sixth Circuit—finally go into effect.

Defendants refer to possible legislation. However, legislative action on the bill apparently stopped as soon as the Sixth Circuit issued its stay (and that bill also completely ignored this Court's rulings on the unappealed claims). In any event, speculation about future legislation is not a reason to delay the effective date of the judgment; at most it would be a reason to delay notice if new legislation were imminent (which it is not).

Finally, the Court may wish to postpone the status conference currently set for July 10, 2025, (ECF No. 196) until the Sixth Circuit decides on the scope of the stay and the parties have further updates. However, if the Court is seriously entertaining Defendants' request to delay the effective date of the judgment, then Plaintiffs request that the Court hold the status conference as scheduled.

**Defendants' Position:**

The district court should enter an order this week that extends the effective date of the amended judgment to allow time for the Sixth Circuit to clarify the stay order and for the parties to focus on mediation efforts. To address Plaintiffs concern about possible prosecution, the Court could amend the judgment to include a

provision similar to H.24 – "[a] willful violation of SORA does not include a failure to report information not required to be reported under this Judgment unless or until this Judgment on Count VIII is reversed." (ECF No. 177, PageID.9386.) It will take considerable resources to prepare to send out the notices, identify incarcerated registrants, and otherwise effectuate the court's final judgment. The amended judgment also requires updating forms, preparing a FAQ document, providing class data to Plaintiffs' counsel. (*Id*. at 9388-9389.) The parties should not expend these resources while they are working towards a resolution through mediation. The court should push back the effective date of the amended judgment by at least 45 days.

It is also worth noting that the Michigan Legislature introduced legislation to address this court's ruling, which has already passed out of the Senate and is currently pending action by the House. If the House passes the legislation and is signed into law by the Governor, it will impact the contents of the notice to the class.

Respectfully submitted,

s/ Miriam Aukerman (P63165)
s/ Ewurama Appiagyei-Dankah (P88212)
Attorneys for Plaintiffs
American Civil Liberties Union
  Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org

s/ Bonsitu Kitaba (P78822)
s/ Syeda Davidson (P72801)
American Civil Liberties Union
  Fund of Michigan
Attorney for Plaintiffs
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
bkitaba@aclumich.org

6

s/ Eric Jamison (P75721)
Attorney for Defendants
Assistant Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
jamisone@michigan.gov

s/ Paul D. Reingold (P27594)
Cooperating Counsel, American Civil
  Liberties Union Fund of Michigan
Attorney for Plaintiffs
Univ. of Michigan Law School
802 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 355-0319 - pdr@umich.edu

s/ Roshna Bala Keen (Ill. 6284469)
Loevy & Loevy
Attorney for Plaintiffs
Cooperating Counsel, American Civil
  Liberties Union Fund of Michigan
311 North Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900 - roshna@loevy.com

s/Allison Frankel (NY 5621834)
American Civil Liberties Union
  Foundation
Attorney for Plaintiffs
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
afrankel@aclu.org


Dated: July 9, 2025