**Exhibit 3**

**Law Enforcement Explanation**

_____, 2025

[Addressee info]

**Re: *Does v Whitmer* (No. 22-cv-10209, ED Mich) Notice to Law Enforcement**

Dear Law Enforcement Official:

On March 26, 2025, the federal district court in the *Does v Whitmer* case issued a final judgment regarding constitutional challenges to the 2021 version of the Michigan Sex Offenders Registration Act (SORA). On April 22, 2025, the court amended this judgment. The amended final judgement binds Defendants' officers, agents, servants, employees, and attorneys, and those in active concert or participation with them, as provided for in Federal Rule of Civil Procedure 65(d)(2).

The federal district court approved the content of this letter and the registrant notice.

The judgment requires the Defendants, Colonel Grady and Governor Whitmer, to provide notice of the judgment to law enforcement officials. The court further ordered the Defendants to provide you with a copy of the registrant notice. We request that you distribute a copy of the registrant notice to all law enforcement personnel in your agency that handle SORA enforcement matters.

To the extent that you operate a jail facility, please prominently post copies of the registrant notice in English, Spanish, and Arabic, in locations where they can be seen by registrants. Copies of the notice in all three languages are attached.

The amended final judgment may be digested into six major parts:

(1) enjoining application of the 2021 SORA to registrants who committed their registerable offenses prior to July 1, 2011;

(2) enjoining the application of the 2021 SORA to registrants who were convicted in a jurisdiction other than Michigan (e.g., a federal conviction or a conviction from a court in another state);

(3) ruling that certain reporting requirements are vague;

(4) ruling that requiring registrants to report electronic mail addresses and internet identifiers violates the First Amendment;

(5) ruling that individuals convicted of an offense without a sexual element – including convictions under MCL 750.349, 750.349b, or 750.350, or a substantially similar conviction in another jurisdiction – must be afforded a

judicial determination under MCL 769.1(12) that their offense by its nature constitutes a sexual offense before being required to register; and

(6) ruling that requiring registrants to attest to their understanding of SORA on the Explanation of Duties violates the First Amendment.

The Sixth Circuit has stayed the district court's judgment on claims related to registrants whose offenses were committed prior to July 1, 2011, and registrants with non-Michigan convictions. Those parts of the judgment are not in effect. The remainder of the judgment is in effect.

Most questions about what the judgment means and how it should be interpreted can be answered by looking at the judgment itself and the related opinions. The notice to registrants is particularly helpful.

Sincerely,

[Signatory info]

Enclosures:

Registrant Notices in English, Spanish and Arabic